UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANNAMARIE TROMBETTA,

                        Plaintiff,

against

NORB NOVOCIN, et al.,

                        Defendants.

CIVIL ACTION NO.: 18 Civ. 993 (RA) (SLC)

**OPINION & ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

## I.     INTRODUCTION

Plaintiff Annamarie Trombetta ("Ms. Trombetta"), proceeding pro se, asserts several federal and state law claims seeking to recover damages from Defendants for purportedly advertising and selling online a low-quality painting, which they falsely advertised as being Ms. Trombetta's work and as a result of which she lost sales of her actual artwork and suffered other damages. (See ECF Nos. 1, 29, 33, 36). The case comes before the Court now on Ms. Trombetta's motion for leave to amend her complaint (ECF Nos. 29, 36) ("Motion to Amend"), and what Defendants Norb Novocin, Marie Novocin, and Estate Auctions Inc. (together, "EAI Defendants") label as a motion to dismiss (ECF No. 34).[1] For the reasons set forth below, Ms. Trombetta's motion is GRANTED IN PART and DENIED IN PART.

---

[1] Because the Court had not yet ruled on Ms. Trombetta's Motion to Amend when the EAI Defendants filed what they labeled as their motion to dismiss, the Court deems their motion to constitute their opposition to Ms. Trombetta's Motion to Amend.

## II. BACKGROUND

### A. Factual Background

The factual background of this case is set forth in detail in the decision of The Honorable Ronnie Abrams, United States District Judge, granting in part and denying in part the EAI Defendants' motion to dismiss Ms. Trombetta's original Complaint. See Trombetta v. Novocin, 414 F. Supp. 3d 625, 628–29 (S.D.N.Y. 2019). (See ECF Nos. 1, 3). Therefore, the Court will set forth only those additional facts pertinent to the pending motion, as taken from the allegations in Ms. Trombetta's proposed Amended Complaint,[2] which the Court presumes to be true for purposes of the present motion. See Roth v. Jennings, 489 F.3d 499, 509–10 (2d Cir. 2007).

In August 2015, Ms. Trombetta, an artist who exhibits her work in New York City, discovered that the website Worthpoint.com, an online catalog of art sales and advertisements, had advertised and sold on eBay a painting (the "Painting") it misrepresented as being one of Ms. Trombetta's works. Trombetta, 414 F. Supp. 3d at 628. (ECF No. 36 at 2–3). When she learned of the post about the Painting, Ms. Trombetta contacted Worthpoint.com to inform them that she was not the artist who had created the painting advertised and sold on eBay. (ECF No. 36 at 3–4). In December 2015, Ms. Trombetta spoke with Worthpoint.com employee "Anita B.," and then, on February 3, 2016, she spoke with Gregory Watkins, Worthpoint.com's "Website

---

[2] Although Ms. Trombetta purported to file her proposed Amended Complaint at ECF No. 33, the Court finds that her Response in Opposition to Defendants' Motion to Dismiss (ECF No. 36) in fact contains the most comprehensive, complete, and clear statement of the grounds on which she is seeking relief and exhibits in support. Given Ms. Trombetta's pro se status, the Court interprets ECF No. 36 to be the operative proposed Amended Complaint, and will analyze the allegations in that document for purposes of the present motion. See Trombetta, 414 F. Supp. 3d at 628 n.1; Washington v. Westchester Cnty. Dep't of Corr., No. 13 Civ. 5322 (KPF), 2015 WL 408941, at *1 n.1 (S.D.N.Y. Jan. 30, 2015) (citing cases in which courts have considered allegations pro se plaintiffs have made in opposition papers).

Master." (Id. at 4, 33 (Ex. 5)). She asked both of them to remove permanently the fraudulent listing about the Painting. (Id. at 4, 32 (Ex. 2), 33 (Ex. 5)). On February 20, 2016, Ms. Trombetta sent a notice to the Worthpoint.com website as well as an email to William Sieppel, Worthpoint.com's founder and owner, relaying the requests she had made to the other Worthpoint.com employees and asking that the links to the false information about the Painting be removed. (Id. at 4, 33–34 (Ex. 5); ECF No. 33 at 7). In March 2016, Mr. Seippel instructed another Worthpoint.com employee to submit to Google requests to remove the links to the Painting. (Id. at 46 (Ex. 7)). On January 4, 2017, after finding that Worthpoint.com still showed an unauthorized listing under her name, Ms. Trombetta again emailed Mr. Sieppel, asking that the listing be removed. (ECF No. 36 at 32 (Ex. 2)). Ms. Trombetta alleges that the internet link about the Painting was reposted on May 9, 2017. (ECF No. 36 at 7).

On June 18, 2018, Ms. Trombetta registered a copyright for her website, www.trombettaart.com, which contains her self-drafted biography, portfolio, and credentials. (ECF No. 36 at 47–48 (Ex. 8)).

**B.    Procedural Background**

On February 5, 2018, Ms. Trombetta filed her original Complaint asserting against the EAI Defendants "federal claims under the Lanham Act, the Copyright Act, and the Visual Artists Rights Act ("VARA"), as well as state law claims under the New York Civil Rights Law and the New York Artist's Authorship Rights Act." Trombetta, 414 F. Supp. 3d at 629. (ECF No. 1). In addition to damages of $76,000 for lost sales of her artwork and emotional injury, she sought a declaration that she did not create or sign the Painting. (ECF No. 1 at 16). On May 22, 2018, the EAI Defendants moved to dismiss (ECF No. 4), and in response, on January 17, 2019, Ms. Trombetta

3

filed a letter attaching a copy of her copyright registration. (ECF No. 10). The District Court held a status conference, after which it stayed the case "pending the parties' settlement efforts," which were unsuccessful. Trombetta, 414 F. Supp. 3d at 629. Ms. Trombetta filed a supplemental opposition to the EAI Defendants' motion to dismiss, to which the EAI Defendants did not reply. (ECF No. 22). See Trombetta, 414 F. Supp. 3d at 629.

On October 2, 2019, the District Court issued a memorandum opinion and order (the "MTD Order"), granting in part and denying in part the EAI Defendants' motion to dismiss. (ECF No. 23). The District Court (1) dismissed with prejudice Ms. Trombetta's claims under Sections 50–51 of the New York Civil Rights Law, Section 14.03 of the New York Artist's Authorship Rights Act, and her trademark infringement claim under the Lanham Act; (2) dismissed without prejudice her Copyright Act claim; and (3) allowed her VARA claim to proceed. Trombetta, 414 F. Supp. 3d at 634. The District Court instructed Ms. Trombetta that if she chose to replead her Copyright Act claim, she must do so by November 4, 2019 and "she should reference her certificate of copyright registration in the allegations of her proposed Amended Complaint and that she should attach it thereto." Id.

On December 3, 2019, after receiving an extension of time to file her proposed Amended Complaint (ECF No. 25), Ms. Trombetta filed her Motion to Amend. (ECF No. 29). In the Motion to Amend, Ms. Trombetta sought to add Mr. Sieppel and Worthpoint.com Corporation as Defendants (together, the "Worthpoint Defendants"), attached her copyright registration in support of her Copyright Act claim in compliance with the District Court's instruction, and made arguments concerning the claims that the District Court had dismissed with prejudice (Lanham

4

Act, New York Artist's Authorship Rights Act, and New York Civil Rights Law), but did not attach a proposed Amended Complaint. (Id. at 1, 8; ECF No. 29-2 at 9).

To address the defects in the Motion to Amend, on December 16, 2019, the Court held a conference, following which it issued an order instructing Ms. Trombetta to file a proposed Amended Complaint that "may only include: (1) the proposed amended copyright infringement claim; (2) the [VARA] claim; and (3) the basis, if any, for adding William Seipp[el] and Worthpoint Corporation as defendants in this action at this time." (ECF No. 32).

On January 17, 2020, Ms. Trombetta filed a "Proposed Amended Complaint." (ECF No. 33). This pleading added the Worthpoint Defendants, asserted federal claims under the VARA, the Lanham Act, and the Copyright Act, and asserted state law claims under Sections 50–51 of the New York Civil Rights Law and Section 14.03 of the New York Artist's Authorship Rights Act. (Id. at 14). Notwithstanding instructions from both the District Court and this Court (see ECF Nos. 23, 32), the pleading did not attach a copy of Ms. Trombetta's copyright registration or otherwise contain any allegations concerning her copyright registration.

On January 31, 2020, the EAI Defendants opposed the Motion to Amend by filing what they labeled as a motion to dismiss the "Proposed Amended Complaint" pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 34–35). The EAI Defendants argued that the claims that the District Court already dismissed with prejudice should be dismissed, and that the copyright claim failed because Ms. Trombetta failed to attach the copyright registration or otherwise allege that her biography was covered by a copyright registration. (ECF No. 35 at 3).

On February 21, 2020, Ms. Trombetta submitted her Response in Opposition to Defendants' Motion to Dismiss, in which she describes claims for direct and contributory

5

copyright infringement, violation of the Digital Millennium Copyright Act ("DMCA"), defamation, the Lanham Act, claims under Sections 50–51 of the New York Civil Rights Law and Section 14.03 of the New York Artist's Authorship Rights Act, and the VARA. (ECF No. 36). She also includes allegations in support of her copyright registration, a copy of which she attaches. (ECF No. 36 at 12, 47–48). As set forth above (see supra n.1), the Court interprets this filing as the operative proposed Amended Complaint for purposes of evaluating the parties' motions.

### III. DISCUSSION

#### A. Legal Standards

##### 1. Motion to amend

Under Federal Rule of Civil Procedure 15, the Court may permit a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave may be denied as futile if the proposed amended pleading could not withstand a motion to dismiss. See Oneida Indian Nation of N.Y. v. City of Sherrill, 337 F.3d 139, 168 (2d Cir. 2003) (internal citation omitted); Griffith-Fenton v. Coldwell Banker Mortg., No. 13 Civ. 7449 (VB), 2014 WL 6642715, at *1 (S.D.N.Y. Oct. 17, 2014). The party opposing the proposed amendment bears the burden of establishing that the amendment would be futile. See Ballard v. Parkstone Energy, LLC, No. 06 Civ. 13099 (RWS), 2008 WL 4298572, at *3 (S.D.N.Y. Sept. 19, 2008).

#### B. Previously-Dismissed Claims[3]

In the MTD Order, the District Court dismissed with prejudice Ms. Trombetta's claims under Sections 50–51 of the New York Civil Rights Law, Section 14.03 of the New York Artist's

---

[3] The District Court allowed Ms. Trombetta's VARA claim to proceed, and there is no question that claim continues.

Authorship Rights Act, and the Lanham Act. Trombetta, 414 F. Supp. 3d at 634. The District Court explained that each of these claims suffered from a "substantive" problem that could not be cured, and therefore, denied leave to amend as "futile." Id. Accordingly, Ms. Trombetta's Motion to Amend to reassert each of these claims is DENIED, and the Court will deem them stricken from the Amended Complaint.

In the MTD Order, the District Court dismissed without prejudice Ms. Trombetta's copyright infringement claim based on the EAI Defendants' alleged copying of her website biography. Trombetta, 414 F. Supp. 3d at 634. The District Court instructed Ms. Trombetta that if she chose to replead her Copyright Act claim, "she should reference her certificate of copyright registration in the allegations of her proposed Amended Complaint and that she should attach it thereto." Id. Although Ms. Trombetta failed to comply with this requirement in her earlier filing (ECF No. 33), she included allegations in and a copy of the registration attached to the document the Court construes as her Amended Complaint. (ECF No. 36 at 12, 47–48). Accordingly, because Ms. Trombetta has remedied the deficiency in her copyright infringement claim, the Court GRANTS her Motion to Amend to include her copyright infringement claim against the EAI Defendants.

### C. New Claims

Ms. Trombetta seeks allege contributory infringement against the Worthpoint Defendants, and to assert against both the EAI Defendants and the Worthpoint Defendants claims under the DMCA and for defamation. (ECF No. 36 at 13–19). The Court will consider each in turn.

#### 1. Contributory copyright infringement

To state a claim for contributory copyright infringement, a plaintiff must show that the defendant "'with knowledge of the infringing activity' . . . 'materially contributes to the infringing conduct of another.'" Arista Records LLC v. Lime Grp. LLC, 784 F. Supp. 2d 398, 432 (S.D.N.Y. 2011) (quoting Matthew Bender & Co., Inc. v. W. Publ'g Co., 158 F.3d 693,706 (2d Cir. 1998)). "The knowledge standard is an objective one; contributory infringement liability is imposed on persons who know or have reason to know of the direct infringement." Arista Records, LLC v. Doe 3, 604 F.3d 110, 118 (2d Cir. 2010) (emphasis in original; internal citation omitted).

Ms. Trombetta has alleged, and provided supporting documents, in support of her contention that the Worthpoint Defendants knew the internet post about the Painting was false, including her conversations with two Worthpoint.com employees and two emails to Mr. Seippel in 2016 and 2017. (ECF No. 36 at 13). She contends that the fact that Worthpoint.com took down and then reposted the link to the false post provides further support for her claim. (ECF No. 36 at 14).

The Court finds that these allegations are sufficient to plausibly allege that the Worthpoint Defendants knew or should have known that the link about the Painting was infringing on Ms. Trombetta's copyright. See Aaberg v. Francesca's Collections, Inc., No. 17 Civ. 115 (AJN), 2018 WL 1583037, at *5 (S.D.N.Y. Mar. 27, 2018) (denying motion to dismiss contributory copyright infringement claim where plaintiffs plausibly alleged defendants' "actual or constructive knowledge" of likely infringement). Accordingly, Ms. Trombetta' motion to amend with respect to the contributory copyright infringement claim against the Worthpoint Defendants is GRANTED.

**2. DMCA**

"The DMCA makes it unlawful to knowingly, and with the intent to 'induce, enable, facilitate, or conceal infringement,' either 'provide' or 'distribute' . . . false 'copyright management information' or 'CMI.'" Aaberg, 2018 WL 1583037, at *6 (quoting 17 U.S.C. § 1202(a)). To state a claim under § 1202(a), a plaintiff "must allege that the defendant both knew that the CMI was false, and provided or distributed the false CMI with the intent to induce, enable, facilitate, or conceal infringement." Aaberg, 2018 WL 1583037, at *6 (citing Ward v. Nat'l Geographic Soc'y, 208 F. Supp. 2d 429, 449 (S.D.N.Y. 2002)).

The DMCA also prohibits the following actions "without the authority of the copyright owner or the law' and with knowledge or reason to know that it will "induce, enable, facilitate, or conceal" infringement:

(1) intentionally remove or alter any copyright management information;
(2) distribute or import for distribution copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law; or
(3) distribute . . . works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law.

17 U.S.C. § 1202(b). To state a claim under § 1202(b), "a plaintiff must allege 1) the existence of CMI on the products at issue; 2) removal and/or alteration of that information; and 3) that the removal and/or alteration was done intentionally." Aaberg, 2018 WL 1583037, at *6.

The DMCA defines CMI, in relevant part, to include:

(1) [t]he name of, and other identifying information about, the author of a work,
(2) [t]he name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright, and (3) . . . the name of, and other identifying information about, a performer whose performance is fixed in a work other than an audiovisual work.

17 U.S.C. § 1202(c)(2–4). Courts generally take a broad view of what constitutes CMI. See Aaberg, 2018 WL 1583037, at *7 (collecting cases).

For purposes of both § 1202(a) and § 1202(b), the Court finds that Ms. Trombetta has adequately alleged that the information included in the internet posts about the Painting included CMI and that the EAI Defendants and the Worthpoint Defendants removed or altered it. The posts included not only her name, but also purported biographical information and website address. (ECF No. 36 at 3). See Aaberg, 2018 WL 1583037, at *7 (finding allegations "sufficient to identify the copyright owning Plaintiff"). She bolsters her allegations by attaching exhibits showing the internet posts that altered or omitted true information about her. (ECF No. 36 at 28–30 (Exs. 1–3). See Gattoni v. Tibi, LLC, 254 F. Supp.3d 659, 664 (S.D.N.Y. 2017) (noting that by providing actual example of allegedly infringing work, plaintiff "bolstered" her § 1202(b) claim).

With respect to the scienter element of both the § 1202(a) and § 1202(b) claims, the "Second Circuit has stated that courts should be lenient in allowing scienter issues to survive motions to dismiss." Aaberg, 2018 WL 15803037, at *9 (citing In re DDAVP Direct Purchaser Antitrust Litig., 585 F.3d 677, 693 (2d Cir. 2009)). Ms. Trombetta alleges that she contacted Mr. Novocin, Worthpoint.com employees, and Mr. Seippel on more than one occasion to complain about the misinformation in the internet posts about the Painting and request their removal. She alleges that, as to EAI, Mr. Novocin deliberately disregarded her requests and told her, "Go For It and Hire an Attorney," and as to Worthpoint.com, Mr. Seippel instructed that the posts be removed, but they were later reposted. (ECF No. 36 at 3–7, 14–16). She attached copies of this correspondence as exhibits to provide further support to the credibility of her allegations. (ECF

No. 36 at 31–34). These allegations are consummate with those other courts have deemed sufficient to plead adequately the knowledge element of DMCA claims. See Aaberg, 2018 WL 15803037, at *9 (finding allegations that defendants continued to sell infringing products after plaintiff lodged complaint were sufficient to state claims under § 1202(a) and § 1202(b)); Gattoni, 254 F. Supp. 3d at 664–65 (finding allegations that defendant partially tagged plaintiff's copyright was sufficient to plead knowledge element of § 1202(b) claim); Fischer v. Forrest, No. 14 Civ. 1304 (PAE), 2015 WL 195822, at *9 (S.D.N.Y. Jan. 13, 2015) (finding that where a defendant continued its infringing conduct after receiving a cease-and-desist letter, a plausible inference of intentionality existed).

Accordingly, the Court finds that Ms. Trombetta has adequately stated a claim under both § 1202(a) and § 1202(b) of the DMCA against the EAI Defendants and Worthpoint Defendants. Ms. Trombetta's Motion to Amend to add the DMCA claims against the EAI Defendants and the Worthpoint Defendants is GRANTED.

### 3. Defamation

Ms. Trombetta seeks to add a claim for defamation against the EAI Defendants and Worthpoint Defendants, alleging that the internet posts about the Painting constituted false statements about her and her artwork that diminished the value of her artwork and caused her to lose at least one sale. (ECF No. 36 at 17–19).

To allege a defamation claim under New York law, a plaintiff must allege: "(1) a false statement about the claimant; (2) published to a third party without authorization or privilege; (3) through fault amounting to at least negligence on the part of the publisher; (4) that either constitutes defamation per se or caused special damages." Collins v. Travers Fine Jewels Inc.,

No. 16 Civ. 03780 (SN), 2017 WL 1184305, at *2 (S.D.N.Y. Mar. 29, 2017); see Thai v. Cayre Grp., Ltd., 726 F. Supp. 2d 323, 329 (S.D.N.Y. 2010). A plaintiff asserting a defamation claim must "identify (1) the allegedly defamatory statements; (2) the person who made the statements; (3) the time when the statements were made; and (4) the third parties to whom the statements were published." Yukos Capital S.A.R.L. v. Feldman, 15 Civ. 4964 (LAK), 2016 WL 183360, at *1 (S.D.N.Y. Jan. 11, 2016) (internal citation omitted). Defamation claims in federal court are subject to the liberal pleading requirements of Federal Rule of Civil Procedure 8. See DiFolco v. MSNBC Cable, LLC, 622 F.3d 104, 110–11, 113–14 (2d Cir. 2010).

A defamation claim must be brought within one year. See N.Y. C.P.L.R. § 215(3). This limitations period begins to run when "the libelous material first was published, that is, displayed to a third party." Tucker v. Wyckoff Heights Med. Ctr., 52 F. Supp. 3d 583, 596–97 (S.D.N.Y. 2014) (internal citation omitted). Under the "single publication rule," the publication of a defamatory statement, even if widely distributed, is "in legal effect, one publication which gives rise to one cause of action," with the limitations period beginning to run from the date of publication. Gregoire v. G. P. Putnam's Sons, 298 N.Y. 119, 123 (1948). This rule applies equally to online publications. See Firth v. New York, 98 N.Y.2d 365, 370 (2002); Martin v. Daily News L.P., 121 A.D.3d 90, 103 (1st Dep't 2014) ("This rule applies to publications on the Internet . . . so continuous access to an article posted via hyperlinks . . . is not a republication.") (internal citation omitted). "If a defamatory comment is 'republished' in a new format, the statute of limitations begins to run anew from the date of republication." Enigma Software Grp. USA, LLC v. Bleeping Computer LLC, 194 F. Supp. 3d 263, 276 (S.D.N.Y. 2016) (quoting Firth, 98 N.Y.2d at 371).

Ms. Trombetta alleges that the original internet post about the Painting appeared sometime in 2012, and that Worthpoint.com republished the link on May 9, 2017. (ECF No. 36 at 2, 7). See Trombetta, 414 F. Supp. 3d at 633 ("Trombetta alleges that the advertisement of the painting containing her name and personal biography was published in December 2012.") Construing the statute of limitations most generously to Ms. Trombetta, to be timely, her defamation claim needed to be filed no later than May 9, 2018. She first asserted a defamation claim on February 21, 2020 (ECF No. 36 at 17), which is well beyond that deadline. Accordingly, the Court finds that her defamation claim is untimely. See Batra v. State Bank of India, No. 15 Civ. 2678 (LGS), 2016 WL 3029957, at *7 (S.D.N.Y. May 25, 2016) (dismissing defamation claim as time-barred). Because repleading cannot cure the expiration of the statute of limitations bar, Ms. Trombetta's motion to amend to add a defamation claim is DENIED.

## IV. CONCLUSION

For the reasons set forth above, Ms. Trombetta's Motion to Amend is GRANTED in part and DENIED in part as follows:

(1) the claims under (a) Sections 50–51 of the New York Civil Rights Law, (b) Section 14.03 of the New York Artist's Authorship Rights Act, and (c) the Lanham Act, having previously been dismissed in the MTD Order, are stricken with prejudice;

(2) the claim for defamation is DISMISSED with prejudice;

(3) the claims (a) under the VARA against the EAI Defendants, (b) for direct copyright infringement against the EAI Defendants, (c) for contributory copyright infringement against the Worthpoint Defendants, and (d) under the DMCA § 1202(a) and § 1202(b) against the EAI Defendant and Worthpoint Defendants will proceed in this action;

(4) the Court deems ECF No. 36 to be the operative Amended Complaint in this action;

(5) Ms. Trombetta is directed to effect service of the Amended Complaint (ECF No. 36) on Defendants William Seippel and Worthpoint.com; and

(6) Defendants Norb Novocin, Marie Novocin and Estate Auctions, Inc. shall have until Thursday, April 2, 2020 to file their Answer to the Amended Complaint (ECF No. 36) consistent with this Opinion and Order.

The Clerk of the Court is respectfully directed to close ECF Nos. 29 and 34. The EAI Defendants are directed to mail a copy of this Order to Plaintiff at the address below.

Dated: New York, New York
March 19, 2020

SO ORDERED

_____
**SARAH L. CAVE**
**United States Magistrate Judge**

Mail To: Annamarie Trombetta
175 East 96th Street (Apt. 12R)
New York, NY 10128