UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANNAMARIE TROMBETTA,

                Plaintiff,

against

NORB NOVOCIN, et al.,

                Defendants.

CIVIL ACTION NO.: 18 Civ. 993 (RA) (SLC)

**ORDER DENYING MOTION FOR BOND WITHOUT PREJUDICE**

**SARAH L. CAVE,** United States Magistrate Judge.

## I.    INTRODUCTION

In this action, pro se Plaintiff Annamarie Trombetta, an artist, brings several federal and state claims against Defendants for purportedly advertising and selling online a low-quality work that was misattributed to her, causing damages. (See ECF No. 36). Plaintiff asserts claims against Defendants Norb Novocin, Marie Novocin and Estate Actions, Inc., (collectively, "Moving Defendants") as well as William Seippel and WorthPoint Corporation ("WorthPoint Defendants). (Id.)

This case now comes before the Court on Moving Defendants' application for an order requiring Plaintiff to post a security bond of $20,000 for their incurred and anticipated costs and attorneys' fees in this action ("Bond Motion"). (See ECF Nos. 54–58).

For the reasons that follow, the Bond Motion is DENIED without prejudice.

## II.    BACKGROUND

The factual background of this case has been set forth in detail in the decisions of The Honorable Ronnie Abrams, United States District Judge, granting in part and denying in part the

Moving Defendants' motion to dismiss Plaintiff's original Complaint, Trombetta v. Novocin, 414 F. Supp. 3d 625, 628 (S.D.N.Y. 2019),[1] and the undersigned concerning Plaintiff's subsequent motion to amend the complaint. (ECF No. 40).[2] Following these decisions, Plaintiff's surviving claims include: (i) Visual Artists Rights Act ("VARA") and direct copyright infringement claims against the Moving Defendants; (ii) contributory copyright infringement claims against the WorthPoint Defendants; and (iii) claims under the Digital Millennium Copyright Act ("DMCA") against both the Moving and the WorthPoint Defendants. (ECF No. 40 at 13).

On June 26, 2020, Moving Defendants filed the Bond Motion. (ECF Nos. 54–58). Plaintiff opposed the Bond Motion on July 13, 2020 (ECF Nos. 72–75); Moving Defendants replied on July 21, 2020 (ECF Nos. 82–84); and on August 7, 2020, Plaintiff submitted a "second response to [Defense counsel's] declaration for plaintiff to post a bond," which the Court construes as a sur-reply. (ECF No. 96).

Also pending before Judge Abrams are WorthPoint Defendants' Motion to Dismiss (ECF No. 60) and WorthPoint Defendants' Motion to Quash and Motion to Strike (ECF Nos. 107–08). Because the Motion to Quash and Motion to Strike are "intertwined" with the Motion to Dismiss, they will be decided together. (ECF No. 110).

### III. DISCUSSION

#### A. Legal Standard

Rule 54.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 54.2") permits the Court to order any party to file "an

---

[1] At the time, Moving Defendants were the only defendants. See 414 F. Supp. 3d at 628.
[2] In that decision, Moving Defendants were referred to as the "EAI Defendants." (ECF No. 40 at 1).

original bond for costs or additional security for costs in such an amount and so conditioned as it may designate." "Courts have broad discretion in deciding whether a party should be required to post such a bond." Khaldei v. Kaspiev, No. 10 Civ. 8328 (JFK) (GWG), 2014 WL 7373383, at *1 (S.D.N.Y. Dec. 30, 2014) (citing Beautiful Jewellers Private Ltd. v. Tiffany & Co., No. 06 Civ. 3085 (KMW) (FM) 2008 WL 2876508, at *2 (S.D.N.Y. Jul. 21, 2008); see also Zlozower v. Highsnobiety Inc., No. 18 Civ. 1120 (GDB) (BCM) (ECF No. 39) (S.D.N.Y. Nov. 6, 2018).

Under Local Rule 54.2, factors for the Court to consider in determining whether to impose a bond include: "[1] the financial condition and ability to pay of the party at issue; [2] whether that party is a non-resident or foreign corporation; [3] the merits of the underlying claims; [4] the extent and scope of discovery; [5] the legal costs expected to be incurred; and [6] compliance with past court orders." Selletti v. Carey, 173 F.R.D. 96, 100–01 (S.D.N.Y. 1997) (internal citations omitted).

**B.     Application**

Moving Defendants argue that the merits of the underlying claims, their expected legal costs to be incurred and Plaintiff's noncompliance with past Court orders justify imposing a bond. (ECF No. 55 at 10).[3]  In Moving Defendants' reply, they add the extent and scope of discovery as an additional factor justifying a bond.  (ECF No. 82 at 3–4).

In opposing the Bond Motion, Plaintiff emphasizes that the merits of the claims favor her, highlights her damages, disputes that she has been noncompliant with Court orders, and argues that Moving Defendants' purported legal fees are inflated.  (See ECF No. 75 at 1–3, 10–14).

---

[3] Citations to the parties' written submissions are to the ECF page number at the top of the page rather than the documents' page numbers at the bottom.

Plaintiff also submits three separate responses to Moving Defendants' declarations in support of the Bond Motion, responding to the factual assertions therein.  (See ECF Nos. 72–74).

### 1. Merits of the underlying claims

Moving Defendants refer to Plaintiff's lawsuit as "ill-conceived."  (ECF No. 55 at 10). Plaintiff, who is pro se, has, however, pled at least some claims that survived a motion to dismiss (see Trombetta, 414 F. Supp. 3d at 634) and a contested motion to amend.  (See ECF No. 40 at 13).  While Moving Defendants dispute that Plaintiff sustained any damages and emphasize that certain categories of damages may be unavailable, the possibility that she could prevail at least on the issue of liability has not yet been foreclosed.  (See ECF No. 55 at 9).  Compare Selletti, 173 F.R.D. at 97–98, 102 (imposing $50,000 bond in "questionable" copyright action by a former bodyguard whose allegations — that he actually composed defendant Mariah Carey's hit song "Hero" — were "speculative at best").  Accordingly, this factor does not support the imposition of a bond.

### 2. Expected legal costs

Moving Defendants argue that Plaintiff's "numerous and lengthy filings" increase their legal costs, asserting that her "repetitive and disjointed" arguments force them to "sift through those filings and piece together any relevant arguments that warrant a response."  (ECF No. 82 at 3).  Other than reviewing and responding to Plaintiff's filings, Moving Defendants do not further describe how Plaintiff's acts unnecessarily increase their fees, nor do Moving Defendants specify their expected fees, other than by describing their accrued fees as "significant."  (ECF No. 55 at 10).

Given that Moving Defendants do not at this time specify or estimate their fees, this factor

is not sufficient to warrant the imposition of a bond on Plaintiff, notwithstanding Moving Defendants' assertion (ECF No. 55 at 11) that Plaintiff may in due course be required to pay their attorneys' fees.  See Zlozower, No. 18 Civ. 1120 (GDB) (BCM) (ECF No. 39, Nov. 6, 2018) (declining to impose a bond on a plaintiff who declined "a generous Rule 68 offer" and whom defendant argued could become liable for attorneys' fees).

### 3. Extent and scope of discovery

As to the extent and scope of discovery, Moving Defendants argue that "Plaintiff's premature discovery requests are unnecessarily broad." (ECF No. 82 at 3).  Accepted as true, this factor does not warrant the imposition of a bond, because "discovery in this case is 'perhaps extensive [but] not particularly unusual in its magnitude.'"  Khaldei, 2014 WL 7373383, at *1 (declining to impose a bond where "significant" costs included multiple party and non-party depositions) (quoting RLS Assocs., LLC v. United Bank of Kuwait PLC, No. 01 Civ. 1290 (CSH), 2005 WL 578917 at *1 (S.D.N.Y. Mar. 11, 2005)).  Given that there is only a single plaintiff and two groups of defendants, and Plaintiff's claims involve a narrow set of events, discovery in this action is not likely to be complex or extended.  Of course, the Court will exercise careful oversight help the parties focus their discovery requests and resolve promptly any disputes.

### 4. Compliance with past court orders

Moving Defendants argue that Plaintiff "ignore[d] the clear directions of the Court, which were provided to her verbally and in writing[]," by filing a Proposed Amended Complaint that included previously dismissed claims that should have been excluded. (ECF No. 55 at 15–16).  In their reply, Moving Defendants add that Plaintiff has violated the Court's instruction to only contact the Court through the Pro Se Intake Office, not directly by email.  (ECF No. 82 at 3–4).

These transgressions of Court instructions by an unrepresented pro se plaintiff stand in contrast to the repeated, willful violations of court orders that other courts have found warranted the imposition of a bond. For instance, several of the cases cited by Moving Defendants where bonds were imposed concern an attorney with a documented history violating court orders. See Mango v. Democracy Now! Prods., Inc., No. 18 Civ. 10588 (DLC), 2019 WL 3325842, at *6 (S.D.N.Y. July 24, 2019) (imposing a second bond, of $50,000, on plaintiff's counsel, and recognizing that counsel "was described as 'earn[ing] the dubious distinction of being a regular target of sanctions-related motions and orders.'") (quoting Rice v. NBCUniversal Media, LLC, No. 19 Civ. 447 (JMF), 2019 WL 3000808, at *1 (S.D.N.Y. July 10, 2019); Leibowitz v. Galore Media, Inc., No. 18 Civ. 2626 (RA) (HBP), 2018 WL 4519208 at *4 (S.D.N.Y. Sept. 20, 2018) (denying reconsideration of order imposing $10,000 bond, which was predicated in part on recognition that "Judges in this District have held, relying solely on plaintiff's counsel's record . . . that 'imposition of a bond is entirely appropriate.'") (citing Reynolds v. Hearst Commc'ns, Inc., No. 17 Civ. 6720 (DLC), 2018 WL 1229840, at *4 (S.D.N.Y. Mar. 3, 2018)); Cruz v. Am. Broad. Cos., Inc., No. 17 Civ. 8794 (LAK), 2017 WL 5665657, at *1 (S.D.N.Y. Nov. 17, 2017) (order to show cause as to why a bond should not be imposed given the court's "serious questions" about the merits of plaintiff's case, evident from the "face of the complaint"). Similarly, in Selletti, along with imposing a bond, the court sanctioned the party $5,000 for "repeatedly and wilfully violating [the court's] discovery orders." 173 F.R.D. at 103. None of the behavior described in these cases has occurred in this action.

Weighing the four relevant factors, and in the Court's "broad discretion," Khaldei, 2014 WL 7373383 at * 1, the Court accordingly declines to impose a bond on Plaintiff.

### IV. CONCLUSION

For the reasons set forth above, the Bond Motion is DENIED without prejudice.

The Clerk of Court is respectfully directed to close ECF No. 54 and to mail a copy of this Order to Plaintiff at the address below.

Dated:      New York, New York
            October 29, 2020

                                        SO ORDERED

                                        _____
                                        SARAH L. CAVE
                                        United States Magistrate Judge

Mail To:    Annamarie Trombetta
            175 East 96th Street
            Apt. 12R
            New York, New York 10128