UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANNAMARIE TROMBETTA,

                Plaintiff,

          v.

NORB NOVOCIN, *et al.*

                Defendants.

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:

18-CV-993 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

    In 2018, artist Annamarie Trombetta brought this suit against Norb Novocin, Marie Novocin, and Estate Auctions, Inc. (collectively, "the EAI Defendants"), alleging that they had advertised and sold a low-quality painting that they falsely claimed Trombetta had painted, violating Trombetta's copyright and causing harm to her reputation as an artist. In 2019, Trombetta amended her complaint to add claims against William Seippel and WorthPoint Corporation (collectively, "the Worthpoint Defendants"), who she alleges contributed to this harm by re-posting information about the sale and again misattributing the painting to Trombetta. Before the Court are several motions brought by the Worthpoint Defendants. The Court herein addresses the Worthpoint Defendants' motion to dismiss for failure to effectuate proper service, but concludes that it is without jurisdiction to decide the reminder of the Worthpoint Defendants' claims at this time.

## BACKGROUND[1]

After initially bringing this suit against only the EAI Defendants, in early December 2019 Trombetta sought leave of the court to amend her complaint and add claims against the Worthpoint Defendants. Dkt. 29. On December 16, 2019, Magistrate Judge Cave, to whom this matter was referred, ordered Trombetta to file a proposed amended complaint to be considered in conjunction with the motion to amend. Dkt. 32. Pursuant to this order, Trombetta filed a "proposed amended complaint"—which included claims against both Worthpoint and Seippel—on January 17, 2020. Dkt. 33. One month later, in response to a motion to dismiss filed by the EAI Defendants, Trombetta filed a document entitled "Plaintiff's Response in Opposition to the Motion to Dismiss." Dkt. 36. Finding that this second document "contains the most comprehensive, complete, and clear statement of the grounds on which [Trombetta] is seeking relief," Judge Cave deemed the February 21 filing the operative complaint, not the January 17 filing. Dkt. 40 at 2 n.2. Judge Cave directed Trombetta to serve the operative complaint—that is, the document filed at docket entry 36—on the Worthpoint Defendants. Dkt. 40 at 14; Dkt. 43 at 1. Judge Cave ordered that service be completed by May 21, 2020, and informed Trombetta that if she required additional time to effect service, she must file a motion for additional time. Dkt. 43 at 1.

On May 13, 2020, Trombetta submitted an affidavit to the Court averring that she had duly served both Seippel and Worthpoint with the amended complaint. Dkt. 45. But in fact, this attempt at service had been ineffective. As Trombetta later acknowledged, she served neither Seippel nor Worthpoint with a properly signed and sealed summons, as mandated by Rule 4 of the Federal Rules of

---

[1] The Court now recites only those facts and procedural history that it deems relevant to the pending motion to dismiss for improper process and failure to effect service. The full factual background of this case has been set forth in detail in *Trombetta v. Novocin*, 414 F. Supp. 3d 625, 628 (S.D.N.Y. 2019) and the March 19, 2020 decision of Magistrate Judge Cave, Dkt. 40.

Civil Procedure. *See* Dkt. 87 at 2.[2]  In a July 28, 2020 letter to the Court, Trombetta acknowledged her failure to serve summonses upon either Worthpoint Defendant, asserting that the COVID-19 pandemic had rendered it impossible for her to obtain summonses that were properly signed and sealed. Dkt. 87 at 2; Dkt. 100.  She also blamed her own poor health and her unfamiliarity with the law for her mistakes. Dkt. 113.  Trombetta did not inform the court by May 21—or at any time—that she needed additional time to complete service.

On June 29, 2020, the Worthpoint Defendants filed a motion to dismiss, alleging, *inter alia*, that Trombetta had failed to properly serve either Defendant. Dkt. 61 at 7–12 (seeking dismissal under Federal Rule of Civil Procedure 12(b)(2), 12(b)(4), and 12(b)(5)).

On August 7, 2020—without leave of Court—Trombetta made a second attempt at service. She obtained from the Clerk of Court signed and sealed summonses and served them on the Worthpoint Defendants, filing new affidavits of service on September 11, 2020. *See* Dkt. 105 (affidavit of service as to Seippel); Dkt. 106 (affidavit of service as to Worthpoint).[3]  Once again, however, this service of process was flawed.  The summons against Defendant Seippel misspelled the Seippel's name, identifying him as William Seipple. *See* Dkt. 105.  And the summons against Defendant Worthpoint was issued on a form designated for FOIA cases, rather than the form required for use in general civil cases. *See* Dkt. 106 ("FOIA Summons 1H Form 4").

On September 16, 2020, the Worthpoint Defendants filed a motion to quash the summonses issued on August 7, 2020, alleging that it was improper under both the Court's April 6 ruling (which

---

[2] The May 2020 attempted service was flawed in other ways as well. Trombetta served Worthpoint with the inoperative complaint filed at docket entry 33, rather than the operative one at docket entry 36. Dkt. 87 at 2. Moreover, Seippel asserts that he was not personally served any documents at this time. *See* Seippel Decl. at ¶ 8.

[3] Trombetta also claims that she sought a waiver of service from the Worthpoint Defendants, but they declined to grant it. Dkt 100.

required service to be effected by May 21, 2020) and Federal Rule of Civil Procedure 4 (which required service to be effected within ninety days of the filing of the complaint). Dkt. 107.

On September 21, 2020—again without leave of Court—Trombetta procured a third set of summonses. On September 25, 2020, she filed a motion to extend time to serve the Worthpoint Defendants. Dkt. 111. That motion was denied without prejudice pending resolution of the instant motion. Dkt. 112.

## LEGAL STANDARD

Rule 12(b)(4) authorizes dismissal for insufficient process, while Rule 12(b)(5) allows a court to dismiss an action for insufficient service of process. "[T]he plaintiff bears the burden of establishing that service was sufficient," *Khan v. Khan*, 360 F. App'x 202, 203 (2d Cir. 2010), or that she "had good cause in not timely serving the defendant," *AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104, 108 (S.D.N.Y. 2000). In considering a motion to dismiss pursuant to Rule 12(b)(4) or 12(b)(5), a court may look beyond the pleadings, "including to affidavits and supporting materials." *Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, 2018 U.S. Dist. LEXIS 169603, *6 (citing *Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003)).

## DISCUSSION

### I. Motion to Dismiss for Improper Process and Service of Process

Federal Rule of Civil Procedure 4 governs summonses and their service. Though courts grant pro se plaintiffs "special solicitude," *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013), pro se plaintiffs are not excused from these requirements, *Meilleur v. Strong*, 682 F.3d 56, 61–63. (2d. Cir. 2012). Summonses must "be signed by the clerk" and "bear the court's seal." Fed. R. Civ. P. 4(a). A separate summons must be issued for each individual defendant. Fed R. Civ. P. 4(b). The plaintiff must serve each defendant in a manner consistent with the requirements of Rule 4(e) (if the defendant

is an individual within the United States) or Rule 4(h) (if the defendant is a domestic corporation). Fed. R. Civ. P. 4(b–c). If the plaintiff fails to serve a defendant within 90 days of filing the complaint, the action must be dismissed without prejudice unless the plaintiff shows "good cause." Fed. R. Civ. P. 4(m). The Second Circuit, however, has held that "district courts have discretion to grant extensions, and may do so even in the absence of good cause." *Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir. 2012).

Trombetta asserts that she failed to effect proper service on the Worthpoint Defendants for several reasons, including the Clerk's Office's pandemic-related closure, her own poor health, and her unfamiliarity with the law. Dkt. 113; Dkt. 87 at 2. She provides no explanation for the typographical errors on the Seippel summons, but blames her improper use of a FOIA summons on her lack of legal knowledge. Dkt. 111.

Without deciding whether these circumstances amount to good cause, the Court will grant Trombetta a sixty day extension to both obtain correct summonses from the Clerk of Court and properly serve both of the Worthpoint Defendants. *See* Meilleur, 682 F.3d at 61. Service must be completed no later than January 21, 2020 and failure to effect proper service on each of the Worthpoint Defendants by January 21, 2020 will result in dismissal under either Federal Rule of Civil Procedure 12(b)(4) or 12(b)(5). **No further extensions will be grante**d. Trombetta is also advised to ensure that the summonses she obtains are correct, signed, and properly sealed, for the Court will not give her another opportunity to do so.[4]

## II.   All Other Claims

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*,

---

[4] Given that the Court now orders that the summonses against Worthpoint and Seippel be reissued, the Worthpoint Defendants' motion to quash, Dkt. 108, is denied as moot.

484 U.S. 97, 104 (1987); *see also Mississippi Publ'g. Corp. v. Murphree*, 326 U.S. 438, 444–45 (1946) (noting that proper issuance and service of a summons is the mechanism "by which a court having venue and jurisdiction [over] the subject matter of the suit asserts jurisdiction over the person of the party served"). The Court thus concludes that it is without jurisdiction to decide the remainder of the Worthpoint Defendants' claims, including that Trombetta has failed to state a claim upon which relief can be granted. The Court will decide these issues if and when service of process has been properly executed. If Trombetta fails to properly effectuate service within the sixty day extension she has been granted, the action will be dismissed as to the Worthpoint Defendants.

## CONCLUSION

For the foregoing reasons, the Court DENIES the motion to dismiss under Rule 12(b)(2), 12(b)(4), or 12(b)(5), DENIES the motion to quash summons, and GRANTS Trombetta a sixty day extension to serve process.

The Clerk of Court is respectfully directed to terminate the motion at Docket Number 108 and to reissue the summons so that Plaintiff may have an opportunity to properly serve the Worthpoint Defendants.

SO ORDERED.
Dated:   November 23, 2020
         New York, New York

RONNIE ABRAMS
United States District Judge