| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC-SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC#:<br>DATE FILED: |

ANNAMARIE TROMBETTA,

                Plaintiff,

      v.

NORB NOVOCIN, *et al.*,

                Defendants.

18-CV-993 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On December 14, 2020, Plaintiff Annamarie Trombetta filed a letter with the Court, informing the Court that she had thrice asked Defendants William Sieppel and Worthpoint Corporation for a waiver of service, but that neither Defendant had responded to the request. *See* Dkt. 125. It does not appear from this letter that Trombetta's request for waiver of service was made in accordance with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(d). Regardless, Defendants have no obligation to waive service of process.

In her letter, Trombetta also requested the Court authorize service of process by certified mail. Federal Rule of Civil Procedure 4(e) provides that an individual within the United States may be served process "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located *or* where service is made." Fed. R. Civ. P. 4(e)(1) (emphasis added). Rule 4(h) allows a corporation be served in the same manner. Fed. R. Civ. P. 4(h). The laws of Georgia—the state in which service is to be made—do not permit service by mail. *See generally*, GA Code. Ann. § 9-11-4. The laws of New York, however, permit service by mail in cases where in-person service "cannot be made with due diligence." N.Y. C.P.L.R. § 308(4). For mail service to be considered

effective under New York law, a plaintiff must both (1) "affix[] the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served" and (2) "mail[] the summons to such person at his or her last known residence." *Id*.

Here, Trombetta asserts that she has tried numerous times to serve process in-person on Defendants Sieppel and Worthpoint, but "[t]here was no one in the office on the first attempt" and "[u]pon the second attempt the WorthPoint employee refused the legal documents." Dkt. 125. It appears this failure to reach Defendants at their office is due—at least in part—to the current COVID-19 crisis. *Id*. Ex. 5 (email from process server informing Trombetta that Defendants' "office is still closed due [to] covid 19"). The Court thus concludes that Trombetta has shown due diligence, but that in-person service has proven too difficult to effectuate, and so mail-service is proper under C.P.L.R. § 308(4). Moreover, New York courts have permitted alternative service of process in cases where "it could not be questioned that [the defendant] had been given notice of the lawsuit and an opportunity to be heard." *Tashlick v. Wharton Industries*, 366 N.E.2d 1360 (N.Y. 1977). Here, the Court is satisfied that the Defendants are aware of this litigation, as they have made appearances and filed a motion to dismiss this action. Dkt. 46 (Notice of Appearance by David Milton Hirschberg on behalf of Will Seipple, Worthpoint Corporation); Dkt. 60 (Defendant Worthpoint's Motion to Dismiss).

Accordingly, the Court will permit Trombetta to effectuate service by affixing the sealed summons and amended complaint to the door of Defendants' "actual place of business, dwelling place or usual place of abode" and mailing these documents to Defendants as well.

The deadline for Trombetta to properly effectuate service remains unchanged. As the Court stated in its November 23, 2020 opinion and order, if Trombetta fails to properly effectuate service by January 21, 2021, the action will be dismissed as to the Defendants Sieppel and Worthpoint. *See* Dkt. 124 at 5–6. No further extensions will be given. *Id*. at 5.

The Court would also like to remind Ms. Trombetta that free legal assistance may be available with the New York Legal Assistance Group, a free legal clinic independent of the court, which can be reached at (212) 613-500 or info@nylag.org.

The Clerk of Court is respectfully directed to mail a copy of this order to the plaintiff.

SO ORDERED.

Dated:  December 18, 2020
         New York, New York

_____
RONNIE ABRAMS
United States District Judge