EXHIBIT A

DECLARATION OF WILLIAM H. SEIPPEL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Annamarie Trombetta, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No: 18-cv-00993 (RA) (SLC) |
| v. ) | |
| ) | |
| Norb Novocin, et al., ) | |
| ) | |
| Defendants. ) | |

## DECLARATION OF WILLIAM H. SEIPPEL IN SUPPORT OF DEFENDANTS WORTHPOINT CORPORATION AND SEIPPEL'S MOTION TO DISMISS

I, WILLIAM H. SEIPPEL, state as follows:

1. My name is William H. Seippel, and I am a resident of the State of Georgia. I am over the age of 18 and am competent to testify to the matters and facts set forth below, all of which are within my personal knowledge.

2. I am the Chief Executive Officer and Founder of WorthPoint Corporation ("WorthPoint").

3. WorthPoint is an online resource for researching and valuing antiques, art, and other collectibles.

1

4. WorthPoint's primary offering, the Worthopedia, is a searchable online database that provides subscribing users with historical pricing data from actual auction and retail sales. The Worthopedia is accessible to users from the website www.worthpoint.com. And it provides subscribers with access to more than 525 million historical auction listings, including historical listings from the online auction website www.ebay.com.

5. In or around January 2016, I became aware that Plaintiff Annamarie Trombetta contacted WorthPoint regarding an auction listing in the Worthopedia that she alleged infringed her copyright rights (hereinafter, the "Allegedly Infringing Auction Listing"). And, on or around February 4, 2016, I caused the Allegedly Infringing Auction Listing, which was displayed at https://www.worthpoint.com/worthopedia/1972-original-oil-painting-man-red-4892417, to be permanently deleted from WorthPoint's website. Once deleted, the Allegedly Infringing Auction Listing was never reposted to the Worthopedia.

6. On February 20, 2016, I received an email from Plaintiff Trombetta which stated that a reference to the title of the Allegedly Infringing Auction Listing remained visible when she conducted a "google search for the painting '1972 Original Oil Painting Man with Red Umbrella signed Annamarie Trombetta...'" Shortly thereafter, on March 1, 2016, I responded to Plaintiff Trombetta's February 20, 2016 email and informed her that "we have taken down any pages that you have asked to have taken down as a courtesy to you" and that any reference to the Allegedly Infringing Auction Listing in her Google search "reflected the past" and was the result "of that search engine's memory."

7. On February 5, 2018, Plaintiff Trombetta filed a complaint against Estate Auctions, Inc., Marie Novocin, and Norb Novocin in the United States District Court for the

2

Southern District of New York. Thereafter, on February 21, 2020, Plaintiff Trombetta filed a Response in Opposition to Defendants' Motion to Dismiss (Doc. 36) that was interpreted by the Court as asserting both contributory copyright infringement claims and DMCA claim against both WorthPoint and me.

8. I have never been personally served with a summons or a complaint in the above-captioned matter. Nor has a summons or complaint been delivered to my usual place of abode or to an agent authorized by me to receive service of process.

9. While WorthPoint Corporation was served with a copy of Plaintiff Trombetta's Proposed Amended Complaint (Doc. 33) through its registered agent CT Corporation Systems on May 12, 2020, no summons was served with the Proposed Amended Complaint (Doc. 33) or otherwise delivered to WorthPoint. Moreover, WorthPoint has never been served with a copy of Plaintiff's Response in Opposition to Defendants' Motion to Dismiss (Doc. 36).

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 24th day of June 2020, at Atlanta, GA.

*[signature]*
William H. Seippel

*WHS*
*3 of 3*
*6/24/20*