United States District Court                                  Case No. 18-cv-0993-RA-HBP
Southern District of New York
_____
    Annamarie Trombetta

      Plaintiff                                                       **PLAINTIFF'S   MOTION**
      vs.
                                            **FOR COST OF SERVICE**
Norb Novocin, Marie Novocin and
    Estate Auctions Inc.                                       **OF SUMMONSES   UPON**
          and
William Sieppel  and  WorthPoint Corporation |                **DEFENDANTS**
5 Concourse Parkway NE, Suite 2850
    Atlanta, Georgia 30328

      Defendants
_____

To The Honorable Ronnie Abrams  and
To The Honorable Sarah L. Cave   :

    Plaintiff, Annamarie Trombetta submits this  Motion with supportive facts  and expenses for the cost of  service of  subpoenas  upon  Defendants WorthPoint Corporation,  William Seippel and Defendant's Attorney Arnold P. Lutzker.  The first, attempt at service  n August 2020,  was rendered  ineffective due to the issuance and  printing of the summonses on the wrong forms by the clerk of court.   The  second  Waiver of the Summonses   was issued in  December 2020. Each  times  the  Defendants denied the court issued  Waivers of the Summonses despite the Defendants filed  response in June 2020 to the first service of the Complaint minus the  signed subpoena due to the order for the Courts to be closed due to the  Pandemic in the spring of 2020.

   According to FRCP  Rule 4,  a  Request for a Waiver of Summonses,  the Failure to Waive  the Summonses detailed in  Rule 4  and  Rule 4 (e), (f), or (h)  for requesting  a waiver  clearly states — an individual, corporation, or association that is subject to service under  Rule 4(e), (f), or (h)

has a duty to avoid unnecessary expenses of serving the summons.   Rule 4  (2) Failure to Waive  which was duly noted in the Plaintiff's  e-mail request to the Defendants which  clearly detailed the  consequences for the Defendant's failure to waive  and  subjects the Defendant  to the following consequences:

"***Failure to Waive***. If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff  located within the United States, the court must impose on the defendant :  ( A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

On August 7, 2020, Plaintiff confirmed with the clerk of court that a summons was ordered by Judge  Sarah L.Cave.  The  clerk of Court  researched the case.  Due to  Pandemic and court closures  the summons was never issued.  Upon the administrative decision, the  Summonses, Operative Complaint and the Waiver of the Summonses was issued due to the Defendants docketed responses to the initial Complaint.

Plaintiff  contacted  and sent a Waiver to the summonses to Defendant's Attorney Arnold P. Lutzker and William Seippel each time :  First 1) in August 2020 and secondly  2) upon Judge Abrams Decision  in December 2020.  In both instances Plaintiff forwarded the full and complete rules and consequences for Rule 4  to three e-mail addresses   A)  Arnold Lutzker  B) William Seippel  C) WorthPoint Corporation.

On August 10, 2020  Plaintiff e-mailed Arnold Lutzker and William Seippel and explained the terms of the Waiver of Service in great detail.   On August 12, 2020 Mr. Lutzker's response was:

*"In light of the WorthPoint Defendantts' pending Motion to dismiss, they will not accede to your request. The WorthPoint Defendants reserve all claims and defenses which have been asserted and which may be asserted.   ——Arnold Lutzker*

**EXHIBIT  1  August 10 to August 12  2020  e-mail to Defendants with Mr. Lutzker's response.   EXHIBIT #  1 A -  # 1 B  -  #1  C**

Upon Defendant's response, Plaintiff  hired two process servers:  1)  Same Day Process Servers in  Washington D.C  to serve Attorney Arnold P. Lutzker  as he was the responding party. The Cost was One Hundred Fifteen  dollars and twenty cents.  **EXHIBIT # 2 Same Day Process  Servers Invoice    EXHIBIT # 3  ESL Legal Service Inc  Invoice**

Secondly, Plaintiff hired ESL Legal Services to  effect service in Atlanta, Georgia  to Defendants WorthPoint Corporation and William Seippel.   The fee was Eighty two dollars.  Additionally the Plaintiff  sent  via  Certified Mail  copies of the Summonses and Complaint  to Arnold P. Lutzker  in Washington D.C and to William Seippel in Atlanta Georgia.  The fee for each mailing was Nine Dollars and twenty cents each.   The total cost for both mailings was  Eighteen Dollars and forty cents.  **EXHIBIT 4  Postal Receipts for two mailings.**

As stated above, the issuance of the summonses by the clerk of court  in August 2020 was typed and printed by the clerk of court on the wrong FOIA forms.  For the Record:  Plaintiff was asked by the administration of the clerk of court to wait  outside  while the document were printed.  The clerk of court cordially and as a courtesy printed copies of the Waiver of Summonses,   both Summonses to William Seippel and Worth Point Corporation and also kindly printed a copy of the Operative Complaint.    Plaintiff  was not responsible for the error  however

Plaintiff did incur the fee of Two Hundred Sixteen Dollars and sixty cents, a fee incurred by the Defendants' refusal and choice not sign and Waive the Summonses.

Plaintiff, on December 4, 2020 as described in Document 125 contacted via e-mail Defendant William Seippel and his attorney Arnold Lutzker to request the Waiver for the Summonses as FRCP Rule 4 permits and states. Plaintiff sent via e-mail on December 7, 2020, with the subject title "Third and Last Attempt e-mail and ended the body of the e-mail with a salutation " Kindly respond at your earliest convenience". The salutation exemplifies that there was no time limitation for a response from the Defendant William Seippel or his attorney Arnold Lutzker.  Defendant William Seippel sent a response on December 8, 2020 below that clearly reveals that he was not going to sign the waiver.

*"On this, we should take the max time we have to get back to her under the law. Not a day earlier. Since we are not obligated to go at her expanded pace then why go faster? Maybe she does not have the money to hire someone which is why she is throwing a tantrum. Won't this be the first time she has to spend money. We have to, so should she. There is nothing for us to do until she dips into her pocket. Maybe she won't and we are done. "*

Upon receipt of William Seippel's response , Plaintiff hired a process server in Atlanta, Georgia to serve the Defendant. As documented in Docket 125 on December 9, 2020 Plaintiff hired for the third time ESL Legal Services. Upon learning that the WorthPoint employee willfully refused service by ESL, Plaintiff wrote to Judge Ronnie Abrams for the court's accepted forms of service. Following the instructions , Plaintiff sent a

second payment of Twenty Five Dollars in addition to the Seventy Five Dollar fee to serve Defendant WorthPoint Corporation and Defendant William Seippel by affixing or posting the summonses and complaint to the business address. The fee for the five separate attempts at service by ESL Legal Services was One Hundred Dollars.

**EXHIBIT 5  Two fees  ESL Legal Services  Dec. 15,2020   $75 and Jan. 11, 2021   $25**

Additionally, Plaintiff sent four separate mailing via U. S Postal Certified Mail to :

1) Arnold P. Lutzker   on December 16, 2020 The fee was   Nine Dollars

   **EXHIBIT   6    Postal Fee for Arnold P. Lutzker**

2) Defendant William Seippel  on December 16, 2020 located at 5 Concourse .

   The fee was   Eight Dollars and twenty cents.

3) Another mailing to Defendant William Seippel located at 5 Concourse on December 19, 2020. The fee was Nine Dollars.

4) William Seippel home address 190 Inwood Terrace Roswell, Georgia 30075 on January 4, 2021.   The fee was  Nine Dollars and twenty cents.

5) Last on December 23, 2020 Plaintiff mailed a second payment with the "Raised Seal"

**EXHIBIT   7   Postal Fee for  Mailing to William Seippel and WorthPoint Corporation**

Summons to ESL Legal Services the fee was Two Dollars and ninety cents. The fee for the four separate US Postal Certified Mailings plus a second mailing to ESL Process Server is Thirty-eight Dollars and thirty cents.

   Additionally, as the court is aware Plaintiff is a Pro Se Litigant.  The time and effort involved in the attempts to find other means of "Proper Service" at any time, let alone during a Global

Pandemic is quite a challenge.   The difficulty in serving the summonses and complaint during the pandemic and then additionally due to the error on the part of the clerk of court caused the Plaintiff to lose an exorbitant  amount of time and money.   The Plaintiff could have spent  effort concentrating on her profession as an artist.   The   Plaintiff  won the right to serve the Defendant in November. and even though the Defendants knew of this lawsuit , the Plaintiff had to incur additional steps to serve the Defendants.   The Plaintiff  asks the court for additional fees other than the expenses for serving the summonses.  Plaintiff asks the court to consider the Attorney's fees one would have to pay if the Plaintiff had hired an attorney.

    Plaintiff  kindly reminds the Court that  in 2017 the Plaintiff did hire an attorney  to send a settlement letter to  Defendants Marie and Norb Novicin  and was ignored.   Plaintiff  contacted WorthPoint Corporation via multiple people, phone calls and  e-mail  and explained thoroughly that the fraudulent ad was  incorrect,  misattributed  is to be permanently  removed from the internet.   Lastly, on  July  14, 2020  Judge Sarah L. Cave  asked  all the Defendants if they wanted to make a settlement offer.   The Defendants and both Attorneys denied any settlement.

    Plaintiff asks the court to consider the Plaintiff's loss   of time,  sales of artwork , mistaken identity,  loss to my reputation,  etc aside from the work involved in pursuit of legally protecting myself  from any  further or potential future misappropriation,  identity theft and  infringements.   Plaintiff  took  legal action as a means to limit the unconscionable actions of both Defendants,

    THEREFORE,  Plaintiff respectfully request this motion  for the cost of services for serving Defendants  William Seippel/ WorthPoint Corporation   and  Attorney  Arnold P. Lutzker. be GRANTED in favor of  the Pro Se   Plaintiff Annamarie Trombetta.

RESPECTFULLY   SUBMITTED,

March 4, 2021

Annamarie Trombetta                    ( Annamarie Trombetta) -See Attachment with
175 East 96th Street ( 12  R)                              Plaintiff's Hand Signature
New York, New York 10128         _____

                                                    Annamarie Trombetta