UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANNAMARIE TROMBETTA,

                Plaintiff,

-v-

NORB NOVOCIN, et al.,

                Defendants,

CIVIL ACTION NO.: 18 Civ. 993 (RA) (SLC)

**OPINION & ORDER**

**SARAH L. CAVE,** United States Magistrate Judge:

## I. INTRODUCTION

In this action, pro se Plaintiff Annamarie Trombetta, an artist, brings federal and state claims against Defendants Norb Novocin, Marie Novocin, and Estate Auctions, Inc., (the "EAI Defendants") as well as William Seippel and WorthPoint Corporation (with the EAI Defendants, "Defendants"), for purportedly advertising and selling online a low-quality work that was misattributed to her, causing damages. (See ECF No. 36).

Before the Court is Trombetta's motion for sanctions against the EAI Defendants and their counsel under Federal Rule of Civil Procedure 11. (ECF No. 159 (the "Sanctions Motion")).

For the reasons that follow, the Sanctions Motion is DENIED.

## II. BACKGROUND

### A. Factual Background

The factual background of this case is set forth in detail in the decisions of The Honorable Ronnie Abrams, United States District Judge, granting in part and denying in part the motion to dismiss Trombetta's original Complaint, Trombetta v. Novocin, 414 F. Supp. 3d 625, 628 (S.D.N.Y.

2019), and the undersigned concerning Trombetta's subsequent motion to amend the complaint, (ECF No. 40), and EAI Defendants' motion for the imposition of a bond pursuant to Local Rule 54.2 ("Bond Motion" (ECF No. 121)).  This factual background is incorporated by reference.

**B. Procedural History**

On March 19, 2021, Trombetta filed the Sanctions Motion.  (ECF No. 159).  On March 22, 2021, the Court ordered that "Defendants need not undertake to file any opposition to [the Sanctions] Motion, on which the Court will rule in due course."  (ECF No. 160).

### III.  DISCUSSION

**A. Legal Standards**

**1.  Rule 11 Requirements**

Under Rule 11(b), whenever a pleading or "other paper" is filed, an attorney certifies that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances":

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; . . .

Fed. R. Civ. P. 11(b).  Accordingly, a submission violates Rule 11 "either when it 'has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law.'"

2

Kropelnicki v. Siegel, 290 F.3d 118, 131 (2d Cir. 2002) (quoting W.K. Webster & Co. v. Am. President Lines, Ltd., 32 F.3d 665, 670 (2d Cir. 1994)).

"[T]he standard for triggering the award of fees under Rule 11 is objective unreasonableness." Margo v. Weiss, 213 F.3d 55, 65 (2d Cir. 2000). Sanctions based on factual contentions, "may not be imposed unless a particular allegation is utterly lacking in support." O'Brien v. Alexander, 101 F.3d 1479, 1489 (2d Cir. 1996); see Kiobel v. Millson, 592 F.3d 78, 82–84 (2d Cir. 2010) (noting that "Rule 11 neither penalizes overstatement nor authorizes an overly literal reading of each factual statement") (quoting Navarro-Ayala v. Hernandez-Colon, 3 F.3d 464, 467 (1st Cir. 1993)). With respect to the requirement that an attorney signing a pleading or other court document have a reasonable belief that arguments are well grounded in fact or warranted by law, "sanctions are not appropriate unless 'a claim has absolutely no chance of success under the existing precedents.'" Baker v. Urban Outfitters Inc., 254 F. Supp. 2d 346, 360 (S.D.N.Y. 2003) (citations omitted).

**B. The Sanctions Motion**

   **1. Trombetta's arguments**

Trombetta seeks Rule 11 sanctions on the grounds that declarations submitted by Norb and Marie Novocin (the "Declarations") contained purportedly false and misleading statements. (ECF No. 159 at 1–3). Trombetta identifies as false the statement ". . . I owned and operated Estate Auctions, Inc. from April 23, 2012 until 2019[]" (ECF Nos. 159-3 ¶ 1, 159-4 ¶ 1, 159-7 ¶ 1, 159-10 ¶ 1), based on her belief that the Novocins' business operations predated 2012. (See ECF

Nos. 159 at 10–11, 159-13 at 1, 159-14 at 1, 159-15 at 1, 159-16 at 1).[1]  Trombetta also suggests that the Declarations are untruthful to the extent they attribute her biography to a page on *AskArt.com* in 2012, because, she states, her biography was not listed until 2015.  (ECF No. 159 at 2).

Trombetta also asks the Court to dismiss the EAI Defendants' counsel for "abuse of the judicial process."  (ECF No. 159 at 1–3).  Trombetta characterizes the following acts as abusive: (i) providing her a purportedly "blocked" email address, which frustrated communications about a Rule 68 Offer of Judgment (id. at 3–4); (ii) failing to comply with the Court's order to mail a copy of the complaint to her (id. at 5); (iii) acting as an "accomplice to perjury" concerning the purportedly false statements in the Declarations (id. at 5–6); (iv) including in court filings irrelevant and harassing information concerning unrelated legal actions in which she is involved (id. at 6); and (v) being unwilling to settle and providing a low settlement offer during negotiations (id. at 14).

### 2.  Analysis

Having reviewed the Sanctions Motion and its supporting exhibits, the Court finds that EAI Defendants did not violate Rule 11.[2]  First, the factual contentions in the Declarations regarding the dates that Norb and Marie Novocin operated their business are not "utterly lacking

---

[1] In email correspondence, EAI Defendants' counsel stated their position that the Declarations were truthful, noting, "There is a difference between the individual Defendants and the entity Defendant [Estate Auctions, Inc.].  Estate Auctions, Inc. was not incorporated until April 23, 2012 and could not have done business prior to 2012."  (ECF No. 159-18 at 1).

[2] The Court assumes for purposes of this Opinion that Trombetta complied with Rule 11's safe-harbor provision, which is a "strict procedural requirement."  Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd., 682 F.3d 170, 175 (2d Cir. 2012) (quoting Perpetual Sec., Inc. v. Tang, 290 F.3d 132, 142 n. 4 (2d Cir. 2002)).  Under the safe-harbor provision, "[a]n informal warning in the form of a letter without service of a separate Rule 11 motion is not sufficient to trigger the 21-day safe harbor period."  Star Mark, 682 F.3d at 175 (citing L.B. Foster Co. v. Am. Piles, Inc., 138 F.3d 81, 89–90 (2d Cir. 1998)).

in support," O'Brien, 101 F.3d at 1489, and instead appear to be explained, as their counsel did, by reference to the date of incorporation of Estate Auctions, Inc. (See ECF No. 159-18 at 1). The articles included as exhibits to Trombetta's Motion for Sanctions are consistent with this explanation.[3]

Likewise, the Court does not deem "utterly lacking in support" EAI Defendants' factual contentions concerning the source of the biographical information published about Trombetta. (See ECF No. 56 ¶¶ 4–7). The source of the biographical information about Trombetta that the EAI Defendants published is a question central to Trombetta's claims. See ECF No. 36 at ¶ 2. As Trombetta recognized in the Sanctions Motion, "[t]he crux [of her] lawsuit is 'fraud' and the fraudulent, unauthorized use of [her] name and biography to sell and advertise the sale [of] a painting for financial gain" (ECF No. 159 at 10). The EAI Defendants disputed these allegations in their Bond Motion. (ECF No. 82 at 4). Given the continuing factual dispute about the source of Trombetta's biographical information, the EAI Defendants' Declarations have neither been offered for an improper purpose, nor are they lacking in evidentiary support, and accordingly, sanctions under Rule 11 are not warranted. Fed. R. Civ. P. 11(c)(1).

The Court also determines that the alleged conduct by EAI Defendants' counsel does not warrant any Rule 11 sanctions, let alone the drastic sanction of removal of their counsel from this case. While litigation in this action has been contentious, the record does not demonstrate that the EAI Defendants' counsel filed any court document for an improper purpose such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. Fed. R. Civ. P. 11(b)(1). To

---

[3] One news article states that "[Norb] Novocin and his wife, Marie, first started selling on ebay [sic] back in 1998[]" (ECF No. 159-15 at 1), and a website excerpt states, "Our family has been selling on eBay since 1998[.]" (ECF No. 159-14).

the contrary, the EAI Defendants believed that Trombetta maintained an unreasonable position concerning her damages and settlement position (see ECF No. 82 at 6–7), and take an opposing view of the value of the case. The Court cannot, and would not, compel parties to enter into settlement negotiations, let alone enter into a settlement agreement, against their will. Similarly, the Court credits that EAI Defendants referenced Trombetta's other legal actions in the context of causation and damages. (Id. at 8). Finally, "Rule 11 was amended [in 1993] to exclude sanctions arising from discovery disputes," Kiobel, 592 F.3d at 86 (citing Fed. R. Civ. P. 11(d)), and thus, Trombetta's allegations concerning the "blocked" email address and failure to mail do not state violations under Rule 11. This case is therefore distinguishable from those in which courts have deemed counsel's conduct so egregious as to warrant removal. See Lelsz v. Kavanagh, 137 F.R.D. 646, 648, 655–56 (N.D. Texas 1991) (ordering the removal of counsel from further participation in the case as a Rule 11 sanction for improper litigation conduct including ad hominem attacks on opposing counsel, motions filed in bad faith, and a lack of candor with the court which collectively harmed "the administration of justice").

Accordingly, the Court finds that Rule 11 sanctions against the EAI Defendants and their counsel are unwarranted.

### IV. CONCLUSION

For the reasons explained above, the Sanctions Motion is DENIED. The Clerk of Court is respectfully directed to close ECF No. 159 and to mail a copy of this Order to Trombetta at the address below.

Dated:      New York, New York
            March 6, 2021

*[signature: Sarah Cave]*

**SARAH L. CAVE**
**United States Magistrate Judge**

Mail To:  Annamarie Trombetta
 175 East 96th Street
 Apt. 12R
 New York, New York 10128