UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANNAMARIE TROMBETTA,

                              Plaintiff,


        -v-


NORB NOVOCIN, et al.,

                              Defendants,

CIVIL ACTION NO.: 18 Civ. 993 (RA) (SLC)

**OPINION & ORDER**

**SARAH L. CAVE,** United States Magistrate Judge:

## I. INTRODUCTION

In this action, pro se Plaintiff Annamarie Trombetta, an artist, brings federal and state claims against Defendants Norb Novocin, Marie Novocin, and Estate Auctions, Inc., (the "EAI Defendants"), William Seippel ("Seippel"), and WorthPoint Corporation ("WorthPoint") (with the EAI Defendants, "Defendants"), for purportedly advertising and selling online a low-quality work that was misattributed to her, causing damages.  (See ECF No. 36).

Before the Court is Trombetta's motion pursuant to Federal Rule of Civil Procedure 4(d) seeking to recover the costs of effecting service on Defendants Seippel and WorthPoint (the "Motion") (ECF No. 154).

For the reasons that follow, the Motion is DENIED.

## II. BACKGROUND

### A. Factual Background

The factual background of this case is set forth in detail in the decisions of The Honorable Ronnie Abrams, United States District Judge, granting in part and denying in part the motion to

dismiss Trombetta's original Complaint, <u>Trombetta v. Novocin</u>, 414 F. Supp. 3d 625, 628 (S.D.N.Y. 2019) ("<u>Trombetta I</u>"), and the decisions of the undersigned concerning Trombetta's subsequent motion to amend the complaint, (ECF No. 40), <u>Trombetta v. Novocin</u>, No. 18 Civ. 993, 2020 WL 1304120 (S.D.N.Y. Mar. 19, 2020) ("<u>Trombetta II</u>"), the EAI Defendants' motion for the imposition of a bond pursuant to Local Rule 54.2 (ECF No. 121), <u>Trombetta v. Novocin</u>, 18 Civ. 993, 2020 WL 6365171 (S.D.N.Y. Oct. 29, 2020) ("<u>Trombetta III</u>"), and Trombetta's motion for sanctions against the EAI Defendants (ECF No. 164), <u>Trombetta v. Novocin</u>, 18 Civ. 993, 2021 WL 1259740 (S.D.N.Y. Apr. 6, 2021) ("<u>Trombetta IV</u>").  That factual background is incorporated by reference.

**B.  <u>Procedural History</u>**

In June 2020, Seippel and WorthPoint moved to dismiss the operative Amended Complaint (ECF No. 36) on the grounds that, <u>inter alia</u>, Trombetta had failed to effect proper and timely service.  (ECF No. 60 (the "Motion to Dismiss")).  In July 2020, Trombetta requested the Court's "advice and direction" regarding service on Seippel and WorthPoint.  (ECF Nos. 87 – 87-5).  The Court informed Trombetta that it could not provide her with legal advice but referred her to various legal services organizations for assistance.  (ECF No. 88).  On August 7, 2020, the Clerk of the Court issued summonses to Seippel (whose name was misspelled) and WorthPoint. (ECF entries dated Aug. 7, 2020 (the "Summonses")).  On August 10, 2020 and again on August 12, 2020, Trombetta emailed Arnold Lutzker, Esq. ("Lutzker"), counsel for Seippel and WorthPoint, attaching: (i) the text of Federal Rule of Civil Procedure 4; (ii) the Amended Complaint; and (iii) waivers of summons.  (ECF Nos. 98 – 98-6 (the "August Requests")).  In the August Requests, Trombetta did not include multiple copies or any prepaid means for returning the waivers.  (ECF Nos. 98-1; 98-2; 98-3).  On August 12, 2020, Lutzker responded to Trombetta's

August Requests stating that Seippel and WorthPoint would "not accede," i.e., they would not waive service.  (ECF Nos.  98; 154-4).

Trombetta then took several steps in August 2020 to effect service.  First, on August 18, 2020, she retained, at a cost of $115.20, Same Day Process ("Same Day") to serve the Summonses and Amended Complaint on Lutzker.  (ECF No. 154-5).  Second, on August 28, 2020, she retained ESG Legal Services Inc. in Atlanta, Georgia ("ESG"),[1] at a cost of $82.00, to serve WorthPoint through CT Corporation Systems, WorthPoint's registered agent.  (ECF No. 154-6).  Third, also on August 27, 2020, she sent via Certified Mail to Seippel and WorthPoint in Georgia, and Lutzker in Washington, DC copies of the Summonses and Amended Complaint, at a cost of $18.40.  (ECF Nos. 154; 154-7).  On August 20, 2020, Trombetta filed a letter updating the Court as to some of these steps to effect service.  (ECF Nos. 100; 100-1).  On September 4, 2020, Trombetta filed affidavits from Same Day and ESG describing their attempts to effect service, along with her Certified Mail receipts.  (ECF No. 104).  On September 11, 2020, Trombetta filed proofs of service by mail on Seippel, and by Certified Mail on WorthPoint.  (ECF Nos. 105; 105-1; 106; 106-1).

On September 16, 2020, Seippel and WorthPoint moved to quash the Summonses and to strike Trombetta's responses to their Motion to Dismiss.  (ECF Nos. 107 (the "Motion to Quash"); 108 (the "Motion to Strike")).  On September 22, 2020, Trombetta asked the Clerk of the Court to correct the spelling of Seippel's name on his Summons.  (ECF No. 109)  The Court deemed the Motion to Quash to be "intertwined with the Motion to Dismiss" the Amended Complaint, which

---

[1] Trombetta mistakenly refers to ESG as "ESL" (ECF No. 104 at 1), although it is clear from an affidavit of service (ECF No. 104 at 4) that it is correctly identified as ESG.

was pending before Judge Abrams, and therefore directed that "no summonses shall be issued in this case" pending her ruling on the Motion to Dismiss.  (ECF No. 110).

On November 24, 2020, Judge Abrams issued an amended memorandum opinion and order denying the Motion to Dismiss, denying the Motion to Quash as moot, ordering that summonses to Seippel and WorthPoint be reissued, and granting Trombetta an additional 60 days to serve process.  (ECF No. 124).  On December 3, 2020, the Clerk of the Court issued amended summonses to Seippel and WorthPoint.  (ECF entries dated Dec. 3, 2020 (the "Amended Summonses")).

On December 14, 2020 (the "12/14/20 Letter"), Trombetta informed the Court that on December 2, 2020, on December 4, 2020, and again on December 7, 2020, she emailed to Seippel, WorthPoint, and Lutzker waivers of service of summons.  (ECF Nos. 125 at 1; 125-2; 125-3).  On December 8, 2020, Seippel responded with a communication that he appears to have intended for Lutzker:

> On this, we should take the max time we have to get back to her under the law. Not a day earlier.   Since we are not obligated to go at her expanded [sic.] pace then why go faster?  Maybe she does not have the money to hire someone which is why she is throwing a tantrum.  Won't this be the first time she has to spend money. We have to, so should she.  There is nothing for us to do until she dips into her pocket.  Maybe she won't and we are done.

(ECF No. 125-6).  In the 12/14/20 Letter, Trombetta asked the Court to authorize service by certified mail.  (ECF No. 125).

On December 18, 2020, Judge Abrams issued an order noting that "it [did] not appear from [the 12/14/20 Letter] that Trombetta's request for waiver of service was made in accordance with the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 4(d).  Regardless, Defendants have no obligation to waive service of process."  (ECF No. 126 at 1 (the "12/18/20

Order")).  Judge Abrams concluded "that Trombetta has shown due diligence, but that in-person service has proven too difficult to effectuate," and authorized "Trombetta to effectuate service by affixing the sealed summons and amended complaint to the door of Defendants' 'actual place of business, dwelling place or usual place of abode' and mailing these documents to Defendants as well."  (Id. at 2 (quoting N.Y. C.P.L.R. § 308(4)).  Judge Abrams cautioned that Trombetta's deadline to effect proper service remained January 21, 2021, and failure to do so would result in dismissal as to Seippel and WorthPoint.  (Id.)  On December 23, 2020, Judge Abrams denied Seippel and WorthPoint's motion for reconsideration of the 12/18/20 Order.  (ECF No. 129).

On January 5, 2021 and again on January 15, 2021, Trombetta filed proof of service by Certified Mail to Seippel directly and to Lutzker.  (ECF Nos. 132; 133).  On January 19, 2021, Judge Abrams ordered Seippel and WorthPoint to notify the Court whether they intended to challenge the sufficiency of service and whether they would move to dismiss.  (ECF No. 136).  On January 29, 2021, Seippel and WorthPoint moved to dismiss the Amended Complaint for failure to state a claim and lack of jurisdiction.  (ECF No. 143 (the "Second Motion to Dismiss")).

In other motion practice, on October 29, 2020, the Court denied without prejudice the EAI Defendants' motion to require Trombetta to post a bond for their incurred and anticipated attorneys' fees and costs, Trombetta III, 2020 WL 6365171, and on April 6, 2021, denied Trombetta's motion for sanctions against the EAI Defendants and their counsel for allegedly false and misleading statements in their court filings.  Trombetta IV, 2021 WL 1259740.

On March 4, 2021, Trombetta filed the Motion, seeking an award of the costs— approximately $350.00—she incurred in serving Seippel and WorthPoint due to their refusal to waive service.  (ECF No. 154).  Seippel and WorthPoint opposed the Motion, noting that Judge

Abrams already found in the 12/18/20 Order that Trombetta had not complied with Rule 4(d) and they were not obligated to waive service.  (ECF No. 155).  They add that:  (i) Trombetta did not specify a reasonable time of at least 30 days for them to consider her request; (ii) she did not provide each of them two copies of the waiver form; and (iii) she did not provide a pre-paid means of returning the waiver forms.  (Id. at 2).  Finally, they note that Trombetta, as a pro se litigant, is not entitled to recover attorneys' fees.  (Id.)  On Reply, Trombetta asserts that her requests to Seippel and WorthPoint complied with Rule 4.  (ECF Nos. 158; 158-1).

### III.  DISCUSSION

**A.  Legal Standards**

Federal Rule of Civil Procedure 4(d) governs waivers of service:

(1) ***Requesting a waiver***.  An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons.  The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons.  The notice and request must:
  (A) be in writing and be addressed:
    (i) to the individual defendant; or
    (ii) for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;
  (B) name the court where the complaint was filed;
  (C) be accompanied by a copy of the complaint, [two] copies of the waiver form appended to this Rule 4, and a prepaid means for returning the form;
  (D) inform the defendant, using the form appended to this Rule 4, of the consequences of waiving and not waiving service;
  (E) state the date when the request is sent;
  (F) give the defendant a reasonable time of at least 30 days after the request was sent . . . to return the waiver; and
  (G) be sent by first-class mail or other reliable means.
(2) ***Failure to waive***.  If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
  (A) the expenses later incurred in making service; and

(B) the reasonable expenses, including attorney's fees, of any motion required
to collect those service expenses.

Fed. R. Civ. P. 4(d) (emphasis added).  These requirements "are not mere technicalities."  Kogan

v. Facebook, Inc., 334 F.R.D. 393, 401 (S.D.N.Y. 2020).  Rather, "a plaintiff is obliged to comply

with the Rule, whose obligations are mandatory for all litigants."  Id.; see Rodriguez v. It's Just

Lunch Int'l, No. 07 Civ. 9227 (SHS) (KNF), 2010 WL 1407980, at *2 (S.D.N.Y. Apr. 6, 2010) (declining

to award costs under Rule 4(d)(2) where plaintiffs failed to comply with mandatory requirements

for waiver of service in Rule 4(d)(1)).  Thus, "[t]he procedural requirements of Rule 4(d)(1) are a

'condition precedent to a demand for costs for refusal to waive service.'"  Kumaran v. Vision Fin.

Mkts., LLC, 338 F.R.D. 17, 18 (S.D.N.Y. 2021) (quoting Davies v. Scott, No. 15-CV-0021 (GJK), 2015

WL 13310012, at *2 (M.D. Fla. Apr. 14, 2015) (internal citation omitted)).

**B.  Application**

The Court finds that Trombetta has not demonstrated that she is entitled to recover the

costs she incurred in serving Seippel and WorthPoint.  Trombetta has not shown that she

provided Seippel and WorthPoint with a prepaid means for returning the waiver form, as

Rule 4(d)(1)(C) requires.  Trombetta sent the waiver forms by email, indicating that she did not

provide them with, for example, "a self-addressed stamped envelope."  Kumaran, 338 F.R.D. at

18 (noting one method of a "prepaid means for returning the form").  She also did not supply two

copies of the waiver form, as required by Rule 4(d)(1)(C).  Furthermore, Trombetta undertook to

serve Seippel and WorthPoint within three weeks of her waiver request, and thus did not comply

with Rule 4(d)(1)(F), which required that she afford them at least 30 days to respond.  Id. at 19.

Therefore, Trombetta "failed to meet the requirements of Rule 4(d) and is not entitled to recover

her costs and expenses."  Id. at 18–19.

## IV. __CONCLUSION__

For the reasons explained above, the Motion is DENIED.  The Clerk of Court is respectfully directed to close ECF No. 154 and to mail a copy of this Order to Trombetta at the address below.

Dated:          New York, New York
                August 27, 2021

                                    SO ORDERED.

                                    _____
                                    **SARAH L. CAVE**
                                    **United States Magistrate Judge**

Mail To:        Annamarie Trombetta
                175 East 96th Street
                Apt. 12R
                New York, New York 10128