USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 01/31/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Annamarie Trombetta,

                    Plaintiff

              v.

Norb Novocin, Marie Novocin, Estate Auctions Inc., William Seippel, and WorthPoint Corp.

                    Defendants.

No. 18-CV-993 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On December 20, 2021, the Court granted in part and denied in part the motion to dismiss filed by Defendants WorthPoint Corp. and William Seippel. Dkt. 187. The Court also granted Defendants' motion to strike Plaintiff Annamarie Trombetta's sur-reply. Dkt. 161. Plaintiff now moves for reconsideration of the decision to strike the sur-reply, and for the Court to restore the sur-reply and consider its contents. Dkt. 191. In her motion for reconsideration, Trombetta offers additional context for her decision to file the sur-reply, which she believed was required under the circumstances.

For the reasons that follow, Trombetta's motion is denied. In any event, the Court notes that the order granting the motion to strike merely removed Plaintiff's sur-reply from the record, such that the Court did not consider it in connection with the motion to dismiss. That ruling, however, does not impact Plaintiff's ability to rely on the evidence or arguments presented in that submission going forward to advance her remaining claims.

"Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b)." *Farmer v. United States*, No. 12-CR-758 (AJN), 2017 WL 3448014, at

*2 (S.D.N.Y. Aug. 10, 2017) (citation omitted).  Reconsideration is an extraordinary remedy and is only granted only where a movant demonstrates "(i) an intervening change in controlling law; (ii) the availability of new evidence; or (iii) the need to correct clear error or prevent manifest injustice."  *Cohen Lans LLP v. Naseman*, No. 14-CV-4045 (JPO), 2017 WL 1929587, at *1 (S.D.N.Y. May 10, 2017) (internal quotation omitted).  Plaintiff's motion for reconsideration fails to meet this standard.  *See Affidavit DT v. Somers Cent. Sch. Dist.*, No. 06-CV-2674 (WCC), 2009 WL 10706891, at *2 (S.D.N.Y. Feb. 11, 2009) (denying motion for reconsideration of denial of leave to file a sur-reply), *aff'd*, 348 F. App'x 697 (2d Cir. 2009).

The Court properly exercised its discretion to strike the sur-reply in the first instance, *see id.*, but given Plaintiff's *pro se* status assures her that the result would have been the same had the Court considered the sur-reply in connection with the motion to dismiss.  Trombetta raises four arguments in numbered subsections of the sur-reply: (1) the contributory copyright and DMCA claims are not time- barred; (2) the Court has jurisdiction over Defendant Seippel; (3) the complaint states a claim for contributory copyright infringement; (4) the complaint states a claim under the Digital Millennium Copyright Act ("DMCA").

With respect to the first and last arguments, the Court ruled in Trombetta's favor, holding that neither her copyright nor DMCA claims were time barred and that she had sufficiently pled her DMCA claims.

The sur-reply would not have changed the Court's decision on the remaining two contentions—the Court's lack of jurisdiction over Seippel and the merits of the contributory copyright claim.  As outlined in the Court's opinion, there is no basis for jurisdiction over Seippel under any of New York's long arm statutes.  The arguments in the sur-reply as to Seippel are largely the same as those made in the opposition and addressed in the Court's opinion.  In

particular, the sur-reply raises a number of arguments related to emails Trombetta received from Seippel, which the Court addressed in its opinion.

With respect to her contributory copyright infringement allegations, the Court held that Trombetta had failed to allege that WorthPoint acted in concert with a direct infringer. The sur-reply contains a number of arguments and assertions regarding Plaintiff's communications with Google, and with WorthPoint regarding Google's search results. The additional information in the sur-reply, however, does not demonstrate that WorthPoint acted in concert with anyone and thus does not alter the Court's analysis as to contributory copyright infringement.

Accordingly, even if the Court had considered the sur-reply, the ruling would have been the same. The motion for reconsideration is denied, and the Clerk of Court is respectfully requested to terminate the motion pending at Dkt. 191.

SO ORDERED.

Dated:  January 31, 2022
        New York, New York

Ronnie Abrams
United States District Judge