February 9, 2022

The Honorable Judge Ronnie Abrams
United States District Court Southern District of New York
40 Foley Square, Room 2203 New York, NY 10007

The Honorable Judge Sarah L. Cave
United States District Court Southern District of New York
500 Pearl St., Courtroom 18A New York, NY 10007-1312

Re:  Demonstration of " Bad Faith"  by the Defendants Attorneys

To  The Honorable Judge  Abrams and  The Honorable  Judge Cave:

I bring to the Court's attention behavior which is demonstrative of  " bad faith"  on behalf of Attorney Anderson Duff representing Norb and Marie Novicin, Estate Auctions Inc. As per legal protocol all  parties had to file a Proposed Case Management Plan. The Attorneys for WorthPoint Corporation duly filed  on January 31, 2022 Doc. 192.  I filed my case report. on February 1, 2022 in Doc. 194.  One week later, which is ample time to file,  there is no case report  by Mr. Duff,  despite Mr. Duff's  verbal acknowledgement at the Conference Call on February 1, 2022.

I bring to the Court's attention past  demonstrative examples of Mr. Duff  "Bad Faith" conduct to include  an Offer of Judgement made on 01/28/20 and a written  request to respond on 02/11/2020  by Mr. Duff.  On the requested  date ( Feb.11th), I emailed the exact address written in Mr. Duff's demand letter.  His  email address was blocked  SEE **Doc. 74 Pages 11 to 14** filed on  July 14, 2020.  Months later, in June 2020, Mr. Duff filed  a Motion for a Bond in the amount of Twenty Thousand Dollars. The Novicins declared  that they "owned and operated EAI from April 23, 2012 thru 2019.  These years  allegedly corresponded to  EAI incorporation. The

> **DECLARATION OF NORB NOVOCIN IN SUPPORT OF DEFENDANTS' MOTION FOR AN ORDER REQUIRING PLAINTIFF TO POST A BOND**
>
> I, Norb Novocin, declare as follows:
>
> 1. Together with my wife and co-defendant in this case, Marie Novocin, I owned and operated Estate Auctions, Inc. from April 23, 2012 until 2019.

EAI 1972 Oil   Misattribution  Ad  BELOW states of EAI  **"We have been selling since 1998".**

> Welcome to EstateAuctionsInc! We are one of the Top Sellers of Antiques, Collectibles and Quirky items on eBay. We have been selling since 1998 and ALL of our auctions start at .99 cents. We are proud to announce that we maintain a "FIVE STAR Detailed Seller Rating" and our staff strives for 100% customer satisfaction, our 100% feedback rating will vouch for that. We work with consigners from Coast-To-Coast and work hard to make sure we have top quality items. We are "Your Quality Zone" - search "YQZ" to see our other listings our !
>
> >>>>> UP IN THIS AUCTION <<<<< 1972 Original Oil Painting Man With Red Umbrella Signed Annamarie Trombetta New York Listed Artist - Shabby Chic Condition

On February 25, 2021 I contacted Mr. Duff regarding the differences in dates listed in the EAI ad and on the Declarations. Mr. Duff's stated the Declaration dates refer to the incorporation of EAI, implying that the incorporation was until 2019. On March 16, 2021 I asked Mr. Duff for a copy of the EAI Certificate of Incorporation before I'd have a phone call with him. **SEE EXHIBIT # 1.** When I did not hear or receive the EAI certificate of incorporation from Mr. Duff, I filed on March 19, 2021 a Motion for Sanctions. After my filing, Mr. Duff emailed me stating that I would have to pay his legal fees when I lose. (READ BELOW)

> **Anderson Duff** <ajd@hoganduff.com>   Fri, Mar 19, 2021 at 3:31 PM
> To: Annamarie Trombetta <atrombettaart@gmail.com>
>
> Dear Ms. Trombetta:
>
> Despite clear instructions from Magistrate Judge Cave, you refused to meet and confer with me. Please keep in mind that when you lose this lawsuit, you will be required to pay my client's legal fees. Every meritless filing like the documents you just submitted to the court significantly increases those fees.
>
> Best,
>
> -Anderson-
>
> 646.450.3607
>
> HoganDuff.com
>
> [Quoted text hidden]
>
> **Annamarie Trombetta** <atrombettaart@gmail.com>   Fri, Mar 19, 2021 at 4:02 PM
> To: Anderson Duff <ajd@hoganduff.com>
>
> Mr. Duff,
>
> You did NOT respond to my e-mail that I sent on March 16, 2021.
>
> I sent you an e-mail with the eBay ---Photo-Feature and location of your clients.
>
> You did NOT send the Certificate of Incorporation. If you and your clients Claim -- April 2012 as the start of EAI business kindly furnish me with the proof.  --It is quite simple.

Below is part of the EAI Certificate of Incorporation stating it was forfeited in 2017.

> INCORPORATION OF "ESTATE AUCTIONS, INC.", WAS RECEIVED AND FILED IN THIS OFFICE THE TWENTY-THIRD DAY OF APRIL, A.D. 2012.
>
> AND I DO HEREBY FURTHER CERTIFY THAT THE AFORESAID CORPORATION IS NO LONGER IN EXISTENCE AND GOOD STANDING UNDER THE LAWS OF THE STATE OF DELAWARE HAVING BECOME FORFEITED THE TWELFTH DAY OF OCTOBER, A.D. 2017, FOR FAILURE TO OBTAIN AND DESIGNATE A REGISTERED AGENT.

I bring these events to the Court's attention because Mr. Duff stated during the February 1, 2022 Conference that the Novicins were held up in Bankruptcy Court because "I contacted" the bankruptcy court. The bankruptcy court contacted me regarding the Novicins actions. See **Doc.72 Page 18 filed 7/13/20.** Secondly, the Novicins "chose" in December 2019 to wait till after this lawsuit to proceed forward with their bankruptcy claim. Mr. Duff also stated on 02/01 **there is no longer a fraud claim in this case.** Below is Judge Ronnie Abrams Order and Decision regarding the subject of scienter filed in Doc, 187 on 12/21/21 on page 19 of 26.

> At this stage, Trombetta's allegations with respect to the falsity of the CMI are sufficient to state a claim. They are sufficient to allege *scienter* as well. The Second Circuit has cautioned that courts should be lenient in assessing *scienter* at the motion to dismiss stage, "because such issues are appropriate for resolution by the trier of fact." In re DDAVP Direct Purchaser Antitrust Litig., 585

Secondly, Judge Caves' March 19, 2020 Order and Decision Doc 40 page 10 of 14 acknowledged my scienter evidence and that both Defendants, EAI and WorthPoint, prior to commencing this lawsuit, disregarded my requests. The degree of the scienter element will be presumably determined throughout the Discovery process. Scienter can be proven by the

> With respect to the scienter element of both the § 1202(a) and § 1202(b) claims, the "Second Circuit has stated that courts should be lenient in allowing scienter issues to survive motions to dismiss." Aaberg, 2018 WL 15803037, at *9 (citing In re DDAVP Direct Purchaser Antitrust Litig., 585 F.3d 677, 693 (2d Cir. 2009)). Ms. Trombetta alleges that she contacted Mr. Novocin, Worthpoint.com employees, and Mr. Seippel on more than one occasion to complain about the misinformation in the internet posts about the Painting and request their removal. She alleges that, as to EAI, Mr. Novocin deliberately disregarded her requests and told her, "Go For It and Hire an Attorney," and as to Worthpoint.com, Mr. Seippel instructed that the posts be removed, but they were later reposted. (ECF No. 36 at 3–7, 14–16). She attached copies of this

presentation of evidence to show the perpetrator's state of mind. The evidence must typically show that the perpetrator acted knowingly, willfully, intentionally or in reckless disregard of the law. Prior to litigation, as per Mr. Novicin's suggestion, I hired an Attorney. In September of 2017, my Attorney Megan Noh sent a letter outlining the legal claims as well as conversed via phone with Marie Novicin and this is in Doc. 72 Page 37-38-39 filed on 07/13/20. From 2017 to the present time, the Novicins and their attorney feel there was no wrongdoing despite the fact that the photo in the ad is of a signature "A. Trombetta"and the unauthorized use of my self-authored biography/autobiography entitles me to "exclusive rights' for authorization use.

With the above duly documented, I bring to the Court's attention Judge Caves' Scheduling Order filed on 02/01/22, which states that **" the parties shall promptly meet and confer concerning a protective order in this action and shall file a proposed protective order for the Court's endorsement by February 15, 2022."** The purpose of my letter is for the Court to **PLEASE NOTE** the Defendant's attorneys have NOT contacted me regarding the stipulated " meet and confer" regarding the protective order **due on Feb. 15th.** Additionally, the

Defendants attorneys (WorthPoint) requested that I write a Settlement Demand Letter. I was willing to comply, despite the additional work, which demonstrates that I am cooperating in "Good Faith" to progress accordingly.

The actions of the Defendants attorneys do not demonstrate the same "Good Faith" or work ethics, hence the reason for my unexpected need to write this letter. To reiterate, Mr. Duff has not filed his Case Management Report that was due last week. Secondly, neither of the Defendants Attorneys have made an effort to contact me. At the same time I am, as stated during the Conference "doing my homework" so I can respond and compose the requested Settlement Letter, Interrogatories, Notice to Admit and find out what FRCP 26 (a) (1) (A) entails. I have contacted NYLAG for assistance. At the end of the 2/1/22 Conference Call, I clearly stated that I am NOT AWARE what FRCP 26 (a) (1) (A) meant and thought it was the secondary Case Management Report Form, due to the fact that I am NOT a lawyer. **SEE EXHIBIT #2.** Aside from this I have my professional responsibilities and personal health that requires my time. I have lost a great deal from these infringements and simply cannot jeopardize my personal and professional well being due to the current demands of this case.

As a creative person and at present, a make-shift counsel, may I present and ask the Court, in the spirit of equality, to request a Settlement Demand Letter from both Defendants Attorneys also due on February 15, 2020. This idea ( if it indeed permissible) is meant to access equally, all parties financial expectations prior to the Discovery phase.
In Summary I ask the Court to Request the following:

1) The fulfillment of the previously ordered late filing for the Case Report by Mr. Duff.
2) Request or move the Attorneys to contact me regarding all " meet and confer" communication.
3) Request for the Defendants Settlement Demand Letter due on February 15, 2022 as requested
    upon the Plaintiff. or implement a date change —ie Conditional Clause for #4.
4) Defendants' Settlement Letter and the Plaintiff's Letter is served on the same date.

**Last and most importantly,** during a Zoom meeting on January 18, 2022, I communicated to Attorney Adam Bialek that **I AM UNABLE TO WORK ON THIS CASE DURING THE MONTH OF MARCH 2022.**

On February 1, 2020 I also stated to everyone on the "open" Conference Call that **" I AM "UNABLE DURING THE MONTH OF MARCH AND THE FIRST WEEK OF APRIL"** to work on this case**.** This means that **I CANNOT RESPOND IN WRITING** to any Interrogatories or Notice to Admit etc. I did state that due to professional and financial responsibilities I need to work on my artistic projects. I shall fulfill, as per instructed, on March 4, 2022, to serve a joint letter requesting a settlement conference with the Court.

I ask the Court to consider all the requests pertinent and imperative to the progression of this case and to the conduct of the Attorneys regarding the scheduling plan to advance this lawsuit.

Respectfully Submitted,

February 9, 2022

Annamarie Trombetta
175 East 96th Street (12 R)
New York, New York 10128

———Electronic Signature Annamarie Trombetta—-

_____

Annamaire  Trombetta