> The Court will refrain from scheduling a Settlement Conference based on Defendants' representation that it would not be productive.  This Order resolves ECF No. 212.  The Clerk of Court is respectfully directed to mail a copy of this Order to Ms. Trombetta at the address below.
>
> SO ORDERED 3/16/2022
>
> Mail To: Annamarie Trombetta
> 175 E. 96th Street, Apt. 12R
> New York, NY 10128
>
> _____
> SARAH L. CAVE
> United States Magistrate Judge

March 15, 2022

**VIA ECF**

Honorable Sarah L. Cave
United States District Court
Southern District of New York
500 Pearl St., Courtroom 18A
New York, NY 10007-1312

      Re:    *Annamarie Trombetta v. Norb Novocin, et.al.*
               Civil Action No. 18-cv-993
               Our File No. 19701.00006

Dear Judge Cave:

      As your Honor is aware, we represent the Defendant WorthPoint Corporation.  Pursuant to the Court's February 1, 2022 Case Scheduling Order, we are responding to the Court informing it that Defendant has determined that a court settlement conference would <u>not</u> be advisable or warranted at this time.

      The Plaintiff had been directed to provide the Defendants with a settlement demand by February 15, 2022.  Rather than receive a simple demand, the Plaintiff had forwarded a 24-page letter explaining her view of the case, but did not clearly set forth her demand.  After the Court provided Ms. Trombetta with additional time to provide a supplemental letter, the Plaintiff forwarded a new letter that did contain both a monetary demand and numerous non-monetary demands.  We understand that Ms. Trombetta met with an attorney who assisted her in preparing the subsequent demand.  Plaintiff's demand, however, is unreasonable and our meet and confer and other conversations with the Plaintiff lead us to believe that the parties are too far apart to make a settlement conference worthwhile.  Rather, we believe such a conference would only be a waste of the Court's time (as well as Defendant's time and resources).

      Specifically, plaintiff's settlement demand, besides being overly excessive monetarily and having no relation to any proof the Plaintiff could ever produce, demands various non-monetary relief that in the defendants' view would not be available even if Plaintiff prevailed on this claim (which she will not).  For example, Plaintiff seeks relief that is not recoverable under applicable law (including, for example, a demand for a prior restraint on Defendant's speech while allowing the Plaintiff to say anything she wanted about the Defendant), is not something that could be met even if Defendant wanted (as the Defendant cannot produce the painting that was sold by third-parties to other third-parties and did not involve the Defendant), and is not something that the defendants can agree to or would be willing to offer even if it could agree to such relief. After several meet and confer meetings with all parties, defendants are persuaded that any settlement

268361305v.1



- 2 -

discussions will not be productive at this time and that this matter should instead proceed into the discovery process as scheduled by the Court.

We thank Your Honor for your attention to this matter. Should you have any questions or comments, please let us know.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

/s/Jana Farmer/

Jana Farmer

cc: All counsel
　　　Annamarie Trombetta

268361305v.1
268361305v.1
268361305v.1