May 26, 2022

The Honorable Judge Ronnie Abrams
United States District Court Southern District of New York
40 Foley Square, Room 2203 New York, NY 10007

The Honorable Judge Sarah L. Cave
United States District Court Southern District of New York
500 Pearl St., Courtroom 18A New York, NY 10007-1312

Re: Request for Chronological Court Rules / " Bad Faith" by the Defendants Attorneys

To Judge Cave and Judge Abrams :

The purpose of my letter is to set forth clear communication regarding Plaintiff's filings and my actions. Plaintiff is seeking correctness and clarity regarding the rules of the Court. The main request is to seek direct instructions from the Court regarding the Discovery process, Rule 37 letters and the appropriate and proper time to submit my Proposed Amended Complaint. Unfortunately, I have to to inform the Court of the willful reluctance by the Defendants Attorneys to respond to Plaintiff 's simple email request sent on Monday May 23, 2022 —to confirm receipt of my response letter with attachments to Defendants Rule 37 letter - **Attached.**

I begin by reiterating facts. Upon viewing the falsification of evidence and the numerous deficiencies within Defendants Discovery responses, prior to and after April 26th, the Plaintiff filed Doc. 224 and 225 on May 18, 2022. From the 26th of April until my filing on May 18th, I was researching, writing and preparing my submission. At some point, I received a Rule 37 letter from WorthPoint demanding more Discovery responses, many of which have no relevance to this lawsuit. A new WorthPoint attorney Nicole Haimson composed the letter.

On May 19th, Ms. Farmer sent her letter that was filed with the Court to my direct email. My time is presently limited due to the enormous work generated by this lawsuit. Immediately, in haste, I composed a response, went off to an appointment and I filed my response letter, without the knowledge of Judge Cave's Order in Doc. 227. My response letter (Doc.228) was not a Second Request. My letter was intended to inform the Court that WorthPoint's alleged evidence that is deemed "Confidential" contains 1354 words from the Plaintiff's full biography. The word count in the fraudulent 1972 ebay internet ad created by Estate Auctions Inc that was allegedly bought by WorthPoint, contains 418 words. WorthPoint's alleged evidence contains triple the amount of words from the Plaintiff's biography. WorthPoint is presently claiming that all 1354 words are WorthPoint's "Confidential" evidence. Additionally, the Plaintiff informed the Court that without my consent, WorthPoint labeled my Discovery responses. In WorthPoint's Rule 37 letter by a new Attorney, Nicole Haimson I was informed that my documents of which there were 40 were not "Bate" stamped. Ms. Haimson stated that she " *took the liberty*" of stamping my evidence. Again this was done without my knowledge or consent . The order of my evidence has been usurped. These actions by WorthPoint have

caused me more work. This is consistent with the way WorthPoint has always treated me and my property since 2015. I was hoping for a comment from Judge Cave in response to the willful unknown take over of the Plaintiff's evidence and stamped numeration which has duplicates.

Upon reading Judge Cave's Doc. 227 on May 19, 2022, Plaintiff read Judge Cave's statement *"To the extent Ms. Trombetta is also claiming that Defendants' discovery responses are deficient, then, consistent with § II.C of Judge Cave's Individual Practices, she must first meet and confer with Defendants' counsel about those issues, and, if unresolved, may raise them in a letter-motion."*

   C. Discovery Disputes.
*1. Requirement to Meet and Confer. The Court will not hear any discovery dispute unless the moving party (including a non-party seeking relief) has first conferred in good faith with any adverse party to resolve the dispute. An exchange of letters or emails alone does not satisfy this requirement.* **Counsel must respond promptly and in good faith to any request from another party to confer in accordance with this paragraph.**

In response to Judge Cave's Doc. 227. Order, and the information above, on Monday May 23, 2022 Plaintiff finally had the opportunity to respond to WorthPoint's Rule 37 letter.. I explained in a three page letter that my personal and professional time has been consumed by the demands of this case. I communicated that this lawsuit was adversely effecting my health and impeding on my ability to earn a living. In light of this, I requested that WorthPoint review each demand sent to me and specify why they were requiring the response due to my time constraints. I began my letter with :

   "*As all the Defendants are aware, the Plaintiff is a Pro Se litigant. As a Pro Se litigant and a novice to legal protocol, particularly in Federal Court, I am required to obey rules that are not within my consciousness or my personal experience. On April 26, 2022, during the Conference Call with Judge Cave, the subject for the possibilities to request additional Discovery was mentioned. Up until this time, Plaintiff was not aware that further requests for Discovery were ongoing. The Discovery deadline was April 8, 2022 and on said date the Plaintiff contacted both Defendants to communicate that more evidence from the Plaintiff needed to be submitted on April 11, 2022. I asked all the Defendants attorneys if they would accept Plaintiff's terms and conditions for the delay in Discovery due to computer issues. Upon confirmation, I followed through on Monday April 11th of said terms*".

Aside from acknowledging WorthPoint's Rule 37 letter, I also complied with the Attorneys request for my collection of Google documents from Google's online help tools . I sent all the Google print outs to the three WorthPoint Attorneys and Mr. Duff —nine Google print outs. The Google print outs are support and information pages on how to clearly report and remove incorrect or fraudulent content from Google. Google's DMCA policy states "*In accordance with the law, the content will be reinstated unless you submit evidence that you've filed a court action against the user seeking to restrain the allegedly infringing activity. If we don't receive that notice from you within 10 days, we may reinstate the material to Google.—*

The statement above and it's information contributed to the Plaintiff filing this lawsuit.

Within my email dated Monday May 23, 2022,—which is attached, I requested that the Attorneys review and confirm receipt of WorthPoint requested information. No one responded. I am a Pro Se litigant and sole proprietor against four Attorneys working on this case—Jana Farmer—Adam Bialek—Nicole Haimsaon nor Andersaon Duff. My delayed responses to WorthPoint's Rule 37 letter was due to the fact I did not receive essential Discovery responses. Some of the Defendants Discovery responses were conspicuously fraudulent. Not aware of legal protocol, as a one person Pro Se litigant I deduced that I should file Sanctions and Motions for Leave to Amend against the Defendants which are time consuming endeavors.

I am communicating with the Court to inform both Judges that I have complied with the Defendants request yet have not received a simple response for confirmation of receipt as I requested. Secondly, I need to inform the Court that the previous Meet and Confer meetings with the Attorneys were quite overwhelming and loud. It was difficult for the Plaintiff to complete a sentence . At some point I told either Mr. Bialek or Mr. Duff that " *You can change the volume but not the facts of the case*". Due to current health issues, the Plaintiff cannot subject myself to the treatment received in prior unsupervised Meet and Confer conferences.

As per Ms. Farmer's May 19, 2022 letter, and Judge Cave's instructions regarding Discovery, I am sensing there is a time-line and sequence of events that may need to be implemented prior to submitting my Proposed Amended Complaint. Plaintiff is not sure and is requesting clarity and the proper timely direction from the Court to proceed forward .

In summary, Plaintiff is informing the Court that I have received fraudulent "conspicuous " evidence and deficiencies and non responses from both Defendants. I complied with the Defendants demands. requested a response yet no response was sent from four Attorneys.. Judge Cave's instructions state *"Counsel must respond promptly and in good faith to any request from another party to confer in accordance with this paragraph."* Plaintiff asks the Court to kindly direct and inform the Plaintiff so that I can proceed accordingly, efficiently and effectively, in tandem with the rules of the Court to bring a swift and successful resolution to this case.

May 26, 2022                                                                                  Respectfully Submitted,

Annamarie Trombetta                                              ——— Electronic Signature———-
175 East 96th Street (12 R)
New York, New York 10128                                      *Annamarie Trombetta     May 26, 2022*

                                                                                           _____

                                                                                                    Annamarie Trombetta