

WILSON ELSER
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

August 23, 2022

**VIA ECF**

Honorable Sarah L. Cave
United States District Court
Southern District of New York
500 Pearl St., Courtroom 18A
New York, NY 10007-1312

Re:    *Annamarie Trombetta v. Norb Nov...*
       Civil Action No. 18-cv-993
       Our File No. 19701.00006

> Defendant Worthpoint Corporation's letter-motion seeking an extension to the remaining discovery deadlines (ECF No. 267) is GRANTED, and the discovery deadline is extended to **Monday, October 10, 2022**. By **Monday, October 17, 2022**, Plaintiff shall file a letter advising the Court whether she intends to seek leave to amend her complaint, and (ii) the parties shall file a status letter certifying the completion of fact discovery.
>
> The Clerk of Court is respectfully directed (i) to close ECF No. 267 and (ii) mail a copy of this Order to Ms. Trombetta at the address below.
>
> SO ORDERED 08/24/22
>
> SARAH L. CAVE
> United States Magistrate Judge
>
> Mail To:  Annamarie Trombetta
>           175 East 96th Street, Apt 12R
>           New York, New York 10128

Dear Judge Cave:

As your Honor is aware, we represent the Defendant WorthPoint Corporation ("WorthPoint") in the above-captioned matter. Please allow this letter to respond to Plaintiff's letter to the Court dated August 23, 2022, to the extent it pertains to WorthPoint. *See,* Dkt. No. 266. This letter also requests that the time for non-party and expert depositions be enlarged given the issues set forth below that the parties conferred over but require the Court's assistance to fully resolve.

Initially, the issue of the plaintiff's deposition was resolved last week as directed by the court. Ms. Trombetta provided three dates for her deposition, and the defendants conferred and selected August 30th, one of the dates suggested by plaintiff. The updated notice of deposition was accordingly served.

Concerning the issues with WorthPoint's document responses that plaintiff raises, this was also discussed during the meet and confer on August 17th. Specifically:

- **Absence of photos of the eBay listing**: Plaintiff raises the issue that defendants did produce photographs of the painting that underlies the subject misattribution dispute. WorthPoint advised that it previously deleted, in February of 2016, its listing reporting on the past eBay sale and as such, WorthPoint no longer has any such photos. We also clarified that defendants are not obligated to reproduce back to plaintiff any photos that she herself produced in discovery during this case, as that is not the function of discovery.

- **No information as to how long the listing was "on the Internet"**: Plaintiff also noted that defendants did not state how long information about the sale of the subject painting was on the Internet. WorthPoint responded that it does not control the Internet, and WorthPoint does not know what other parties may have posted on

150 East 42nd Street • New York, NY 10017 • p 212.490.3000 • f 212.490.3038

Alabama • Albany • Atlanta • Austin • Baltimore • Beaumont • Boston • Chicago • Dallas • Denver • Edwardsville • Garden City • Hartford • Houston
Indiana • Kentucky • Las Vegas • London • Los Angeles • Miami • Michigan • Milwaukee • Mississippi • Missouri • Nashville • New Jersey • New Orleans
New York • Orlando • Philadelphia • Phoenix • San Diego • San Francisco • Sarasota • Stamford • Virginia • Washington, DC • Wellington • White Plains

wilsonelser.com

WILSON ELSER
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

- 2 -

their websites. Thus, WorthPoint could only respond approximately when the subject data about the eBay listing was ingested into WorthPoint's systems and when it was removed.

- **Absence of metadata**: Plaintiff also takes issue that no metadata was produced concerning the post about the sale of the painting. As WorthPoint deleted the listing, again *at plaintiff's request,* it is not in possession of metadata that would have been attached to the listing. WorthPoint was able to locate and produce a document confirming the download of the eBay listing from its licensing partner.

- **"Confusing" eBay licensing partner**. Plaintiff expressed confusion as to which entity WorthPoint licensed the information about the past eBay sale of the subject painting in order to be able to post this information on WorthPoint's website. WorthPoint clarified to plaintiff that the name and address of its licensing partner appears on page 1 (Bates WP000008) of the confidential licensing agreement for eBay data that WorthPoint produced. WorthPoint clarified that this is the only licensing partner for eBay data that WorthPoint had during the relevant time period. WorthPoint also clarified that online research into the name of this licensing partner will reveal any former or subsequent names, which is likely further alleviate plaintiff's confusion.

- **No outstanding documents or information**: Plaintiff appears to be under the impression that there are some addition documents that WorthPoint has that it has not yet produced. WorthPoint indicated to plaintiff that it has produced everything in its possession that reasonably relates to the discovery demands in this case: (1) its licensing agreement for eBay data; (2) all correspondence involving plaintiff or the subject listing; (3) the document showing the download of the eBay data for the subject listing; (4) Google Analytics data showing when the listing was deleted from WorthPoint's website; and (5) a Wayback Machine copy of WorthPoint's historic website terms and conditions for the relevant time period. WorthPoint confirmed that it no longer has the copy of the listing (deleted per plaintiff's request in 2016), any of plaintiff's tickets submitted to WorthPoint's support (long removed by WorthPoint's auto deletion policies years before this litigation commenced) or any other materials concerning the subject listing.

- **Plaintiff's requests for "explanations"**: Many of plaintiff's requests to both defendants request an explanation of *why* defendants may be entitled to use information from plaintiff's biography, among many other requests for explanation. WorthPoint, for its part, has already stated all the *facts* that may be relevant to these essentially contention interrogatories and has no new facts to impart, even if it was required to respond. WorthPoint has already explained its legal analysis as to Fair Use, lack of any evidence of intent to state the claim of a DMCA violation, lack of monetary damages available for a VARA misattribution claim, and most importantly, a statute of limitations defense, barring claims against WorthPoint arising out of a listing deleted in February 2016. All of these arguments are legal defenses and theories that are more appropriate for dispositive motions and trial, if necessary. WorthPoint again encourages plaintiff to consult an attorney of her choosing so she may be able to understand what these defenses mean. It is



- 3 -

inappropriate, however, for plaintiff to continue to ask the defendants to explain the legal theories behind their respective defenses in discovery requests.

With that, WorthPoint fully believes that it has fully addressed all of plaintiff's requests for documents and all of her interrogatories and has no new information or documents to produce.

Concerning the issue of non-party witnesses, this issue was discussed during the parties' meet and confer on August 17th and requires the Court's assistance to resolve. Specifically, Ms. Trombetta did not initially understand the difference between fact witnesses and expert witnesses, which the defendants strove to clarify during the meet and confer as well as suggest that plaintiff should consider consulting a lawyer on this issue. Ms. Trombetta indicated that defendants' attempts to contact her witnesses have caused issues, as the designated witnesses were not aware that they may be deposed. Defendants indicated the intent to depose the designated witnesses but explained that we need to know whether the designated witnesses actually know anything about the events at issue and whether any of them are really be designated as plaintiff's expert witnesses, as plaintiff noted that they are experts in their respective field(s). Plaintiff requested additional time to contact her witnesses to confirm if they are willing to be deposed and to clarify their knowledge and litigation role. Regarding Plaintiff's "expert" witnesses, Plaintiff has designated 7 individuals as potentially serving as her "experts" at trial. However, she has not provided any of the required FRCP 26(a)(2)(b) expert disclosures, including any expert reports, or even a summary of the substance of their expert opinions, and the material on which it is based. Absent a disclosure as to what the witnesses intend to say, and upon which their testimony is based, the Defendants are at a significant disadvantage going into a deposition, and are unable to properly notify the witnesses as to the context of their depositions. The undersigned counsel provided the expert disclosure requirements to plaintiff as set forth in FRCP 26(a)(2)(b) following the August 17th meet and confer, and expect that she will comply by providing the necessary information.

It is anticipated that plaintiff may be amending her witness list to remove witnesses unwilling to testify and clarifying which witnesses will be plaintiff's litigation experts. Insofar as this has yet to occur, the current deadlines are impractical. As such, the parties hereby request that this Court set a new deadline for plaintiff to update her non-party fact witness disclosure and her expert witness disclosure (if any) and a new deadline for non-party witness and expert witness subpoenas, expert report disclosure, and depositions.

We thank Your Honor for your attention to this matter.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

/s/Jana Farmer/

Jana Farmer

cc:    All counsel
       Annamarie Trombetta