

October 31, 2022

**Jana Farmer**
Direct (914) 872-7247
Fax (914) 323-7001
jana.farmer@wilsonelser.com

**VIA ECF**
Honorable Sarah L. Cave
United States District Court
Southern District of New York
500 Pearl St., Courtroom 18A
New York, NY 10007-1312

      Re:    *Annamarie Trombetta v. Norb Novocin, et.al.*
               Civil Action No. 18-cv-993
               Our File No. 19701.00006

Dear Judge Cave:

      As Your Honor is aware, we represent Defendant WorthPoint in the above referenced matter. In accordance with Your Honor's order dated October 28, 2022, we write to update the Court regarding the status of discovery. *See,* Dkt. No. 305,

      On Friday, October 28, 2022, the parties met and conferred regarding several items of discovery that were outstanding. Specifically, we informed Plaintiff that her responses to the demands WorthPoint made during her deposition (the "Deposition Demands") were deficient in numerous regards, and Plaintiff had not yet responded to WorthPoint's Supplemental Rule 37 letter, dated September 22, 2022. That evening, and over the course of the past weekend, Plaintiff provided responses to WorthPoint's Supplemental Rule 37 letter, which included several document productions, amounting to hundreds of pages. Our cursory review of the production reveals that Plaintiff's response is still inadequate, but we have not yet been able to complete the detailed review.

      Preliminarily, the productions do not appear to be in a usable format, as they do not directly correspond with the requests made in our letter and it is unclear to what request each document relates or presumably responds. As such, we anticipate needing to follow up further with Plaintiff regarding her latest responses/productions. Further, this morning we sent to Plaintiff a letter detailing the deficiencies in her responses to the Deposition Demands, to which we anticipate she will require time to respond. We do not know how long the Plaintiff needs to comply properly, but we do not believe discovery is complete.

      We are amenable to giving Plaintiff a brief amount of additional time to respond further to the Deposition Demands and Supplemental Rule 37 letter, but we would also request that the Court schedule a conference so that we may discuss formally moving to preclude Plaintiff from utilizing at motion or trial any documents/information which she has not produced, including that which

150 East 42nd Street • New York, NY 10017 • p 212.490.3000 • f 212.490.3038

Alabama • Albany • Atlanta • Austin • Baltimore • Beaumont • Boston • Chicago • Dallas • Denver • Edwardsville • Garden City • Hartford • Houston
Indiana • Kentucky • Las Vegas • London • Los Angeles • Miami • Michigan • Milwaukee • Mississippi • Missouri • Nashville • New Jersey • New Orleans
New York • Orlando • Philadelphia • Phoenix • San Diego • San Francisco • Sarasota • Stamford • Virginia • Washington, DC • Wellington • White Plains

wilsonelser.com

Case 1:18-cv-00993-RA-SLC   Document 306   Filed 10/31/22   Page 2 of 3



- 2 -

she has already admitted to intentionally withholding, and seeking recourse for the failure to produce support for her claims. For example, Plaintiff has advised that she is in possession of additional documents pertaining to her artwork sales which she has not produced, but will not be disclosing since she does not intend to "use" them to support her allegations. These are records which we have requested on numerous occasions, and they directly pertain to Plaintiff's alleged damages. These records may be used to support WorthPoint's defenses, and which we are entitled to receive given the broad scope of discovery. If Plaintiff is arbitrarily withholding documents because she does not want to produce them, the Defendant should be able to seek a preclusion order and any additional relief that is pertinent.

Further, on October 29, 2022, Plaintiff sent to us a letter (dated October 24, 2022), stating as follows in response to our repeated requests for 1) her medical records and authorizations from her providers; and 2) the native, electronic, version of an email dated February 20, 2016: "Plaintiff reserves the right to give permission to the Defendants until the Plaintiff's Proposed Amended Complaint is GRANTED by the Court or Judge Cave /Abrams." To the extent that Plaintiff was seeking damages for physical harm, she was required to provide medical reports and authorizations, and she was required to identify medical experts. Since she did not, the Defendant had no opportunity to investigate these claims or schedule an independent medical examination ("IME"). Without a proper disclosure, the Defendant would not even know what kind of IME would even be needed. Defendant therefore intends to seek an Order precluding any such claims, and would like to address this at a pre-motion conference.

For months, Plaintiff has advised that she has given us everything she has, and then all of a sudden she either finds "a box" of documents (like she did in June), she turns over hundred of pages of documents (like she has done the last few weeks and this weekend), or she indicated that she is refusing to give us documents (like she did regarding other evidence of art sales she made). As such, it has become abundantly clear that Plaintiff is choosing which documents she wants to produce in response to our discovery demands, which is contrary to her obligations. To this end, Plaintiff has also refused to confirm in writing that she has produced all documents/information in her possession relevant to this lawsuit.

We would like to bring discovery in this matter to a close so that we can move for summary judgment. We are amenable to providing Plaintiff with yet another extension to comply, if she will in fact comply, or we would be happy to move to preclude the introduction of any evidence she has not produced, and seek an Order providing for consequences of her failure to produce support for her claims.

We thank Your Honor for your attention to this matter.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

/s/Jana Farmer/

Jana Farmer

cc:   All counsel
      Annamarie Trombetta

274835478v.1



- 3 -