

November 7, 2022

**Jana Farmer**
Direct (914) 872-7247
Fax (914) 323-7001
jana.farmer@wilsonelser.com

**VIA ECF**
Honorable Sarah L. Cave
United States District Court
Southern District of New York
500 Pearl St., Courtroom 18A
New York, NY 10007-1312

  Re: *Annamarie Trombetta v. Norb Novocin, et.al.*
     Civil Action No. 18-cv-993
     Our File No. 19701.00006

Dear Judge Cave:

  In accordance with Your Honor's order dated November 2, 2022, the Defendants in the above-captioned litigation write to jointly update the Court regarding the status of discovery and to provide a list of outstanding discovery requests. *See,* Dkt. No. 305.[1]

### WorthPoint's Deposition Demands

  During Plaintiff's deposition, counsel for WorthPoint made 16 separate discovery demands for documents and information to Plaintiff (the "Deposition Demands"). These demands were necessitated mostly by the fact that Plaintiff's prior discovery productions were incomplete and missing pages. On October 20, 2022, Plaintiff physically delivered to the offices of counsel for WorthPoint additional documents purporting to respond to the Deposition Demands (the "10/20/22 Production"). On October 31, 2022, counsel for WorthPoint sent to Plaintiff a letter detailing various deficiencies with respect to her responses to the Deposition Demands. A copy of the October 31, 2022 letter is annexed hereto as **"Exhibit A"**. To date, Plaintiff has not formally responded to this letter, despite our request.

  As set forth in more detail in the letter, Plaintiff's responses to the Deposition Demands are deficient in the following regards:

1. She failed to label each page of every document, such that it will be very difficult for these documents to be utilized by the parties at deposition, motion, and trial.
2. She failed to identify how the 10/20/22 Production is responsive to the Deposition Demands (including which documents are responsive to which demands) and whether she is in possession of any additional documents or information responsive to the Deposition Demands.
3. Plaintiff had not produced, and the 10/20/22 Production does not appear to include, any documents

---

[1] We have conferred with counsel for Defendants Norb Novicin, Marie Novicin, and Estate Auctions, Inc., who join this letter.

150 East 42nd Street • New York, NY 10017 • p 212.490.3000 • f 212.490.3038

Alabama • Albany • Atlanta • Austin • Baltimore • Beaumont • Boston • Chicago • Dallas • Denver • Edwardsville • Garden City • Hartford • Houston
Indiana • Kentucky • Las Vegas • London • Los Angeles • Miami • Michigan • Milwaukee • Mississippi • Missouri • Nashville • New Jersey • New Orleans
New York • Orlando • Philadelphia • Phoenix • San Diego • San Francisco • Sarasota • Stamford • Virginia • Washington, DC • Wellington • White Plains

wilsonelser.com


responsive to the following Deposition Demands: Request 1; Request 2; Request 3; Request 7[2]; Request 10, Request 11; Request 12; Request 13; Request 14; Request 15; and Request 16.

### **WorthPoint's Third Rule 37 Letter**

On November 4, 2022, counsel for WorthPoint sent to Plaintiff a Third Rule 37 letter to address additional deficiencies in her responses to the WorthPoint's various discovery demands and to discuss a few other outstanding discovery matters. A copy of the November 4, 2022 letter is annexed hereto as **"Exhibit B"**. To date, Plaintiff has not responded to this letter.

As set forth in more detail in the letter, Plaintiff's responses to the WorthPoint's various discovery demands are deficient in the following regards:

1. On October 24th and 25th 2022, Plaintiff produced additional documents. However, she failed to identify which of WorthPoint's demands these documents are responsive to and whether she is in possession of any additional documents or information responsive to such demands.

2. Plaintiff made redactions to Plaintiff000510 without designating this document as CONFIDENTIAL and setting forth the basis for any such redactions.

3. On October 28th 2022, Plaintiff produced additional documents. However, she failed to identify which of WorthPoint's demands these documents are responsive to and whether she is in possession of any additional documents or information responsive to such demands.

4. On October 30th 2022, Plaintiff produced additional documents. However, she failed to identify which of WorthPoint's demands these documents are responsive to and whether she is in possession of any additional documents or information responsive to such demands.

5. Plaintiff has not produced prior versions of Plaintiff00074 (which purports to be the fourth version of an affidavit) or indicated whether she is in possession of such prior versions.

6. The following documents Plaintiff has produced are still incomplete and/or missing pages: Plaintiff000018B; Plaintiff000051B; Plaintiff000052; Plaintiff000053; Plaintiff000054; Plaintiff000055; Plaintiff000056; Plaintiff000057; Plaintiff000058; Plaintiff000062A; Plaintiff000063; Plaintiff000064; Plaintiff000066; Plaintiff000067; Plaintiff000068; Plaintiff000069; Plaintiff000075A; Plaintiff000085-00087; Plaintiff000147; Plaintiff000148; Plaintiff000152; Plaintiff000157-Plaintiff000159; Plaintiff000161-162; Plaintiff000179-Plaintiff000184; Plaintiff000277; Plaintiff000291; and Plaintiff000313-Plaintiff000314.[3]

7. Plaintiff has not responded to the following requests contained in WorthPoint's First Request for the Production of Documents, dated February 25, 2022: Request 13, Request 18.

---

[2] On November 3, 2022, Plaintiff emailed counsel for the Defendants and stated that she has contacted a "computer expert" in an apparent effort to provide the requested email. We do not believe such an expert is needed in order to provide this email.

[3] Insofar as Plaintiff produced the middle pages of some of these documents, there is no excuse why the complete documents cannot be provided. Plaintiff cannot pick and choose which pages of a document she agrees to produce. To the extent the complete documents are not produced, the Defendants will object to their usage and will seek a preclusion Order.



- 3 -

8. Plaintiff has not produced, and WorthPoint has now requested, copies of all written communications that Plaintiff has had with her non-party fact witnesses (Mr. Chu, Mr. Goodwillie, and Ms. Ploski) pertaining to this lawsuit and Plaintiff's artwork and biography.[4]

The foregoing deficiencies and outstanding requests must be corrected and responded to by Plaintiff prior to the close of discovery. To the extent necessary, we would request the Court's assistance in this regard. The Defendants will object to the use or introduction of any document by Plaintiff that has not been produced in its complete form. Further, to the extent Plaintiff is in possession of such information and records and intentionally withholds same, and she later attempts to introduce such records and information, the Defendants specifically reserve their right to seek a preclusion order.

As Plaintiff has not produced the tax records requested or completed the necessary authorizations permitting Defendants to obtain these records, and she has admitted to be being in possession of additional documents relating to her artwork sales but has refused to produce such records, Defendants will object to any effort Plaintiff makes at motion and trial to establish that she is entitled to any damages for lost wages. Likewise, Plaintiff has not produced medical documentation (other than appointment information) or completed necessary authorizations permitting the Defendants to obtain these records, determine whether Plaintiff has a received a medical diagnosis causally related to the actions of the Defendants, and identify a doctor to perform an independent medical examination. As such, Defendants will object to any effort Plaintiff makes at motion and trial to establish she is entitled to any damages for physical harm.

It is also the intent of the Defendants to move for summary judgment at the close of discovery.

We thank Your Honor for your attention to this matter.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

/s/Jana Farmer/

Jana Farmer

cc:   All counsel
      Annamarie Trombetta

---

[4] While Plaintiff previously tried to claim that the Defendants' counsel was trying to interfere with her witnesses merely by contacting them, Plaintiff has refused to produce the communications she has had with "her" witnesses.