November 8, 2022

The Honorable Judge Ronnie Abrams
United States District Court Southern District of New York
40 Foley Square, Room 2203 New York, NY 10007

The Honorable Judge Sarah L. Cave
United States District Court Southern District of New York
500 Pearl St., Courtroom 18A New York, NY 10007-1312

**RE: - Plaintiff's Responses to Defendant WorthPoint's attorney's Discovery Status Letter**

To Honorable Judge Cave and The Honorable Judge Abrams,

Pro se Plaintiff, Annamarie Trombetta is shocked by the propaganda producing, problematic people known to the Court as WorthPoint Corporation and the attorneys who represent them. Plaintiff's submission of evidence to the Defendants on this date is number at 000745 documents. The Defendants November 7, 2022 letter filed by WorthPoint fails to accurately report the facts and the truth as a means to distract the Court by distorting the Plaintiff's voluminous submissions of evidence that has been labeled, described in detail and numbered.

## Plaintiff's Responses to Defendants August 30, 2022 Deposition Responses.

Attached is Plaintiff's six page list titled Plaintiff's August 30, 2022 Deposition Responses which are numbered with a complete detailed description of each submission. The first number begins with 000351 and the last numbered submission is 000388. Additionally, Plaintiff listed all the Deposition Responses and also listed the Page numbers extracted from the Deposition which is listed on page 5 and page 6 in my submission. **EXHIBIT #1 Plaintiff's Deposition Responses List Pages 1 to 6**

Plaintiff reminds the Court that on September 19, 2022 noted in Docket 280, Plaintiff had to request the Court to order WorthPoint's attorneys to produce Plaintiff's Deposition. On September 20, 2022 in Docket 281, Judge Cave indeed granted Plaintiff's request and ordered the Deposition. Plaintiff responded in a timely manner despite the delay in receiving the Court Ordered Deposition. Plaintiff reminds the Court that I dropped off my responses directly to the law firm of Wlson Elser on October 20, 2022 and on said day, I requested Wilson Elser's receptionist "Mary" to scan and email all attorneys a copy of my Deposition responses. Plaintiff did not hear or receive any communication or responses from any of the Defendants attorneys. Therefore upon this silence, Plaintiff initiated a Meet and Confer on October 28, 2022. Plaintiff's meeting was in pursuit of writing a joint letter as per requested by Judge Cave due on October 31, 2022. On the same day that the letter ending fact discovery was due, the Defendants listed numerous last minute demands once again. Many have been answered and many responses have been wrongfully mischaracterized by the Defendants which I have indicated in this letter.

When WorthPoint's attorneys at Wilson Elser sent the Court Ordered Deposition to the Plaintiff, the attorneys FAILED to produce a written description of their requests. The absence of their non descriptive requests has now opened a window to further delay litigation which is another example evident in a pattern of conduct by the Defendants to postpone and delay. This trick has once again indeed delayed the end of fact Discovery. WorthPoint's attorneys have consistently implemented and imposed upon the Plaintiff several request that in the end, I have answered . Their requests prove to be redundant requests, lacking purpose, yet force the Plaintiff to produce documents. Plaintiff answered the Defendants Deposition requests yet Defendants have not accepted my responses and are incorrectly stating to the Court that I have not complied. It is the Defendants who fail to accept my responses or are requesting items that I have either produced or stated I do not have in my possession. Aside from this, the Defendants are creating false statements regarding the Plaintiff's evidence. Secondly, aside from the 300 page Deposition to correct and tor espond , Plaintiff was sent seventy request to produce documents of Plaintiff 's evidenced which due to the insignificance of the data on the page was omitted or deleted.

Moreover, and what is incredibly deceptive is that in the status letter on Discovery by the Defendants, on page 2 listed as No. 5, Ms. Haimson inaccurately references Plaintiff's evidence 000074. This document, 000074, is in fact, a letter from one of my witnesses that was emailed to the Plaintiff and was submitted into evidence. The Defendants attorneys have FALSELY mischaracterized Plaintiff's evidence as an affidavit when it is a letter. Below is the Defendant's FALSE description verbatim, of Plaintiff's evidence. The inaccurate use of the word "AFFIDAVIT" when in truth it is a letter, sent by email to the Plaintiff by one of my witnesses. is a dishonorable way of distorting the integrity of my evidence. Defendants attorneys specifically claim in their statement in parenthesis **(which purports to be the fourth version of** an affidavit) This is completely INCORRECT, INACCURATE and should be noted as false misrepresentation to the Court. Ms. Haimson's statement

> 5. Plaintiff has not produced prior versions of Plaintiff00074 (which purports to be the fourth version of an affidavit) or indicated whether she is in possession of such prior versions.

does not describe the Plaintiff's evidence yet deceptively insinuates that the evidence is a " FOURTH VERSION OF AN AFFIDAVIT" which is a blatant lie. This vicious depiction leads the Court to theorize that there are more than one version and that this one page letter that my witness' emailed to me, is an affidavit. This highly unethical, and deeply unprofessional conduct is, yet unsurprising given nature of this lawsuit. It is apparent that Plaintiff's copyright infringements and false misappropriation of the Plaintiff and it's removal was willfully, skillfully delayed in it's permanent removal. Plaintiff is requesting permission to email to Judge Cave Plaintiff's evidence 000074 and Plaintiff is requesting that Ms. Haimson explain and be held accountable for such an false presentation of the Plaintiff's evidence.

Moreover, this is one of many Discovery distortions. Another example of misrepresentation to the Court about the Plaintiff are the numerous listings of Plaintiff's evidence in the box below. Plaintiff answered these demands to produce all page documents. Many are single page documents with a notation in the lower right corner, PAGE 1 of 2, written on the Plaintiff's evidence. Most of the Plaintiff's evidence listed in the box below are Google print outs with dates that list the FALSE and misattributed " 1972 Oil Painting Man With Red Umbrella" that was on the website of worthpoint.com and came up under the Plaintiff's name and profession on the internet. The Defendants are demanding the second page for the Google print outs. The second page is usually an insignificant listing continued from the first page . Plaintiff submits as proof the Google listing page 1 and page 2 dated 12/16/15 .
 **SEE EXHIBIT #2 Google print out listing 1972 Oil Painting dated 12/16/15 pages 1 and 2 example.**

> 6. The following documents Plaintiff has produced are still incomplete and/or missing pages: Plaintiff000018B; Plaintiff000051B; Plaintiff000052; Plaintiff000053; Plaintiff000054; Plaintiff000055; Plaintiff000056; Plaintiff000057; Plaintiff000058; Plaintiff000062A; Plaintiff000063; Plaintiff000064; Plaintiff000066; Plaintiff000067; Plaintiff000068; Plaintiff000069; Plaintiff000075A; Plaintiff000085-00087; Plaintiff000147; Plaintiff000148; Plaintiff000152; Plaintiff000157-Plaintiff000159; Plaintiff000161-162; Plaintiff000179-Plaintiff000184; Plaintiff000277; Plaintiff000291; and Plaintiff000313-Plaintiff000314.[3]

Plaintiff answered and addressed the numbered requests in No. 6 noted in the November 7, 2022 status discovery letter by the Defendants. In order to verify my statements, Plaintiff is submitting to the Court my Rule 37 list with my written responses. **SEE EXHIBIT #3 Plaintiff Responses to Defendants Rule 37 Demands.**

Additionally, Plaintiff brings to the Court's attention No. 8 in the box below . In this statement WorthPoint has "now" requested copies of all written communication that Plaintiff has had with her non-party fact witnesses. Plaintiff is a Pro Se self represented litigant. Plaintiff is invoking the same rights of confidentiality and privileges that every attorney has with their clients for this request.

> 8. Plaintiff has not produced, and WorthPoint has now requested, copies of all written communications that Plaintiff has had with her non-party fact witnesses (Mr. Chu, Mr. Goodwillie, and Ms. Ploski) pertaining to this lawsuit and Plaintiff's artwork and biography.[4]

Plaintiff. notes to the Court that in the November 7, 2022 Defendants Discovery status letter the Defendants will attempt to object to the use of any introduction of any documents by Plaintiff that has not been produced in it's complete form.  If this is the standard that WorthPoint is setting as a precedent than Plaintiff  is request of  the Court the same standard and  reminds the Court  of the multiplicity of documents, photos and datas that WorthPoint Corporation has FAILED  to produce to include:

1) All  and any 12 photos of the 1972 Oil Painting  Man With Red Umbrella that was listed in the advertisement  on the website of WorthPoint Corporation.
2)  All the computer and  meta data  that is readily available on the hard drive of the WorthPoint computer used for and  to create and publish the actual page, link and coding for the 972 Oil Painting Man With Red Umbrella that was listed in the advertisement on the website of WorthPoint Corp.
3)  WorthPoint Corporation failure to  published true data without confirming  proof of sale of the 1972 Painting  Man With Red Umbrella that was listed in the advertisement on the website of WorthPoint.
4)  WorthPoint failure to produce any of the emails Plaintiff sent directly to the emails support@worthpoint.com to include the ticket numbers 57565: Fraudulent artwork and links to fraudulent artwork duly documented  and generated from the WorthPoint website on February  20, 2016 at 10:24 EST.
5)  Failur to produce Plaintiff 's emails sent to WorthPoint's email address support@worthpoint.desk-mail.com to include Ticket # 56607 generated by thewebsite of WorthPoint on Jan. 22, 2016 at 2;26 EST.
6)  The  2015/ 2016 licensing agreement by Terapeak that was named and documented  by WorthPoint's webmaster Gregory Watkins in February, 2016.
7)  Proof of  WorthPoint employment records for webmaster Gregory Watkins and Anita Brooks.
8)  The month/date and year that the listing of the 1972 Oil Painting  Man With Red Umbrella that was listed  and ingested as in the advertisement on the website of WorthPoint Corporation.
9)  The names and addresses of all WorthPoint Corporation employees/persons that scripted, created and designed the ad for the " 1972 Original Oil Painting Man With Red Umbrella that appeared on the WorthPoint.com website and the internet.
10)  The Production  all of the WorthPoint Corporation computer and /or meta data information, to include any symbols holograms, copyright vectors, letters, eBay logo, WorthPoint Corporation logos and or statements of certification within the WorthPoint Corporation ad and used  to create WorthPoint Corporations new graphic design image for the "1972 Original Oil Painting Man With Red Umbrella that was misattributed to the Plaintiff Annamarie Trombetta.

WorthPoint Corporation and it's attorneys have FAILED to produce ALL  requested information above.

Further, Plaintiff submits as evidence a page from Plaintiff's Deposition  on page 101  to include WorthPoint attorney  Adam Bialek's statement on August 30, 2022    *" I do not believe  that my client has made any representations that you made the painting or didn't make this painting"*  **SEE  EXHIBIT # 4 Plaintiff's Deposition on August 30, 2022 Page101**

 Plaintiff reminds the Court this  statement was made AFTER  Plaintiff has produced in Discovery my signature in script and print  around the year 1972 which conclusively proves I did not create or sign either signature that exists  on the front or back of the 1972 oil painting. They are not by Plaintiff's hand.

November 8, 2022                                              Respectfully Submitted,

 Annamarie Trombetta                            ——— Electronic Signature———-
175 East 96th Street (12 R)
New York, New York 10128                     /s/  *Annamarie Trombetta*   *November 8, 2022*
                                                                   _____
                                                                            Annamarie Trombetta