

December 7, 2022

> By **Thursday, December 8, 2022**, Defendants Norb Novocin, Marie Novocin, and Estate Auctions Inc. shall advise the Court whether they have in their possession, custody, or control, the "coding for EAI00058 and EAU00060[.]" (ECF No. 322 at 3).
>
> The Clerk of Court is respectfully directed to send a copy of this Order to Ms. Trombetta at the address below.
>
> SO ORDERED 12/07/22
>
> Mail To: Annamarie Trombetta
> 175 East 96th Street, Apt 12R
> New York, New York 10128
>
> SARAH L. CAVE
> United States Magistrate Judge

**VIA ECF**
Honorable Sarah L. Cave
United States District Court
Southern District of New York
500 Pearl St., Courtroom 18A
New York, NY 10007-1312

      Re:    *Annamarie Trombetta v. Norb Novocin, et.al.*
             Civil Action No. 18-cv-993
             Our File No. 19701.00006

Dear Judge Cave:

      In compliance with Your Honor's order dated December 6, 2022, *see,* Dkt. No. 323, please allow this letter to address the issues Plaintiff raised in her most recent letter to the court, *see,* Dkt. No. 322, with respect to the "coding for EAI00058 [through] EAU00060."[1] As is denoted by the fact that this document bears a Bates prefix of "EAI," it was produced by the Novocins and Estate Auctions, Inc. during the course of discovery. WorthPoint is not the custodian of this document, does not control it, and does not maintain it in the ordinary course of its business. The only copies of this document in WorthPoint's possession are the same copies which were simultaneously produced to Plaintiff, and which I simply re-forwarded to Plaintiff as a mere courtesy to her.[2] Further, it is our understanding that this document consist of a sales

---

[1] We note that the Plaintiff again failed to Meet and Confer before submitting her letter and also including arguments about the merits after Your Honor reminded her for the eighth time not to raise such arguments in her letters. *See,* Dkt. No. 321. Had Plaintiff contacted us, we would have reminded her, as we did in our communications forwarding the document, that our provision of the document was not WorthPoint's production, but rather a courtesy exchange by counsel to try to stop the bickering by the Plaintiff with co-Defendants' counsel.

[2] Your Honor may recall that on November 23, 2022, the Court convened a conference to discuss, inter alia, the dispute between Plaintiff and Defendants Estate Auctions, Inc./the Novocins about this document. Prior to that time, Defendant WorthPoint received numerous communications related to the feud between Plaintiff and Defendants Estate Auctions, Inc./the Novocins about this document. Insofar as Ms. Trombetta was claiming she had not received the complete document, and had bombarded the Defendants and the Court on this irrelevant topic, I tried to put an end to the dispute by forwarding Ms. Trombetta a copy of the complete document that Mr. Duff had produced two months prior. I did this as a courtesy and in an effort to stop the fighting, since the document had already been produced. I did not "produce" this as a document in the possession, custody or control of Defendant WorthPoint. When Ms. Trombetta raised the issue of the coding on the call, I tried to short circuit the conversation by pulling up the email that Mr. Duff produced and accessed the header code that I could, and then circulated that in an email sent at 11:34 a.m. on November 23, 2022. As noted in my email, attached hereto as Exhibit A, I attached "the Source Information from the email that I was able to capture. **Being sent as a courtesy**." (Emphasis added).

150 East 42nd Street • New York, NY 10017 • p 212.490.3000 • f 212.490.3038

Alabama • Albany • Atlanta • Austin • Baltimore • Beaumont • Boston • Chicago • Dallas • Denver • Edwardsville • Garden City • Hartford • Houston
Indiana • Kentucky • Las Vegas • London • Los Angeles • Miami • Michigan • Milwaukee • Mississippi • Missouri • Nashville • New Jersey • New Orleans
New York • Orlando • Philadelphia • Phoenix • San Diego • San Francisco • Sarasota • Stamford • Virginia • Washington, DC • Wellington • White Plains

wilsonelser.com

278130741v.1



- 2 -

receipt for the painting at issue; which is a sale WorthPoint was not involved in. As such, to the extent Plaintiff seeks further clarification regarding the coding for this document or requires additional information relating to them, such inquiries should be directed to the Novocins and Estate Auctions, Inc.

Based on Your Honor's prior orders and directives, we do not intend to address the other points raised in Plaintiff's most recent letter to the Court at this time, as Plaintiff's letter inappropriately attempts to address the merits of Plaintiff's case (we continue to maintain that no such merit exists). We also want to reiterate that our silence is only an attempt to respect the Court's directives and save our client money, and should not be considered an admission or concession of Plaintiff's claims.

We would like to clarify that WorthPoint has fully complied with the directions Your Honor gave at the November 23, 2022 discovery conference and the Court's order of the same date, *see,* Dkt. No. 319. On November 30, 2022, WorthPoint produced to Plaintiff the last known address for Greg Watkins and Anita Brooks as the Order directed. In addition, on December 5, 2022, WorthPoint produced information/documents pertaining to the years of Norb Novocin's membership with WorthPoint (although this was not in the Order, it was subject to Plaintiff's outstanding request). As such, WorthPoint is in full compliance with the requested discovery and this Court's Order.

We trust that the foregoing adequately responds to Your Honor's inquiry. Should you have any questions or comments, please let us know. We thank Your Honor for your attention to this matter.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

Adam R. Bialek

ARB:jm

cc:   All counsel
      Annamarie Trombetta

278130741v.1