United States District Court
Southern District of New York

_____

Annamarie Trombetta

Plaintiff
vs.

Norb Novocin, Marie Novocin
and   Estate Auctions Inc.
and

William Seippel  & WorthPoint Corporation
5 Concourse Parkway NE, Suite 2850
Atlanta, Georgia 30328

Defendants

_____

Case No. 18-cv-0993-RA-HBP

**PLAINTIFF 'S  MOTION  FOR  LEAVE TO FILE A  PROPOSED AMENDED  COMPLAINT  FOR FRAUD, EMOTIONAL DISTRESS, TORT  AND PERMANENT  INJUNCTIVE  RELIEF  AGAINST EAI  AND  NORB  AND  MARIE  NOVICIN  AND WORTH POINT  CORPORATION  DUE  TO  THE WILLFUL  CONCEALMENT AND FALSIFICATION OF  FACTS  AND  FALSE  ADVERTISING**

**MEMORANDUM  IN  SUPPORT  OF  PLAINTIFF 'S  MOTION  FOR  LEAVE TO  FILE  A  PROPOSED  AMENDED  COMPLAINT  TO  INCLUDE FRAUD,, FALSE  ADVERTISING  EMOTIONAL DISTRESS AND  A REQUST   FOR DECLARATORY,  PERMANENT  INJUNCTION AND OTHER  EQUITABLE   RELIEF**

**FIRST  DEFENDANTS ONLY  : ESTATE AUCTIONS  INC.
NORB AND  MARIE  NOVOCIN
PROPOSED    AMENDED   COMPLAINT**

Pursuant to Rule 15,  Rule 15 (a) (2),  Rule 15 (c) (1) (a),  Rule 15 (d) and  Rule  26.01  of  the Federal Rules of  Civil Procedure  and this Court,  Plaintiff  hereby respectfully submits this Memorandum in  Support of  Plaintiff's Motion for Leave to  File  a Proposed  Amended Complaint to add Fed. Rule of  Civil  Procedure  Fraud 9 (b) and for the Plaintiff's Request  for  Permanent Injunction and Other Equitable Relief ("Amended Complaint").   Rule 15(c)(1)  indicates that an amendment to a complaint will relate back to the date of the original pleading if certain conditions are satisfied.   First, the law that provides the applicable statute of limitations must allow the relation back. Fed. R. Civ. P. 15(c)(1)(A).

## INTRODUCTION

The Defendants,  Estate Auctions Inc.  have consistently purported confusing, illogical,  multiple versions  and obscured responses to Plaintiff's  very simple and  direct questions.  Based  on  past

events and obvious false statements, spelling errors within the ad and in the red signature on the back of the 1972 Original Oil Painting and the recent production of three different, sales receipts for one eBay sale for the 1972 Original Oil Painting; Plaintiff set forth my Proposed Amendment Complaint to address these flagrant falsities. The additional Discovery responses and information in the Defendants' own filings exhibit such "bad faith," to the extent of willful, conscious intent, the actions necessitate a claim for Fraud and Tort. Plaintiff's claim for Fraud, also substantiates Plaintiff's initial Request for Declaratory Relief, as I am not the artist who created or signed the 1972 oil painting. The willful concealment, failure to produce any computer data, or any of the original 12 photos written and described in the as for the 1972 internet listing for the oil painting, conjoined with the delayed production of the misspelled red signature similar to my name; calls for the Plaintiff to request Permanent Injunction Relief to prevent any further false assertions from both Defendants. My Proposed Amended Complaint intends to illustrate contradictory EAI written and verbal statements, revealing fraudulent conduct, beginning from my first encounter with EAI Defendants Marie and Norb Novocin spanning through to EAI's the most recent production of three separate eBay receipts with distinct alterations, produced at different times.

Plaintiff's Proposed Amended Complaint is in tandem with Judge Cave's most recent Order in Doc. 308. The language of Rule 15 (a) (2) states the amendment should be freely allowed "when justice so requires." Further, Rule 26.01 states that an amendment may be allowed " at any stage of an action and may permit parties to sought to amend their pleadings just before trial. Also, Rule 26 .01 gives the court's permission if the amendments are substantive— and support laws that creates or defines rights, duties, obligations, and causes of action that can be enforced by law. Additionally "under New York law" a claim for Intentional Infliction of Emotional Distress (IIED) requires a showing of: (i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress.'" Rich v. Fox News Network, LLC, 939 F.3d 112 (2d Cir. 2019) (quoting Howell v. N.Y. Post Co., Inc., 596 N.Y.S.2d 350, 353 (N.Y. 1993)). As the Second Circuit has explained: Under

New York law, although the standard of outrageous conduct is strict, rigorous and difficult to satisfy, that is not the case when there is a deliberate and malicious campaign of harassment or intimidation. Plaintiff's claim of Tort, both intentional and negligent necessitates the Discovery Rule, a rule in tort law which sets the statute of limitations for a cause of action not to begin to run until the time that the injured party discovers or reasonably should have discovered the injury. Plaintiff claims for pain and suffering have spanned seven and half years.

Plaintiff seeks to amend my complaint for reasons defined within my submission below for well warranted, obvious and justified claims to include Fraud, Tort and IIED. The willful denial by the EAI Defendants conjoined with their reluctance to resolve this case when I produced to all Defendants irrefutable evidence and that I am not the artist, has resulted in a severe loss of time, the inability of Plaintiff to earn a living due to the submissions required in litigating this case and delay any rectification or resolution regarding a counterfeit painting baring a near similar name to the Plaintiff. This steadfast, willful reluctance, denial and/or prolonged production of Discovery are simultaneously consistent with emails sent from both attorneys who have both referenced the 505 Copyright Act for attorneys fees the Plaintiff will incur at the end of this case. Again, I did not paint in oils at age nine. I dod not paint or sign the 1972 oil painting, which I consistently conveyed, evidenced in phone recording in writing and before I filed a lawsuit and now produced within litigation. Discovery and deposition responses by the Novocins have uncovered and documented a conscious willful attempt to abscond Plaintiff's identity and reputation to falsely associate the 1972 oil painting with my true self authored biography.The willful attempts by all the Defendants, who requested Plaintiff to produce Settlement Letters was then rejected as was most recently on Nov. 23, 2022. This "entraps" the Plaintiff in continuous litigation, when I duly informed both parties and produced irrefutable evidence to substantiate all my claims. This full year that is almost at it's conclusion, has resulted in a continuous sustained, emotionally stressful set of circumstances, usurping Plaintiff 's well being and causing loss of time while concurrently burdening the Plaintiff and the Court with e forced legal responsibilities to include the production of letters and documents by myself and my witnesses. All this work has derailed and

prevented the Plaintiff from actively painting as pursuing my career. Since this case began in good faith and with integrity has consistently submitted responses and evidence to the unpredictable, excessive demands by both Defendants, which totals over nine hundred documents.

Granting the Proposed Amendment Complaint would not be futile because the Second Amended Complaint ("SAC"), just like the First Amended Complaint ("FAC"), contains detailed factual allegations supporting each of Plaintiff's claims. Each claim has a correlating exhibit of evidence in support to verify the Plaintiff's claim. There will be no futility resulting in examining the Plaintiffs' new claims, as these claims arise from the Defendants' willful intent to misrepresent Plaintiff' integrity and to willfully intend to misrepresent, to the Plaintiff. evidence, conduct and practices that Defendants have admittedly engaged. Based on the simple, plain reading of the evidence, all will assists in facilitating Plaintiff's claims confirmed by truthful facts substantiated in and by evidence produced to the Defendants and by the Defendants.

## JURISDICTION   AND   VENUE

The Court has subject matter jurisdiction pursuant to Rule 15 of the Federal Rules of Civil Procedure. FRCV Rule 15 provides that " a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This Court has supplemental jurisdiction over the New York State law claims pursuant to 28 U.S.C. § 1367.

## Legal Standards of F.R.C.R Fraud 9 (b) To Amend Plaintiff's Complaint

Plaintiff's moves the Court to include fraud against each Defendant due to the constant, willful, conscious misbehavior with the knowledge that Defendants have purported false and misleading information to the Plaintiff, about the Plaintiff and in reference to the "1972 Original Oil Painting Ad Man With Red Umbrella", to the general public at large and at present, to the Court in the public filings of this case. All the Defendants, EAI and WorthPoint Corp. demonstrated by concealment of evidence and by submitted false evidence that all parties exemplify an intent "to manipulate, deceive and/or defraud." the Plaintiff and the Court. The Southern District Court of

New York, also known as the Second Circuit has held that Rule 9(b) requires fraud complaints to allege facts that lead to a "strong inference" that the defendant has the requisite state of mind.

Plaintiff's Motion for my Proposed Amended Complaint harkens back to the Court's Scienter, notation by Judge Abrams in her Order and Decision filed in Doc, 187 on 12/21/21 on page 19 of 26. Judge Abrams wrote ~ *" Trombetta also states that the use of her biography was unauthorized and that she contacted WorthPoint to inform the company of the "false posting" Id at 6. In other words, her biography was not "licensed by WorthPoint" as the webpage claimed. At this stage Trombetta's allegations with respect to the falsity of the CIM are sufficient to state a claim. They are sufficient to allege scienter as well."* Prior to Judge Abrams December 21, 2021 conclusion, Judge Caves' March 19, 2020 Order and Decision, Doc. 40 on page 10 of 14 stated *" With respect to the scienter element of both the § 1202(a) and § 1202(b) claims, the "Second Circuit has stated that courts should be lenient in allowing scienter issues to survive motions to dismiss." Aaberg, 2018 WL 15803037, at \*9 (citing In re DDAVP Direct PurchaserAntitrust Litig., 585 F.3d 677, 693 (2d Cir. 2009))"* . ~ *Ms. Trombetta alleges that she contacted Mr. Novocin, Worthpoint.com employees, and Mr. Seippel on more than one occasion to complain about the misinformation in the internet posts about the Painting and request their removal. She alleges that, as to EAI, Mr. Novocin deliberately disregarded her requests and told her, "Go For It and Hire an Attorney," and as to Worthpoint.com, Mr. Seippel instructed that the posts be removed, but they were later reposted."* The degree of the scienter element is typically and presumably determined throughout the Discovery process. Scienter can be proven by the presentation of evidence to show the perpetrator's state of mind, one of the key elements in F.R.C.P 9 (b) and must be plead with particularity**.** The evidence must typically show that the perpetrator acted knowingly, willfully, intentionally or in reckless disregard of the law. Plaintiff has detailed statements and facts below.

Pleading Rule 9(b) of the Federal Rules of Civil Procedure permits allegations of malice, intent, knowledge, and other conditions of the mind to be alleged "generally". To plead such allegations sufficiently, one must offer sufficient facts to render the condition-of-the-mind allegation plausible. "In order to properly plead fraud with particularity, the complaint must

allege the time, and content of the fraudulent representation such that a defendant can prepare an adequate response to the allegations." The Second Circuit standard goes beyond general statements when alleging intent. Plaintiff will meet this standard by "(1) alleging facts to show that Defendants had both motive and opportunity to commit fraud, or by (2) alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness.

" *PetEdge, Inc. v. Garg*,564088, at *9 (S.D.N.Y. Feb. 10, 2017).

The elements of fraud are as follows:

- **1** -A lie or falsehood is made.
- **2**- By the defendant with scienter, and the statement is false, or that there is no basis for believing that the information is factual.
- **3**- The defendant intends to cause the plaintiff to do or not do some particular act based upon their falsehood or lie.
- **4**- The plaintiff is justified in relying on the falsehoods or lies told by the defendant.
- **5**- Harm results from the plaintiff's reliance on the defendant's statements Causation loss is "the causal link between the alleged misconduct and the economic harm ultimately suffered by the plaintiff.

### STATEMENT OF FACTS AND RELEVANT PROCEDURAL HISTORY

Please see attached Proposed Second Amended Complaint Court Application for the full Statement of facts that correlate to First Defendants Estate Auctions Inc and Norb and Marie Novocin

## Statutes of Limitation for Fraud in New York ~ Six Years GENERAL or Two Years From the Time of the Confirmed Fraud.

Under New York law, an action based upon fraud must be commenced within six years of the date the cause of action accrued, or within two years of the time, the Plaintiff discovered or could have discovered the fraud with reasonable diligence, whichever is greater. The cause of action accrues when "every element of the claim, including injury, can truthfully be alleged" "even though the injured party may be ignorant of the existence of the wrong or injury. Mere suspicion will not constitute a sufficient substitute" for knowledge of the fraud. Thus, while it is true that New York courts will not grant a motion to dismiss a fraud claim where the plaintiff's knowledge is disputed,

courts will dismiss a fraud claim when the alleged facts establish that a duty of inquiry existed and that an inquiry was not pursued.

Plaintiff detailed in my Memorandum for WorthPoint the unending misrepresentation by WorthPoint Corp and eBay spanning a period from August 2015 through to 2017. Plaintiff did not conclusively confirm in Dec/Jan 2015 and 2016)that the eBay sale occurred . The eBay rep deemed the EAU 2012 sale "Undefined" This is duly recording in **Plaintiff 's eBay. m4a Evidence 000328 (phone recording).** In 2017, Plaintiff could not understand why the internet link that was supposed to be permanently removed by WorthPoint, was under my name, again. On Jan. 4, 2017 I sent an email to WorthPoint Corp and did not receive any response. I then reached out to EAI to try find out if EAI uploaded the 1972 eBay sale and posted it on the internet. On Jan. 10, 2017, Plaintiff called (302) 628- 9120, the telephone number associated with EAI. I spoke with Marie Novocin to find out if they were the sellers of the painting and if they had any information as to why their 2012 eBay sale was on the internet. coming up under my name. I also asked if they knew who had the painting. Shortly after, my phone call to Marie Novocin, Defendant , Norb Novocin phoned Plaintiff at my home number on Jan. 10, 2017 at 7 ;10 as documented in **Plaintiff 's Evidence 000330 Norb Novocin m4a (phone recording)**. This phone call affirms Plaintiff's questions to Mr. Novocin's affirms that he was indeed the seller of the painting. Mr. Novocin said he phoned me to tell me *" he has a wealth of no knowledge"* pertaining to the computer data. etc. Plaintiff documented with the Court Mr. Novocoin quote to me to " Go For It and Hire an Attorney" professing that we did nothing wrong. Months later exhibited in **EAI**

**000001 to Evidence EAI 000003** is Plaintiff's hired attorneys 'letter dated August 28, 2017 sent to Mr. & Mrs. Norbert and Marie Novocin Estate Auctions Inc. Upon a lack of response from EAI

of EAI ignoring the letter  by my attorney Plaintiff filed this  lawsuit within months sent n Feb. 5, 2018.  My decision to   filed a  lawsuit against EAI and Norb and Marie Novocin. was to legally declare the 1972 Original Oil Painting is not painted or signed by me. I do not want to be associated with  this image. Estate Auction Inc.  and attorney Anderson Duff clearly pointed out  and wrote in an e-mail dated March 1, 2019   *" We now understand that at least one third-party internet site scraped information  about the December 1, 2012 eBay sale that contained the mis-attribution naming Ms. Trombetta  and reposted the same on its website at least twice.  Because Estate Auctions has no control over  this third party,  Ms. Trombetta  had difficulty removing this information from the website."*   A  settlement conference in the spring of 2019  before Judge Abrams was unsuccessful with an offer of  one hundred dollars,   Upon Judge Abrams ruling, Plaintiff was permitted to Amend my initial  complaint to include WorthPoint Corporation.    In April 2022, EAI produced evidence in EAI000011  thru  to  EAI00019 ,  a signature in red pencil which has a different spelling than the  Plaintiff.  Additionally Plaintiff produced my signature and print on or around the year 1972.  In  reviewing the initial Discovery  responses from both Defendants Plaintiff Motion to file to include  Fraud on May 18, 2022 Plaintiff filed a Motion to Amend my Complaint to Include Fraud and request Permanent Injunctive Relief in Doc.224.  Judge Cave's Order denied without prejudice Plaintiff's Motion.

## PLAINTIFF'S  PROPOSED  AMENDED  COMPLAINT

## TO  INCLUDE  FRAUD  BY  EAI  AND    NORB  AND  MARIE  NOVOCIN

The Plaintiff  inclination to include Fraud 9 (b) harkens  back to Document  29 filed on   December 3, 2019 Plaintiff brings to the Court's attention Page 2 and 3 of 16,  in  Plaintiff's  December 3, 2019 filing.  **EXHIBIT #1** Doc. 29  page2   and  **EXHIBIT # 2** and **EXHIBIT #3**  Doc. 33 filed on January 17, 2020 Page 14 - Relief #4 Identity Theft on a  Public Platform.     The Identity  Theft and  The

Assumption Deterrence Act as each separate  law or  claim applies to one  or both Defendants and is

within the statues of limitations.  The Photo of the signature"A. Trombetta" that is not of the hand of the

Plaintiff,  had "copyrighted work licensed  by worthpoint.com.   It is a  fact that the Plaintiff never signs

in oil just the first letter of Plaintiff's   first name. This  constitutes "Identity Theft" -**Definition:**


I·den·ti·ty theft  noun: **identity theft**; plural noun: **identity thefts**

1.  the fraudulent acquisition and use of a person's private identifying information, usually for
    financial gain.
2.  **Identity theft** and **identity fraud** are terms used to refer to all **types of crime** in which
    someone wrongfully obtains and uses another person's personal data in some way that
    involves **fraud** or deception, typically for economic gain.

1.  18 U.S. Code §1028. Fraud and related activity in connection with identification documents,

authentication features, and information (a) Whoever, in a circumstance described in subsection (c)

of this section  1) knowingly and without lawful authority produces  an identification document, or a

false identification document; (2)knowingly transfers  an identification document, authentication

feature, or a false identification document knowing that such document or feature was stolen or

produced without  lawful authority;

2.   Under the Identity Theft and Assumption Deterrence Act, it is a federal crime when a person

"knowingly transfers or uses,  without lawful authority, a means of identification of another person

with the intent to commit, or to aid or abet, any unlawful activity that constitutes a violation of

Federal law, or that constitutes a felony under any applicable State or local law."


Plaintiffs  seeks a  Motion for Leave to  Propose  Plaintiff 's  Amended  Complaint, to

streamline this action when the Plaintiff  pleads factual content that allows the court to draw the

reasonable  inference that  all the  Defendants  are liable for the consistent and willful fraudulent

misconduct  alleged in this filing.  Granting  Plaintiff's Motion to  Amend  Plaintiff's  Complaint,

allows the Plaintiff to submit new evidence verifying the fraudulent offenses described below, while demonstrating the justification for the Plaintiff's need to warrant legal action against both Defendants. All Defendants, prior to litigation have willfully contributed to displaying and purporting on the internet, absurd ( 4 ft painting at age 9), facts altering information adversing effecting Plaintiff's income producing ability and reputation. and creating falsities to include 1) a photo of false signature misattributed to Plaintiff 2) misrepresentation of my biographical history 3) visual circulation on the internet of false copyright and licensing claims by WorthPoint Corp. 4) false, misleading claims and association of the Plaintiff's name and biography with EAI, eBay and WorthPoint Corporation and 5) a damaged 1972 painting too large to paint at age nine. The seven Counts of Fraud described below begin chronologically and end in the order of importance.

### 1) FRAUD ~ COUNT I ~ DEFENDANTS' KNOWN FALSE WRITTEN MISREPRESENTATION FRONTAl SIGNATURE "A. TROMBETTA" PHOTO

The first false written misrepresentation of significant consequences pertains to the only visible photo that appeared in the ad for the 1972 Original Oil Painting Man With Red Umbrella that was misattributed to the Plaintiff. The photo appears to be a signature in black oil paint on a canvas. Plaintiff has always regarded this signature as difficult and inclusive to be perceived as " A. Trombetta" It appears I am not alone. In the Sept. 21, 2022 Novocin deposition, WorthPoint's attorneys posed this question to Mr. Novocin , "*From your experience, what is the importance of a writing being on the back of the stretcher as opposed to the painting itself, if any ?* "

Defendant Norb Novocin on page 37 and 38 duly stated on Sept. 21, 2022: "*It helps us to understand what the signature was on the front. In other words, the signature on the front of the painting was garbled and it was kind of hard to read, when you turn it over, it had printed out what was and if it were up to me, I would make it almost a law that all the artists had to print out the*

*actual    name and so forth… Because some artists*    pictures are so, so hard to read.  So this

allowed us to be able   to look up Trombetta,  Annamarie.   This one says  Maria. I didn't remember

it saying Maria,  but that's  how I looked it up".

Plaintiff  reminds the Court that the signature "A.Trombetta " was the only photo in  the 1972  ad on

the WorthPoint website despite the EAI ad claiming that there were 12 photos.   The ambiguity  of

the signature on the front the 1972 Original Oil Painting has been deemed "garbled" by the very

person who  allegedly  created the eBay ad for the 2012 sale. Mr. Novocin affirmed that the

signature, that was circulated throughout the internet under my name " was  hard to read".   Mr.

Novocin  states  this signature was hard to read however it  had my biography next to it, It is

puzzling the this photo of the signature survived  when all the other photos of the painting vanished.

By willfully taking  and  included in the  eBay ad for the 1972 oil painting  Man With Red Umbrella,

my name, my self authored biography with this "garbled" signature,  a public false identity was

circulated throughout the internet in my name.  This garbled signature  in the photos became a  false

identification documented feature .  This  fraudulent  signature acquisition on the oil painting  and use

of  the Plaintiff's personal  private identifying information in my biography constitutes identity theft.

As a result the Plaintiff went to my bank to alert the bank and inform them of the signature.  My

evidence  as proof is in **Plaintiff'sEvidence 000237.**   I also  put a credit freeze on my credit cards as

evidenced i**n Plaintiff's EvidencePlaintiff000248.**   Plaintiff need to bring to the Court's attention

"Why was a photo taken of this signature?  More importantly it was a false misrepresented . This

false signature  in the EAI ad on WorthPoint's website was listed under my name.  Plaintiff is

alleging  and assert through  Mr. Novocin  statements that he knew the front black oil painting

signature on the 1972 oil was questionable.  Plaintiff set forth these reason  in support of  my

allegation of  intentional misrepresentation.

## 2)   FRAUD ~  COUNT  II ~ DEFENDANTS' KNOWN  FALSE  WRITTEN  MISREPRESENTATION  OF ARTIST  DUE TO THE AGE AND YEARS STATED

Plaintiff brings to the Court's attention  the screen shot box below taken from the original text of the  1972 EAI eBay ad for the 2012 sale.  Duly documented  is the year of Plaintiff's birth is in the EAI eBay  ad  an is indeed  written correctly as 1963.  The painting is dated 1972,  Based on the math, the age of the  Plaintiff and the height of the Plaintiff at age nine,  it is  impossible for Plaintiff to be the artist.   Plaintiff alleges that since Norb Novocin  found, sold and created the text for the EAI eBay sale Mr. Novocin  was  aware that the Plaintiff  year of birth was 1963.  Mr. Novocin chose to include  the year of 1963,  in his  advertisement description.   The year 1972  was

> "Gifted" 1977, "Painted" 1972. To our eyes it looks like it is after the style of Andre Kohn. It is quite large being approx. 48 1/2" tall and 17 1/2" wide. We are calling it shabby chic condition as it has a tear in the canvas, about 5/8" long just to the left of the man's knees, but still such a great painting. For those not familiar with Trombetta, here is information about her from off AskArt as they got it from her website: Annamarie Trombetta (1963 - )

designated  as the year the oil was painted.  It is evident  and based on the exact statements in the text that Defendant Norb Novocin wrote and noted , Mr Novocin it is verified that he   had to be  aware of the  Plainitff's age.   Therefore,  the fact that Plaintiff was nine years old when this painting was dated is duly   known by [the] defendant . This text in the EAI ad   is a prime element of intent to commit fraud exemplified  and unequivocally  exhibited in  writing by  Mr. Novocin. He  knew or should  have knows the facts and age Plaintiff.  Intent to willfully commit fraud or willfully deny liability  is duly revealed with  the years of the artist's birth and the painting date in such close proximity to one another in the EAI ad.  Circulating a low bid,  questionable claim of attribution to sell a damaged painting  on the internet  caused  Plaintiff  professional and financial  embarrassment and injury  to the Plaintiff reputation and name.    There is no  basis  for  believing that the information is factual and in this case it is obvious that a nine year old cannot paint a four foot high

painting.  These  elements of  Fraud are evident by  the  alleged facts claimed and documented in the

EAI ad.  The inclusion of the description," shabby chic" lacks professionalism and  the term "

Gifted" implies that it was not  sold.   The low bid  price, given it's size, diminishes my actual prices,

my name or "brand" and implies I use inferior materials due to a  tear in the canvas.


### 3)   FRAUD ~ COUNT  III ~ DEFENDANTS' KNOWN  FALSE  WRITTEN  MISREPRESENTATION  OF NAME ANNA  MARIA  SIGNATURE IN RED  ON  THE  BACK  OF THE CANVAS  ALSO   CONSTITUTES "FALSE ADVERTISING"

The third  count of fraud for a known false written misrepresentation  is evident in  the description

for the 1972  Original Oil Painting Man With Red Umbrella and the false, misleading and

misrepresentation by EAI  and Norb Novocin  claims of  my full name on the back of the 1972 oil

painting. The  use of my name as the artist adversely impacts the quintessential, vital earning potential

that a visual artist has—- the pristine  notoriety of one's name.  The  well respected  reputation  of an

artist name  known  for  achievements  commands a   greater  demand for one's artwork and ultimately

increases one's price point and earning potential.   In the EAI ad.   Plaintiff  notes to the Court  the

careless misspelling of my last name  by Norb Novocin in the EAI ad " *This is by Annamarie Trombett [ e*

*]*- spelled with  an E at the end.  This  was duly noticed by one of my potential witnesses , Alex Raspa

who produced a letter that remarks on  such an embarrassing  spelling mistake as well as the date of the

oil and my listed year of birth.  This   spelling  mistake and the content in the EAI ad prompted Mr. Raspa

to contact me  to alert me  about the  false listing on the internet. His comments are evidenced in

**Plaintiff's Evidence  Plaintiff000241.**  The  incorrect spelling of my  first name  is  documented  by Mr.

Novocin  and was  displayed  to the  public.  I  have noted over time , a pattern  of  misspellings,

incorrect facts, vague  inferences, willful   concealments or delays in purporting  a single  responses to

Plaintiff's  reasonable and direct questions.   EAI Defendants have  demonstrated  a  plethora of willful

concealments. One in particular importance is Mr. Novocin's  description, spelling  and location of a

signature in "red"  not stating it was in pencil.

*"It is signed on the bottom,    but on the back it has written in red on the stretcher,    Annamarie*

*Trombetta " Gifted " 1977 "Painted" 1972.*    The red signature  in colored pencil not oil  is highly

suspect as a legitimate signature due to the fact that it was an oil painting,  not a work on paper.

 As  aforementioned  Norb  Novocin could not discern the alleged  name "Trombetta" from the front

signature on the canvas.  Novocin claims the signature in red pencil , is the source,  the reason

and the  foundation upon  which  Mr.  Novocin  misattributed  a   <u>" run of the mill painting"</u>

as was  described by  Mr. Novocin,  on page  43 of his deposition.    Based on limited information,

one source of reference and a willful affirmation  that he did not  look at Plaintiff's  website,  Mr Novocin

designated my biography and name to attribute to the oil painting found in an attic  in  Chicago. For the

record I have never been to Chicago nor do I know or sold  an artwork to anyone in Chicago. Mr.

Novocin's one stop  research, demonstrated  negligence even reckless  behavior by omitting any other

research  via  the internet or the Plaintiff's website.   He failed  to look up any other images  and  confirm

or contact the Plaintiff.  to validate if I was  was the artist for his   painting that Mr. Novocin  named "

Man With Red Umbrella".   The fact that  the alleged source used by Mr. Novocin did not feature any

visual images, other signatures or prices for sold artwork are important issue to overlook.  It is not

plausible for any  person to believe Mr. Novocin's rational,  if any, given his   limited, attempt to search

for any other credible facts other than AskArt.

    Aside from all this, the long awaited production of the red signature has at least three misspelling in

relation to the Plaitniff.  Moreover and what is important to note is, within the text of the EAI ad the name

" <u>Annamarie"</u>      is  written as all one word , without a space in the middle and each spelling of

Annamarie ends in the  letter   " e " at the end.  The  name " Annamarie "  appears <u>six times</u> in the text

of the EAI ad  and all the spelling is  consistently one word, not two separate names and not with the

letter [ a ]  at the end—marie  not Maria.  The text spelling contradicts the red signature spelling.

    On page 53 of Norb   Novocin's  Sept.21, 2022 deposition, he states

<u>"   Once I saw the name on the back, I went to askArt. I put in the name  Trombetta and</u>

<u>Annamarie come up. It 's an unusual nam</u>e. <u>I have never come across it before.  I did not—-I do not</u>

<u>remember seeing  Anna Mari[A ] on the back of the painting,   so I just assumed it was the same person.</u>

Mr. Novocin continues  on page  54 of his deposition *:      " I saw it had a biography, but no record of*

*any paintings ever been sold, which  I'll   just leave it  ar that. There's no records of any  painting been*

*sold on secondary  market.   I grabbed  the biography and used that in the listing.   Because there was*

*no records of  any painting to be sold,   I  wanted people to be able to associate  somebody of value to the*

*painting and so I went out and found  another artist on askART that has painted before with umbrellas.  I*

*said it's much in the stye of and I  mentioned that other person.  So that way people can look it up and say,*

*oh it's  like that person. They paint with umbrellas also. That way, people do some research  on it.  They*

*see something of  value and  are  willing to spend more money."*

   Defendant Norb Novocin is referring to artist Andre Kohn.  Mr. Novocin  statement in his deposition

demonstrated that he looked up another artist who paints umbrellas but WILLFULLY  FAILED

to look up the Plaintiff 's  credentials  or website to see if  the  Plaintiff painted umbrellas which to date, I

have not.. BELOW  is the EAI statements. Mr. Novocin's  negligence  and omission to look up the

Plaintiff  on the internet  was a conscious decision  in the same way his decision and reason to  include

Andre Kohn  and associate his name with the Plaintiff. Mr. Novocin's  rational was to add 'Value so the

buyer is willing to spend  more money.  " Mr. Novocin clearly states his incentive  to associate the work

of Andre Kohn was for financial gain.     For the record, a secondary market does not give an artist any

> This is by Annamarie Trombette. It is signed on the bottom, but on the back it has written in red on the stretcher, Annamarie Trombetta "Gifted" 1977, "Painted" 1972. To our eyes it looks like it is after the style of Andre Kohn. It is quite large being approx. 48 1/2" tall and 17 1/2" wide. We are calling it shabby chic condition as it

financial income or gain in reputation  unless the secondary market or auction house is one of artistic

noteriety  such as Sotheby's or Christies'  or at a Museum Auction  where I had  my works  sold at

auction. I might add that my works  werebid on and  sold  for a higher price  at auction, than my personal

price point.

   Moreover to add to this important  count for Fraud  is Plaintiff's  first legal filing and  documentation

of Plaintiff request for   Defendants  production of  the signature  in red duly  noted in the  1972  Original

Oil Painting Man With   Red  Umbrella. My request is in **Doc.  22 filed  April 24 2019 on  Page 10 of 38**

**now Plaintiff's Evidence000387- I.**   In April 2019,  after a  disappointing settlement  conference with

Defendants who  failed to  offer anything  greater than one hundred dollars Plaintiff  offered a  potential

resolution . In response to this disappointing condfence, I filed a letter offering to reduce the amount of settlement if the of items listed in the EAI such as the 12 photos, the red signature, the buyer etc .were produced. Plaintiff's 2019 conditional offer request in Doc. 22 did not receive any response from EAI Defendants, nor attorney Anderson Duff . Number three on page 10 now bate stamped as **Plaintiff's Evidence 000387I** lists as No. 3. my request for " *A photograph of the actual signature in red described on the back of the painting.* " It took an additional three years for EAI to produced photos of the signature in red which is in pencil and clearly misspells the Plaintiff's name to render the signature verifiably not the Plaintiff's .

The LOSS of time from Jan. 2017 to April 2022 is five years, three years to includes litigation. The willful delay and concealment of the misspelled red signature was obviously known and purposely withheld to prolong and hopefully run out the time for the statues of limitation for fraud.. The red signature conclusively proves I am not the artist. Moreover from 2017 when I first informed Norb Novocin that I was not the artist, the Defendants have not produced the artist who painted Man With Red Umbrella nor the signer of this painting. The fact that an artist has not been identified supports Plaintiff assertion for willful concealment from 2017 to 2022. The willful and deliberate failure to respond or reasonably reconcile before or during this lawsuit supports Plaintiff claims of willful intent to commit and conceal fraud. The Defendants false material misrepresentation, material omission and material delay of such s pertinent detailed fact ie the red signature, verifies a false attribution and that the Plaintiff is not the artist. Aside from this Defendants objected to Plaintiff request to know the location of the signature in red several time.s Defendants failure to produce the location caused Plaintiff to subpoena the woman who possess the painting. The signature is located midway on the top stretcher bar of a four foot painting. All of the aforementioned constitutes willful concealment.

Moreover, Plaintiff produced my childhood signature in print and in script on or around the year 1972 and is numbered in my exhibits as **Plaintiff Evidence 000316** and **Plaintiff Evidence 000260** which is a full page of my script and print on or around 1972 and **PlaintI's Evidence 000495** exhibit how Plaintiff printed and scripted the letter " A" My evidence verifies that I am not the artist nor did I sign the 1972 oil. Despite production of verified proof, on Nov. 23, 2022 attorney Anderson Duff

rejected  settlement  talks.   Once again Plaintiff  filed this lawsuit due to the willful denial by the

Defendants to  accept the fact that I am not the artist and  that the Defendants cannot falsely attribute my

name to panting  they sell  that I did not create.   Since the  1972 oil painting does have my name on it,

over  time,  I do  not  wish  for a  "run of the mill 1972 oil  painting, as Mr. Novocin  classified the oil,

to be named or  in  questioned as part of the my oeuvre, or  attributed  to my name as one of artist.   At

this point in the case  and with the  evidential facts duly  documented,  any  reluctance in resolving this

lawsuit constitutes  fraud and   direct S 190.20  False advertising

A person is guilty of false advertising when, with intent to promote the sale or to increase the

consumption of property or services, he makes or causes to be made a false or misleading statement

in any advertisement or publishes any advertisement in violation of chapter three of the act of

congress entitled "Truth in Lending Act" and the regulations thereunder, as such act and regulations

may from time to  time be amended, addressed to the public or to a substantial number of  persons;

One of the main  elements of fraud is

## 4)   FRAUD ~  COUNT  IV ~ DEFENDANTS' KNOWN   WRITTEN REPRESENTATION OF  PLAINTIFF 'S  WEBSITE AND THE   NEGLIENCE BY DEFENDANTS  IN  NOT  VIEWING  OR  NOT CONTACTING  THE  PLAINTIFF

Plaintiff brings to the Court's attention the next issue that is duly documented in the EAI eBay ad for

the 1972 oil painting Man With Red Umbrella.  Clearly referenced and written in the statements in the

box below is the Defendants reference to my website ,right next to my full, correct name and birthyear.

condition as it has a tear in the canvas, about 5/8" long just to the left of the man's knees, but still such a great painting. For those not familiar with Trombetta, here is information about her from off AskArt as they got it from her website: Annamarie Trombetta (1963 - )

EAI is responsible for creating the text in their ad in order to sell their painting on eBay.  Plaintiff  had

nothing to do with creating the painting, therefore it stands,  I  nothing to do with consenting to  the use of

the  text in the ad.   The Defendant willfully selected  what they chose to include in their ad which states

that I had a website.  Plaintiff addressed  asked Defendants  in my Discovery why they did not contact me

since they knew I had a website. in  my  first and second set of Interrogatories.  In  April  Plaintiff

received a full  objection  and in August  Defendants also  objected and stated   <u>Defendants object to this</u>
<u>Interrogatory insofar as it asserts that  Defendants knew Plaintiff had a website.</u>    Below is Plaintiff's

interrogatory and direct response  set forth on August 3, 2022 by EAI Defendants who delayed responses

for over a month and forced the Plaintiff to send several emails in pursuit of  Defendants responses.

**PLAINTIFF'S INTERROGATORY NO. 19]:**
Explain in DETAIL why Norb and Marie Novicin did not contact, phone or email the
Plaintiff. Duly stated in the Estate Auction's ad is the claim " AskArt got the biography from
Plaintiff's website" proving Estate Auctions Inc/Norb and Marie Novicin knew Plaintiff had a
website.

**RESPONSE TO INTERROGATORY NO. 44 [PLAINTIFF'S INTERROGATORY NO. 19]:**
Defendants object to this Interrogatory because it exceeds the number of interrogatories
one Party may serve on another Party pursuant to Federal Rule of Civil Procedure 33(a)(1).
<u>Defendants object to this Interrogatory insofar as it asserts that Defendants knew Plaintiff had a</u>
<u>website.</u>

   Additionally, Plaintiff adds an affirmation  by Norb Novicin from his Sept. 21, 2022 deposition

regarding Plaintiff's website.  When asked by WorthPoint's attorney the following question:

   *"Did you ever see the website of artist Annamarie Trombetta?"*

Mr. Novicin affirmed on page 58 " <u>*To this day [Sept. 21.2022] I have never been to that website."*</u>

On the  following on  page 59 Mr. Novicin  was asked by WorthPoint's attorneys  if he <u>*"copied*</u>
<u>*the entirety of the biography on askART to include any listing or something else?*</u>     Mr. Novicin

stated  <u>*"It happened  entirely there"*</u>    and when asked  by WorthPoint's attorneys

  <u>*"Did you edit the biography in any way, shape or form?"*</u>   Mr. Novicin   stated   <u>*"No."*</u>

Mr Novicin  stated on page 60 and 61, in his deposition,   <u>*"When I compose a listing for eBay, I do*</u>
<u>*what I call finding a hook to hang my hat on. What story am I going to tell that  allows  people to dig*</u>
<u>*deeper into their wallet to spend more money.*</u>

1) The first issue  Plaintiff brings to the Court's attention is the  length of  Plaintiff's biography

used  in the EAI eBay ad for the 1972 oil painting. Both Defendants, WorthPoint Corp and EAI  now

claim years later that my  full biography was used., despite the visual  evidence  of the listing which

verifies that Plaintiff's biography was truncate, What sisproves their claim is the visual proof of their

ad which documents the  truncation.   EAI Defendants failed to produce any visual documents to

substantiate their claim . Both Defendants  claim  they no longer have any computer data for the

internet posting.  The failure by both Defendants to produce proof of their computer data adds to the number of  Defendants claims that are devoid of any tangible proof. Plaintiff is reliant on both Defendants to produce such data and documents which is a key element in a claim for fraud.  Another element is that  The plaintiff is justified in relying on the falsehoods or lies told by the defendant.  It is the  complete absence of  all evidence by EAI that makes their claims impossible to believe.  In like fashion itis the Plaintiff's  positive visual proof that supports my obvious claim that my full bio was truncated.

Plaintiff  has consistently written  and  filed the actually EAI eBay ad for the 1972 Oil Painting Man With Red Umbrella  in all my filings  with the Court which clearly documents that Plaintiff 's biography was truncated and mutilated mid sentence.  The last statement in the EAI/ WorthPoint ad is in a screen shot below and has four  dots  …. depicted, and the rest of the sentence is missing and had written under it "Similar Items" with  "No Image " and the title 1972 Original Oil……Red Umbrella that is next to a gray square under the NO  Image Icon seen below in the boxed insert.

held my attention more intensely. I began my formal training at The Brooklyn Museum School of Art while I was in high school. The exposure to various forms of art inspired me to expand my horizons and in the early Eighties I traveled on a summer tour to Europe. The tour comprised of six countries; Germany, Austria, France, Italy, Switzerland and England. Viewing so many different cities and cultures in a concentrated period of time...

**Similar Items**

No Image

2) The second issue is the fact that the Defendants listed the fact that I had a website. Mr. Novocin willfully denied ever visiting my website. This was and still is his conscious choice not to visit my website that he duly listed in the ad , an ad  he wrote and composed as documented in his deposition. Novocin's  negligent choices  duly affirmed,  are the root cause of Plaintiff's false misrepresentation. Defendants objected to Plaintiff's direct question,  to state why EAI Defendants did not contact me to confirm their attribution. Their objections  further verifiers willful negligence and a willful intent to conceal their negligence indicative of the character of one 's intent to willfully commit fraud, with the intent , to get  *" people to dig  deeper into their wallet to spend more money."* as Novocin stated.

The Defendants' misrepresentation, with visually displayed text of my my self authored biography without my authorization was conjoined with the written notation of Plaintiff's website, This a prime example of identity theft. Defendants took specific personal, self identifying facts and information only applicable to the Plaintiff and used it to increase the financial worth of a damaged painting . The sole purpose of the EAI eBay ad is for commercial use and to render a greater financial gain for the 1972 damaged painting. Plaintiff's sole purpose for bringing this legal action against both Defendants is to impose legal liability to this one action, it is also to impose permanent inductive relief to legally prevent any and all future fabrication and false attributions by both Defendants from plaguing the Plaintiff.

## 5) FRAUD ~ COUNT V ~ DEFENDANTS' WRITTEN DECLARATION MISREPRESENTATIONS TO WORTHPOINT DEFENDANT AND PLAINTIFF

In April 2022, EAI 's attorney Anderson Duff misrepresented to the WorthPoint Defendants and Plaintiff a willful false misrepresentation and denial that documents exist relating to the research conducted by EAI Defendants in determining the authorship and attribution of Artwork.

Mr. Duff' claimed no such documents exit. SEE BELOW

**WORTHPOINT' S REQUEST NO. 3:**
*Documents and Communications relating to the research conducted by EAI Defendants in determining the authorship and/or attribution of the Artwork.*

**EAI RESPONSE TO REQUEST NO. 3:**
*No such documents exis*t.

Mr. Duff has willfully omitted producing or referencing the Court filed documents in Doc.56 filed June 26, 2020 Declaration of Norb Novocin Page 1 of 4 Novocin declaration includes four pages. Mr. Novocins Declartion is in **Plaintiff Evidence 000174, thru Plaintiff000176**

Three statements below assert research conducted by EAI Defendant to determine attribution.

*4. As was our typical practice, 1 conducted research t the Painting using online research tools designed for that purpose to identify the artist who signed the Painting using online research tools designed for that purpose such as Ask.Art,com,,*

*5. When researching the Painting, I found only one artist whose name matchced "A. Trombetta" and that artist was the Plaintiff, Annamarie Trombetta. Because —Annamarie Trombetta" was written on the back stretcher of the painting, we concluded that Plaintiff created the Painting.*

*6. Before seeing the name Annamarie Trombetta on the Painting and researching the artist so that we could create accurate listing for the Estate Auctions storefront describing the Painting.  1 had never heard of Annamaric Trombetta*

Mr. Duff has willful omitted producing or referencing the Court filed documents in Marie Novocin's

Declaration Doc. 57  Filed 06/26/20 Page 1 of 4   to WorthPoint's attorneys and to the Plaintiff   **in**

Marie Novocin's Declaration is in **Plaintiff's Evidence 000332,  thru Plaintiff'sEvidence 000335**

MARIE NOVOCIN DECLARED ON JUNE 26, 2020:
*4. As was our typical practice, my husband Norb conducted research to identify the artist who signed the Painting using online research tools designed for that purpose such as AskArt.com.*

*5. When researching the Painting, my husband Norb found only one artist whose name matched "A. Trombetta" and that artist was the Plaintiff, Annamarie Trombetta. Because "Annamarie Trombetta" was written on the back stretcher of the painting, we concluded that Plaintiff created the Painting.*

*6. Before talking to Norb about his research concerning the Painting, I had never heard of Annamarie Trombetta.*

EAI  Defendants and their attorney willful omitted the production and request by WorthPoint

request .is yet another example of willful denial and or concealment of any evidence that proves EAI

adequately researched the authorship and attribution for the 1972 Original Oil Painting Man With

Red Umbrella.as declared by both Defendants in their Declarations.

Moreover, both Maria and Norb . Novocin  Declarations states in the source of  Mr. Novocic created eBay listing for the 1972 oil using Plaintiff's bio was from my biography listed on  askART.

NORB NOVOCIN
*7. I used biographical information about Plaintiff that 1 found on AskArt.com to ensure that the Estate Auctions eBay listing for the Painting was as accurate as possible. All of  the information about Plaintiff that l included in the eBay listing was gleaned from Ask4rt.com*

MARIE NOVOCIN
7. Estate Auctions used biographical information about Plaintiff that Norb found on AskArt.com to ensure that the Estate Auctions eBay listing for the Painting was as accurate as possible. All of the information about Plaintiff that Estate Auctions included in the eBay listing was gleaned from AskArt.com.

Duly  documented in the Terms of Use on AskART's website is the clear statement that users

"may not modify, create derivative works from. participate in the transfer or sale of, on the World

Wide Web or in any way exploit the site or any portion thereof for any public or commercial use

without express written permission  of askART.   You are responsible for complying with all

applicable laws. rules and regulations regarding your use of any such downloaded Content.

An excerpt from the the askART Terms of Use is below.  The askART Terms of  use  are in Plaitniff's

Evidence 000668  Plaintiff's Evidence 000669

askART owns, controls, licenses or has the right to use and provide the Site and all material on the Site, including, without limitation the askART Artist database, text, images, artist biographies, price valuation reports, articles, photographs, illustrations, audio and video clips, (collectively the "Content"). The Site is protected by copyright as a collective work and/or compilation, pursuant to U.S. copyright laws, international conventions, and other copyright laws. askART is the owner of the copyright in the entire Site. askART owns a copyright in the selection, coordination, arrangement and enhancement of the Site. You agree to abide by any and all copyright notices, information or restrictions displayed on the Site. askART does not grant permission to users of the site to reproduce images of original works of art.

You may not modify, create derivative works from, participate in the transfer or sale of, post on the World Wide Web, or in any way exploit the Site or any portion thereof for any public or commercial use without the express written permission of askART. You are responsible for complying with all applicable laws, rules and regulations regarding your use of any such downloaded Content. In the event of any permitted copying, redistribution or publication of material from the Site, no changes in or deletion of author attribution, trademark, legend or copyright notice shall be made.

## 6)   FRAUD ~  COUNT  VI ~ SIXTH  FALSE  WRITTEN  MISREPRESENTATION IN  SWORN  DECLARATION  OF  NORB AND MARIE NOVOCIN

As written above the Declaration of Norb Novocin is  in   Doc.56  filed  June  26, 2020 Page 1 of 4

Novocin declaration includes four pages.   Mr. Novocins Declartion is in **Plaintiff Evidence 000174, thru Plaintiff000176.**   Marie Novocin's Declaration Doc. 57  Filed June 26, /2020  Page 1 of 4

Marie Novocin's Declaration is in **Plaintiff's Evidence 000332,  thru Plaintiff'sEvidence 000335**

Plaintiff  brings to the Court's attention the Declaration statements below  referencing the years

of Estate Auction Inc. dates of operation  April 23,  2012  to 2019  written and declared by both

Defendants Declarations.

**NORB NOVOCIN**
*1.    Together with my wife and co-defendant in this case ,Marie Novocin, I owned and  operated
Estate Auctions, Inc.  from April 23, 2012. until 2019*

**MARIE NOVOCIN**
*1. Together with my husband and co-defendant in this case, Norb Novocin, I owned
and operated Estate Auctions, Inc. from April 23, 2012 until 2019.*

Plaintiff  to add  both the  Novocin Declarations and   statements and contrast the 2020 statements

with this  made on Sept. 21, 2022 by  Norb Novocin regarding the names of his company Estate

Auctions Inc and Estate Auctions LLCand the years of operation.  They differ in detail from

Defendants June 26, 2020 Declarations.   In  Norb Novocin Sept. 21, 2022 deposition on page 198

Mr. Novocin stated " _We have three different Estate Auctions, Inc.  Estate Auctions Inc. in Florida_

*started in 2001 and ended in 2012. Estate Auctions in Delaware started April 23, 2012 until it went defunct. We stopped using it July of 2013 when we stated Estate Auctions LLC. That started on July 15, 2013 —January 31, 2019.*     On page 199  of Mr. Novocin's deposition he  stated     *"We just let it go defunct and Estate Suctions only had from April to July,   April 2012 to July 2013, correct.*

When asked if  April 2012 to July 2013 was the time period for the 1972 oil painting sale, Mr Novocin replied  "Correct".

   Plaintinf notes to the Court , the propensity  of EAI and Defendants Norb and Marie Novocin within their verbal and written  responses,  there is a consistent  pattern of subtle yet substantial differences,  There is either a complete omission of facts,  a deficiency within their production of evidence, or a similar yet incorrect spelling or incorrect date, close to the original yet is renders the fact or statement "False"  Such is the case with the three names and three dates of incorporation for Estate Auctions Inc and Estate Auctions LLC.

    Below is another example by both Defendants who have made written Declarations which state that the 1972 Oil Painting Man With Red Umbrella was "Gifted" in  **1997**.  The EAI eBay ad and the signature in red on the stretcher bar state "Gifted" in  1977  and not  **1997   which is incorrect.**   In like fashion, the Declarations of  both Defendants  state Estate Auctions Inc from April 23, 2012. until 2019 and does  not  state Estate Auction LLC.. The consistent subtle changes are evident in many of statements or production of evidence, most notably in the the three recent productions for the eBay 2012 sales receipt for the 1972 1972 Oil Painting Man With Red Umbrella.  The first production is dated April 27, 2022 and the other two differ in date and visual  elements that Plaintiff will describe in detail below.

**NORB NOVOCIN**
*2. In 2012. Estate Auctions list painting on its eBay storefront that I personally inspected. The paintingwassignedonthefrontby"A.Trombetta"andfeaturedaninscription reading "Anuanarie Trombetta `Gifted' **1997**. `Painted' 1972" in red along its back stretcher (the Painting).*

**MARIE NOVOCIN**
*3. In 2012, Estate Auctions listed a painting on its eBay storefront that my husband Norb personally inspected. The painting was signed on the front by "A. Trombetta" and featured an inscription reading "Annamarie Trombetta `Gifted' **1997**, `Painted' 1972" in red along its back stretcher (the "Painting").*

Plaintiff addresses  two statement made on Page 3 of  Doc. 57 filed on June 26, 2020 which is

the Declaration by Marie Novocin.      In 2016 Plaintiff  saw that he reposting for the 1972 oil painting

was back on the internet after months of hard work contacting eBay and WorthPoint Corp to remove

this false listing.  The only source I never contacted was EAI.   Upon discussions with a colleague and

collector, I thought it best to have my collector Teri Meissner contact EAI to see if they had any

information as to why the post was on the internet, if EAI had posted the 1972 sale again etc.  Ms

Meissner had a brief chat and as advised by Marie Novocine  sent one email  One phone call and one

email is the extent of Teri Meissner's  minor involvement,  one  so minor she does not even remember.

When Teri did not receive an email response from EAI, Plaintiff on Jan. 10, 2017 phoned EAI. I

introduced myself and stated that Ms. Meisner had contacted her. I informed Marie Novocin that I am

an artist however I did not paint the 1972 oil painting. I asked Mrs. Novocin if EAI had anything to do

with the internet link which was appearing under my name again.   I asked if I could have the owner  of

the painting's contact information. Then I asked if they had any of the 12  photos etc. I also informed

her that the photo signature was not mine.  Shortly after Norb Novocin phoned me back which I found

peculiar and unnecessary after conversing with his wife. I  and decided to record the conversation. His

first statement explained his call " I have a wealth of no knowlege regarding this painting"

Below are Marie Novocin statements from her Declaration. There were two calls one from Ms. Meissner

and one from the Plaintiff.  Again, Plaintiff called on Jan. 10, 2017 from home phone and I just like

the Novocins have  caller ID and as stated I  identified myself citing the misattribution and the

reposting of the 1972 internet link as my purpose for contacting EAI

*11.  I did not think about the Painting again until I received a phone call from a person identifying
themselves as Teri Meissner in January 2017. Meissner followed up with an email on January 6,
2017. Meissner did not say anything about the Painting be misattributed. Meissner's sole stated
concern was the chain of ownership of the Painting. Meissner demanded that Estate Auctions provide
her with the name and contact information for the third party who purchased the Painting in 2012.
Despite several additional phone calls from the person calling themselves Meissner, they never once
stated that the Painting had been misattributed and focused solely on the identity of the purchaser of
the Painting.*

*13. After roughly the third phone call we received from the person identifying themselves as
"Meissner," my husband Norb saw that the caller ID identified Annamarie Trombetta and not Teri
Meissner.*

Plaintiff notes to the Court that in June 2020 EAI Defendants filed a Motion to Post a Bond against the Plaintiff in the amount of twenty thousand dollars. The Declarations  that have false information were filed in support to impose a financial burden unto the Plaintiff.  Plaintiff's sas explained in  many  documents, I  informed Norb Novocin that I did not create the 1972 painting, I stated that this  was  fraud. When Mr. Novocin asked me *why is that fraud,?* I simply stated " *I did not do this  painting".*   Despite informing  both of the  Novocins ,first  by a phone call to Marie and then Norb  Novocin phoning  the Plaintiff, Plaintiff still hired an attorney to inform in writing both parties of the  infringements  upon my name, my rights and the biographical  copyright infringements.  As  aforementioned in Doc. 22 filed on April 24, 2019, Plaintiff requested the 12 photos, red signature etc and did not receive any  response.   Responding to this Motion  caused the Plaintiff  a  loss  of income as I had to turn down a  commission due to  Plaintiff's response required a time sensitive  answer to Defendants Motion to Post a Bond.  In like fashion Plaintiff  had just begun  a private  tutoring session  and had to postpone my availability until my Response Motion was filed.  As a result the student decided to take an art  lessons elsewhere.

## 7)   FRAUD ~  COUNT VII ~   FALSE  WRITTEN MISREPRESENTATION OF  THREE EBAY RECEIPTS   FOR ONE  SALE  IN 2012 FOR 1972 OIL PAINTING

Plaintiff notes to the Court on April 27, 2022 EAI and attorney Anderson Duff produced the first version of the 2012 eBay receipt for the 1972 Oil Painting Man With Red Umbrella. On Sept, 21, 2022  WorthPoint during deposition brought to Mr. Novocin's attention the  cut off areas of the eBay email  on pages 72 , 73 and 77 in which WorthPoint called for  the full production of the EAI eBay receipt.  There are now four versions of the ONE eBay sale by EAI on Dec. 1, 2012 for **FIRST** EAI 2012 RECEIPT FOR 1972 OIL EAI00058/ 000059  PRODUCED ON APRIL 26, 2022 On April 8, 2022 the first Discovery between the Defendants and Plaintiff's evidence was due. On Wednesday, April 27, 2022 at 21:30:09 2022 Estate Auctions Inc.'s attorney Anderson Duff produced EAI000058 and EAI000059 after a Conference Call with Judge Cave. Plaintiff immediately noticed the following

1) 1972 Original Oil Painting Man With Red Umbrella Signed Annamarie Trombetta yqz is written twice in blue right — next to each other.
2) In EAI000058 the right side is cut off , deleting the date, the price, name and address of the buyer , etc. Again, this truncation was noted by WorthPoint's attorneys as EXHIBT #4 at the Novocin Deposition and called for a full production of this receipt.
3) the eBay logo is in a a box devoid of the colored LOGO in red, blue, yellow and green.
4) a plain type eBay is written in a lined box.
5) Also missing is the bold colored yellow button with "Go to My eBay" which is below the text "Provide shipping information "
6) Last, missing below the Blue type under 1972 Original Oil Painting Man With Red Umbrella Signed Annamarie Trombetta yqz was either a the gray icon logo or what is a box with a blue square with a white question mark in it.


**SECOND** EAI 2012 RECEIPT FOR 1972 OIL EAI000060 NOVEMBER 16, 2022.

I remind the Court again that in Doc. 315, filed on Nov. 16, 2022, Plaintiff noted to the Court that Mr.

Duff produced a complete uncut version of the alleged 2012 eBay receipt for the sale of the 1972 original

oil also known as WorthPoint's Deposition Exhibit #4. There are obvious differences in the new Nov. 16,

2012 EAI eBay receipt, bate stamped as EAI000060. Most notable is the visual absence of a bold yellow

line. The text is quite small and the receipt is one page. The EAI00060 differences from EAI00058 and

EAI00059 are noted below  **EXHBIIT #5 Nov. 16, 2022 Mr. Duff's email with EAI000066**
                          **EXHBIIT # 6 Second Production of Ebay receipt on Nov 16, 2022 EAI000066**
                          **EXHIBIT #7 Plaintif's Octobre 29, 2022 Request  for Ebay Receipt**

1) the 1972 Original Oil Painting Man With Red Umbrella Signed Annamarie Trombetta yqz is NOT written twice in blue right next to each other.
2) In EAI000060 the right side is **NOT** cut off
3) the eBay logo is NOT simple type and EAI000060 has an ebay color LOGO red, blue, yellow and green
4) The Blue box (above) with a blue square with a white question mark IS under 1972 Original Oil Painting Man With Red Umbrella Signed Annamarie Trombetta yqz.
5) MOST NOTEWORTHY is the MISSING YELLOW LINE through the bold type "Congratulations, your item sold !" 6) The 2017 email header is fully missing. Plaintiff notes to the Court, Mr. Duff submitted his EAI000060 by email on Nov. 16, 2022.

**THIRD EML**  EAI 2012 RECEIPT FOR 1972 OIL  PRODUCED TO PLAINTIFF  ON NOV. 17, 2022

The third EAI sales receipt with visual colored  icons differs from the other two eBay receipts:
1) It is NOT bate stamped or numbered. Documents needs to be numbered even if it is handwritten if it is to be evidence, as Plaintiff did on Sept. 21, 2022 .
2) It  differs on the third EAI receipt from the EAI000058 and EAI000060 and is near the top. Not written in the email is Subject: Date: From: before the To: Norb Novocin, marie novocain.
3) New and Different is a Logo EE circle up top, which is not on EAI 0058-0059-or EAI 0060. Unlike EAI00060, this document has a yellow line under " Congratulations, your item sold !" It has the ebay color logo and box with blue question mark.

4) Again- as of Dec. 19, 2022 he eml. text is not bate stamped by EAI Defendants and was NOT mentioned or produced to Plaintiff before or after  November 16, 2022Mr. Duff produced EAI000060 as evidence, Plaintiff is requesting that the Court impeach or prohibit any possible use of EAI 's undocumented, eml that was emailed to Plaintiff AFTER the production of EAI00060.

**FOURTH**   EAI00065 EEAI00066 EAI 2012  TEXT ONLY RECEIPT FOR 1972 OIL  PRODUCED TO PLAINTIFF ON DECEMBER 7, 2022.

1)   Produced on Dec. 17, 2022 is the full text (only) for the eBay 2012 sale. There are no visual icons or

authentic indications that the original email was simply printed out and submitted.

Plaintiff is reliant upon EAI Defendants to simply produce one proof of purchase for the 1972 Original

Oil Painting that EAI sold on eBay on Dec. 1, 2012.  The fact that there are now four versions all of

which are different in content and  format, icons symbols and are optically different is very confusing and

provokes inferences that contradict and confuse the facts.  To date Mr. Duff has not bate stamped the eml

that was allegedly sent to WorthPoint's attorneys  on Sept. 21, 2022.  As the Plaintiff and as a Pro Se`

litigant, Mr. Duff failed to convey on  Oct. 28, 2022 nor on Octt 29, when I emailed Mr. Duff about the

full production of the EAI ebay receipt.  On Oct, 31, 2022 Mr. Duff did document in an email that when

his clients produce the email, he would pass it on to the Plaintiff.   On Nov 16, 2022 I reminded Mr. Duff

again and upon day's end he produced EAI00060.   The next day, Nov. 17, 2022  Mr. Duff and all the

attorneys fromWorthPoint  alleged that Mr. Duff  produce the EAI eBay receipt. in an  eml text to the

other attorneys.

      As a result of the  multiple misrepresentation of the  EAI 1972 oil painting  eBay sale  Plaintiff' was

reliant upon the Defendant  not to receive such  indirect and  misleading  contradictory responses.  To

date the multiplicity of contradictory responses  by EAI Defendants contributes  to  Plaintiff's  emotional

and physical  distress that has delayed filing my  Proposed Amended Complaint.  I have been suffering

profusely from emotional distress.  Plaintiff  after the Thanksgiving weekend was puzzled by the data

produced by the Defendants. As a result Plaintiff was forced to contact my  internet expert witness to

open up Mr. Duff's eml message and secondly to decode the coding that was sent to Plaintiff from Adam

Bialek.  Mr. O'Leary's Affidavit and report has cost the Plaintiff several thousand dollars, all due to the

cryptic  and convoluted, confusing information in the guise of evidence.

      It has been an ongoing willful pattern by EAI to conceal or reveal in  parts and pieces pertinent

information that Plaintiff has a right to request.  If  the first EAI eBay receipt  did not lack deficiencies or was not truncated on one side , Plaintiff  would not  assert  misrepresentation  of written receipts. The amount of time, involved in repeatedly requesting the same simple items and  being met with unending, delays is disrespectful, unprofessional, subject to suspect and mistrust and  ha delayed the  end of \ Discovery, to the point where  I as well as my expert witnesses  are frustrated by the inability to progress forward and complete the objective of producing a sound, informative substantiating report that supports the Plaintiff's infringements and problems. Despite this and as duly documented in the Nov. 23, 2022 transcript, the  Defendants are unyielding  to settlement  talks or  ending  this lawsuit.  Plaintiff regrets but must inform the Court, post the Nov 23, 2022 Conference call  I was sent an email  from attorney Anderson Duff  s  who informed me of  his fees for his time on the Conference call.  He also informed me  his clients would be  seeking attorneys fees upon the conclusion of my case.  WorthPoint's attorney, Adam Bialek has informed me of the same assertion to burden the Plaintiff with attorneys fees. Once again  Plaintiff has produce irrefutable evidence of my childhood signature.  The infliction of fear and requests for production since mid summer to the present has caused Plaintiff to add a claim for  IIED and Tort in my Proposed  Amended Complaint.

## 8)  FRAUD  ~  COUNT  VIII ~  TANGIBLE CONVERSION (BIOGRAPHY IN CATALOG)  TAKING  AND MISAPPROPRIATION  PLAINTIFF  BIOGRAPHY

**A)**     A party has a cause of action for conversion when (1) the plaintiff has an exclusive right of possession, (2) into which the defendant, (3) intentionally, (4) interferes with that right.  In general, conversion fraud deals with tangible goods.    The Plaintiff 's  claim for tangible conversion fraud is founded on  my exclusive  right of possession to my  original, self authored biography.  It is  is a "literary work" written in prose,  is an individual  artistic  expression and exists  in a tangible form as  my self published catalog .  My self authored biography  is  also "fixed " and exists in a digital form  on my professional and personal website.   A  fraud  conversion  claim is applicable to intellectual  property rights  if it is merged in the physical  form and in this instance it is.   My infringed biography exists in  two personal  tangible forms.  Violations  occur when a  person

without authority or permission  intentionally takes  the personal property of  another or   deprives

the Plaintiff  of the  possession of  my exclusive rights  to my self authored  biography in my

personal catalog.  The original EAI eBay ad for the 1972 oil has Plaintiff's statement from my

personal catalog which documents and references my personal property is   *"All of the imagery in*

*this catalog was either created en plein air or from the subject  directly.".*    This personal  statement

referencing my catalog i in the Defendants  version  to include  the Defendants EAI and WorthPoint's

and their Confidential evidence. using  my  Catalog  biography   Both  Defendants included and

reference my statement regarding my  catalog  in the false ad for the 1972 oil  painting and both

Defendant s partook in  the improper  and  unauthorized relocation of personal  property.

   The subject  regarding the length of Plaitniff's biography in the EAI eBay sale  ad was

addressed on  Page 91.  A reference to the cut off  statement "concentrated period of time"  dot dot

dot was  noted by WorthPoint's attorneys to Norb Novocin  who affirmed it's written presence.  On

Page 92  of Mr. Novocin's  deposition he references  computer software issues that " Might " have

cut off  the biography. Again EAI failed to produce any documents/ data what-so-ever.


**B)**    There are two  "improper" connotations and uses by the Defendants regarding my biography.

First and  foremost,  I  did not  paint the 1972 Original  Oil  Man With Red Umbrella nor did I sign

the painting.  This is a  proven fact.  Plaintiff  produced  my childhood signature . It is in Plaintiff's

evidence  000260,  000316 also  in script and print number  000495.  The EAI signature  in red

produce  in  Discovery  by EAI, in  April  2022 , misspells Plaintiff's  first name and adds a space

between  ANNA  and MARIA.  The  use of my  personal self authored  biography is "Improper" as it

is  wrongfully  applied , I am  not  the artist who created. the  1972 oil.  This conversion as

aforementioned  is unauthorized  in every way.  The  EAI  use  of  Plaintiff's  biography was for

commercial  and  selling   purposes for a damaged  1972 oil painting.  In  like fashion,  WorthPoint's

website's chief purpose  is to  report the " commercial  sales  records"  of items sold on eBay.

WorthPoint has a membership  charge in order  to view the sales price. It is not free to see the selling

price. Both Defendants have used my biography for commercial gain, ergo it is not  fair use, rather

both Defendants perceive my name  and biography as "fair game and falsely claim " fair use .

Plaintiff's l  self expression in my  biography is original  was never authorized  to be used by

Defendants as such . As a consequence of the unauthorized use of Plaintiff 's biography   by both

Defendants,    WorthPoint  Corp. in particular,  lost a sale of artwork to a prominent collector who

most likely would donate her collection to a public museum. The financial and professional   adverse

effect that the infringement had on  Plaintiff  ( copyright owner) ability  to earn income resulted in

sustained inequitable financial  and professional losses.

**C)**      To make a claim for conversion, a plaintiff must show "(1) the appropriation of another's

property to  one's own use and benefit, (2) by the intentional exercise of dominion over it, (3) in

defiance of the true owner's rights." (internal citation and quotation omitted) .  As aforementioned,

Norb Novocin admits  in  his Declaration filed on June 16, 2020 that he did not know or never heard

of Plaintiff's name before.  Allegedly he used onc source, which he designated as askART to

unethically cease or "Glean" Plaintiff's biography.  As of Sept. 21, 2022, for the first time since 2018

when this lawsuit began, Mr. Novocin now claims that the Plaintiff's full biography was taken from

askART.com.

**D)**    To prove conversion   that claim out, a plaintiff must allege: "**(1)** the  property subject to

conversion is  a specific identifiable thing;  Plaintiff  gives a personal, detailed  description of my life

experiences, from childhood ( Regina Pacis Church) to my formal training in  high school at the

Brooklyn Museum and ending with the names of my personal esteemed   colleagues in the art world.

**(2)** plaintiff had ownership, possession or control over the property before its conversion; and

Plaintiff's catalog and website were printed  created in 2003. The EAI ad   for the damaged 1972 oil

painting (albeit incorrect) was allegedly sold in 2012, which was nine  years after my website

biography  and catalog were created.   **(3)** defendant exercised an  unauthorized dominion over the

[property], to the alteration of its   condition or to the exclusion of  the plaintiff's rights." Moses v.

Martin, 360 F. Supp. 2d 533, 541  (S.D.N.Y. 2004) (citation and internal quotation marks omitted).

The "conversion " and addition of the EAI introduction and the description that precede the Plaintiff

true biography  of the damaged  1972 oil painting (albeit incorrect)  is roughly  230 words was

allegedly  created to sell a painting in  the year 2012.  Plaintiff's biography in the EAI eBay ad that

appeared on the internet on the WorthPoint's website was roughly 420 words.  The word  count for

my entire  biography is  roughly 1360 words.   Moreover, 1)  EAI  has failed to substantiate their

claims  that their computer server created the alteration and truncation of Plaintiff's  biography with

any tangible evidence. 2) Secondly  and most important, the use and application of my biography as

the designated artist  is incorrect, false.  3) Plaitniff's biography was   unethically  and not authorized

to obtained   whether it was from the Plaintiff's own personal website or from the website of

askART.com.  AskART prohibits any third party to "re create " or use any content on their site

without written permission.  4) EAI has failed to identity the person who did paint the oil, Man With

Red Umbrella. As a totality, it is  precisely this unauthorized and incorrect conversion that constitutes

fraud.   Last, the Defendants demonstrated a false sense of entitlement simply due to the fact that

my biography was listed on askART and Mr. Novocin has been a member of askART since 2001.

Again askART does not permit  any party to copy or transfer the information on their website.


## A.   FIVE   ELEMENTS  OF  FRAUD RELATED TO ESTATE AUCTIONS INC .

**1. Misrepresentation**—  EAI's false references to the Plaintiff as the artist of the 1972 oil
painting—ie caused a photo that inferred the Plaintiff initial  and last named to have a  fraudulent
copyright management information (CMI) on the WorthPoint website, The false attribution by EAI
is  one of the root causes of this lawsuit. To  remove the fake ad, Plaintiff  followed  the instructions
from  Defendants Plaintiff  made the effort to contact to inform EAI that I was not the artist and was
 told to hire an attorney. Despite hiring an attorney, EAI ignored any settlement opportunities. The
inability to produce EAI's  own records, receipts and computer data that the Plaintiff  requested  is
proof that their information and directions misrepresented   the Plaintiff  and used my personal
information to  sell the  fraudulent  1972 oil painting   EAI's denial of liability after Plaintiff
produced my childhood signature and EAI produce a misspelling of a signature in red on the 1972
eBay sale is a direct false misrepresentation to the Plaintiff who is reliant upon Defenadants  for said
information .  Plaintiff during litigation requested the red signature in 2019. Doc. 22 April 24, 2019.

**2)  Knowledge of the material falsity -** Since August  2017 Plaintiff has consistently pursued
both Defendants, particularlyEAI  by reporting and requesting  information and photos for the listing
of  1972 oil painting and  to find out and confirm  who was the eBay seller.  Defendants admit they
do not have  had  photos of the painting.  The proof  to the  red signature   is an example of  willful
recklessness  misrepresentation.  by EAI   On Jan. 10, 2017 I directly informed Mr and Mrs
Novocin that I was Not the artist and followed their instructions  hired an attorney, EAI's failure
to respond or produce evidence in a timely manner reveals a pattern to conceal the material
evidence.

3) **Inducing the other party to rely upon it.** In 2012 the defendants misrepresented and misdirecting Plaintiff audience Plaintiff never failed to investigate the truth of the defendant's statements. Plaintiff was reliant upon EAI for any photos or to see the signature in red. In April 2022 Plaintiff saw for the first time since 2015 a photo of the painting . This tool over seven years. This painting still has a similar version of the Plaintiff name on the strecther. Plaintiff followed through iverbal contact consistently and in writing to no avail. Plaintiff was reliant upon the Defendants documented communication to eventually see and prove that there was painting Plaintiff is still reliant on EAI to set forth known evidence that should be in EAI;s possession. The Defendants absence of evidence and verified proof constitutes an intentional and willful motive to deceive.

4) **Justifiable reliance of the other party** The Defendants long term failure to produce receipts or any photos from the original eBay ad for the 1972 painting keeps the Plaintiff reliant on EAI and is subject to their production. Plaintiff's actions in commencing this lawsuit was in pursuit of seeking Declaratory Relief. The Defendant s Declaration willfully intended to declare fraudulent statements and to Post a Bond for twenty thousand dollars. The Court and the Plaintiff are reliant upon the Declaration by to determine this case. Defendants documented distortion of Plaintiff' biography and created confusion and duly circulated on the internet for almost several years false information. Plaintiff reliant upon EAI to produce the information EAI created for the false listing of the 1972 Oil Painting Man With Red Umbrella.

5) **Injuries and Damages.** The Defendants False signature A. Trombetta is a significant causation for this lawsuit. The causation of Plaintiff's losses are numerous. In 2015, at a time of great expansion and artistic opportunities , commissions, articles and sales— and fully immersed in advancing my career, Plaintiff was forced to deal with a destructive and fake internet post. In 2015, Plaintiff lost the sale of an $8500 oil painting, the opportunity for gallery representation due to the false posting and association with eBay, Estate Auctions 's 99 cents auctions and WorthPoint Corporation. Plaintiff has well over lost seven years of my life to fight false claims which are still ongoing. Plaintiff is requesting Permanent Injunctive Relief to prohibit the Defendants from using the Plaintiff's name and exhibits filed and submitted for the purposes of this lawsuit or any other images or texts that are circulating on the internet .The Plaintiff's causation of loss generated by this litigation , repeats the same harmful patterns and makes the Plaintiff a consistent victim to the Defendants' fraudulent claims in order to satisfy the Defendants deceptive fraudulent assertions. The loss my time, and all and any related of sales of artwork, the loss of my professional credibility and the time dedicated to this lawsuit is beyond profession and emotional measure and beyond rehabilitation.

# Elements of Intentional Infliction of Emotional Distress

The tort of intentional infliction of emotional distress has four elements: (1) the defendant must act intentionally or recklessly; (2) the defendant's conduct must be extreme and outrageous; and (3) the conduct must be the cause (4) of severe emotional distress.

## TORT CLAIM FIRST COUNT NEGLIGENCE

Negligence is a civil tort which occurs when a person breaches his duty of care which he

owed to another due to which that other person suffers some hard or undergoes some legal injury. Negligence can be explained as the failure of discharge or the omission to do something due to careless behavior.  First Count of Tort   Negligence  According to CPLR 213(2) the statutes of limitation in  New  York for  civil tort  is six years in writing or an oral contract.  The four elements of Tort are Duty, Breach ,Causation and Harm.

## Plaintiff's Claim for  Civil Tort under  the Six Year Statue of Limitations

Plaintiff  for the  first time,   in  early Jan. 2017  Plaintiff discussed and decided to have a colleague contact EAI  regarding  any information the regarding 1972 Original Oil painting. due to the reposting of the link on WorthPoint's website.  A brief chat and Ms. Novocin's suggested to send an email ended my colleagues involvement in this matter. On Jan. 10, 2017, Plaintiff phoned and spoke with Marie Novocin.  I  identified myself and informed Mrs. Novocin that I was not the artist who painted  the oil they had sold on eBay .  I then asked if EAI had any information  as if EAI had anything to do with the reposting on the internet. Plaintiff also asked for the owner's contact information.  Again I informed Mrs. Novocin why I was contacting her as  internet  listing  for the 1972 Original Oil Painting    was under the  Plaintiff's name again on the internet.

Shortly after, Plaintiff received a  phone call from Norb Novocin . His intent was to inform me that he had a wealth of no knowledge. As Plaintiff has documented, I confirmed to Mr. Novocin that I was not the artist . I attempted to  inform Mr. Novocin  it is  not legal as the Visual Artist's Rights  Act attests to attribute  an artist's name to a painting they did not crate.   The call ended with his suggestion to get a lawyer.    Since  Jan. 2017,   Plaintiff has taken all the steps to responsibly inform the Defendants about their infringing actions.  The NY rules for Tort state **:** a rule in tort law: the statute of limitations for a cause of action does not begin to run until the time that the injured party discovers or reasonably should have discovered the injury. As stated on Jan. 10, 2017 Plaintiff for the first time  confirmed by phone that Mr. Novocin sold a painting in 2012. On Sept. 21, 2022   Mr. Novocin claims that "To this day I have never been to  Plaintiff's website."

Novocin  statement demonstrates a failure to act and demonstrates careless  action regarding researching Plaintiff credential prior to Mr. Novocin's false attribution.   It is  since Sept. 21, 2022 that Plaintiff became aware of this point of  ONE reference and the lack of  references that Mr. Novocin  used prior to his incorrect attribution.  Plaintiff set forth a claim for  Negligent tort  due to the failure  of both Defendants to act, in a  responsible manner toward researching  the Plaintiff credentials and for not contacting the Plaintiff .   Defendants have demonstrated  careless actions as aforementioned.  There are so many failures by Defendants to produce any evidence that supports claims that they did not truncate or alter Plaintiff's biography. TheEAI  ad created by the Novocins does infer   my  website.

EAI Defendants had a duty to the Plaintiff as well as the buyer to correctly attribute the 1972 Oil Painting to the  actual artist. To date, EAI has failed to do that.   As this case attests,  EAI has breached three claims, not significant are the VARA and copyright claims. Defendants have without authorization and accuracy used Plaintiff personal property via my biography and as aforementioned caused Plaintiff the loss of sales of art, gallerists who were interested in my work, aside from the enormous loss of time and career opportunities all tainted and blocked by the causation of the false attribution and at present the rigorous responsibilities in litigation that the Plaintiff is having difficulty in managing such strenuous and unending demands.   Plaintiff did not cause the infringements and was patient, careful, responsible and respectful with each Defendant prior to filing this lawsuit against EAI and in deciding to Amend my Complaint to add WorthPoint.

A)As an immediate and initial reaction to the 2015 false internet posting and the  second re posting found by the Plaintiff months after it was allegedly permanently removed, Plaintiff  needed to return back to physical therapy and had regular doctor appointments with my Pain Management Specialist Plaintiff Evidence

B) Plaintiff  was experiencing substantial anxiety and fear due to the loss of income and the sale of artwork to a prominent collector due to the  Defendant falsities .Plaintiff  was unable to sleep at night and suffered functional deficits during the day as well as physical manifestations of emotional distress due to the nine month ordeal to remove the false posting from the internet.

C) Prior to and throughout litigation, Plaintiff has had to divert time away from career opportunities and financial advancements to seek legal remedies and Declaratory Relief to  protect and prevent further infringements and willful  misattributions from both Defendants. As a result the quality of my life, earning potential, professional and personal responsibilities has been unnecessarily blocked due to the willful denial by the Defendants to resolve this lawsuit. Plaintiff has   suffered simply due to the fact that I did not paint this oil and that I want to legally disassociate from the counterfeit oil painting. I have suffered a great loss of time to declare  and legally document I am not the artist.

## TORT  CLAIM  SECOND  COUNT   NEGLIGENCE

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

On Feb. 1, 2022  at the request of WorthPoint's attorneys Plaintiff was requested to write a settlement letter. Attorney Anderson Duff duly communicated that his clients were in held up in Bankruptcy Court due to this litigation. Despite being advised  to engaged  or discuss settlement  offers prior to litigation by friends and retired attorneys, Plaintiff did agree to writing a letter.  As is Plaintiff;s way I responsibly found out what needed to be included in the Settlement letter.  I gave a recap of all my actions to both Defendants .  I found cases related to my claims and listed all the damages and rules pertaining to my claims.  The letter was quite long as this has been going on for over seven years. Plaintiff  wrote out in words the amount Plaintiff was seeking for my settlement offer.  Plaintiff did not hear from a any of the attorneys.  At the same time Plaintiff was experiencing for the first time ever Vertigo.   At the same time due to the stress of interviewing lawyers for possible representation, Plaintiff in addition to the recent Vertigo developed a sty and swollen eye,  As a result of the  stress from litigation, and the sudden onset of Vertigo, Plaintiff fell and fractured a rib due to this lawsuit and all the unexpected sudden demands that were imposed upon me.  I ask the Court to consider the time Plaintiff has  lost just to avoid litigation and to have the false listing permanently removed from the internet. Secondly, I simply did not do this painting and followed the advise of my legal colleague to declare I am not the artist for future documentation and records. Third the major denials

of any wrongdoing and infringements in concert with the  minor  settlement offers by EAI have

prompted the Plaintiff to be vigilent  in protecting my name and my rights. Plaintiff did not

cause these infringement, nor did I immediately file a lawsuit.

**EXHIBIT #1  Doctor appointment with Benjamin Tweel for Vertigo**
**EXHIBIT #2   Emergency Eye Infirmary Visit Sunday Feb. 20, 2022**
**EXHIBIT #3  Doctor 's Letter and  Visit with  Benjamin Zaremski  Vertigo and fractured rub**

As a result this sudden intense bombardment of demands despite honoring my agreement by

responsibly writing a letter, none of the Defendants attorneys contacted me regarding my letter.

Instead, the attorneys wrote a letter to the Court and falsely stated that Plaintiff did not state a

monetary amount, when in truth, Plaintiff most certainly did.   The reliance Plaintiff had on the

Defendants to be responsive and communicative with the Pro Se Plaintiff was not experienced.

Plaintiff did conduct a Meet and Confer as well as emailed the Defendant regarding my eye

condition. I did communicate my sudden medical limitations to all the attorneys. The actions of the

attorneys  falsely conveyed to the Court that I was disrespectful to the laws and  rules that I had

agreed to producing. Plaintiff notes that this is an assault on my character and that  misleading and

misinforming the Court was intentional.  This problem could have been avoided  through simple

communication from the Defendants.  As aforementioned Plaintiff was experiencing  sudden health

issues that needed immediate attention.  Plaintiff was then order to write another .  Settlement letter

and was indeed concerned  due to threat of sanctions,  When your intentions are honorable and

responsible, when they are perceived as anything less, injury occurred for the Plaintiff.

Despite failed settlement attempts on Plaintiff during the most recent  Nov. 23, 2022 Conference

Call, Plaintiff brought up the subject of settlement discussion. Attorney Anderson Duff immediately

rejected any possibilities for any discussions to take place. Immediately, following the Conference

Call Attorney Anderson Duff emailed Plaintiff with the Subject matter Increased Attorneys Fees.

*"I am again writing to remind you that my clients will be seeking an award of attorneys' fees under §*

*505 of the Copyright Act and/or because you rejected my clients' offer of judgment.".*   Plaintiff

reminds the Court that the sum of  both of EAI's settlement offers combined  equal an amount to be

less than three numbers.  The willful refusal of the EAI Defendants and their attorney to deny any

settlement discussions while concurrently sending emails to the Plaintiff taunting and informing me

that they are seeking an award for attorneys fees  constitutes  emotional distress. I am not the artist

who painted the 1972 oil nor should my biography been used to sell this painting.  Plaintiff reminds

the Court that in Feb. and March 2022 I wrote not one but two letters fo a settlement which  both

Defendants rejected.

**EXHIBIT #4  Nov. 23, 2022  Email Subject  Increased Attorney's Fees from Anderson Duff**

# CLAIM FOR RELIEF

1. Plaintiff consistently informed  EAI  and Marie and Norb Novocin .that I did not
   paint the 1972 Original Oil Painting Man With Red Umbrellas that falsely attributed
   my biography and signature to be falsely attributed to the aforementioned oil painting.

2. Plaintiff consistently informed  EAI Norb and Marie Novocin and there attorney I was nine
   years old , did not paint in oils then and  I too small to paint an oil  four feet in height.

3. The Defendant's communication to the Plaintiff  resulted in Mr. Novocin's suggestion to
   hire an attorney .  Defendant's used to  Plaintiff ;s biography to exploit the Plaintiff
   notoriety to increase the value of a damaged painting.

3. As stated above , there was  never any  business relationship and own prior contact
   between the Plaintiff and the Defendants.

4. At no time did Plaintiff verbally of  ever signed or authorize EAI or the Novocin's
   to use or purport that I painting in oils at nine years old.

5. Defendants willfully stated  in the guise of evidence  during the Novocin Deposition
   and now claim that  my entire biography  was allegedly in  the eBay ad for  1972 oi  painting
   Man With Red  Umbrella

6. Hence, the Defendants willfully and intentionally violated the Plaintiff's exclusive
   copyright to my self-authored artistically  expressed biography. The Defendants exhibit
   a pattern of  repeated activity to willfully  denying any liability in misattribution Plaintiff to
   1972 ad on the internet under  Plaintiff's name that is the proximate cause of the
   individual's harm.

7 . In summary no one has the right to alter, change or expose to the public, a false  signature
   or  rewrite the chronological facts of my life. No other source can  falsely claim  a copyright
   or falsely claim  a licensing agreement when no proof of documents of proof to verify such

claims exist.  This is the root cause for commencing this lawsuit.

8.    My case validates the inequitable and  adverse effect that one  false attribution during an
      artist's lifetime ccan  "BLOCK and  IMPEDE"  an artist's  professional progress and hinder
      one's status.

9.   This  lawsuit brings attention to the realization that any  "source"  can write, state or claim a
      false attribution  or use an artist's name on a work of art— ( or what is ascribing to be  art).
      A great deal of time and many  opportunities  were  lost to refute the false 1972
      misattribution, a causal loss that has harmed my  integrity, caused me to lose  my time, earn a
      living  and  blocked my  ability to create my own  new works of art.

10,    The  Discovery evidence  and  the lack of  evidence  has  continued consume the Plaintiff
       life, while  imposing unending demands upon someone who has been victimized and
       embarrassed by public identity therft.  The misuse my name  with  malicious intent by the
       Defendants to burden an artist, who is not a lawyer  is overwhelming.  The question needs
       to be considered, how can the Defendants afford a lawyer when the Defendants refused
       my settelemtn offer back in 2017.


### SUMMARY  OF  ARGUMENT

   Plaintiff  nine  Counts of Fraud are  detailed while defining  the circumstances

and  false misrepresentation and the  causal losses and harm  all of the Defendants

fraudulently actions have had on the Plaintiff.  The  countless mistakes by EAI,

can be literally be  "counted"  as multiple  Counts of Fraud  defined in   Plaintiff's

Proposed  Amended Complaint. The unending problems, delays demonstrated and

implemented by Estate Auctions Inc and Norb  and Marie Novocin  have been a burden

for many  years.  Plaintiff  has been a victim to  EAI's bumbling business  practices.   In

litigation of I have been a victim to EAI  chicanery  and attempts to inflict both emotional

distress and to inflict the financial debt  for Mr. Duff;s  legal fees upon the Plaintiff.

 As a Pro Se Litigant,  Plaintiff asks the  Court to grant my   Proposed  Amended Complaint to

includes  applicable request to include FRCP Fraud  9(b), Intentional Infliction of Emotion

Distress  and Tort.

        Defendants will not suffer undue prejudice from the filing of Plaintiff's Proposed

Amended Complaint because **1)** the fraudulent allegations asserted in the Proposed  Amended Complaint are more specific and conclusive  than that asserted in the  Original or  Operative Amended Complaints **2)** both  Defendants alleged harm  to the Plaintiff from the   Original and Amended  Complaint has **increased** with  the new evidence  **3)**  the more-specific fraudulent definition is  being asserted  before the close  of the Discovery and  within the time frame to amend pleadings set out in the modified  Scheduling Order   **4)** Both Defendants'  discovery has only been through  admissions, production  of documents and interrogatories  and depositions  **5)** the newly- alleged  facts  and evidence in Plaintiff's  Motion of my Proposed Amended Complaint are already  well-known to the  Defendants and in their  possession.  For these reasons, Plaintiffs respectfully ask that the Court grant  Plaintiff's Motion  for Leave to File the Proposed  Amended Complaint to Include   for Permanent Injunction and Other Equitable Relief.

WHEREFORE, Plaintiff, on behalf of herself and others artists who have been victimized by WorthPoint Corporation,  respectfully request that this Court grant Plaintiff's Proposed Amended Complaint to proceed forward to include Fraud, Intentional Infliction of Emotional Distress and Permanent Injunctive Relief and   grant Plaintiffs such further relief as this Court deems just and proper.

Dated:  December 19, 2022                        Respectfully Submitted,

Annamarie Trombetta                                  ——Electronic  Signature——
175 East 96th Street
New York, New York 10128                      */s/ Annamarie Trombetta*
                                                                  _____

Pro Se Litigant                                               Annamarie Trombetta