February 23, 2023
The Honorable Judge Ronnie Abrams
United States District Court Southern District of New York
40 Foley Square, Room 2203 New York, NY 10007

The Honorable Judge Sarah L. Cave
United States District Court Southern District of New York
500 Pearl St., Courtroom 18A New York, NY 10007-1312

To Honorable Judge Sarah L. Cave and the Honorable Judge Ronnie Abrams:

Pro Se Plaintiff writes another letter to the Court in response to Defendant Feb. 22, 2023 letter in Doc.374. First, I address Ms. Farmer's notation to contact the legal clinic at the Southern District known as the New York Legal Assistance Group (NYLAG), which I contacted several times as my exhibits confirm. On Jan. 24th and again on Jan. 27, 2023, I emailed NYLAG to confirm if I could submit my expert witness reports to the Defendants. On Jan. 30, 2023 (See Ex. #8) the NYLAG Lawyer confirmed *"<u>You should make your expert disclosures as soon as possible to make sure that expert depositions can take place by the March 1 deadline:.</u>* The full email response to my request "Translation of Judge Cave's Order" is attached in Ex.# 8.

Yesterday, after all the Defendants' attorneys rejected my expert witness reports, I emailed two NYLAG lawyers. I explained Defendants rejections. I included in my two emails to NYLAG the content of Doc. 361 and Doc. 367. Once again due to the Defendants rejection I was confused as to why my submitted expert witness reports to the Defendants were deemed late. This is another example of Defendants willfully confusing Plaintiff, as Defendants attorneys have done throughout this case. This pattern prolonged the end of fact Discovery until Dec. 15, 2022 and caused Plaintiff physical illness in mid Dec. 2022. As a result I had to review and proof all my fact discovery while I was writing my delayed Amended Complaint.
Plaintiff is requesting the Court to please review the content and questions in each of my emails to NYLAG.
**EXHIBIT #1 Jan.19, 2023 Plaintiff's inquiry seeking <u>Pro Bono Counsel</u> from " <u>nysd.uscourts.gov</u>" link.**
**EXHIBIT #2 Jan.24, 2023 Plaintiff's inquiry RE: <u>expert witness report submission</u> and other questions**
**EXHIBIT #3 Jan, 27, 2023 Plaintiff's second inquiry RE: <u>expert witness report</u> and expert rebuttal.**
**EXHIBIT #4 Feb. 2, 2023 Defendants' request and denial for a DATE to depose my expert witness**
**EXHIBIT #5 Feb. 3, 2023 Plaintiff's inquiry RE Rebuttal Response**
**EXHIBIT #6 Feb.22, 2023 To NYLAG lawyer Hans Romo RE expert witness reports and Doc. 361-367**
**EXHIBIT #7 Feb.22, 2023 NYLAG lawyer Ms Tarnofsky RE expert witness reports and Doc. 361-367**
**EXHIBIT# 8 Jan. 30, NYLAG To NYLAG lawyer Hans Romo's response YES to expert reports.**

The next issue raised by attorney Jana Farmer concerns my expert witnesses. Plaintiff immediately contacted all three of my potential expert witnesses in January 2023. I had a delay in hearing back from Mr. O'Leary and had to send a request form to his agency. Mr. O'Leary's Affidavit confirmed that both Defendants failed to honor Plaintiff's request for production of the raw and/or original message for the alleged 2012 eBay sale of the 1972 oil painting "Man With Red Umbrella". Defendants obscure code was yet a third version of the alleged 2012 eBay sale receipt. There are now three versions, produced on three different dates. Each one contains different text and visual icons. There was only the one sale and reason dictates there should be one 2012 sales receipt. The fact that each of the three look different confirms Plaintiff's need to take legal action.

In addition, I regret to inform the Court that WorthPoint's expert witness report not only listed the <u>wrong date</u> for Mr. O'Leary's Dec. 5, 2022 Affidavit as <u>"December 25, 2022" which is a careless mistake</u>, she also classified Mr. O'Leary's Affidavit as a Declaration. She rendered no opinions and only named Mr .O'Leary's Affidavit-deemed a Declaration. I feels with two inaccuracies duly written by WorthPoint's expert, it reveals a lacks integrity and carelessness. Time and expense to rebuttal WorthPoint alleged "expert witness report" with two false, inaccurate statements to quintessential facts, easily checked in the case docket, is futile.

> 4.  I have also been asked to review the December 25, 2022 declaration of Patrick O'Leary ("O'Leary Declaration") and opine as to whether the O'Leary Declaration changes any of the opinions I have formulated regarding the above.

**PLEASE NOTE  The  Box above is excerpt from WorthPoint's expert witness report.**
It is these obvious and self evident mistakes in  Defendants expert witness report and   in WorthPoint's  employee declaration that have warranted the necessity to issue  my subpoenas.   Defendants should produce  tangible documents pertaining to specific dates and the specific emails  which they claim as the foundation for  Defendants proof in their witness reports and declaration.    Plaintiff's subpoenas  will  reveal  if WorthPoints'  claims are unfounded,  lack integrity or reveal  any truth.   Plaintiff asks  the Court to grant  this  request.

In addition,  as  WorthPoint's attorneys letter in  Doc.374 indicates,  WorthPoint wishes to depose Mr. O'Leary  on Feb. 28, 2023.  WorthPoint 's  attorneys have not paid Mr. O'Leary's his  hourly fee and have sent  Mr.  O'Leary a check  for forty dollars, which is what a "fact witness" is paid.   This has caused  a professional  discrepancy  between myself and Mr. O'Leary to the point that  Plaintiff  may wish to withdraw Mr. O'Leary  as a witness.   If WorthPoint intends to  depose  Mr. O'Leary on Feb. 28, 2023 they are obligated  to pay his  fees for his  deposition.  I  should not have to incur any additional expenses on behalf of the Defendants nor  should I be charged by Mr. O'Leary to  respond to Defendants'  for issuing a forty dollar check.

Unfortunately, this is not the first time that WorthPoint's attorneys have disrespected my witnesses to the point  of offense and   harassment.  This conduct by Defendants  caused the Plaintiff 's witnesses to decline any  further involvement.  Other examples  include   two of my fact witnesses, One  was  repeatedly called at work  to the point of  embarrassment.  My witness  characterized WorthPoint's attorneys as  being  " unendingly  relentless" with their numerous  phone calls.   Another witness did not receive her Deposition subpoena due to  WorthPoint's attorneys  incorrect   address on the subpoena of Ms. Ploski.   Upon WorthPoint's discovery that  their  subpoena was late and had the  wrong address,  WorthPoint sent a server with the same  summons  listing  the incorrect address, to the home of Ms.Ploski.   The server was "pounded  on the door" and yelling" I know  your in there " while Ms. Ploski was on the phone with the Plaintiff.   All this drama   to serve a  summons  with the wrong address to Ms. Ploski. was  indeed stressful.   Another example of disrespect occurred  with a  professional colleague that was withdrawn  as an expert witness,  After  I  withdrew this expert witness, which  was confirmed with Ms. Farmer on a Zoom meeting WorthPoint   sent a  Deposition summons to his home  address. At no time did  I furnish WorthPoint with  his home  address. My stressed  colleague was  unnecessarily bothered.   Plaintiff understand  WorthPoint can   pursue my witnesses.  It  is the  forceful,  embarrassing and insulting manner in which WorthPoint's attorneys are conducting themselves  that is  offensive to  my witnesses  and is concurrently contributing to Plaintiff's emotional distress.

Plaintiff reminds the Court on Feb. 3, 2023, I was granted my Second Amended Complaint to include Fraud,  Tort and Intentional Infliction of Emotional Distress.  As a Pro Se litigant, I believe it is a  standard practice to  extend  discovery  to address the new claims which the Court has granted.  My two expert witnesses will  indeed specifically address and give expert testimony on my newly approved  claims.  In fact , their testimony  is why they are named. . Each one  will address  these two  newly granted  claims.  Since May 2022 , I  intended on filing another Amended Complaint after Discovery and  listed the names of my two expert  witnesses who recently  produced reports submitted on the 16rh and 21st of Feb. 2023.

My  first  expert witnesses is a  Dr. Joseph Scelsa . He  is the founder and director of the Italian American  Museum where I had my solo exhibition in 2015.  In addition, Dr. Scelsa is a New York licensed  mental health  counselor.  Dr. Scelsa  has been listed  as one of my expert witnesses  since I was requested by the Defendants  to list  my witnesses in June 2022.   As a licensed  mental health counselor, Dr. Scelsa has offered advice and  guidance to me  and throughout this case.  He has offered the names of law firms and lawyers to me  that I  have pursued.  The fact that there are four attorneys and one Defendant who has filed for bankruptcy has  proven to be a deterrent.   On the Nov. 23, 2022 phone call I did have a lawyer  recommended by Dr. Scelsa,  ready to negotiate a settlement on my behalf.   Duly documented in the Nov. 23, 2022  transcript is the  rejection by both Defendants attorneys for settlement talks.  Instead of resolving this case, both Defendants'  attorneys sent Plaintiff ambiguous coding, causing the Plaintiff confusion . Plaintiff was forced   to contact Mr.  O'Leary  and incur an expense to discern if the Defendants ' email coding.  Their coding  was not my  requested   raw/original message for the 2012 eBay sale .  This is another example of Defendants perpetuating  more problems and opposing a resolution to end this case.  All of  these problems  are  contributing  to my  emotional distress.   My  illness   on Dec. 12, 2022 and  deterred Plaintiff from filing  my Leave to Amend my  Complaint  to include fraud. I sincerely feel this was a result of Defendants' gamesmanship.

Upon contacting  Dr.Scelsa to confirm production of his  expert report, there was a delay due to his contraction  of  a virus.  I emailed Dr. Scelsa and informed the Defendants why his report was delayed. Attached in Ex. #10  is Plaintiff's email outreach to Dr. Scelsa  on Feb. 10th,  Feb. 13th and again on Feb. 16, 2023.  Dr. Scelsa  was  able to produce his report which was submitted to Defendants on Feb. 16, 2023.

The next expert witness is Art Appraiser Gayle M. Skluzacek, Unfortunately, Ms. Skluzacek also had an unexpected occurrence which hindered the production of her expert witness report due to a sudden medical emergency. Upon filing and emailing her report to all the Defendants, I did include her brief letter confirming this fact. I ask the Court to review Ms. Skluzachek's letter regarding this case. If permitted,Ms. Skluzacek will give testimony on the adverse effects and depreciation in value that the 1972 eBay internet ad contributed to Plaintiff's career and the confusion generated by a public false signature and misattribution. Once again, this witness was intended to support and ingest damages associated with the new fraud.claims.

**EXHIBIT# 9 Plaintiff's email to Dr. Scelsa RE his virus and his production of his expert report.**
**EXHIBIT# 10 Gayle M. Skluzacek, confirms medical emergency delayed her expert report.**

In the internet of bringing this case to its conclusion, Plaintiff requests the Defendants permit my reports and for the Court to grant my subpoenas. Plaintiff has been subjected to all kinds of animosity and the endless task to produce close to 900 docuemnts. The " WORK" inflicted upon me simply due to the FORCEFUL INVASION by the Defendants into my personal, successful, artistic life has damaged me in every possible way, particularly professionally and financially. Both parties overtook my name, my identity and failed to admit and/ or permanently correct their false claims. It is necessary to seek legal remedies to protect my true identity, my true signature and the true facts of my life. In addition, it is necessary to refute the 1972 counterfeit oil painting and to prevent future false attributions. It is evident that it is necessary to guard against other possible publicly circulated "GARBLED" signatures (as seller, Norb Novocin characterized it) that are not by my hand. Compounding all injuries, is the loss of two years of my life to avoid litigation and the past five and half years arguing over false claims and statements and the continued production by Defendants of false claims which when tested have consistently proven to be non-existent or false.

This willful and deliberate public identity theft has threatened and injured my livelihood from August 2015 to the present day. The Defendants advertised claims purporting that a nine year old child painted a four foot painting is ridiculous. Unfortunately, with my actual text from my website biography and the implementation of a false copyright symbol, this sloppy presentation purports a lack of character that I am dragged into by the use of my name. As a result, my audience and other honorable people saw a false assumption which jeopardizes "my personal integrity. Defendants false claims infers I am morally and mental deficient with the implication that I licensed by biography to permit my copyrighted biography to WorthPoint who purports preposterous and pretentious claims. of a large scale painting done by a nine year old. All of this further injures my credibility. Through no fault of my own, I appear disreputable, hence the loss of sales of my artwork and the drawback by professional galleries and colleagues.

The elongation and endless demands of production in fact Discovery by the Defendants was intentional. It resulted in my inability to submit my expert reports , PAC and review my 900 pages of fact Discovery all due a week before the holiday season.

Plaintiff requests the Court to grant the production of my subpoenas and to grant the acceptance of my expert witnesses reports, duly noted in Doc. 361 and in Doc. 367. In the interest of ending this case, I kindly ask the Court to grant my requests for production of proof and to permit my expert reports at this time.

Dated: February 23, 2023                                        Respectfully Submitted,

Pro Se Litigant                                        ——— Electronic Signature ———-
Annamarie Trombetta
175 East 96th Street                            /s/ Annamarie Trombetta February 23, 2023
New York, New York 10128        _____

                                                    Annamarie Trombetta     Pro Se Litigant