UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANNAMARIE TROMBETTA,

                Plaintiff,

-v-

NORB NOVOCIN, et al.,

                Defendants,

CIVIL ACTION NO.: 18 Civ. 993 (RA) (SLC)

**OPINION & ORDER**

**SARAH L. CAVE,** United States Magistrate Judge:

## I. INTRODUCTION

Fact discovery in this action closed on December 19, 2022, and expert discovery closed on March 1, 2023. (ECF Nos. 340; 361). Now before the Court is the motion of pro se Plaintiff Annamarie Trombetta ("Ms. Trombetta") requesting that fact discovery be re-opened. (ECF No. 377 (the "Motion")).[1] Defendants WorthPoint Corp. ("WorthPoint"),[2] Norb and Marie Novocin (the "Novocins"), and Estate Auctions Inc. (with the Novocins, the "EAI Defendants", and collectively, "Defendants"), opposed the Motion. (ECF Nos. 379–80). For the reasons set forth below, the Motion is DENIED.

---

[1] While the Court was preparing this Opinion & Order, Ms. Trombetta filed two supplemental letters seeking the re-opening of discovery, which essentially repeat the arguments in the Motion and are therefore also resolved by the Court's ruling. (See ECF Nos. 381-82 (the "Letters")). To the extent that, in the Letters, Ms. Trombetta seeks permission to proffer experts at trial, the time is not yet ripe to do so, and the Court has set a deadline below accordingly. (See ECF Nos. 221; 236; 238; 244; 271; 286; 297; 302; 321; 333; 340).

[2] William Seippel was, but no longer is, a Defendant in this action. (ECF Nos. 187 at 25; 357).

## II. BACKGROUND

In this action involving claims under the Digital Millennium Copyright Act, 17 U.S.C. § 1201 et seq. ("DMCA"), and Visual Artists Rights Act, Pub. L. No. 101–650 (tit. VI), 104 Stat. 5089, 5128–33 (1990) ("VARA"), the factual background and procedural history of has been described in numerous prior decisions of the Honorable Ronnie Abrams and the undersigned and are incorporated by reference.  See Trombetta v. Novocin, No. 18 Civ. 993 (RA), 2022 WL 280986 (S.D.N.Y. Jan. 31, 2022) ("Trombetta VII") (denying Ms. Trombetta's motion for reconsideration of order granting Defendants' motion to strike her sur-reply in opposition to motion to dismiss);[3] Trombetta v. Novocin, No. 18 Civ. 993 (RA), 2021 WL 6052198 (S.D.N.Y. Dec. 21, 2021) ("Trombetta VII") (granting in part and denying in part WorthPoint Defendants' motion to dismiss); Trombetta v. Novocin, 18 Civ. 993 (RA) (SLC), 2021 WL 3829803 (S.D.N.Y. Aug. 27, 2021) ("Trombetta VI") (denying Ms. Trombetta's motion to recover costs of service on WorthPoint Defendants); Trombetta v. Novocin, No. 18 Civ. 993 (RA) (SLC), 2021 WL 1259740 (S.D.N.Y. Apr. 6, 2021) ("Trombetta V") (denying Ms. Trombetta's motion for sanctions against the EAI Defendants); Trombetta v. Novocin, No. 18 Civ. 993 (RA), 2020 WL 7053301 (S.D.N.Y. Nov. 24, 2020) ("Trombetta IV") (denying WorthPoint's motions to dismiss under Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), and 12(b)(5) and to quash summons, and granting Ms. Trombetta 60 days to serve WorthPoint); Trombetta v. Novocin, No. 18 Civ. 993 (RA) (SLC), 2020 WL 6365171 (S.D.N.Y. Oct. 29, 2020) ("Trombetta III") (denying without prejudice EAI Defendants' motion to require Ms. Trombetta to post bond); Trombetta v. Novocin, No. 18 Civ. 993 (RA) (SLC), 2020 WL 1304120 (S.D.N.Y. Mar. 19, 2020) ("Trombetta II") (granting in part and denying in part

---

[3] All case citations omit internal citations and quotation marks unless otherwise indicated.

Ms. Trombetta's motion for leave to amend); Trombetta v. Novocin, 414 F. Supp. 3d 625 (S.D.N.Y. 2019) ("Trombetta I") (granting EAI Defendants' motion to dismiss Ms. Trombetta's claims under N.Y. Civ. Rts. L. §§ 50–51, New York Artists' Authorship Rights Act, N.Y. Arts & Cult. Aff. L. § 14.03 ("NYAARA"), and for trademark infringement, and denying motion to dismiss VARA claim).

### 1. **Ms. Trombetta's Claims**

Ms. Trombetta's amended complaint (the "FAC") asserted the following claims: (i) under VARA against the EAI Defendants; (ii) for direct copyright infringement against the EAI Defendants; (iii) for contributory copyright infringement against WorthPoint; and (iv) under the DMCA §§ 1202(a) and (b) against Defendants. See Trombetta II, 2020 WL 1304120, at *7. (See ECF Nos. 36; 40 at 13–14). Ms. Trombetta filed a motion for leave to amend to assert, inter alia, claims for fraud, emotional distress, and permanent injunctive relief. (ECF No. 341 (the "MTA")). After Defendants agreed to withhold their objections to Ms. Trombetta's amendments until summary judgment, (see ECF Nos. 360; 362), the Court granted the MTA and deemed ECF No. 348-1 the operative complaint (ECF No. 348-1 (the "SAC")). (ECF No. 366). In the SAC, Ms. Trombetta adds three claims for relief: (i) intentional infliction of emotional distress (the "Emotional Distress Claim"); (ii) identity theft under 18 U.S.C. § 1028 (the "Identity Theft Claim"); and (iii) a claim under the NYAARA (the "NYAARA Claim", with the Emotional Distress and Identity Theft Claims, the "New Claims"). (ECF No. 348-1 at 18).[4] On February 16, 2023, Defendants filed answers to the SAC. (ECF Nos. 371–72 (the "Answers")).

---

[4] Ms. Trombetta re-asserted the NYAARA Claim despite Judge Abrams' dismissal of that claim in Trombetta I. 414 F. Supp. 3d at 634.

2. **Fact Discovery**

The parties' deadline to complete fact discovery in this action was extended at least six times. (ECF Nos. 195; 234; 252; 268; 291; 302; 308). On December 15, 2022, Defendants certified that fact discovery was complete (ECF No. 336), and on December 16, 2022, Ms. Trombetta notified the Court that, apart from her "desire for the PDF file for the Ebay 2012 sale of the 1972 Original Oil," (the "Receipt"), her "[f]act [d]iscovery [was] complete." (ECF No. 338). The Court deemed Defendants' production as to the Receipt sufficient, (see ECF Nos. 327; 340, 343), and on December 19, 2022, deemed fact discovery closed. (ECF No. 340; see ECF No. 375 (reiterating that fact discovery closed on December 19, 2022)).

3. **Expert Discovery**

The Court required Ms. Trombetta to serve her expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2) by December 19, 2022, Defendants to serve their expert disclosures by January 19, 2023, and all expert depositions to be completed by February 7, 2023. (ECF No. 333; see ECF No. 340 (denying Ms. Trombetta's request to extend expert deadlines)). At the parties' request, the Court extended the deadline to exchange rebuttal expert disclosures to February 7, 2023, and stated that "[a]ll discovery, including expert discovery, shall be completed by Wednesday, March 1, 2023." (ECF No. 361 (the "Jan. 24 Order"); see ECF Nos. 364; 367). Following letters from the parties (ECF Nos. 373–74), on February 23, 2023, the Court reminded the parties that, "[t]o the extent that any party served their experts' reports after the[] deadlines [set forth above], they [have] failed to comply with the Court's Orders (ECF Nos. 361; 367), and their experts' reports are subject to being stricken." (ECF No. 375 at 1 (the "Feb. 23 Order")). The Court also reminded the parties that "[a]ny party who fails to make their expert

available for deposition before [the March 1, 2023] deadline, absent a showing of good cause, risks having such expert precluded." (Id. at 2). The Court denied Ms. Trombetta's demand that Defendants pay for the costs of her expert, Patrick Michael O'Leary, to appear for a deposition, and ordered that he appear as noticed on February 28, 2023. (ECF No. 378).

4. **The Motion**

On January 27, 2023 and February 17, 2023, Ms. Trombetta issued several subpoenas, one of which was directed to WorthPoint (the "Subpoenas"). (ECF min. entries Jan. 27, 2023; Feb. 17, 2023). After WorthPoint objected to the Subpoenas and requested a conference, the Court issued the Feb. 23 Order, stating that "fact discovery [was] closed as of December 19, 2022, (see ECF No. 340), meaning that no party could serve any discovery requests on any other party or non-party after that date absent prior permission from the Court[,]" and noting that "[t]o date, no party has requested such permission[.]" (ECF No. 375 at 1). "[A]ccordingly," the Court continued, "any requests that have been served are improper, untimely, and do not require a response." (Id.)

Hours after the Court issued the Feb. 23 Order, Ms. Trombetta filed the Motion. (ECF No. 377). In the Motion, Ms. Trombetta acknowledged that she understood "that the deadline for [f]act [d]iscovery and expert reports was set for December 19, 2022." (Id. at 1). She asserts, however, that, by granting her leave to file the SAC, she "unintentionally and incorrectly assumed that [d]iscovery was open[,]" and that the Court's statement in the Jan. 24 Order that "[a]ll discovery, including expert discovery, shall be completed by Wednesday, March 1, 2023[,]" led her to believe that fact discovery "automatically [re-]opened" after Defendants filed their Answers. (ECF No. 377 at 1 (quoting ECF No. 361)). Ms. Trombetta also asserts that on

5

January 19, 2023, "Defendants filed <u>new</u> and pertinent information that is in need of clarification and the production of documented proof[,]" which appears refer to one of WorthPoint's expert reports and the declaration of WorthPoint employee Jason Packer ("Packer"). (Id. at 1–2; see ECF No. 359). Ms. Trombetta thus asks for permission "to either serve [d]iscovery [r]equests" and "to briefly re[-]open [d]iscovery in response and in support of" her New Claims. (ECF No. 377 at 2).

WorthPoint opposes the Motion, arguing that "Ms. Trombetta has failed to show any good cause for ignoring the Court's prior orders[,]" in which "[t]here is no ambiguity . . . with respect to deadlines for fact and expert discovery." (ECF No. 379 at 3). WorthPoint also argues that it "will be severely prejudiced as the rebuttal expert deadlines have passed" and expert discovery was poised to close. (Id.) WorthPoint confirms that the "new and pertinent information" to which Ms. Trombetta refers in the Motion was its expert report, which "was timely served on January 19, 2023[,]" but contained an immaterial typographical error as to the date of Mr. O'Leary's affidavit. (Id.) WorthPoint notes that "Ms. Trombetta [] failed to timely serve any rebuttal reports by the February 7, 2023 deadline." (Id.) The EAI Defendants argue that Ms. Trombetta has not shown good cause to re-open discovery, they would be severely prejudiced by re-opening discovery, including by delay of their pending bankruptcy proceeding, and Ms. Trombetta has failed to show that she was diligent in obtaining discovery within the Court's deadlines. (ECF No. 380 at 1–2).

### III. DISCUSSION

**A. Legal Standard**

Once a court enters a scheduling order, the discovery deadlines therein may be modified only for "good cause[.]" Fed. R. Civ. P. 16(b)(4). Whether "good cause" exists "turns on the diligence of the party seeking to modify the scheduling order." Saray Dokum ve Madeni Aksam Sanayi Turizim A.S. v. MTS Logistics Inc., 335 F.R.D. 50, 52 (S.D.N.Y. 2020); see Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000) ("[A] finding of 'good cause' depends on the diligence of the moving party."). "To satisfy the good cause standard, the party must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met." Enzymotec Ltd. v. NBTY, Inc., 754 F. Supp. 2d 527, 536 (E.D.N.Y. 2010). Accordingly, the "party seeking to reopen discovery must show why the court's deadlines could not reasonably have been made despite [her] diligence." King v. Friend of Farmer, Inc., No. 97 Civ. 9264 (BSJ) (RLE), 2000 WL 290355, at *1 (S.D.N.Y. Mar. 21, 2000). A court "may properly deny further discovery if the nonmoving party has had a fully adequate opportunity for discovery." Trebor Sportswear Co. v. The Ltd. Stores, Inc., 865 F.2d 506, 511 (2d Cir. 1989).

Courts within the Second Circuit consider six factors in analyzing motions to re-open discovery: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." Jacobs v. N.Y.C. Dep't of Educ., No. 11 Civ. 5058 (MKB) (RML), 2015 WL 7568642, at *3–4 (E.D.N.Y. Nov. 24, 2015); accord City of

7

Almaty, Kazakhstan v. Abyazov, No. 15 Civ. 5345 (AJN) (KHP), 2019 WL 3281326, at *8 (S.D.N.Y. July 3, 2019). "[C]ourts do not apply these factors" in every case, and "their application [is not] mandatory." Saray Dokum, 335 F.R.D. at 52.

**B. Application**

The Court finds that, on balance, the factors set forth above, and the current circumstances of this action, weigh against re-opening discovery. First, while trial is not imminent, the parties have been working for years to complete fact discovery and move this action toward dispositive motions and trial, at which time the parties' factual and legal disputes will finally be resolved. (See ECF Nos. 221; 236; 238; 244; 271; 286; 297; 302; 321; 333; 340; 364; 367).

Considering the second and third factors together, Defendants have opposed the Motion on valid grounds, including the prejudice posed by incurring additional costs in this five-year-old action as well as delaying the ultimate resolution of their defenses and the Novocins' bankruptcy proceeding. (ECF Nos. 379–80).

As to the fourth and fifth factors, the Court acknowledges that Ms. Trombetta, notwithstanding her pro se status, has been diligent and persistent in pursuing her claims in this action. Her Motion, however, does not explain what new discovery she seeks that she was unable to obtain previously, despite numerous fact discovery extensions. To the extent that Ms. Trombetta again seeks to dispute the substance of the declarations of Defendants' fact witnesses or experts' opinions (compare ECF No. 359 with ECF No. 377), as the Court has previously advised, the time to do so will occur "at summary judgment and/or trial." (ECF No. 364). In any event, Ms. Trombetta has known of Packer's existence from the early stages

8

of this action—as evidenced by her mentioning him in a proposed amended complaint (see ECF Nos. 33 at 8; 79; 80 (directing that Packer be removed from caption))—and therefore cannot show that she lacked an adequate opportunity to seek information from or about him during fact discovery. See Al-Anesi v. City of New York, No. 18 Civ. 8439 (LAK) (GWG), 2021 WL 4554628, at *3 (S.D.N.Y. Oct. 5, 2021) (denying motion to re-open discovery where party "had every opportunity to seek" witness's testimony before discovery closed); Saray Dokum, 335 F.R.D. at 52–53 (denying motion to re-open discovery where plaintiff did "not point[] to any impediment to seeking [witness's] deposition before" fact discovery closed).

As to the sixth and final factor, the Court fails to see how re-opening discovery would likely lead to the discovery of relevant evidence. Of Ms. Trombetta's three New Claims, one—the NYAARA Claim—was previously dismissed with prejudice, see Trombetta I, 414 F. Supp. 3d at 634, and another—the Identity Theft Claim—invokes a federal criminal statute, which does not provide a basis for civil liability, and, in any event, is an allegation she previously raised in the FAC. (ECF No. 36 at 5 ¶ 9). As to the third—the Emotional Distress Claim—Ms. Trombetta does not contend, nor could she, that Defendants have any relevant information about her emotional distress damages, nor does her filing of the SAC provide a reason to permit her to produce her own discovery that she "had a fully adequate opportunity" to produce during the lengthy fact discovery period in this action, Trebor Sportswear Co., 865 F.2d at 511, but apparently refused to do so. (See ECF min. entry Nov. 23, 2022; ECF Nos. 309-2; 319; 361; 379). See Burlington Coat Factory Warehouse Corp. v. Esprit De Corp., 769 F.2d 919, 927 (2d Cir. 1985) (affirming denial of additional discovery where party "had ample time in which to pursue the discovery that it now claims is essential").

In sum, the Court granted <u>six</u> discovery extensions, explained to Ms. Trombetta repeatedly "that expert discovery shall follow fact discovery[,]" and advised her "what her responsibilities [were]." (ECF No. 340 (citing ECF Nos. 195; 234; 291; 308; 328 at 41–42; 333)). In addition, "[t]here is no doubt that re-opening discovery will cause [Defendants] to incur costs and expenses associated with" responding to yet another round of discovery requests from Ms. Trombetta as to claims that either have already been dismissed (the NYAARA Claim), are of dubious merit (the Identity Theft Claim), or for which she previously refused to produce documents (the Emotional Distress Claim). <u>Moroughan v. Cnty. of Suffolk</u>, 320 F. Supp. 3d 511, 516 (E.D.N.Y. 2018). Under these circumstances, Ms. Trombetta has not shown good cause to re-open fact discovery.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, Ms. Trombetta's motion to re-open discovery is DENIED. The Court deems <u>all</u> discovery—fact and expert—closed. By **Friday, April 7, 2023**, the parties shall file any anticipated motions (i) for summary judgment pursuant to Federal Rule of Civil Procedure 56, and/or (ii) to proffer <u>or</u> exclude a party's experts pursuant to Federal Rule of Evidence 702 and <u>Daubert v. Merrill Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993). In the event that any party files such motion(s), the Court will then set a briefing schedule for the opposition and reply briefs. The Court refers the parties to Judge Abrams' Special Rules and Practices in Civil Pro <u>Se</u> Cases,[5] pursuant to which Defendants must serve on Ms. Trombetta the notices required under Local Civil Rule 56.2.

---

[5] <u>See</u> Special Rules and Practices in Civil Pro Se Cases, https://www.nysd.uscourts.gov/sites/default/files/practice_documents/ra%20SpecialRulesAndPractices InCivilProSeCases.pdf (last visited Mar. 7, 2023).

10

The Clerk of the Court is respectfully directed to (i) close ECF Nos. 377, 381, and 382, and (ii) mail a copy of this Opinion & Order to Ms. Trombetta at the address below.

Dated: New York, New York
March 7, 2023

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**

Mail To:   Annamarie Trombetta
175 East 96th Street
Apt. 12R
New York, New York 10128