UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANNAMARIE TROMBETTA,

Plaintiff,

-v-

NORB NOVOCIN, et al.,

Defendants,

CIVIL ACTION NO.: 18 Civ. 993 (RA) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge:

## I. INTRODUCTION

Fact discovery in this action closed on December 19, 2022, and expert discovery closed on March 1, 2023.  (ECF Nos. 340; 361).  Now before the Court is a letter filed by Defendant WorthPoint Corp. ("WorthPoint"), asking the Court to "determine a reasonable fee for the deposition of expert Mr. Patrick O'Leary in connection with this matter, if one is even warranted." (ECF No. 383).  Pro se Plaintiff Annamarie Trombetta ("Ms. Trombetta") plans to proffer Mr. O'Leary as an expert on the general topic of the structure of internet webpages, and he has prepared an affidavit, "not a report[,]" on Ms. Trombetta's behalf.  (See ECF No. 390-2 at 72, 86, 91).

In advance of his deposition, WorthPoint sent Mr. O'Leary a subpoena accompanied by a check in the amount of $40.00.  (ECF Nos. 388 at 1; 388-1 at 2; 390-2 at 35).  After his deposition, which took place via video on February 28, 2023 and lasted about five hours, Mr. O'Leary sent WorthPoint's counsel three invoices totaling $15,911.08, representing 24 hours of his time for deposition preparation, eight (8) hours of his time for the deposition, and eight (8) hours for

"Hearing over Expert Deposition[,]" plus $911.08 in expenses for driving time, mileage, tolls, and parking.  (ECF Nos. 383; 390-1; 390-2 at 1, 202–03).  To date, Ms. Trombetta has paid Mr. O'Leary "somewhere less than $1,000[]" for his services in this action.  (ECF No. 390-2 at 12).

Federal Rule of Civil Procedure 26(b)(4)(A) provides that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial." Fed. R. Civ. P. 26(b)(4)(A).  In addition, "[u]nless manifest injustice would result, the court must require that the party seeking discovery:  (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) . . . ." Fed. R. Civ. P. 26(b)(4)(E)(i).  A witness who serves "solely as a fact witness[,]" however, is entitled only "to the statutory witness fee under 28 U.S.C. § 1821."  Ajasin v. Ortiz, No. 19 Civ. 6814 (RA) (JLC), 2021 WL 1437551, at *1 n.2 (S.D.N.Y. Apr. 16, 2021); see, e.g., DeRienzo v. Metro. Transit Auth. & Metro-N. Rail Rd., No. 01 Civ. 8138 (CBM), 2004 WL 67479, at *2 (S.D.N.Y. Jan. 15, 2004) (holding that plaintiff's six treating physicians were fact, not expert, witnesses and thus limited to statutory witness fee).

"'While a party may contract with any expert it chooses, the court will not automatically tax the opposing party with any unreasonable fees charged by the expert.'" Reit v. Post Props., Inc., No. 09 Civ. 5455 (RMB) (KNF), 2010 WL 4537044, at *2 (S.D.N.Y. Nov. 4, 2010) (quoting Grady v. Jefferson Cnty. Bd. of Cnty. Com's, 249 F.R.D. 657, 662 (D. Colo. 2008)).  In addition, "it is well-settled that flat fees are disfavored and 'generally considered unreasonable.'" Ajasin, 2021 WL 1437551, at *2 (quoting Heiser v. Collorafi, No. 14 Civ. 464, 2016 WL 1559592, at *2 (N.D.N.Y. Apr. 18, 2016)).   Courts thus consider the following factors in assessing the reasonableness of an expert's requested fee:

> (1)  the witness's area of expertise; (2) the education and training that is required to provide the expert insight that is sought; (3) the prevailing rates for other

comparably respected available experts; (4) the nature, quality[,] and complexity of the discovery responses provided; (5) the cost of living in the particular geographic area; (6) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26; (7) the fee being charged by the expert to the party who retained him; and (8) fees traditionally charged by the expert on related matters.

Wile v. James River Ins. Co., No. 17 Civ. 1275S (SR), 2020 WL 410071, at *4 (W.D.N.Y. Jan. 24, 2020); accord, Broushet v. Target Corp., 274 F.R.D. 432, 433 (E.D.N.Y. 2011). "The district courts in the Second Circuit have consistently held that time spent by an expert preparing for a deposition is compensable under Rule 26(b)(4)[(E)(i),]" and that "time spent traveling to and from the deposition, and the expenses incurred during travel, so long as they are reasonable, are compensable under Rule 26(b)(4)[(E)(i)]." New York v. Solvent Chem. Co., 210 F.R.D. 462, 471–72 (W.D.N.Y. 2002). "The general rule . . . is that compensation for travel time should be half the regular hourly amount charged." Mannarino v. United States, 218 F.R.D. 372, 377 (E.D.N.Y. 2003). Further, "[s]everal district courts in the [Second] Circuit have held that the time spent preparing for a deposition should not exceed the time spent conducting the deposition itself." Conte v. Newsday, Inc., No. 06 Civ. 4859 (JFB) (ETB), 2012 WL 37545, at *3 (E.D.N.Y. Jan. 9, 2012) ("Newsday II") (collecting cases). The party seeking to be reimbursed bears the burden of demonstrating that the fee sought is reasonable. See Solvent Chem. Co., 210 F.R.D. at 468.

Ordinarily, "parties seeking court intervention to determine a reasonable fee for an expert deposition should do so retrospectively—that is, after the deposition has taken place." Conte v. Newsday, Inc., No. 06 Civ. 4859 (JFB) (ETB), 2011 WL 3511071, at *3 (E.D.N.Y. Aug. 10, 2011) ("Newsday I"). Although Mr. O'Leary's deposition has occurred, WorthPoint has indicated that it may "move to preclude Mr. O'Leary from testifying at trial under

3

Daubert[1] and for other reasons." (ECF No. 383 at 1 n.1). As noted above, the amount of fees to which Mr. O'Leary is entitled depends on whether he is an expert witness entitled to reasonable fees under Rule 26(b)(4)(E)(i), or a fact witness entitled to the statutory fee under 28 U.S.C. § 1821. Accordingly, WorthPoint's request for a determination of the fees to which Mr. O'Leary may be entitled is DENIED WITHOUT PREJUDICE to renewal following a determination by the Court whether he will serve as an expert, or as a fact, witness in this action.

The Clerk of the Court is respectfully directed to (i) close ECF No. 383, and (ii) mail a copy of this Order to Ms. Trombetta at the address below.

Dated:         New York, New York          SO ORDERED.
               March 20, 2023

**SARAH L. CAVE**
**United States Magistrate Judge**

Mail To:       Annamarie Trombetta
               175 East 96th Street
               Apt. 12R
               New York, New York 10128

_____

[1] Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993).