UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

Annamarie Trombetta,,

                    Plaintiffs,

         -against-

Norb Novocin, et al.,

                   Defendants

-------------------------------------------------------------------------X

Civil Action No: 18-cv-00993 (RA) (SLC)

**DECLARATION IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE**

**JANA S. FARMER**, hereby declares the following under the penalties of perjury;

1.      I am a member of the law firm of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, attorneys of record for the defendant, WORTHPOINT CORPORATION (hereinafter "WorthPoint"). By virtue of my association with this firm and my work with this file, I am fully familiar with the facts and circumstances of this action as set forth herein.

2.      I submit this declaration in support of WorthPoint's motion seeking an Order pursuant to F.R.E., precluding, on summary judgment and at trial: (1) the testimony and report of Plaintiff-designated experts Dr. Joseph Scelsa and Ms. Gayle M. Skluzacek; and (2) the testimony and affidavit, as well as the unfounded inferences and conclusions on liability and damages from Mr. O'Leary, as well as any testimony on issues not contained within his disclosure; (3) any documentary evidence that Plaintiff attempts to introduce that she had not disclosed during discovery; and (4) for such other, different and further relief as the Court in its discretion may deem just and proper.

3.      This matter emanates from a claim that a painting that was sold by co-defendants (Estate Auctions, Inc. and the Novocins) on eBay in 2012 was wrongfully attributed to Plaintiff, and a claim that WorthPoint's subsequent publication of the reported sales information on its

platform, which gives subscribers access to historical prices for the sale of art and collectibles, violated Plaintiff's copyright.  As against WorthPoint, Plaintiff claims that the 2015 report of the sale of a painting she claims she did not paint, with the biographical information that was attached, damaged her.[1]

4.       Annexed hereto as **Exhibit "A"** are seven (7) documented communications from WorthPoint's counsel to Plaintiff concerning the need for expert disclosures for Plaintiff's proposed experts Dr. Scelsa, Ms. Skluzacek and Mr. O'Leary.

5.       Annexed hereto as **Exhibit "B"** is the expert disclosure and "Affidavit" for Patrick O'Leary.

6.       Annexed hereto as **Exhibit "C"** is Plaintiff's untimely February 16, 2023 disclosure and expert report of Dr. Scelsa.

7.       Annexed hereto as **Exhibit "D"** is the Transcript of the November 23, 2022 Conference with the Court wherein Ms. Trombetta was advised that if she was going to claim emotional distress, she would need to provide a medical report showing causation, medical records and an authorization to obtain the treating provider's file.

8.       Annexed hereto as **Exhibit "E"** is the Plaintiff's untimely February 21, 2023 disclosure and report of Ms. Skluzacek.

9.       Annexed hereto as **Exhibit "F"** is the Deposition Transcript of Mr. O'Leary.

Based upon the facts described in the attached Memorandum of Law, the exhibits annexed hereto, the countless documents filed by Plaintiff on the docket and the Court's responses thereto, and the proceedings heretofore had herein, it is clear that the Plaintiff's expert disclosures for Dr.

---

[1] Plaintiff's claims against WorthPoint are untimely and are otherwise not meritorious.  WorthPoint will separately be moving for summary judgment.

8563939v.1

Joseph Scelsa and Gayle Skluzacek are untimely and inadequate, Dr. Scelsa and Ms. Skluzacek are not competent to act as experts based on their disclosures and the opinions they seek to render, and that Patrick O'Leary's expert "Affidavit" is irrelevant to the issues in this matter and he is otherwise not competent to render the opinions he seeks to provide based upon his disclosure.

**WHEREFORE**, WorthPoint seeks an Order pursuant to F.R.E, precluding, on summary judgment and at trial: (1) the testimony and report of Plaintiff-designated experts Dr. Joseph Scelsa and Ms. Gayle M. Skluzacek; and (2) the testimony and affidavit, as well as the unfounded inferences and conclusions on liability and damages from Mr. O'Leary, as well as any testimony on issues not contained within his disclosure; (3) any documentary evidence that Plaintiff attempts to introduce that she had not disclosed during discovery; and (4) for such other, different and further relief as the Court in its discretion may deem just and proper.

Date: April 7, 2023                               Respectfully submitted,

                                                  WILSON ELSER MOSKOWITZ EDELMAN
                                                  & DICKER LLP

                                                  *s/ Jana S. Farmer*
                                                  Jana S. Farmer, Esq.

8563939v.1