May 11, 2022

The Honorable Judge Ronnie Abrams
United States District Court Southern District of New York
40 Foley Square, Room 2203 New York, NY 10007

**RE:  1- Plaintiff's  Response to Defendants Letter ECF 341.**
      **2-  FRCP  Rule 11 Courts  granting  pro se litigant reasonable attorney's fees.**
      **3- Reference to ECF 317  dated November 22, 2023  Entitled   Defendant's Email**
          **Forewarning  Plaintiff of Imposed   Attorneys Fees as Opposed to Resolutions).**

The Honorable Judge Abrams,

   Plaintiff set forth this letter in response to ECF 461.  Plaintiff asks the Court to please consider that I am a Pro se litigant in search of clarification of a contributory statues and fines applicable to my settlement amount which I was ordered to produce by May16, 2023.  In reviewing Defendants May 10, 2023 letter (ECF 461),  Ms Farmer has reference  Kay v. Ehler, 499  in 1991, a lawsuit, in which  Richard B. Kay was a lawyer, and chose to self represent his case. He requested attorneys fees before the Supreme Court. WorthPoint's attorneys letter and referenced case is not applicable and inapposite to Plaintiff's case.  Plaintiff 's  May 9, 2023 letter (ECF 460), was set forth to  petitioned the Court for  financial consideration for my time to litigate my case, amongst other clarification inquires in addressing the laws in calculating  my settlement amount.

   Since 2015,  now proven by  the prolonged production of all signatures, Plaintiff stated I did not paint the 1972 oil painting.  Plaintiff cannot afford  the hourly rate of a lawyer nor can I  allow both Defendants to circulate  fraudulent internet posts while creating a " false"  secondary art market using my name. With the intent to legally remove my name from the false 1972 oil painting and in the hope of recouping some of my losses, while instilling  future protections against both Defendants;  Plaintiff sought legal recourse.

   Plaintiff 's consultations with law firms has been  limited and ongoing. The  rate of a lawyer to fully litigate my case ranges from five hundred to nine hundred dollars—- per hour.   This  is not feasible for the Plaintiff, particular due to my ongoing financial losses since this ordeal began eight years ago.  My petition to request compensation  in ECF 460, is in concert with  FRCP Rule 11. Rule 11 addresses  fee-shifting provisions in federal statutes that  permits  motions for attorney's fees in federal district courts for Pro Se litigants.  The use of FRCP Rule 11, is considered if a court   feels that a substantial monetary sanction upon parties will dissuade from  frivolous assertions and  the elongation of  litigation in violation of the rule's prescriptions.  A sanction imposing the mere costs incurred by a pro se litigant - for example, filing and copying costs - would be insignificant and thus would   not  deter future abusive conduct.  A fees award for Pro Se litigants,  carries a large enough financial obligation, that will serve the appropriate deterrent effect. Deterrence must underlie any Rule 11 decision, since  "the purpose of Rule 11 sanctions is to deter" abusive practices and frivolous arguments. Among all the sanctions a trial judge could choose, the  shifting  of  attorney's  fees  will  fulfill  the  goals  of  Rule  11.   Plaintiff's  petition  for  financial compensation  is the  <u>FIRST</u>  clarification  I  am seeking from the Court.

    As Plaintiff implied in ECF 461,  both Defendants have submitted numerous statements of facts requiring an enormous amount to time.  Plaintiff  is obligated to  respond to the Defendants numerous statement of facts, or they will be deemed true.  Some of  Defendants  numerous statements are indeed

frivolous. Throughout litigation, the lack of production of evidence by both Defendants has been ongoing and caused a great loss of time which is a true deterrent in ending this case.

Preceding the summary judgment statements of facts, Estate Auctions Inc produce an eBay sales receipt in April 2022 that was the cut off, The first eBay receipts produced for the 2012 eBay receipt which was unverifiable. Months later, the production of three other different, receipts for the eBay my request made it difficult to determine which of the four is the actual receipt. On November 23, 2022 Plaintiff requested the electronic email for the 2012 eBay receipt and never received it. In addition, three years earlier, Estate Auctions Inc. ignored Plaintiff's request on April 24, 2019 Doc. 22, on page 10 to produce the red signature on the back of the painting. Estate Auctions Inc failed to produce my request for the red pencil signature until April 2022, The red signature misspelled Plaintiff's name in three ways. In April 2022 when the Plaintiff produce my childhood signature from 1972, days later Defendants finally produced the red signature. The loss of three years is a significant amount of time, Besides these instances, on September 21, 2022, in Norb Novocin deposition, he admitted the oil signature on the front of the painting was "garbled and noted in EAI statement of facts in No. **21**. *Norb spent a half an hour or less creating EAI's eBay listing for the Painting and did not read the biography he found for Plaintiff on askArt.* Plaintiff has referenced and now requests the Court to review ECF 317, filed on November 22, 2022, before the November 23, 2022 conference call presided by Judge Sarah Cave. The threat of imposing attorneys fees upon the Plaintiff before and after the conferences call was implemented by both attorneys. Plaintiff reminds the Court at the end of the call, my request for settlement talks was rejected by all attorneys. After the Nov. 23, 2022 call, both attorneys emailed me a notice of their intent to request attorneys fees upon the conclusion of my case. Both attorneys did so after intentionally failing to email Plaintiff the electronic 2012 eBay email that Judge Cave ordered during the call. Instead Plaintiff received ambiguous coding. Plaintiff 's <u>Second</u> clarification request is for damages due to fraud in the Second Circuit Court.

WorthPoint Defendants have given contradictory and multiple replies to one question—"when was the false 1972 post added (ingested) on WorthPoint's website?" WorthPoint's attorneys in April 2022, in their interrogatory responses and in WorthPoint's production of documents confirmed in writing, they did not know the date. At the same time the attorneys produced WorthPoint's evidence. In an email from Jason Packer in WP 000130, Mr. Packer wrote the date for the false 1972 post, added to WorthPoint's website on March 5, 2016. For months, Plaintiff kept requesting WorthPoint's attorneys for the designated date and with each request the attorneys stated they did not know. In addition, Jason Packer's January 19, 2023 declaration incorrectly states my email used in contacting WorthPoint was my website email at annamarie@trombettaart.com which is simply not true. This type of gamesmanship prompted the Plaintiff to find FRCP Rule 11 as a possible deterrent from any further willful contradictions. Plaintiff is not the artist and did not paint the 1972 oil which has always been an "a priori" statement. Further statements issued by the both Defendant should be deemed as conflated conjecture to elongate and initiate a trial.

Pro Se Plaintiff notes the DMCA laws, the designated date of WorthPoint's infringements. According to the laws of DMCA a violation of infringement occurs when WorthPoint **(1)** had "actual knowledge that the material or an activity using the material on the system or network is infringing" or "in the absence of such actual knowledge, is aware of facts or circumstances which infringing activity is apparent" (often referred to as "red-flag" knowledge and <u>willful blindness,</u> and **(2)** "upon obtaining such

knowledge or awareness, <u>does not act   expeditiously to remove or disable access to, the material."</u> Plaintiff's  the DMCA laws  to calculate my  settlement means:

 1) WorthPoint Corp was  liable when Anita Brooks issued  a statement  on  November 16, 2015, falsely misdirecting Plaintiff  to contact  eBay  to remove  the false  link deemed   by DMCA as <u>"red-flag" knowledge</u>. and/or on January 22, 2016, when  Plaintiff contacted WorhPoint  to remove the false 1972 post after I  confirmed with eBay the post was on WorthPoint's website, only they could  remove the false post from their website.

2) According to the DMCA laws any and all  posting past the January 22, 2016 date should be deemed as date of infringement  by WorthPoint Corporation  who failed to respond to the Plaintiff  causing me to call  on Jan. 31 2016 and Feb. 1, 2016.  I also continued to email WorthPoint who failed to respond to my written requests.   In addition, any internet  posts and all emails sent to Plaintiff 's Yahoo account  2016 is also a violation of my requests and my rights The fact that  WorthPoint Corp sent an email to Plaintiff's website email address on <u>March 25, 2022</u>  is   proof that my information is in their data base. The <u>THIRD</u> issue of clarification I am seeking from the Court   are the DMCA statutory damages if multiplied by "each violation" of the DMCA  as a the separate per  violation infringement in the Second Circuit Court.

   My petition for compensation for litigating my case in is tandem with the "gamesmanship" played by both Defendants who have consistently imposed endless demands, rejected settlement talks, while threatening  the  Plaintiff  stating they will be  seeking to impose their attorneys fees upon the Plaintiff. More importantly, both Defendants have bound the Plaintiff hands and both hands on the clock with excessive and false statements of facts, written in such a way they demand the Plaintiff to dispute many false assertions. Plaintiff additional letter is filed to address in detail, to the Court and  to WorthPoint's attorneys  what Defendants   stated was unclear in ECF 340.


May 11, 2023                                          Respectfully Submitted,

Annamarie Trombetta                        ——— Electronic Signature———-
175 East 96th Street (12 R)
New York, New York 10128                    /s/  *Annamarie Trombetta    May 11, 2023*
                                              _____

                                                    Annamarie Trombetta