UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

Annamarie Trombetta,

                Plaintiff              C.A. NO. 18-CV-993 (RA) (SLC)

VS.

Norb Novocin, Marie Novocin and
Estate Auctions Inc. and WorthPoint Corp.,

                Defendants.
_____

## DEFENDANT'S WORTHPOINT CORP.'s COUNTER STATEMENT OF FACTS

Pursuant to Rule 56.1(b) of the Local Rules of the United States Courts for the Eastern and Southern Districts of New York, Defendant WorthPoint Corporation ("WorthPoint") responds as follows to each statement, numbered 1 through 18, in Plaintiff's Rule 56.1 Statement of Undisputed Material Fact In Support of Plaintiff, Annamarie Trombetta's Motion for Summary Judgment in the above-captioned action:

### Plaintiff's Statement #1[1]

Artist Annamarie Trombetta known professionally as a realist artist created a self authored biography for the artist's personal catalog and artist website in 2003, New York City. The self authored personal biography which contained irrefutable, personal, ("Subject Infringed Self Authored Biography"), self identifying information to artist Annamarie Trombetta as the one and only true author of the artist's personal life experiences (birthplace) travels, education and professional colleagues and friends.

**Response: WorthPoint lacks sufficient information to form a belief as to the truth of this compound statement. Furthermore, Plaintiff failed to timely file or serve the Declaration that she is citing in purported support of this statement.**

---

[1] Plaintiff's 56.1 Statement contains two statements No. 15. WorthPoint's response addresses each statements consecutively, meaning that response No. 16 addresses Plaintiff's second statement No. 15, etc.

1

**Plaintiff's Statement #2**

Plaintiff/artist Annamarie Trombetta created the subject Personal Biography as an original work of art and registered her Biography and Plaintiff's Personal Artist's website with the Copyright Office, receiving an approved registration numbered TZ-8-655-807. At all relevant times, Plaintiff Annamarie Trombetta owned all copyrights and had a copyright sign and notice on her artist's website since 2003 which states *"All work on this site are © Annamarie Trombetta. All rights reserved."*

**Response: Disputed. WorthPoint lacks sufficient information to form a belief as to the truth of this compound statement in the form alleged. Plaintiff did not register the copyright in her biography until 2018 (ECF #447-2, Page 15), after the events complained of herein took place. Furthermore, Plaintiff failed to timely file or serve the Declaration that she is citing in purported support of this statement.**

**Plaintiff's Statement #3**

Defendants Estate Auctions Inc and Norb and Marie Novocin the latter two of which own or owned EAI and will be referred to as the "Individual Defendants" herein, copied and exploited Annamarie Trombetta's personal, self authored original biography in advertising and marketing materials on eBay Auctions accounts without the knowledge or consent of Plaintiff and without Plaintiff's Copyright identifying notice *"All work on this site are © Annamarie Trombetta. All rights reserved."* Plaintiff as the author and owner of the Subject Plaintiff's Copyrighted Personal Biography The copyright infringement was used for commercial and financial gain and to sell a damaged oil painting dated 1972. The unauthorized infringement was use to falsely attribute Plaintiff/Artist Annamarie Trombetta as the artist that created/painting the large oil painting which was torn and sold for $181.50 which depreciates the my current Plaintiff current market value.

**Response: Disputed to the extent that this compound statement implies that plaintiff's biography was used for commercial or financial gain by WorthPoint; or that WorthPoint used plaintiff's biography to sell any painting. Plaintiff has also failed to demonstrate that any of the events described in this paragraph caused her market value to depreciate. Furthermore, Plaintiff failed to timely file or serve the Declaration that she is citing in**

2

purported support of this statement. WorthPoint otherwise takes no position with respect to the statements in this paragraph that pertain to co-defendants.

**Plaintiff's Statement #4**

Defendant EAI Norb and Marie Novocin first exploited the Plaintiff Personal Biography as part of an online display and alleged sale on eBay of an oil painting in 2012. Plaintiff and her colleagues found the eBay ad in August 2015. One month earlier, for the first time Plaintiff signed into eBay's website, on or around July 2015. A few weeks after Plaintiff signed onto eBay's website, listed under my name was a false 1972, incorrect attribution with my self authored biography that was truncated and preceded with Estate Auctions Inc.,'s company description Plaintiff's biography was altered mid sentence with three dots added inferring the sentient and biography continued. Plaintiff's CMI from my website was removed.

**Response: WorthPoint lacks sufficient information to form a belief as to the truth of this compound statement as it pertains to the actions by Plaintiff and co-defendants. Furthermore, Plaintiff failed to timely file or serve the Declaration that she is citing in purported support of this statement. To the extent that Plaintiff claims Plaintiff's CMI from her website was removed by WorthPoint, this claim is disputed.**

**Plaintiff's Statement #5**

The EAI eBay 1972 oil painting ad with Plaintiff copyright biography falsely claims Plaintiff is the artist, which I am not. The EAI eBay 1972 oil painting ad falsely stated EAI took my biography from askART. The oil painting was allegedly sold in 2012. Plaintiff gave my consent to have my biography listed on askART in 2015 to Bob Bahr author. My Novocin falsely stated I am the artist who painted the 1972 painting and I did NOT. Novocin that he took my Biography for askART which Plaintiff's proof can refute a second false claim by Norb Novocin. Since Novemeber 2001 he has been a member of askART.

**Response: WorthPoint lacks sufficient information to form a belief as to the truth of this compound statement as it pertains to the actions by Plaintiff and co-defendants. Furthermore, Plaintiff failed to timely file or serve the Declaration that she is citing in purported support of this statement.**

3

283496356v.1

**Plaintiff's Statement #6**

There is no dispute that Defendants have created infringing derivative works from the Plaintiff's Subject Self Authored Biography.

**Response: Disputed. WorthPoint licensed the use of past eBay auction results, including the past auction listing for the painting "Man with Red Umbrella." (ECF No. 425-7, Seippel Decl, at ¶¶8-9; ECF No. 425-1, Plaintiff's deposition, p. 198), and at the direction of its licensing partner downloaded hundreds of thousands of completed sales. ECF No. 425-7, Seippel Decl. at ¶8, 10. The WP Report was posted using automated processes without any manual review.** *Id.***, at ¶10. WorthPoint did not review or edit the Auction Listing before the WP Report was generated. ECF No. 425-2, Novocin Deposition, at p. 79, l. 24, through p.80, l. 3; ECF No. 425-7, Seippel Decl., ¶13. Furthermore, WorthPoint disputes that the WorthPoint report of the Auction Listing (the "WP Report") is infringing and notes that this statement by Plaintiff constitutes an improper legal conclusion of law rather than a statement of fact. Furthermore, Plaintiff failed to timely file or serve the Declaration that she is citing in purported support of this statement.**

**Plaintiff's Statement #7**

There is no dispute that both Defendants have failed to produce the 12 photos of the oil painting listed and documented in the online eBay ad for the 1972 Original Oil Painting entitled "Man With Red Umbrella."

**Response: Disputed. This statement by Plaintiff constitutes an improper legal conclusion of law rather than a statement of fact. Furthermore, Plaintiff failed to timely file or serve the Declaration that she is citing in purported support of this statement. The Court has deemed all discovery issues to be resolved and discovery closed. ECF No. 340. Plaintiff was advised in WorthPoint's Responses and Objections to Plaintiff's Request for Production of**

283496356v.1

Documents, dated April 8, 2022, that it had produced all photographs in its possession. See, ECF 470-2.

**Plaintiff's Statement #8**

There is no dispute that WorthPoint Corporation Defendants have failed to produce the requested Customer Support Ticket Entries with No. Ticket No. 57565 RE Fraudulent artwork dated Feb. 1, 2016 and the first request dated Jan 22, 2026 for Ticket No. 56607 RE WorthPoint Price Guide Membership subscription and Plaintiff's request to remove false 1972 post.

**Response: Disputed. This statement by Plaintiff constitutes an improper legal conclusion of law rather than a statement of fact. Furthermore, Plaintiff failed to timely file or serve the Declaration that she is citing in purported support of this statement. The Court has deemed all discovery issues to be resolved and discovery closed. ECF No. 340. Plaintiff was advised in WorthPoint's Responses and Objections to Plaintiff's Third Request for Production of Documents, dated August 15, 2022, that WorthPoint is no longer in possession of any takedown tickets submitted by Plaintiff in 2016. See, Exhibit "A" of Farmer Declaration.**

**Plaintiff's Statement #9**

After Plaintiff's initial notice of infringement in 2016, WorthPoint took no steps to ensure that it wouldn't happen again.

**Response: Disputed. Upon learning of Plaintiff's claim and request to take down the content, WorthPoint caused the WP Report to be permanently deleted from WorthPoint's website on February 4, 2016. ECF No. 425-7, at ¶16,** *see also***, ECF No. 61-1 at ¶ 5. Furthermore, Plaintiff failed to timely file or serve the Declaration that she is citing in purported support of this statement.**

**Plaintiff's Statement #10**

There is no dispute that Plaintiff first contacted WorthPoint on Jan. 22, 2016 and spoke to Anita Brooks by phone and sent emails to WorthPoint.

5

**Response: Disputed. Plaintiff contradicts her own statements in the Memorandum of Law, Docket 432, page 5, where she claims that she first contacted WorthPoint at some point in 2015. Furthermore, Plaintiff failed to timely file or serve the Declaration that she is citing in purported support of this statement.**

**Plaintiff's Statement #11**

There is no dispute that Plaintiff contacted WorthPoint on Feb. 3, 2016 and spoke to Gregory Watkins by phone and sent emails to WorthPoint.

**Response: WorthPoint does not dispute that plaintiff contacted WorthPoint on February 3, 2016 and spoke to Gregory Watkins by phone, and that she communicated with WorthPoint by email on several dates. WorthPoint notes, however, that Plaintiff failed to timely file or serve the Declaration that she is citing in purported support of this statement.**

**Plaintiff's Statement #12**

There is no dispute that Will Seippel WorthPoint Corp. published and evidenced in responded to Plaintiff's first email on February 20, 2016 and wrote "we will remove."

**Response: Disputed. This statement is vague, ambiguous and not clearly stated. To the extent that Plaintiff alleges WorthPoint published this e-mail for public viewing, this statement is not true. WorthPoint does not dispute that Plaintiff e-mailed Mr. William Seippel on February 20, 2016, at 10:24 a.m. On February 20, 2016, at 10:35 a.m., Mr. Seippel's response stated the following:**

> **We unfortunately do not take the data from eBay you are asking for. We only obtain selling price, pictures and the description. We do not obtain sellers, buyers and all such information you are asking for. I am sorry we do not do that but we never had and it is more information than we are allowed to collect. I do not think that data actually exists anywhere at this point as we are the only persons that have saved this to my knowledge. Since you are the artists, and I have no reason to doubt that, and you feel this is fraudulent, we will**

>  remove the item from the site so that it does not mislead anyone on your paintings.
>
>  *See*, ECF 447-3. WorthPoint further notes that Plaintiff failed to timely file or serve the Declaration that she is citing in purported support of this statement.

**Plaintiff's Statement #13**

There is no dispute that Second Defendants WorthPoint Corp. published and evidenced in the January 4, 2017 emails in WP000132, WP000133, WP000134 the 1972 oil painting URL on WorthPoint's website.

**Response: Disputed. This fact is vague, ambiguous and not clearly stated. To the extent Plaintiff is stating that she e-mailed William Seippel on January 4, 2017, WorthPoint does not dispute that such email exists. To the extent that Plaintiff alleges WorthPoint published this e-mail for public viewing, this statement is not true. Further, WorthPoint notes that Plaintiff was provided with an e-mail from Will Seippel to Jason Packer, dated January 4, 2017, stating that "[t]here is nothing on [WorthPoint's] site from [Plaintiff], just th[e] link that Google keeps recognizing." See, ECF No. 447-3, at p. 37. WorthPoint further notes that Plaintiff failed to timely file or serve the Declaration that she is citing in purported support of this statement.**

**Plaintiff's Statement #14**

The Infringing eBay ad was an important part come to their site and purchase the WorthPoint Membership of Defendants' online business, and both companies benefitted on the back of its marketing efforts, which took place solely online.

**Response: Disputed. This fact is vague, ambiguous and not clearly stated. WorthPoint provided free public access to the WP Report of the eBay Auction Listing, except for the price for which it sold. ECF No. 425-1 at p. 87, 205, 215. WorthPoint's primary offering, the Worthopedia (also referred to as WorthPoint's "Price Guide"), is a searchable online**

7

database that provides users with historical pricing data from actual auction and retail sales. ECF No. 425-7 at 4. Moreover, Plaintiff herself admitted that she was able to access the entire Listing on WorthPoint's website for free, before she signed up for a paid membership to find out for how much the Painting sold (she subsequently cancelled her membership and never paid the bill). ECF No. 425-1, Plaintiff's Deposition, at pp. 87, 205, 215.  WorthPoint further notes that Plaintiff failed to timely file or serve the Declaration that she is citing in purported support of this statement.

**Plaintiff's Statement #15**

WorthPoint advertises sale because it "want[s] people come to their site and purchase the WorthPoint Membership.

**Response: Disputed.** WorthPoint provided free public access to the WP Report of the eBay Auction Listing, except for the price for which it sold. ECF 425-1, at p. 87, 205, 215. Plaintiff attempts to provide a quote from her own testimony to support this fact. As stated by Will Seippel, the Chief Executive Officer of WorthPoint, WorthPoint's primary offering, the Worthopedia (also referred to as WorthPoint's "Price Guide"), is a searchable online database that provides users with historical pricing data from actual auction and retail sales. ECF No. 425-7, Seippel Decl at 4.  Moreover, Plaintiff testified and admitted that she was able to access the entire Listing on WorthPoint's website for free, before she signed up for a paid membership to find out for how much the Painting sold (she subsequently cancelled her membership and never paid the bill). ECF No. 425-1 Plaintiff's Deposition, at pp. 87, 205, 215.   WorthPoint further notes that Plaintiff failed to timely file or serve the Declaration that she is citing in purported support of this statement.

**Plaintiff's Statement #16**

There is no dispute that the signature A. Trombetta on the front of the 1972 Original Oil Painting entitled Man with Red is not the Plaintiff's signature.

**Response: This fact is vague, ambiguous and not clearly stated. WorthPoint lacks sufficient information to form a belief as to the truth of this statement. WorthPoint further notes that Plaintiff failed to timely file or serve the Declaration that she is citing in purported support of this statement.**

**Plaintiff's Statement #17**

There is no dispute that the signature in red pencil on the back stretcher bar of the 972 Original Oil Painting entitled Man With Red is not the Plaintiff's signature.

**Response: This fact is vague, ambiguous and not clearly stated. WorthPoint lacks sufficient information to form a belief as to the truth of this statement. WorthPoint further notes that Plaintiff failed to timely file or serve the Declaration that she is citing in purported support of this statement.**

**Plaintiff's Statement #18**

There is no dispute that the Plaintiff is not the artist who painted the 1972 Original Oil Painting Entitled Man with Red.

**Response: This fact is vague, ambiguous and not clearly stated. WorthPoint lacks sufficient information to form a belief as to the truth of this statement. WorthPoint further notes that Plaintiff failed to file or timely serve the Declaration that she is citing in purported support of this statement.**

Date: May 30, 2023

Respectfully submitted,

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

*s/ Jana S. Farmer*
Adam R. Bialek, Esq.
Jana S. Farmer, Esq.

                                                            150 E. 42nd Street
New York, New York 10017-5639
(212) 490-3000
Fax (212) 490-3038
Adam.Bialek@wilsonelser.com
Jana.Farmer@wilsonelser.com

TO:

Annamarie Trombetta
Plaintiff Pro Se
175 East 96th Street, Apt. 12R
New York, NY 10128

Anderson Duff
Hogan Duff, LLP
Attorney for Defendants
Norb Novocin, Marie Novocin
And Estate Auctions, Inc.
43-10 Crescent St. Ste. 1217
Long Island City, NY 11101
(646) 450-3607
ajd@hoganduff.com