**In The United States District Court For Southern District of New York**

_____

Annamarie Trombetta,

    Plaintiff,

      vs.

Norb Novocin, Marie Novocin,

    Estate Auctions Inc.

      and

WorthPoint Corporation

    Defendants

_____

Civil Action No. 18-cv-0993-RA-HBP

**PLAINTIFF'S REPLY**

**TO ESTATE AUCTIONS INC. 'S**

**DEFENDANTS' COUNTER STATEMENTS**

**MATERIAL FACTS IN DISPUTE**

## PLAINTIFF'S REPLY TO ESTATE AUCTIONS INC.'S RESPONSE

## TO PLAINTIFF'S STATEMENT OF FACTS RULE 56.1

## DEFENDANT'S COUNTER STATEMENTS OF

## MATERIAL FACTS IN DISPUTE

    Due to the libelous false statement disputed by EAI in their responses to Plaintiff's Statements of Material Facts, Plaintiff begins with EAI Responses to No. 15 thru No. 17.

PLAINTIFF"S STATEMENT OF FACTS NO. 15 —- ON PAGES 2 TO 5

PLAINTIFF"S STATEMENT OF FACTS NO. 16 —- ON PAGES 6 TO 8

PLAINTIFF"S STATEMENT OF FACTS NO. 17 ——ON PAGES 9 TO 12

## PRELIMINARY  STATEMENT

Pro Se Plaintiff,  Annamarie Trombetta,  on April 17, 2023  filed seventeen Statements of  Undisputed  Material Facts Rule 56.1  noted in  ECF 433.   On May  30, 2023   Defendant's attorney Anderson Duff representing  Estate Auction Inc. and Norb and  Marie  Novocin filed Defendants responses in ECF  477-1 which  have false insinuations that  are highly  libelous and exemplify another assault against Plaintiff's character.

## ARGUMENT

Plaintiff  brings to the Court's attention    Plaintiff's  three  Statements of  Facts pertaining  to the  EAI photos depictions of the front and back signatures  allegedly on the "1972 Oil Painting Man With Red Umbrella". Plaintiff 's undisputed statement was disputed by EAI. First, Plaintiff  takes  issue with Defendants' repetitive response statements  in  No. 15, 16 and 17,  which falsely asserts and insinuate a statement that  again is incriminating to  my character.

### PLAINTIFF"S  STATEMENT OF FACTS  NO. 15

No. 15.  There is no dispute that the signature A. Trombetta ,on the front of the 1972 Original Oil Painting entitled  Man With Red is not the Plaintiff's signature.

**EAI Defendants' Response: Disputed. The record does not demonstrate with evidence aside from Plaintiff's testimony that this statement is true, and Plaintiff has demonstrated that she is willing to make misrepresentations while under oath.**

Plaintiff finds  the libelous statements  by  Defendants  _"Plaintiff  has demonstrated  that she is willing to make  misrepresentations  while  under oath"_  to be  spurious and  devoid of any evidence  and  is  consistent with Defendants other  public,  falsely written statements against Plaintiff.  Defendants first  false  public statement  that  initiated  Plaintiff's lawsuit,  is the caption by  EAI in their self created  auction ad, on WorthPoint's webpage  incorrectly claiming the "1972  Original  Oil  Painting  Man With Red  Umbrella   was   Signed Annamarie Trombetta by New York Listed  Artist "  Plaintiff's name  and  designated  location was in  Estate Auctions

Inc's public, written false statement however, EAI's ad never featured a photo signature "Annamarie Trombetta", rather the photo in the Estate Auctions Inc's advertisement was a signature depicting "A. Trombetta". Norb Novocin admitted, on page 38 of his Sept. 21, 2022 deposition, that even he found the alleged "A. Trombetta signature on the front of the canvas to be *"garbled and kinda hard to read"* evidenced on page 38 in **EXHIBIT #1A** . The second admission by Mr. Novocin admitting he could not discern the A. Trombetta signature is on Page 52 in **EXHBIT #1 B .** WorthPoint's attorneys asked Mr. Novocin *" When you looked at the back of the stretcher and you saw the words Annamarie Trombetta that we discussed earlier, did it help you interpret what the signatures may have read ?* Norb Novocin replied *" It certainly interpreted the last name. I couldn't do anything for that first initial."* On Page 47 from Norb Novocin's Sept. 21st deposition in **EXHBIT #1 C,** WorthPoint's attorneys further questioned Mr. Novocin about the allegedly 12 photos in the EAI ad for the 1972 oil painting and about the signature. WorthPoint's attorneys asked *"Sir, how do you know that?"* Norb Novocin replied *"Because if there's anything we have seen over and over is this signature. It came off of Worthpoint. It's the only signature or only picture that survived on Worthpoint. Why, I don't know. That's how we know. It just was there."* On pages 31- 32, and pages 83 to 86, of Mr. Novocin deposition**, in EXHIBIT #1 D,** he was questioned if he saw any "Tear" in the painting written in the WorthPoint webpage statement *"It is quite large being approx. 48 1/2" tall and 17 1/2" wide. We are calling it shabby chic condition as it has a tear in the canvas, about 5/8" long just to the left of the man's knees,"* Novocin viewed the photo he produced as evidence for the 1972 oil painting. "Mr. Novocin, was asked by WorthPoint's attorneys *"Can you see the tear in this image?* Mr. Novocin replies *" No"* WorthPoint attorney asked Mr Novocin " *To your knowledge, was this painting ever restored? "* Norb Novocin replied " *No, it was not."* Below are two the photos from the EAI auction ad.

 

---

## *PLAINTIFF"S  STATEMENT OF MATERIAL  FACTS  NO. 15*

*15[a]. There is no dispute that the signature A. Trombetta ,on the front of the 1972 Original Oil Painting entiled Man With Red is not the Plaintiff's signature.  (Pl. Declaration  ¶¶  34  Ex. 47)*

**EAI Defendants' Response: Disputed. The record does not demonstrate with evidence aside from Plaintiff's testimony that this statement is true, and Plaintiff has demonstrated that she is willing to make misrepresentations while under oath.**

Plaintiff brings to the Court's attention  on April 8, 2022 Plaintiff produced from my

1972  notebook  three examples of my  "authentic 1972 childhood signatures" **EXHIBIT #2 A**

My  evidence inserted below., was produced to both Defendants over a year and a half ago.

  

Defendants Estate Auction Inc and Norb and Marie Novocin 's response by attorney Anderson Duff, willfully and defiantly denied and disputed Plaintiff's 1972 childhood signature. Mr Duff stated " ***The record does not demonstrate with evidence aside from Plaintiff's*** **testimony that this statement is true**" . Plaintiff's record is in a tangible form of evidence devoid of any testimony. In No. 15 Plaintiff refuted Defendants "A. Trombetta photo signature" and I affirmed it is not mine or by my hand. Since 2017, Plaintiff phoned and informed Marie Novocin on Jan. 10, 2017, the signature and 1972 oil painting was not by the Plaintiff. In turn, Norb Novocin phoned the Plaintiff during which time Norb Novocin admitted in 2017 and stated *" We didn't even state it was by you. We JUST stated it was signed Annamarie Trombetta."* It is an undisputed fact that Estate Auction Inc photo signature does not depict the name Annamarie Trombetta. I affirm EAI's "A. Trombetta" photo is not my signature.

---

**Speaker 2 Trombetta**

And you don't know how you acquired it.

**Speaker 1 Novocin**

I acquired it at an auction, somewhere. It could have been... I go to about four auctions a week . I sell about 360 items every week. ... every week. So no I don't know which auction this came from.

**Speaker 2 Trombetta**

Well, since it's a painting, shouldn't it have had some kind of authenticity or ah uh ...as your wife said, provenance ?

**Speaker 1 Novocin**

If it doesn't have provenance..... there's lots of paintings out there without a provenance and so what we stated this ... We didn't even state it was by you. We just stated it was signed Annamarie Trombetta.

00;03;42;14 - 00;03;43;28

**Speaker 2 Trombetta**

Right And that's fraud, sir.

00;03;44;07 - 00;03;51;28

**Speaker 1 Novocin**

Why is that fraud ?

**Speaker 2 Trombetta**

Because, I did not do that painting. And I'm not a hack of a painter. I'm a professional painter.

00;03;52;03 - 00;03;52;21

**Speaker 1 Novocin**

Okay

---

Inserted at the left is an excerpt from page 3 of the January 10, 2017 phone call transcript between Norb Novcin and Plaintiff, Annamarie Trombetta. Plaintiff in 2017 informed Norb Novocin his auction ad and painting constitutes Fraud. **EXHIBIT #2 A Page 3 Novocin Phone Transcript.**

**PLAINTIFF"S  STATEMENT OF MATERIAL  FACTS  NO. 16 :**

Plaintiff brings to the Court's attention the absurd assertion by EAI  Defendant.s

Mr. Duff's egregious and spurious response once again  is denying  factual evidence from Estate

Auctions Inc own production  and  verifies  Plaintiff's name was misspelled  in three ways.

 No16. *There is no  dispute that the signature in red pencil on   back stretcher bar  of the 1972
Original Oil Painting  entitled  Man With Red is not the Plaintiff's signature.( Declaration  ¶¶  3
of Trombetta  Ex. 45 46)*

**EAI Defendants' Response: Disputed. The record does not demonstrate with evidence aside
from Plaintiff's testimony that this statement is true, and Plaintiff has demonstrated that
she is willing to make misrepresentations while under oath.**

Plaintiff undisputed statement of facts has nothing to do with Plaintiff's testimony and

therefore Mr. Duff's response should be stricken and proven to be  contemptuously fraudulent.

This  is an attempt to created conflict when his own  client's production of the red pencil

signature, allegedly on the back of the wooden stretcher of the 1972 oil painting , has misspelled

Plaintiff's name.  Plaintiff points out in the EAI auction advertisement Plaintiff's  full name was

used and  spelled as one word, with no space in between the name Anna and Marie. Secondly

the EAI auction advertisement  has seven  consistent spellings of Plaintiff's first name as

"Annamarie"  ending in the letter "E",  yet  the  evidence of  the red pencil photo produced by

E A I  misspelled  Plaintiff 's name which  ends in the letter "A".   In addition,   Plaintiff

does not separate my two  name ANNA from MARIE  nor do I capitalize the M in Marie, nor do

I  end my name in the  letter "A". My  first name is NOT  ANNA  MARIA as it is documented in

EAI's evidence in the  photo produced by  Defendant Norb  and Marie  Novocin. After  the

 completion of discovery in Dec. 2022, Plaintiff's  added a claim for Fraud (Rule 9) and Tort

due to conversion of personal property, and intentional infliction of emotional distress. and loss of enjoyment of life.  In New York, a tort is defined as any unlawful act that causes harm to another person, their property, reputation etc.  Plaintiff filed my Second Amended Complaint on December 27, 2022 in ECF 348 s due to the Novocins' false, public assertion that the "1972 Oil Painting Man With Red Umbrella" was SIGNED Annamarie Trombetta and falsely photo featured a signature devoid of my full name. EAI depicted the photo "A. Trombetta. Both signature produced by Defendants, red and black, front and back, prove the 1972 oil painting is not signed "Annamarie Trombetta".  I also note each signature looks completely different from the other.

Plaintiff adds to the subject of the red pencil signature a significant alteration made by attorney Anderson Duff in his EAI Rule 56.1 Statement of Facts in ECF 421, SMF No 11, filed on April 17, 2023.  Mr. Duff in No. 11 made a noteworthy omission. and wrote "*The wooden frame appearing on the back of thePainting featured the statement "Annamarie Trombetta, painted 1972.*" (Duff Decl. ¶ 3, Ex. A at 35:16-24, Ex. 2.) In ECF 421 Mr. Duff 's statement of fact, No 11, literally changed and omitted the space between Anna and Maria and changed ANNA MARIA to a spelling as one word, Annmarie.  He also changed in SMF No. 11 ending with letter "A" as in the EAI photo evidenced to the letter "E". Another notable alteration and significant change by Mr. Duff is the omission of the EAI phrase "GIFTED 1977".  Mr. Duff insidious chicanery has been willfully implemented in his statement of material facts SMF No. 11 which differs from the photo on the wooden stretcher bar.  These documented changed facts exemplifies another attempt to manipulate and alter evidence, which he uninhibitedly filed in Federal Court. Below is Mr. Duff's Statement of Material Facts No. 11 from Case 1:18-cv-00993-RA-SLC in ECF 42 iled 04/17/23   page 2 of 10.

> 11.     The wooden frame appearing on the back of the Painting featured the statement "Annamarie Trombetta, painted 1972." (Duff Decl. ¶ 3, Ex. A at 35:16-24, Ex. 2.)

In the WorthPoint's webpage. please note four correct spelling of the name "Annamarie" as one

wordending in the letter "E" and the phrase "Gifted 1977" missing from Mr. Duff's SMF No. 11

>>>>> UP IN THIS AUCTION <<<<< 1972 Original Oil Painting Man With Red Umbrella Signed Annamarie
Trombetta New York Listed Artist - Shabby Chic Condition

- DESCRIPTION - Please be patient there are 12 photos to be loaded in this auction. Up in this auction is a
wonderful and delightful oil on canvas painting of a man (I guess it could be a woman) with a red umbrella.
This is by Annamarie Trombette. It is signed on the bottom, but on the back it has written in red on the stretcher,
Annamarie Trombetta "Gifted" 1977, "Painted" 1972. To our eyes it looks like it is after the style of Andre
Kohn. It is quite large being approx. 48 1/2" tall and 17 1/2" wide. We are calling it shabby chic condition as it
has a tear in the canvas, about 5/8" long just to the left of the man's knees, but still such a great painting. For
those not familiar with Trombetta, here is information about her from off AskArt as they got it from her
website: Annamarie Trombetta (1963 - ) Lived/Active: New York The nature of an artist's life, creativity and

http://www.worthpoint.com/worthopedia/1972_original_oil_painting_man_red_48924122                    Plaintiff000158                    Page 3 of

Below are inserted photos allegedly on the back stretcher of the 1972 oil painting titled by Norb

Novocin as "Man With Red Umbrella" which has misspelled my name and states "Gifted 1977".








---

**PLAINTIFF"S  STATEMENT OF FACTS  NO. 17**

The last of  notable  Disputed responses  by Defendants  is in Plaintiff's No. 17 SMF.

17, There is no dispute that the Plaintiff is not the artist  who painted  the 1972 Original Oil
Painting  Man With Red   Declaration  ¶¶  32   Trombetta  Ex. 43 44  Exhibit #2.

**EAI Defendants' Response:   Disputed. The record does not demonstrate with evidence
aside from Plaintiff's testimony that this statement is true, and Plaintiff has demonstrated
that she is willing to make misrepresentations while under oath.**

Plaintiff brings to the Court's attention an excerpt from  by copyrighted biography that was

in  Estate Auctions Inc. auction ad,  "gleaned" from my website. This statement affirms Plaintiff

age when I began painting in oils in the "Eighties".  The last  excerpt in the EAI ad  is below:

" *I began my formal training at The Brooklyn Museum School of Art <u>while I was in high
school</u> .The exposure to various forms of art inspired me to expand my horizons and in the early
Eighties I traveled on a summer tour to Europe. The tour comprised of six countries; Germany,
Austria, France, Italy, Switzerland and England. Viewing so many different cities and cultures in
a concentrated period of time ...*



In the EAI auction ad  above,   the last visible sentence  was cut off  with  continuation dots.

 I also note on Page 12 of ECF 422  Defendants  admitted :" *Norb  spent  a half an hour or
less creating EAI's eBay listing for the Painting and did not read the biography*".   Mr.

Novocin admitted he did not read Plaintiff's  biography. EAI 's  red pencil signatures misspelled

Plaintiff's name in addition Plaintiff declared since 2017 to Defendants Marie and Norb Novocin, yet Mr. Duff's response to Plaintiff's SMF No. 17 was to DISPUTE and state **The record does not demonstrate with evidence aside from Plaintiff testimony.** Mr. Duff's response is  proven  as a false  statement by the red signature and the text in the  EAI auction ad  that  states  and included  my affirmation  " *I began my formal training when I was in high school."*   Defendants  documented "A.  Trombetta " photo signature and EAI false written statement that the 1972 oil painting  was signed "Annamarie Trombetta New York Listed Artist"  was publicly distributed  long before litigation. Presently, these false statements are conjoined with  EAI's  production of  the red  pencil  signatures as evidence . This signature is is unlike the Plaintiff  childhood 1972 signature  which spells my name correctly. Plaintiff's  has proven  the red pencil handwriting  is not my signature.  Plaintiff has suffered a severe loss of time due to Mr. Novoicn's NOT reading my biography.   Defendants willful  denials alleging they did nothing wrong  while refuting I am not the artist after I  submitted  my 1972 signage  to Defendants has caused me to lose eight years of my time, causing irreplaceable damage.

Mr. Duff's renunciation  of  the verifed facts set forth by the Defendants' signatures and  that of the Plaintiff,  demonstrates  Defendants  are repeatedly choosing  to ignore  the truth  and are willfully rejecting  liability. Plaintiff  affirms to the  Court, it is both Defendants defiant reluctance conjoined with the willful intent to perpetuate false statements against the  Plaintiff that is the foundation  and purpose for my lawsuit.  My pursuit to take   legal actions was always to request Declaratory Relief and to impose legal enforcements by requesting Permanent Injunctive Relief  to  legally  prevent and prohibit both Estate Auctions Inc and  WorthPoint Corp from ever using my name  in any conceivable, way  to include  attributions to works of art. The severe and extreme loss amount  of time Plaintiff has suffered and the enormous efforts to  litigate this case to prohibit both Defendants from using my name is  incalcuable and inequitable in terms of monetary losses.   I note that my injuries have increased and my mental stability has

been compromised.  I have no time to earn any income for the past three years while  my cost of living has increased. All of my problems and loss  professional pursuits and loss of enjoyment of my  are due to  the  antagonistic and inept individuals who chose to target  Plaintiff.

Once again, in May/ June of 2015, my biography was listed on askART.  In June and July 2015 Plaintiff signed onto eBay for the first time and put a bid on an item.  Norb Novocin sells  items  on  eBay and  has been  is a paid  member of askART since 2001.  He is a member of WorthPoint Corp since May 2014.   It is not difficult to deduce  Mr. Novocin saw my one with eBay and /or  concurrently saw my bio  listed on askART in 2015.  In all probability, Defendants back dated the year of  any alleged 2012  painting  intentionally, knowing that eBay only  keeps sales records for no more than  three to six month.  Plaintiff in Dec. 201  checked with eBay to make sure there was no records for the EAI  2012 sale.The two inserts below are from the eBay phone transcript from Dec. 2012 ,

**EXHIBIT #2 B Pages  8 eBay phone transcript and Plaintiff's Evid. 000144 000158.**

```
00;13;17;03 - 00;13;32;26
EBay Customer Service
It's actually a different selling page it's essentially a third party
application from eBay as well let me check, it's actually a third party
app. It's a marketplace. It's not from eBay.
00;13;32;17 - 00;13;36;03
```

**BELOW  Page 9 eBay phone transcript Ebay agent Jamie post was not on eBay's website.**

```
00;15;36;21 - 00;15;45;22
Jamie  eBay Customer Service
Okay. The phone number for WorthPoint contact information. Customer
service will be 877 481-5750.

00;15;46;12 - 00;15;56;24
Annamarie Trombetta
Well, I did call them and they said that I had to get in touch with eBay
because if they don't sell anything, they're a database. So I keep going
back and forth.

00;15;59;16 - 00;16;10;12
Jamie  eBay Customer Service
Let me try see at our end to maybe they provided information like a third
party app to give it to me tried to go ahead and provide that information
here on eBay.
And do it again. OK,

Annamarie Trombetta
OK. Because I still don't understand what you mean by third party. You're
saying that it is the responsibility of WorthPoint to have that
information.

Jamie  eBay Customer Service
Yes Maam
```

Ebay's agent named Jamie also confirmed the false 1972 oil painting  post was not on eBay's website and gave me WorthPoint's  contact phone  number.   Plaintiff produced  the eBay phone call to  Defendants  on April 11, 2022, over  three weeks before  Estate Auctions  Inc produced the first  truncated, cut off, eBay sales  receipt on April 27, 2022.  On November 16, 2022, EAI  Defendants produce an uncut version of an eBay receipt with a missing bold Yellow Bar which was in the April 27, 2022 eBay receipt. Once again there are four 2012 eBay receipts.

From August 2015, onwards  I have been subjected to consistent misinformation and lies by both Defendants,. Below are the other disputed  facts by EAI Defendants and Anderson Duff.

───────────────────────────────────────────────────────────

## PLAINTIFF"S  STATEMENT OF FACTS  NO. 15 ⸺ ON PAGES 2  TO 5

## PLAINTIFF"S  STATEMENT OF FACTS  NO. 16 ⸻- ON PAGES 6 TO 8

## PLAINTIFF"S  STATEMENT OF FACTS  NO. 17 ⸻ON PAGES 9 TO 12

───────────────────────────────────────────────────────────

## PLAINTIFF"S  STATEMENT OF FACTS  NO. 3

*3. Defendants Estate Auctions Inc and Norb and Marie Novocin the latter two of which own or owned EAI and will be referred to as the "Individual Defendants" herein, copied and exploited Annamarie Trombetta's personal, self authored original biography in advertising and marketing materials on eBay Auctions accounts without the knowledge or consent of Plaintiff and without Plaintiff's Copyright identifying notice "All work on this site are © AnnamarieTrombetta. All rights reserved" Plaintiff as the author and owner of the Subject Plaintiff's Copyrighted Personal Biography The copyright infringement was used for commercial and financial gain and to sell a damaged oil painting dated 1972, The unauthorized infringement was used to falsely attribute Plaintiff/Artist Annamarie Trombetta as the artist that created/painting this large oil painting which was torn and sold for $181.50 which depreciates the my current Plaintiff current market value.*

**EAI Defendants' Response: Disputed. Nothing in the record demonstrates that the sale of the painting at issue depreciated the market value for Plaintiff's work.**

Plaintiff's Response:   EAI Defendants and  attorney Anderson Duff have failed to review and acknowledge PlaintiffEvidence  produced in discovery on or around April 2022 thru November 2022.  Plaintiff has bate stamped evidence submitted to all Defendants on or before April 8, 2022

which are records of verification that the Estate Auctions Inc auction advertisement on WorthPoint's webpage did indeed depreciate, caused losses and professional embarrassment which depreciated the market value of s artwork, my prices and my artistic career.

 Plaintiff's Exhibits which substantiate Plaintiff's claim are in an email from January 2015 from Susan Goldstein articulating " I am in love with The Wisteria painting, how much is it?" in Plaintiff Evidence 000072 and the loss of this sale of artwork in Plaintiff's Evidence 000073 . A quote from Susan Goldstein's letter states *" My aunt's assistant did point out that the description on WorthPoint internet site reference the artist Annamarie Trombetta's website…..The reference to the website of Annamarie Trombetta on the WorthPoint site is the main reason why my aunt did not purchase the painting"*

**EXHIBIT #3 Plaintiff  Evid. 000072 Jan. 2015 email from Susan (Sudha) Goldstein**
**EXHIBIT #4 Plaintiff  Evid. 000073 Notarized Letter Susan Goldstein-Lost sale of artwork**

Additional records depreciating the market value for Plaintiff's work is the email/letter by Gallery Tour Guide and  Artist Scott Goodwillie  which includes his statement
*"For those of us in the "Professional Field of Art": particularly in the year 2015, anyone selling artwork particularly on eBay or any other online platform is considered an amateur artist_ The Internet listing, once discovered by the galleries, sabotaged the interest in Ms. Trombetta's work_ I can attest to this from personal experience that the internet link ended all possibilities of gallery representation."*

**EXHIBIT #5 Plaintiff  Evid. 000074  Scott Goodwillie Letter/Email loss of interested gallerists in Plaintiff'sartwork due to the EAI auction ad on WorthPoint's website.**

Another record of  evidence  is in the email letter by the Director of the Italian American Museum, Dr. Joseph Scelsa.  A quote from Dr. Scelsa's April 2022  letter  states *" I have been informed that someone has attempted to use her name on works not of her creation. This in no way should be seen as a reflection on her works but unfortunately it could devalue them. I sincerely  hope her name  can be removed from any works not created by her. If not, it may jeopardize our ability to show her work in the future."*

Dr. Scelsa also made this comment  due to Plaintiff's listing of my solo exhibit at the Italian American Museum which was unethically  joined to the 1972   Oil Painting listing.see in EXHIBIT #7.

**EXHIBIT #6  Plaintiff  Evid. 000075  Dr. Joseph Scelsa Letter/Email  Fraudulent ad and oil painting Jeopardizing Plaintiff's  future chances to exhibit at Italian American Museum.**

**EXHIBIT #7  Plaintiff's Evid. 000052  Plaintiff's Evid. 000053 Plaintiff's Evid. 000056 Listing of  1972 Original Oil Painting Man With Red Umbrella Signed with  Plaintiff's solo - Italian American Museum Exhibit and website link   italianamerican museumexhibition On Site Plein air.html-Annamarie Trombetta**

## PLAINTIFF"S  STATEMENT OF FACTS  NO. 4

*4. Defendant EAI Norb and Marie Novocin first exploited the Plaintiff Personal Biography as part of an online display and alleged sale on eBay of an oil painting in 2012. Plaintiff and her colleagues found the eBay ad in August 2015.One month earlier, for the first time Plaintiff signed into eBay's website. On or around July 2015. A few weeks after Plaintiff signed onto eBay's website, listed under my name was a false 1972, incorrect attribution with my-self authored biography that was truncated and preceded with Estate Auctions Inc.'s company description Plaintiff's biography was altered mid-sentence with three dots added inferring the sentient and biography continued. Plaintiff's CMI from my website was removed.*

**EAI Defendants' Response:** **Disputed. Nothing in the record demonstrates that Plaintiff's CMI was removed from Plaintiff's biography. Defendant Norb Novocin did not edit the biography of Plaintiff copied from askArt. (EAI Defendants' Statement of Material Facts ¶ 18, ECF No. 421 at 3.)**

Plaintiff's Response: EAI Defendants and  attorney Anderson Duff have failed to review and acknowledge Plaintiff Evidence  produced in discovery on or around April 2022 thru November 2022. Plaintiff reminds the Court that Plaintiff's has filed my copyright management information which is on  all nine pages I submitted.   A close up version of my CMI is annexed  in **EXHIBIT #8  000295**

**EXHBIT #8   000295   SEE ECF   503   SEE EXHIBIT #2    Copyright Deposit Pages in Plaintiff's Evid. 000119, 000120, 0000121, 000122, 000123,   000124, 000125 and Plaintiff's Evid. 000126.**

## PLAINTIFF"S  STATEMENT OF FACTS  NO. 5

*5. The EAI eBay 1972 oil painting ad with Plaintiff copyright biography falsely claims Plaintiff is the artist, which I am not. The EAI eBay 1972 oil painting ad falsely stated EAI took my biography from askART. The oil painting was allegedly sold in 2012. Plaintiff gave my consent to have my biography listed on askART in 2015 to Bob Bahr author. Me Novocin falsely stated I am the artist who painted the 1972 painting and I did NOT. Novocin that he took my Biography for askART which Plaintiff's proof can refute a second false claim by Norb Novocin. Since November 2001 he has been a member of askART.*

**EAI Defendants' Response:** **Disputed. The record demonstrates that Defendant Norb Novocin obtained Plaintiff's biography from askArt and did not edit the same. (EAI**

**Defendants' Statement of Material Facts ¶ 18, ECF No. 421 at 3.) Defendant Norb Novocin has never visited Plaintiff's website. Id. ¶ 17. Defendant Norb Novocin obtained all of the information about Plaintiff for EAI's eBay listing for the painting at issue from askArt. Id. ¶ 16.**

Plaintiff's Response: EAI Defendants and  attorney Anderson Duff have failed to review and acknowledge Plaintiff Evidence  produced in discovery on or around April 2022.  Plaintiff  has repeatedly submitted evidence that my askART biography was listed on askART in 2015.    not 2012.  Wayback Machine  is a separate non -party entity and documented the date of September 22, 2015 and   recorded only ONE capture in its' online public information displayed on its website.  Plaintiff once again files  Plaintiff. Evid. 000149, 0000150 and 000151 to refute  the continuous false disputed statements made by Estate Auctions Inc and the Novocins.

**EXHIBIT #9 Plaintiff. Evid. 000149, 0000150 and 000151**

---

## PLAINTIFF''S  STATEMENT OF FACTS  NO. 6

*6. There is no dispute that Defendants have created infringing derivative works from the Plaintiff's Subject Self Authored Biography.*

**EAI Defendants' Response: Disputed. The record demonstrates that Defendant Norb Novocin obtained Plaintiff's biography from askArt and did not edit the same. (EAI Defendants' Statement of Material Facts ¶ 18, ECF No. 421 at 3.) Defendant Norb Novocin has never visited Plaintiff's website. Id. ¶ 17. Defendant Norb Novocin obtained all of the information about Plaintiff for EAI's eBay listing for the painting at issue from askArt. Id. ¶ 16.**

Plaintiff's Response: EAI Defendants and  attorney Anderson Duff have failed to review and acknowledge Plaintiff Evidence  produced in discovery on or around April 2022 thru November 2022.  Plaintiff  has repeatedly submitted evidence that my askART biography was listed on askART in 2015 not 2012.  Wayback Machine with is a separate non -party entity documented the date of September 22, 2015 and   recorded only ONE capture in its' online public information displayed on its now website.  Plaintiff once again files Plaintiff. Evid. 000149, 0000150 and 000151 to refute  the continuous false disputed statements made by Estate Auctions Inc and The Novocins.

**SEE   EXHIBIT #9 Plaintiff. Evid. 000149, 0000150 and 000151**

## PLAINTIFF"S  STATEMENT OF FACTS  NO. 8

8. There is no dispute that WorthPoint Corporation Defendants have failed to produce the requested Customer Support Ticket Entries with No. Ticket No. 57565 RE Fraudulent artwork dated Feb. 1, 2016 and the first request dated Jan. 22, 2026 for Ticket No. 56607 REWorthPoint Price Guide Membership subscription and Plaintiff's request to remove false 1972 post.

**EAI Defendants' Response: Disputed.** **The EAI Defendants do not have sufficient evidence to agree that this statement is undisputed and therefore dispute the same.**

Plaintiff's Response: EAI Defendants and  attorney Anderson Duff have failed to review and acknowledge Plaintiff Evidence  produced in discovery on or around April 2022 thru November 2022. Plaintiff has produced in discovery to both Defendants, Plaintiff's dated emails with the Ticket No. 57565 RE Fraudulent artwork dated Feb. 1, 2016 and the first request dated Jan. 22, 2026 for Ticket No. 56607  and has annexed these date documents once again with this filing.

**EXHIBIT #10   Plaintiff  Evid. 000022 -Plaintiff  Evid. 000023-Plaintiff  Evid. 000024**
**Plaintiff  Evid. 000026 -Plaintiff  Evid. 000028  Plaintiff  Evid. 0000228 B**

## PLAINTIFF"S  STATEMENT OF FACTS  NO. 9

9. After Plaintiff's initial notice of infringement in 2016, WorthPoint took no steps to ensure that it wouldn't happen again.

**EAI Defendants' Response: Disputed. The EAI Defendants do not have sufficient evidence to agree that this statement is undisputed and therefore dispute the same.**

Plaintiff's Response: EAI Defendants and   attorney Anderson Duff have failed to review and acknowledge PlaintiffEvidence  produced in discovery on or around April 2022 thru November 2022. WorthPoint Corp has produced evidence in WP 000132-000133 and 000134  which proves the URL for the 1972 Oil Painting post was on the internet.  Aside from this Plaintiff has filed dated Google Listing  Print outs  and WorthPoint's sent emails to Plaintiff evidence In EXHBIT #11

**EXHIBIT #11 WorthPoint Corp produced evidence in WP 000132-000133 and 000134**
**Plaintiff  Evid. 000058 -Plaintiff  Evid. 000059 -  Plaintiff  Evid. 000060**
**Plaintiff  Evid. 000062A Plaintiff  Evid. 000063 Plaintiff  Evid. 000064**
**Plaintiff  Evid. 000065  Plaintiff  Evid. 000066 Plaintiff  Evid. 000067**
**Plaintiff  Evid. 000068**

## PLAINTIFF"S  STATEMENT OF FACTS  NO. 10

10. There is no dispute that Plaintiff first contacted WorthPoint on Jan. 22, 2016 and spoke to Anita Brooks by phone and sent emails to WorthPoint.

**EAI Defendants' Response: Disputed. The EAI Defendants do not have sufficient evidence to agree that this statement is undisputed and therefore dispute the same.**

Plaintiff's Response: EAI Defendants and  attorney Anderson Duff have failed to review and acknowledge Plaintiff Evidence  produced in discovery on or around April 2022 thru November 2022. Plaintiff  in January 2016 first filled out on January 14, 2016 WorthPoint's Item Review Request in Plaintiff's Evil. 000285 and 000286   in EXHIBIT #12 . Aside from this SEE EXHIBIT #10 Plaintiff's Evil. 0000021   Plaintiff's Evil. 0000023    Plaintiff's Evil. 000025 Plaintiff's Evil. 0000027

**EXHIBIT #12 Plaintiff's Evil. 000285 and 000286   and  Plaintiff's Evil. 0000021**
**Plaintiff's Evil. 000023 Plaintiff's Evil. 000025  Plaintiff's Evil. 000027**

**EXHIBIT #13 Phone Transcript  of Plaintiff and WorthPoint employee Anita Brooks**

## PLAINTIFF"S  STATEMENT OF FACTS  NO. 11

*11. There is no dispute that Plaintiff contacted WorthPoint on Feb. 3, 2016 and spoke to Gregory Watkins by phone and sent emails to WorthPoint.*

**EAI Defendants' Response**: **Disputed. The EAI Defendants do not have sufficient evidence to agree that this statement is undisputed and therefore dispute the sam**e.

Plaintiff's Response:   EAI Defendants and  attorney Anderson Duff have failed to review and acknowledge Plaintiff Evidence   produced in discovery on or around April 2022   Plaintiff produce my phone call transcript of the  Feb. 3, 2016 and spoke to Gregory Watkins which is annexed in EXHIBIT #14

**EXHIBIT #14 Phone Transcript  of Plaintiff and WorthPoint employee Greg Watkins**

## PLAINTIFF"S  STATEMENT OF FACTS  NO. 12

*12.There is no dispute that Will Seippel   WorthPoint Corp. published and evidenced in*
*a responded to Plaintiff first email  on February 20, 2016 and wrote  "we will remove  the item.*

**EAI Defendants' Response: Disputed. The EAI Defendants do not have sufficient evidence**
**to agree that this statement is undisputed and therefore dispute the same.**

Plaintiff's Response:   In this instance  EAI Defendants and  attorney Anderson Duff have failed
to review and acknowledge Plaintiff Evidence as well as WorthPoint Corp's evidence. Annexes
in   EXHIBIT # 15 is WorthPoint's  bate stamped evidence in  WP000062 also WP00096 and
WP000135 which are the same document bate stamped three different numbers.   In addition to
this P laintiff Evid.  has bate stamped  the same Will Seippel Feb. 20, 2016 email  to Plaintiff
 in  Plaintiff Evid. 000034 , the bottom of  Plaintiff Evid. 000039  and   Plaintiff Evid. 000040.

**EXHIBIT # 15   WorthPoint's  bate stamped evidence in  WP000062 WP000096 and**
**WP000135.**

**EXHIBIT #16 Plaintiff Evid. bate stamped  Will Seippel Feb. 20, 2016 email  to Plaintiff**
**in  Plaintiff Evid. 000034 Plaintiff Evid. 000039  and   Plaintiff Evid. 000040.**

## PLAINTIFF"S  STATEMENT OF FACTS  NO. 13

*13. There is no dispute that Second Defendants WorthPoint Corp. published and evidenced in the*
*January 4, 2017 emails in WP000132, WP000133, WP000134 the 1972 oil painting URL on*
*WorthPoint's website.*

**EAI Defendants' Response: Disputed. The EAI Defendants do not have sufficient evidence**
**to agree that this statement is undisputed and therefore dispute the same.**

Plaintiff's Response:   In this instance  Plaintiff chose to list a Statement of Materil facts that has
nothing to do with Plaintiff evidence rather it is WorthPoint's evidence.  Plaintiff notes to the
Court that  EAI Defendants and   attorney Anderson Duff have   willfully failed acknowledge
WorthPoint's Evidence which demonstrates "Bad Faith" and a deliberate intent to create
conflicts  by refuting even   WorthPoint Corp's evidence. Annexed in EXHIBIT  #17.

**EXHIBIT #17 WorthPoint Evid. Jan. 4, 2017 emails  WP000132, WP000133, WP000134**

## PLAINTIFF"S  STATEMENT OF FACTS  NO. 14

*14. The Infringing eBay ad was an important part   to come to their site and purchase the WorthPoint Membership of Defendants' online business, and both companies benefited on the back of its marketing efforts, which took place solely online.*

**EAI Defendants' Response: To the extent EAI Defendants understand this statement of fact, it is disputed. The EAI Defendants do not have sufficient evidence to agree that this statement is undisputed and therefore dispute the same.**

Plaintiff's Response:    Plaintiff brings to the Courts attention the content of the Estate Auctions Inc auction ad begins with a description and introduction of the EAI online eBay business.    on WorthPoint's webpage. Plaintiff also notes to the Court, in order to   see the Prices of the sold items WorthPoint requires that the customer sign up for WorthPoint's monthly membership which is $19.99 per month.  In order to sign onto WorthPoint;s membership the customer must provided and enter a credit card number.   Plaintiff does NOT benefit at all from any item that is sold on any online company nor is it considered professional to have one's artwork sold on eBay.   Usually, this type of selling platform is for amateur   artist who   sell their work very cheaply.   Moreover, the 1972 oil painting is considered a "secondary market" painting which does NOT entitle an artist to any royalty rites  who reside in the state of New York.  Annexed is the WorthPoint Membership receipt documenting the $19.99 fee .   Annexed is

**EXHIBITS # 18  A  Plaintiff Evid.  000872 Plaintif Yahoo WorthPoint Membership fee**
**EXHIBITS # 18  B  Plaintiff Evid. 000158  -000159  Text from  1972 oil painting ad on**
**WorthPoint webpage with Estate Auction Inc description.**

## PLAINTIFF"S  STATEMENT OF FACTS  NO. 15

*15. WorthPoint advertises sale because it "want[s] people to come to their site and purchase the WorthPoint Membership.*

**EAI Defendants' Response: Disputed. The EAI Defendants do not have sufficient evidence to agree that this statement is undisputed and therefore dispute the same.**

**EXHIBITS # 18  A  Plaintiff Evid.  000872 Plaintif Yahoo WorthPoint Membership fee**

## CONCLUSION

For the foregoing reasons, Pro Se Plaintiff respectfully requests the Court to take notice of Defendants most recent libelous statements against the Plaintiff. In addition, many of Plaintiff's seventeen Statement of Material Facts were disputed by Defendant despite conclusive evidence produced months ago. Plaintiff also notes in No. 13, the evidence disputed by Estate Auction Inc was against WorthPoint evidence not the Plaintiff's evidence. The relentless denial by Defendants opposing clear cut facts and evidence exemplifies Defendants attempt to further belabor the Plaintiff and elongate this case. It is obvious that Estate Auctions Inc 1972 oil painting two signatures , one that is misspelled and the other hard to read, proves Plaintiff did not paint the oil painting. Plaintiff is requesting the Court to grant all Plaintiff's claims to include Fraud, Intentional Infliction of Emotional Distress and Tort, added and described in my SAC in ECF 348, filed on Dec. 27, 2022. As duly noted, Defendants responses in 477-1 filed on May 30, 2023, demonstrate further false assertions by Estate Auctions Inc. For over six years Defendants have willfully denied Plaintiff did not paint the 1972 oil painting. Plaintiff has proven I am not the artist and therefore requests all relief as per Plaintiff's claims , in all my amended complaints be granted as the Court, in its discretion may deem just and proper.

Dated: New York, New York June 14, 2023

Respectfully Submitted by

Annamarie Trombetta
175 East 96th Street (12 R)
New York. New York 10128
Pro Se Plaintiff

——Electronic Signature ——

/s/ Annamarie Trombetta June 14, 2023
_____

Annamarie Trombetta Pro Se Plaintiff

# EXHIBITS

<u>PLAINTIFF"S   STATEMENT  OF  FACTS    NO. 15      NO. 16 and    NO. 17</u>

**EXHIBIT #1 A   Norb Novocin Deposition Sept. 21, 2022 Page 38  A. Trombetta signature is <u>*"garbled and  kinda hard to read"*.</u>**

**EXHIBIT #1 B   Norb Novocin Deposition  Sept. 21, 2022 Page 52  could not discern  first initial and  Plaintiff's last   name.**

**EXHBIT #1 C   Norb Novocin's Sept. 21, 2022 Deposition Page 47  "A. Trombetta signature photo " only surviving  photos from the alleged 2012 ad. Pl.Evid 000163.**

**EXHIBIT #1 D   Norb Novocin's Sept. 21, 2022  Deposition Page 31- 32, and pages 83 to 86, regarding noted Tear" in the  painting  and  Norb Novocin  admission there  is no visible Tear in his  photo entered into discovery or  his knowledge of   any  restoration**

**EXHIBIT  #2   A  Signatures by EAI  and Plaintiff 's childhood handwriting.
  #2 B Pages  8 and 9 eBay Phone Transcript and Pl. Evid. 000144 and  000158.
  #2 C Norb Novocin Phone Transcript page 3  -signed Annamarie Trombetta**

<u>PLAINTIFF"S  STATEMENT OF FACTS  NO. 3</u>

**EXHIBIT #3   Plaintiff  Evid. 000072 Jan. 2015 email from Susan (Sudha) Goldstein**

**EXHIBIT #4   Plaintiff  Evid.000073 Notarized Letter Susan Goldstein-Lost sale of artwork**

**EXHIBIT #5   Plaintiff  Evid. 000074  Scott Goodwillie Letter/Email loss of interested gallerists in Plaintiff'sartwork due to the EAI auction ad on WorthPoint's website.**

**EXHIBIT #6   Plaintiff  Evid. 000075  Dr. Joseph Scelsa Letter/Email  Fraudulent ad and oil painting Jeopardizing Plaintiff's future chances to exhibit at Italian American Museum.**

**EXHIBIT #7   Plaintiff's Evid. 000052  Plaintiff's Evid. 000053 Plaintiff's Evid. 000056 Listing of  1972 Original Oil Painting Man With Red Umbrella Signed with Plaintiff's solo - Italian American Museum Exhibit and website link italianamericanmuseumexhibition On  Site Plein air.html—-**

<u>PLAINTIFF"S  STATEMENT OF FACTS  NO. 4</u>

**EXHBIT #8  000295  SEE ECF  503  SEE EXHIBIT #2    Copyright Deposit Pages in Plaintff's Evid. 000119, 000120, 0000121, 000122, 000123,   000124, 000125 and Plaintiff's Evid. 000126.**

**PLAINTIFF"S  STATEMENT OF FACTS  NO. 5   and  NO.  6**

**EXHIBIT #9  Plaintiff. Evid. 000149, 0000150 and 000151**

**PLAINTIFF"S  STATEMENT OF FACTS  NO. 8**

**EXHIBIT #10   Plaintiff  Evid. 000022 -Plaintiff  Evid. 000023-Plaintiff  Evid. 000024**
**Plaintiff  Evid. 000026 -Plaintiff  Evid. 000028  Plaintiff  Evid. 0000228 B**

**PLAINTIFF"S  STATEMENT OF FACTS  NO. 9**

**EXHIBIT #11  Plaintiff  Evid. 000058 -Plaintiff  Evid. 000059 -  Plaintiff  Evid. 000060**
**Plaintiff  Evid. 000062A Plaintiff  Evid. 000063 Plaintiff  Evid. 000064**
**Plaintiff  Evid. 000065  Plaintiff  Evid. 000066 Plaintiff  Evid. 000067**
**Plaintiff  Evid. 000068**

**PLAINTIFF"S  STATEMENT OF FACTS  NO. 10**

**EXHIBIT #12 Plaintiff's Evil. 000285 and 000286   and  Plaintiff's Evil. 0000021**
**Plaintiff's Evil. 000023 Plaintiff's Evil. 000025  Plaintiff's Evil. 000027**

**EXHIBIT #13 Phone Transcript  of Plaintiff and WorthPoint employee Anita Brooks**

**PLAINTIFF"S  STATEMENT OF FACTS  NO. 11**

**EXHIBIT #14 Phone Transcript  of Plaintiff and WorthPoint employee Greg Watkins**

**PLAINTIFF"S  STATEMENT OF FACTS  NO. 12**

**EXHIBIT # 15   WorthPoint's  bate stamped evidence in  WP000062 WP000096 and**
**WP000135.**

**EXHIBIT #16 Plaintiff Evid. bate stamped  Will Seippel Feb. 20, 2016 email  to Plaintiff**
**in  Plaintiff Evid. 000034 Plaintiff Evid. 000039  and   Plaintiff Evid. 000040.**

**PLAINTIFF"S  STATEMENT OF FACTS  NO. 13**

**EXHIBIT #17 WorthPoint Evid. Jan. 4, 2017 emails  WP000132, WP000133, WP000134**

**PLAINTIFF"S  STATEMENT OF FACTS  NO. 14 and  NO. 15**

**EXHIBITS # 18  A  Plaintiff Evid.  000872 Plaintif Yahoo WorthPoint Membership fee**
**EXHIBITS # 18  B  Plaintiff Evid. 000158 -000159  Text from  1972 oil painting ad on**
**WorthPoint webpage with Estate Auction Inc description.**

In The United States District Court For Southern District of New York
_____

Annamarie Trombetta,
Plaintiff, Civil Action No. 18-cv-0993-RA-HBP
vs.
Norb Novocin, Marie Novocin,
Estate Auctions Inc.
and
WorthPoint Corporation
Defendants

_____

CERTIFICATE OF SERVICE

I certify that on June 14, 2023, a true and correct copy of the foregoing document was served

upon the parties of record via the Court's CM/ECF system and directly to all attorneys listed

below to include Adam Bialek, Jana Farmer and John Cahill attorneys for WorthPoint

Corporation and attorney Anderson Duff representing Marie and Norb Novocin and Estate

Auctions Inc.

Dated: New York, New York June 14, 2023

Respectfully Submitted by

Annamarie Trombetta                     ——Electronic Signature ——
175 East 96th Street (12 R)
New York. New York 10128          /s/ Annamarie Trombetta June 14, 2023
Pro Se Plaintiff                     _____

Annamarie Trombetta Pro Se Plaintiff

Attorneys for Defendant WorthPoint Corporation

TO : Adam R. Bialek
150 East 42nd Street
New York, New York 10017 Telephone:
Telephone: (212) 915-5143 Fax: (212) 490-3038
Email : Adam.Bialek@wilsonelser.com

TO : Jana Slavina Farmer
1133 Westchester Avenue White Plains, New York 10604
Telephone: (914) 872-7247 Fax: (914) 323-7001
Email : Jana.Farmer@wilsonelser.com
Attorneys for Defendant WorthPoint Corporation

TO : John Cahill
150 East 42nd Street
New York, New York 10017
Telephone: (212) 915-5143 Fax: (212) 490-3038
John.Cahill@wilsonelser.com
Attorneys for Defendants Norb Novocin, MarieNovocin, and Estate Auctions, Inc.


TO: Anderson Josiah Duff (via email)
Hogan Duff, LLP
43-10 Crescent St., Ste. 12173
Long Island City, New York 11101
Telephone: (646) 450-3607
Email ajd@hoganduff.com