UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANNAMARIE TROMBETTA,

                            Plaintiff,

         -v-

NORB NOVOCIN, et al.,

                            Defendants.

CIVIL ACTION NO.: 18 Civ. 993 (LTS) (SLC)

**OPINION & ORDER**

**SARAH L. CAVE,** United States Magistrate Judge:

## I. **INTRODUCTION**

Fact discovery in this action closed on December 19, 2022, and expert discovery closed on March 1, 2023. (ECF Nos. 340; 361). Now before the Court is the motion of Defendant WorthPoint Corp. ("WorthPoint") to preclude as "untimely and insufficient" the expert disclosures of pro se Plaintiff Annamarie Trombetta ("Ms. Trombetta"). (ECF Nos. 462 (the "Motion"); 499 (the "Reply")).[1] Ms. Trombetta has opposed the Motion. (ECF No. 493 (the "Opposition")).[2] For the reasons set forth below, the Motion is GRANTED.

---

[1] Defendants Norb and Marie Novocin (the "Novocins"), and Estate Auctions Inc. (with the Novocins, the "EAI Defendants," and with WorthPoint, "Defendants") have not joined in the Motion. William Seippel was, but no longer is, a Defendant in this action. (ECF Nos. 187 at 25; 357).

[2] After WorthPoint submitted the Reply, Ms. Trombetta submitted two additional letters. (ECF Nos. 500; 501; 502). Ms. Trombetta has previously been cautioned not to file such unauthorized sur-replies without prior permission, and accordingly, the Court has not considered their contents in deciding the Motion, nor would their contents alter the Court's ruling. See Trombetta v. Novocin, No. 18 Civ. 993 (RA) (SLC), 2021 WL 6052198, at *13 (S.D.N.Y. Dec. 21, 2021) ("Trombetta VII") (granting motion to strike Ms. Trombetta's unauthorized sur-replies and "remind[ing her] that moving forward, she must seek the Court's permission before filing documents she does not otherwise have permission to file under the Federal Rules, S.D.N.Y.'s local rules, or this Court's individual rules").

## II. <u>BACKGROUND</u>

In this action involving claims under the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201 <u>et seq.</u> ("DMCA"), and the Visual Artists Rights Act, Pub. L. No. 101–650 (tit. VI), 104 Stat. 5089, 5128–33 (1990) ("VARA"), the factual background and procedural history are described in numerous prior decisions of the Honorable Ronnie Abrams[3] and the undersigned and are incorporated by reference.  <u>See</u> <u>Trombetta v. Novocin</u>, No. 18 Civ. 993 (RA) (SLC), 2023 WL 2575242 (S.D.N.Y. Mar. 20, 2023) ("<u>Trombetta X</u>") (denying without prejudice WorthPoint's motion to determine fees to which Ms. Trombetta's expert, Patrick O'Leary ("Mr. O'Leary"), was entitled for his deposition); <u>Trombetta v. Novocin</u>, No. 18 Civ. 993 (RA) (SLC), 2023 WL 2388722 (S.D.N.Y. Mar. 7, 2023) ("<u>Trombetta IX</u>") (denying Ms. Trombetta's motion to reopen fact discovery); <u>Trombetta v. Novocin</u>, No. 18 Civ. 993 (RA), 2022 WL 280986 (S.D.N.Y. Jan. 31, 2022) ("<u>Trombetta VIII</u>") (denying Ms. Trombetta's motion for reconsideration of order granting Defendants' motion to strike her sur-reply in opposition to motion to dismiss); <u>Trombetta VII</u>, 2021 WL 6052198 (granting in part and denying in part WorthPoint Defendants' motion to dismiss); <u>Trombetta v. Novocin</u>, 18 Civ. 993 (RA) (SLC), 2021 WL 3829803 (S.D.N.Y. Aug. 27, 2021) ("<u>Trombetta VI</u>") (denying Ms. Trombetta's motion to recover costs of service on William Seippel and WorthPoint Defendants); <u>Trombetta v. Novocin</u>, No. 18 Civ. 993 (RA) (SLC), 2021 WL 1259740 (S.D.N.Y. Apr. 6, 2021) ("<u>Trombetta V</u>") (denying Ms. Trombetta's motion for sanctions against the EAI Defendants); <u>Trombetta v. Novocin</u>, No. 18 Civ. 993 (RA), 2020 WL 7053301 (S.D.N.Y. Nov. 24, 2020) ("<u>Trombetta IV</u>") (denying WorthPoint's motions to dismiss under Federal Rules of Civil

---

[3] On June 15, 2023, this action was reassigned to the Honorable Laura Taylor Swain, Chief Judge of the Southern District of New York.

Procedure 12(b)(2), 12(b)(4), and 12(b)(5) and to quash summons, and granting Ms. Trombetta 60 days to serve WorthPoint); <u>Trombetta v. Novocin</u>, No. 18 Civ. 993 (RA) (SLC), 2020 WL 6365171 (S.D.N.Y. Oct. 29, 2020) ("<u>Trombetta III</u>") (denying without prejudice the motion to require Ms. Trombetta to post bond); <u>Trombetta v. Novocin</u>, No. 18 Civ. 993 (RA) (SLC), 2020 WL 1304120 (S.D.N.Y. Mar. 19, 2020) ("<u>Trombetta II</u>") (granting in part and denying in part Ms. Trombetta's motion for leave to amend); <u>Trombetta v. Novocin</u>, 414 F. Supp. 3d 625 (S.D.N.Y. 2019) ("<u>Trombetta I</u>") (granting EAI Defendants' motion to dismiss Ms. Trombetta's claims under N.Y. Civ. Rts. L. §§ 50–51; under New York Artists' Authorship Rights Act, N.Y. Arts & Cult. Aff. L. § 14.03 ("NYAARA"); and for trademark infringement and denying motion to dismiss VARA claim).[4] The Court summarizes the background necessary to analyze the Motion.

## A. Ms. Trombetta's Claims

Ms. Trombetta alleges that the EAI Defendants advertised and sold a 1972 painting (the "Painting") that they falsely claimed Ms. Trombetta had painted, and that WorthPoint contributed to her harm by reposting information about the sale misattributing the Painting to her.  See <u>Trombetta IV</u>, 2020 WL 7053301, at *1.  Ms. Trombetta's amended complaint (the "FAC") asserted numerous claims, including:  (i) under VARA against the EAI Defendants; (ii) for direct copyright infringement against the EAI Defendants; (iii) for contributory copyright infringement against WorthPoint; and (iv) under the DMCA §§ 1202(a) and (b) against Defendants. See <u>Trombetta II</u>, 2020 WL 1304120, at *7.  (See ECF Nos. 36; 40 at 13–14).

In December 2022, Ms. Trombetta filed a motion for leave to amend the FAC to assert, <u>inter alia</u>, claims for fraud, emotional distress, and permanent injunctive relief.  (ECF No. 341 (the

---

[4] All case citations omit internal citations and quotation marks unless otherwise indicated.

"MTA")).  After Defendants agreed to withhold their objections to Ms. Trombetta's amendments until summary judgment (see ECF Nos. 360; 362), the Court granted the MTA and deemed ECF No. 348-1 the operative complaint (ECF No. 348-1 (the "SAC")).  (ECF No. 366).  In the SAC, Ms. Trombetta added three claims:  (i) intentional infliction of emotional distress (the "Emotional Distress Claim"); (ii) identity theft under 18 U.S.C. § 1028 (the "Identity Theft Claim"); and (iii) a claim under the NYAARA (the "NYAARA Claim").  (ECF No. 348-1 at 18).[5]  On February 16, 2023, Defendants filed answers to the SAC.  (ECF Nos. 371–72 (the "Answers")).

## B.  Fact Discovery

The parties' deadline to complete fact discovery in this action was extended at least six times.  (ECF Nos. 195; 234; 252; 268; 291; 302; 308).  On December 15, 2022, Defendants certified that fact discovery was complete (ECF No. 336), and on December 16, 2022, Ms. Trombetta notified the Court that, apart from her "desire for the PDF file for the Ebay 2012 sale of the 1972 Original Oil" (the "Receipt"), her "[f]act [d]iscovery [was] complete."  (ECF No. 338).  The Court deemed Defendants' production as to the Receipt sufficient (see ECF Nos. 327; 343), and on December 19, 2022, deemed fact discovery closed.  (ECF No. 340; see ECF No. 375 (reiterating that fact discovery closed on December 19, 2022)).  On March 7, 2023, the Court denied Ms. Trombetta's request to reopen fact discovery.  Trombetta IX, 2023 WL 2388722, at *4–5.  (See ECF No. 384).

---

[5] Ms. Trombetta reasserted the NYAARA Claim even though Judge Abrams dismissed it in Trombetta I. 414 F. Supp. 3d at 634.

**C.  Expert Discovery**

On September 12, 2022, Ms. Trombetta provided to Defendants' counsel the resumes of Mr. O'Leary and Gayle Skluzacek ("Ms. Skluzacek"), and noted that she was "awaiting confirmation" on two additional experts, Dan Caropreso ("Mr. Caropreso") and Dr. Joseph V. Scelsa ("Dr. Scelsa").  (ECF No. 462-5).  On September 15, 2022, Ms. Trombetta produced a resume for Dr. Scelsa, and noted that she was "still waiting to hear" from Peter Trippi and Mr. Caropreso.  (ECF No. 462-6).  On September 19, 2022, and again on September 28, 2022, Defendants' counsel asked Ms. Trombetta to confirm whether she intended to proffer as experts Dr. Scelsa, Mr. O'Leary, and Ms. Skluzacek, but Ms. Trombetta did not respond.  (ECF Nos. 462; 462-7).

During a discovery conference on November 23, 2022—with more than three weeks left in the expert discovery period—Ms. Trombetta stated that she had three experts "waiting in the wings," and the Court reminded her of the deadline to "provide to the defendants all the information about the expert that the rules require."  (ECF No. 328 at 41).  When Ms. Trombetta noted that she had provided Defendants' counsel with the experts' resumes, the Court explained:

> THE COURT:  All right, well you need to look at Rule 26[,] which talks about expert disclosures, and that tells you the information about the experts that needs to be disclosed.  You need to comply with those requirements even though you're a pro se plaintiff.  Just forwarding their resumes is not sufficient.
> THE PLAINTIFF:  Understood.

(ECF No. 328 at 41–42).  Defendants have also notified Ms. Trombetta of the Rule 26(a)(2) deadlines and requirements on several occasions.  (ECF Nos. 462-1; 462-4; see also ECF No. 267 (noting Ms. Trombetta's noncompliance with Rule 26(a)(2)(B)).

Expert discovery was also extended several times.  (See ECF Nos. 195; 234; 291; 308; 333; see also ECF Nos. 361; 367; 387).  The final deadline for Ms. Trombetta to serve her expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2) was December 19, 2022; for Defendants to serve their expert disclosures was January 19, 2023; and all expert depositions were to be completed by February 7, 2023.  (ECF No. 333; see ECF No. 340 (denying Ms. Trombetta's request to extend expert deadlines)).  At the parties' request, the Court further extended the deadline to exchange rebuttal expert disclosures to February 7, 2023, and stated that "[a]ll discovery, including expert discovery, shall be completed by Wednesday, March 1, 2023."  (ECF No. 361 (the "Jan. 24 Order"); see ECF Nos. 364; 367).  Following letters from the parties (ECF Nos. 373–74), on February 23, 2023, the Court reminded the parties that, "[t]o the extent that any party served their experts' reports after the[] deadlines [set forth above], they [have] failed to comply with the Court's Orders (ECF Nos. 361; 367), and their experts' reports are subject to being stricken."  (ECF No. 375 at 1 (the "Feb. 23 Order")).  The Court also reminded the parties that "[a]ny party who fails to make their expert available for deposition before [the March 1, 2023] deadline, absent a showing of good cause, risks having such expert precluded."  (Id. at 2).

After denying Ms. Trombetta's motion to reopen fact discovery, the Court explained that, as of March 7, 2023, it "deemed all discovery—fact and expert—closed," and set a deadline of April 7, 2023 for the parties' to file motions for summary judgment and/or "to proffer or exclude a parties' experts."  Trombetta IV, 2023 WL 2388722, at *5.[6]  In an order dated March 10, 2023,

---

[6] At the parties' request, Judge Abrams later extended this deadline by one week, i.e., until April 14, 2023 (ECF Nos. 393; 394; 395; 402), and then at Ms. Trombetta's request, by an additional three days, to April 17, 2023.  (ECF Nos. 413; 415; 416).

the Court reiterated that all discovery was closed, and explained that, to the extent Ms. Trombetta was seeking "permission to serve any expert reports past the deadlines the Court has set, of which [she] had adequate notice, that request [was] DENIED."  (ECF No. 387 at 1 (citing ECF Nos. 333; 340; 361; 364; 367; 375)).

The Court subsequently denied Ms. Trombetta's demand that Defendants pay for one of her experts, Mr. O'Leary, to appear for a deposition, and ordered that he appear as noticed on February 28, 2023.  See Trombetta X, 2023 WL 2575242, at *2.  (See ECF No. 378).

**D.  Other Pending Motions**

On April 11, 2023, WorthPoint filed a motion in limine seeking, inter alia, to preclude the testimony and expert reports of Dr. Scelsa and Ms. Skluzacek.  (ECF No. 403 (the "Daubert Motion")).[7]  On April 17, 2023, the parties filed competing motions for summary judgment.  (ECF Nos. 418; 423 (collectively, the "MSJs," and individually, an "MSJ")).

On April 19, 2023—after she filed her MSJ—Ms. Trombetta filed motions to proffer the testimony of Dr. Scelsa and Ms. Skluzacek in support of summary judgment and at trial (ECF Nos. 429-31; 440; 442; 444; 448 (together, the "Proffers")), which WorthPoint has opposed on Rule 37(c)(1) grounds.  (ECF Nos. 483; 484).

Attached to the Proffer for Ms. Skluzacek is a letter from Ms. Skluzacek dated February 21, 2023—more than two months after the December 19, 2022 deadline for Ms. Trombetta's expert disclosures—stating:

> Annamarie Trombetta had asked me to provide an expert witness report to support her case.  Unfortunately, I was not able to provide this document until the New Year due to my obligations to other clients.  I had a medical emergency in my immediate family last week which further delayed the completion of my report

---

[7] Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993).

for Ms. Trombetta. This sequence of events should not reflect upon nor be considered neglect on the part of Ms. Trombetta.

(ECF Nos. 429 at 34; 430-1 at 2). In her report dated February 21, 2023, Ms. Skluzacek, an art historian and professional art appraiser, offers opinions on the damage that Ms. Trombetta has suffered due to Defendants' alleged "unwarranted association" of Ms. Trombetta with the Painting. (ECF No. 430-1 at 3–10 ("Ms. Skluzacek's Report")).

Attached to the Proffer for Dr. Scelsa, a licensed mental health counselor and Director of the Italian American Museum, is his report, dated February 16, 2023—also nearly two months after Ms. Trombetta's deadline—in which he offers his opinions on the damages to Ms. Trombetta, an "Italian American contemporary artist," from Defendants' false description of her as the painter of the Painting. (ECF No. 440-1 at 2–14 ("Dr. Scelsa's Report")).

The <u>Daubert</u> Motion, the Proffers, and the MSJs are currently pending before Chief Judge Swain.

### E. **The Motion**

On April 18, 2023, WorthPoint submitted a letter asking the Court to reject Ms. Trombetta's "untimely expert disclosures." (ECF No. 436). On April 20, 2023, the Court set a briefing schedule for the Motion. (ECF No. 449). On May 11, 2023, WorthPoint filed the Motion, which seeks to exclude under Rule 37(c)(1) Dr. Scelsa and Ms. Skluzacek's "untimely and insufficient expert disclosures." (ECF No. 462 at 1). On June 1, 2023, Ms. Trombetta filed the Opposition (ECF No. 493), and on June 8, 2023, WorthPoint filed the Reply. (ECF No. 499).

## III. DISCUSSION

### A. Legal Standard

Under Federal Rule of Civil Procedure 26(a)(2), an expert witness must prepare, on the schedule set by the court, a written report that contains, inter alia, "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B), (a)(3)(B), (a)(4). A party who fails to make the disclosures required under Rule 26(a)(2)(B) "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

When analyzing a motion to preclude under Rule 37(c)(1), courts within the Second Circuit consider:

> (1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witness[]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance.

Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2006). "None of these factors are dispositive and each factor is to be balanced against the others in making the determination." Lab Crafters, Inc. v. Flow Safe, Inc., No. 03 Civ. 4025 (SJF) (ETB), 2007 WL 7034303, at *6 (E.D.N.Y. Oct. 26, 2007); see Softel, Inc. v. Dragon Med. & Sci. Commcn's, Inc., 118 F.3d 955, 961–63 (2d Cir. 1997) (considering and balancing the four factors). In the Rule 37(c)(1) context, "[s]ubstantial justification means justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." Vioni v. Providence Inv. Mgmt., LLC, No. 08 Civ. 2950 (PAC), 2017 WL 881841, at *3 (S.D.N.Y. Mar. 6, 2017). Preclusion under Rule 37(c)(1) "does not require a showing of bad faith." United States v. Acquest Transit LLC, No. 09 Civ. 55S (WMS) (LGF), 2018 WL 3861612, at *12 (W.D.N.Y. Aug. 14,

2018), adopted as modified in part 2020 WL 3042673 (W.D.N.Y. June 4, 2020) (citing Design Strategy, Inc. v. Davis, 469 F.3d 284, 296 (2d Cir. 2006)).

A "district court has wide discretion in punishing failure to conform to the rules of discovery." Outley v. City of New York, 837 F.2d 587, 590 (2d Cir. 1988). "Preclusion for violation of Rule 26(a) is not mandatory," and "[c]ourts in this Circuit have recognized that preclusion is a harsh sanction." Conte v. Newsday, Inc., No. 06 Civ. 4859 (JFB) (ETB), 2011 WL 2671216, at *1 (E.D.N.Y. July 7, 2011) (collecting cases); see Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 764 (2d Cir. 1990) (explaining that preclusion is warranted "only in extreme situations"). Instead, preclusion is discretionary, even if the district court "finds that there is no substantial justification and the failure to disclose is not harmless." Design Strategy, 469 F.3d at 297; see Redmond v. Teledyne Landis Mach., No. 15 Civ. 646 (MAD) (ATB), 2017 WL 2465173, at *6 (N.D.N.Y. June 7, 2017) (declining to preclude expert report even though plaintiff's failure to comply with Rule 26(a) "was not substantially justified or harmless"). Before granting "the extreme sanction of preclusion," the district court "should inquire more fully into the actual difficulties which the violations causes, and must consider less drastic responses." Outley, 837 F.2d at 591.

## B.  Application

In the Motion, WorthPoint argues that each of the Patterson factors weigh in favor of precluding Ms. Trombetta from using Dr. Scelsa and Ms. Skluzacek as experts and denying any extension of the expert discovery deadline. (ECF No. 462 at 4). Ms. Trombetta argues in her Opposition that the late production of the Dr. Scelsa's Report and Ms. Skluzacek's Report "has to do with Defendants['] delays and disruptions causing [her] to address unexpected and numerous problems on a weekly [basis,] and as the months unfurled, it was on a daily basis." (ECF

No. 493 at 1).  In the Reply, WorthPoint observes that Ms. Trombetta has not disputed the timeline of events or deadlines in the Court's orders and argues that she has failed to "offer any reasonable excuse for the untimely delay" in serving her expert disclosures for Dr. Scelsa and Ms. Skluzacek.  (ECF No. 499 at 1–2).

The Court considers each of the <u>Patterson</u> factors below.  <u>Patterson</u>, 440 F.3d at 117.

### 1.   <u>Ms. Trombetta's explanation for the delay</u>

As the justification for her delayed production of the reports of Dr. Scelsa and Ms. Skluzacek, Ms. Trombetta points to the time she expended to:  (i) write, and rewrite, a settlement letter in February 2022; (ii) press Defendants for their discovery responses in April 2022; (iii) prepare for her rescheduled deposition and respond to a summons and complaint served by Seippel in Georgia in July 2022; and (iv) attempt to access emails WorthPoint produced in September 2022, all of which caused her "emotional trauma."  (ECF No. 493 at 1–2).  WorthPoint correctly points out, however, that Ms. Trombetta fails to account for the months of October, November, and December 2022, which "afforded an opportunity to confer with her experts and produce an appropriate disclosure."  (ECF No. 499 at 1).

The Court accepts Ms. Trombetta's representation that the four disputes she describes preoccupied her attention and resources between February 2022 and September 2022 and made it difficult for her to focus on expert discovery during that time.  <u>After</u> these disputes, however, Ms. Trombetta still had almost three months—October, November, and more than half of December 2022—to confer with her experts and prepare the disclosures that Rule 26(a)(2)(B) requires.  Despite that period of time, Dr. Scelsa and Ms. Skluzacek did not sign their reports until February 16, 2023 and February 21, 2023, respectively (ECF Nos. 430-1 at 2, 10; 440-1 at 14),

approximately two months <u>after</u> the December 19, 2022 deadline.  (ECF Nos. 333; <u>see</u> ECF

Nos. 340; 364; 367; 375).  Ms. Trombetta offers no explanation for this two-month delay, let

alone the substantial justification required to avoid preclusion under Rule 37(c)(1).  <u>See</u> <u>Abraham</u>

<u>v. Leigh</u>, 471 F. Supp. 3d 540, 555 (S.D.N.Y. 2020) (precluding expert reports that "were not signed

until nearly five months after the time for expert discovery had concluded" and plaintiff failed to

provide substantial justification for the delay); <u>Alexander v. Fidalgo</u>, No. 10 Civ. 8587 (AJN), 2013

WL 12316346, at *3 (S.D.N.Y. Apr. 10, 2013) (precluding expert who failed to examine plaintiffs

until "almost two months after the court-ordered discovery deadline and after [d]efendants[]

had already filed their motions for summary judgment").

 While the Court recognizes that Ms. Trombetta provided Defendants with the resumes of

Dr. Scelsa and Ms. Skluzacek during the expert discovery period, doing so did not satisfy the

requirements of Rule 26(a)(2)(B).  <u>See</u> <u>In re Gen'l Motors LLC Ignition Switch Litig.</u>, No. 20 Civ.

3732 (JMF), 2022 WL 17551571, at *3 (S.D.N.Y. Dec. 9, 2022) (precluding expert whose report

"lacks nearly everything required of an expert witness report by Rule 26(a)(2)); <u>Bermudez v. City</u>

<u>of New York</u>, No. 15 Civ. 3240 (KAM) (RLM), 2018 WL 6727537, at *2 (E.D.N.Y. Dec. 21, 2018)

(precluding report and testimony of expert whose report attached his resume, list of prior cases,

and compensation, but did not satisfy remaining requirements of Rule 26(a)(2)(B)(i)); <u>Vona v.</u>

<u>Schindler Elev. Corp. Mgmt.</u>, No. 05 Civ. 131 (SR), 2009 WL 2152309, at *8 (W.D.N.Y. July 14,

2009) (precluding expert where plaintiffs' untimely submission of a one-page affidavit and

resume was "woefully insufficient to satisfy the requirements set forth in Fed. R. Civ. P. 26(a)(2)");

<u>Castaldi v. Land Rover N. Am., Inc.</u>, No. 06 Civ. 1008 (JG) (KAM), 2007 WL 4165283, at *5 (E.D.N.Y.

Nov. 21, 2007) (precluding experts whose reports did not satisfy Rule 26(a)(2)), <u>aff'd</u>, 363 F. App'x

761 (2d Cir. 2009) (summary order); <u>see also</u> <u>Robinson v. Suffolk Cnty. Police Dep't</u>, 544 F. App'x

29, 32 (2d Cir. 2013) (summary order) (holding that district court did not abuse its discretion in

precluding under Rule 37(c)(1) expert report that "was insufficiently detailed" and thus did not

meet requirements of Rule 26(a)(2)(B)).

        In addition, although Ms. Trombetta is a <u>pro se</u> litigant, she cannot dispute that she was

aware of and understood the requirements of Rule 26(a)(2)(B) and her obligation to fulfill them.

<u>See</u> <u>Triestman v. Fed. Bureau of Prisons</u>, 470 F.3d 471, 477 (2d Cir. 2006) (<u>per curiam</u>) (explaining

that <u>pro se</u> litigants are "not exempt . . . from compliance with the relevant rules of procedural

and substantive law").  By no later than August 8, 2022, Ms. Trombetta was made aware of the

information about her experts that Rule 26(a)(2) required her to provide to Defendants.  (ECF

No. 462-4 at 1–2).  On that date, WorthPoint sent Ms. Trombetta an email that quoted Rule

26(a)(2), as well as Federal Rules of Evidence 701, 702, 703, and 705, and reminded her that, to

present a witness as an expert at trial, she:

> must make an expert disclosure . . . in the form of a written report prepared and
> signed by each expert and which contains the following information:  a complete
> statement of all opinions to be expressed and the basis and reasons therefor; the
> data or other information considered by the witness in forming the opinions; any
> exhibits to be used as a summary or of or support for the opinions; the
> qualifications of the witness, including a list of all publications authored by the
> witness within the preceding ten years; the compensation to be paid for the study
> and testimony; and a listing of any other cases in which the witness has testified
> as an expert at trial or by deposition within the preceding four years.

(<u>Id.</u> at 2).  <u>See</u> Fed. R. Civ. P. 26(a)(2).  Despite being advised of the requirements of

Rule 26(a)(2)(B), Ms. Trombetta at that time had only provided Defendants with resumes for Dr.

Scelsa and Ms. Skluzacek and did not respond to their inquiries seeking confirmation whether

she intended to proffer them as experts.  (ECF Nos. 462; 462-7).  On November 23, 2022—with

just under one month left before the December 19, 2022 deadline—the Court also advised Ms. Trombetta of her obligations under Rule 26(a)(2), with which she "need[ed] to comply . . . even though [she is] a <u>pro</u> <u>se</u> plaintiff."  (ECF No. 328 at 41–42).  When the Court instructed her that "[j]ust forwarding their resumes is not sufficient," Ms. Trombetta acknowledged that she "[u]nderstood," and neither requested an extension of the December 19, 2022 deadline nor gave any indication that she might not meet it due to her experts' unavailability or for any other reason.  (<u>Id.</u> at 42).

The Court therefore finds that Ms. Trombetta has failed to provide a substantial justification for her failure to comply with the requirements of Rule 26(a)(2)(B) as to Dr. Scelsa and Ms. Skluzacek before the December 19, 2022 deadline.  The first <u>Patterson</u> factor therefore weighs in favor of preclusion.

### 2.  <u>The importance of the testimony of Dr. Scelsa and Ms. Skluzacek</u>

As noted above, Ms. Trombetta intends to offer the testimony of Dr. Scelsa and Ms. Skluzacek to support her claimed damages resulting from Defendants' alleged misattribution of the Painting.  (ECF Nos. 430-1; 440-1).  Although the reports and testimony of Dr. Scelsa and Ms. Skluzacek could be relevant to damages,[8] expert testimony is not necessarily required to substantiate her damages, assuming she first proves Defendants' liability for the Emotional Distress and Identity Theft Claims.  <u>See</u> <u>In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.</u>, 528 F. Supp. 2d 303, 320 (S.D.N.Y. 2007) (noting that "expert testimony on emotional distress is not

---

[8] The Court makes no finding as to whether Dr. Scelsa's Report and Ms. Skluzacek's Report contain all the disclosures required under Rule 26(a)(2)(B) or whether either is qualified to serve as an expert under <u>Daubert</u> and FRE 702.  Defendants have raised various challenges to Dr. Scelsa and Ms. Skluzacek in the <u>Daubert</u> Motion, which is pending before Chief Judge Swain.  (ECF No. 403).

required to prove [such] claims"); see also Green v. Mattingly, No. 07 Civ. 1790 (ENV), 2010 WL

11626861, at *2 (E.D.N.Y. Dec. 15, 2010) (noting that expert testimony was not required to prove

emotional distress damages); Tehan v. Sacred Heart Univ., No. 06 Civ. 267 (PCD), 2008 WL

11417097, at *2–3 (D. Conn. Oct. 31, 2008) (rejecting argument that expert testimony was

required to prove emotional distress damages).  Thus, at most, the second Patterson factor

weighs slightly in favor of Ms. Trombetta.

### 3.  Prejudice and possibility of continuance

The Court considers the third and fourth Patterson factors together.  See Scalpi v.

Amorim, No. 14 Civ. 2126 (KMK), 2018 WL 1606002, at *14 (S.D.N.Y. Mar. 29, 2018) (considering

third and fourth factors together).  Noting that Ms. Trombetta did not serve Dr. Scelsa and Ms.

Skluzacek's reports until after the MSJs and Daubert Motions were filed, WorthPoint argues that

it has been prejudiced.  (ECF No. 462 at 4).  WorthPoint adds that reopening discovery at this

stage—after all discovery has been closed since March 2023—would result in additional litigation

costs and "unnecessary and irrelevant discovery."  (Id.)

The Court agrees that Ms. Trombetta's delay has prejudiced WorthPoint by failing to serve

the reports of Dr. Scelsa and Ms. Skluzacek until after WorthPoint filed its MSJ.  See Scalpi, 2018

WL 1606002, at *14 (precluding expert report where plaintiff "had already received an extension

of time to complete expert discovery" and did not submit expert's report until after defendant

moved for summary judgment); Alexander, 2013 WL 12316346, at *3 (precluding expert where

plaintiffs' disclosure of expert's report after defendants had moved for summary judgment was

"not harmless"); cf. Redmond, 2017 WL 2465173, at *6 (declining to preclude expert report

where defendants "did receive the report well in advance of moving for summary judgment").

Although Chief Judge Swain has not yet set a trial date, to reopen expert discovery at this late stage, after the Court extended the deadlines several times and deemed all discovery closed (<u>see</u> § II.C, <u>supra</u>), would further prejudice WorthPoint and unnecessarily delay resolution of this action.  <u>See</u> <u>Scalpi</u>, 2018 WL 1606002, at *14 (declining to reopen discovery and precluding expert report in case that had been pending for over four years and in which discovery had been closed for several months); <u>In re Bear Stearns Cos. Secs., Deriv. & ERISA Litig.</u>, 263 F. Supp. 3d 446, 452 (S.D.N.Y. 2017) (precluding delayed supplemental expert report because "[a]lthough a continuance would be possible, this case has been litigated since 2009, trial is now mere months away, and allowing deadlines to slip 'result[s] in the backup of other cases and eventual scheduling chaos as a series of bottlenecks builds'") (quoting <u>Softel</u>, 118 F.3d at 962–63).  The third and fourth <u>Patterson</u> factors therefore weigh in favor of preclusion.

*     *     *

Accordingly, the Court finds that Ms. Trombetta's disclosures as to Dr. Scelsa and Ms. Skluzacek during the expert discovery period did not satisfy Rule 26(a)(2), and that at least three out of the four <u>Patterson</u> factors weigh in favor of preclusion of their untimely disclosed reports, as well as any testimony they might have offered.  Notwithstanding Ms. Trombetta's <u>pro se</u> status, she was required to comply with the Court's deadlines, which were extended numerous times, and the requirements of Rule 26(a)(2)(B), which she understood.  <u>See</u> <u>Robinson</u>, 544 F. App'x at 32 (affirming preclusion of <u>pro se</u> plaintiff's expert report under Rule 37(c)(1)).  Under these circumstances, the Court declines to reopen discovery and precludes Ms. Trombetta from relying on the reports and testimony of Dr. Scelsa and Ms. Skluzacek pursuant to Rule 37(c)(1).

## IV.  **CONCLUSION**

For the reasons set forth above, the Motion is GRANTED and, pursuant to Federal Rule of Civil Procedure 37(c)(1), Ms. Trombetta is PRECLUDED from relying on the reports and/or testimony of Dr. Scelsa and Ms. Skluzacek.

The Clerk of the Court is respectfully directed to (i) close ECF No. 462, and (ii) mail a copy of this Opinion & Order to Ms. Trombetta at the address below.


Dated:          New York, New York
                June 22, 2023

                              SO ORDERED.

                              _____
                              SARAH L. CAVE
                              **United States Magistrate Judge**


Mail To:        Annamarie Trombetta
                175 East 96th Street
                Apt. 12R
                New York, New York  10128