

**Adam R. Bialek, Esq.**
**(212) 915-5143**
**Adam.Bialek@wilsonelser.com**

June 27, 2023

<u>VIA ECF</u>
Hon. Laura Taylor Swain
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

  Re: *Annamarie Trombetta v. Norb Novocin, et.al.*
    Civil Action No. 18-cv-993
    <u>Our File No. 19701.00006</u>

Dear Judge Swain:

  We are in receipt of Plaintiff's June 26, 2023 letter (ECF 510) which we first received today (despite the fact that the Plaintiff was able to forward the letter for filing with the Court earlier, she claims that she was unable to forward the letter to counsel until 12:12 pm today). Please allow this correspondence to address several issues raised in Plaintiff's June 26, 2023, letter.[1]

  As an initial matter, Judge Abrams and Judge Cave have previously stressed to Plaintiff the need for Plaintiff to meet and confer before submitting any applications to the Court. We, along with counsel for the EAI Defendants, have also brought this to Plaintiff's attention on numerous occasions. Despite the court's directions and our repeated pleas, Plaintiff continues to file letters, replete with misrepresentations, without attempting to address issues through the Meet and Confer process. These letters submitted by Plaintiff without first meeting and conferring have been filled with inaccuracies, misrepresentations, and extraneous material, all of which significantly increase the costs defendants have had to incur in this matter. Prior to Your Honor's involvement, the Court previously advised the Defendants that they do not need to file responses to every letter submitted by Plaintiff, but rather should only file a response if the Court so requests. The Court accepted that the Defendants did not agree with the Plaintiff's positions and statements. Please confirm that this will also be Your Honor's policy as well so that the Defendants do not need to incur unnecessary fees and further burden the Court.

---

[1] We attempted to conduct a meet and confer with Plaintiff and although she could send several emails during the day, and indicated she was "waiting for important phone calls," she was unavailable to meet and confer. When we explained the issues with her letter and asked her to withdraw or correct the letter, she refused.

150 East 42nd Street | New York, NY 10017 | p 212.490.3000 | f 212.490.3038 | wilsonelser.com

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Beaumont, TX | Birmingham, AL | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO
Detroit, MI | Edwardsville, IL | Madison, NJ | Garden City, NY | Hartford, CT | Houston, TX | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA
Louisville, KY | McLean, VA | Merrillville, IN | Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orlando, FL | Philadelphia, PA | Phoenix, AZ
Raleigh, NC | San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Washington, DC | West Palm Beach, FL | White Plains, NY

      With respect to Plaintiff's June 26, 2023 letter (ECF 510), Plaintiff's letter is riddled with irrelevant statements and material including her allegations of medical treatment and issues with her apartment's printer which have no bearing on this matter. It must also be noted that Plaintiff references medical treatment for which she never provided a medical report or records showing a causally related injury and refers to treatment by a physician for whom she never provided an authorization. Discovery has closed in this matter and Plaintiff has failed to provide any evidence of her emotional distress claim. Her attempt to input this new information into an ex parte letter to the Court is improper and should be stricken and disregarded by the Court. Additionally, Plaintiff continues to include inflammatory and needless comments about the merits of the case. WorthPoint denies these allegations and will continue to address the falsity of same within its moving papers.

      Plaintiff's letter must be stricken because the letter is nothing more than yet another unauthorized sur-reply to the pending motions to proffer and motions to preclude pending before this Court. Judge Cave ruled that the expert disclosures of Ms. Skluzacek and Dr. Scelsa were precluded as well as their testimony. Pending before the Court are motions addressing the same issues, as well as the request to preclude expert O'Leary for various substantive reasons. Rather than make additional argument, WorthPoint merely respectfully refers the Court to its submissions for the various reasons as to why Dr. Scelsa, Ms. Skluzacek and Mr. O'Leary's reports and testimonies should be precluded in their entirety.

      Furthermore, Plaintiff mischaracterizes Your Honor's Order (ECF No. 507) by claiming she is entitled to thirty (30) pages for her reply, when requesting another five (5) pages from the Court, totaling 35 pages for her Reply. There is nothing vague or unclear in Your Honor's June 21, 2023 Order on this issue (ECF 507), wherein Your Honor Ordered: "The page limit for the replies is also extended to twenty pages."  This Order granted the *joint* request in the letter from Anderson Duff, counsel for the EAI co-Defendants, wherein Plaintiff and the EAI Defendants requested an extension of time and the Plaintiff requested the additional pages for her brief (up to 20 pages in total, excluding certain sections).  The Court has previously *doubled* the allotted page limit for the Replies on the Summary Judgment motions to twenty (20) pages, which should be more than sufficient, assuming Plaintiff only addresses the actual issues of this matter which pertain to the summary judgment motion. Nevertheless, while we do not believe an additional extension of pages is necessary, if the Court grants Plaintiff the additional pages, the Defendants request an equitable extension.

      We thank Your Honor for your attention to this matter.

      Respectfully submitted,

      **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
      *Adam R. Bialek*
      **Adam R. Bialek**

cc:    All counsel
       Annamarie Trombetta

283459652v.1