In The United States District Court For Southern District of New York

_____

Annamarie Trombetta,

Plaintiff,

vs.

Norb Novocin, Marie Novocin,
and   Estate Auctions Inc.

and

WorthPoint Corporation

Defendants

_____

Civil Action No. 18-cv-0993-RA-HBP

**PLAINTIFF'S  REPY  TO**

**WORTHPOINT  CORPORATION ' S**

**MEMORANDUM  OF  LAW  IN  OPPOSITION**

**TO  PLAINTIFF'S MOTION  FOR**

**SUMMARY  JUDGMENT**



**PLAINTIFF'S REPLY  TO DEFENDANTS   WORTHPOINT   CORPORATION 'S**

**MEMORANDUM  OF LAW  IN  OPPOSITION  TO  PLAINTIFF'S**

**MOTION   FOR   SUMMARY   JUDGMENT  ECF  476**

TABLE OF CONTENTS

A.  PLAINTIFF 'S  REPLY   WORTHPOINT DEFENDANTS  OPPOSING MEMORANDUM
    IN   ECF NO. 476  ……………………………………………………………..…………4

B.  PLAINTIFF 'S PRELIMINARY STATEMENT……………………………………..….4,5,6,7,8

C.  PLAINTIFF'S PRELIMINARY STATEMENT  SECOND AMENDED COMPLAINT…………8,9

D.  STANDARD OF SUMMARY JUDGMENT………………………….. ………………………..10

E.  ARGUMENT ……………………………………………………………………… 10,11

F.  PLAINTIFF'S   REPLY TO  WORTHPOINT'S  ARGUMENTS

     1 REPLY TO  WORTHPOINT'S    POINT I.  STANDARD OF REVIEW……………………11,12

     IIPOINT II. PLAINTIFF'S COPYRIGHT INFRINGEMENT
      CLAIMS ARE NOT  TIME- BARRED……………………………,…………………..,……12,13,14,15

     POINT III.  PLAINTIFF'S COPYRIGHT INFRINGEMENT CLAIMS ARE NOT
          BARRED BY THE DMCA §512(c) SAFE HARBOR DEFENSE……………………..16

     POINT IV. PLAINTIFF'S CLAIMS OF COPYRIGHT INFRINGEMENT OF MY
     BIOGRAPHY ARE NOT SUBJECTED TO THE DOCTRINE OF FAIR USE………………17,18

     POINT V. PLAINTIFF'S CLAIMS UNDER VARA ARE NOT  TIME-BARRED………….. .18,19

     PLAINTIFF' RIGHT OF ATTRIBUTION  CLAIM..…………………………………………….19,20

     POINT VI.   VARA CLAIMS ARE NOT TIME-BARRED,  MONETARY DAMAGES ARE
     FOR PLAINTIFF UNDER THE VARA MISATTRIBUTION CLAIM; PERMANENT
      INJUNCTIVE RELIEF IS APPROPRIATE.……………………………….……………… 20,21

     POINT VII. PLAINTIFF'S DMCA CLAIMS ARE NOT TIME-BARRED
     AND ARE A MATTER OF LAW………………………………………………………………22,23

     POINT VIII- PLAINTIFF IS  ENTITLED TO SUMMARY JUDGMENT
     ON  THE FRAUD CLAIM………………………………………………………………….23

     PLAINTIFF'S CLAIM  FOR  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
     AS A MATTER OF LAW…………………………………………………………………….23,24

G  TORT CLAIM FIRST COUNT NEGLIGENCE……………………………………………24

H  PERMANENT INJUNCTIVE RELIEF ……………………………………………..….24

I  CONCLUSION…..…………………………………………………………………..25

# CASES

" Williams v. Savory, 87 F.Supp.3d 437, 451 (S.D.N.Y. 2015) (quoting Knowles v. N.Y. City Dep't of Corr., 904 F.Supp. 217, 220 (S.D.N.Y. 1995) (citation omitted)…………………………………….10

Celotex Corp. v.Catrett, 477 U.S. 317, 322 ………………………………………..…..…10

Psihoyos vs John Wiley & Sons Inc.748 F.3d 120,125 (2d Cir………………………………..12

Civ. 00089 SDNY McGlynn vs. Tower Investors, Com Inc……………………………………12

Kent Twitchell v. West Coast General Corp:(VARA)…………………………………… 19

Cohen v. G&M Realty L.P. 5 Pointz VARA…………………………………………………..19

Robert  Fletcher vs, v. Peter  Doig   (false attribution lawsuit)……………………………18

Mango v. Buzzfeed, Inc., 356 F.Supp.3d 368, 376 (S.D.N.Y. 2019)…………………………22

 Harper & Row Publishers, Inc. v. Nation Enters……………………………………………17

 Dos Santos v. Assurant…………………………………………………………………………18

HC2, Inc. v. Delaney, 510 F.Supp.3d 86, 104 (S.D.N.Y. 2020) (quoting Stuto v. Feishman,

164 F.3d 820, 827 (2d Cir. 1999)…………………………………………………………….23

Norman v. CBS, 333 F. Supp. 788 (S.D.N.Y. 1971)……………………………………………18

STATUTES

17 *U.S.C.* §101………………………………………………………………………4,19
17 U.S.C. § 501…………………………………………………………………………..... 4,12
17 U.S.C. § 504……………………………………………………………………………..4,19
17 U.S.C. § 507(b)……………………………………………………………… 4,15. 19
17 U.S.C. § 512…………………………………………………………………… …..16
17 U.S.C. § 106……………………………………………………………………4,12,17
17 U.S.C..§ 106A………………………………………………………………………4,12
17 U.S.C. §107……………………………………………………………… …....…4.17
17 U.S.C. § 1202…………………………………………………………………………4,
17 U.S.C. § Section 1202(a) ………………………………………………………4,22
17 U.S.C. § Section 1202(b)…………………………………………………………4,22

RULES

Fed. R. Civ. P. 56(a)…………………………………………………………………4,12
Fed.R.Civ.P. § 56(c)…………………………………………………………………4
Fed.R.Civ.P. § 9(b)……………………………………………………………4, 6,8,
CPLR 213(2)………………………………………………………………………4,

## A. PLAINTIFF'S REPLY TO DEFENDANTS' WORTHPOINT CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN ECF 476.

Plaintiff's Reply to Defendant, WorthPoint Corporation's Memorandum of Law, Opposing Plaintiff's Motion for Summary Judgment in its entirety is set forth pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff 's Reply is to conclusively prove WorthPoint Corp is liable for violations of Copyright infringement 17 *U.S.C.* § 101§, 501, § 504, the Visual Artists Rights Act, VARA, 17 U.S.C.§106, § 106A § 504,) for violation of the DMCA 17 U.S.C. §1202(a) removing or altering copyright management information under 17 U.S.C. § and 1202(b) falsifying copyright management information, knowingly committing Fraud (Rule 9), Intentional Infliction of Emotional Distress, Tort, CPLR 213(2) and finding Defendants' intent was willful. Plaintiff 's requests of the Court, Declaratory and Permanent Injunctive Relief due to Plaintiff's merits in this case and the willful denial by Defendants. Plaintiff's claims in my Second Amended Complaint, were filed after discovery Dec. 27, 2022 in in ECF 348, I reference ECF 348 and ECF 496 in this reply, due page limitations.

## B. PRELIMINARY STATEMENT

WorthPoint Corp. set forth an Opposition against Plaintiff. In Plaintiff's first Response, filed on June 7, 2023 in ECF 496, to WorthPointMotion for Summary Judgement ( ECF 427 ) I summarized in part, WorthPoint's willful patterns to intentionally deceive Plaintiff and to deny relative discovery information of WorthPoint's 1972 meta data, licensing agreements for 1972 painting in this lawsuit In 2015 , 2016 and 2017 WorthPoint 's concealed the fact that WorthPoint had the 1972 oil painting post on its website and intentionally misdirected me to contact eBay (see **EX.#19**), instead of simply removing the false post from its own website. WorthPoint's website had my biographical text from my artist website, written in 2003 with my affirmation *"I began my formal training at The Brooklyn Museum School of Art while I was in <u>high school"</u>* that validates I did not paint in oils in 1972 when I was nine

years old.  This quote, was in WorthPoint's webpage. The  "1972  painting  Man With Red

Umbrella"  was  publicly  characterized as  "Shabby Chic", "torn/damaged",  "starting bids  at

99  cents"  for a  large,  four  foot high  painting.  Plaintiff's  website,  biography,  year of  birth

with  the phrase  "New York  Listed Artist"  was in the EAI ad.  These details pinpoint my

identity,  alone, to  this false 1972 oil  painting,  publicly listed on the  internet. I am the only

artist named  Annamarie Trombetta on the internet. At Plaintiff's Aug. 20,  2022  deposition,  I

informed  all  attorneys of  these facts in  my deposition **EX. #1A Pl. Depo.P121-122-178.**    It

took seven  months to  removed one false  1972 post from WorthPoint's website ending in March

2016.   Six months  later  a new post of the false  1972 webpage  was on the  internet for a

second time.  On Jan. 4,  2017, I  emailed  CEO  Will  Seippel  He never replied .  In

WorthPoint's evidence,  WP000132  000133 and  in  000134, Will  Seippel and  Jason Packer

confirm to each other the URL 1972 post was on  the internet.

Throughout litigation,  WorthPoint's pattern to  deceive, deny,  and  defy  facts to the

Plaintiff  is exemplified  in ECF 275 filed  on August 29, 2022  and  in ECF 307. 310, 312, 313

documenting my problems obtaining discovery from Defendants. In WorthPoint's   Preliminary

Statement  Memorandum of Law, on page 7  of  ECF 476, filed May 30, 2023 it states "  *The*

*case  against WorthPoint  is* **_not_**  *about  whether  Ms. Trombetta  created an oil  painting of  a*

*Man with  a Red Umbrella.*  WorthPoint  also  stated  in ECF 476 *"WorthPoint has  never seen*

*the  painting…, never had  possession or ownership of it " WorthPoint was not involved.And,*

*even  if it were, the statute of limitations  against WorthPoint expired long before she made her*

*claim.".*  In WorthPoint's webpage is  a visual, written  claim *"©Copyrighted Work Licensed by*

*WorthPoint" proving.*  WorthPoint  is "involved" based on their  licensing and copyright claim.

Plaintiff who had  ABSOLUTELY  no  involvement with the painting or  these companies

until  I  found 1972 posted under my name  in August 2015, the year  my biography was listed

askART.  The pertinent  substance of this case is  that the Plaintiff  is  NOT  the artist  who

painted the 1972 oil as Defendants purported. An artist's name and signature will last, long after the artist dies and is not bound by time.  Use of my name, identity and biography  links me  to this painting. Without proof, I am  tethered. this painting  The false attribution and unauthorized use of my bio indeed constitutes infringements as noted  by Judge Abrams in ECF 187,  filed on  Dec. 21, 2021.  WorthPoint  admitted  in **SMF No.15**." *With over 700 million  entries in its Price Guide,  WorthPoint cannot   reasonably feasibly review  every entry."* In  **SMF  No.16**.  WorthPoint stated  "*To the extent  eBay's data  provided to  WorthPoint contained  images, WorthPoint <u>automatically</u>  added a  copyright notice providing   that the copyrighted  work was licensed by WorthPoint.* "    WorthPoint's admits they  do not   verify posts,  yet  they  "*automatically"* add  "*© Copyrighted Work Licensed by WorthPoint"*  to  all photos. I never licensed,  waived or transferred  my rights of my biography to   WorthPoint at any time.  In  Pl.  Evid.  000160,  highlighted   in blue, is coding with my  full name within the title of the 1972  painting  URL with in  the meta data on WorthPoint's website   **EXHIBIT# 1 B.**

WorthPoint's admissions fail to justify why WorthPoint did not  immediately remove the false 1972 oil painting  in 2015, or in Jan 2016 and  2017.WorthPoint's  recent admissions  fail to explain why WorthPoint added the "*© Copyrighted  Worth Licensed by WorthPoint"* statement given their  admission  that they never saw the painting  nor had it in its possession. Plaintiff's 1972 signatures prove  I  am  not the artist who painted the 1972  Oil Painting  Man With  Red Umbrella.  Base on the the red pencil  signature on  the back of the 1972 canvas,  which  is NOT signed Annamarie Trombetta, it is signed  ANNA   MARI**A**  TROMBETTA  PAINTED 1972, GIFTED 1977, the  spelling  not the same as my name.   Both Defendants failed to identity who signed each  signature on the1972 oil painting Man With Red Umbrella" and failed to designate any person other than the Plaintiff  as the artist.  Not knowing  who painted the 1972 oil painting, set forth  my claim for Fraud Rule (9)  in my SAC in ECF  348. Defendants failure to produce one electronic  digitally formatted original 2012  ebay  email  allegedly

sent to Defendants on Dec. 1, 2012 is noted in ECF 320, 322, 331, and 339. Each Defendant's has blamed the other for the false 1972 internet post. Once again in Jan. 2017, Plaintiff confronted both Defendants, each ignored my outreach to remove the false 1972 post from the internet. (See **EX.#8 and EX. #9).** Prior to commencing litigation, I found on EAI's facebook page, a post by Wendy Martinez, noting to EAI they were selling counterfeit items on eBay of a piece of China, EAI falsely claimed was French porcelain **EX.#1 C.** Prior to adding WorthPoint as a Defendant, I found a lawsuit in 2015, against WorthPoint, the same year I found the false 1972 oil painting post. WorthPoint was sued for copyright infringement. The lawsuit was dismiss without prejudice due to lack of personal jurisdiction. **See EX.#1 D**

In 2019, Estate Auction Inc. blamed WorthPoint in its EAI's statement : "

*We now understand that at least one third-party internet site scraped information about the December 1, 2012 eBay sale that contained the mis-attribution naming Ms. Trombetta and reposted the same on its website at least twice. Because EstateAuctions has no control over this third party, Ms. Trombetta had difficulty removing this information from the website".*

Plaintiff has no association to the 1972 oil painting Man With Red Umbrella. I have no history of painting in oils until my teenage years as my 2003 biography states. I affirmed to the attorneys at my Aug. 30, 2022 deposition on Page 130 I never painted oils as a child. **EX. #1 E** In 2017, when I told EAI, Norb Novocin the painting was fraud he suggested I hire a lawyer. See **EX.# #8 A and B.** WorthPoint in 2015, 2016 and 2017 stonewalled me. The post of the 1972 listing in Jan. 2017 **(EX. #21)** was secretly acknowledged by WorthPoint's staff and in discovery 2022, WorthPoint's attorneys produced the full email I sent to Will Seippel on Jan. 4, 2017. In WP000134, it is verified by both Will Seippel and Jason Packer saw the 1972 URLs back on the internet. In summary, Plaintiff has no actual history with either Defendants and have informed everyone I did not paint in oils in 1972. Plaintiff contacted both Defendants in Jan. 2017 in evidence. **( EX #8 for EAI - EX.#21 WP).**

As for the statutes of limitation, the separate accrual rule for successive copyright

infringements  applies in this case.  Plaintiff filed dated proof  from  2017 in the months of

March, April and May of 2017 that verifies  the  second  false 1972 oil painting post in  Google

listings and the full 1972 webpage  dated  May 7, 2017. ( **EX.#14 Plaintiff Evid. 000060 –71).**

The intentional denial by Defendants, withholding  of evidence  conjoined with the rejection  of

any  settlements talks  caused  Plaintiff  toadd  IIED, tort and fraud claims to  my SAC

in  ECF 348. Plaintiff's Fed.R.Civ.P. § 9(b) Fraud is detailed as per required in ECF 348  for both

Defendants which I referenced in  ECF 496 and  in this  reply, due to the brevity of space.

## C.  PRELIMINARY STATEMENT  PLAINTIFF'S  SECOND AMENDED COMPLAINT

Plaintiff  emotional distress  dramatically  intensified in August 30, 2022  after

 undergoing a  deposition for over nine hours with WorthPoint's attorneys,  I was improperly

served a summons and complaint on the street when I  stopped at the  light. My shoulder bag

was tugged  and I thought  was  being pickpocketed.  WorthPoint's  lawsuit  filed in  Fulton

County, Georgia is related to my New York lawsuit  In Seippel's  Georgia  complaint it states :

*"Approximately one   full year after filing   the Amended   Complaint,   Trombetta  arranged*
*service of process on    WorthPoint and W Seippel.  On Jan 1, 2020,  service   was delivered via*
*certified mail to   WorthPoint. On  January 4, 2020,  service  was delivered  via  Certified Mail to*
*WSeippel and   SSeippel's  home residence. "*

WorthPoint's dates of  Jan. 1,  2020 which is New Year's Day is  incorrect.  Secondly, the

correct year was ***2021***  NOT 2020.  **Pl. Evid. 000476-482.**  Other false statement related to

delivery date sfor  the certified mail to  WorthPoint.  It was  NOT received as Jan. 4, 2020. The

certified mail to ROSWELL, GA30075. was sent on Jan. 4, 2021  was  received Jan. 11, 2021.

NOT 20**20** as documented in  Seippel's  Complaint **Pl.'s Evid. 000492 000493 in EX.#2.**  In  the

Seippel/WorthPoint Georgia  Complaint in No. 18 on page 4 it falsely  states *:  "The service of*

*process was coincided with the Christmas and New  Year holidays in a  purposeful effort to*

*harass and disturb WSeippel,  SSeippel and the remainder of their family.".*  The  WSeippel/

WorthPoint Georgia Complaint have false statements in in No. 15 and  No. 18 The Georgia

lawsuit infringed upon my time.  I had difficulty  completing my expert witness reports. The root cause of the Georgia mailing is due to Mr. Seippel's email   response to me and his attorney on waiving the summons: **SEE EX.#2 Plaintiff's  Evid.  000490**  "*On this, **we should take the max time we have to get back to her under the law.** Not a day earlier. …….Won't this be the first time she has to spend money.   We have to, so should she. There is nothing for us to do until she dips into her pocket.Maybe she won't and we are done*". Dec.8, 2020 ~ Will Seippel

On Dec. 18, 2020  Judge Ronnie Abrams in ECF 126 on page 3,  issued an order:

"*Trombetta  to  effectuate  service  by  affixing  the  sealed  summons and amended complaint to the door of   Defendants' "actual place of business, dwelling place or usual place of abode" and mailing hese  documents to Defendants  as well.*

Will  Seippel and his  attorney were aware of  this Order which is public on the docket. Mr. Seippel's  temperament to *"delay and " use the max time" under the law* "is apparent in this lawsuit. **EX. #2 Pl. Evid. 000475 -482  Pl. Evid. 000488--489-490  Pl. Evid.  000492 000493**

WorthPoint's  consistently demonstrates incorrect  information in all its documented filings.  At my deposition on  August 30, 2022,  I informed all attorneys  I  never gave or used  my annamarie@trombettaart.com, website email  address to contact WorthPoint ,yet I received emails from WorthPoint.  Plaintiff only used  my Yahoo email . **EX. #16 B pages 47-48-178).**  On Jan. 19, 2023 employee  Jason Packer's declaration incorrectly listed  my annamarie@trombettaart.com  website email as my contact email to WorthPoint, despite my testimony  in August 2022 stating  I never  used to  this email to contact WorthPoint.  Mr. Packer produced the wrong email in WorthPoint data. **EX #16 B.** I note  on March 25, 2022, WorthPoint emailed  me  its "Terms of Use" to my artist  website address **EX #16 C (email)**

Pro se Plaintiff,  is dealing with two  Defendants,  a  team of  five  lawyers  is forced to legally reply to another lawsuit in Georgia, all due to Will Seippel. I filed this lawsuit.seeking protection to prevent Defendants from posting future  false  misattribution or creating a  false secondary market in my name, I ask the Court for  Declaratory and  Permanent Injunctive Relief.

**D. SUMMARY JUDGEMENT STANDARD**

A  pro se litigant is held to  the same standards for summary judgment , but  the pro se litigant should  be given special latitude in responding to a summary judgment motions. <u>Williams v. Savory, 87  F.Supp.3d 437, 451 (S.D.N.Y. 2015)</u> (quoting <u>Knowles v. N.Y. City Dep't of Corr., 904 F.Supp. 217, 220 (S.D.N.Y. 1995) (citation omitted);</u>.  Please Reference  **ECF  496**

**E.   ARGUMENT**

WorthPoint began it's argument with a quote " *On a motion for summary* judgment, *the moving party bears the burden of establishing that no genuine issue of material fact exists. Fed. R. Civ. P. 56(a);"  and the case*  <u>*Celotex Corp. v.Catrett, 477 U.S. 317, 322  (1986)*</u>. *The briefing for* <u>*Celotex Corp. v.Catrett,*</u> *case states  "A  defendant cannot get summary judgment tdoes not have.…. defendant must show the absence of evidence in the discovery record.*

Plaintiff  brings to  the Courts attention both Defendants are taking a "No  Position" stance whether or not I painted the 1972  failing to  acknowledge  I am  not the  artist who painted the 1972 oil painting.  First,  WorthPoint  took this stance in 2015  which created this problem. Second, the 1972 oil painting post was under my name and Google listing  and unethically  took space away from my true credential online. Third   Plaintiff  claims  for copyright infringement,  VARA,  DMCA is due to  the incorrect and unauthorized use of my biography. VARA  is  one of the quintessential  claim in this case.  Defendants did not  designate who painted or signed the 1972 oil. Plaintiff  produced my 1972 childhood signatures  **(EX.#3A)**

Note worthy is  the fact that the  Novocins are paid  members  askART since  2001 and to WorthPoint in 2014 ,  I  have never  been a  paid subscriber to askART.  In 2015, I gave written consent  for my biography  listed on askART and filed my dated written consent. In addition, Wayback Internet  Archive  documents Sept 22, 2015 with ONE capture as the date my biography was listed  on askART. **EX.#3B Pl. Evid. 000149,000150 and 000151.**

Unlike  WorthPoint,  I  was never in  possession of the digital meta data or anything related to the  1972  painting. I  never saw or had  possession  of  the A.  Trombetta" photo image. Defendants possessed  the digital content 1972 on WorthPoint's  webpage adding  the statement  "© *with Copyrighted  work  licensed by    WorthPoint" with* copyright symbol under  It  is  a self evident,   undisputed fact   that WorthPoint  ingested  "© *Copyrighted work licensed by  WorthPoint"* in  their " Report " and in doing so infringed  my internet space, crowding my overtaking my bio and misinforming my viewers I painted, at 9 years old the 1972 oil painting. Norb  Novocin's deposition pages  38 and page 47 and 52 of   **EX.#4**   admitted   the black "A. Trombetta"  signature, he   deliberately photographed, was "garbled- hard to  read"( page 38)and  initial "A " (page 52) . Norb Novocin  could  not give  any  conclusive response  to verify  or explain  why there was one photo  of the "A.Trombetta"  (p. 47).  Norb  Novocin,  who misattributed  the  oil painting to  Plaintiff,  circles back to  the  Defendants' case  Celotex Corp. v.Catrett, *"A  defendant cannot get summary judgment.  ...evidence in the discovery record.* Plaintiff is  submitting into  evidence  pages of my   August 30,  2022   deposition.  I gave Testimony under oath on page 173   in  line 14 to  24 to all attorneys and   stated   "

*Sir,  during  discovery I asked  your firm for  ........   several  forms of evidence predominately the  metadata, the actual date eBay/WorthPoint/ worthopedia  documents produced the… I can affirm once  again, I did  not do the  painting. I did not grant any  person, business , legal  entity at any time  rights to l cense or use  my self-authored biography.*  **EX #5  Pl.s dep. p173 to 175.**

### F. PLAINITFF'S  REPLY TO  WORTHPOINT'S  ARGUMENTS
### REPLY TO  WORTHPOINT'S   POINT  I.  STANDARD OF REVIEW

In Defendants ECF 476,  filed on May30, 2023  on page 9,   WorthPoint attorneys falsely stated  on April 17, 2023, when Plaintiff  filed her motion for summary judgment,  " *she did  not file or serve any declaration in support of her motion or any exhibits (See ECF #432, 433).  On April 20, 2023, Plaintiff belatedly filed a series of Declarations and Affirmations. Regardless  of the absence of timely-submitted evidence in an admissible form, Plaintiff's claims*

*would fail even if she submitted evidence in the proper format.* Defendants statement is not true.
Plaintiff submits i my proof of filing dated on April 17, 2023 in my email listing Plaintiff
Declaration.with attachments  Exhibits are of record in Docket as ECF  Annexed in **EX. # 6**
**Plaintiff  proof of** filing on 04/17/23 Declaration with exhibits. The Pro Se office takes 24 to 48
hours to file submissions. On April 17,2023 I filed <u>seventeen</u> filings. noted in  ECF  429, 430,
431,  432,  433, 435,  437, 438, 439,  440,  441,  442,  443, 444,   445,  447 and  448.

**POINT II. PLAINTIFF'S COPYRIGHT INFRINGEMENT CLAIMS ARE NOT  TIME- BARRED**

      Copyright  law follows the "separate-accrual rule," which permits   a new three-year
statute of limitations each time a repeat  infringement occurs.  On Page 14 of  ECF 187  filed on
Dec. 21, 2021, Judge Abrams  stated *"to be timely,  any complaint  of copyright  infringement
must have accrued after  <u>February 21, 2017".</u>*  Evidence on or past  Feb. 21,  2017 constitutes
infringement. Copyright  Infringement are under 17 U.S.C.§106, 17 U.S.C. §106(A) and
§501(Ex.Rt) §507(b) and  entitles Plaintiff to apply all  laws due to the  willful  and  or negligent
infringements by Defendants.  Plaintiff  owns a US  Copyright Registration No. TX 8-655-807.
The  Court in its discretion will  decide copyright  infringement,  Plaintiff  references  other
copyright  cases such as <u>Civ.00089 SDNY McGlynn vs  Tower  Investors, Com Inc</u>   and  <u>Psihoyos
vs John  Wiley & Sons Inc.748 F.3d 120,125 (2d Cir</u>  Psihoyos had not  filed the applications
for  registration of the relevant infringed photos  prior to filing  the action claiming  infringement
of copyright  as required. The jury  found Wiley had  willfully  infringed  Psihoyos's copyright
 photos and  awarded  Psihoyos $100,000 and  $30,000, respectively.  In my case,  Plaintiff's
biography is original, It is   self written in  prose and is  only  applicable  to myself and my
artwork. Copyright  law protects  authors' exclusive  rights to their works, the cornerstone of the
law is that work protected must  be  original. Plaintiff   monetizes my biography which  was
originally  written  for my catalog I sold at my solo exhibitions. My website bio states " All of
the imagery in this catalog …….was either created en plein air or from the subject directly.

On  Page 10 of  Defendants  ECF  476 filed May 30, 2023, Defendants are incorrectly

alleging that the statures of limitation are August 2015, which is  when  I first discovered the

post. This  is not the date of the last  infringement.  As aforementioned  WorthPoint deceived

Plaintiff  and directed me to  eBay's  who  confirmed the 1972 post was on WorthPoint's website.

evidenced in page 9 of the eBay transcript.(See **EX. 7 eBay phone transcript  Page 9)**

Documented in WorthPoint' Statement of Material  Fact in 49. *"To further address  Plaintiff's*

*concerns, WorthPoint's CEO instructed WorthPoint employee Jason Packer to submit a removal*

*request to Google on March 3, 2016. Ex. "G" at ¶19 See also, Doc. 36 at 46."*  WorthPoint's

admits the date of  March 3, 2016  as the  removal date for the 1972 posting from  the internet.

On  the bottom of  Page 11  of  Defendants  ECF 476 filed May 30, 2023, Defendants  state " as

attested to by William Seippel,the WP Report was deleted on Feb. 4, 2016 per Plaintiff's request

and was never reposted on WorthPoint's website. See Dkt. 425-7, Seippel *Declaration, ¶¶ 16-18.*

Plaintiff notes WorthPoint's  evidence in WP000062, WP000096 and WP0000135 is  the sane

Seippel's email reply to me  on Feb. 20, 2016.  An excerpt  from it is *"we are the only persons*

*that have saved this to my  knowledge. Since you  are the artists, and I have no reason to doubt*

*that, and you feel this is fraudulent, <u>we will remove the item from the site</u> so that it does  not*

*mislead anyone on your  paintings".*    Four years  later, Mr. Seippel filed a declaration falsely

stating onMarch 1, 2016,  he responded to my  Feb. 20, 2016 email. His  declaration does  NOT

include the Feb. 20,2016 statement  *we will remove the the item*"  **EX. #10 B #10 C**

As stated in Jan. 2017 I emailed  Mr. Seippel due the  posted on WorthPoint's website,

appearing under my name. noted in   **EXHIBIT #9  WP 000132, 000133 and 000134.**   On

WP000134, Mr.  Seippel and Mr. Packer  confirm  the URL was  on the internet.  Both

Defendants  did nothing in 2017 to  assist in  responding or to  remove  the false 1972 post

from the internet. In August  2017, Plaintiff followed the  suggestion of  Norb Novocin, hired an

attorney  and sent a settlement  letter to  resolve  the violations with the  Novocins **EX #8A  Pls**

**Evid 000887 to 000891 and EX #8B Plaintiff 2017 settlement letter.** Upon ignoring my letter, on Feb 5, 2018  I filed my lawsuit.  In March 2019 EAI Defendants issue a statement as aforementioned.  In late 2019 I was granted to  Leave to Amend my Complaint to add WorthPoint Corp . To  satisfy the separate  accrual rule I  annex   WorthPoint's sent  2017 emails to me and the 2017  Google Listings with *"1972 Painting ..Signed Anamarie Trombetta.'* in  **EX #10 A  Pl. Evid  0000060 to 000070,**  I also note, on Feb 16, 2016  the 1972 url was linked to Titanic Lithograph poster, documented in WorthPoint's evidence on WP000071 is the notation "You visited this page on 2/16/ 16. **EXHIBIT #11** WP00071. Plaintiff's email to Will Seippel dated Feb. 29, 2016  has the Titanic Lithograph link which notes You visited this page 2/26/16 and at the bottom is he emailed me on Feb. 20, 2016, **EX#11   Pl. Evid  000042– 0000043 Detail WP 0000071.**   There is another  Google Listing which dates I visiting the  false 1972 webpage on WorthPoint 's webpage MarilynMonroe photo.  On this page is  You visited this page 02/17/2016. **EX.#12 PlEvid. 000370 000371 Feb 17, 2016**

On  the top  of  Page 12  of  Defendants  ECF  476 filed May 30, 2023, Defendants claim  *"the posts on Google, if any, were not on WorthPoint's website, as WorthPoint is not Google, WorthPoint has no affiliation with Google and there is no common interest between the two independent companies. Plaintiff fails to set forth any evidence of that the WP Report was re-posted on WorthPoint's website after it was permanently deleted in February of 2016. Id. at ¶ 16-17."*   First, WorthPoint's website  posts  fall under  the  responsibility  of the WorthPoint's webmaster and IT tech, not Google  The responsibility  falls on WorthPoint  not Google.

Defendants  ECF  476 page 12 lists  my witnesses. To   clarify Fact witness  Scott Goodwillie gave testimony  on his  involvement with procuring interested  galleries in Plaintiff's artwork in the summer of 2015. Due to the false 1972 webpage, the  galleries did not  follow up on our scheduled meetings. Vanessa Ploski confirmed that Plaintiff  wrote my own biography which I read to her in person  Fact witness Willie Chu and I  phoned Google through G-Suite Tel.

No. 877-355-5787  in 2016 and 2017 to find out if , why the  false 1972  webpage post could be

 removed from the internet by Google.  Google affirmed to  Mr.Chu  and I only  WorthPoint can

remove the 1972 post.  My <u>internet Expert Witness Patrick  O'Leary</u>  affirmed  he worked  for

Google and removing items from the the internet should take a few hours or days at best.

   On  page 12  of  Defendants  ECF  476  WorthPoint's attorney   asserts *" Plaintiff  merely*

*alleged that on March 15, 2017, she searched on Google for 1972   Original …….Worth*

*Point's site, and she cannot  establish that the Biography was contained within  WorthPoint's*

*report of the Auction Listing within three years of the filing of the Complaint.*   Annexed are three

dated  March 15, 2017  documents -one  is an email removal  request to WorthPoint's to stop

sending  emails, second is a Google listing  with the false 1972 post including the Titanic Litho

Poster **EXHIBIT #13 Pl.Evid. 000061  000062**  Plaintiff has the full webpage of the  1972 Oil

Painting Man With Red Umbrella Signed Annamarie Trombetta  which I visited May 7, 2017 and

is annexed in  **EXHIBIT #14 Pl Evid. 000069 000070 000071.**

          On page  13  of  Defendants  ECF  476 Defendants falsely  asserted *" Without*

*additional evidence, which Ms. Trombetta has failed to set*  forth, the timestamp is not a reliable

indicator because it can be incorrect and/or manipulated."  Plaintiff has  file  Pl. Evid  000058 to

000068 which include sent emails from  WorthPoint all dated. I  also submitted the most recent

email sent to my ' public  website  email address  from  WorthPoint  titled " We've Updated our

Terms of  Use"  March 25, 2022 during litigation. **EX. #15 Pl's. Evidence  000880**

   Defendants falsely  assert on  Page 13  of  ECF  476  *"WorthPoint has proven, through*

*Google Analytics, the testimony of Jason  Packer.* " I reminds the Court Packer 's  Declaration

falsely and incorrectly issued in his declaration the wrong email address from my  website email

address instead  of my Yahoo account address  Plaintiff has never sent an email to  anyone at

WorthPoint using my website email address.  **EXHIBIT #16 A  #16 B and 16 C  EX. #15**

**000879 - 000880.**  Also in Mr. Packer's  declaration   attorney have used  bate stamped number

WP000132  TWICE  on evidence.   Annexed is a chart by Packer  with  missing text stamp

WP000132  produce on Jan. 19,  2023  and WorthPoint's evidence  produced on April 8,  2022

with a date from **2017** and is a page from my Jan. 4, 2017 email to Will Seippel **EX #17**

On page 14  of ECF  476 WorthPoint's  attorneys via their  internet expert witness state:

*"Ms. Stricchiola opines with a reasonable  degree of professional  certainty that a cached*

*version ...Google  infrequently  accessed the URL in question,  and thus would not have*

*changed its results. Id., pp. 12-13*. WorthPoint's  attorneys and expert  witness  are blaming

"Google" . Google is not  responsible, for removing posts from  the internet from a website

owner. as Mr. Chu and I confirmed in 2016 and 2017.  Jason Packer was responsibility.  Google

has a public support website and  instructs how to*" permanently " r*emove  items from Google

and is in  *EX.18B Google Help. In **EX.18A** is the Google public info pages  and in **EX.18 B**  are*

*dated Google 1972 Listings with the 1972 oil painting listed on the internet in 2017* .

### POINT III.    PLAINTIFF'S COPYRIGHT INFRINGEMENT CLAIMS ARE NOT  BARRED BY THE DMCA §512(c) SAFE HARBOR DEFENSE

WorthPoint  is a for profit Corporation  evidenced in  the membership payments from

Defendant Norb Novocins' to WorthPoint   The  DMCA §512(c) SAFE HARBOR  rules  are

referenced in ECF 496  In ECF 187,   page  17  thru to 19 of Judge AbramsOrder *"indicates a  three- year*

*statutory period that  violates DMCA"  In  EX.#18 are*  dated  Google Listing with the1972

WorthPoint post which  prove the webpage was on the internet in May 7, 2017.

Plaintiff's emails to  WorthPoint began in  2015 and Jan 14 2016  thru to March  2016.

Plaintiff's also submitted phone calls  transcript with eBay, Anita Brooks and  Greg Watkins and

I have included the transcripts in my Reply to ECF 479. As noted in No. 49 WorthPoint

admits  *" Jason Packer to submit a removal request to Google on March 3, 2016."*   On Jan. 10,

2017 Plaintiff phone first Defendants Defendants did  nothing to remove the post  from the

internet.  According  to the  rules for Safe Harbor,  both  Defendants were  obligated to  respond

and  remove the false 1972 .webpage **SEE EX #20 #21 and #22 A  and  #22 B .**

**POINT IV.      PLAINTIFF'S CLAIMS OF COPYRIGHT INFRINGEMENT OF MY**
**                          BIOGRAPHY ARE NOT SUBJECTED TO THE DOCTRINE OF FAIR USE**

Section 106 of the Copyright Act grants the owner of a copyrighted work "exclusive

rights" over the copyrighted work, including the rights "to reproduce the copyrighted work," "to

prepare derivative works based upon the copyrighted work," and "to distribute copies ... of the

copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or

lending." 17 U.S.C. § 106 ; *see also Arista Records, LLC v. Doe 3* , 604 F.3d 110, 117 (2d Cir.

2010) .  The fair use factors are (1) the purpose and character of the use, (2) the nature of the

copyrighted  work, (3) the amount and substantiality of the portion used in relation to the

copyrighted work as  a whole, and (4) the effect of the use upon the potential market for or value

of the copyrighted  work 17 U.S.C. §107.   WorthPoint  is a for profit corporation.  Second,

Plaintiff's biography  is written in prose  and is a creative, original literary form of self

expression and therefore does not qualify to be  used under Fair Use. I have exclusive rights.

Third as stated  and admitted on page 12 of ECF 422  Estate   Auctions Inc. Defendants : *Norb*

*Novocin  intended only to provide potential  buyers   with as much information as possible to*

*increase  EAI's chances of selling the Painting."*  Defendants used my bio for  commercial use,

the bio  usage is  not correct or historical. Fair Use is not inapplicable  ."The crux of  the profit/

nonprofit distinction is ...whether the user stands to profit from exploitation of the  copyrighted

material without paying  fees to the owner of the copyrighted work ." *Harper & Row Publishers,*

*Inc. v. Nation Enters.* The use of my bio is a  fraudulent material fact.  I did not sign/ paint the  oil.

Defendants  state  on   Page 19 of  Defendants  ECF  476 filed May 30, 2023, the

*"The WP Report should also be considered as  "reporting,"  as described in the Fair Use  provision,  as*
*the posting of the Listing and the information in the Listing was needed to  **accurately** report what had*
*occurred (even if the original information provided by Novocin was arguably false). Therefore, WorthPoint's use*
*of Plaintiff's Biography was non-commercial and was made available to the public for the purposes of*
*researching historic auction results. WorthPoint's  posting has also transformed Mr. Novocin's use from*
*commercial - to sell the Painting on eBay -to non-commercial and for research purposes,*

Plaintiff ends this subject with two last quote from page 21 in ECF 476 filed May 30, 2023 and Defendants case reference <u>Norman v. CBS, 333 F. Supp. 788 (S.D.N.Y. 1971).</u> Defendants asserted *" Plaintiff concedes that only a portion of the work was used but alleges that fair use does not apply if the portion taken is the "heart" of the work with an improper usage."* "The last quoted statement from Defendants is on the bottom of page 21 in ECF 476   3 Defendants' falsely asserted and referenced a page from Plaintiff deposition -173 *<u>Plaintiff admits that she does not monetize her Biography</u>. ECF No 425-1, , Plaintiff's Deposition, p. 173, l*. 22-24" Plaintiff annexed in **EX#24Pl. Aug 30, 2022 Dep. Page 173**   I did not admit that I do not monetize my biography. In the text of my biography on WorthPoint's webpage" it states *All of the imagery in this <u>catalog</u> was either created en plein air or from the subject directly*. My catalog was sold for profit at my solo exhibits. Attorney Jana Farmer has issued a false statement against Plaintiff. Her referenced to the case of <u>Norman v. CBS, 333 F. Supp. 788 (S.D.N.Y. 1971)</u> is not applicable as its Plaintiff , Charles Norman , obtained the material of poet Ezra Point from other authorities. Mr. Novicin testified "he grabbed my askART bio.

## POINT V. PLAINTIFF'S CLAIMS UNDER VARA ARE NOT TIME-BARRED

VARA, like exclusive copyright, can only be invoked by the artist, and only under certain conditions. The significant difference between VARA, is the right of attribution which is so personal it is not defined yet, if it dies with the artist, or if the law allow artists to bequeath the right of attribution just as they can bequeath copyright ownership, typically for another 70 years after the artist's death. Although WorthPoint's attorneys have referenced a case <u>Dos Santos v. Assurant,</u> (an artist who lost her artwork a due to an eviction,) filed a claim under VARA. I set forth a more relevant case and reference <u>Robert Fletcher vs, v. Peter Doig13 C 3270 (false attribution )</u> which is also a case of refuted authorship. In my case and artist Peter Doig, our names and attribution will increase the value of any painting that was not authenticated to be created by the artist. In Peter Doig's case ( a male artist) he was sued for

attribution to  increase the value of a painting which  had a dissimilar  spelling  of his  name.  In my case ( a female artist) the false 1972 oil painting  has two written dissimilar  spellings  and is noted as  being  physically damaged. There is a financial   dichotomy  and the reputation of each artist at stake.   Rights of attribution are  parallel in the importance  to any  painter's  name, signature and reputation. In my  case, like Peter Doig, we both did not  paint the oil painting and the spelling of our names on the paintings was not the same  spelling  of the artist.  In Mr. Doig's  case  the true  artist  was  known. I n Plaintiff's case the artist is unknown and infers a counterfeit painting, forgery  After discovery I filed  a fraud claim .

       The Visual Artists Rights Act (VARA) "was enacted as an amendment to the Copyright Act" and is subject to the same three-year statute of limitations,  17U.S.C.§507.  The  claim for damages for the three prongs and or  elements for a VARA claims  which fall under 17 U.S.C. § 101 ( an unanimous author) "[T]he  right of attribution protects the author's right to be identified as  the author of his work and also protects against the  use of his name in connection with works created by others."—Using the copyright rules if  damages  are willful the fine is increased to  $150,000  per work if the "willful." 17 U.S.C. § 504(c).  In a  case where the copyright  owner sustains the burden  of proving, and the court finds, that  infringement was committed  willfully, the court in its  discretion may increase the award of  statutory damages. Past cases  awarded the VARA claim  are due t the destruction of artwork  Kent  Twitchell  v. West Coast General Corp: and  Cohen v. G&M Realty L.P. VARA 5 Pointz    "The Second Circuit's landmark decision in  Cohen v. G&M Realty L.P.  changed  the rights of all artists.

## 1.  Plaintiff's Right of Attribution Claim

  Equal as well is the monetary value of my name and  signature and the how this is  crucial to my  financial business as an artist and the increase in monetary value to the 1972  oil painting. Defendant stated : " *Here,  WorthPoint does not  dispute that the Painting is a work* of visual art and that  Plaintiff creates works of visual art. In  fact,  WorthPoint takes no position on Plaintiff's claim   that  she did not create the Painting in question.   and wrote

*" WorthPoint did not attribute the  Painting to  Plaintiff. This attribution was  done solely by defendant Norb Novocin, with no input  from  WorthPoint. See ECF No. 425-2  ....Mr. Novocin posted the attribution as part of his eBay Auction Listing for the  Painting.  Id. at p. 131, ll. 18-20."  Given that WorthPoint did not misattribute the Painting to  Plaintiff but only __passively__  displayed a report of the attribution by Mr. Novocin, WorthPoint  cannot be liable for misattribution."*

Plaintiff  notes  both Defendants were passive in removing the internet post.  WorthPoint,

took no care, concern or interest  and  consciously failed to remove the false 1972 oil painting

post from WorthPoint's website. Despite  Defendants present  *"no position"* of  the authorship of

the 1972 painting, their position  does not erase or negate the continuous online presence under

Plaintiff's name, my profession  ie artist Annamarie Trombetta with  my  bonafides, authentic

internet listings that were  unethically linked to WorthPoints webpages, For a visual artist, their

name and  reputation are the pillars upon which their livelihood is built and  are relative to an

artists' direct earning power. Proof that I did not paint the 1972 oil can only be achieved with my

authentic signature which I produced to vindicate my identity from this painting.  My reason for

this lawsuit is that someone wrote  my name on a painting I did not paint which is  forgery. The

ordeal to prove I did NOT create a work of art  cost/lost  me  five years of my life. I  reference

*a) Rights of Attribution and  Integrity.— is Subject to section 107 and independent of the exclusive*

*rights provided in section  106, the author of a work of visual art*  **Please reference ECF  496**

*The  Right to Privacy falls under the VARA claim The four most common types of  invasion of*

*privacy torts are as follows: • Appropriation of Name or Likeness. • False Light.*

**POINT VI.    VARA CLAIMS ARE  NOT TIME-BARRED,   WORTHPOINT DID  ATTRIBUTE THE PAINTING TO PLAINTIFF AND PLAINTIFF IS ENTITLED TO  MONETARY DAMAGES UNDER  THE  VARA  MISATTRIBUTION  CLAIM;  PERMANENT  INJUNCTIVE  RELIEF  IS APPROPRIATE AND  NECESSARY DUE TO DEFENDANTS   WILLFUL  DENIALS**

The VARA violation for all  three moral rights claims  are (i) right  to claim  authorship,

(ii) right to prevent  the use of  one's name on any  work  the  author did not  create,  (iii) right to

prevent use of one's name on any  work that has been  distorted, mutilated, or damaged.  All of

these rights were violated  and apply in Plaintiff's  case.  The counterfeit  misspelled "ANNA

MARIA  TROMBETTA"  has a designated  number and a notation  that it was painted in 1972

that it has been "Gifted in 1977" yet no one has been named to the  signature.   Plaintiff, in 2015

contacted  the NYPD  and I did fill out a Federal Identity Theft  report annexed in **EX #25  Pl.**

**Evid  000167** I contacted a lawyer   Plaintiff  **Evid  000239**  and  NYPD  Det. Randi Rose **Pl.**

**Evid  000307.**  In 2017 when the false  post  with the photo was on the internet again, I put a

Freeze on  my credit cards. **EX. #25  Pl Evid.  Trans Union 000690 and  Experian 000694.**  .

   " On Page 22 in ECF  476  WorthPoint wrote  *WP Report did not serve as a replacement for the*
*demand for her work, nor did it harm her ability to profit from her biography. The WP Report was*
*generated for research purposes. Furthermore, Plaintiff's argument that she lost gallery interest and lost*
*a sale of artwork are insufficient to weigh this factor in Plaintiff's favor"*

      The attorneys casually wrote  " *Plaintiff is no longer suffering any hardships at all*

*since the post was removed seven years ago"* . WorthPoint attorneys  have no  idea what my life

was like before this lawsuit. I  never  had  vertigo. and suddenly came upon me in  Feb, 2022 due

to the demands in this case . I have filed my doctor visits and listed an expert witness for  the

mental distress due to the legal  burdens.  Plaintiff  informs the Court I have been unable to paint,

create new artwork or earn a  living which has never happened before. It is due to this  ordeal.

**POINT VII. PLAINTIFF'S DMCA CLAIMS ARE  NOT TIME-BARRED  AS A MATTER OF LAW**

      The statute of limitations for DMCA claims  are the same as the statute of limitations

for any other copyright infringement claim. As noted in Judge Abrams Opinion and Order on

page 17 to 19  of ECF 187 . The conduct by WorthPoint is within the three-year statutory period

that violates DMCA ,   The willful adherence of  WorthPoints' name and false claim is a

quintessential definition of the DMCA vocation. Moreover,  Plaintiff's biography had a

copyright symbol and  *© All  work on this site  are ©Annamarie  Trombetta. All rights*

*reserved."* .  Furthermore, EAI  Defendants have given  testimony  that they provided the "A.

Trombetta" signature photo.   WorthPoint Defendants have  admitted in their Statement of

Material Facts  No. *16. To the extent   eBay's data provided to  WorthPoint contained  images,*

*WorthPoint automatically added a   copyright notice providing  that the copyrighted work  was*

*licensed by WorthPoint. Id., at ¶11*. WorthPoint admits to an automatic, adherence without looking or knowing what it is copyrighting, or what or who WorthPoint is infringing. It is Plaintiff notes in WorthPoint's Material Statement of Facts No *32*. *The photograph annexed to the WP Report contained a notice © Copyrighted work licensed by WorthPoint" ("©Copyright License Notice")*. WorthPoint's SMF No,32 notice exemplify an admission to adding CMI which is an elements of DMCA violations. In the Second Circuit, courts often identify the elements of proof for a § 1202(b) removal/ alteration claim as requiring: "(1) the existence of CMI on the [infringed work]; (2) removal and/ or alteration of that information; and (3) that the removal and/or alteration was done intentionally." Mango v. Buzzfeed, Inc.,356 F.Supp.3d 368, 376 (SDNY 2019

### ii. Plaintiff's Claim Under DMCA §1202(a) Is Legally Sufficient

The elements of a claim for a violation of Section 1202(a) of the DMCA are: (1) that the defendant knowingly provided or distributed false copyright management information ("CMI"); and (2) that defendant did so with the intent to induce, enable, facilitate, or conceal an infringement. Plaintiff has submitted three forms of proof that attest my Biography was listed on askART in 2015 and not 2012. Moreover, as a matter of law Plaintiff's biography had a copyright symbol and **statement** *All work on this site are **©Annamarie Trombetta. All rights reserved."** which was not in the Estate Auctions Inc description that was on WorthPoint's website. Furthermore, WorthPoint's webpage attached a false CMI *©Copyrighted work licensed* by WorthPoint." Estate Auctions Inc is the source of the photo and the reason why WorthPoint **a**dhered the *"©Copyrighted work licensed by WorthPoint" WorthPoint's* vague undefined statements as a matter of law is self evident that concealment is at hand. Plaintiff notes that in 2015, when Plaintiff called eBay in the transcript on page 13 of the transcript all copyrighted work need to be registered with eBay in EX. 21 Plaintiff brings the Court's attention an excerpt of confession, from page 34 of ECF 476 in which WorthPoint states. *"Furthermore, as stated in the Declaration of Will Seippel, the postings are automatically*

*uploaded from eBay to WorthPoint's website and thus cannot be willful. WorthPoint does not and could not review each of the hundreds of millions of listings in its database. While Plaintiff alleges willfulness may be found when an infringer had only constructive knowledge, she fails to demonstrate how WorthPoint would ever have constructive knowledge."*

Devoid of any review or knowledge WorthPoint adheres a"©Copyrighted work licensed by WorthPoint" notice to every photo. WorthPoint's URL included my full and correctly spelled name and used the work "Original" in the caption of the URL. annexed is my CMI

## POINT VIII- PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ON THE FRAUD CLAIM

For the sake of Brevity and the limitations of page for this filing Plaintiff asks the Court to reference ECF 348 which details all eight counts of Fraud pages 51 thru 71, twenty pages in ECF 348 that fully details the listed eight counts of Fraud against WorthPoint . Plaintiff has detailed under New York law, the five elements fraud claim: (1) a material misrepresentation (not my signatures) or omission of facts both Defendant did not read my bio ( no 12 photos (2) made by defendant with knowledge of its falsity (3) and intent to defraud; failure by both Defendants in 2017 to remove, assist or respond to Plaintiff (4) reasonable reliance on the part of the plaintiff; and (5) resulting damage to the plaintiff. Fraud based on a "material omission of fact. for summary Plaintiff ECF 348 beginning on page 51 goes through to page 82 and details each of the eight counts of Fraud.

### Plaintiff's Claim for Intentional Infliction of Emotional Distress Fails as a Matter of Law

As a matter of law IIED in New York, intentional infliction of emotional distress requires: (1) extreme and outrageous conduct;(2) intent to cause, or reckless disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress." HC2, Inc. v. Delaney, 510 F.Supp.3d 86, 104 (S.D.N.Y. 2020) Plaintiff has been publicly humiliated by the absurd claim that a nine year old painting a four foot painting which is , obvious fraud WorthPoint's intent to deceive began by concealing its website had this post. Plaintiff asks the Court to read and reference ECF 496

filed on June 7, 2023, Plaintiff's  Response  To  WorthPoint Summary  Judgement. Plaintiff also

references my Second Amended Complaint filed on Dec. 27, 2022 in  ECF 348 pages 73 to 76.

Plaintiff affirms to the Court I have not been able to earn  any income since Jan.

2021.  In good faith  I wrote three settlement letters  which  Defendants have willfully  rejected

and failed to make any monetary  offers.  Both  Defendants lied and  deceived  and then  filed a

motion to   posting a bond by EAI  and  WorthPoint's lawsuit against  Plaintiff  in the state of

Georgia .I have become is emotionally and physically compromised,  and exhausted and feels

trapped in  litigation. Plaintiff did not paint this 1972 oil and I have a right to declare that it is a

fraudulent  painting.  At present I am unable to  live my life by  choice and to pursue my artistic

career, and I am burdened with litigation, forced to prove I did not paint an painting  when I was

nine. Defendants have legally belabored  me while feeling no remorse for publicly distorting my

public personae .The length of time to legally try to prevent and protect my name and careers is

soon  to be eight years is even more harmful to my mental,  professional  and financial stability.

## G.  TORT CLAIM FIRST COUNT NEGLIGENCE

Negligence as a civil tort  occurs when a person breaches his duty of care which he

owed to another due to which that other person suffers some hard or undergoes some legal

injury.  Defendants failure and  omission to read Plaintiff bio has cost me eight years of my life

The statutes of  limitation in New York for civil tort is six years ioral contract.  I reference   ECF

No. 348 filed on Dec. 27, 2022  Dec. 19,  2022 in 341,  I documented two counts of Tort

Claims due to Willful  Negligence.  I reference to the Court page 75 -76  d -77 to 80.

## H. PERMANENT INJUNCTIVE RELIEF FOR BOTH DEFENDANT

Plaintiff's request to  the Court to grant permanent injunction relief for both Defendants

and Reference ECF the four element in **ECF  496 .**  My request is due to WorthPoint consistent,

resistant "No Position" stance and refusal to admit I did not paint the 1972 oil conjoined with

fact that a similar  name as mine appears on the 1972 oil painting .WorthPoint's  ECF 476 reply

still refers the the 1972 post as a historic report, If I am not  the artist and the  artist is unknown, it is not  a historic, it is fraudulent report. The 1972 internet post misinformed the public and distorted my personal historic records of facts. Plaintiff's seek legal recourse for Declaratory and Permanent Injunctive Relief is to prevent any further "false" misattributions

## I.   CONCLUSION

Plaintiff 's reply to Defendants Memorandum  Opposing Plaintiff's Motion Summary Judgement due to the demonstrations and   willful pattern to  blatantly ignore Plaintiff's evidence. Defendants have done so repeatedlyFor these reasons,  I respectfully requests Defendants Opposition to  Plaintiff's Motion for Summary Judgement be denied with prejudice.

Dated: New York, New York June 29, 2023

Respectfully Submitted by

——Electronic Signature ——

Annamarie Trombetta
175 East 96th Street (12 R)
New York. New York 10128                    /s/ Annamarie Trombetta June 29, 2023
Pro Se Plaintiff
                                             _____

                                             Annamarie Trombetta Pro Se Plaintiff

In The United States District Court For Southern District of New York
_____
Annamarie Trombetta,
Plaintiff, Civil Action No. 18-cv-0993-RA-HBP
vs.
Norb Novocin, Marie Novocin,
Estate Auctions Inc.
and
WorthPoint Corporation
Defendants

_____

CERTIFICATE OF SERVICE

I certify that on June 29, 2023, a true and correct copy of the foregoing document was served

upon the parties of record via the Court's CM/ECF system and directly to all attorneys listed

below to include Adam Bialek, Jana Farmer and John Cahill attorneys for WorthPoint

Corporation and attorney Anderson Duff representing Marie and Norb Novocin and Estate

Auctions Inc.

Dated: New York, New York June 29, 2023

                                            Respectfully Submitted by

Annamarie Trombetta                 ——Electronic Signature ——
175 East 96th Street (12 R)
New York. New York 10128          /s/ Annamarie Trombetta June 29, 2023
Pro Se Plaintiff                    _____

                                            Annamarie Trombetta Pro Se Plaintiff

Attorneys for Defendant WorthPoint Corporation

TO : Adam R. Bialek
150 East 42nd Street
New York, New York 10017 Telephone:
Telephone: (212) 915-5143 Fax: (212) 490-3038
Email : Adam.Bialek@wilsonelser.com

TO : Jana Slavina Farmer
1133 Westchester Avenue White Plains, New York 10604
Telephone: (914) 872-7247 Fax: (914) 323-7001
Email : Jana.Farmer@wilsonelser.com
Attorneys for Defendant WorthPoint Corporation

TO : John Cahill
150 East 42nd Street
New York, New York 10017
Telephone: (212) 915-5143 Fax: (212) 490-3038
John.Cahill@wilsonelser.com
Attorneys for Defendants Norb Novocin, MarieNovocin, and Estate Auctions, Inc.


TO: Anderson Josiah Duff (via email)
Hogan Duff, LLP
43-10 Crescent St., Ste. 12173
Long Island City, New York 11101
Telephone: (646) 450-3607
Email ajd@hoganduff.com