**In The United States District Court For Southern District of New York**

_____

Annamarie Trombetta,

     Plaintiff,

        vs.                   Civil  Action  No. 18-cv-0993-RA-HBP

Norb  Novocin, Marie  Novocin,
  Estate Auctions Inc.
         and
  WorthPoint   Corporation

     Defendants

_____


**PLAINTIFF'S REPLY TO  WORHTPOINT  DEFENDANT'S  RESPONSES  ECF 479**

**PLAINTIFF'S  RESPONSES   RULE 56.1 STATEMENT OF UNDISPUTED   MATERIAL**

**FACTS IN  SUPPORT   OF  PLAINTIFF, ARTIST   ANNAMARIE**

**TROMBETTA'S   MOTION FOR SUMMARY   JUDGMENT**

**DUE TO PRINTER MALFUNCTIONS   ON APRIL 17, 2023,   PLAINTIFF INADVERTENTLY   FILED  MY  ROUGH  DRAFT RULE 56. 1  STATEMENTS OF FACTS.   THIS  FILE   WAS NOT  INTENDED TO BE FILED WITH THE COURT - SEE PAGE  27—PLAINTIFF  FILED  THE CORRECT VERSION ON JUNE 29, 2023**

PLAINTIFF'S REPLY  TO   WORTHPOINT   CORPORATION'S   RESPONSES  TO PLAINTIFF'S  RULE 56.1  STATEMENT MATERIAL FACTS

Pursuant to Rule 56.1(b) of the Local Rules of the United States Courts for Southern Districts of New York,  Plaintiff 's  Reply to  ECF 479,  Defendant WorthPoint Corporation's ("WorthPoint") responses  are  as follows to each statement, numbered 1 through 18.

Plaintiff's Rule 56.1 Statement of Undisputed Material Facts  Are In Support of Plaintiff, Motion for Summary Judgment in the above- captioned action. PLEASE NOTE  the  **A   B   C**  format. Below in BOLD  type is the Plaintiff's  Statement Underlined and   Listed with the Letter  **"A"** WorthPoints' Response in BOLD  type is  below Plaintiff's statement listed  next to letter  **"B"** Plaintiff's June 29, 2023  Reply is in  REGULAR   type listed  next to letter   **"C"**

## <u>**A**  Plaintiff's Statement #1</u>

<u>Artist Annamarie Trombetta known professionally as a **realist artist** created a self authored biography for the artist's personal catalog and artist website in 2003, New York City.   The self authored personal biography which contained irrefutable, personal, ("Subject Infringed Self Authored Biography"), self identifying information to artist Annamarie Trombetta as the one and only true author of the artist's personal life experiences (birthplace) travels, education and professional colleagues and friends.</u>

**B**  **WorthPoint's Response: WorthPoint lacks sufficient information to form a belief as to the truth of this compound statement. Furthermore, Plaintiff failed to timely file or serve the Declaration that she is citing in purported support of this statement.**

**C**  <u>Plaintiff's June 29, 2023  Reply to WorthPoint's Response.</u>

#1        Plaintiff  brings to the Court's attention,  WorthPoint has issued a  boilerplate  response

demonstrating a reckless disregard and lack of care, without reviewing Plaintiff's evidence which Defendants demanded Plaintiff produce during discovery. WorthPoint's response is yet another example that PROVES Defendants and their attorneys are willfully **IGNORING** all Plaintiff's evidence, set forth as a result of Defendants numerous discovery demands from Plaintiff. In Statement of Material Facts No.1, Plaintiff specifically noted and referred to myself as a **"realist artist"** which is based on Plaintiff's evidence in document **EXHIBIT #2 Pl.Evid   000382  Pl. Evid 000383 ,000384 and 000389,** the 2003 Re-Presenting Representation VI Exhibit at the Arnot Art Museum in Elmira New York. The title of this exhibit (Representation) featured realist artists throughout the country. The image in Plaintiff's catalog in Pl. Evidence 000099 was the artwork in the 2003 at the Re-Presenting Representation VI Exhibit at the Arnot Art Museum in Elmira, New York.

Another notation Plaintiff as a realist artist is Plaintiff Brochure from the Staten Island Institute of Arts and Sciences (Staten Island Museum) representing my 2004 Solo Exhibition. Plaintiff also notes my Catalog which has my self authored biography with my COPYRIGHT INFRINGED TEXT, that was unethically used by both Defendants. was sold at the Staten Island Museum Gift show during my and long after my 2004 Solo exhibition. Plaintiff catalog and copyright biography was "for profit" and proves Plaintiff monetizes my copyrighted biography. Defendant unethical and incorrect usage infringed and impinged upon Plaintiff profits and rights of reproduction. Plaintiff's catalog and exhibition brochure is in **EXHIBIT #3A  Pl. Evid  000108, 000109, 000110, 000111, 000112  and 000113**. In the brochure on **Pl. Evid. 000109,** there is a direct statement by Bartholomew Bland, Senior Vice President for Collections and Exhibition. Mr Bland wrote *"For this second installation*

*in the Staten Island Institute's Artist's series, the   Institute is pleased  to  present the work of*

*Annamarie Trombetta,* ***a realist painter*** *working in   the  traditional* academic style, This is a

quote from Pl.'s Evid.  **000109  in EXHIBIT #3 B  DETAIL** which clearly Defendants did not

read. Unsurprisingly,  Defendant Norb Novocin admitted he did not read my biography that he

used.  Plaintiff  has annexed  a photo  from my 2003 solo Exhibit at the Dana Center in Central

Park with former Park's Commissioner Henry Stern who attended my opening. **EXHIBIT #4**

**Pl. Evid 000254.**  Plaintiff produced  my catalog that was sold at my 2003 solo exhibit at the

Dana Center in Central Park New York and my 2004 solo exhibit at Staten Island  Institute

of Arts  and Sciences (Staten Island Museum) See  Pl.Evid  000085, 000086,  000087, 000088,

000089,  000090,  000091, 000092, 000093,  000094,  000095, 000096,  000097, 000098,

000099, 000100,  000101,  000102,  000103, 000104, 000105,  000106  and 000107-24 pages.

**EXHIBIT #5** ( Plaintiff catalog with  Biography and COPYRIGHT  INFRINGEMENT  TEXT).

Plaintiff 's discovery has  one of my  biography listing  from "2016   Who's Who in American

Art " which  lists my  exhibitions  to specifically  include my involvement in the

***Contemporary  Realism  Exhibits*** at  the  Fort  Wayne Museum in 2008, 2010 and also in 2012

in Pl. Evid. 000235 and   000236 **EXHIBIT #6.**  This does not include the nine documents from

Plaintiff 's website and Plaintiff's photos with The His Holiness the Dalai Lama,  Pl. Evid ,

000257 **EXHIBIT #7,**  Plaintiff with Mayor Bloomberg in Pl. Evid.302  **EXHIBIT #8.** Plaintiff

with  Mayor Guiliani  Pl. Evid. 304  **EXHIBIT #9.**    Despite producing all this evidence

Defendant wrote  <u>*"WorthPoint lacks sufficient information  to form a belief as to   the truth of*</u>

<u>*this compound  statement."*</u>  Defendant  defiantly denied  reviewing  over   forty self evident

documents which exemplifies  WorthPoint sufficient lack of  "INTEGRITY  " and failure

to acknowledge  factual evidence  and to write   truthful statements.


**C**  Plaintiff's June 29, 2023  Reply to WorthPoint's Response.

Plaintiff submits  as proof my SENT email to the Pro Se office on  April 17, 2023 with my

Declaration with Exhibits  listed and annexed in EXHIBIT #1. Plaintiff's notes my Declaration

with Exhibits are recorded in ECF 447   with five  envelopes of  attachments. The  SDNY  Pro Se

Office informs any caller it takes  anywhere between 24 to  48 hours to  file submissions onto the

docket.  Plaintiff was  diligent  in checking with the Pro Se  office to find out why my April 17,

2022 filing was not on the docket and complete.    Plaintiff  was initially told Plaintiff had to wait

at least 48 hours, at which time I checked again . Plaintiff's Declaration with all exhibits are in

ECF  447.  On April 17, 2023 Plaintiff filed over 17 documents.

 **EXHIBIT #1 Plaintiff's email proof of sent Declaration with Exhibits.**



Plaintiff  notes  attorney Jana Farmer was notified by the Court  to  refile her  document on

 04/07/2023 and on  04/18/2023.   SEE  BELOW.

> 04/18/2023    ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE
> ERROR. Notice to Attorney Jana A. Slavina Farmer to RE-FILE Document
> [426] Affirmation in Support of Motion. Use the event type Other Answers
> found under the event list Rule 56.1 Statement. (Text entry; no document
> attached.)

**A** <u>Plaintiff's  Statement   #2</u>

<u>Plaintiff/artist Annamarie Trombetta created the subject 's Personal Biography as an original work of art
and registered her Biography and Plaintiff's Personal Artist's website with the Copyright Office, receiving
an approved registration numbered TZ-8-655-807.   At all relevant times, Plaintiff Annamarie Trombetta
owned all copyrights and had a copyright sign and notice on her artist's website since 2003 which  states
"All work on this site are © Annamarie Trombetta.   All rights reserved."</u>

**B  WorthPoint's Response:**

**Disputed. WorthPoint lacks sufficient information to form a    belief as to the truth of this
compound statement in the form alleged. Plaintiff did not register the copyright in her
biography until 2018 (ECF #447-2, Page 15), after the events complained of herein took
place. Furthermore, Plaintiff failed to timely file or serve the Declaration that she is citing
in purported support of this statement.**

**C** <u>Plaintiff's June 29, 2023  Reply to WorthPoint's Response.</u>

#2        Plaintiff brings to the Court's attention  Plaintiff evidence submitted to Defendants  in

discovery to include the photo from Plaintiff's draft notes in  Plaintiff's sketchbook in Pl. Evid.

Pages of  Plaintiff's rough draft from my sketchbook in **EXHIBIT #10.**   In addition, in 2003

Plaintiff read  an early draft of Plaintiff's self authored biography to  Friend and Colleague

Vanessa Ploski which  is documented in a  Letter by **Vanessa Ploski  in  Pl. Evid.000228**

**EXHIBIT #11.**   Defendant's deposed Vanessa Ploski who testified under  oath.  On page 22,

Ms. Ploski  confirmed that Plaintiff never signed my name  Anna Maria Trombetta. This is

because my name is Annamarie, all one word, and ends in the  letter "E".   Ms. Vanessa Ploski

gave testimony that   I read my biography to her  on a visit to  her home in  2003.   Ms. Ploski

testified at some point  she has   read my biography on my website noted on pages  32 to 36  of

Ms.  Ploski's deposition.  Plaintiff also notes to the Court, during Vanessa Ploski's  deposition

Ms. Ploski was  asked by Defendants  attorneys  how Plaintiff  signs my artwork.   Plaintiff

specifically  requested  WorthPoint's attorneys **<u>NOT</u>**  to  file or make public Plaintiff  way of

signing my work.   Despite my documented request on pages 18 thru to  22,  Plaintiff

notes to the Court,  Defendants attorneys have completely ignored my request   on April 17,

2023  Defendants  publicly  filed  Ms. Ploski deposition and this information NOT  redacted

with  the  Court. **EXHIBIT #13  Plaintiff  REQUEST NOT TO MAKE  SIGNATURE**

**information  made public during deposition of Vanessa Ploski.**    It is this type of exemplary

behavior by    WorthPoint and their attorneys,  to disregard Plaintiff rights and requests that have

prompted  Plaintiff  to request  Declaratory and Permanent Injunctive Relief from the Court.

Plaintiff owns a  **US  Copyright Registration No.TX 8-655-807  EXHIBIT #14**

**Pl.Evid.  000118.**   Plaintiff's  notes it is   the  Court's discretion to decide regarding copyright

infringements.  I  have set forth  copyright  cases such  as <u>Civ.00089 SDNY  McGlynn vs Tower</u>

<u>Investors, Com Inc</u>    and    <u>Psihoyos  vs John Wiley & Sons  Inc.748 F.3d 120,125 (2d Cir</u>.

where copyright registration was obtained  after the copyright  infringement  occurred and the

lawsuit was filed   For example In the  case of McGlynn vs Tower  in 2015, Towers … ran an

article on  its Website which  featured the photograph, by McGlynn without the gutter  credit.

Two year  after Towers published the article  with the photograph, McGlynn registered the

photograph  "with the United States Copyright  Office and was given registration Copyright

Registration number. The copyright registration has  an effective date of March 6, 2017.   In like

fashion  Psihoyos had not even filed the  *applications* for  registration of  he relevant works prior

to  instituting the action claiming  infringement of the  copyright in his works, as required. The

jury  found that Wiley  had  willfully infringed  Psihoyos's copyright in  the  Triceratops and

Oviraptor  photos and  awarded  Psihoyos $100,000  and $30,000,  respectively.  In my case,

Plaintiff's biography is my self written original life story  and only  applicable to  my  artwork.

Copyright law protects an authors' exclusive rights to their own works, the cornerstone of the copyright and VARA laws which specifies that work protected must be original which is the case in Plaintiff ' s unique self authored personal biography.

**C** Plaintiff's June 29, 2023 Reply to WorthPoint's Response.

Plaintiff submits as proof my SENT email to the Pro Se office on April 17, 2023 with my Declaration with Exhibits listed and annexed in EXHIBIT #1. Plaintiff's notes my Declaration with Exhibits are recorded in ECF 447 with five envelopes of attachments. The SDNY Pro Se Office informs any caller it takes anywhere between 24 to 48 hours to file submissions onto the docket. Plaintiff was diligent in checking with the Pro Se office to find out why my April 17, 2022 filing was not on the docket and complete. Plaintiff was initially told Plaintiff had to wait at least 48 hours, at which time I checked again . Once againPlaintiff's Declaration with all exhibits are in ECF 447. On April 17, 2023 Plaintiff filed over 17 documents. **EXHIBIT #1 Plaintiff's email proof of sent Declaration with Exhibits.**

**A** Plaintiff's Statement #3

Defendants Estate Auctions Inc and Norb and Marie Novocin the latter two of which own or owned EAI and will be referred to as the "Individual Defendants" herein, copied and exploited Annamarie Trombetta's personal, self authored original biography in advertising and marketing materials on eBay Auctions accounts without the knowledge or consent of Plaintiff and without Plaintiff's Copyright identifying notice "All work on this site are © Annamarie Trombetta. All rights reserved." Plaintiff as the author and owner of the Subject Plaintiff's Copyrighted Personal Biography The copyright infringement was used for commercial and financial gain and to sell a damaged oil painting dated 1972. The unauthorized infringement was use to falsely attribute Plaintiff/Artist Annamarie Trombetta as the artist that created/painting the large oil painting which was torn and sold for $181.50 which depreciates Plaintiff's current market value.

**B WorthPoint's Response:**

Disputed to the extent that this compound statement implies that plaintiff's biography was used for commercial or financial gain by WorthPoint; or that WorthPoint used plaintiff's biography to sell any painting. Plaintiff has also failed to demonstrate that any of the events described in this paragraph caused her market value to depreciate. Furthermore, Plaintiff failed to timely file or serve the Declaration that she is citing in purported support of this statement. WorthPoint otherwise takes no position with respect to the statements in this paragraph that pertain to co-defendants.

**C**  Plaintiff's June 29, 2023  Reply to WorthPoint's Response.

**#3**         WorthPoint Defendants are i a for profit corporation. Defendant Norb Novocin is a paid  subscriber to  WorthPoint. The fee  **is  $19.99 per month. Annexed is Mr. Novocin's WorthPoint  Membership Monthly charges in Exhibit #15 .** These charges  prove WorthPoint Corp has financial  gains and is a  commercial  business.

Plaintiff  has NEVER  failed to produce evidence to prove  the direct causal damage due to the false 1972  internet post on WorthPoint's website.  Plaintiff  produced a  letter by Susan B. Goldstein explicitly  documenting  the  suspicious false assertions in the 1972 low quality  oil painting which had  the actual text of Plaintiff's biography, thus created a false  and ridiculous  claim  distributed publicly and poisoning all my prospects. The letter of Susan Goldstein explained why the loss of my  sale for Plaintiff's oil painting "Wisteria Arbor Mandala is in Pl. Evid. 000073 was linked to the online false 1972 post. Some quotes by Ms. Goldstein's " *I encouraged Annamarie to  try and have this  horrible and dreadful listing  removed from  the internet at once.   My aunt's assistant did point  out that the description on  theWorthPoint Internet site  reference the artist  Annamarie  Trombetta's  website.  Losing the  sale of eighty five hundred dollars is quite  a  disappointment  alas  my aunt has quite a collection   of art  and to not be  included in  her  collection is an even  greater misfortune."* **See EXHIBIT #16A Susan Goldstein Jan. 2015 email price of Wisteria  Arbor painting    #16B Letter from**

**Susan Goldstein  lost sale of  Wisteria  painting.**

Plaintiff  produced a letter by Scott Goodwillie who also is a fact witness and gave

testimony about his involvement with introducing my artwork to gallery owners who had interest

in meeting Plaintiff and possible representation at their galleries. **In Pl.Evid. 000074 EXHIBIT**

**#17 Mr. Goodwillie**   wrote *" in the summer of 2015, I presented photos of Ms.  Trombetta's*

*artwork to  some of my contacts.....In late August, upon scheduling a personal introduction, one*

*of the  gallerists found the eBay listing under Annamarie Trombetta's name and the owner of the*

*gallery was no longer interested....I encouraged Ms. Trombetta to get the link removed from the*

*internet as soon as possible and l am outraged that she had such a difficult time to remove the*

*fake signature  that  was  photo  featured  and  referenced  next  to her  biography. This ordeal*

*has greatly  affected  Ms.Trombetta's  income  and  reputation—for what  it's  truly "worth".*

Plaintiff submitted into evidence  **EXHIBIT #18 a letter from the Director of the Italian**

**American Museum from Dr. Joseph V. Scelsa** and his quote  *" I have been informed that*

*someone has attempted to use her  name on works not of her creation. This in no way should be*

*seen as a reflection on her works  but unfortunately it could devalue them.  I  sincerely hope her*

*name can be removed from any works not created by  her. If  not it may jeopardize our ability to*

*show her work in the future."*

Plaintiff submitted a  **letter from Alex Raspa  in  EXHIBIT # 19 Plaintiff Evid. 000076**

who found the false  1972 post on WorthPoint's website  listed  under the Plaintiff's name.  Mr.

Raspa  wrote    *" I realized that Man with  Red Umbrella"could not possibly be hers, as she was*

*only  a little   kid  then. Finally, the artist's signature shown was "A. Trombetta," which I knew*

*was  not the   way Annamarie signed her paintings.  I of course got in touch with her right away*

*and   let her   know that what I saw on that website was  evidently fraudulent, It was clearly*
*going to affect her  ability to sell her paintings and  make a living"*

Plaintiff produced also my sales receipts from 2015 **EXHIBIT# 20  Pl.Evid. 000077-78**
**January 27, 2015** sale, **EXHIBIT #21  Pl.Evid. 000079-80 March 6, 2015** sale  **EXHIBIT**
**#22  Pl.Evid. 000081-82 March 8, 2015   EXHIBIT #23 and Pl.Evid. 000083-84**  Pl. Sales
Receipt August and September 2015 for a painting  which was  the last sale made in 2015.
Once  Plaintiff  found the false 1972  oil painting post for Man With Red Umbrella under
Plaintiff's  name on  the internet,  Plaintiff was  unable to sell   artwork in 2015 and  lost my  sale
of  Wisteria Arbor Mandala for eight five hundred  dollar sale as noted in **EX16.**

**C**  Plaintiff's June 29, 2023  Reply to WorthPoint's Response Declaration.

Plaintiff submits  as proof my SENT email to the Pro Se office on  April 17, 2023 with my
Declaration with Exhibits  listed and annexed in EXHIBIT #1. Plaintiff's notes my Declaration
with Exhibits are recorded in ECF 447  with five  envelopes of  attachments. The  SDNY  Pro Se
Office informs any caller it takes  anywhere between 24 to  48 hours to  file submissions onto the
docket.  Plaintiff was  diligent  in checking with the Pro Se  office to find out why my April 17,
2022 filing was not on the docket and complete.    Plaintiff  was initially told Plaintiff had to wait
at least 48 hours, at which time I checked again . Once againPlaintiff's Declaration with all
exhibits are in ECF  447.  On April 17, 2023 Plaintiff filed over 17 documents. **EXHIBIT #1**
**Plaintiff's email proof of sent Declaration with Exhibits.**

Plaintiff's Statement #4

**A**   Defendant EAI Norb and Marie Novocin first exploited the Plaintiff Personal Biography as part of an online display and alleged sale on eBay of an oil painting in 2012. Plaintiff and her colleagues found the eBay ad in August 2015. One month earlier, for the first time Plaintiff signed into eBay's website, on or around July 2015. A few weeks after Plaintiff signed onto eBay's website, listed under my name was a false 1972, incorrect attribution with my self authored biography that was truncated and preceded with Estate Auctions Inc.,'s company description . Plaintiff's biography was altered mid sentence with three dots added inferring the sentence  and biography continued. Plaintiff's CMI from my website was removed.

**B  WorthPoint's Response:**

**WorthPoint lacks sufficient information to form a belief as to the truth of this compound statement as it pertains to the actions by Plaintiff and co-defendants. Furthermore, Plaintiff failed to timely file or serve the Declaration that she is citing in purported support of this statement. To the extent that Plaintiff claims Plaintiff's CMI from her website was removed by WorthPoint, this claim is disputed.**

**C**   Plaintiff's June 29, 2023  Reply to WorthPoint's Response.

#4          Plaintiff  has annexed  documents produced to both Defendants in discovery to include Plaintiff's proof that I signed onto eBay in the year 2015.  In  **EXHIBIT #24**  is an  email from   eBay   for a declined  bid made by Plaintiff  in   **Pl. Evid. 000573 Sat. June 13, 2015.**

In  **EXHIBIT #25**  is an  eBay  email for   account Password change  Pl.Evid. 000576  email sent by eBay on  **Thursday, July 16,  2015** .  In   **EXHIBIT #26   is**  an  eBay  bid  won  by Plaintiff  in    **Pl.Evid. 000574 Thursday  July 30, 2015.**

Plaintiff is also submitting eBay's  Intellectual Property Policy  produced to all Defendants  regarding the use of    *" Use of the "Right Now on eBay" button which states*

*If you have your own web page, you can use a "Right Now on eBay" button to link your site to the eBay home page. Learn more about linking_your site to eBay..   Except for the "Right Now on eBay" link button, you can't use any other eBay logo or graphic to link to eBay."*  On Page *Prohibited use of the eBay name and logo,  eBay does not permit the use of its name and logo for any of the following:  • Business cards• As website links • Domain names• Name of your eBay*

*store or your user name*. **EXHIBIT #27 eBay's intellectual property policy Pl. Evid.**

**000735-36-37.**   Plaintiff also includes  the email to eBay with the quote from WorthPoint

employee Anita Brooks who intentionally  mis directed  Plaintiff to pursue eBay to remove the

false 1972 oil painting post  from Bay's website, when all the while the false 1972  post was on

WorthPoint's website.  **EXHIBIT #28 Pl.Evid. 000016 email to eBay dated 11/ 26 /2015.**

C   Plaintiff's June 29, 2023  Reply to WorthPoint's Response Declaration

Plaintiff submits  as proof my SENT email to the Pro Se office on  April 17, 2023 with my

Declaration with Exhibits  listed and annexed in EXHIBIT #1. Plaintiff's notes my Declaration

with Exhibits are recorded in ECF 447  with five  envelopes of  attachments. The  SDNY  Pro Se

Office informs any caller it takes  anywhere between 24 to  48 hours to  file submissions onto the

docket.  Plaintiff was  diligent  in checking with the Pro Se  office to find out why my April 17,

2022 filing was not on the docket and complete.    Plaintiff  was initially told Plaintiff had to wait

at least 48 hours, at which time I checked again . Plaintiff's Declaration with all exhibits are in

ECF  447.  On April 17, 2023 Plaintiff filed over 17 documents.

 **EXHIBIT #1 Plaintiff's email proof of sent Declaration with Exhibits.**


Plaintiff's  Statement  #5

**A**   *The EAI eBay 1972 oil painting ad with Plaintiff  copyright biography falsely claims*
*Plaintiff is the artist, which I am not. The EAI eBay 1972 oil painting ad falsely  stated EAI  took*
*my biography from askART.   The oil painting was allegedly sold in 2012. Plaintiff gave my*
*consent to have my biography listed on askART in 2015 to Bob Bahr author. Mr.  Novocin falsely*
*stated I am the artist who painted the 1972 painting and I did NOT. Novocin  said that he took*
*my Biography from askART which Plaintiff's proof can refute a second false claim by Norb*
*Novocin. Since   Novemeber 2001 he has been a member of askART.*

**B** *WorthPoint Response: WorthPoint lacks sufficient information to form a belief as to the truth of this compound statement as it pertains to the actions by Plaintiff and co-defendants. Furthermore, Plaintiff failed to timely file or serve the Declaration that she is citing in purported support of this statement.*

**C**   Plaintiff's June 29, 2023  Reply to WorthPoint's Response.

#5        Plaintiff has  annexed  in **EXHIBIT #28 A Pl. Evid. 000149  Wayback  Machine,**

which is a third party company— independent and with no  connection to the Plaintiff, that

documents ONE  capture  date  on Sept 22, in the year 2015. This public and unsolicited

information has the same year  2015 as  Plaintiff's evidence which also  has the code

Plaintiff has annexed  from third party Wayback machine,  proof  in **EXHBIT #29  A**

**Plaintiff askART biography was captured by Wayback Machine Internet Archiviсw**

Also   as   **EXHIBIT #29 BPl. Evid. 000151** Plaintiff's   written consent to  askART on  March

5, 2015  and  **EXHIBIT #29 C Pl. Evid. 000150 confirmation  bio on askART,**  June 6, 2015.

Plaintiff will now discuss and annex several deficient and questionable  productions  by

WorthPoint and  Estate Auctions Inc.  On August 2 th and 30 2020, WorthPoint produce two

illegible  and old askART documents  allegedly from askART  that do NOT have Plaintiff's

name listed  in the URL.   Plaintiff notes the Defendants are being sued for creating a false

ad and circulating a false internet post. Despite these facts,  the URL  in Defendants evidence is

very small and illegible.  Annexed is  **EXHIBIT #30 A** Defendant's  production of  WP000141-

WP000142 WITHOUT  of Plaintiff's   name is the search  URL  and  **EXHIBIT #30 B**

Defendant's production of  WP000143-WP000144   ALSO  WITHOUT  Plaintiff's   name is

the search  URL.  The 2015 Wayback Machine has Plaintiff's name and the URL from askArt.

Plaintiff's evidence contains all the elements, names and codes, unlike Defendants' evidence.

Plaintiff has annexed from **Plaintiff's deposition pages 125 to 130 as EXHBIT #31**

On page  126 in line 16 to 23,  Plaintiff  read the  Declaration by  Norb Novocin,  who is the  D

efendant who created the false 1972 oil painting ad of Man With Red Umbrella at my deposition.

I  read Mr. Novocin's declaration on August 30,  2022  which stated   *"In 2012, Estate Auctions*

*listed  its  eBay storefront that I   (Norb Novocin ) personally inspected. The  painting was*

*signed on the front by  quote A. Trombetta end  quote and featured a description reading quote*

*Annamarie Trombetta quote gifted end quote  1997 painted quote 1972 end quote in red along*

*the back stretcher (the painting)."*    Plaintiff points out, Norb Novocin's June 2020 Declaration

 wrote  the WRONG YEAR  of 1997 and not 1977.   **EXHIBIT #32**  Red Pencil Signature with

wrong  spelling ANNA  MARIA …Gifted 1977.   Norb Novocin declaration. p.1  does NOT

misspell the Plaintiff's name , thus the misspelled  red pencil signature was concealed in Mr.

Novocin's declaration.  In April 2022, upon production of the red pencil signature the

misspelling and ANNA   MARIA  as opposed to Annamaire—-ending with an E, was revealed.

Plaintiff has annexed the red pencil signature on the back of the 1972 oil painting

stretcher bar  and has written  in all caps  ANNA  (separated space)  MARIA, with a capital

letter "M"  and ends in the letter "A". Once again Plaintiff's first name is all one word and is

Annamarie ending in the letter "E".   **EXHIBIT #33**  Red Pencil Signature with  wrong

spelling  ANNA  MARIA …Gifted 1977   Plaintiff  Evid.  000165.

Another  example of Defendant's distorted  or incorrect  production of evidence is

as recently as Jan. 19, 2023,  in the declaration of  WorthPoint's IT tech  who was responsible

for permanently removing the false 1972 oil painting post,  Jason Packer.  On page 9 and 10 of

Mr. Packer's  declaration, Mr. Packer listed Plaintiff  public, website email which I NEVER

used to contact WorthPoint.  I only have that email to receive and reply to  sent email to my

artist  website   Annexed as **EXHIBIT #34 is Jason Packer Declaration pages 9 and 10.**

Moreover, five months earlier, on August 30, 2022 Plaintiff testified  to only using  one  Yahoo

email  address before 2015 until 2017.  This is  documented on pages **47, 48 and on page 178 of**

**Plaintiff's deposition in EXHIBIT #35.**  Plaintiff brings to the Court's attention a pattern and

series of incorrect and /or false information in  Defendants evidence.  The backbone of this case

is  due to false and incorrect information and  unsurprisingly, Defendants have continued to

produce the same deficient  and /or incorrect documents  missing quintessential,  information  or

completely wrong information. This  absence  fo  key information is similar to the 1972  ad

which did not have any photos in the  1972  oil painting, a significant  verifying  element.

It is the absence of photos which were distinctly and duly documented in the EAI ad on

WorthPoint's website that verifies another deceitful  and unscrupulous example, devoid of any

substance  that would possible make the EAI ad  reasonably legitimate.

**C**   Plaintiff's June 29, 2023  Reply to WorthPoint's Response Declaration

Plaintiff submits  as proof my SENT email to the Pro Se office on  April 17, 2023 with my

Declaration with Exhibits  listed and annexed in EXHIBIT #1. Plaintiff's notes my Declaration

with Exhibits are recorded in ECF 447  with five  envelopes of  attachments. The  SDNY  Pro Se

Office informs any caller it takes  anywhere between 24 to  48 hours to  file submissions onto the

docket.  Plaintiff was  diligent  in checking with the Pro Se  office to find out why my April 17,

2022 filing was not on the docket and complete.    Plaintiff  was initially told Plaintiff had to wait

at least 48 hours, at which time I checked again . Once againPlaintiff's Declaration with all

exhibits are in ECF  447.  On April 17, 2023 Plaintiff filed over 17 documents.  **EXHIBIT #1**

**Plaintiff's email proof of sent Declaration with Exhibits.**

## Plaintiff's Statement  # 6

**A**  There is no dispute that Defendants have created infringing derivative works from the
 Plaintiff's Subject  Self Authored Biography.

**B  WorthPoint  Response:   Disputed. WorthPoint licensed the use of past eBay auction
results, including the past auction listing for the painting "Man with Red Umbrella." (ECF
No. 425-7, Seippel Decl, at ¶¶8-9; ECF No. 425-1, Plaintiff's deposition, p. 198), and at the
direction of its licensing partner downloaded hundreds of thousands of completed sales.
ECF No. 425-7, Seippel Decl. at ¶8, 10. The WP Report was posted using automated
processes without any manual review. Id., at ¶10. WorthPoint did not review or edit the
Auction Listing before the WP Report was generated. ECF No. 425-2, Novocin Deposition,
at p. 79, l. 24, through p.80, l. 3; ECF No. 425-7, Seippel Decl., ¶13. Furthermore,
WorthPoint disputes that the WorthPoint report of the Auction Listing (the "WP Report")
is infringing and notes that this statement by Plaintiff constitutes an improper legal
conclusion of law rather than a statement of fact. Furthermore, Plaintiff failed to timely file
or serve the Declaration that she is citing in purported support of this statement.**

#6       Plaintiff  notes to the Court  in WorthPoint response their attorney admit  *" The WP*

*Report was posted using automated processes  without any manual review.  ¶10. WorthPoint did*

*not review or edit the Auction Listing before the WP Report was generated.*   Plaintiff  can  point

out three consistent denials.   FIRST  WorthPoint's admission in 2023, is not consistent with

what Plaintiff  was told in 2015,  when Plaintiff repeatedly and consistently informed

WorthPoint's  staff that the  1972 oil painting  post was on WorthPoint's webpage, WorthPoint

denied the  1972 oil painting  post  was on  WorthPoint's website. SEE EX. #28 . Plaintiff was

"reliant " on  WorthPoint to  accept Plaintiff  truthful facts.  WorthPoint  failed to acknowledge,

in 2015 to  admitting  the whole 1972 webpage was false . It was  WorthPoint responsible to

remove  the 1972 oil  painting.  Second, In 2015 and still today, WorthPoint is denying any

liability despite  being  informed that Plaintiff did not paint the 1972 oil painting.  There is no

clear cut  verifiable  proof that the sale on eBay occurred.  EAI Defendants produce a "cut off"

email on  April 27,  2022.    Third,   WorthPoint admits  there were  NEVER any photos  of the

1972 oil painting  Man With Red Umbrellas  in the  ad on WorthPoint's website.    Plaintiff

confirmed  in 2015 with  eBay  by phone that the  1972 oil  painting  post was definitely on

WorthPoint's webpage yet the eBay actual  sale of the 1972 oil painting  was deemed

"Undefined" evidenced in  **EXHIBIT #36 eBay Phone Transcript page  8 and 9 and page 19,**

**verified**  by **eBay  Customer Service agent named Jamie and Archer.**   In  2015-2016 , after

Plaintiff verified the the 1972  oil painting post was on WorthPoint's website, on Jan. 14, 2016 I

filled out  forms on   WorthPoint's website  to remove the  1972 false URL. SEE  **EXHIBIT #37**

**Jan. 14, 2016 Item  Review  Request on WorthPoint website to remove false**  1972  post.  On

Jan. 22nd, 31st  and Feb. 1, 2016  Plaintiff kept  phoning  and emailing  WorthPoint who failed

to respond or  immediately   remove the false 1972 oil painting  webpage post.  Plaintiff's Phone

Call with  Anita Brooks  documents the fact that WorthPoint's phone message indicated a phone

line for buying or selling items ,  duly noted in the audio and written transcript in  **EXHIBIT**

**#38 A  and  B  EXHIBIT #38 Pl.  Evid. 000930 WorthPoint outgoing phone message**

**"looking  to buy or  sell press 3.**      Moreover, WorthPoint references Plaintiff's August 30,

2022  deposition and for the Court's  convenience, Plaintiff has annexed page 196  in which I

references Plaintiff's Jan. 14, 2016  submission using   WorthPoint's website form  for the  " Item

Review Removal" from WorthPoint's webpage. **SEE EX. 37.**

     Plaintiff's August 30, 2022  deposition pages 195, 196 (SEE EX. 37 ) 197, 198, 199, 200,

are in **EXHIBIT #39 Plaintiff's deposition  pages 195 thru to  200 .**   WorthPoint's claim

" *We license the data displayed in the Worthopedia from a variety of  sources. We are an  official*

*licensee of eBay and marry of the leading auction houses.*    On page  197, Plaintiff references

my recorded phone call to WorthPoint in which the audio was transcribed and  WorthPoint's

outgoing  message  is documented  in EX. 38A and EX.  38 B

 WorthPoint's   response include the claim below in bold :

*"**WorthPoint disputes that the WorthPoint report of the Auction Listing (the "WP Report") is**
**infringing and notes that this statement by Plaintiff constitutes an improper legal conclusion**
**of law rather than a statement of fact."***

     Plaintiff's  has a  copyright and has never waived or transferred my biography copyrights .

Plaintiff name  was used on a painting I did not paint which  violates the terms  of  VARA .

Plaintiff has my  own CMI  and did not have a licensing agreement with WorthPoint at any time .

 The application of  WorthPoint's  self evident  claim  in the EAI ad violates the  DMCA laws.

The continuous  " WorthPoint disputes"  of these proven facts  has caused Plaintiff  to  add

further claims for   IIED,  Tort and Fraud.  WorthPoint's  stance  is deceitful  has always  been

one of denial  even though  they admitted  they do NOT review any items they post.  Moreover,

WorthPoint  continued to purport a webpage after Plaintiff informed them that the 1972 post was

completely  false.  In this  case  and with these Defendants  even with the evidence  plainly and

clearly presented proving  that Plaintiff's facts, WorthPoint, by rote will still deny any liability.

**C**  Plaintiff's June 29, 2023  Reply to WorthPoint's Response Declaration

Plaintiff submits  as proof my SENT email to the Pro Se office on  April 17, 2023 with my

Declaration with Exhibits  listed and annexed in EXHIBIT #1. Plaintiff's notes my Declaration

with Exhibits are recorded in ECF 447  with five  envelopes of  attachments. The  SDNY  Pro Se

Office informs any caller it takes  anywhere between 24 to  48 hours to  file submissions onto the

docket.  Plaintiff was  diligent  in checking with the Pro Se  office to find out why my April 17,

2022 filing was not on the docket and complete.    Plaintiff  was initially told Plaintiff had to wait

at least 48 hours, at which time I checked again .  Plaintiff's Declaration with all exhibits are in

ECF  447.  On April 17, 2023 Plaintiff filed over 17 documents.  **EXHIBIT #1 Plaintiff's email**

**proof of sent Declaration with Exhibits.**

## Plaintiff's Statement #7

**A**  There is no dispute that both Defendants have failed to produce the 12 photos of the oil
painting listed and documented in the online eBay ad for the 1972 Original Oil Painting entitled
"Man With Red Umbrella."

**B  WorthPoint's Response: Disputed. This statement by Plaintiff constitutes an improper
legal conclusion of law rather than a statement of fact. Furthermore, Plaintiff failed to
timely file or serve the Declaration that she is citing in purported support of this statement.
The Court has deemed all discovery issues to be resolved and discovery closed.  ECF No.
340. Plaintiff was advised in WorthPoint's Responses and Objections to Plaintiff's Request
for Production of Documents, dated April 8, 2022, that it had produced all photographs in
its possession. See, ECF 470-2.**

**C**  Plaintiff's June 29, 2023  Reply to WorthPoint's Response.

#7         Plaintiff had nothing to do with the alleged 1972 oil painting  that was titled by Norb

Novocin as "1972 Original Oil Painting Man With Red Umbrella.    Each Defendant was

responsible in contributing to the "1972 Original Oil Painting Man With Red Umbrella being

posted under Plaintiff's name. Defendants Estate Auctions Inc, Norb Novocin in his deposition

on pages 38, 41 and 42 of his deposition admitted to having somebody take pictures of the

1972 oil painting . Below is the excerpt from the WorthPoint webpage ad or "false report"

Annexed as **EXHIBIT #40 Novocin depo. pages 38-41 to 44.** On page 44, Norb

Novocin testified " We have literally have shot millions of photos and so cameras wear out and

we change cameras" **EXHIBIT #41A WorthPoint webpage text with 12 photos listed.**



In No. 6 of WorthPoint's MSF, WorthPoint claims *" The Worthopedia is accessible to users*

*from www.worthpoint.com, and it currently provides access to more than 720 million historical*

*auction listings and one billion images, including historical listings from the online auction*

*website www.ebay.com.* WorthPoint's claim of 720 million historical *auction listings and one*

*billion images* challenges any means of accounting for such numerous data. Despite this

abundant claim, WorthPoint still refused to remove one false post and is now litigating for

three years over one fraudulent post. I note that despite litigation, WorthPoint emailed

Plaintiff 's website email address on March 22, 2022. **EX. #41B WorthPoint 2022**

**email- Pl. Evid. 000880.**

Plaintiff impresses upon the Court and notes from 2015 until 2017, I researched if

there was a 1972 oil painting. On Jan. 10, 2017, Norb Novocin phoned the Plaintiff   I

specifically asked  him if there was any provenance, for the 1972  oil  painting and Mr.

Novocin  responses **no** there was **no provenance** for the 1972 oil painting.   Plaintiff 's notes to

the Court, this  case goes  beyond one oil  painting. It is  more to do with the lack of laws that

prevent  a false, online, internet  description of a painting,  absence any   photos except  one

forged signature  which  thereby made the  Plaintiff's name and profession  susceptible to  more

untraceable  low quality artworks  with possibly more forged signatures.  Plaintiff  reiterates,  I

am left  completely  unprotected and  vulnerable to  more false internet  postings descriptions

without  any tangible, visible proof that any described items even exits.   Plaintiff 's requests of

the Court  for  Declaratory and  Permanent  Injunctive  Relief  is due to Plaintiff's  consistent

ongoing  fight against two Defendants who are  willful disputing claims despite my  irrefutable,

evidence, and the Defendants lack of evidence. No other artist is associated to the 1972 painting,

**C**  Plaintiff's June 29, 2023  Reply to WorthPoint's Response Declaration

Plaintiff submits  as proof my SENT email to the Pro Se office on  April 17, 2023 with my

Declaration with Exhibits  listed and annexed in EXHIBIT #1. Plaintiff's notes my Declaration

with Exhibits are recorded in ECF 447  with five  envelopes of  attachments. The  SDNY  Pro Se

Office informs any caller it takes  anywhere between 24 to  48 hours to  file submissions onto the

docket.  Plaintiff was  diligent  in checking with the Pro Se  office to find out why my April 17,

2022 filing was not on the docket and complete.    Plaintiff  was initially told Plaintiff had to wait

at least 48 hours, at which time I checked again . Once againPlaintiff's Declaration with all

exhibits are in ECF  447.  On April 17, 2023 Plaintiff filed over 17 documents.  **EXHIBIT #1**

**Plaintiff's email proof of sent Declaration with Exhibits.**

Plaintiff's Statement #8

**A**   There is no dispute that WorthPoint Corporation Defendants have failed to produce the requested Customer Support Ticket Entries with No. Ticket No. 57565 RE Fraudulent artwork dated Feb. 1, 2016 and the first request dated Jan 22, 2016 for Ticket No. 56607 RE WorthPoint Price Guide Membership subscription and Plaintiff's request to remove false 1972 post.

**B   WorthPoint's Response: Disputed. This statement by Plaintiff constitutes an improper legal conclusion of law rather than a statement of fact. Furthermore, Plaintiff failed to timely file or serve the Declaration that she is citing in purported support of this statement. The Court has deemed all discovery issues to be resolved and discovery closed. ECF No. 340. Plaintiff was advised in WorthPoint's Responses and Objections to Plaintiff's Third Request for Production of Documents, dated August 15, 2022, that WorthPoint is no longer in possession of any takedown tickets submitted by Plaintiff in 2016. See, Exhibit "A" of Farmer Declaration.**

Plaintiff informs the Court  WorthPoint never responded in writing to any of WorthPoint's emails that generated WorthPoint's response Ticket No. 56607 RE  in January and  Ticket No for 57565 in February 2016.  Moreover, in 2016,  WorthPoint also never responded to Plaintiff January 14, 2026 Item Review Removal forms entries using and sent into WorthPoint's website. WorthPoint never responded to any written emails to Greg Watkins or  Anita Brooks  despite  one informing me to email then using support@worthpoint.com.  In short,  all phone calls, emails and filled out forms on WorthPoint's website were ignored.  It was  only through   diligent and  determination that  Plaintiff    attempts by to willfully inform WorthPoint Corp that they were posting a completely false listing under my name were finally acknowledged after being ignored for over six steady  months,

  No. 49       " To further address Plaintiff's concerns, WorthPoint's CEO instructed WorthPoint employee Jason Packer to submit a removal request to Google on March 3, 2016. Ex. "G", at ¶19 See also, Doc. 36 at 46.was internet posing"
WorthPoint current litigation defenses,  delays and denials replicate the same pattern of willful

 blocks  pretentious  blindness to   reject any and all responsibilities, thus from the beginning

it can be deduced in the present actions that WorthPoint intends to keep false listings on the internet  completely leeching off of other people's name and professional states for  vapid, false personal advantages to boast *" 720 million historical  auction listings and one  billion images".*

**C**  Plaintiff's June 29, 2023  Reply to WorthPoint's Response Declaration

Plaintiff submits  as proof my SENT email to the Pro Se office on  April 17, 2023 with my Declaration with Exhibits  listed and annexed in EXHIBIT #1. Plaintiff's notes my Declaration with Exhibits are recorded in ECF 447  with five  envelopes of  attachments. The  SDNY  Pro Se Office informs any caller it takes  anywhere between 24 to  48 hours to  file submissions onto the docket.  Plaintiff was  diligent  in checking with the Pro Se  office to find out why my April 17, 2022 filing was not on the docket and complete.    Plaintiff  was initially told Plaintiff had to wait at least 48 hours, at which time I checked again . Once againPlaintiff's Declaration with all exhibits are in ECF  447.  On April 17, 2023 Plaintiff filed over 17 documents.  **EXHIBIT #1**

**Plaintiff's email proof of sent Declaration with Exhibits.**


Plaintiff's Statement #9

**A**  After Plaintiff's initial notice of infringement in 2016, WorthPoint took no steps to ensure that it wouldn't happen again.

**B WorthPoint's Response:**

**Disputed. Upon learning of Plaintiff's claim and request to take down the content, WorthPoint caused the WP Report to be permanently deleted from WorthPoint's website on February 4, 2016. ECF No. 425-7, at ¶16, see also, ECF No. 61-1 at ¶ 5. Furthermore, Plaintiff failed to timely file or serve the Declaration that she is citing in purported support of this statement.**

#9      Noted in WorthPoint's Statement of Material Facts No.  49. is the admission that on

March 3, 2016  Jason Packer was  instructed to submit a removal request to  Google  Here is No.

49 WorthPoint's  Statement of Material Facts in its entirety.

  No. 49      *" To further address Plaintiff's concerns, WorthPoint's CEO instructed  WorthPoint*

*employee Jason Packer  to submit a removal request to Google on March 3, 2016.*

*Ex. "G", at ¶19 See also, Doc. 36 at 46.was internet posing"*

Secondly if  WorthPoint removed the WP Report  and permanently deleted  it from WorthPoint's

website  on February 4, 2016 there would be no need for Jason Packer to submit a removal

request to  Google  on March 3, 2016 . Plaintiff has filed WP000132, 000133 and 000134 the

January 4, 2017 email  from Plaintiff regarding the  new post of the 1972 oil painting on the

internet.  On WP000134 communication and acknowledgment of the Plaintiff's email and the

URL on the internet is documented on this page.  Once again, in 2017 WorthPoint did not

respond to Plaintiff's email and as per WorthPoint's usual pattern,  Plaintiff's email was ignored.

**C**  Plaintiff's June 29, 2023  Reply to WorthPoint's Response Declaration

Plaintiff submits  as proof my SENT email to the Pro Se office on  April 17, 2023 with my

Declaration with Exhibits  listed and annexed in EXHIBIT #1. Plaintiff's notes my Declaration

with Exhibits are recorded in ECF 447  with five  envelopes of  attachments. The  SDNY  Pro Se

Office informs any caller it takes  anywhere between 24 to  48 hours to  file submissions onto the

docket.  Plaintiff was  diligent  in checking with the Pro Se  office to find out why my April 17,

2022 filing was not on the docket and complete.    Plaintiff  was initially told Plaintiff had to wait

at least 48 hours.   Once again Plaintiff's Declaration with all  exhibits are in ECF  447.  On

April 17, 2023 Plaintiff filed over 17 documents.  **EXHIBIT #1  Plaintiff's email proof of sent**

**Declaration with Exhibits.**

Plaintiff's Statement #10

**A**   There is no dispute that Plaintiff first contacted WorthPoint on Jan. 22, 2016 and spoke to Anita Brooks by phone and sent emails to WorthPoint.

**B     WorthPoint Response: Disputed. Plaintiff contradicts her own statements in the Memorandum of Law, Docket 432, page 5, where she claims that she first contacted WorthPoint at some point in 2015. Furthermore, Plaintiff failed to timely file or serve the Declaration that she is citing in purported support of this statement.**

Plaintiff  has consistently and repeatedly stated  and filed evidence in my pleadings, motions a

and  replies  for Summary Judgement the following :  In early August 2015, Plaintiff found the

false 1972 oil painting post Man With Red Umbrella on the internet, listed under Plaintiff's

name.  Beginning in August  and until November 2015, Plaintiff contacted eBay and WorthPoint

to have the false misattribution and false 1972 post removed from the internet.  Due to

WorthPoint's intentional  denial  claiming  WorthPoint's website did  NOT have  the false

internet posting of the 1972 Original Oil Painting Man With Red Umbrella, on its

website. Plaintiff was intentional  misdirected by Anita Brooks in 2015 to contact eBay to

remove the false post from the internet.   Anita Brooks deliberate and  intentional misdirection

was written in an email sent to eBay and filed several times with the Court.  The same email is in

EXHIBIT #28 in the annexed exhibits. Plaintiff was reliant on WorthPoint for information and

was deceived  for months.

Through rigorous pursuits and a great loss  of time, eBay confirmed in a phone call that

eBay did NOT have the false 1972 post on its website. WorthPoint had an eBay logo that was

hyperlinked, therefore the two websites were  intertwined  together.  Plaintiff has submitted

**in EXHIBIT # 42  the full eBay phone call transcrip**t to the Court  which confirms on page  9

that  WorthPoint's website  is the source of the false 1972 webpage  SEE EX. 36 eBay page 9.


  In 2016,  <u>Plaintiff first contacted WorthPoint on Jan. 22, 2016 and spoke to  Anita</u>

<u>Brooks by phone and sent emails to WorthPoint.</u>    The underlined statement is what Defendants

are disputing.  Plaintiff has annexed the three phone calls to WorthPoint beginning on Jan. 22,

2016  and Jan. 31st and last on Feb. 1, 2016. Despite verbally informing Anita Brooks on Jan. 22,

2016 that I am NOT the artist and that my copyrighted  biography was incorrectly used and made

public. WorthPoint failed to respond to any of Plaintiff's phone calls or sent emails to include the

Ticket No. 56607 RE  in January 22nd and 29, 2016 and  Ticket No for  57565 on February 1,

2016.  Plaintiff confirms  Plaintiff  did not contradict  any facts throughout litigation regarding

the 2015 outreach to Anita Brooks which resulted in a written email .  Due to Plaintiff's

discovery from eBay  that the false 1972 post was on  WorthPoint's  website,  <u>Plaintiff first</u>

<u>contacted  WorthPoint  on  Jan. 22, 2016 and  spoke  to Anita Brooks by phone and sent  emails</u>

<u>to  WorthPoint.</u>  Plaintiff  is clarifying my SMF No. 10  and denies any contradictory assertion

made by the Defendants.

**C** <u>Plaintiff's June 29, 2023  Reply to WorthPoint's Response.</u>

Plaintiff submits  as proof my SENT email to the Pro Se office on  April 17, 2023 with my

Declaration with Exhibits  listed and annexed in EXHIBIT #1. Plaintiff's notes my Declaration

with Exhibits are recorded in ECF 447  with five  envelopes of  attachments. The  SDNY  Pro Se

Office informs any caller it takes  anywhere between 24 to  48 hours to  file submissions onto the

docket.  Plaintiff was  diligent  in checking with the Pro Se  office to find out why my April 17,

2022 filing was not on the docket and complete.    Plaintiff  was initially told Plaintiff had to wait

at least 48 hours, at which time I checked again . Plaintiff's Declaration with all exhibits are in

ECF  447.  On April 17, 2023 Plaintiff filed over 17 documents. **EXHIBIT #1 Plaintiff's email**

**proof of sent Declaration with Exhibits.**

## Plaintiff's Statement #11

**A**  There is no dispute that Plaintiff contacted WorthPoint on Feb. 3, 2016 and spoke to Gregory
Watkins by phone and sent emails to WorthPoint.

**B  WorthPoint Response:**
**WorthPoint does not dispute that plaintiff contacted WorthPoint on February 3, 2016 and**
**spoke to Gregory Watkins by phone, and that she communicated with WorthPoint by email**
**on several dates. WorthPoint notes, however, that Plaintiff failed to timely file or serve the**
**Declaration that she is citing in purported support of this statement.**

**C**  Plaintiff's June 29, 2023  Reply to WorthPoint's Response.

Plaintiff submits  as proof my SENT email to the Pro Se office on  April 17, 2023 with my

Declaration with Exhibits  listed and annexed in EXHIBIT #1. Plaintiff's notes my Declaration

with Exhibits are recorded in ECF 447  with five  envelopes of  attachments. The  SDNY  Pro Se

Office informs any caller it takes  anywhere between 24 to  48 hours to  file submissions onto the

docket.  Plaintiff was  diligent  in checking with the Pro Se  office to find out why my April 17,

2022 filing was not on the docket and complete.    Plaintiff  was initially told Plaintiff had to wait

at least 48 hours, at which time I checked again . Plaintiff's Declaration with all exhibits are in

ECF  447.  On April 17, 2023 Plaintiff filed over 17 documents. **EXHIBIT #1 Plaintiff's email**

**proof of sent Declaration with Exhibits.**

## Plaintiff's Statement #12

**A** There is no dispute that Will Seippel WorthPoint Corp. published and evidenced in responded to Plaintiff's first email on February 20, 2016 and wrote "we will remove."

**B  WorthPointResponse:**
**Disputed. This statement is vague, ambiguous and not clearly stated. To the extent that Plaintiff alleges WorthPoint published this e-mail for public viewing, this statement is not true. WorthPoint does not dispute that Plaintiff e-mailed Mr. William Seippel on February 20, 2016, at 10:24 a.m. On February 20, 2016, at 10:35 a.m.,  Mr. Seippel's response stated the following:**

*"We unfortunately do not take the data from eBay you are asking for. We only obtain selling price, pictures and the description. We do not obtain sellers, buyers and all such information you are asking for. I am sorry we do not do that but we never had and it is more information than we are allowed to collect. I do not think that data actually exists anywhere at this point as we are the only persons that have saved this to my knowledge. Since you are the artists, and I have no reason to doubt that, and you feel this is fraudulent, we will remove the item from the site so that it does not mislead anyone on your paintings."*

# IMPORTANT   NOTIFICATION

**PLAINTIFF   ACKNOWLEDGES   ERROR.   PLAINTIFF   FILED   ON   APRIL 17, 2023 MY  FIRST  DRAFT  OF PLAINTIFF'S  RULE 56.1  STATEMENT OF FACTS INSTEAD OF THE CORRECT VERSION DUE TO  APRIL 17th   PRINTER PROBLEMS.**

WorthPoint's responses have brought  Plaintiff's attention to my Rule 56.1 Statement of Facts filed on  April 17, 2023  sent to the Pro Se Office,   On said date, I   inadvertently filed my FIRST DRAFT  of my   Rule 56. 1  Statement of Facts  on April 17, 2023.   The first draft had a visual  side by side format which was  cumbersome to type.   Plaintiff  duplicated this document and  changed the  design to a traditional style reading left to right format. The reason for this unintentional mistake has been documented  in  ECF 415.

In preparing for my April 17th Summary Judgement submission, on April 14, 2023, the printer/ scanner in the business center of my building was Out of Service. All staff member were on

| 415 | 04/14/2023 | LETTER addressed to Judge Ronnie Abrams from A. Trombetta, dated 4/14/23 re: "PLAINTIFF'S REQUEST FOR EXTENSION ORDER OF CAUSE - PRINTER IN BUSINESS CENTER OUT OF ORDER" -If it is all possible, please give Plaintiff until tomorrow or 4/17/23 to file my documents. All of my motions requiring attaching many exhibits which need to be printed out etc. Document filed by Annamarie Trombetta. |

Passover Holiday. Evidenced in ECF 415 is Plaintiff's letter to the Court requesting an

immediate—necessary extension  until  April 17, 2023.  SEE INSERT BELOW.

On the new due  submission date, April 17, 2023, the same  printer went out of service. The

printer  and scanner  malfunctions  adversely effected Plaintiff 's time sensitive  submission.

Plaintiff's documents were filed in haste  resulting in attaching my FIRST/UNCORRECTED

DRAFT for   Rule 56 Statement of Material Facts and not the SECOND correct,  proof read

Statement of Facts,  hence the vague statements.  Plaintiff has filed the Correct version with

my reply to WorthPoint's responses.  Please see  **EXHIBIT #44  Letter  confirmed Service**

**Repair for  Printer on April 17, 2023 at The Montery Business Center in Pl. Residence.**

Plaintiff  notes all of my April 17,2023  filings totaled  <u>seventeen</u>  beginning with  ECF

| 451 | 04/21/2023 | LETTER addressed to Judge Ronnie Abrams from A. Trombetta, dated 4/21/23 re: "PLAINTIFF'S REQUEST FOR A BRIEF ONE-WEEK REPRIEVE"- Plaintiff writes this letter to also request a one week reprieve from this case. Pro se Plaintiff's unexpected duress and continued mental stress of the demands in this lawsuit has let to my current physical and mental exhaustion. Plaintiff is requesting a one week reprieve to stabilize my health, and would like to resume on 5/1/23 etc. Document filed by Annamarie Trombetta. |

429, 430,  431,  432,  433, 435,  437, 438, 439,  440,  441, 442,  443, 444,   445,  447 and  448.

Plaintiff notes to the Court on April 21, 2023 I wrote to Judge Abrams  in ECF 4 requesting a one

week reprieve due to the stress and exhaustion  in filing my Summary Judgement submissions.

  Plaintiff concedes that statement No. 12 was not clearly stated since  I filed my FIRST

DRAFT  Statement of Facts which I did not proof read or finish.  To properly address  statement

No. 12   Plaintiff 's correct   written statement is :

**C** #12      There is no dispute that  Will Seippel WorthPoint Corp   responded  to Plaintiff's first

email sent  on February 20, 2016 and wrote … "you feel this is fraudulent, we will remove the

item from the site".      Evidenced in WorthPoint's bated stamped discovery  is the same Feb. 20,

2016 email   response   from Will Seippel to the Plaintiff 's Feb. 20, 2016 email. documented in

WorthPoint's  bate  stamped evidence   WP000062,  WP000096 and WP0000135 . All three of

WorthPoint's  evidence has Will Seippel's  Feb. 20, 2016 response email to Plaintiff's first

outreach email to  Will Seippel.     Despite this document dated   February 20, 2016  email

response from  Will  Seippel  informing Plaintiff  that  WorthPoint   " we will remove the item

(1972 oil  painting post)  from the   site WorthPoint's Website).  Four years later, on

June  29, 2020   Will   Seippel filed his declaration with the Court in ECF  61-1 .   Will Seippel

declared to the Court in  No. 6:

*"  6. On February 20, 2016, 1 received an email from Plaintiff Trombetta which stated that a*

*reference to the title of the Allegedly Infringing Auction Listing remained visible when she*

*conducted a "google search for the painting `1972 Original Oil Painting Man with Red*

*Umbrella signed Annarnarie Trombetta.,.'" Shortly thereafter, on   March 1, 2016, I responded to*

*Plaintiff  Trombetta's February 20, 2016 email   and informed her that `we have taken down any*

*pages that you have asked to have taken down as a courtesy to you" and that any reference to the*

*Allegedly Infringing Auction Listing in her Google search "reflected the past" and was the*

*result"of that search engine's memory.*

**EXHIBIT # 45  Wiil Seippel  June 2020 Declaration in Pl. Evid. 000214, 000215 and 000216**

Will Seippel's  June 29, 2020 in ECF 61-1   Declaration response purports  that  Mr. Seippel responded to

Plaintiff's  Feb. 20, 2016  email  on March 1, 2016 which is not true.   Will Seippel  sent an email

response  to Plaintiff's  Feb. 20, 2016 email  on the same day Plaintiff sending it.

Plaintiff  notes to the Court  the relevancy due  to Mr. Seippel's declaration which  purports that

WorthPoint  removed the false 1972 posting on Feb. 4, 2016. This is not correct. Plaintiff has produced

evidence in  Pl.  Evid. 000370 000371  dated  Feb 17, 2016  that has a notation on the Google Listing

under  WorthPoint's webpage named Marilyn Monroe Photos which  was linked to the 1972 Original Oil

Painting  Man With Red Umbrella Signed Annamarie Trombetta URL.   The notation  "You visited this

page on Feb. 17, 2016 is self evident.   Plaintiff, on Feb. 17, 2016 clicked onto the  WorthPoint link online

and  accessed the 1972 post  prior to  writing Will Seippel on Feb. 20, 2016.

Plaintiff also notes within the  Plaintiff's Feb. 20, 2016 email sent to Will Seippel  there is a

WorthPoint link  *TITANIC lithograph  poster …..and under this is written*  **About the Art: Great Care**

**was taken to precisely re-create the artist's original image….1972 Original  Oil  Painting Man With**

**Red Umbrella signed Annamarie….**    There is a notation to this link  "You visited this page on

2/16/16."    Plaintiff  on February 16, 2016 was able to click onto  WorthPoint's webpage TITANIC

lithograph  poster which had a link to "1972 Original Oil Painting Man With Red Umbrella Signed

Annamarie Trombetta http://www.worthpoint.comworthopedia l972-original-oil-painting-man-

red-4892417.  The "You visited this page on  2/16/16."  is proof that that I visited both pages,

thus as a result,  Plaintiff emailed Will Seippel on Feb. 20, 2016  and  cut and pasted all  the

Google Listings  into Plaintiff's email that I sent to Mr. Seippel.   Plaintiff submits in **EXHIBIT**

**#46  the evidence in Pl. Evid. 000045 and WorthPoint's  Evidence WP000071.**  Each bate

stamped be it the Plaintiff's or Defendants' document has the  *" You visited this page on*

*2/16/16."* listing and quote which clearly documents the 1972 webpage linked to Titanic

lithograph poster, both posts that were on WorthPoint's website in 2016.

**C** <u>Plaintiff's June 29, 2023 Reply to WorthPoint's Response.</u>

Plaintiff submits as proof my SENT email to the Pro Se office on April 17, 2023 with my

Declaration with Exhibits listed and annexed in EXHIBIT #1. Plaintiff's notes my Declaration

with Exhibits are recorded in ECF 447 with five envelopes of attachments. The SDNY Pro Se

Office informs any caller it takes anywhere between 24 to 48 hours to file submissions onto the

docket. Plaintiff was diligent in checking with the Pro Se office to find out why my April 17,

2022 filing was not on the docket and complete.    Plaintiff was initially told Plaintiff had to wait

at least 48 hours, at which time I checked again . Plaintiff's Declaration with all exhibits are in

ECF 447. On April 17, 2023 Plaintiff filed over 17 documents. **EXHIBIT #1 Plaintiff's email**

**proof of sent Declaration with Exhibits.**
Plaintiff's Statement #13

**A** <u>There is no dispute that Second Defendants WorthPoint Corp. published and evidenced in the</u>
<u>January 4, 2017 emails in WP000132, WP000133, WP000134 the 1972 oil painting URL on</u>
<u>WorthPoint's website.</u>

**B WorthPoint's Response: Disputed. This fact is vague, ambiguous and not clearly stated.**
**To the extent Plaintiff is stating that she e-mailed William Seippel on January 4, 2017,**
**WorthPoint does not dispute that such email exists. To the extent that Plaintiff alleges**
**WorthPoint published this e-mail for public viewing, this statement is not true. Further,**
**WorthPoint notes that Plaintiff was provided with an e-mail from Will Seippel to Jason**
**Packer, dated January 4, 2017, stating that "[t]here is nothing on [WorthPoint's] site from**
**[Plaintiff], just th[e] link that Google keeps recognizing." See, ECF No. 447-3, at p. 37.**
**WorthPoint further notes that Plaintiff failed to timely file or serve the Declaration that she**
**is citing in purported support of this statement.**

**C** Plaintiff's June 29, 2023  Reply to WorthPoint's Response.

Plaintiff submits  as proof my SENT email to the Pro Se office on  April 17, 2023 with my

Declaration with Exhibits  listed and annexed in EXHIBIT #1. Plaintiff's notes my Declaration

with Exhibits are recorded in ECF 447  with five  envelopes of  attachments. The  SDNY  Pro Se

Office informs any caller it takes  anywhere between 24 to  48 hours to  file submissions onto the

docket.  Plaintiff was  diligent  in checking with the Pro Se  office to find out why my April 17,

2022 filing was not on the docket and complete.    Plaintiff  was initially told Plaintiff had to wait

at least 48 hours, at which time I checked again . Plaintiff's Declaration with all exhibits are in

ECF  447.  On April 17, 2023 Plaintiff filed over 17 documents. **EXHIBIT #1 Plaintiff's email**

**proof of sent Declaration with Exhibits.**

 **EXHIBIT #1 Plaintiff's email proof of sent Declaration with Exhibits.**

          Plaintiff  has screen shot  WorthPoint's Evidence WP000134 to let the Court read the

content of Mr. Jason Packer's statements in response to Plaintiff email informing WorthPoint the

1972 false oil painting  was  posted  online.  **EXHIBIT #46  WorthPoint's Evid. Pl. Jan.4,**

**2017 email  Re 1972 post WP000132, 000133, 000134**

Plaintiff  has also annexed  deposition pages from Plaintiff's Internet Expert witness  Mr.  Patrick

O'Leary . **EXHIBIT #47 Deposition pages 100 to 107 regarding removing URL's from the**

**internet and Mr. O'Leary's internet  training and experience.**

**C**

**2023**



**Plaintiff's June 29, Reply to WorthPoint's Response.**

proof the April

Plaintiff submits as my SENT email to Pro Se office on 17, 2023 with my

Declaration with Exhibits listed and annexed in EXHIBIT #1. Plaintiff's notes my Declaration with Exhibits are recorded in ECF 447 with five envelopes of attachments. The SDNY Pro Se Office informs any caller it takes anywhere between 24 to 48 hours to file submissions onto the docket. Plaintiff was diligent in checking with the Pro Se office to find out why my April 17, 2022 filing was not on the docket and complete. Plaintiff was initially told Plaintiff had to wait at least 48 hours, at which time I checked again . Plaintiff's Declaration with all exhibits are in ECF 447. On April 17, 2023 Plaintiff filed over 17 documents. **EXHIBIT #1 Plaintiff's email**

## Plaintiff's Statement #14

**A** The Infringing eBay ad was an important part come to their site and purchase the WorthPoint Membership of Defendants' online business, and both companies benefitted on the back of its marketing efforts, which took place solely online.

**B WorthPoint's Response: Disputed. This fact is vague, ambiguous and not clearly stated. WorthPoint provided free public access to the WP Report of the eBay Auction Listing,**

except for the price for which it sold. ECF No. 425-1 at p. 87, 205, 215. WorthPoint's primary offering, the Worthopedia (also referred to as WorthPoint's "Price Guide"), is a searchable onlined atabase that provides users with historical pricing data from actual auction and retail sales. ECF No. 425-7 at 4. Moreover, Plaintiff herself admitted that she was able to access the entire Listing on WorthPoint's website for free, before she signed up for a paid membership to find out for how much the Painting sold (she subsequently cancelled her membership and never paid the bill). ECF No. 425-1, Plaintiff's Deposition, at pp. 87, 205, 215.  WorthPoint further notes that Plaintiff failed to timely file or serve the Declaration that she is citing in purported support of this statement.

**C** Plaintiff's June 29, 2023  Reply to WorthPoint's Response.

Plaintiff submits  as proof my SENT email to the Pro Se office on  April 17, 2023 with my

Declaration with Exhibits  listed and annexed in EXHIBIT #1. Plaintiff's notes my Declaration

with Exhibits are recorded in ECF 447  with five  envelopes of  attachments. The  SDNY  Pro Se

Office informs any caller it takes  anywhere between 24 to  48 hours to  file submissions onto the

docket.  Plaintiff was  diligent  in checking with the Pro Se  office to find out why my April 17,

2022 filing was not on the docket and complete.    Plaintiff  was initially told Plaintiff had to wait

at least 48 hours, at which time I checked again . Plaintiff's Declaration with all exhibits are in

ECF  447.  On April 17, 2023 Plaintiff filed over 17 documents. **EXHIBIT #1 Plaintiff's email
proof of sent Declaration with Exhibits.**

 **EXHIBIT #1 Plaintiff's email proof of sent Declaration with Exhibits.**


CORRECTED STATEMENT  FOR NO. 14


        Plaintiff concedes that statement No. 14 was not clearly stated since  I filed my FIRST

DRAFT  Statement of Facts which I did not proof read or finish.  To properly address  statement

No. 12   Plaintiff 's correct   written statement is :

14. The Infringing eBay ad  was an important part   come to  their site and purchase the

WorthPoint Membership  of  Defendants' online  business , and both companies   benefited on

the back of its marketing efforts,  which took place solely online,

Plaintiff's Statement #15

**A**. WorthPoint advertises sale  because it "want[s] people come to their site and purchase the
WorthPoint Membership.

**B  WorthPoint's Response: Disputed. WorthPoint provided free public access to the WP
Report of the eBay Auction Listing, except for the price for which it sold. ECF 425-1, at p.
87, 205, 215. Plaintiff attempts to provide a quote from her own testimony to support this
fact. As stated by Will Seippel, the Chief Executive Officer of WorthPoint, WorthPoint's
primary offering, the Worthopedia (also referred to as WorthPoint's "Price Guide"), is a
searchable online database that provides users with historical pricing data from actual
auction and retail sales. ECF No. 425-7, Seippel Decl at 4. Moreover, Plaintiff testified and
admitted that she was able to access the entire Listing on WorthPoint's website for free,
before she signed up for a paid membership to find out for how much the Painting sold (she
subsequently cancelled her membership and never paid the bill). ECF No. 425-1 Plaintiff's
Deposition, at pp. 87, 205, 215. WorthPoint further notes that Plaintiff failed to timely file
or serve the Declaration that she is citing in purported support of this statement.**C

**C**  Plaintiff's June 29, 2023  Reply to WorthPoint's Response

WorthPoint purports it  *"is a searchable online database that provides users with*

*historical  pricing data from actual auction and retail sales".*   As noted in EXHIBIT #15  which

is  Norb Novocin monthly  membership payments to WorthPoint Corp.'s website,  there is a

monthly fee  charged by WorthPoint in order to view the price of all the items listed.

  Plaintiff adds, everything on  the WorthPoint  webpage  is the same  visible content as the

WorthPoint Membership. The WorthPoint  Membership enables one to see  the price of the item

that was allegedly sold.   In order to  view the price it is necessary to sign onto WorthPoint's

Membership by entering one's name,  credit card number etc.

WorthPoint states  *" **Plaintiff testified and admitted that she was able to access the***

***entire Listing on  WorthPoint's website for free."***    In 2016, in order to view the price

of the "1972 Original Oil Painting Man With Red Umbrella"  Plaintiff had no other choice than

to submit my credit card number to view the  alleged sale price for the 1972 oil painting.

It is extremely important to impress upon the Court the  danger of Plaintiff's name

association with this  website that purports historic pricing  and alleged  historic reports. Plaintiff

never painted the 1972 oil painting.  Moreover,  in 2015,  Plaintiff contacted eBay  because  the

WorthPoint's staff  emphatically told Plaintiff the false 1972 post was not on WorthPoint's

website.   WorthPoint intentionally  misdirected the Plaintiff to contact eBay to remove the false

1972 oil painting  entitled Man With Red Umbrella that was misattributed to the Plaintiff.   On

page  13  of the eBay transcript states for Copyrighted  purposes….the seller of items was

required to provide  us (eBay)  with documents……

```
00;22;48;29 - 00;23;33;27
Aldrin
So since it's on your website might have been login register between that
specific series of numbers. OK, but do further check on this I'll be
needing. to go up to our Listing Policy Department, you know, I'd be
looking further into it   Together with that if you have access beyond
the items that we have here on eBay, all the reports, all the details of
the left bank that he might have even requiring this particular item for
documents for COPYRIGHT  purposes like listing items like this very easy
or whatnot, most likely the seller of items  was required to provide
us (eBay) with documents updated to make sure for us as well that items
which We know
```

On Page 19 of the eBay phone transcript, eBay agent named Archer, in 2015 which was only

three years after the alleged sale, the eBay agent named Archer  could not access any information

associated  with the sale and deemed the 1972 post on WorthPoint's website as " Undefined".

**EXHIBIT # 48  A  eBay phone call Transcript page 13 and page 19.**

```
Archer
And if they help you further, I can't pull up any correct information
associated with the sale now because it's UNDEFINED Nothing is showing up
here ..Ah ..just the source.. that it's sold on eBay.

00;42;16;08 - 00;42;33;13
Annamarie Trombetta
OK, if its undefined, but what's not undefined is the association of my
name with your company with WorthPoint and with this piece of artwork and
with the signature, it is my name that is being used.
```

**EXHIBIT # 48  B   Plaintiff's complete   eBay phone call Transcript**

In  2016, on Jan. 22, 2016 Plaintiff informed WorthPoint's staff that the 1972 oil painting post

purported false  information, I was not the artist that was attributed to the painting and that my

copyrighted   biography  was unethically and incorrectly used.   Despite this information,

WorthPoint failed to contact the Plaintiff  never responded to my phone calls and emails, until

Plaintiff called  on Feb. 1 2022.  WorthPoint boasts they " *provides users with  historical  pricing*

*data from actual auction and retail sales"*.   Again, in 2015 eBay informed Plaintiff the sale was

"Undefined".   Since I am not the artist and  the painting was misattributed   to the Plaintiff as the

artist, WorthPoint is  NOT  providing  correct historical pricing data if my name and biography

are associated with the painting and the alleged sale.  WorthPoint  admits it posts historical

pricing data.    I have no history  and affiliation with the alleged 1972 oil painting.  Plaintiff's

name and biography was misattributed to a four foot four foot high  oil painting,  alleged sold

online through eBay and the alleged sold  price was   $181. 50.   The association of Plaintiff's

true biographical text that is near verbatim with my website biography that creates a false

association and  what caused the loss of my potential sale of  " Wisteria Arbor Mandala" to a

prominent art collector".  This biographical inclusion  is precisely  what caused  damage and

distortion  to my public image and  fabricated an association with  these  companies  through a

very low bid price to a a very large scale, low quality oil painting.   WorthPoint's webpage

caused Plaintiff to  lose the interest from  prospective  gallery dealers who were interested in

representing the Plaintiff.   The false 1972 WorthPoint webpage immediately effected my

livelihood and earning potential  Plaintiff reminds the Court that my  name associated  to a

website that purports historical prices,  falsely tethers my name, history and price point to a

fictitious assertion.  The  incorrect facts on WorthPoint's webpage for the false 1972 post on

the internet  creates data and  implications which  distorts and  alters the true facts of my career,

life,  professional re`sume`, artistic oeuvre and the photo signature  projected a forgery  to the

public for a known period of time from 2015 to 2017.

**C**  Plaintiff's June 29, 2023  Reply to WorthPoint's Response.

Plaintiff submits  as proof my SENT email to the Pro Se office on  April 17, 2023 with my

Declaration with Exhibits  listed and annexed in EXHIBIT #1. Plaintiff's notes my Declaration

with Exhibits are recorded in ECF 447  with five  envelopes of  attachments. The  SDNY  Pro Se

Office informs any caller it takes  anywhere between 24 to  48 hours to  file submissions onto the

docket.  Plaintiff was  diligent  in checking with the Pro Se  office to find out why my April 17,

2022 filing was not on the docket and complete.    Plaintiff  was initially told Plaintiff had to wait

at least 48 hours, at which time I checked again . Plaintiff's Declaration with all exhibits are in

ECF  447.  On April 17, 2023 Plaintiff filed over 17 documents. **EXHIBIT #1 Plaintiff's email**

**proof of sent Declaration with Exhibits.**

## Plaintiff's Statement #16

**A**  There is no dispute that the signature A. Trombetta on the front of the 1972 Original Oil
Painting entitled Man with Red is not the Plaintiff's signature.

**B  WorthPoint Response: This fact is vague, ambiguous and not clearly stated. WorthPoint**
**lacks sufficient information to form a belief as to the truth of this statement. WorthPoint**
**further notes that Plaintiff failed to timely file or serve the Declaration that she is citing in**
**purported support of this statement.**

**C**  Plaintiff's June 29, 2023  Reply to WorthPoint's Response.

#16        Plaintiff concedes that statement No. 16 was not clearly stated since  I filed my FIRST

DRAFT  Statement of Facts which I did not proof read or finish.  Plaintiff omitted the word

" Umbrella"  from the title of the painting.    To properly address  statement  No. 16

 Plaintiff 's correct   written statement is :  #16   There is no dispute that the signature A.

Trombetta on the front of the 1972 Original Oil Painting entitled Man with Red  Umbrella  is not

the Plaintiff's signature.  For the Court's convenience I have annexed as  **EXHIBIT #48**   th**e**

**Photo of  the  EAI  " A. Trombetta" signature  and Plaintiff's  self evident childhood**

**handwriting script and  print  from 1972 in Plaintiff's. Evid. 000260.**

**C**  Plaintiff's June 29, 2023  Reply to WorthPoint's Response.

Plaintiff submits  as proof my SENT email to the Pro Se office on  April 17, 2023 with my

Declaration with Exhibits  listed and annexed in EXHIBIT #1. Plaintiff's notes my Declaration

with Exhibits are recorded in ECF 447  with five  envelopes of  attachments. The  SDNY  Pro Se

Office informs any caller it takes  anywhere between 24 to  48 hours to  file submissions onto the

docket.  Plaintiff was  diligent  in checking with the Pro Se  office to find out why my April 17,

2022 filing was not on the docket and complete.    Plaintiff  was initially told Plaintiff had to wait

at least 48 hours, at which time I checked again . Plaintiff's Declaration with all exhibits are in

ECF  447.  On April 17, 2023 Plaintiff filed over 17 documents. **EXHIBIT #1 Plaintiff's email**

**proof of sent Declaration with Exhibits.**


## Plaintiff's Statement #17

**A**  There is no dispute that the signature in red pencil on the back stretcher bar of the 1972
Original Oil Painting entitled Man With Red is not the Plaintiff's signature.

**B  WorthPoint's Response: This fact is vague, ambiguous and not clearly stated.
WorthPoint lacks sufficient information to form a belief as to the truth of this statement.**

**WorthPoint further notes that Plaintiff failed to timely file or serve the Declaration that she is citing in purported support of this statement.**

**C** Plaintiff's June 29, 2023  Reply to WorthPoint's Response.

#17      Plaintiff concedes that statement No. 17 was not clearly stated since  I filed my FIRST DRAFT  Statement of Facts which I did not proof read or finish.  Plaintiff omitted the word " Umbrella"  from the title of the painting.    To properly address  statement  No. 17

  Plaintiff 's correct   written statement is :  #17  There is no dispute that the signature in red pencil on the back stretcher bar of the 1972 Original  Oil Painting entitled Man With Red is not the Plaintiff's signature. is NOT signed Annamarie Trombetta.  It is signed  ANNA  ( with a space between the two names)   MARI**A** , ending in the letter "A"   and the last name TROMBETTA with a claim   PAINTED 1972, GIFTED 1977.  The red pencil signature is not the same spelling   as Plaintiff' s name.  Defendants failed to identity  a designated person as to  who signed each  signature on the front or back of the 1972  oil painting" Man With Red Umbrella" and failed to designate  who is actual painted this oil painting.  Based on this lack of personal designation  of the artist given the painting was signed,

        "Scienter" was noted by Judge Ronnie Abrams on page 19 of 26 ( WorthPoint's falsely claiming a licensing agreement for Plaintiff's biography).  The production of the  red pencil signature on  the back of the 1972 canvas was NOT produced until  April 2022.  Plaintiff claim for  Fraud Rule (9) was added to Plaintiff's Second Amended Complaint in ECF 348 filed on Dec. 27, 2022 after discovery was deemed closed.   In **EXHIBIT #49 A  is another example of Plaintiff Evid.  000495 which is Plaintiff   1972 childhood signature as well as print.**

**EXHIBIT #49 B are photos produced byEstate Auctions Inc. photos  red pencil signature**

**misspelling Plaintiff's name.**  Moreover the photos do not look like a nine year old child's print.

**C**  Plaintiff's June 29, 2023  Reply to WorthPoint's Response.

Plaintiff submits  as proof my SENT email to the Pro Se office on  April 17, 2023 with my Declaration with Exhibits  listed and annexed in EXHIBIT #1. Plaintiff's notes my Declaration with Exhibits are recorded in ECF 447  with five  envelopes of  attachments. The  SDNY  Pro Se Office informs any caller it takes  anywhere between 24 to  48 hours to  file submissions onto the docket.  Plaintiff was  diligent  in checking with the Pro Se  office to find out why my April 17, 2022 filing was not on the docket and complete.    Plaintiff  was initially told Plaintiff had to wait at least 48 hours, at which time I checked again . Plaintiff's Declaration with all exhibits are in ECF  447.  On April 17, 2023 Plaintiff filed over 17 documents. **EXHIBIT #1 Plaintiff's email proof of sent Declaration with Exhibits.**


Plaintiff's Statement #18

**A**  There is no dispute that the Plaintiff is not the artist who painted the 1972 Original Oil Painting Entitled Man with Red.

**B  WorthPoint's Response: This fact is vague, ambiguous and not clearly stated. WorthPoint lacks sufficient information to form a belief as to the truth of this statement. WorthPoint further notes that Plaintiff failed to file or timely serve the Declaration that she is citing in purported support of this statement.**


 **C**  Plaintiff's June 29, 2023  Reply to WorthPoint's Response.

#18          Plaintiff omitted the word " Umbrella"  from  the title of the painting. Plaintiff 's correct   written  statement is : #18  There is no dispute that the Plaintiff is not the  artist who painted the 1972  Original Oil  Painting Entitled Man with Red Umbrella".   Plaintiff  affirms in 2003,  as did  fact witness Vanessa Ploski ,I wrote my  biography on my   personal  catalog and

website.  In my biography are affirming detailed  facts,  *"I  began my  formal training at  The Brooklyn Museum  School of Art while I was in   high school"*  which  confirms,  I did not paint in  oils in 1972  when I was  nine years old.    My biography  was  written nine years before the alleged 2012 eBay sale of the 1972 oil painting.   In addition,  Plaintiff has provided proof of my script and print from the year 1972. Plaintiff's 1972 signatures  are consistent with what a child's signature should exemplify.  My 1972  signatures look nothing  like the two signatures produced by Estate Auctions Inc and distributed by WorthPoint Corp.

Plaintiff brings to the Court's attention WorthPoint's response that WorthPoint lacks sufficient information   to Plaintiff's Statement of  Material Facts No. 18  demonstrates a willful defiance to admit Plaintiff is not the artist.  Plaintiff 's one word omission of Umbrella should not prevent WorthPoint from facts is consistent with WorthPoint's quote in ECF 476 on Page 9 of 40 states   *"WorthPoint takes no position on the authorship of the Painting, since it never saw the Painting, nor had any firsthand knowledge about the Painting.*

The  WorthPoint Corporation admits they take <u>NO position</u> on the authorship, and is willfully ignoring and denying the proof of Plaintiff's  1972  childhood signature in print and script confirming I am not the artist. WorthPoint's position is consistent since 2015 and WorthPoint is responsible for Plaintiff   problem and lawsuit due to  WorthPoints' deliberate concealment that the 1972 false post was on its website  and  WorthPoint's defiant resistance to remove the false 1972 oil painting post from the internet in 2015 thru 2016.  In 2017, WorthPoint failed to respond to the Plaintiff and failed to remove the false 1972 oil painting Man With Red Umbrella internet post from the public arena of the internet.

Plaintiff brings to the Court's attention WorthPoint's statement regarding Plaintiff's copyright Biography. Plaintiff affirms I never waived or transferred  my copyrights to my Biography  in my catalog and on my website to another party, at any time.  WorthPoint stated on page 9 of ECF 467 snd  admits: P*laintiff  also  claims  that she holds a copyright in her Biography  which was also part of the   Listing.  Again,  WorthPoint has no independent knowledge about the  Biography, as it never saw the Listing before being contacted by Plaintiff,* WorthPoint  admits not knowing who the Plaintiff was and not knowing if  Plaintiff holds a copyright to my  biography, yet it is evidenced in Pl.Evid 000163 , yet the self evident photos  documents WorthPoint affixed a copyright "© symbol & *"Copyrighted work licensed by WorthPoint'"* to the photograph of the  1972 painting accompanying the " alleged WP Report".  WorthPoint adhered the above copyright and licensing claim while  admitting they did not see the listing that was on WorthPoint's own  website.  WorthPoint  admits  *"it  was not involved in attaching the Biography to the  Listing."*  yet   WorthPoint written claims devoid of any admitted research,  was publicly distributed on the internet.  WorthPoint is attempting in pleading ignorance. Nevertheless, WorthPoint's negligence in its research and in the accuracy of its alleged  webpage in  Plaintiff's case  has distributed a  completely false " historic reports" . WorthPoint,  in 2017 is considered at this point a s committing successive , WorthPoint is known as a  this point in litigation, there is no reason given Plaintiff's evidence that WorthPoint and their attorneys are writing such statements responding as such  to No. 18 "**WorthPoint lacks sufficient information to form a belief as to the truth of this statement.**

Plaintiff ends with by reminding the Court of  Plaintiff's 2015 research documented in the  eBay phone call and the eBay agent named Jamie on page 8 noted the  1972 post was *"from*

*a third party app that was not from ebay anymore"* and the   admission by eBay specialist

Archer  that the 2012 eBay  sale of the 1972 oil  painting was *"undefined"* on page 19. **SEE EX.**

**47 A and B.**   In addition to eBay's 2015 documented statements  I bring to the Court's attention

 WorthPoint's webmaster Greg Watkins admission in  on Feb. 3, 2016 in my  phone call  with

Mr. Watkins who admitted *" We can't vet every page that we..that we are given to post"*

in   **EXHIBIT # 50 A Pl.Evid 001006  and #50 B Greg Watkins Feb. 3 2016 phone**

**transcript.**    In summary**,** Plaintiff was reliant upon the production of the 2012 eBay sales

receipt  from Estate Auctions Inc as proof that the  2012 sale of the oil painting actually

occurred.  Based on the false and forged  misspelling of the red pencil signature , EAI's false

claim that my bio  was on askART in 2012 and not the factual documented year in 2015,

Plaintiff's discovery request for one simple eBay sales receipt in 2012 from EAI was reasonable

and would confirm the 2012 sale.  EAI produced four varied receipts and  print out of the

alleged 2012 eBay sales receipt which is deficient and cut off on the right side as well as the

bottom.  It is also worth noting that the background is black with white type , and upon

consulting  with my internet expert witness Patrick O'Leary, he affirmed  he never saw meta

data on a black backround,  Annexed in **EXHIBT #51 is  Estate Auctions Inc Meta Data**

**printed  out on pages.**    The Plaintiff was also asked by the Defendants  to produce the Meta

Data of  my first email to Will Seippel .  Plaintiff has annexed in   **EXHIBIT #52 Plaintiff's**

**Feb.** 20, 2016 email to Will Seippel in a Meta Data Print ouPl. Evid. 000366  000366A,

000366B, 000366C,  000366D.  During a Meet and Confer on Friday Oct. 28, 2022, attorney

Adam Bialek  requested of the Plaintiff to produce the  native electronic raw message of the

same printed out version of the **Plaintiff's  Feb.** 20, 2016 email to Will Seippel in a Meta Data

and I immediately complied with WorthPoint's attorneys request by simply downloading the raw email to my desktop as a PDF format and emailing it to the Defendants.  The Plaintiff requested on Nov. 23, 2022 which was Ordered by Judge Cave production  byEstate Auctions Inc  for the 2012 eBay sale receipt in the same  electronic native email in one PDF electronic format that Plaintiff produced to Defendants for the Feb 20, 2016 email to Will Seippel. Plaintiff was told in 2015 was undefined. email was sent to Norb Noovcin. Once again , given the 2015 eBay phone call and  notification that the 1972 oil painting post was by a third party and not by an eBay seller and that the eBay sale was  "Undefined"  **SEE EX.#36,** Plaintiff was diligent  to request proof of a sales receipt.

Unlike the Defendants, Plaintiff has produced over one thousand documents of evidence. Plaintiff  produced my signature while Defendants defiantly deny I am not the artist.


**C**  Plaintiff's June 29, 2023  Reply to WorthPoint's Response.

Plaintiff submits  as proof my SENT email to the Pro Se office on  April 17, 2023 with my Declaration with Exhibits  listed and annexed in EXHIBIT #1. Plaintiff's notes my Declaration with Exhibits are recorded in ECF 447  with five  envelopes of  attachments. The  SDNY  Pro Se Office informs any caller it takes  anywhere between 24 to  48 hours to  file submissions onto the docket.  Plaintiff was  diligent  in checking with the Pro Se  office to find out why my April 17, 2022 filing was not on the docket and complete.    Plaintiff  was initially told Plaintiff had to wait at least 48 hours, at which time I checked again . Plaintiff's Declaration with all exhibits are in ECF  447.  On April 17, 2023 Plaintiff filed over 17 documents. **EXHIBIT #1 Plaintiff's email proof of sent Declaration with Exhibits.**

Respectfully Submitted by

Annamarie Trombetta                    —— Electronic Signature ——
175 East 96th Street (12 R)
New York. New York 10128          /s/ Annamarie Trombetta June 29, 2023
Pro Se Plaintiff                  _____

                                  Annamarie Trombetta Pro Se Plaintiff


In The United States District Court For Southern District of New York
_____
Annamarie Trombetta,
Plaintiff, Civil Action No. 18-cv-0993-RA-HBP
vs.
Norb Novocin, Marie Novocin,
Estate Auctions Inc.
and
WorthPoint Corporation
Defendants

_____


CERTIFICATE OF SERVICE

I certify that on  June 29, 2023, a true and correct copy of the foregoing document was served

upon the parties of record via the Court's CM/ECF system and directly to all attorneys listed

below to include Adam Bialek, Jana Farmer and John Cahill attorneys for WorthPoint

Corporation and attorney Anderson Duff representing Marie and Norb Novocin and Estate

Auctions Inc.

Dated: New York, New York June 29 2023

                                  Respectfully Submitted by

Annamarie Trombetta                    —— Electronic Signature ——
175 East 96th Street (12 R)
New York. New York 10128          /s/ Annamarie Trombetta June 29, 2023

Pro Se Plaintiff

_____

Annamarie Trombetta Pro Se Plaintiff

Attorneys for Defendant WorthPoint Corporation

TO : Adam R. Bialek
150 East 42nd Street
New York, New York 10017 Telephone:
Telephone: (212) 915-5143 Fax: (212) 490-3038
Email : Adam.Bialek@wilsonelser.com

TO : Jana Slavina Farmer
1133 Westchester Avenue White Plains, New York 10604
Telephone: (914) 872-7247 Fax: (914) 323-7001
Email : Jana.Farmer@wilsonelser.com
Attorneys for Defendant WorthPoint Corporation

TO : John Cahill
150 East 42nd Street
New York, New York 10017
Telephone: (212) 915-5143 Fax: (212) 490-3038
John.Cahill@wilsonelser.com
Attorneys for Defendants Norb Novocin, MarieNovocin, and Estate Auctions, Inc.

TO: Anderson Josiah Duff (via email)
Hogan Duff, LLP
43-10 Crescent St., Ste. 12173
Long Island City, New York 11101
Telephone: (646) 450-3607
Email ajd@hoganduff.com