**In The United States District Court For Southern District of New York**

_____

| | |
|---|---|
| Annamarie Trombetta, | Civil Action  No. 18-cv-0993-RA-HBP |
| Plaintiff, | **PLAINTIFF'S  MOTION TO  CORRECT OR  MOTION  TO** |
| vs. | **RECONSIDER JUDGE   CAVE'S ORDER  AND OPINION** |
| Norb  Novocin, Marie  Novocin, | **ECF 509   BASED  ON ERRORS AND   OMISSIONS** |
| Estate Auctions Inc. | **OF  ECF  330, ECF 338 - REQUESTS  FOR AN   EXTENSION** |
| and | **OF  TME FOR PLAINTIFF'S EXPERT WITNESS REPORTS** |
| WorthPoint   Corporation | **BEFORE PLAINTIFF'S  DEC. 19, 2022  DEADLINE** |
| Defendants | |

_____

Pro se  Plaintiff,   respectfully  sets forth  either  a Motion to Correct  or a Motion to Reconsider  Judge  Cave's  Opinion  and  Order in ECF 509, filed on June 22. 2023.  Plaintiff  brings to  the Court's attention   quintessential  and chronological  fact patterns, pertinent   to Plaintiff 's lawsuit.  With all due respect,  on the case docket  are  Plaintiff's  filed  requests for extensions for my expert witness reports  prior to the Dec. 19, 2022 fact discovery and Plaintiff's expert witness reports deadline.  Plaintiff's  requests are docketed, yet respectively, omitted in Judge Cave's Order and Opinion,  therefore there is a lack of judicial accuracy.  Plaintiff's Motion is to  request  reconsideration of my Motion  for acceptance of my expert witness  reports and/or to  permit   my experts to  give  testimony at trial.

## I.  BACKROUND

Plaintiff  respectfully and  immediately brings  the Court's attention  toPlaintiff's filed extension requests dated Dec.8, 2022, in **ECF 330**  and in  **ECF  338**   on Dec.16, 2022 filed before   Dec. 19, 2022.  Twice Plaintiff  requested an extension of  time for  the   production of my expert witness reports.    Plaintiff did so because I was not feeling well in the beginning of

Dec. and was also  fearful  my experts would not complete their reports in time.    On Dec. 11,

2022  I was  suddenly unable to stand up  due to the  flu.  Plaintiff  had  to  email   Judge

Cave on Dec. 11th, to  request an  immediate extension  for my  Proposed Second  Amended

Complaint due on Dec. 12, 2022.  Judge Cave  granted  this extension until  Dec. 19, 2022,

which was  the same day fact discovery  and expert reports ended.   In my  June  1, 2023  filing

in  ECF  493  in  **EXHIBIT #5**   Plaintiff  filed two  exhibits  titled *"Plaintiff's  Illness*

*Beginning Dec. 7, 2022  into late  Jan. 2023*. The   two  documents in  EXHBIT #5 verify  I was

physically compromised  for a few weeks.  The  FIRST  exhibit in  EX. #5  is Plaintiff''s  email

to  Judge Cave  on  Dec. 11, 2022,  requesting an  urgent  extension for my  Second Amended

Complaint submission.   The SECOND  exhibit  in  EX. #5 is  Plaintiff's  doctor's  visit appt.  on

Jan. 23, 2023 informing the Court of Plaintiff's  chronic fatigue/ Covid  like symptoms  and

ongoing  ill  health.  I note   my expert witness. Dr. Joseph Scelsa recommended  I see my

doctor  to  rule out  any underlying   conditions, when we spoke on  his  expert witness report.

  Plaintiff  brings to the Court's attention, page  4 which notes ECF 338 only regarding the

end of fact discovery and not Plaintiff request for an extension.  On page 14 of  Judge Cave's

Opinion and Order in CF 509  there s   notation from the Nov. 23, 2022 Conference Call in  ECF

328, on pages 41  and 42.  I  respectfully acknowledged Judge Cave reminded  Plaintiff  of the

Rule 26 (a) (2) standard during the call.  The purpose my   Motion, however  is for the  Plaintiff

to convey  and note to the Court'  my request to Judge Cave  on **page 64**   asking to make an

application to extend time for my expert  witnesses to complete their reports. My request was

made during  the same Nov. 23, 2022 Conference call  For the  Court's convenience I  included

an  insert  of  from Judge Cave's ECF 509  of  Rule 26 excerpt below  Underneath, the next page

I  inserted  page 64 from the Nov  23, 2022 Conference call transcript. Plaintiff's  request  to

Judge Cave to make an application for an extension for my expert witness reports.  Judge Cave granted permission for my  application. To be clear, Plaintiff  understands  that  granting an application  for an extension  does not grant the extension for  my expert witnesses.

Case 1:18-cv-00993-LTS-SLC   Document 509   Filed 06/22/23   Page 14 of 17

just under one month left before the December 19, 2022 deadline—the Court also advised Ms. Trombetta of her obligations under Rule 26(a)(2), with which she "need[ed] to comply . . . even though [she is] a pro se plaintiff." (ECF No. 328 at 41–42).  When the Court instructed her that "[j]ust  forwarding their resumes is not sufficient," Ms. Trombetta  acknowledged  that she "[u]nderstood," and neither requested an extension of the December 19, 2022 deadline nor gave any indication that she might not meet it due to her experts' unavailability or for any other reason. (Id. at 42).

**ON THE LEFT**

**JUDGE CAVE'S JUNE 22, 2023 OPINION  AND ORDER .**

**PAGE 14  FROM ECF  509  RE: RULE 26(a) (2)**

**BELOW IS THE  <u>NOV. 23, 2022</u>  CONFERENCE CALL TRANSCRIPT  <u>PAGE 64</u>**

**PLAINTIFF'S  INQUIRY FOR   EXTENSIONS  FOR EXPERT WITNESSES REPORTS**

Trombetta v Novocin 11-23-22(2781737...   ↓ Download   🖶 Print   ⟳ Save to OneDrive        ⊞ Show email  ⤢

                                                                    64
2   defendants to please order a transcript of today's
3   conference.  Ms. Trombetta, is there anything else you
4   wanted to raise today?
5           THE PLAINTIFF:  It has been a full day. So
6   because I'm dealing with other people, meaning the
7   expert witnesses, and we're approaching the holiday
8   season, if for some reason they cannot submit a report
9   by December 12th, what --
10          THE COURT:  You need to make --
11          THE PLAINTIFF:  Can I ask for an extension for
12  them?
13          THE COURT:  Yes.

**BELOW IS THE NOV.23, 2022 CONFERENCE  CALL FILING   IN    ECF 328**

| 328 | 12/08/2022 | TRANSCRIPT of Proceedings re: REMOTE CONFERENCE held on 11/23/2022 before Magistrate Judge Sarah L. Cave. Court Reporter/Transcriber: Carole Ludwig, (212) 420-0771. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/29/2022. Redacted Transcript Deadline set for 1/9/2023. Release of Transcript Restriction set for 3/8/2023. |

**BELOW IS ECF 330 PLAINTIFF'S REQUEST FOR AN EXTENSION OF TIME TO FILE MY EXPERT REPORTS ON DEC. 8, 2022 ECF 330 —**



| 330 | 12/08/2022 | LETTER addressed to Magistrate Judge Sarah L. Cave from A. Trombetta dated 12/8/22 re: APPLICATION TO THE COURT FOR AN EXTENSION FOR EXPERT WITNESS REPORTS. Document filed by Annamarie Trombetta. |
| | | 1 Attachment ▼ |

In   ECF 330  I filed my extension request  AFTER   I read the Nov. 23, 2022 transcript .

I included emails from Gayle Skluzacek  and  to Dr. Scelsa .  The same emails  in ECF 330,

ECF 338 is  also in ECF  493 filed on June  1,  2023.   Plaintiff filed page 64 from the Nov. 23,

2022 transcript   in  ECF 330  to remind Judge  Cave of  Plaintiff   request  for permission to

make an application to the Court for a  possible extension for  my expert  witnesses.   Plaintiff

asks the Court to review    EXHIBITS #1 and #2 which are Plaintiff's  emails to and from  Ms.

Skulzacek and Dr. Secelsa concerning the Rule 26 standard for  their reports.

| 338 | 12/16/2022 | LETTER addressed to Magistrate Judge Sarah L. Cave from A. Trombetta, dated 12/16/22 re: "PLAINTIFF'S FACT DISCOVERY STATUS LETTER & EXPERT WITNESS REPORT"- Plaintiff informs the Court regarding my Discovery status, and that it was delayed. Due to some minor yet significant issues a follow-up phone meeting to correct and reorganize Plaintiff's documents was scheduled Friday morning 12/16/22 which concluded around noon. All of the plaintiff's submitted Fact Discovery are soundly resolved etc. Document filed by Annamarie Trombetta. |
| | | 1 Attachment ▼ |

**M Gmail**

Annamarie Trombetta <atrombettaart@gmail.com>

**Past Appraisal Letter**

Abigail Hartmann <appraisersaha@gmail.com>
To: Annamarie Trombetta <atrombettaart@gmail.com>

Tue, Dec 6, 2022 at 10:23 AM

Hi Annamarie, unfortunately due to my workload, I cannot complete a report by you 12/12 deadline.  We are completely booked until at least early January.
Best wishes, Gayle Skluzacek

Plaintiff  summarizes  to the Court the root cause of Plaintiff 's Motion and the root cause

for the  delay in the  timely production  of  my expert witness reports by  Gayle Scluzacek , Art

Appraiser  and Dr. Joseph Scelsa  Founder/ Director /Curator of the ItalianAmerican Museum .

Plaintiff  reiterates  and  acknowledged  on  Nov. 23, 2022  I was informed  by Judge Cave

about the Rule 26 requirements  in  Judge Cave's Order and Opinion on page 14 as she wrote:

" *When the Court instructed her that "[j]ust forwarding their resumes is not sufficient,"*
*Ms. Trombetta acknowledged that she"[u]nderstood," <u>and neither requested an</u>*
*<u>extension of the December 19, 2022 deadline nor gave any indication that she might</u>*
*<u>not  meet it due to her experts' unavailability or for any other  reason.</u> (Id. at 42)."*

Plaintiff asked for the extension to make sure my expert witness reports were properly done.

The **content from page 64** , duly written in the Nov. 23,  2022 Conference call   transcript, was

NOT  acknowledged or  noted  in  Judge Cave's Order  and Opinion in ECF 509 on June,

22, 2023.   In like fashion  Judge Cave did not  acknowledge Plaintiff's Dec. 8th  ECF 330 . 4

My Dec. 16, 2020 ECF 338 is noted on page 4 however nothing is mentioned about my

extension  request   I made both requests of the Court  before the Dec. 19, 2022.  Plaintiff

current Motion is to  respectfully  make the Honorable Chief Judge Swain aware of Plaintiff's

documented efforts to comply and follow the Rule 26.

Plaintiff's  Motion is to bring attention to chronological  facts  and to asks Chief Judge

Swain  to review my   Court filings ECF 330 and ECF 338 in tandem with Plaintiff 's request for

reconsider of my expert witnesses and this Motion .   Plaintiff  notes if  I  was not granted the

right to make an application for an extension of time to produce my expert witness reports in on Nov, 23, 2022, Plaintiff would have informed all my expert witnesses, the deadline was FIRM for Dec. 12, 2022, without any options for extensions. In Nov/ Dec. 2022, Plaintiff would have either produced the expert reports OR would have had to withdraw my expert witnesses. Plaintiff's incurred the deposit costs to produce the reports and at present cannot use the. Annexed is page 64, the Nov.23rd Conference call, application request for an extension of time granted by Judge Cave, filed ECF 330 as **EXHIBIT # 3**

**PLAINTIFF'S SUDDEN ILLNESS FROM DEC 11. 2022 TILL EARLY FEB. 2023**

Plaintiff noted the other contributory factor in Plaintiff's delay to produce my expert witness reports was also due to the events on the Nov. 23, 2022 conference. Plaintiff filing letters to the Court for months, for EAI discovery requests. With Judge Cave's support noted in ECF 266, 272 and 278, EAI attorney Mr Duff failed to comply with Judge Cave's Order to produce discovery, mainly one complete sales receipt for the 1972 oil painting EAI claims they sold on eBay. SEE SEPT 28, 2022 email in **EXHIBIT #4.** The April 27, 2022 EAI eBay receipt email allegedly for the 1972 sale, was cut off and missing vital information on the right side. After seven months, on Nov. 16 th and 17th , EAI produced two eBay receipts that were visually different from each other and from the April 27, 2022 first version.

During the Nov. 23, 2022 conference call Judge Cave granted Plaintiff's request from Estate Auctions Inc, to produce the native, electronic 2012 eBay sales receipt for the 1972 oil painting, in a digital PDF format. During the Conference call, WorthPoint's attorneys, not Mr. Duff, emailed Plaintiff what they titled "Source Information" missing the crucial, defining Header Information that states— the Sender—the Receiver—the Date —and the email addresses. WorthPoint 's email had ambiguous coding. Plaintiff contacted my internet expert to decipher

the code.   This resulted in an Affidavit by my expert witness Patrick O'Leary, filed in ECF

322 on Dec. 5, 2022.  This immediate production of Mr. O'Leary affidavit prevented his

production of his expert witness report.   On Dec. 8, 2022, Plaintiff filed ECF 330.  All three of

my experts needed time to complete their reports especially Mr. O'Leary, due to writing his

affidavit. Defendants willful creation of problems, distracted me form keeping on schedule.

My stress resulted in ill health on Dec. 11, 2022 and also hindered my reports and delayed my

filing of my Proposed Second Amended Complaint and also interrupting the Court schedule.

### CHRONOLOGICAL FACT PATTERNS IN 2015—1972 post on eBay or WorthPoint's website
### IMPORTANCE OF THE DOCUMENTED  UNDEFINED  EBAY SALE NOTED IN 2015

Plaintiff brings to the Court's attention the pertinent chronological facts prior to commencing

this lawsuit.  These crucial facts pertain to the 2015 eBay phone transcript that has been filed in my

Summary Judgement submissions.  Plaintiff 's filed the eBay phone transcript on June 1, 2023.  as

**EXHIBIT # 7** in  ECF 493   to Judge Cave.  Plaintiff reiterates to the Court, in late 2015 Plaintiff

phoned eBay and requested the removal of the alleged 2012 eBay sale.  In 2015, I spoke

with four a eBay agents about the 1972 painting eBay sale and internet post.  eBay agent named

Jamie informed me the webpage was produced by a third party app and **not by eBay.**

Inserted below from the eBay transcript. a quote by eBay agent named Jamie from page 7.   The

same eBay agent, Jamie also confirmed the false 1972 oil painting post was not on eBay's website.

```
00;13;17;03 - 00;13;32;26
EBay Customer Service
It's actually a different selling page it's essentially a third party
application from eBay as well let me check, it's actually a third party
app. It's a marketplace. It's not from eBay.

00;13;33;17 - 00;13;36;03
```

EBay agent gave me WorthPoint's  contact phone number to remove the 1972 post.

 SEE insert below with WorthPoint phone # 877 481- 5750 on page 9 in eBay phone Transcript.

 On page 20 of the eBay transcript, another eBay agent named Archer from the eBay's Listing Dept.

stated that **eBay requires all copyrighted items sold on eBay must be listed by the seller.**

```
00;15;36;21 - 00;15;45;22
Jamie  eBay Customer Service
Okay. The phone number for WorthPoint contact information. Customer
service will be 877 481-5750.

00;15;46;12 - 00;15;56;24
Annamarie Trombetta
Well, I did call them and they said that I had to get in touch with eBay
because if they don't sell anything, they're a database. So I keep going
back and forth.

00;15;59;16 - 00;16;10;12
Jamie  eBay Customer Service
Let me try see at our end to maybe they provided information like a third
party app to give it to me tried to go ahead and provide that information
here on eBay.
And do it again. OK,

Annamarie Trombetta
OK. Because I still don't understand what you mean by third party. You're
saying that it is the responsibility of WorthPoint to have that
information.

Jamie  eBay Customer Service
Yes Maam
```

In 2015, in the eBay transcript, on pages 20 and 21, eBay's agent named Archer from eBay's Listing Dept. informed Plaintiff that the 1972 eBay sale was **"Undefined"** He informed me , if I

```
00;42;01;01 - 00;42;06;26
Archer
And if they help you further, I can't pull up any correct information
associated with the sale now because it's UNDEFINED Nothing is showing up
here …Ah ..just the source.. that it's sold on eBay.
```

wanted the false 1972 post removed from the internet  Plaintiff  should contact WorthPoint.  Archer affirmed **eBay did not have the right to remove the 1972 oil painting webpage from the internet.**

```
You know if you want this page to be removed you should contact
WorthPoint it's on their Web site. The page is associated with this but
we Don't have the right to remove this page

00;42;47;18 - 00;42;54;25
Annamarie Trombetta
You don't have the right to remove the page.
```

In  2015, Plaintiff  was informed by eBay which  is the  company named as the  selling platform for the 1972 oil painting,   that  the 1972 oil painting was UNDEFINED . Since   2015, proof of  the eBay sale was always UNDEFINED. At present,  since the name/ identity  of the

artist  who painted the alleged 1972 oil painting is also UNDEFINED, it is my belief due to the
absence of the  EAI  electronic   email from 2012 that the sale of the 1972 painting is undefined.
The importance of bringing the 2015 undefined eBay sale to the Court's attention is relevant
to the failure of EAI to produce the native electronic email for the 2012 eBay oil painting sale.
The electronic email cannot be changed or altered from its authentic composition. EAI
produced in  EAI00073 to EAI00078 a cut off printed out that is missing pieces of information.

### A.  <u>Plaiintiff's Response to Page 3  Judge Cave's Opinion and Order</u>
###    <u>Ms. Trombetta's  Claims</u>

Plaintiff noted in Judge Abrams ECF 187 filed on Dec.  21, 2021 the   statutes of
limitation for  the separate accrual rule for successive infringements is applicable to  all Plaintiff
claims,   for  Copyright, VARA  and DMCA infringements.  The damages for  Copyright are  the
same for VARA . The statutory damages  range from $750 to $30,000 per work " and if the court
finds that the violation of VARA was committed willfully, it can increase the award  per
infringements. Plaintiff  notes and  assert the DMCA infringements are applicable to both
Defendants.   In Marie Novocin's   deposition on page 43 she  said there was another party that
photographed the 1972 oil painting, and stated his name was"Mike Miller" In the deposition of
Norb Novocin  t he specifically  said he had photos taken of the 1972 oil painting. These relevant
facts  prove EAI  provided the photo to  WorthPoint Corp who then  adhered their  false CMI.

As  Judge Cave's order  stated on  Dec.19 2022, Plaintiff filed a Proposed Amended
Complaint  to include IIED, Tort and Fraud.   Plaintiff added claims since  Defendants  chose to
continue litigation and  rejected my settlement attempt on Nov. 23, 2023. I filed my Proposed
Second Amended Complaint against Estate Auctions Inc and WorthPoint for these reasons:

1 ) Estate Auctions Inc failed  to produce ONE full receipt for sale of the 2012   eBay sale receipt
   In time EAI produce four alterations of the one   eBay receipt  with  varied icons.

2)  Both  WorthPoint and EAI's  failed to identity  the artist who painted the 1972 oil painting.

3) Both  WorthPoint and EAI failed to produce any meta data for  the 1972 internet webpage.

Plaintiff  notes  in ECF 348, filed on Dec. 27, 2022,  Plaintiff  detailed eight counts of Fraud for

Estate Auctions Inc from page 13 to  page 43. Plaintiff detailed in ECF 348, seven counts of

Fraud against WorthPoint on page 51   72. The fraud charge for  TANGIBLE CONVERSION

(BIOGRAPHY  IN  MY CATALOG) TAKING AND MISAPPROPRIATION  PLAINTIFF

BIOGRAPHY  is  Count V  for WorthPoint  and noted as  Count VIII  for Estate Auctions Inc.

**B.  Plaintiff's Response to Fact Discovery ( on  Page 4 of Judge Cave's Opinion and Order )**

Plaintiff' brings to the Court's attention Judge Cave' s notations regarding Fact Discovery

delays.  The case began with **ECF 195** which  is  theCase Management schedule.  I note that in

**ECF  195** all depositions were to be  completed by May 26, 2022.   Plaintiff brings to the  Courts

attention there was a Conference call on April 26, 2022 in  **ECF 223**.  As a result EAI produced

on April 27, 2022  the first eBay email for the 1972 oil painting  that was a cut off on the right

side  omitting information. On May 18, 2022, in  ECF **225**  Plaintiff filed a  Motion  for Leave to

Amend my Complaint to include Fraud and Permanent Injunctive Relief  based on  the

misspelled red pencil signature and  the two week delayed  production of the cut off  eBay sales

receipt produced April 27, 2022 (due on April 8th) and  the complete  absence of  any electronic

meta data  for the online  ad for the 1972 oil painting webpage.  The  absence of   the 12  photos

of  oil painting  in the 1972 ad was noted .   Worth Point's evidence had clear contradictions.

WorthPoint's attorneys interrogatory responses conveyed they did not know when  the 1972  post

was ingested onto WorthPoint's website.  At the same time WorthPoint produced evidence with

the date of March 5, 2013(WP 130) for the 1972  posting. In June 2022, during a Conference call

Plaintiff was informed  by Judge  Cave I needed to name  all my witnesses for the trial.  As a Pro

Se litigant  I was <u>unaware</u> that by naming witnesses it would subject each one to being deposed.

Plaintiff  had to contact each listed witness and inform them. Four were removed.

Plaintiff notes  a significant   factor   caused by WorthPoint that contributed to preventing  the completion of  my expert witness reports. On July 8, 2022 WorthPoint requested a discovery extension and cancelled   my deposition in **ECF  252.**   It was rescheduled **s**even weeks later, on   August 30,  2022.  On  this date EAI attorney  gave a date of Sept. 21, 2022 for deposition of Marie and Norb Novocin, a period of three  weeks later.  On August 30, 2022. Plaintiff was improperly served a summons and complaint from another State. In ECF **268** on August 24, 2022,  it was  WorthPoint who requested the extension for discovery, not the Plaintiff.

**PLAINTIFF'S   PRODUCTION OF DOCUMENTS DEMANDED  BY DEFENDANTS IN IN SEPTEMBER   INTO OCTOBER   AND  INTO  2022**

In Judge Cave's Opinion and Order on the bottom of  page 11  Judge Cave is not aware of Plaintiff's overwhelming  tasks set forth by WorthPoint.  When  WorthPoint postponed the July deposition until the end of August and the WorthPoint  improperly served Plaintiff  a summons and complaint, Plaintiff was immediately  burdened to answer the summons in Georgia  to correct and respond to Plaintiff's deposition.   In  Sept and Oct 2022   Defendants demands caused non stop unending work for the Plaintiff. I had multiple responses and demands  all due at the same  time.  Despite Defendants' demands, Plaintiff was in contact   with  still in contact with my  three expert witnesses.  I  met with Dr. Scelsa in person  at the end  of Sept. 2022.  After  our meeting  Dr. Seclsa  recommended an attorney  to contact to  assist me to  try to settle this lawsuit. **EXHIBIT #6  Nov. 16 2022 email to Dr, Scelsa and attorney**

**SEPTEMBER DEMANDS   LEADING TO DELAY FOR  EXPERT WITNESS REPORTS**

Plaintiff's list of  Defendants timed legal demands and productions  fo**r Sept. 2022** are below:

**1-FIRST**—  Plaintiff  was forced to write to the Court.  noted n **ECF 280** (Judicial Intervention) to obtain a copy of my  August 30th deposition produced after Sept.20, 2022 . **Annexed in**

**EXHIBIT #7 Sept 20, 2022  email by WP attorney Ms. Haimson.**  All responses were expected to be corrected by Oct. 20, 2022. WorthPoint failed to include exhibits with my deposition which took further time to obtain, and respond  to WorthPoint's exhibit questions.

**2-SECOND —On Sept.22, 2022** WorthPoint emailed Plaintiff  a four page list of RULE 37 demands due no later than Oct 6, 2022**.  EXHIBIT # 7 Rule 37 Demands due Oct.6, 2020.**

**3- THIRD —**Estate Auctions Inc's attorney failed to produce discovery and on Sept. 22nd and  on Sept 28th Plaintiff emailed Mr. Duff regarding my discovery demands. to include a full uncut eBay sales receipt .  Proof of payment f where the red pencil signature is located on the stretcher. **SEE  EXHIBIT # 4 Email from Plaintiff to Mr. Duff on Sept. 28, 2022**

**4- FOURTH**  The lawsuit in  the State of Georgia for IIED was due at the end of Sept. 2022.

**5-FIFTH**   For months I received emails from WorthPoints attorneys without  any problems.  On **Sept. 26, 2022** WorthPoint's  attorney Nicole Haimson and Jana Farmer on sent emails to me  the same on the same day Each one  had warning signs.  Upon clicking  their  emails, Plaintiff  Gmail account froze.  In addition I was unable to Shut Off my computer. An emergency walk in appt at the Apple store  to reset my computer was needed . Plaintiff opened up a new email account using the OutLook.-Microsoft email platform. **EXHIBIT #8  WorthPoint Attorneys  Dangerous  warning Gmails.**  This email problem is noted in ECF 509  Judge Cave's Opinion and Order on page 11 under " Ms. Trombetta 's explanation for delays".  Judge Cave stated it caused me emotional trauma.   In truth, the way s WorthPoint's process serves improperly served  me  a summons and complaint  on August 30, 2022 caused Plaintiff emotional trauma. The computer problem caused a great deal of  distress. since I  have  one computer and   the lawsuit  with all my files is on it. Not having access to my computer while WorthPoint's demanded immediate responses  created more work and stress due to the need to solve my problem immediately. On Sept. 28, 2022   in **ECF 288,** Plaintiff  wrote  to the Court regarding this  problems  to notify the Court of  Plaintiff

potential  delayed responses. due to the fact that my computer did not work.

**OCTOBER DEMANDS   LEADING TO DELAY OF  EXPERT WITNESS REPORTS**

Plaintiff's list of  Defendants timed legal demands and productions  for **Oct. 2022** are below.

Plaintiff brings to the Courts attention in **ECF 291 on Oct. 7,**  2022  Plaintiff was forced to ask

for an extension from the Court. This was   due to all of  WorthPoint demands and EAI

withholding  my requests for discovery.

**1-FIRST -**  In Oct. 2022 Plaintiff 's Fact Witness were deposed on  three separate dates. Oct.

6th,  Oct. 7th  and Oct. 17,  2022 and required Plaintiff to be present and informed.

**2-SECOND-** Defendants did not serve  my Fact witness a summons for the deposition and this

created problems for me with my Fact witness.  In addition, Defendants served a summons to be

deposed to one of my witnesses that was removed, at his home address, Plaintiff never furnished

Defendants his home address.  Plaintiff had to write and  call  my witnesses to quell these problems.

SEE   ECF **285, 295,298**  Plaintiff noted in **ECF 301** due to my deposition responses I asked

for a fact discovery extension.

 **3- THIRD**  On Oct. 13, 2022 Plaintiff requested the Court to order Defendants to redact the

names of Plaintiff's witnesses  contact information  in ECF 295 On **Oct. 14, 2022 in ECF 297**

Plaintiff wrote to the Court regarding WorthPoint mistake in not serving the summons for the

deposition  for  Plaintiff's Fact Witness Vanessa Ploski.  On Oct. 28, 2022 Plaintiff held a Meet

and Confer to  make sure discovery was checked and  complete On the same day, Oct. 28, 2020.

WorthPoint's attorney  requested Plaintiff to produce the native electronic email from **EXHBIT**

**# 9** Plaintiff  to  Will Seippel  dated  **Feb. 20, 2022 in a digital PDF formatted file.**  Plaintiff

notes to the Court I produced a print out version and the electronic version of the Feb 20, 2016

email  to Will Seippel.  On Nov. 23, 2022,  during the Conference call Defendants  requested

Judge Cave to order Plaintiff to produced the same Feb 20, 2016 email in an electronic format

that I produced on Oct. 28, 2022.  Plaintiff asks the Court to the view Judge Cave's  Order  ECF

**391**. Defendants   requested the same  Feb. 20, 2016 electronic email  that Plaintiff emailed to

Defendants on Oct. 28, 2022. See EX.#9. Defendants  know what the electronic email contains.

> records, and sales records from 2018 through 2021, are DENIED WITHOUT
> PREJUDICE. 5. Ms. Trombetta shall produce to Defendants, the following: a.
> the February 20, 2016 email and attachments in native electronic format;
> and b. all communications Ms. Trombetta has had with any non-party
> witnesses relevant to the claims or defenses in this action. 6. The parties

 On  Nov. 23, 2022 Plaintiff requested EAI  Defendants to produce an electronic email for

the EAI  eBay  2012  sales receipt for the 1972 oil painting. Defendants  FAILED to  email the

2012 electronic email to Plaintiff as Judge Cave ordered.  Defendnats' gamesmanship cost  the

Plaintiff  $6500 and  also time diverted  away from my experts blocking the completion of my

witness reports, all due to the failure to produce one eBay electronic email for the 1972 sale.

**4- FOURTH**  On  Oct. 20, 2022, Plaintiff  personally dropped off my deposition responses  at

the WorthPoint's  law firms' offices and had to request an extension from the Court ECF 301.

WorthPoint did not pay to produce the depostion sooner. yet I requested  to write to the   Court

to have WorthPoint produce it to me and I had to ask the Court for an   extension to respond.

**5- FIFTH**   On Oct. 29 thu Oct. 30th Plaintiff emailed all Rule 37 responses to Defendants.

**6- SIXTH**  On Oct. 31, 2022, Plaintiff  wrote  three emails   to  all Defendants to  check in and

confirm the completion  of Discovery.  Despite   Plaintiff's efforts to  end discovery,  WorthPoint

 filed a  letter to the Court requesting an extension.ECF 306.   In ECF 307 filed on Oct. 31, 2022,

Plaintiff notes my attempts to contact the attorney three times on Oct. 31, 2022. I note that

I asked attorney Anderson Duff for a full copy of the 2012 eBay receipt in ECF 307, Mr. Duff

responded on Oct. 31, 2022  *"I will pass along a new copy of the single email referenced in your*

*email below as soon as I receive it from my clients."*

**7- SEVENTH** On October 31, 2022 WorthPoint's lawyer in Georgia filed an early entry for a Motion for Default Judgement against Plaintiff. had a limited amount of time to respond to a Court in another State. I also note the laws in Georgia are not the same as in New York. I have no business or professional ties, nor do I own property, I ever been in the state of Georgia.

**NOVEMBER  DEMANDS  LEADING TO DELAY OF  EXPERT WITNESS REPORTS**

Plaintiff's list of Defendants timed legal demands and productions for **Nov. 2022** are below.

**1-FIRST -** Nov. 2022 Plaintiff had to respond to the case in Georgia before Nov. 14, 2022.

**2- SECOND-** On Nov. 8, 2022 in ECF 310 WorthPoint falsely listed bate stamped documents stating that Plaintiff did not produce discovery documents which I produced and that WorthPoint's attorneys had incorrect bate stamped Plaintiff has filed as **EXHIBIT #10 Plaintiff letter in ECF 310** as with WorthPoint's list of requested bate stamped documents.

**3-THIRD -** Plaintiff had to keep emailing to EAI attorney Anderson Duff to obtain the 2012 eBay sales receipt for the 1972 oil painting email noted in my Oct. 31, 2022 letter to the Court. On Nov. 16, 2022 Mr. Duff produced a second copy of the eBay email sales receipt however this receipt was missing the bold YELLOW eBay icon bar that was in the first eBay receipt produced on April 27, 2022. The following day Plaintiff was emailed that Mr. Duff produced a copy of the eBay 1972 sales receipt email on Sept. 21, 2022 however, on Oct. 31,2022 and Nov. 16, 2022 Mr. Duff failed ever mentioned the alleged Sept 21, 2022 xml to Plaintiff. The Nov. 17, 2022 had the Yellow eBay icon bar and the Nov. 16, 2022 did not have the Yellow eBay icon bar. Since there were three varied eBay receipts, on Nov. 23, 2022 Plaintiff logically requested the native electronic Dec. 1, 2012 eBay email with the 1972 oil painting sales receipt Defendants email Plaintiff on Nov. 23. 2022 ambiguous coding and not the native electronic email. Plaintiff reminds the Court on Oct. 28, 2022 I emailed Defendants the native electronic

email for   the Feb. 20, 2022 email I sent to Will Seippel.  Defendant knew what the  native electronic email looked like and willfully and knowing sent Plaintiff on Nov. 23, 2022 ambiguous coding, during the Conference call. Defendants willfully defied Judge Cave's direct order to produce my request for the EAI's electronic email for the eBay sale. On on Nov. 23, 2022 Defendants falsely informed Judge Cave  I did not produce the Feb. 20 , 2016 electronic email I sent to them on Oct. 28,2022 . Defendants request is  documented in Judge Cave's Order filed on Nov.23,2022  ECF 319 **EXHIBIT #11WP Feb.20, 2016  electronic email.**

**4-FOURTH -** After the Nov. 23rd Call Plaintiff immediately emailed Dr. Scelsa and phoned Gayle Sklusacek informing both about the Dec.12, 2022 deadline for reports**. EXHIBIT #12 Nov. 23, 2022 email to Dr. Scelsa regarding  failed  settlement talks and expert report.**

**5- FIFTH**-  After Thanksgiving Plaintiff contacted  internet expert Patrick O'Leary to decipher Defendants email coding resulting in an Affidavit filed on Dec. 5 2022 in ECF 322.

## DECEMBER  DEMANDS  LEADING TO DELAY OF  EXPERT WITNESS REPORTS

**1-FIRST-** On Dec. 8, 2022 after reading the Nov. 23rd  transcript on page 64 Plaintiff made an application with the Court t for an extension for expert witness reports for more time.Plaintiff was reliant on my experts to complete their reports. There  were  many date changes in this case.

**2-SECOND-**Plaintiff was not feeling well while I was finishing my Proosed  Second Amended Complaint.  On the weekend of Dec 10 and 11th , Plaintiff email Judge Cave, due to the inability to stand upright. Plaintiff phoned on Dec. 12, 2022 chambers requesting an extension

**3-THIRD-** On Dec.14 to Dec 16 Plaintiff reviewed Fact Discovery with WorthPoint attorney Nicole Haimson to complete Fact Discovery.

 **4-FOURTH-**On Dec. 16, 2022 Plaintiff wrote a second request for an extension of time for my expert witnesses and also confirmed Plaintiff's Fact Discovery closure noting the outstanding

request for the native electronic eBay email for the Dec. 1 2012 1972 painting sales receipt .

**5-FIFTH-** On Dec. 19, 2022 Plaintiff filed my Proposed Second Amended Complaint.

**6-SIXTH-**On Dec. 27, 2022 Plaintiff upon Judge Cave's Order filed re-filed both Defendants

Proposed Second Amended Complaint in one submission

The above three months  were detailed by the Plaintiff to address Judge Cave's Opinion and

Order  notation on Page 11 of ECF 509. Plaintiff  witness  qualified  to  meet the Rule 26 standard

reports wee noted  in Sept. 2022. There reports were to be completed by Dec. 19, 2022.  Due

to the delays caused by the Defendants. I was not able  oversee  the completion of my reports.

**C. Plaintiff's Response to Expert Discovery(on Page 5 of Judge Cave's Opinion and Order )**

On Page 5 of Judge Cave's Judge Cave's Opinion and Order , Judge Cave notes the

confirmation of Plaintiff's three expert witnesses.   IT IS IMPERATIVE  FOR THE COURT TO

 NOTE   Judge Cave  wrote  *"On September 19, 2022, and again on September 28,* 2022,

Defendants' counsel asked Ms. Trombetta to confirm whether she intended to proffer as

*expertsDr. Scelsa, Mr. O'Leary, and Ms. Skluzacek, but Ms. Trombetta did not respond. (ECF*

*Nos. 462; 462-7)."*   I BRING  TO  THE  COURT'S  ATTENTION  ON  SEPT .26, 2022  as

aforementioned   Plaintiff  clicked  onto  WorthPoint's two emails dated Sept. 26,  2022. Plaintiff 's

Gmail account  were frozen.  Moreover I was unable to Shut Off my computer.  I had an emergency

walk in appt at the Apple store   to  reset my computer.  As a result, Plaintiff opened up a new email

account using the  OutLook.-Microsoft email platform.  Plaintiff  **DID  RESPOND**  to  WorthPoint's

attorneys verbally confirming  my  three expert witnesses. during the  Zoom  depositions for my

fact  witness Willie  Chu  and Scott Goodwillie

During  the  Nov. 23, 2022 Conference  call, Plaintiff  on  Page 64   asked if I could make

an application with the Court for an extension for  my expert witnesses . On Page 65 Plaintiff

proposed  the idea for settlement talks.  **SEE EXHIBIT #5 and  EXHBIT #9  Nov. 23, 2022**

**Conference Call  Page 64 ( Extension for Experts) and  and Page 65  ( Settlement Talks to End**

**Lawsuit)**  Mr. Duff  immediately rejected the offer to settlement as did  WorthPoint's attorneys.

Plaintiff  emphatically notes again the only time Plaintiff requested an extension for my expert

witness reports was on Dec. 8th and Dec. 16, 2022.   On the bottom of page 5,  in ECF 509  Judge

Cave noted Defendants have also notified  Plaintiff of Rule  26 in ECF. 267 on August 23, 2022.   f

I informs the Court,  Plaintiff's  two  expert's witnesses confirmed their involvement in Sept. 2022

The date  listed in Judge Cave's Order lists ECF 267 is in August 2022 and at this time  I had not

interviewed  Mr. O'Leary  until the end of August, 2022.  Dr. Scelsa was out of town in August 2022.

| 267 | 08/23/2022 | LETTER MOTION for Extension of Time to Complete Discovery (non-party and expert discovery) addressed to Magistrate Judge Sarah L. Cave from Jana Slavina Farmer dated 08/23/2022. Document filed by WorthPoint Corporation.(Slavina Farmer, Jana) |
| 266 | 08/22/2022 | LETTER addressed to Magistrate Judge Sarah L. Cave from A. Trombetta, dated 8/22/22 re: "PLAINTIFF'S DISCOVERY REQUESTS & DEFICIENCIES FROM ESTATE AUCTIONS INC. & WORTHPOINT CORP." Document filed by Annamarie Trombetta. |

Pro Se Plaintiff  began  the process  of my expert witness reports,  however  as aforementioned

from  Sep. thru  Dec. 2022   Defendants' demands for  production of documents and correction

responses for my August 30th  deposition, conjoined with the case in Georgia  required  Court

filings was in addition to appearing at four depositions etc.  My time was limited and so was

the time of my expert  witnesses.  In said months (Sept. to the end of Dec) Plaintiff was  doing more

work than is reasonably possible for one person at one time.  In Dec. 2022, due to the ambiguous

coding emailed by Defendants',  Plaintiff and expert witness Patrick O'Leary filed on Dec. 5, 2022

an affidavit confirming all four eBay receipts had inconsistent information on each receipt.

Furthermore, Defendants disobeyed a direct Order from Judge Cave and failed to produce the

native (raw message) electronic email from eBay to Norb Novocin dated Dec. 1, 2012.  Plaintiff

reminds the Court, in the 2015  eBay phone call, Plaintiff confirmed with two eBay agents the
webpage was added by a third party app and the eBay specialist named Archer said the 1972 oil

painting was "Undefined".

**PLAINTIFF'S  SHOW OF GOOD CAUSE  FOR DELAYED  EXPERT REPORTS**

**ECF  493   EXHIBIT #  5  Plaintiff's Dec. 11 2022 email and Jan 2023 Doctor's appt.**

As aforementioned, from the time Plaintiff was deposed on August 30, straight through to mid Jan. Plaintiff was extremely  burdened with the demands of this case and the case in  Georgia.  I remind the Court that I did not paint this oil and have produced 900 documents in my  fact discovery and at least 160  more documents during the expert discovery  period.   The time sensitive production of Court filings  and  the overwhelming demands by  Defendants  came to a breaking point on Nov. 23, 2022 when WorthPoint and EAI deliberately  emailed me ambiguous code.  The failure by EAI to produce one   electronic digital email  confirmed  the 2015 eBay "UNDEFINED" status and artist contributed to my fraud , tort and IIED claim in my SAC.

The additional work that was involved after Nov. 23, 2022  to understand what was sent usurped most of the   time  I had scheduled for  expert witness reports.    The stress and overwhelming workload caused  Plaintiff to become suddenly incapacitated before and on Dec. 11, 2022.  In Plaintiff June 1, 2023 filing in 493, Plaintiff submitted my Dec. 11, 2022 email to Judge Cave and in addition I submitted a letter confirming my doctor's appointment in Jan. 2023. Plaintiff requests the Court to note on May 30, 2023, Plaintiff filed ECF 487, 488, 489 and 490.  In addition to the May 30th filing, Judge Cave ordered Plaintiff to write a fourth settlement letter. In my letter I  stated I was open to  any and all of Defendants counter offer to each of my claims.  Both Defendants failed to  make a counter offer yet both have once again reiterated they would be seeking attorneys fees after trial. SEE ECF 492.  Once again,  Plaintiff  had nothing to do with the 1972 oil painting nor did I  paint in oils until I  was in high school as my infringed, self authored biography that both Defendants  unethically used, documented  since 2003.  Both Defendants have admitted they did NOT  read my biography which contributed to Plaintiff problem that began in 2015.

Plaintiff's most recent and  sudden audio loss is all due to stress and a lack of  sleep.  I remind the Court, Plaintiff  has been  blocked from  earning any income since Jan. 2022.  This as well contributes to Plaintiff's levels of stress and   concentration due to extreme fatigue.  Once again, Plaintiff 's requests for fact discovery were in order to complete the Defendants demands for

| 366 | 02/02/2023 | ORDER granting [348] Motion to Amend/Correct [348] MOTION to Amend/Correct., [1] Complaint. The Clerk of Court is respectfully directed to (i) close ECF No. 348, and (ii) mail a copy of this Order to Ms. Trombetta at the address below. Mail To: Annamarie Trombetta, 175 East 96th Street, Apt 12R, New York, New York 10128. SO ORDERED. (Signed by Magistrate Judge Sarah L Cave on 2/2/23) |
|---|---|---|

production of documents in Oct, 2022.  The only time Plaintiff requested an extension for my

expert witness reports on Dec. 8 ECF 330  after  I filed my Dec. 5 2022  Affidavit in ECF  322.

### D. Plaintiff's Response to Other Pending Motions <u>(on Page 7 of Judge Cave's Opinion and Order )</u>

Once again, Plaintiff brings attention to my doctors note which confirms I was not feeling well

in Jan. 2023 which contributed the date of my expert witness reports in Feb. 2023.  Plaintiff notes

on Feb. 2, 2023 Judge Cave granted my Second Amended Complaint. The public case document

did not state that my Proposed Amended Complaint would be the Operative Complaint in ECF 366

On Feb. 2, 2023  I immediately  began writing my Second Amended Complaint reply.  I also

confirmed  with two retired attorneys if I needed to write a response and both confirmed I should.

On Feb.9, 2023, Plaintiff filed ECF 368  Plaintiff Second Amended Complaint.   After filing  ECF

368, the next day via the mail I received Judge Cave's full letter which turned  ECF 348  into the

Operative Complaint.On Feb. 10,  2023 in ECF 369 Plaintiff  filed a letter  regarding my filing in

ECF 368 . I explained  due to the  limited information on the public docket.——SEE INSERT

ABOVE Plaintiff's filling of  ECF 368 and ECF 369 contributes to the date of  Dr. Scelsa  Feb.

16, 2023 submission. Plaintiff was writing my SAC reply. I could not speak with Dr. Scelsa.

### THREE RELEVANT  CONTRIBUTIONS TO  THE FEB. 2023 EXPERT REPORTS NOTED  ON P AGE 11 AND 12  JUDGE CAVE'S ORDER AND OPINION  IN  ECF 509.

**FIRST—** From Dec 2022 c to Feb. 2023 Plaintiff was  fatigue and Covid symptoms contributed to

the delay of my expert witness reports. Proof of my ill health has been filed in  ECF 493 EX #5

**SECOND—**-On. Feb. 2, 2023,  Judge Cave Granted Plaintiff 's Proposed Amended Complaint.

Plaintiff immediately started to rewrite and edit down my Proposed SAC.

**THIRD** —-On Feb. 3, 2023 in ECF 367 Judge Cave's Order stated that the deadline to complete

expert depositions was March 1, 2023.  The Order also stated :

*"Ms. Trombetta may request leave to call at trial witnesses whom she previously proposed as experts, but Defendants will have th e right to oppose her request, and the ultimate determination of which witnesses Ms. Trombetta (and Defendants, for that matter), may call at trial, will be made by the Honorable Ronnie Abrams, who will preside over the trial." ~ Judge Cave  ECF 367*

**FOURTH** —On Feb. 9, 2023 Plaintiff filed my Second Amended Complaint  in ECF 368 as per

required . The public docket only stated Plaintiff's SAC was granted . I did not find out that that

Judge Cave deemed ECF 348 as the Operative Complaint until I received by mail the Court Order.

This is noted in ECF 369.Judge Cave filed ECF 370. Plaintiff  diligence to write and complete my

 SAC filing delayed my expert reports  I was busy writing and could not speak with my experts

**FIFTH**—To make sure I reached out to NYLAG and a retired lawyer to confirm if I could submit

my expert witnesses reports and upon confirmation immediately contacted Dr. Scelsa and Gayle

Skluzacek who was in the midst of  a family medical emergency as documented on page 7 and 8.

In summary, when Plaintiff's Proposed Amended Complaint was granted to include IIED, Fraud

and Tort, each claim would benefit with the testimony of my expert witnesses.  **EXHIBIT # 12**

**NYLAG- emal on Expert Witness Reports due before March 1, 2023**     Plaintiff submits

additional  credential E**XHIBIT # 13  Dr. Scelsa 's award and ceremony for his civic and cultural**

**contributions to the community with Mayor Eric Adams  EXHBIIT #14  Gayle Skluzacek NYU**

**Adjunct Professor course curriculum art appraisals.  EXHIBIT #15  July 2023 Letter in**

**Support by Dr. Scelsa  for Plaintiff's Motion to Change or Vacate expert witness reports**

**E. Plaintiff's Response to  The Motion (on Page 7 of Judge Cave's Opinion and Order )**

 Plaintiff notes that I filed on June 1, 2023 in **EXHIBIT #8** all of the dockets  regarding the

problems Plaintiff experienced with Defendants attorneys from Feb. 2022 onward.

The months of  Plaintiff's delayed production of my expert witness reports include ECF 274, ECF

278,  ECF 280, ECF 288, ECF 289, ECF 292, ECF 307, , ECF 310, , ECF 312, , ECF 313, , ECF

316 and in Dec. , ECF 320, , ECF 322, , ECF 330, ECF 331, , ECF 332, , ECF 339, **SEE EX#8**

## LEGAL  STANDARD

**A.  Plaintiff's Response to  Legal Standard <u>on Page 9 of Judge Cave's Opinion and Order )</u>**

Plaintiff, in the above  preceding  pages has organized the many reasons, obstacles, withholding of  discovery,  obligations and demands  imposed by both Defendants as a means to substantially justify why my expert witness reports were delayed.   Although Judge Cave's omission of Plaintiff's filed letters requesting an extension in ECF 330 and 338 where  not considered in factoring her Order and Opinion,  Plaintiff asserts that the need for my expert witnesses reports and testimony at trial are essential to my new claims for  Intentional  Infliction of  Emotional Distress, Tort and Fraud which was  further substantiated  with the failure of Estate Auctions Inc to produce the electronic version of the 2012 eBay email sent to Norb Novocin. Plaintiff brings to the Court's attention that  Judge Cave's decision to Grant  my Second Amended Complaint did not occur until Feb.2 2023.  This change in my case makes the importance of my expert witnesses greater and more relevant.

## PATTERSON  VS. BALSAMICO   AND   LAB CRAFTERS INC VS. FLOW SAFE INC.
## FOUR FACTORS

Plaintiff begins by bringing to the Court's attention the case of Patterson vs Balsamico  In this case,  the Plaintiff Michael Antonio Patterson **chose** to be employed as a  Corrections Officer in Oneida County Sheriff's Dep. where he suffered IIED  in a hostile work environment. Unlike this case, Plaintiff  did not choose to be associated with the Defendants, on the contrary, Plaintiff  is  a sole proprietor and is self employed as a  professional artist. I  have absolutely no association  with Defendants.   I am  being falsely and repeatedly  associated  with Defendants due to a "FAKE" online ad.  The Defendant Norb Novocin, who wrote the ad  and supplied  a forged signature  photo,  admits he did not even  read my biography nor did he ever visit  the Plaintiff's website.  Despite Defendants admissions, all attorneys refused  to make any offer

to Plaintiff's most recent fourth, settlement, letter on May 16, 2023.

Plaintiff brings to the Court's attention the case of Lab Crafters vs Flow Safe Inc. in which the Plaintiff Lab Crafters alleges a " breach of contract" with Flow Safe Inc. In this case there was a business contract and a direct association between the Plaintiff and the Defendant. In my case, again, Plaintiff has no written or verbal contract with either Defendant. I informed both Defendants of their online false facts in writing prior to commencing litigation. Plaintiff understand the four factors and the case references that Judge Cave implemented as a means to preclude Plaintiff expert witness and their reports and or appearance at trial. Plaintiff brings to the Court's attention a quintessential vital factor —-Plaintiff did not create the alleged" Man With Red Umbrella", alleged painted in 1972. Plaintiff has no prior business association to either Defendant   Plaintiff case is therefore not the same as the legal standard of two cases in which their is relevancy to the intended business association present in these cases. Based on these facts —-the Legal Standard is harshly, and unfairly applied to Plaintiff's case.

Plaintiff 's response to First Factor :

(1) the party's explanation for the failure to comply with the disclosure requirement;

Plaintiff in the above pages 11 to 17 listed the delays I had in each month noted: In August/Sept. 2022 in EX#2 Plaintiff gave my expert witnesses the Rule 26 standard and the task to write a report. At the same time Defendants demands and problems forced me to request Court intervention even for WorthPoint's attorneys to produce my deposition. In Sept., Oct,. Nov and Dec. 2022 Plaintiff had to consistently produce a series of demands outlined above, most significant, the pursuit of EAI for their discovery responses to include a full and complete copy of the 2012 eBay sales receipt for the 1972 oil painting. I also wanted to know he location of the red pencil signature on stretcher bar. In summary Plaintiff's delay in producing reports was due to the excessive amount of work that I had to produce and re check in

addition to the daily  problems intentionally set forth byDefendants to  BLOCK  and  DETER the

production of my expert witness reports.  Plaintiff also notes that I  am suffering from IIED.

Despite my current  symtoms  and the ongoing inflictions  by Defendants,  I kept up with my

case and  produced consistent  case filings for months, albeit some minor but not major mistakes.

(2) <u>the importance of the testimony of the precluded witness.</u>

Pro se Plaintiff's Second Amended Complaint has been granted however due to Plaintiff's

limited  of legal acumen, discovery  reopen Fact discovery as not granted to to include any

relevant documents, testimony  permitting my  expert witness reports to support Plaintiff's

 recently granted claims for IIED, Tort and Fraud which both expert witness can support.

<u>(3)the prejudice suffered by the opposing party as a result of having to prepare to  meet the new</u>

<u>testimony;</u>

Plaintiff produced the Dr. Scelsa'a report on Feb. 16, 2023 and Ms. Skluzacek's report on Feb.

21, 2023 which is before the March 1, 2023 deadline.  Defendants, particularly WorthPoint

has repeatedly requested extensions from the Court to prolong fact discovery etc.  WorthPoint

if they wanted to depose my expert witnesses. could have asked for an extension.   Defendants

chose not to do so.  Plaintiff did request, repeatedly for an extension for discovery to be

reopened in ECF 361, 364, 367 and 375 , as noted on page 7 of Judge Cave's  Order in  ECF 509

<u>(4) the possibility of a continuance</u>.

Plaintiff  wrote  to the Court numerous times noting above before the beginning  of Summary

Judgement in order to avoid a continuance. Plaintiff feels it would be prejudicial to the Plaintiff

not to include my expert witnesses reports since I was not allowed to reopen discovery.Without

 my experts. Plaintiff will be limited in proving my new claims in my Second Amend Complaint.

**1 Plaintiff's Response to  Plaintff's explanation for my delays  <u>on Page 11 of Judge Cave's</u>**
**<u>Opinion and Order )</u>**

First, Plaintiff brought up the Feb. 15, 2022 settlement letter as an example of Plaintiff willingness to comply with Defendants demands. Both Defendants in turn falsely wrote to the Court informing Judge Cave that I stating I did not write a monetary amount. I agreed to the terms of writing a settlement with a monetary request. Why would I write a settlement letter without the amount? For the record, to write a proper and well informed settlement letter, I had a paid consultation with the Lead Counsel of Volunteer Lawyers for the Arts who informed me what needed to be stated in the letter-a case summary, case examples, the laws related to the

| 206 | 03/01/2022 | ORDER terminating 204 Letter Motion for Conference re: 204 FIRST LETTER MOTION for Conference Letter Motion for Pre-Conference re: Plaintiff's Failure to comply with Court Order to Tender a Settlement Demand addressed to Magistrate Judge Sarah L. Cave from Jana Farmer dated 2/28/2022. At the February 1, 2022 Telephone Conference, the Court directed Plaintiff Annamarie Trombetta to serve on Defendants a confidential settlement demand by February 15, 2022. (ECF Nos. 195, 197). Ms. Trombetta has not complied with this Order. The Court extends to Ms. Trombetta one final extension, until March 8, 2022, to convey to Defendants her monetary settlement demand. Failure to comply with this Order may result in the imposition of sanctions. By March 15, 2022, Defendants shall file an updated letter stating whether they would like the Court to conduct a settlement conference. The Clerk of Court is respectfully directed to mail a |

infringements . Plaintiff did all this work, spent time and money and the Defendants in turn wrote a letter falsely asserting Plaintiff did not comply. Inserted above is Judge Cave's response. stating : I did not comply, I had to write another letter or it may result in imposed sanctions. Pro Se Plaintiff is a sole proprietor and self employed. I earnestly wrote my letter to comply with Defendants in order to resolve this lawsuit. I respectfully inform the Court, one objective for my lawsuit is to impose Permanent Injunctive Relief to prohibit Defendants from ever using my name/ identity etc again. The loss of time, money and career opportunities to legally set boundaries is now detrimental to my personal and professional well being.

At the bottom of page 11 of ECF 509 Judge Cave kindly concedes that from Feb. to Sept. 2022, Defendants made it difficult for me to focus on my expert discovery reports. I need to make the Court aware that the difficulty increased exponentially from Sept. to Dec 2022.

Defendants made repeated requests to the Court to increase the stress and demands imposed upon Plaintiff.  Judge Cave notes that my expert reports were not signed until Feb.2023.  I have detailed all the months fromAugust 30th when Plaintiff was improperly served to the end of Jan. 23  after my doctor visit. Plaintiff reiterates on Feb. 2, 2022 I immediately wrote and filed my Second Amended Complaint. The honest mistake Plaintiff made by re writing and editing my Second Amended Complaint filed on Feb 8th and 9th 2023 in  ECF 368 and ECF 369 delayed Plaintiff  calling back my expert witnesses. I wanted to file my SAC as soon as possible.

At the bottom of page  13 of ECF 509 Judge Cave noted again that Plaintiff did not respond to Defendants.   I affirm again at the Zoom meetings in Oct.7th and  the Meet and Confer on Oct. 19th and again  on the Nov.23, 2022 Conference call I did mention  my expert witnesses. Plaintiff did check to make sure my expert witnesses  met the standard and all three did. I note that two potential expert witnesses named were removed after Plaintiff reviewed the terms of Rule 26(a) (2) with all five of  my potential experts. This is the first time I had to do this.

*must make an expert disclosure . . . in the form of a written report prepared and signed by each expert and which contains the following information: a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary or of or support for the opinions;the qualifications of the witness, including a list of all publications authored by thewitness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified  as an expert at trial or by deposition within the preceding four years.*

Plaintiff reiterates I have  annexed in EX.13 and #15   for Dr. Scedsa  exhibits that confirm all the requirements need to qualify as  an expert witness.  In like fashion I have annexed Gayle Skluzacek's online resume' as an NYU adjunct professor. EXHIBIT #15.

**2 Plaintiff's Response to  the Importance of testimony of Dr. Scelsa and Ms Skluzacke. <u>on Page 14 and 15 of Judge Cave's Opinion and Order )</u>**

Plaintiff  chose Dr. Scelsa as a witness due to his involvement in my solo exhibit in 2015 at The Italian American Museum.  Secondly,  the false 1972 oil painting post  was  linked to  the Italian American Museum which is how Dr. Scelsa became aware of  this false link. Dr. Scelsa and the Museum are indirectly effected by the Defendants actions as well.  Additionally,

Dr. Scelsa has been offering mental counseling to the Plaintiff as my schedule will allow due to the demands of this case. It is a great convenience and his support and guidance are a true blessing during this tumultuous time during the unending legal demands. Dr. Scelsa has experience and testified in Court. He has written books, lectured and taken part in Pod Casts etc.

Ms. Skluzacek has given prior testimony on my behalf ,when I was seriously injured in the Staten Island ferry crash in 2003. In 2022, she sent me a letter about my file for trial and was delighted to learn I have respectively recovered to still be painting and exhibiting. She was upset to learn of this case and the unfortunate circumstances this caused my career. Ms. Skluzacek agreed to be involved in my case due to the moral imperative of a signed oil painting I did not pain. Judge Cave did state the second Patterson factor weighs in favor of the Plaintiff.

### 3  Plaintiff's Response to  Prejudice and Possibility of Continuence <u>on Page 15 and 16 of Judge   Cave's Opinion and Order )</u>

Plaintiff notes again to the Honorable Judge Swain, Plaintiff was **unaware** that Plaintiff was required to ask permission of the Court to reopen discovery. Plaintiff's Second Amended Complaint was granted on Feb. 2, 2023 in ECF 366. Defendants 'Answer to Plaintiff SAC was filed on Feb 16, 2022 in ECF 371. WorthPoint and ECF 372-Estate Auctions Inc.   In ECF 509 Judge Cave's Opinion and Order states :  *Noting that Ms. Trombetta did not serve Dr. Scelsa and Ms. Skluzacek's reports until after the* **MSJs and Daubert Motions** were filed, WorthPoint argues that it has been prejudiced. (ECF No. 462 at 4). WorthPoint adds that reopening discovery at this stage—after all discovery has been closed since March 2023—would result in additional litigation costs and "unnecessary and irrelevant discovery."   Plaintiff  affirms  I served Defendants my report on Feb. 16, 2023 and Feb. 21, 2023  I did so before the March 1, 2023 deadline for expert discovery and this was enough time for Defendants to review the  reports, decide to extend or if  they  wished to depose my experts.

### EXHIBIT #17  Plaintiff email to Defendants upon production of Skluzacek report.

Plaintiff notes it is I who have been prejudiced  as a Pro Se Plaintiff.  When WorthPoint was

added as a Defendant to this litigation Plaintiff there were two attorneys. One year later, WorthPoint's attorney Arnold Lutzker withdrew as counsel. WorthPoint hired a team of three attorneys. Since 2021, I have had to respond to four different attorneys in this litigation. Plaintiff has to email in addition to there being two separate Defendants four attorneys. Also, each Defendant requires a separate response, ergo I am double the amount of work. Plaintiff notes the cases of Paterson vs Balsamico ( hostile work environment) and Lab Crafters vs Flow Safe Inc. in which the Plaintiff Lab Crafters alleges a ( breach of contract) and the legal standard. Once again, Plaintiff has no history of painting in oils as a little child which was publicly defined in my biography. Defendant admitted they did not read my biography. WorthPoint admitted they never saw the 1972 oil painting. Despite Defendants admissions, each Defendant rejected and failed to make a counter offer to my May 16,2023 settlement letter. Mr. Duff's response is in my May 31, 2023 filing in ECF 489.   Annexed in **EXHIBIT #18 ECF 489 page 2  Demands for Payment from Plaintiff by Mr. Duff.**  Plaintiff had no association with either eBay based company. Plaintiff had no choice, no control and no way of removing the false internet posing other than being "FORCED" to contact each Defendants. Defendants reckless disregard to accuracy attribute their painting has gauged out eight years of my life I will never get back. It has caused Plaintiff to incur years of problems. In all this time Defendants did not identify who painted the 1972 oil painting I ask the Court to consider these facts in weighting the four factors in the Patterson Standard. I remind the Court Plaintiff 's ordeal began in 2015, eight years ago. at this time of year. The denial of Plaintiff's expert witnesses report and experts testimony, should there be a need for a trial, would be most prejudicial as the actions, attitude and antagonistic treatment Plaintiff has been subjected. by Defendants has caused emotional distress and a depreciation of my artwork. Both expert witnesses will testify to Plaintiff's claims.

## CONCLUSION

Plaintiff  herby requests the Honorable Chief  Judge Swain 's reconsideration of the inclusion of my expert witness reports and my expert witnesses giving testimony at a potential trial. Therefore, in considering such a motion to reconsider or  correct  the appropriate inquiry is not whether a Plaintiff is likely to prevail, but whether he is entitled to offer evidence to support my  claims.


Annamarie Trombetta                              Respectfully  Submitted ,

175 East 96th Street (12 R)                      ——Electronic Signature ——

New York. New York  10128

                                                 /s/  Annamarie Trombetta  July 6, 2023

Pro Se Plaintiff                                 _____

                                                 Annamarie   Trombetta Pro Se Plaintiff

# EXHIBITS FOR  MOTION TO RECONSIDER/CORRECT  ECF 509

**EXHIBIT # 1  Email  communication with Gayle Skluzacek RE expert witness  reports**

**EXHIBIT # 2 Email  communication with Dr. Jospeh Scelsa RE expert witness  reports**

**EXHIBIT # 3A Plaintiff 's  Dec. 8, 2022 Letter  to Court Requesting Extension in ECF 330**
**          3B Plaintiff 's  Dec. 16, 2022 Letter to Court  Requesting Extension in ECF 338**

**EXHIBIT # 4 Plaintiff's Sept 28, 2022 email to Anderson Duff.**

**EXHIBIT #5  Plaintiff  two  exhibits "Plaintiff's  Illness  Beings Dec. 7, 2022  into late  Jan. 2023.**

**EXHIBIT #6  Plaintiff's Nov. 16, 2022 Email to  Settlement Lawyer and Dr.Scelsa**

**EXHIBIT #7  WorthPoint's List of  Rule 37 Demands due  Oct.6, 2020**.

**EXHBIT # 8 A Sept. 26, 2022 WorthPoint's Attorneys emails with Dangerous Warnings**

**EXHBIT #8  B  SAME EXHIBITS  IN 493  filed on June 1, 2023**

**EXHBIT # 9  Oct 28, 2022  Proof of sending electronic  Raw email dated  Feb. 20, 2022  to**
**          Will  Seipppel    in a digital  PDF formatted  file to Defendants.**

**EXHIBIT # 10  Plaintiff Nov. 8, 2022 letter to the Court correction of Attorneys False**
**          and Incorrect Bate Stamp  Discovery  in  ECF 310**
**EXHIBIT #11 Nov, 23 2022 Judge Cave's Order  Feb. 20, 2016 electronic email-WorthPoint**

**EXHIBIT #12 Nov. 23, 2022 email to Dr. Scelsa—failed  settlement talks and expert report**

**EXHIBIT # 13 NYLAG-emal on Expert Witness Reports due before March 1, 2023.**

**EXHIBIT # 14  Dr. Scelsa 's award and ceremony for his civic and cultural contributions to the**
**          community with Mayor Eric Adams in attendance at the ceremony.**

**EXHIBIT  #15  Gayle Skluzacek NYU  Adjunct Professor course curriculum art appraisals.**

**EXHIBIT #16  July 2023 Letter in Support by Dr. Scelsa  for Plaintiff's Motion to Change or**
**          Reconsider  expert witness reports**

**EXHIBIT #17A Plaintiff email to Defendants upon Dr. Scelsa 's report Feb. 16, 2022**
**          17B Plaintiff email to Defendants upon  Gayle Skluzacek report Feb. 22,2023.**

**EXHIBIT #18   ECF 489  page 2 Excerpt from Attorney Anderson Duff  Regarding Payment**

**In The United States District Court For Southern District of New York**

_____

Annamarie Trombetta,

      vs.

Norb Novocin, Marie Novocin,
   Estate Auctions Inc.
      and
   WorthPoint Corporation

     Defendants

_____

## CERTIFICATE   OF   SERVICE

I certify that on July 6, 2023, a true and correct copy of the foregoing  Motion document was

served upon the parties of record via the Court's CM/ECF system and directly to all attorneys

listed below to include  Adam Bialek,  Jana Farmer and John Cahill attorneys for WorthPoint

Corporation and  attorney Anderson Duff  representing  Marie and Norb Novocin and Estate

Auctions Inc.

Dated: New York, New York    July 6, 2023

                                  Submitted  by

Annamarie Trombetta
175 East 96th Street (12 R)          ——Electronic Signature  ——
New York. New York  10128

                       /s/ Annamarie Trombetta  July 6, 2023

Pro Se Plaintiff
               _____

                      Annamarie   Trombetta Pro Se Plaintiff

Attorneys for Defendant   WorthPoint Corporation

TO : Adam R. Bialek

    150 East 42nd Street

    New York, New York 10017 Telephone:

    Telephone: (212) 915-5143 Fax: (212) 490-3038

    Email : Adam.Bialek@wilsonelser.com


TO :  Jana Slavina Farmer

    1133 Westchester Avenue White Plains, New York 10604

    Telephone: (914) 872-7247 Fax:  (914) 323-7001

    Email :  Jana.Farmer@wilsonelser.com

    Attorneys for Defendant   WorthPoint Corporation

TO :  John Cahill

    150 East 42nd Street

    New York, New York 10017

    Telephone: (212) 915-5143 Fax: (212) 490-3038

    John.Cahill@wilsonelser.com


Attorneys for Defendants   Norb Novocin, MarieNovocin, and Estate Auctions, Inc.

TO:  Anderson Josiah Duff (via email)

    Hogan Duff, LLP

    43-10 Crescent St., Ste. 12173

    Long Island City, New York 11101

    Telephone: (646) 450-3607

    Email ajd@hoganduff.com