IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| Annamarie Trombetta, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No: 18-cv-00993 (RA) (SLC) |
| v. | ) |
| | ) |
| Norb Novocin, <u>et al</u>., | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

_____)

**DEFENDANT WORTHPOINT CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO CORRECT OR MOTION TO RECONSIDER**

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ
EDELMAN & DICKER LLP
150 E. 42nd Street
New York, New York 10017-5639
(212) 490-3000

*Attorneys for Defendant WorthPoint Corporation*

Of Counsel:  Adam R. Bialek
  Jana Slavina Farmer

**PRELIMINARY STATEMENT**

By motion docketed as ECF 522, Plaintiff seeks for this Court to correct or reconsider Judge Cave's Order and Opinion (ECF 509), based on Plaintiff's claim that the Court erred by not considering ECF 330 and ECF 338, wherein Plaintiff requested another extension of time for her expert witness reports. For reasons stated below, as well as the reasons set forth in Judge Cave's June 22, 2023, Order (ECF 509), Plaintiff's motion must be denied in its entirety. Defendant WorthPoint notes that the issue of the untimely presentation of plaintiff's expert disclosures has been briefed and decided by Judge Cave multiple times and there is nothing that was overlooked or misapprehended by the Court to merit the reversal of this Court's prior decisions. Plaintiff tries to get another bite at the apple, by claiming the Court neglected to identify her additional requests for extensions set forth in ECF 330 and 338 that were promptly ruled on by Judge Cave in Orders of December 12, 2022 (ECF 333) and December 19, 2022 (ECF 340). In fact the purpose of Plaintiff's present motion, as Plaintiff candidly admits, is to "make the Honorable Chief Judge Swain aware of Plaintiff's documented efforts to comply and follow the Rule 26" (ECF 522 at page 5). Rather, Plaintiff is trying to seek a new audience before Chief Judge Swain, who recently took over this matter from Judge Abrams, to try to convince her to reverse months of Judge Cave's orders promptly addressing Plaintiff's untimely submissions.

**ARGUMENT**

Under Federal Rule of Civil Procedure 26(a) (2), an expert witness must prepare, on the schedule set by the court, a written report that contains, *inter alia*, "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B), (a)(3)(B), (a)(4). A party who fails to make the disclosures required under Rule 26(a)(2)(B) "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial,

unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1)

When analyzing a motion to preclude under Rule 37(c)(1), courts within the Second Circuit consider: (1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witness[…]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance. *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006). "None of these factors are dispositive and each factor is to be balanced against the others in making the determination." *Lab Crafters, Inc. v. Flow Safe, Inc.*, No. 03 Civ. 4025 (SJF) (ETB), 2007 WL 7034303, at *6 (E.D.N.Y. Oct. 26, 2007); *see Softel, Inc. v. Dragon Med. & Sci. Commcn's, Inc.*, 118 F.3d 955, 961–63 (2d Cir. 1997) (considering and balancing the four factors). In the Rule 37(c)(1) context, "[s]ubstantial justification means justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Vioni v. Providence Inv. Mgmt., LLC*, No. 08 Civ. 2950 (PAC), 2017 WL 881841, at *3 (S.D.N.Y. Mar. 6, 2017). Preclusion under Rule 37(c)(1) "does not require a showing of bad faith." *United States v. Acquest Transit LLC*, No. 09 Civ. 55S (WMS) (LGF), 2018 WL 3861612, at *12 (W.D.N.Y. Aug. 14, 2018), adopted as modified in part 2020 WL 3042673 (W.D.N.Y. June 4, 2020) (citing *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006)).

As an initial matter, Plaintiff alleges reconsideration is warranted since Judge Cave supposedly did not consider ECF 330 and ECF 338. With respect to ECF 330, Plaintiff misconstrues the Court's Order (ECF 509), by claiming ECF 330 was a request to extend the December 19, 2002 deadline. It wasn't. ECF 330 requested an extension of the December 12, 2022 deadline and Judge Cave had considered and granted Plaintiff's request (ECF 330) for an extension of time to submit her expert reports in the order docketed as ECF 333. Plaintiff, however,

3

failed to comply with the extended deadline. In addition, the Court referenced ECF 333, which is the Order issued by Judge Cave in response to ECF 330, in its recent order docketed as ECF 509. Specifically, ECF 333 is discussed in Judge Cave's opinion at pages 6 (twice), 7 and 12. Plaintiff's argument that this Court should reconsider the decision to preclude her expert witnesses because the Court failed to mention ECF 330, claiming it was therefore "overlooked," is without merit.

Ms. Trombetta also alleges the Court did not consider her extension request in ECF 338, which is likewise untrue. The Court considered, and denied, her request to extend the expert discovery deadline. *See*, ECF No. 340. Specifically, Judge Cave stated that

> To the extent Ms. Trombetta seeks an extension of time to serve expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2) on Defendants, her request is DENIED. On December 12, 2022, the Court advised Ms. Trombetta that "[n]o further extensions of the deadlines in this Order[,]" including the expert discovery deadlines, "shall be granted absent extraordinary circumstances." (ECF No. 333 at 2). Ms. Trombetta now, on the eve of her deadline to serve expert disclosures pursuant to Rule 26(a)(2), requests an extension to the discovery deadline. The Court shall not grant such a request because Ms. Trombetta has failed to articulate extraordinary circumstances that warrant the requested relief. Ms. Trombetta has been made aware that expert discovery shall follow fact discovery (see e.g., ECF Nos. 195; 234; 291; 308; 333), and advised by the Court what her responsibilities are. (ECF No. 328 at 41-42). *Id*.

Furthermore, both Plaintiff's request (ECF 338) and the Court's decision denying it (ECF 340) are **repeatedly** cited within Judge Cave's decision Plaintiff is now challenging. See, ECF 509 at pages 1, 4, 6, 7, and 12. As such, Plaintiff's argument that WorthPoint's motion to preclude her untimely experts because her prior requests were overlooked is meritless.

Plaintiff's allegation that she seemingly did not believe the December 12, 2022, expert discovery deadline was "FIRM" is incredulous. Notably, the deadline was extended to December 19, 2022 at Plaintiff's request, to allow Ms. Trombetta another week to obtain expert reports. Further, the December 12, 2022, deadline was the **fifth** expert discovery extension provided by this Court. (See ECF Nos. 195; 234; 291; 308; 333; see also ECF Nos. 361; 367; 387). As stated

4

in WorthPoint's previous submissions, Plaintiff has known about the expert discovery disclosures since January 2022. The Court and the defendants explained the significance of these deadlines to the Plainiff on multiple occasions, including during the November 23, 2022 Court conference. Plaintiff concedes that occurred (ECF 522 at page 2). Despite knowing of the impeding deadline, she failed to comply. The Court afforded *pro se* Plaintiff ample opportunities to disclose her expert reports. She did not, and "failed to articulate extraordinary circumstances" that warranted an additional extension. *See*, ECF 333. Notably, Plaintiff concedes that the only extensions she sought was on December 8, 2022, or four days before the December 12, 2022 expert discovery deadline, and December 12, 2022, a week before the new expert discovery deadline.

To the extent that Plaintiff for the first time suggests on a motion for reconsideration that she was sick and even submitted evidence of a doctor's appointment on January 23, 2023, this appointment is over a month after Plaintiff's expert report disclosure deadline of December 19, 2022, that was set by the Order ECF 333. We also note that between December 19, 2022 and January 13, 2023, Plaintiff made over ten filings with the Court but apparently would not bother complying with the Court's order to produce the reports of her experts.

In addition, to the extent that Plaintiff attempts to argue that amending her complaint in January 2023, post-expert discovery deadline, somehow extended the discovery deadline, such an argument is without merit. Judge Cave specifically ruled that discovery was not extended or reopened. (*See* ECF 340, 361, 384). In addition, while WorthPoint is sympathetic to Plaintiff's alleged illnesses, it does not excuse her neglect of the Court's directives to file her expert reports, especially when she found time to file other submissions during that time, and filed her Motion for Leave to Amend the Complaint on the very date that the expert disclosure was due (See ECF 341 and 342). Plaintiff was well-aware of the requirements of Rule 26, yet refused to take the

5

appropriate measures.

While Plaintiff continues to allege wrongdoing on the part of WorthPoint, Judge Cave acknowledged and addressed Plaintiff's arguments multiple times and found no wrongdoing on the part of WorthPoint or its counsel. See ECF 274, ECF 278, ECF 280, ECF 288, ECF 289, ECF 292, ECF 307, ECF 310, ECF 312, ECF 313, ECF 316, ECF 320, ECF 322, ECF 330, ECF 331, ECF 332, ECF 339. Plaintiff's argument that her expert disclosure was delayed due to WorthPoint's attorneys' conduct is meritless. Plaintiff always had the burden of supporting her own claims but chose not to introduce any expert reports in support; even after being given an opportunity to submit rebuttal reports to WorthPoint's expert's reports, Plaintiff did nothing.

## *PATTERSON* FACTORS WEIGH IN FAVOR OF PRECLUSION, AS THE COURT PREVIOUSLY FOUND

Plaintiff spends merely five of the thirty-two pages in her motion addressing the four *Patterson* points. *See*, *Patterson*, *supra*. As discussed more fully below, the *Patterson* factors, as stated by Judge Cave in ECF 509, weigh heavily in favor of preclusion of the reports and testimony of Dr. Scelsa and Ms. Skluzacek.

**(1) Ms. Trombetta's explanation for the delay**

Within Plaintiff's reasoning for her delay, she alleges that several items of discovery caused her to be unable to speak with an expert who would generate a report pursuant to this Court's directives. Furthermore, Plaintiff highlights her pursuit of an item of discovery that is immaterial to this action or to her case against WorthPoint, namely, the eBay sales receipt. Furthermore, Plaintiff complains of the "excessive amount of work" in a lawsuit she filed. While WorthPoint disputes Plaintiff's IIED claims (a claim for which she provided no evidence including no medical reports or authorizations), Plaintiff has failed to show any evidence of an IIED claim

6

and WorthPoint respectfully refers to its motion for summary judgment for a fuller recitation of Plaintiff's baseless claim.

Moreover, Ms. Trombetta fails to account for the fact that substantial justification is required to avoid preclusion. Here, the legal standard is not whether Ms. Trombetta has an excuse to avoid preclusion, but whether avoiding preclusion is substantially justified. *Pro se* Plaintiffs are not exempt from compliance of the rules. Plaintiff was made aware of the rules by the Court and Defendants many times. While Plaintiff provides excuses, which were already considered by the Court and rejected, none of her explanations are substantially justified. Furthermore, the "justification" that discovery was onerous is without merit. Plaintiff's chronology of events from September to November reveal nothing unique with respect to discovery and does not excuse Plaintiff's neglect and delay. Again, Plaintiff found the time to write numerous, repetitive and irrelevant letters to the Court. The parties exchanged several discovery responses, had several meet and confer sessions, took two depositions and appeared at two court conferences. Furthermore, Plaintiff concedes that she met with Dr. Scelsa in September. Plaintiff (and presumably Dr. Scelsa) was well-aware of the FRCP 26(a) expert requirements at that time. In addition, Plaintiff conveniently omits that she had been in contact with Ms. Skluzacek since the beginning of 2022 (and Ms. Skluzacek advised her in early December that she would not be able to assist as she was "completely booked until at least early January."). *See* Plaintiff's motion (ECF 522 at P. 5), where Plaintiff provides a snippet of an email from Ms. Skluzacek under an email from "Abigail Hartmann."

As such, there is no good faith justification for Plaintiff's failure to produce the reports, and her claims of onerous discovery do not justify the months of time Plaintiff had to produce an appropriate disclosure.

7

**(2) The importance of the testimony of Dr. Scelsa and Ms. Skluzacek**

While the Judge Cave believed the second factor weighed slightly in favor of Plaintiff, Defendants contest that the testimony of Dr. Scelsa or Ms. Skluzacek have any relevancy. As stated by Judge Cave, the motion for summary judgment and *Daubert* motion are pending before Judge Swain and respectfully refer to the arguments set forth therein as to why the reports of Dr. Scelsa and Ms. Skluzacek are without merit.

**(3) Prejudice and possibility of continuance**

Plaintiff's motion concedes that she did not produce the report of Dr. Scelsa until February 16, 2023, and did not produce the report of Ms. Skluzacek until Feb. 21, 2023, more than two months after the deadline. The procedure of expert discovery was clarified to Plaintiff by the Court and the Defendants on countless occasions. Plaintiff's argument that WorthPoint should have asked for an extension if WorthPoint wanted to depose her expert witness is misplaced. Ms. Trombetta seemingly fails to appreciate that WorthPoint could not depose her expert without an expert report, and without the discovery that would have been needed if the report had been timely disclosed. Such testimony would be prejudicial to WorthPoint and a waste of the parties' resources.

Ms. Trombetta also alleges she was not aware that she was required to ask permission of the Court to reopen discovery. WorthPoint is unclear what Plaintiff means by this statement as she has repeatedly ignored the Court's directives by writing countless letters and submissions, including requesting that discovery be reopened. Furthermore, the letters which form the basis for the within motion for consideration <u>resulted from her requests</u> to the Court to extend discovery deadlines. In addition, Plaintiff repeatedly wrote to the Court following the December 19, 2023, deadline seeking to "re-open discovery". See, ECF Nos. 367, 375, 378, 384.

Plaintiff continues to claim that it was she who was prejudiced when she added WorthPoint

as a defendant. This is simply not a legally-recognized cause for prejudice; i.e. that a party who was sued actually participates in its defense. Plaintiff eventually alleges that "[t]he denial of Plaintiff's expert witnesses report and experts testimony, should there be a need for a trial, would be most prejudicial as the actions, attitude and antagonistic treatment Plaintiff has been subjected. by Defendants has caused emotional distress and a depreciation of my artwork." *See*, ECF 522, at p. 28. Yet, Plaintiff had every opportunity to support her case with expert reports had she timely disclosed them (and provided the evidentiary support), but she has not. It is Plaintiff's neglect to follow the Court's Orders and instructions, not the fact that WorthPoint has attorneys, that resulted in the preclusion of Plaintiff's experts.

More importantly, motions for summary judgment and *Daubert* motions have already been submitted by the parties. To reopen discovery at this point will significantly prejudice the Defendants and require them to incur enormous expense and time redoing depositions and preparing rebuttal reports; possibly even retaining new experts. Dispositive motions would need to be refiled. This is exactly the consequence that timely disclosures under Rule 26 are meant to avoid.

Notably, Plaintiff does not address the portion of Judge Cave's Order which addresses the fact that, "[a]lthough Chief Judge Swain has not yet set a trial date, to reopen expert discovery at this late stage, after the Court extended the deadlines several times and deemed all discovery closed (see § II.C, supra), would further prejudice WorthPoint and unnecessarily delay resolution of this action." *See*, ECF 509, at p. 16. Discovery has been completed since December 19, 2022, which is the same date Plaintiff's expert reports were due. Plaintiff was aware of the deadline since she submitted the "expert" report of Mr. O'Leary. To re-open expert discovery after the submission of motions would force WorthPoint to encounter significant hardships, including additional costs and

9

further delay an adjudication that Plaintiff has prolonged for far too long.

## **CONCLUSION**

      Plaintiff has failed to set forth any evidence that Judge Cave overlooked any relevant item in this matter, and as such the Plaintiff's motion to correct or reconsider must be denied. For the foregoing reasons, WorthPoint respectfully requests that Plaintiff's motion to correct or motion to reconsider be denied in its entirety, and for such other, further and different relief this Court deems just and proper.

Date: July 25, 2023

Respectfully submitted,

WILSON ELSER MOSKOWITZ EDELMAN
& DICKER LLP

*s/ Jana S. Farmer*
Adam R. Bialek, Esq.
Jana S. Farmer, Esq.
John Cahill, Esq.
150 E. 42nd Street
New York, New York 10017-5639
(212) 490-3000
Fax (212) 490-3038
Adam.Bialek@wilsonelser.com
Jana.Farmer@wilsonelser.com

284370023v.1