UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANNAMARIE TROMBETTA, | Case No. 18-cv-0993-LTS-SLC |
| Plaintiff, | |
| v. | **Defendants' Memorandum Opposing Plaintiff's Motion to Correct or Reconsider Judge Cave's Order & Opinion ECF 509** |
| NORB NOVOCIN, MARIE NOVOCIN, and ESTATE AUCTIONS INC., et al., | |
| Defendants. | |

## PRELIMINARY STATEMENT

Defendants Norb Novocin ("Norb"), Marie Novocin ("Marie"), and Estate Auctions, Inc. ("Estate") (referred to collectively herein as "Defendants" or "EAI Defendants"), by and through their undersigned attorney, submit this Memorandum Opposing Plaintiff's Motion to Correct or Reconsider Judge Cave's Order & Opinion ECF 509 ("Plaintiff's Motion").

## SUMMARY OF ARGUMENT

Plaintiff's Motion makes a number of arguments in favor of reconsideration of Judge Cave's June 22, 2023 Order precluding as "untimely and insufficient" Plaintiff's expert disclosures. None of Plaintiff's arguments meet the standard for reconsideration. Moreover, Plaintiff's arguments are contradictory, replete with misstatements of fact and mischaracterizations of the record, and facially disingenuous. Plaintiff's primary arguments are that: (1) the stress of litigation made it impossible for her to timely serve expert disclosures; (2) a two-month long illness prevented her from timely serving expert disclosures; (3) Plaintiff's belief that an eBay receipt was not adequately produced by EAI Defendants prevented her from timely serving her expert disclosures; (4) the new claims Plaintiff asserts in her Amended Complaint require reconsideration of Judge Cave's June 22, 2023 Order precluding Plaintiff's proposed expert witnesses; and (5) Judge Cave's June 22, 2023 Order is defective because it does not reference a November 23, 2022 teleconference between the Parties and the Court. Even were Plaintiff's factual allegations accurate, these arguments fail to meet the high bar required for reconsideration of Judge Cave's well-reasoned opinion.

## FACTS

Plaintiff argues that she served her expert reports on February 16, 2023 and February 21, 2023 "before the March 1, 2023 deadline for expert discovery . . . ." (Pl.'s Mot. Reconsideration,

1

ECF No. 522 at 27.) Plaintiff's assertion that her expert discovery was due on March 1, 2023 is not accurate. In a December 12, 2022 Order, the Court stated that "Ms. Trombetta's expert disclosure . . . shall by due by **Monday, December 19, 2022**, and Defendants' shall be due by **Thursday, January 19, 2023**." (Dec. 19, 2022 Order, ECF No. 333 at 1.) In that Order, Judge Cave unambiguously stated that "[n]o further extensions of the deadlines in this Order shall be granted absent extraordinary circumstances." (ECF No. 333 at 2.) Plaintiff's admission that she did not serve her expert disclosures until February 2023 demonstrates that they were untimely.

Plaintiff also argues that Judge Cave's June 22, 2023 Order, ECF No. 509, should be reconsidered, in part, because that Order does not acknowledge two of Plaintiff's previous filings, namely, ECF Nos. 330 and 338. (Pl.'s Mot. Reconsideration, ECF No. 522 at 5.) Plaintiff fails to note that both of these prior filings were expressly addressed by the Court in previous rulings. Judge Cave's December 12, 2022 Order expressly addresses Plaintiff's filing at ECF No. 330 and states that no further extensions of Plaintiff's expert disclosure deadline will be granted. (Dec. 12, 2022 Order, ECF No. 333 at 1-2.) Judge Cave's December 19, 2022 Order expressly addresses Plaintiff's filing at ECF No. 338 stating "To the extent Ms. Trombetta seeks an extension of time to serve expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2) on Defendants, her request is DENIED." (Dec. 19, 2022 Order, ECF No. 340 at 1-2.)

Additional inaccuracies in Plaintiff's Motion are discussed where relevant below.

### ARGUMENT

I. **Plaintiff Does Not Meet the Standard for Reconsideration**

"Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b)." *Trombetta v. Novocin*, 18-CV-993 (RA), 2022 WL 280986, at *1 (S.D.N.Y. Jan. 31, 2022) (quoting *Farmer v. United States*, No. 12-CR-758 (AJN), 2017 WL 3448014, at *2 (S.D.N.Y. Aug. 10, 2017) (citation omitted)). "Reconsideration is an

extraordinary remedy and is only granted . . . where a movant demonstrates '(i) an intervening change in controlling law; (ii) the availability of new evidence; or (iii) the need to correct clear error or prevent manifest injustice.'" *Id.* (quoting *Cohen Lans LLP v. Naseman*, No. 14-CV-4045 (JPO), 2017 WL 1929587, at *1 (S.D.N.Y. May 10, 2017) (internal quotation omitted)).

Plaintiff does not argue that there has been an intervening change in controlling law. Nor does she credibly argue that new evidence is available. If Plaintiff's arguments fit within any of the three situations that may warrant reconsideration, they fit awkwardly under the "need to . . . prevent manifest injustice" prong. As discussed below, none of the circumstances that Plaintiff perceives as unjust come close to meeting the threshold required to warrant the extraordinary remedy of reconsideration.

## II. Plaintiff's Argument that this Lawsuit was Too Stressful Between the February and September 2022 for Her to Timely Serve Expert Disclosures Has Already Been Addressed by the Court

Plaintiff argues that this lawsuit, which she initiated, has been too stressful for her to serve her expert disclosures in a timely fashion despite having received extensions of that deadline. As noted by Judge Cave, Plaintiff specifically argues that the time she spent to: (i) write and revise a settlement letter in February 2022; (ii) ask Defendants for their discovery responses in April 2022; (iii) prepare for her deposition and respond to a summons and complaint filed against Plaintiff in Georgia in July 2022; and (iv) try to access emails Defendants produced in September 2022, all resulted in "emotional trauma." (June 22, 2023 Order, ECF No. 509 at 11; Pl.'s June 1, 2023 Letter, ECF No. 493 at 1-2.)

Plaintiff incorrectly asserts that "Judge Cave stated [that the above] caused [Plaintiff] emotional trauma." (Pl.'s Motion, ECF No. 522 at 12.) Judge Cave did not agree that Plaintiff suffered emotional trauma. Judge Cave summarized Plaintiff's argument as recited above. (June 22, 2023 Order, ECF No. 509 at 11.) Judge Cave did accept Plaintiff's "representation that the

3

four disputes she describes preoccupied her attention and resources between February 2022 and September 2022 and made it difficult for her to focus on expert discovery during that time." (June 22, 2023 Order, ECF No. 509 at 11.) After considering Plaintiff's arguments, Judge Cave noted that Plaintiff "still had almost three months--October, November, and more than half of December 2022--to confer with her experts and prepare the disclosures that Rule 26(a)(2)(B) requires." (June 22, 2023 Order, ECF No. 509 at 11.)

III.     **Plaintiff Provides No Credible Reason Why She Could Not Work on Expert Disclosures During October and November 2022**

Plaintiff's Motion states that she "need[s] to make the Court aware that the difficulty increased exponentially from Sept[ember] to Dec[ember] 2022." (Pl.'s Mot. Reconsideration, ECF No. 522 at 25.) Plaintiff does not, however, provide any credible examples of circumstances that prevented her from focusing on her expert disclosures during the months of October or November 2022. The three excuses provided by Plaintiff to support her alleged inability to prepare expert disclosures during November are: (i) a lawsuit filed by a third-party against Plaintiff in the State of Georgia; (ii) allegedly incorrect bates stamps on documents Plaintiff produced; and (iii) EAI Defendants' alleged failure to produce the eBay email receipt for the painting at issue in this case. (Pl.'s Mot. Reconsideration, ECF No. 522 at 15, 21.)

Plaintiff's arguments are not credible. As an initial matter, Plaintiff filed 13 letters addressed to the Court during the months of October and November 2022. (Pl.'s Letters, ECF Nos. 298; 292; 295; 299; 301; 304; 307; 311; 312; 313; 315; 316; 317.) Neither the third-party lawsuit in Georgia nor the allegedly incorrect bates numbering prevented Plaintiff from drafting and filing these letters, many of which attached supplementary materials. While some of Plaintiff's letters focus on the EAI Defendants' alleged failure to produce the eBay receipt for the painting at issue in this case, Plaintiff acknowledges that the EAI Defendants produced the eBay

4

receipt on April 27, 2022. (Pl.'s Mot. Reconsideration, ECF No. 522 at 10, 15.) Plaintiff's fixation on the eBay receipt is not grounds for reconsideration of Judge Cave's June 22, 2023 Order. Counsel for the EAI Defendants sent the eBay receipt to Plaintiff many times in multiple formats as explained in letters to the Court dated December 7, 2022 and December 13, 2022. (Duff Dec. 7, 2022 Letter, ECF No. 326; Duff Dec. 13, 2022 Letter, ECF No. 334.) In response to the EAI Defendants' December 7, 2022 letter, Judge Cave issued an order stating that EAI Defendants' production as to the eBay receipt was complete and the concerns raised by Plaintiff were resolved. (Dec. 8, 2022 Order, ECF No. 327 at 1.) In response to the EAI Defendants' December 13, 2022 letter, Judge Cave issued an order reiterating that the matter was resolved. (Dec. 13, 2022 Order, ECF No. 335 at 2.) When Plaintiff continued to raise the issue, Judge Cave issued an order noting that Plaintiff raised "issues that the Court has already resolved twice, (see ECF Nos. 327; 340)." (Dec. 20, 2022 Order, ECF No. 343 at 1.)

### IV. **Plaintiff Disingenuously Argues that She was Too Sick to Timely Serve Expert Reports During December 2022 and January 2023**

Plaintiff's Motion asserts several times that Plaintiff was too ill to prepare and serve expert disclosures during December 2022 and January 2023. Plaintiff states that on December 11, 2022 she was too ill to stand up. (Pl.'s Mot. Reconsideration, ECF No. 522 at 2.) Next, Plaintiff states that her illness began on December 7, 2022 and persisted until late January 2023. (Pl.'s Mot. Reconsideration, ECF No. 522 at 2.) Plaintiff also asserts that her illness lasted from December 11, 2022 until early February 2023. (Pl.'s Mot. Reconsideration, ECF No. 522 at 6.) Despite Plaintiff's illness, Plaintiff drafted and submitted 16 filings to the Court between December 7, 2022 and January 24, 2023. (Pl.'s Filings, ECF Nos. 330; 331; 332; 338; 339; 341; 342; 345; 347; 348; 349; 351; 352; 354; 355; 356.) If Plaintiff's illness did not prevent her from

5

drafting and filing these 16 submissions to the Court, it should not have prevented her from serving her expert disclosures in a timely fashion.

V. **Plaintiff's Assertion that Judge Cave's June 22, 2023 Order Should be Reconsidered Because it Does Not Mention the Parties' November 23, 2022 Teleconference with Judge Cave Fails to Acknowledge that a Prior Order Did Address the Conference**

Plaintiff seems to assert that Judge Cave's June 22, 2023 Order should be reconsidered because it does not mention the November 23, 2022 teleconference between the Parties and Judge Cave. (Pl.'s Mot. Reconsideration, ECF No. 522 at 5.) Judge Cave had no reason to mention the November 23, 2022 teleconference in the June 22, 2023 Order because Plaintiff filed a letter motion requesting an extension of Plaintiff's expert disclosure deadline on December 8, 2022 that argued the November 23, 2022 teleconference should somehow allow Plaintiff to receive an extension, Pl.'s Mot. Extension, ECF No. 330, and Judge Cave responded with a ruling stating that Plaintiff's expert disclosures were due by December 19, 2022. (Dec. 12, 2022 Order, ECF No. 333 at 1.) Judge Cave's December 12, 2022 Order also stated that "[n]o further extensions of the deadlines in this Order shall be granted absent extraordinary circumstances." (Dec. 12, 2022 Order, ECF No. 333 at 2.) Judge Cave reiterated her order one week later holding that "[t]o the extent Ms. Trombetta seeks an extension of time to serve expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2) on Defendants, her request is DENIED." (Dec. 19, 2022 Order, ECF No. 340 at 1-2.)

## CONCLUSION

Plaintiff has, since 2018, and throughout Plaintiff's Motion, characterized this lawsuit, which she filed, as something that Defendants have done to harass her. Plaintiff is not the victim of this lawsuit. She is the Plaintiff. Her misrepresentations to the Court have been too frequent and incomprehensible to address completely. For more than four years, Plaintiff has published meritless ad hominem attacks against Defendants to the docket. Plaintiff's lawsuit continues to

6

prevent a bankruptcy proceeding filed by Defendants Norb and Marie from moving forward. Every delay caused by Plaintiff inflicts additional hardship on Norb and Marie.

For the reasons stated in Defendants' Memorandum Opposing Plaintiff's Motion for Reconsideration, Plaintiff's Motion should be denied in its entirety.

Date: New York, New York
July 25, 2023

Duff Law PLLC

By: /s/ Anderson J. Duff
Anderson J. Duff
43-10 Crescent St. Ste. 1217
New York, New York 11101
(t) 646.450.3607
(e) ajd@hoganduff.com

*Attorneys for Defendants Norb Novocin, Marie Novocin, and Estate Auctions Inc.*

## CERTIFICATE OF SERVICE

       I, Anderson J. Duff, served copies of Defendants' Reply, Anderson J. Duff's Declaration, and copies of all cited cases required to be provided to Plaintiff according to Local Civil Rule 7.2 on Plaintiff on July 25, 2025 at the following address via email:

                atrombettaart@gmail.com
                annamarietrombettalegal@outlook.com

                                            /Anderson J. Duff/
                                            Anderson J. Duff