**In The United States District Court For Southern District of New York**
_____

| | |
|---|---|
| Annamarie Trombetta, | Civil Action No. 18-cv-0993-RA-HBP |
| Plaintiff, | **PLAINTIFF'S REPLY TO DEFENDANT** |
| vs. | **WORTHPOINT'S OPPOSTION TO** |
| Norb Novocin, Marie Novocin, Estate Auctions Inc. | **PLAINTIFF'S MOTION TO CORRECT** |
| and | **AND RECONSIDER PLAINTIFF'S** |
| WorthPoint Corporation | **EXPERT WITNESS REPORTS** |
| Defendants | |

_____

Pro se Plaintiff's Reply to WorthPoint's Opposition to Plaintiff's Motion to Correct or Reconsider Judge Cave's Order begins again with Judge Cave's quote in Order in ECF 509, filed on June 22. 2023. Judge Cave wrote *"Ms. Trombetta ..... neither requested an extension of the Dec. 19,2022 deadline nor gave any indication that she might not meet it due to her experts' unavailability or for any other reasons."* Plaintiff 's July 6, 2022 Motion to the Court for Reconsideration is rooted in the Nov. 23,2022 Call in ECF 329. My request to Judge Cave for permission to submit an application to extend time to my expert witnesses was granted during the Nov. 23, 2022 call. I filed transcript **page 64** as EX. #3 in **ECF 330** on Dec. 8, 2022 see **EX#1**. After Dec. 19, 2022, on Jan. 23, 2023, I filed **ECF 359** requesting reconsideration to submit my expert reports. I filed ECF 522 based on Judge Cave's incorrect statements.

### PRELIMINARY STATEMENT

Plaintiff will address WorthPoint statement on page 6 that deems my pursuits to authenticate the four 1972 ebay sales receipt as *" IMMATERIAL "*. On Dec. 19, 2022 which is the same day my expert reports were due, I filed ECF 341 to include Fraud. In order to prove Fraud, willful intent to commit Fraud in a determining factor must be discerned. The production four visually varied eBay sale receipts for ONE sale is a determining factor in the degree of Fraud. Fraud becomes a crime when it is a "knowing misrepresentation of the truth or

concealment of a material fact to induce another to act to his or her detriment". In Plaintiff 's 2015 eBay phone transcript, eBay specialist, Archer on page 19 deemed the 1972 oil painting as an "Undefined" eBay sale. In my 2016 phone transcripts with WorthPoint's Greg Watkins I requested the meta data for the active 1972 link when WP's 1972 webpage was on the internet. I never heard back from Mr. Watkins by phone or email as he promised. Both Defendants failed from 2016/2017 and throughout discovery to produce the listed 12 photos, or to produce any webpage or meta data for the 1972 ad. Defendants failed to identify, name or locate the artist who painted "Man With Red Umbrella" and moreover who signed the forged signatures on the 1972 oil painting. The absence of this evidence I requested conjoined with the failure by EAI to produce one native electronic email for the alleged 1972 oil painting eBay sale, contributes to Plaintiff's claim for Fraud, Intentional Infliction of Emotional Distress and my request for Permanent Injunctive Relief. It is the Court's determination to consider all of Plaintiff diligent pursuits for eight years. The elements to determine and prove my Fraud claim are in ECF 348. All facts are relative to calculate the extent of Fraud claim and the crime.

**DEFENDANTS DISCOVERY DECEIT TO SUPPORT PLAINTIFF'S ECF 522 MOTION**

I begin again, immediately after Nov. 23, 2022. Conference call. Plaintiff emailed Dr. Scelsa to convey Defendants' rejection of my settlement attempt **Page 65 EX.#1B** and to inform him I need the his expert witness report noted in **EX.#2 .** On the same day, I also phoned Gayle Skluzacek Prior to Dec. 6 2022, Plaintiff and Ms Skluzacek were in contact discussing her expert report see. After the Thanksgiving weekend, Plaintiff's consulted with my third expert witness, internet expert Patrick O'Leary, to decipher Adam Bialek's email code sent during the Nov. 23, 2022 Ccall -see in **EX. #3.** On Dec. 1, 2022 in **ECF 320**, Plaintiff wrote to the Court about Defendants' deficient evidence and the of four varied/ different eBay sales receipts for ONE eBay sale and other EAI evidence. Mr. Patrick O'Leary and I worked in tandem to analyze and produce the content in **ECF 322** filed on

<u>Dec. 5, 2022.</u>  Plaintiff wishes to request Chief Judge Swain to review  ECF 320 and ECF 322.

Plaintiff  annexed  Defendants Nov. 23,  2022  sent email  from  Adam Bialek with the ambiguous coding  titled Source Information in  **EX. #3.**  I  requested one full, uncut,  native electronic eBay email for the  alleged  1972 oil painting 2012 sale from Mr. Duff. I received extracted /partial versions of the eBay sale's email.  Defendants  email and it's  coding  did not have the **"Header Information"**  or a message ID number.  Plaintiff 's specific request for the eBay  email  was to verify their email path to confirm  the  1972 oil painting eBay sale occurred. To  further illustrate to the Court what Plaintiff was sent and what I am requesting,  I annexed  a print out of Adam Bialek's Nov. 23,  2022 sent email in **EX.#4.**   Secondly, I submit to the Court the  full,  uncut, electronic  version from Adam Bialek's Nov. 23,  2022 sent  email in a print out with  the header and coding information .  Third, I submit   the electronic original  email  Mr. Bialek's   dated Nov. 23, 2022, in a PDF format .  Plaintiff's request was  due to  2015 eBay call transcript  documenting  eBay specialist named Archer on page19  stated  the alleged 1972 oil painting sale alleged sold on eBay was  an "Undefined"  **—see EX.#5**

Additionally, for the Court's convenience and  to  verify  Plaintiff ' s reasoning and requests  I  annexed in  **EX. #6**   the  Nov. 23, 2022 Conference Call  transcript  to include  **pages 4 thru 21.**  On **page 7** Judge Cave asked me  if  there was a dispute if the oil painting sale took place on eBay.  My response  is on **page 7**  line 7 to 11 and again on **page 11** line 9 to 12  why I requested the raw/ original message and how this can verify the sale of the 1972 oil painting on eBay.  On **page 14,** EAI attorney Anderson Duff admitted on line  7  to 14 he did not know  what I wanted.   On **page 16** in lines 8 to 16,  Judge Cave clarified and  referenced to EAI's  attorney, Mr.Duff  Plaintiff's  filing  of  **ECF 317** on Nov. 22, 2022  to indicate what  an electronic email contains.  On Nov. 23, 2022,  my  2015 eBay phone transcript and   "Undefined" status of 1972 oil painting sale was not  known or presented to Judge Cave (page. 19 eBay transcript **EX. #5).** Plaintiff  notes on **page 20**  of the phone  transcript**,** Mr. Bialek  said the source information was

from 2017. Plaintiff notes to the Court my request was to Mr. Duff who represents EAI, for the full 2012 electronic email. Plaintiff is still puzzled why Mr. Bialek sent the eBay/EAI Source information, forwarded to him from Mr. Duff. I remind the Court the EAI sale receipt due on April 8 , yet was produced on April 27, 2022 as EAI000058-59 and was cut off on the right side noted in the Sept. 21, 2022 Norb Novocin deposition- Seven months later, a second eBay receipt was produced on Nov. 16, 2022 as EAI000060 yet was missing a bold yellow bar under "Congratulations your item sold". Also MISSING in EAI000060 was the double title"1972 oil painting Man With Red Umbrella, twice written in EAI000058. Plaintiff notes to the Court, on Nov.18, 2022 I emailed all Defendants of Mr. Duff's eml claiming it was sent on Sept 21, 2022.

     As a result of Defendants' deceptive email, gamesmanship and indiscernible code of the alleged 2012 eBay email, I lost time, money and endured a great deal anxiety. Mr. O'Leary transcribe the coding in his specialized server. A third version of the eBay sales receipt is in Mr. O'Leary Affidavit in ECF 322 describes and documents Defendants games. The affidavit by Mr. O'Leary took time from writing his expert report. Ms. Skluzacek and I had limited time to coordinate schedules to complete her expert report. On Dec. 6, 2022, Ms. Skluzacek emailed she could not complete her report till Jan. 2023-**See ECF 522-1** . Dr. Scelsa was dealing with personal bereavement and requested more time. On Dec. 7, 2022, I filed an extension letter with the Court but mistakenly did not export it as a PDF file due to my stress, fatigue and ill health—see ECF 522- 2 EX #3. On Dec. 8, 2022 Plaintiff filed in **ECF 330** which was my FIRST request for an extension for my expert witness reports. On Dec. 9, 2022, Plaintiff filed **ECF 331** with the Court regarding the failure EAI's to produce one electronic native email from eBay to Norb Novocin for the alleged oil painting.
Plaintiff informs the Court, on Dec. 8, 2022 I develop symptoms of the flu .On Sunday, Dec. 11, 2022, my ill health overwhelmed me. I could not stand upright, yet needed to email Judge Cave chambers. Monday, Dec. 12, 2022, I phoned Judge Cave's chambers to confirm the Court was aware I was sick. I could not file my Proposed Second Amended Complaint due that day.

My sudden ill health and my experts' unavailability was communicated to the Court on Dec. 8, 2022 in **ECF 330** before Judge Cave issued her decision in ECF 333 Dec. 12, 2022. During the week of Dec. 12th to Dec. 19, 2022, despite my flu and ill health, Plaintiff had two phone Meet and Confer meetings with the Defendant's attorney, Nicole Haimson to review and complete fact discovery. Plaintiff's bate stamped evidence which was over 900 documents On Dec. 16, 2022 I filed **ECF 338**—fact discovery/ extension request letter, as Judge Cave requested in **ECF 337** . While coping with my sudden ill health , Plaintiff had no choice but to work through my illness and submitted on Dec. 19, 2022, my extensive Second Proposed Amended Complaint and exhibits in ECF 341.

## ARGUMENT AGAINST DEFENDANTS' OPPOSITION

Plaintiff notes to the Court in WorthPoint's Opposition, ECF 524, on page 4, Jana Farmer attempts to distort Plaintiff's current, reasons for my Motion to Reconsider Judge Cave's decision in ECF 509 filed on June 22, 2023. In ECF 509 of Judge Cave's decision on page 14 Judge Cave wrote *"When the Court instructed her that "[j]ust forwarding their resumes is not sufficient," Ms. Trombetta acknowledged that she "[u]nderstood," <u>and neither requested an extension of the December 19, 2022</u> deadline nor gave any indication that she might not meet it due to her experts unavailability or for any other reason. (Id. at 42).*

**BEFORE** <u>**Dec. 19, 2022,**</u> on Dec. 8, 2022 I made my first time extension request for my expert witness with exhibits in **ECF 330** On Dec 11th and Dec, 12, 2022, I emailed and phoned Chambers I was unable to stand upright to file my Second Amended Complaint and on Dec.12, 2022, in **ECF 332** Judge Cave noted I contacted her chambers due to ill health. Also on Dec. 12, 2022 in **ECF 333**, Judge Cave granted a one week extension despite Ms Skluzacek's Jan 2023 delay and my current illness. On Dec. 16, 2022 in **ECF 338,** Plaintiff due Dr. Scelsa bereavement news I asked for a second extension request for my experts. On Dec. 19, 2022 in **ECF 340** Judge Cave denied my request for an extension and wrote : *" On*

*December 12, 2022, the Court advised Ms. Trombetta that "[n]o further extensions of the deadlines in this Order including the expert discovery deadlines, "shall be granted absent extraordinary circumstances"* Plaintiff, prior to the ECF 333 and 340 ruling, in ECF 330 filed exhibits that my witnesses were not available till Jan. 2023. Secondly in Plaintiff's Motion in ECF 522 -5 as EX.#5 I filed proof of Plaintiff's doctor's appointment on Jan. 12. 2023. Plaintiff included in ECF 493 filed on June 1, 2023 my proof of ill health. Judge Cave's decision in ECF 509 did NOT mention or note in ECF 330, ECF 338 commenting on my experts **unavailability,** hence one reason for Motion in ECF 522.

AFTER **Dec. 19, 2022,** Plaintiff notes to the Court on **Jan. 23, 2023,** filed **ECF 359** with the Court and made a specific requests, in No 3) was Plaintiff's seeking Clarification and Reconsideration of Plaintiff's Expert Witness Reports. Defendants emailed Plaintiff requesting dates to schedule expert witness depositions. Plaintiff emailed Defendants requests to my experts and to find out when I can expect their reports on Feb. 1. 2023—see in ECF 522-2 on Page 17 . Also on **On Feb. 1**, 2023 in **ECF 364** Judge Cave issued an order stating *" The expert discovery deadline was extended to Wednesday* March 1, 2023". Plaintiff emailed NYLAG to confirm the Court's permission to file expert reports. NYLAG advised me I should produce my expert witness disclosures to Defendants as soon as possible.—see ECF 522-5 filed on July 6, 2023. On **Feb. 2, 2023**, I filed **ECF 365.- Question RE Expert Reports.** In **ECF 366, also on Feb. 2, 2023**, Judge Cave granted my Second Amended Complaint. Plaintiff notes to the Court, I consult the public docket—Court Listener—Docketbird— for immediate Court news. These platforms did not note that Judge Cave deemed Plaintiff's ECF 348 as the"Operative Pleading". On Feb.2, 2023, I immediately began to write my Second Amended Complaint and filed it on Feb. 9, 2023 in **ECF 368.** On Feb 10, 2023 I received the Court's mail Judge Cave's Order in **ECF 366** deeming ECF 348 the Operative Pleading. On Feb.10, 2023, I filed **ECF 369** and explained to Jude Cave, due to the delayed receipt of the Court's mail why I filed ECF 368. Judge Cave struck ECF 368.

On Feb. 3, 2023, in **ECF 367,** Judge Cave issued another Order that escaped my attention due to ECF 368 and working with my experts on their reports. In ECF Judge Cave wrote that Judge Ronnie Abrams will determine all witnesses that may be called at trial. I emailed Dr. Scelsa' expert report to Defendants on Feb. 16, 2023. On Feb. 23, 2023 I emailed Gayle Skluzacek 's expert report to all Defendants noted in Plaintiff filed on Feb.23, 2023 in **ECF 376** a letter to Judge Abrams and Judge Cave informing Judge Cave why my expert witnesses reports were delayed and that I submitted both expert reports to Defendants.

In addition in ECF 509 Judge Cave 's on page 11 has a significant written mistake regarding the date when WorthPoint served a Summons and Complaint from Will Seippel and WorthPoint Corp from Georgian. Plaintiff was improperly served on <u>August 30, 2022.</u> . Judge Cave on page 11 under incorrectly wrote I was served in **July 2022** and then wrote " WorthPoint <u>**correctly**</u> points out, however, that Ms. Trombetta fails to account for the months of October, November, and December 2022, which "afforded an opportunity to confer with her experts and produce an appropriate disclosure." (ECF No. 499 at 1). Plaintiff can affirm, WorthPoint's lawsuit in Georgia and its' immediate responses, undermined my completion my expert reports.

In summary, Plaintiff ' Motion to Reconsider **in ECF 522** is based on my reconsideration request for expert reports in ECF 359 on Jan. 23, 2023 made AFTER Dec. 19, 2022 and Judge Cave's extension for expert discovery until March 1, 2023 in ECF 364. I noted , since ECF 367 was issued and Chief Judge Swain's was newly assigned to this case, Plaintiff had intended to write to Your Honor to inquire if witness determination at trial is still in place. Pro Se Plaintiff read and followed FRCP 26(a) (2), which stated : " Fed. R. Civ. P. 26(a)(2)(B), (a)(3)(B), (a)(4) : <u>A party who fails to make the disclosures required under Rule 26(a)(2)(B) " is **not** allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial,</u> Despite Plaintiff's delays in Dec.due to personal illness, experts' work schedule, bereavement, holidays and the immediate production of a well needed experts' affidavit based on the Defendants unknown coding email, I persevered due to FRCP 26 rules.

Plaintiff was never negligent. Noted by Jana Farmer on page 5, *"from Dec. 19, 2022 to Jan. 13, 2023 Plaintiff made over ten filings with the Court."* I can control my schedule but not my expert witnesses. I add that my experts sympathize with the deliberate upheaval, WorthPoint's lawsuit in Georgia for IIED let despite chaos,deliberate deceit by Defendants, my fact and expert witnesses support my plight.

**DEFENDANTS DELIBERATE DECEITFUL PATTERNS — 1-DELAYS TO PLAINTIFF**

WorthPoint's attorneys consistently issued false, misleading and contradictory statements to me or about the me to the Court with a false claim f Feb. 15, 2022 settlement letter. In April 8, 2022 WorthPoints attorneys stated they do not know when the 1972 post was posted on WorthPoint's website yet contradicted by WP's evidence,WP000130 stating **March 5, 2013** was the date the 1972 post was added to WP website. In 2015, which is the year I found the 1972 false post, under my name, WorthPoint was being sued for copyright infringement . The same month, day and year **-March 5, 2013,** in WP000130 is noted in case Rosen vs Terapeak, as the date *"the infringing items were still available on WorthPoint's website when theFAC was filed on March, 5,2013"*.-See **EX#7** WorthPoint's attorneys claim they did not know when the false 1972 post was listed, at the same time produced WP000130. Ms. Farmer noted on page 6 ECF 524 my filing of 274 which address their claims in **EX.#9.** WorthPoint also claim the false 1972 post was permanently removed on Feb. 4, 2016 yet produce WP000120 and WP000134 which contradicts WorthPoint's attorneys's claim. **EX.#10.** On April 8, 2022 I request the DMCA agent's name—see **EX.#11** I had to contact the Copyright office. Gregory Watkins whom I spoke to in 2016 was the DMCA agent. He did not give me his copyright email on the form nor his title. On Nov. 23, 2022 I requested his address to contact which was returned, revealing another unverifiable source. **EX #11 A-B-C-D** I also note to t he Court on Sept. 2022, one of my experts had to withdraw and issued a letter.which had a Florida address. On Oct 7, 2022, over two week after withdrawing, WorthPoint's attorneys issued a subpoena to his NY address which neither I or my witness gave to the attorneys. The harm and emotional distress caused by Defendants to me and my colleagues is deliberate and

cruel. Annexed is his Sept 22 2022 letter and his Oct. 7, 2022 email. Furthermore on Nov.7, 2022 WorthPoint's attorneys filed ECF 309-1 false statements with demands on page 4 and Page 6 I already submitted Defendants noted I in ECF *309" I produced hundreds of pages of documents"* WorthPoint's attorneys admit they did NOT review them, yet filed a letter with the Court. Defendants, on Nov 7th and 23.2022 requested the Feb 20, 2016 electronic email I sent Oc*t.* 28, 2022-ECF 522- All of these incidences stated above caused Plaintiff stress and anxiety.

> We acknowledge receipt of your responses to the Supplemental Rule 37 letter we sent to you, and the hundreds of pages of documents you submitted therewith. However, you produced these responses/documents late on a Friday and over the weekend. As you were previously advised, counsel was out of town last week and our office is closed on the weekends. As such, we have not yet had an opportunity to review the sufficiency of your responses to the Supplemental Rule 37 letter. We will follow up with you under separate cover regarding any deficiencies contained therein.

To the right is ECF 309 with a False request I submitted on Oct. 28, 2022

Case 1:18-cv-00993-RA-SLC   Document 309-1   Filed 11/07/22   Page 4 of 6

WILSON ELSER
- 3 -

**Request 7:** The native, electronic, version of Plaintiff's email to William Seippel dated February 20, 2016, including all attachments. *See, Trombetta Tr., Pages 227-230.*

In WorthPoint's Opposition ECF 524, page 4 is Ms. Farmer falsely claim the Dec.12, 2022 deadline was my **fifth** extension when it was my **FIRST** expert witness extension request. WorthPoint strategically postponed my Deposition till August, then delayed its production. Moreover, Wilson Elser hired a process server's who improperly and falsely stated he asked if I was in the military. On Aug 30, 2022 Plaintiff was engaged in a cell phone call and is submitting into evidence my affidavit and that of my cell phone party confirming no one asked or spoke to me during our phone conversation. Plaintiff informs the Court ALL of WorthPoint's filed documents have self evident date mistakes. Moreover, WorthPoint's attorneys willfully delayed the end of fact discovery on Oct. 31, 2022. WorthPoint's attorney in Georgia filed a false Motion for Default Judgement on Oct. 31, 2022 and state I filed my Response on Nov. 5, 2022—a date that is AFTER Oct. 31. 2022. The latest mistake filed on June 29, 2023

claims on the action was on August 30,**2023** and I was in default Sept 29, **2023 EX.#**

When analyzing a motion to preclude under Rule 37(c)(1), courts within the Second Circuit consider: (1) the party's explanation for the failure to comply with the disclosure requirement; Plaintiff did not fail to comply. I was blocked, overtaxed with more work than one person can handle and in Dec. was ill. (2) the importance of the testimony of the precluded witness[...]; Plaintiff's two experts are imperative to prove my claims particularly for IIED and Fraud. (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and Plaintiff prior to the end of Expert Discovery produced my reports and disclosed and detailed my experts opinions. Defendants chose NOT to depose or extend Expert discovery as they have done numerous time to extend Fact discovery. (4) the possibility of a continuance. Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2006). Plaintiff in ECF 522 address this standard. Plaintiff had nothing to do with the Defendants or the 1972 oil painting I end with my childhood signature from my Girl Scout notebook and the authentication photo of my Girl Scout Sash and badges with t he New York and Brooklyn Housekeeping Badges to verify my own 1972 signature and print as mine.

Plaintiff is being sued in a state I have never entered. Had it not been for this bogus lawsuit by WorthPoint in Georgia, I most certainly had time to submitted my expert report on time in October as I planned, Since August , 2015, literally eight years, I have been subjected to the lies ,cruel and manipulative tactics by WorthPoint Corp, which caused my IIED , Tort and Petition Permanent Injunctive Relef. Plaintiff has attached relative filings with incorrect and self evident false claims in WorthPoint lawsuit against Plaintiff. See **EX.#12 A-B-C-D-E-F** The Georgia lawsuit and the gamesmanship on Nov. 23, 2022 caused extreme problems and pain.

## CONCLUSION

Plaintiff requests the Honorable Chief Judge Swain 's reconsideration of the inclusion of my expert witness reports and my expert witnesses giving testimony at a potential trial.

| | |
|---|---|
| Annamarie Trombetta | Respectfully Submitted , |
| 175 East 96th Street (12 R) | ——Electronic Signature —— |
| New York. New York  10128 | |
| | /s/  Annamarie Trombetta  August 1, 2023 |
| Pro Se Plaintiff | |
| | Annamarie   Trombetta Pro Se Plaintiff |

**EXHIBITS TO PLAINTIFF'S REPLY TO WORTHPOINT'S OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER**

EXHIBIT # 1 Nov. 23, 2022   Conference Call transcript page 64.
          #2  Nov. 23, 2022   Conference Call transcript page 65.

EXHIBIT  # 2 Nov. 23, 2022 email to Dr. Joseph Scelsa  availability for expert report.

EXHIBIT # 3 Defendants' Nov. 23, 2023 email  unknown  coding - Source Information.

EXHIBIT  # 4  Original Electronic Message Print out  Adam Bialek  Nov. 23, 2022 email.

EXHIBIT  # 5  EBay phone Transcript page 19 1972 oil painting sale was an UNDEFINED

EXHIBIT  # 6  Nov. 23, 2022 Conference Call to include  pages 4 thru 21

EXHIBIT  #7 WP000130  stating March 5, 2013 was the date the 1972 post

EXHIBIT  #8 Rosen vs Terapeak,  infringing items WorthPoint's on March, 5,2013"

EXHIBIT  #9 A WP000120 Temporaly Google Removal on March 3, 2016

EXHIBIT  #10 B WP000134  Google Remoal  on Jan. 4, 2017

EXHIBIT #11  A-April 8, 2022  request the DMCA agent's name
           B  Email to Copyright Office  May 2022
           C  WorthPoint Copyright  Registration DMCA Agent
           D   Returned Mail from Gregory Watkins

EXHIBIT #12 A  Georgia Lawsuit Process Server False Affidavit —Never asked in Military
           B  Summons and Complaint with wrong dates and claims
           C  Motion for Default Judgement filed Oct. 31, 2022
           D  Proposed Order with Future Dates August 30, 2023 and Sept 29, 2023
           E  Affidavit by Annamarie Trombetta
           F   Affidavit by Phone Call Participant Wanda Buncamper

**In The United States District Court For Southern District of New York**
_____

Annamarie Trombetta,

    vs.

Norb Novocin, Marie Novocin,
  Estate Auctions Inc.
    and
  WorthPoint Corporation

    Defendants
_____

## CERTIFICATE OF SERVICE

I certify that on August 1, 2023, a true and correct copy of the foregoing Plaintiff's Reply to WorthPoint's Memorandum of Law in Opposition to Plaintiff Motion to Reconsider Expert Reports. The document was served upon the parties of record via the Court's CM/ECF system and directly to all attorneys listed below to include Adam Bialek, Jana Farmer and John Cahill attorneys for WorthPoint Corporation and attorney Anderson Duff representing Marie and Norb Novocin and Estate Auctions Inc.

Dated: New York, New York    August 1, 2023

                                                               Submitted by

Annamarie Trombetta
175 East 96th Street (12 R)              ——Electronic Signature——
New York. New York 10128

                                      /s/ Annamarie Trombetta  August 1, 2023

Pro Se Plaintiff                                   _____

                                         Annamarie Trombetta Pro Se Plaintiff

Attorneys for Defendant   WorthPoint Corporation

TO : Adam R. Bialek
    150 East 42nd Street
    New York, New York 10017 Telephone:
   Telephone: (212) 915-5143 Fax: (212) 490-3038
    Email : Adam.Bialek@wilsonelser.com


TO :  Jana Slavina Farmer
     1133 Westchester Avenue White Plains, New York 10604
    Telephone: (914) 872-7247 Fax:  (914) 323-7001
     Email :  Jana.Farmer@wilsonelser.com
   Attorneys for Defendant   WorthPoint Corporation

TO :  John Cahill
     150 East 42nd Street
    New York, New York 10017
   Telephone: (212) 915-5143 Fax: (212) 490-3038
     John.Cahill@wilsonelser.com

Attorneys for Defendants   Norb Novocin, MarieNovocin, and Estate Auctions, Inc.

TO:  Anderson Josiah Duff (via email)
    Hogan Duff, LLP
    43-10 Crescent St., Ste. 12173
    Long Island City, New York 11101
    Telephone: (646) 450-3607
    Email <u>ajd@hoganduff.com</u>