# EXHIBITS TO PLAINTIFF'S REPLY TO WORTHPOINT'S OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER

EXHIBIT # 1 Nov. 23, 2022   Conference Call transcript page 64.
        #1 Nov. 23, 2022   Conference Call transcript page 65.

EXHIBIT # 2 Nov. 23, 2022 email to Dr. Joseph Scelsa  availability for expert report.

EXHIBIT # 3 Defendants' Nov. 23, 2023 email  unknown  coding - Source Information.

EXHIBIT # 4 Original Electronic Message Print out  Adam Bialek  Nov. 23, 2022 email.

EXHIBIT # 5 EBay phone Transcript page 19 1972 oil painting sale was an UNDEFINED

EXHIBIT # 6 Nov. 23, 2022 Conference Call to include  pages 4 thru 21

EXHIBIT #7 WP000130  stating March 5, 2013 was the date the 1972 post

EXHIBIT #8 Rosen vs Terapeak, infringing items WorthPoint's on March, 5,2013"

EXHIBIT #9 A WP000120 Temporaly Google Removal on March 3, 2016

EXHIBIT #10 B WP000134  Google Remoal  on Jan. 4, 2017

EXHIBIT #11  A-April 8, 2022  request the DMCA agent's name
         B  Email to Copyright Office  May 2022
         C  WorthPoint Copyright  Registration DMCA Agent
         D  Returned Mail from Gregory Watkins

EXHIBIT #12 A  Georgia Lawsuit Process Server False Affidavit —Never asked in Military
         B  Summons and Complaint with wrong dates and claims
         C  Motion for Default Judgement filed Oct. 31, 2022
         D  Proposed Order with Future Dates August 30, 2023 and Sept 29, 2023
         E  Affidavit by Annamarie Trombetta
         F  Affidavit by Phone Call Participant Wanda Buncamper

EXHIBIT #13 A Withdrawn Expert Witness Peter Trippi Sept. 22, 2022  Florida Address
        #13 B  Subpoena Sent to New York Home Peter Trippi  Oct.7, 2022

EXHIBIT #14 Plaintiff Print and Script 1972 Signature with Girl Scouts Sash and Badge

**RESPONSE:** WorthPoint objects to this request on the grounds that it is duplicative of plaintiff's prior similar request, and it mischaracterizes the manner in which eBay data is made available on WorthPoint's service. Subject to and without waiving the foregoing objections, WorthPoint states that there were no such employees that manually posted this specific listing. Furthermore, WorthPoint is not in possession of any information as to when this listing was posted on WorthPoint's website. Based on the Google Analytics records WorthPoint previously produced, this listing had no traffic (i.e., no person had viewed it) prior to August 2015.

**Plaintiff's Interrogatory No. 9**
State in writing the month and year WHEN the WorthPoint Corporation employee REMOVED the "1972 Original Oil PaintingMan With Red Umbrella WorthPoint Ad" from the WorthPoint website. **If you claim that part of any response is privileged or otherwise immune from discovery; (a) identify the grounds for your claim of privilege or immunity (b) identify the privileged documents or Photographs (c) provide all information which responds to this request and does not fall within your claim of privilege or other immunity.**

**RESPONSE:** WorthPoint objects to this request on the grounds that it is duplicative of plaintiff's multiple prior requests, and mischaracterizes the listing. Subject to and without waiving the foregoing objections, WorthPoint removed the subject listing on February 4, 2016.

**Plaintiff's Interrogatory No. 10**
State the **name** of the WorthPoint Corporation employee that REMOVED the "1972 Man With Red Umbrella Oil Painting sold on eBay by Estate Auctions Inc with Plaintiff's biography from the www.worthpoint.com website. **If you claim that part of any response is privileged or otherwise immune from discovery; (a) identify the grounds for your claim of privilege or immunity (b) identify the privileged documents or Photographs (c) provide all information which responds to this request and does not fall within your claim of privilege or other immunity.**

**RESPONSE:** WorthPoint objects to this request on the grounds that it mischaracterizes the listing. Subject to and without waiving the foregoing objections, Jason Packer, who is an independent contractor to WorthPoint, removed the subject listing from WorthPoint's website.

4
CONFIDENTIAL

EXHIBIT #7 and #9



Jason Packer <jason.packer@worthpoint.com>

## take down a WP page
2 messages

---

**Gregory Watkins** <greg.watkins@worthpoint.com>  Wed, Feb 3, 2016 at 9:53 AM
To: Jason Packer <jason.packer@worthpoint.com>
Cc: Antoine Lyseight <antoine.lyseight@worthpoint.com>

Hi Jason,

A woman has called several times saying that a painting attributed to her that sold on eBay was not painted by her and she would like the page taken down.

Here is the link:

http://www.worthpoint.com/worthopedia/1972-original-oil-painting-man-red-48924172

She would like to know when it was posted (the date) and if there are any other photos that came with the file ... she's very unreasonable...

Please let me know what you can find out.

Thanks,

-g

--

**Gregory Watkins**
Editor
WorthPoint Corporation

**t.** 877-481-5750   **c.** 770-344-9182

WorthPoint.com :: GoAntiques.com :: MarksandLibrary.com

EXHIBIT #7

---

**Jason Packer** <jason.packer@worthpoint.com>  Thu, Feb 4, 2016 at 9:12 AM
To: Gregory Watkins <greg.watkins@worthpoint.com>
Cc: Antoine Lyseight <antoine.lyseight@worthpoint.com>

Hi Greg,
That's removed.

It was posted 2013-03-05, and we do not have any other photos with it.

Gregory Watkins wrote:

> Hi Jason,
>
> A woman has called several times saying that a painting attributed to her that sold on eBay was not painted by her and she would like the page taken down.
>
> Here is the link:
>
> http://www.worthpoint.com/worthopedia/1972-original-oil-painting-man-red-48924172

WP000130

Plaintiff's Evidence 000404

JAMES M. MULCAHY (CA SBN 213547)
KEVIN A. ADAMS (CA SBN 239171)
MULCAHY LLP
jmulcahy@mulcahyllp.com
kadams@mulcahyllp.com
Four Park Plaza, Suite 1230
Irvine, CA 92614
Telephone: (949) 252-9377
Fax: (949) 252-0090

Specially appearing for Defendant WorthPoint
Corporation

EXHIBIT #8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Barry Rosen,<br><br>            Plaintiff,<br><br>v.<br><br>Terapeak, Inc., WorthPoint Corporation, and Does 1 through 10,<br><br>            Defendants. | Case No. 2:15-cv-00112-AB-JPR<br><br>**DECLARATION OF WILLIAM H. SEIPPEL IN SUPPORT OF DEFENDANT WORTHPOINT'S MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION**<br><br>DATE: June 8, 2015<br>TIME: 10:00 a.m.<br>Courtroom: 1600<br>JUDGE: Hon. Michael W. Fitzgerald<br>DATE Comp. Filed: January 7, 2015 |

I, WILLIAM H. SEIPPEL, state as follows:

    1.    My name is William H., Seippel, and I am a resident of the State of Georgia. I am over the age of 18 and am competent to testify to the

Case 1:18-cv-00993-LTS-SLC   Document 526-2   Filed 08/01/23   Page 5 of 13

Rosen v. Terapeak, Inc., Not Reported in Fed. Supp. (2015)

EXHIBIT #8

- WorthPoint is a "broadcaster" whose broadcasts are sent across the world and California over the internet, and so it could reasonably foresee that its actions would result in access to people in California resulting in damage to people in California (*id.* ¶ 16);

- WorthPoint promotes its services across the internet and discovery will show that WorthPoint directs its advertising efforts to residents of California (*id.* ¶ 21);

- WorthPoint's services relate to collectables, and relevant to this case, entertainment collectibles related to the forum of Los Angeles, California (*id.* ¶ 20);

- WorthPoint has an app available from California-based Apple's App Store (*id.* ¶ 22);

- Infringing items were still available on WorthPoint's website when the FAC was filed on March 5, 2013 (*id.* ¶ 24).

Plaintiff does not clearly apply these factual allegations to the law, but the Court views Plaintiff as presenting four arguments as to why WorthPoint is subject to personal jurisdiction in California. ***First***, WorthPoint directed harm at him in California by infringing his copyright. ***Second***, WorthPoint has expressly directed itself to California through advertising its products to citizens of the state. ***Third***, WorthPoint's interactions with its known customers in California constitute sufficient minimum contacts to establish personal jurisdiction. ***Fourth***, WorthPoint has a number of other contacts with California that are sufficiently associated with its allegedly wrongful conduct to justify this Court exercising its jurisdiction over WorthPoint.

The Court applies the framework for analyzing personal jurisdiction under Ninth Circuit law to each of Plaintiff's arguments below and determines that Plaintiff fails to establish a prima facie case against WorthPoint on both the first and second prongs of the test for personal jurisdiction.

### A. Copyright Harm Felt by Plaintiff in California

Plaintiff argues that because WorthPoint was aware of his existence and his presence in California, WorthPoint has directly aimed its activities at California and so is subject to personal jurisdiction in the forum.

**\*6** Plaintiff is correct that Ninth Circuit precedent provides for a finding of personal jurisdiction in the plaintiff's forum where a defendant willfully infringes the intellectual property rights with knowledge of the plaintiff's place of residence. *See Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 679 (9th Cir. 2012) (holding that sporting goods store was subject to personal jurisdiction in Washington state for sale of infringing goods after receiving notice from Washington resident despite sales all occurring in Alabama); *see also Columbia Pictures Television*, 106 F.3d at 289 (finding that the purposeful availment requirement of the specific jurisdiction test was satisfied where the defendant had "willfully infringed copyrights owned by Columbia, which, as [the defendant] knew, had its principal place of business in [the forum]"); *Amini Innovation Corp. v. JS Imports, Inc.*, 497 F. Supp. 2d 1093, 1107 (C.D. Cal. 2007) (interactive commercial website with no sales to California was not sufficient to establish personal jurisdiction, but knowledge of plaintiff's presence in California and allegations of willful infringement was sufficient to show purposeful direction of activity to California).

The court in *Washington Shoe* explained that the "something more" required from a merely foreseeable effect is "express aiming" by the defendant, which requires a showing that the defendant "engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." 704 F.3d at 679 (quoting *Dole Food*, 303 F.3d at 1111). The court held that the "impact of a *willful* infringement is necessarily directed" at the place where the copyright is held. *Washington Shoe*, 704 F.3d at 678 (emphasis in original).

However, Plaintiff's allegations are not sufficient to establish such direction. WorthPoint may have been on notice as to Plaintiff's copyright claims prior to his filing this action. However, WorthPoint's actions in failing to remove every instance of Plaintiff's photographs from the billion it has on its servers does not constitute an act purposely directed, or "individually targeting" Plaintiff in his forum of residence sufficient to establish personal jurisdiction. *Bancroft*, 223 F.3d at 1087 ("express aiming encompasses wrongful conduct individually targeting a known forum resident"); *see also Golden Scorpio Corp. v. Steel Horse Saloon I*, No. CV-08-1781-PHX-GMS, 2009 WL 348740, at \*8 (D. Ariz. Feb. 11, 2009) ("just because the defaulted defendants each had received a cease and desist letter and were therefore aware of the existence of Plaintiff in Arizona, does not transform their acts into acts expressly aimed at Arizona"); *see also Walden v. Fiore*, 134 S. Ct. 1115 (2014) ("For a State to exercise jurisdiction consistent with due process,

France, Italy, Switzerland and England. Viewing so many different cities and cultures in a concentrated period of time...

EXHIBIT #9

**Will Seippel** <will.seippel@worthpoint.com>  Thu, Mar 3, 2016 at 2:46 PM
To: Jason Packer <jason.packer@worthpoint.com>

Yes, please do.

**From:** Jason Packer [mailto:jason.packer@worthpoint.com]
**Sent:** Thursday, March 3, 2016 8:39 AM
**To:** Will Seippel <will.seippel@worthpoint.com>
**Subject:** Re: FW: Artist Annamarie Trombetta----Fraudulent Artwork--and links to Fraudulent Artwork

I can file a temporary removal request w/Google for this URL:
http://www.worthpoint.com/worthopedia/titanic-lithograph-poster-48924121
Which is the one that has her text in the old cached version w/Google:
http://webcache.googleusercontent.com/search?q=cache:7Xt_g7k26S8J:www.worthpoint.com/worthopedia/titanic-lithograph-poster-48924121+&cd=1&hl=en&ct=clnk&gl=us
Should I go ahead and do that? They don't always process those but there's no real danger to us other than losing traffic for just one page.

Will Seippel wrote:

> I picked up on that and told her that in my response. Interestingly, I requested a return receipt from her and I am not getting one. Thus I do not know if she is even getting my responses.

> **From:** Jason Packer [mailto:jason.packer@worthpoint.com]
> **Sent:** Wednesday, March 2, 2016 6:15 PM
> **To:** Will Seippel <will.seippel@worthpoint.com>
> **Subject:** Re: FW: Artist Annamarie Trombetta----Fraudulent Artwork--and links to Fraudulent Artwork

> I took down all the URLs that were specified earlier. It sounds like she is talking about items that are still cached in Google results, which we have no control over.

> Will Seippel wrote:

>> Have we taken all of these down? I am not sure if they are the same ones as in the last group she sent.

WP000120

Plaintiff's Evidence 000447



EXHIBIT H

25. **The Digital Millennium Copyright Act requires a designation of agents to receive notifications of claimed infringements under the Digital Millennium Copyright Act ("DMCA")." List, the names and address and years of all the designated WorthPoint Corporation employees , or attorneys from 2014 to 2019 that were or are responsible for responding to all infringement claims for the Digital Millennium Copyright Act ("DMCA")."**

**RESPONSE:** WorthPoint objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, not reasonably limited in time, and has no bearing on the claims and defenses in this matter, and is a matter of public record not appropriate for discovery. Subject to and without waving the foregoing objections, WorthPoint refers plaintiff to the publicly-available DMCA Designated Agent Directory available on the copyright.gov website of the U.S. Copyright Office.

**PLEASE TAKE FURTHER NOTICE,** that the Defendant WorthPoint reserves the right to amend and supplement its responses during the pendency of this action.

Dated: April 8, 2022

Very Truly Yours,

Wilson Elser Moskowitz Edelman & Dicker LLP

Adam R. Bialek
150 E. 42nd Street
New York, NY 10017
(212) 490-3000 (phone)
(212) 490-3038 (facsimile)
Adam.Bialek@wilsonelser.com

Jana A. Slavina Farmer
1133 Westchester Ave

16

269003927v.1



Annamarie Trombetta <atrombettaart@gmail.com>

# Request for WorthPoint Corporation DMCA Designated Agent in 2015 & 2016

**Annamarie Trombetta** <atrombettaart@gmail.com>  Mon, May 2, 2022 at 10:52 AM
To: copyinfo@copyright.gov

To the US Copyright Office:

 My Inquiry is Regarding the **2015 and 2016** Designated Registered DMCA Agent   for the website WorthPoint Corporation ---website  address
https://www.worthpoint.com

I have looked up online  for the history of the Designated Registered DMCA Agent
for the website WorthPoint Corporation  and the information below states Arnold Lutzker.
Questions
--- What is the first year that the WorthPoint Corporation and website
https://www.worthpoint.com   was copyrighted?

--- Who was the WorthPoint Corporation DMCA Designated Agent in the years 2015 and 2016.  The website address is www.worthpoint.com  ??   I have looked online and the date begins in 2017.   Was there a Designated DMCA Registered Agent before the year 2017 ?   Please forward the name of the   2015 and 2016  Designated DMCA Registered Agent  ?
Sincerely,
Annamarie Trombetta





EXHIBIT #11C

# Interim Designation of Agent to Receive Notification of Claimed Infringement

Full Legal Name of Service Provider: **WorthPoint Corp.**

Alternative Name(s) of Service Provider (including all names under which the service provider is doing business): **N/A**

Address of Service Provider: **3525 Piedmont Rd., Building 5, Suite 435, Atlanta, GA 30305**

Name of Agent Designated to Receive Notification of Claimed Infringement: **Gregory Watkins**

Full Address of Designated Agent to which Notification Should be Sent (a P.O. Box or similar designation is not acceptable except where it is the only address that can be used in the geographic location): **WorthPoint Corp. 3525 Piedmont Rd. Building 5, Suite 435, Atlanta, GA 30305**

Telephone Number of Designated Agent: **404.996.1474**

Facsimile Number of Designated Agent: **877.588.3564**

Email Address of Designated Agent: **copyright@worthpoint.com**

[Signature] ive of the Designating Service Provider:
Date: **8/15/13**

Typed or Printed Name and Title: **Gregory L. Watkins, Executive Editor & Director of Content**

Note: This Interim Designation Must be Accompanied by a Filing Fee* Made Payable to the Register of Copyrights.
*Note: Current and adjusted fees are available on the Copyright website at www.copyright.gov/docs/fees.html

Mail the form to:
Copyright I&R/Recordation
P.O. BOX 71537
Washington, DC 20024

Scanned
AUG 3 0 2013

162658933

Received
AUG 2 2 2013
Copyright Office

Plaintiff000171

EXHIBIT #11D

7022 1670 0002 1285 4799

CERTIFIED MAIL

Annmarie Trombotta
135 East 96th Street (12R)
New York, New York 10128

Gregory Watkins
2065 Ridge Gate Drive
Cumming, Georgia

-R-T-S- 300417010-1N  009 04/27/23

RETURN TO SENDER
UNABLE TO FORWARD
UNABLE TO FORWARD
RETURN TO SENDER

U.S. POSTAGE PAID
FCM LETTER
NEW YORK, NY
10013
JAN 27, 23
AMOUNT
$8.13
R2304E105090-06

RDC 99
30041

CUMMING CARRIER ANNEX

EXHIBIT #13 A

Plaintiff's Evidence 000350

**Peter Trippi**
Editor-in-Chief
*Fine Art Connoisseur* Magazine
Streamline Publishing, Inc.
331 SE Mizner Boulevard
Boca Raton, FL 33432
peter.trippi@gmail.com

September 22, 2022

Dear Sir or Madam,

Since 2006, I have served as Editor-in-Chief of *Fine Art Connoisseur* magazine, the national magazine that serves collectors of representational painting, sculpture, drawings, and prints. We publish six issues per year and sell the magazine via subscription and in every Barnes & Noble store in the United States.

Annamarie Trombetta is a dedicated, highly regarded artist who maintains a working studio practice and has been covered editorially in *Fine Art Connoisseur*.

This letter is written in support of Annamarie, but at this time I must decline further involvement as a witness due to my extremely crowded schedule, which includes a great deal of travel domestically and abroad.

Best regards,

*[signature: Peter Trippi]*

Peter Trippi

*[handwritten annotation: Expert Witness Withdrawn]*

**EXHIBIT #13B**

**WITHDRAW EXPERT WITNESS**

**Oct 7, 2022**

Jana S. Farmer
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
1133 Westchester Avenue
White Plains, NY 10604
914.872.7247 (Direct)
914.552.9644 (Cell)
914.323.7000 (Main)
914.323.7001 (Fax)
jana.farmer@wilsonelser.com

**From:** Peter Trippi [mailto:peter.trippi@gmail.com]
**Sent:** Friday, October 7, 2022 8:16 AM
**To:** Farmer, Jana S. <jana.farmer@wilsonelser.com>
**Subject:** Subpoena to testify at a deposition in a civil action (no. 18-cv-00993-RA-SLC)

**[EXTERNAL EMAIL]**

October 7, 2022

**TO:** Jana Slavina Farmer, jana.farmer@wilsonelser.com

**FROM:** Peter Trippi

**RE:** Subpoena to testify at a deposition in a civil action
(no. 18-cv-00993-RA-SLC)

I returned to New York City last night (October 6) to find this subpoena lying on the floor at my apartment door. The document directs me to participate in a Zoom deposition today (October 7) at 3:00 pm. I am headed out of New York this morning (for another business trip) and will actually be in transit at 3:00 pm today.

Therefore, the Zoom deposition needs to be rescheduled. Please suggest several alternative dates/times (far enough ahead so that I can prepare properly). I will respond as soon as possible; my travel schedule is very heavy this month.

Thank you.

Plaintiff's Evidence 000495

EXHIBIT #14

Annmarie Trombetta
7412 12th Avenue
Brooklyn N.Y. 11228

Health Aid
Doctor Riley
1-836-7431

Officer John
236-6040

Sargent B.
680-1676

OUR LADY'S AWARD BROOKLYN

GREATER NEW YORK