In The United States District Court For Southern District of New York

Annamarie Trombetta,

Plaintiff,

vs.

Norb Novocin, Marie Novocin,

Estate Auctions Inc.
and

WorthPoint Corporation

Defendants

Civil Action No. 18-cv-0993-RA-HBP

PLAINTIFF'S PROPOSED MOTION TO FILE UNDER SEAL DEFENDANTS REDACTED AND CONFIDENTIAL DOCUMENTS PRODUCED TO PLAINTIFF IN DISCOVERY

PLAINTIFF'S REQUEST TO THE HONORABLE JUDGE SWAIN TO FILE UNDER SEAL WORTHPOINT'S CONFIDENTIAL COPY OF THE TITLED TROMBETTA TERAPEAK EXTRACT PRODUCED OF PLAINTIFF'S BIOGRAPHY AND THE REDACTED SUB LICENSING DISCOVERY DOCUMENTS.

WORTHPOINT FAILED TO PRODUCE THE NAME/COMPANY OR ANY LICENSING AGREEMENT DURING DISCOVERY. WORTHPOINT PRODUCED A 2009 SUB LICENSING AGREEMENT. PLAINTIFF ADDRESSED THE LICENSING AND SUB LICENSING AGREEMENTS ON AUGUST 29, 2022 IN ECF 274 FOR WORTHPOINT'S CLAIM " © Copyright work licensed by WorthPoint"

Plaintiff, Annamarie Trombetta, is requesting permission from The Honorable Judge Laura Taylor Swain, to file under seal. Discovery documents relevant to Your Honor's December 13, 2023 Order in ECF 528. In accordance with Your Honor's newly updated rules on December 14, 2023, I sets forth my Proposed Motion to file Discovery files produced by Defendants.

Plaintiff's request to file under seal is reasonable due to the fraudulent claims which is the basis for my lawsuit. The numerous public false statements and claims made by WorthPoint Corp. and proof of WorthPoint's willful denial of the fake 1972 link being on WorthPoint's website in 2015 is evidenced in Plaintiff's Evid. 000016 **EXHIBIT #1**. WorthPoint intentionally and repeatedly chose to lie as opposed to simply remove and rectify its false public claims.

Throughout litigation, WorthPoint's Discovery had many contradictions and inconsistent statements, dates, facts exemplifying Defendants propensity to repetitiously create perfidious statements. Defendants have changed the material facts and dates and /or given two different responses to the same request ; thus producing obvious, lies. My legal action commenced to protect my personal/professional brand and identity, resulting in tremendous losses, needlessly consuming eight years of my life, while concurrently blocking me from pursuing my art career.

Both Defendants failed to identify the artist who painted the 1972 oil painting" Man With Red Umbrella". There is no acquisition history or provenance for the 1972 painting. I note in my Court filings, WorthPoint's online "1972 Man With Red Umbrella" webpage truncated my biography mid sentence. Conversely, during Discovery, WorthPoint produced an alleged download of the 1972 oil painting webpage titled "trombetta-terapeak-extract" in WP00038 to WP00040 which begins with the Estate Auction Inc information that is unethically conjoined to my entire biography from my website. WorthPoint marked this evidence "Confidential". My full biography always had a © symbol and statement "*All work on this site are ©Annamarie Trombetta. All rights reserved*" on my website. My site is public and not the "Confidential" property of WorthPoint and was never licensed to Terapeak. During Discovery in ECF 274, I

logically requested the Terapeak licensing agreement which WorthPoint failed to produce. Plaintiff is requesting permission to produce the "Confidential " "trombetta-terapeak-extract" in WP00038 to WP00040 and WorthPoint's redacted 2009, "Confidential " sub licensing agreement WP00008 to WP000035 and request WorthPoint to produce its unredacted copy.

Described below with supporting exhibits are twelve examples of WorthPoint Corporation propensity and pattern to produce false, confusing and contradictory statements which is the crux and basis for my case, the willful production of **fraud.** There are twelve incidences which clearly prove and reveal WorthPoint's pattern to create false, illogical and/or non existent facts. It is an ongoing habit and dangerous to the Plaintiff. WorthPoint's duplicitous responses and consistent changed facts and dates supports my request to file under seal. WorthPoint failure to produce "Confidential "Discovery and or licensing agreements enables concealment of its fraud.

**TWELVE EXAMPLES OF WORTHPOINT'S CONTRADICTIONS, FALSE FACTS AND DATES RELATED TO PLAINTIFF'S LAWSUIT IN NEW YORK LAWSUIT**

**1-** In August 26, 2022, WorthPoint's attorneys set forth a letter to the Court in ECF 273- see **EXHIBIT #2.** Ms. Farmer addressed Plaintiff's interrogatory " *To state the date and year that WorthPoint downloaded the 1972 eBay Estate Auctions Inc. Ad for the Original Oil entitled "Man with Red Umbrella."*. Ms. Farmer written response was : *"As previously explained to Plaintiff numerous times, WorthPoint does not have this information and can only speculate as to when the download occurred.*" Four months earlier, WorthPoint's attorneys on April 8, 2022 produced to Plaintiff **WP000132** in **EXHIBIT #3** . WorthPoint produced an email from Jason Packer in 2016 to Gregory Watkins stating *"the false 1972 "Man With Red Umbrella" painting webpage was added to WorthPoint's website on March 5, 2013.* This same date produced by WorthPoint was used and documented in another copyright infringement lawsuit against WorthPoint in the year 2015. In Rosen vs Terapeak on page 5, **EXHIBIT#4** it states : *"• Infringing items were still available on WorthPoint's website when the FAC was filed on*

*<u>March 5, 2013 (id. ¶ 24).</u>* Mr. Rosen's case confirms WorthPoint wanton and willfully defiance to remove Mr. Rosen's infringed copyrighted photos during Mr. Rosen's lawsuit. In my case, I found the false 1972 internet link in August 2015, weeks after I made a first and one time bid on eBay's website in June/July 2015. At no time prior did I not see the 1972 post in 2013/2014. I remind Your Honor the alleged eBay sale of the 1972 painting was allegedly in Dec. 2012.

2- Plaintiff filed ECF 274 on August 29, 2022 in **EXHIBIT #5.** I tried twice to clarify the date and year of March 5, 2013 in WorthPoint's Discovery evidence in **WP000132,** which contradicts the willful denial by WorthPoint's attorneys who assured the Court they did not know the of the day, month and year. In response to Plaintiff's letter ECF 274, Worth Point's attorneys filed ECF 276 on August 29, 2022 **EXHIBIT#6** after I filed ECF 274. Ms. Farmer second denial of WP000132 and her claim that her client did not know the date and year when WorthPoint added the false 1972 to its website was reiterated to the Court. Ms. Farmer wrote : *<u>" Moreover, we have consistently explained to Plaintiff, and again advise the Court, that WorthPoint does not have the information Plaintiff requests regarding the date and year that WorthPoint downloaded the subject eBay results. We cannot make something up that does not exist, and WorthPoint has fully complied with its discovery obligations.</u>* " The two different responses by WorthPoint demonstrates intent to commit concealment and fraud. Defendants willful confusion caused delays and burdens for me. My experts could not write reports for a time consuming task a week before Christmas 2022, all due to Defendants' strategic delays.

3- On August 26, 2022, Defendants set forth a letter to the Court, ECF 273 in EXHIBIT #1. Ms. Farmer's response to Plaintiff's Interrogatory requested WorthPoint *" To name WorthPoint's Licensing Partner at the time when WorthPoint downloaded the 1972 eBay Estate Auctions Inc. Ad for the Original Oil entitled "Man with Red Umbrella" which WorthPoint's attorneys allege is ONLY one licensing partner".* Ms. Farmer's response was *<u>" This again is the same company whose name appears on page 1, first full paragraph, line 2 (Bates</u>* ***<u>WP000008)</u>*** **<u>EXHIBIT #7</u>** *<u>of</u>*

*the confidential licensing agreement for eBay data that WorthPoint produced. We will avoid restating this name herein as this is a public filing and the agreement is confidential."* Plaintiff notes to Your Honor, WorthPoint's attorneys response in WP0008 is the name of a "sub licensing company" which is not Terapeak. The year on ***Bates WP000008*** for the sub licensing company is from 2009, which is four year before WorthPoint alleges the " 1972 Man With Red Umbrella" information was added to WorthPoint's website on March 5, 2013. In Plaintiff Evid. 001008 **EXHIBIT#9-B**, I asked Mr. Watkins how long the 1972 information on WorthPoint's website. Mr. Watkins stated the year was 2013. Again this is four years after WorthPoint's sub licensing agreement dated 2009 on WP00008 in EXHIBIT#7.

4- Plaintiff also notes in the Rosen vs Terapeak 2015 case on page 1, WorthPoint claims " *WorthPoint also maintains that it obtained the data for its listings from co-Defendant Terapeak, Inc., a Canadian company, and that it has no agreement with eBay, Inc. ("eBay"). (Id. ¶ 7; Supplemental Declaration of William Seippel ¶ 7 (Docket No. 41-3)). WorthPoint further represents by declaration that the eBay servers from which it obtains its data are not located within California".* The Rosen vs Terapeak lawsuit case ended in April 2015. Four months later, Plaintiff's found the false WorthPoint 1972 listing under my name in August 1, 2015. It is a logical deduction that the source and company of the fraudulent 1972 oil painting data would be Terapeak. Secondly, WorthPoint's webmaster, Mr. Watkins communicated to Plaintiff during my February 3, 2016 phone call and named "Terapeak was the source of the false 1972 ad seen in **EXHIBIT#8 Plaintiff's Evid 000998 , 000999, 001000 and 0010001.**

5- In Rosen vs Terapeak dated April 28, 2015, on page 1 EXHIBIT#4 it states : *" WorthPoint obtained the data from the \ eBay.com auctions through a license with Defendant Terapeak, Inc. (Id. ¶ 7). Currently, Worthopedia contains more than a billion images. (Id. ¶ 6)"*

As aforementioned, Plaintiff notes the name of Terapeak was documented in my February 3, 2016 phone call with Mr. Watkins and named Terapeak, which is also in the 2015 case Rosen

vs. Terapeak. Moreover in my August 29, 2022 letter , in ECF 274, I defined the difference between a licensing agreement and a sub licensing agreement to WorthPoint's attorneys and Magistrate Judge Sarah Cave in order to clarify why and note WorthPoint's failure to produce their licensing agreement with Terapeak. Again Plaintiff's ECF 274 is attached in EXHIBIT#5.

6- Plaintiff notes to Your Honor in Plaintiff Evid. 001007- 001009 in **EXHIBIT#9 A-B-C** from my February 3, 2016 phone call transcript with WorthPoint's Webmaster, Gregory Watkins, these pages documents my request for the false 1972 post be taken down immediately. On 001007, Mr. Watkins gave me the email address of Will Seippel and also informed me Mr. Seippel at a conference for a few days in Las Vegas. On 001008 it is documented that Mr. Watkins response to the year when the false post was uploaded to WorthPoint's website as 2013. On February 17, 2016 and and February 20, 2016 I was able to access the false 1972 post still on the internet. On February 20, 2016, I contacted by email Will Seippel who replied that WorthPoint "*would take down*" the false 1972 internet post documented in **EXHIBIT#10.**

7- On the February 3, 2016, during my phone call with Webmaster Gregory Watkins, he requested Plaintiff's email address which is in Plaintiff's Evid 001008-001009 in **EXHIBIT#9-B -C**. Plaintiff's email address *trombettaart@yahoo.com* was the only address used and given to WorthPoint. In addition to this, I testified that I never gave my website email address *annamarie@trombettaart.com* to WorthPoint at any time. It is in Plaintiff's August 30, 2022 Deposition, on page 178, in **EXHIBIT#11.** Plaintiff produced my February 3, 2016 phone call with Webmaster Gregory Watkins in April 2022 aside from my August 30, 2022 deposition statement. Despite confirming twice that my website email was never used to contact WorthPoint, five months later, on January 19, 2023, Jason Packer 's Declaration falsely designated my website email address *annamarie@trombettaart.com* falsely claiming I used this address look up the price of fraudulent 1972 oil painting-See below. Mr. Packer's failed to produce any emails from *annamarie@trombettaart.com* to WorthPoint. Since 2018, all my filed

> 19. According to WorthPoint's log of price lookups (a true and correct screenshot of which is annexed hereto as Exhibit 3 and Figure 10 below) made from the price guide detail page, only two users made those requests for the artwork described in the subject URL. Upon information and belief, annamarie@trombettaart.com is plaintiff's email address, meaning that one of the two users looking up the price for the subject painting was plaintiff herself. Upon information and belief, the other visitor, with an address of Simianarts@cs.com appears to have been plaintiff's friend.

documents with the Court have my trombettaart@yahoo.com email address. WorthPoint has again produced false evidence and data based on an email I never used to contact them.

8- In Ms. Stricchiola 's expert report in No. 4 she claims that she reviewed Mr. O'Leary's December 25, 2022 Declaration, she incorrectly stated that my expert Patrick O'Leary wrote a Declaration on December 25, 2022 which is Christmas Day. Mr. O'Leary wrote an Affidavit which is written on several pages. WorthPoint's expert failed to accurately access the date and title of Mr. O'Leary's December 5, 2022 Affidavit. Plaintiff asks Your Honor to consider if Ms. Stricchiola read Mr. O'Leary's Affidavit and if her opinions are based on truthful or accurate assessments, given her two obvious written mistakes. WorthPoint's attorneys submission clearly did not check or change her mistakes and are now documented. In Ms. Jessie Stricchiola 's expert report No. 23 she falsely asserted that these printer time stamps on Plaintiff's evidence are unreliable indicators of the webpage. She also falsely asserts that they can be manipulated however she does not explain how such manipulation, as she alleges can occur. She also falsely asserts Google is the reason why the false 1972 internet posting was still online in May 2017. In Plaintiff's Evid. 0000001 thru 0000014 which I produced to Defendants and the Court, it details instruction from Google's website titled Remove Outdated Content" and how to permanently remove from Google website data. Google is not permitted to remove webpages and or content from a website. It was WorthPoint's responsibility to permanently remove the false 1972 webpage from its website and to prevent it from appearing on Google.

**EXAMPLES OF WORTHPOINT'S CONTRADICTIONS, FALSE FACTS AND DATES IN WORTHPOINT'S LAWSUIT IN GEORGIA BASED ON MY LAWSUIT IN NEW YORK.**

9- I note to Your Honor on December 18, 2020 in ECF 126 Judge Abrams ordered Plaintiff to mail my Summons and Complaint to the dwelling place/"abode" of Defendant, Will Seippel. On June 14, 2022, Defendants Will Seippel/WorthPoint filed a lawsuit in Fulton County Georgia. Months later, on August 30, 2022, a process server's failed attempt, to stuff WorthPoint's Ga. Summons and Complaint , in my shoulder satchel while I was on a cell phone call, stopped at a red light, led to more legal entanglements and more examples of changed material facts and dates by WorthPoint. I remind Your Honor I am not a lawyer practicing in New York or Georgia, I am an award winning artist. Despite the demands by the four attorneys in New York, Plaintiff answered WorthPoint's Ga. Summons and Complaint. Plaintiff informs Your Honor of three important facts exemplified in WorthPoint's Georgia case and the same changing of material facts and dates in both Courts. This consistent changing of facts and dates in New York Federal Court was now apparent in Superior Court in Fulton County Georgia:

A- WorthPoint Corp/Will Seippel filed lawsuit in Fulton County Georgia, falsely accuses me of "abusive litigation. In early 2022, before Discovery, WorthPoint's attorneys requested I write a settlement letter. I had to write two settlement letters due to four attorneys alleged failure to see my monetary request in my first letter. WorthPoint never made any monetary offer at any time throughout litigation. On March 16, 2022 noted in ECF 214 the Settlement Conference was cancelled due to Defendants claim that it would not be productive. According to Georgia Rules O.C.G.A. §§ 13-6-11 and 9-11-68(b) (2) my willingness to write settlement letters before Discovery does not demonstrate any "bad faith". WorthPoint's willful denial to schedule a Settlement Conference negates and fails to substantiate its claim for "abusive litigation".

B- As aforementioned, I was ordered by Judge Abrams to mail my Summons and Complaint to Will Seippel's home. WorthPoint's Complaint in Fulton County Georgia changed the material

facts and dates concerning my New York lawsuit. The changes are obvious and self evident on page 3 of WorthPoint Fulton County Complaint, **EXHIBIT#12 A.** Unsurprisingly, WorthPoint pattern to change facts and dates is most evident on page 3 No.15 . The year written was 2020, when it should be 2021. Secondly, WorthPoint falsely wrote they received my mailing on Jan.1, 2020 which is New Year's Day when there is no US Postal Service. Will/Shari Seippel falsely claim they received my mailing on Jan. 4, 2020. My mailing receipt proves I sent my on January 4, 2021, Summons and Complaint to Will Seippel's home address. It was received at their address on January 11, 2021, documented in **EXHIBIT#12-B.**

C-Plaintiff never owned property, conducted business, nor has ever been in the state of Georgia. I informed Fulton County Court I am a non resident of Georgia. Judge Abrams Court ordered singular mailing is the only contact I had within Fulton County. According to Ga. Rule § 9-10-91 Fulton County Court has no personal jurisdiction over Plaintiff.

10- On September 26, 2022, Plaintiff emailed the Judge's assistant and also spoke with the clerks at Fulton County Court to clarify how my exhibits should be filed. I was directed to follow the online GaEfile instructions. The Ga online Techs advised I file each exhibit separately. Due to this misinformation, I had to file my response twice with Fulton County Court. WorthPoint's attorney in Georgia , filed an untimely, premature motion titled PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS filed on <u>October 31, 2022</u>. WorthPoint's attorney asserted Judge Abrams directive and Court ordered mailing of my Summons and Complaint to Will Seippel's home constitutes "tort" See Below. Furthermore WorthPoint wrote "torts" when there was only one mailing to Mr. Seippel ordered by a Judge. WorthPoint's lawsuit in Georgia is based my lawsuit in New York and supports my Amended Complaint for Fraud, Tort and IIED.

10.

The torts committed by Defendant were knowingly committed by Defendant within Fulton County, Georgia.

11- Despite my answer and responsive pleading filed twice on September 30th and October 5, 2022, WorthPoint's attorney filed on October 31, 2022, a Motion titled MOTION FOR ENTRY OF DEFAULT JUDGMENT IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS. WorthPoint's Ga attorney acknowledged in her caption my Answer and Motion to Dismiss. WorthPoint's attorney falsely wrote I filed Responses on November 5, 2022 which is impossible -See **EXHIBIT #13-2 pages**. Her self evident, false statements and future date of November 5, 2022 (within her Motion filed on October 31, 2022) violated Ga. Rule Superior Ct. 15 which states *" The party seeking entry of a default judgment (WorthPoint Corp.) in any action shall certify to the court the following:.... that no defensive pleading has been filed by the defendant as shown by court records"*. See Ga. R.15 in **EXHIBIT #14.** WorthPoint's attorney in Georgia, Mary Trachian Bradley of BRISKIN, CROSS & SANFORD, LLC changed the material facts and dates in the case and willfully violated Ga. Rule Superior Ct. 15. Her Motion caused the Court proceeding to be compromised by her second example to willfully change my date when I filed my responsive pleading. The Court failed to rule in writing or verbally on my Answer and Motion to Dismiss, Affidavit of Improper Service and Exhibits.

12- In March 2023, without emailing me, WorthPoint's attorneys in Ga. requested a Hearing without the Court ruling on any Responsive Pleading and Motions. The Ga. Court set a date for April 2023. The Court then cancelled and set a date for June 7, 2023. Concurrently WorthPoint's attorneys in New York failed to send me their Motion for Summary Judgment. The new due date for my New York Summary Judgment submission was on June 7, 2023, the same day as the Hearing in Georgia. I emailed the Judge's assistant and explained the sudden change but the Court in Ga refused to change the date of the Hearing. On June 7th, I informed the Judge that I was not prepared for the hearing due to working on14 filings for my Summary Judgement also due on June 7, 2023. In conclusion of the Hearing, the Judge in Ga. ordered both parties to file a Proposed Order by June 23, 2023. WorthPoint's attorney in Ga. for the third time,

changed the material facts and dates in her Proposed Order to include future dates and false claims against me. WorthPoint's attorney in Ga. falsely stated I failed to move the Court to open default judgment or pay costs which not true and evidenced in **EXHIBIT#15 Oct.5, 2022 Ga. court stamped filings with payment.** Plaintiff has inserted a portion of Ms. Trachian-Bradley's false misrepresentation of facts. Ms. Trachian-Bradley's October 31, 2022, acknowledged my responsive pleading in her titled Motion caption however in changing the date of my filing from October 5, 2022 to November 5, 2022, she falsely created grounds to unethically file for Default Judgment while concurrently committing two counts of fraud while violating Ga. Rule Superior Ct. 15 defined in EXHIBIT#14. A copy of her Proposed Order is in **EXHIBIT#16.** Moreover, WorthPoint's Ga. attorney failed to file her Proposed Order in Fulton County Court evidence in the absence of the court filing or court stamp on her Order. Her Proposed Order failed to include a reference to the June 7, 2023 Hearing as I included in **EXHIBIT#17.** Inserted below is a portion of the attorney's June 23, 2023 Proposed Order with changed facts and future dates.

**ORDER GRANTING DEFAULT JUDGMENT**

Defendant Annamarie Trombetta ("Defendant"), having been duly and lawfully served with the *Summons and Complaint* in this action on August 30, 2023 as established by Affidavit, having failed to respond thereto as required by law, this action having automatically being in default on September 29, 2023, and Defendant having failed to move the Court to open the default or pay the mandatory costs as a matter of right within 15 days of the day of default,

Plaintiff has endured an eight year ordeal despite having no existing connections to or with Estate Auctions Inc, WorthPoint Corporation, eBay or the unknown signer/ painter and the "1972 oil painting Man With Red Umbrella". The amount of emotional distress, work, pressure and burdens was doubled due to WorthPoint's willful denial to liability and their false assertions in their lawsuit in Georgia, based on one Court Ordered mailing to the home address of Will Seippel. WorthPoint's attempt to further exploit me for personal gains from 2015 through 2023

has irreparably damaged my career, health, finances and mental stability. I ask permission to file under seal current medical and financial evidence I have endured due to this ongoing litigation.

I note the same actions by Defendants to create false information prior to litigation was again repeated by both Defendants during litigation. WorthPoint attempt to create false facts and information as well as conceal information from the Court and Plaintiff has been consistent. I asks the Court to note the fact that WorthPoint has failed to produce any supporting documents or agreements that permit its false written and public claim "© *Copyright work licensed by WorthPoint*" appearing on the internet under my name from 2015 to 2017.

In Your Honor's Order in ECF 528, the request for any other evidence that was redacted to protect proprietary information was not submitted by WorthPoint's attorneys on December 18, 2023. Plaintiff, therefore, is requesting permission to file under seal, the titled " "trombetta-terapeak-extract" in WP00038 -WP00040. I also wish to file WorthPoint's redacted 2009 "Confidential " sub licensing agreement WP00008 to WP000035 and any other documents relevant to WorthPoint false, public claim "©*Copyright worklicensed by WorthPoint*". I also would like a written explanation as to why the "trombetta-terapeak-extract" in WP00038 -WP00040 is named Terapeak and is absence of a licensing agreement from Terapeak. Lastly, I ask to have WorthPoint produce the unredacted sub licensing agreement WP00008 -WP000035. Proof is the key to uncover by revealing concealing pertinent information.

Dated: December 19, 2023

Pro Se Litigant
Annamarie Trombetta
175 East 96th Street
New York, New York 10128

Respectfully Submitted,

----- Electronic Signature ------

/s/ Annamarie Trombetta December 19, 2023

-------------------------------

Annamarie Trombetta Pro Se Litigant

# EXHIBITS: PLAINTIFF'S PROPOSED MOTION TO FILE UNDER SEAL

EXHIBIT#1 Plaintiff's Evid. 000016 Nov. 2015 WorthPoint directive to contact eBay.

EXHIBIT#2 WorthPoint's attorneys August 26, 2022 letter to the Court in ECF 273.

EXHIBIT#3 WorthPoint's April 8, 2022 evidence in WP000132-date March 5, 2013.

EXHIBIT#4 Lawsuit against WorthPoint in 2015 Rosen vs Terapeak.

EXHIBIT#5 Plaintiff August 29, 2022 letter inECF 274 RE: WorthPoint's license.

EXHIBIT#6 Worth Point's attorneys letter to the Court filed ECF 276 on August 29, 2022

EXHIBIT#7 Redacted WorthPoint's sub licensing agreement Bate stamped WP000008.

EXHIBIT#8 Plaintiff's Evid. 000998 ,00099 and on 001000 and 0010001-Feb. 3, 2016 phone call transcript with WorthPoint's Webmaster, Gregory Watkins.

EXHIBIT#9 A-B-C Plaintiff Evid. 001007- 001008 001009 Feb. 3, 2016 phone call transcript with WorthPoint's Webmaster, Gregory Watkins.

EXHIBIT#10 Feb.20, 2016 email Will Seippel replied WorthPoint " *would take down*" the false 1972 oil painting internet post.

EXHIBIT#11 Plaintiff's August 30, 2022 Deposition, on page 178 no website email to WP.

EXHIBIT#12A Page 3 of WorthPoint Fulton County Complaint with false facts and dates.
#12B Postal receipt sent from NY Jan.4, 2021 received in Ga. Jan. 11, 2021.

EXHIBIT #13 WorthPoint's Oct. 31, 2022, Motion For Entry Of Default Judgment In To Defendant's Motion To Dismiss with false claim I filed it on Nov. 5, 2022.

EXHIBIT#14 Ga. Rule Superior Court 15-Rules for filing a Motion for Default Judgment.

EXHIBIT#15 Response to WorthPoint's Summons and Complaint in Ga. filed Sept 30, and Oct.5, 2022 Ga. with court stamped filings with payment.

EXHIBIT#16 Mary Trachian Bradley of BRISKIN, CROSS & SANFORD, LLC Proposed Order produced on June 23, 2023.

EXHIBIT#17 Annamarie Trombetta's June 23, 2023 Court Stamped Proposed Order page 1.

Plaintiff 000016

Annamarie Trombetta---Inquiry about Worthpoint Website---Oil Painting

From: Annamarie Trombetta (trombettaart@yahoo.com)
To: spoof@ebay.com
Cc: ippermissions@ebay.com
Date: Thursday, November 26, 2015, 10:07 AM EST

To the E Bay Staff,

My name is Annamarie Trombetta. I am an artist and I received an e-mail that informed me about a website named Worthpoint.com.

When I googled me name Annamarie Trombetta I found this Marilyn Monroe link below. At the bottom of the Maryiln Monroe link is a link to a painting that Worthpoint is stating that I painted. My biography is listed in great detail, however I did NOT paint this image.

Please review the information below. I am requesting a response as soon as possible.

Here is the e-mail that my contact forwarded to me from Worthpoint
Nov [illegible]
Anita B. replied:
Hello,
We do not buy or sell anything on the site. Rather, we buy sales records from various auction houses and sites and compile them into a price guide to help users determine the value of antiques and collectibles.
If this particular item sold on EBay, I recommend trying to contact EBay, as they may be able to provide you with the additional information you are seeking.
Kind Regards,
The WorthPoint Team
www.WorthPoint.com
(877) 481-5750

Regards,

Customer Support Team
WorthPoint, Inc.

Marilyn Monroe 1988 Vintage Michael Ochs Archive Chanel ...
www.worthpoint.com › Worthopedia™

1972 Original Oil Painting Man With Red Umbrella Signed Annamarie Trombetta yqz; Handmade New Mexican Folk Art Church Birdhouse LARGE Lark Sedona ...

WILSON ELSER

EXHIBIT #2 Page 1

August 26, 2022

Jana Farmer
Direct (914) 872-7247
Fax (914) 323-7001
jana.farmer@wilsonelser.com

**VIA ECF**
Honorable Sarah L. Cave
United States District Court
Southern District of New York
500 Pearl St., Courtroom 18A
New York, NY 10007-1312

Re: *Annamarie Trombetta v. Norb Novocin, et.al.*
Civil Action No. 18-cv-993
Our File No. 19701.00006

Dear Judge Cave:

As your Honor is aware, we represent the Defendant WorthPoint Corporation ("WorthPoint") in the above-captioned matter. Please allow this letter to briefly respond to Plaintiff's letter to the Court (both you and Judge Abrams) dated August 26, 2022. *See*, Dkt. No. 272.

Initially, earlier this week, the parties directed letters to the Court as to discovery issues plaintiff was raising. There was a typo in my August 23, 2022 letter, which was meant to read "Plaintiff raises the issue that defendants did not produce photographs of the painting that underlies the subject misattribution dispute." It appears, however, that plaintiff herself realized this is a typo as the same paragraph also stated "**Absence of photos of the eBay listing**" and "WorthPoint no longer has any such photos." For the avoidance of any doubt, WorthPoint is not in possession of any photos of the subject painting.

Concerning the issues that plaintiff asks the Court to have WorthPoint clarify again, these are supplemental interrogatories as to which the Court already ruled. Should Plaintiff want to raise this issue, it should have been subject to a Meet and Confer, yet Plaintiff continues to bother the Court without complying with the Court Rules that have been explained to her numerous times. However, to put this issue to rest, WorthPoint points out that it has in fact previously responded to plaintiff multiple times on these very issues (*see, e.g.*, WorthPoint's Response No. 5 to Plaintiff's First Set of Interrogatories; Responses Nos. 1 and 2 to Plaintiff's First Request for Production; Responses Nos. 1 and 4 to Plaintiff's Second Set of Interrogatories). For further clarity, WorthPoint points the Plaintiff to the following in response to her three pointed requests of the Court:

**(1) To name the company or source that WorthPoint used to download the "1972 eBay Estate Auctions Inc. Ad for the 1972 Original Oil entitled "Man with Red Umbrella."**

WILSONELSER

The name of this company appears on page 1, first full paragraph, line 2 (Bates WP000008) of the confidential licensing agreement for eBay data that WorthPoint produced. We will avoid restating this name herein as this is a public filing and the agreement is confidential. Should Plaintiff have a difficult time locating the name of the company pursuant to the directions set forth above, we would be happy to explain it to her in a Meet and Confer phone call.

**(2) To state the date and year that WorthPoint downloaded the 1972 eBay Estate Auctions Inc. Ad for the Original Oil entitled "Man with Red Umbrella."** As previously explained to Plaintiff numerous times, WorthPoint does not have this information and can only speculate as to when the download occurred.

**(3) To name WorthPoint's Licensing Partner at the time when WorthPoint downloaded the 1972 eBay Estate Auctions Inc. Ad for the Original Oil entitled "Man with Red Umbrella" which WorthPoint's attorneys allege is ONLY one licensing partner.** This again is the same company whose name appears on page 1, first full paragraph, line 2 (Bates WP000008) of the confidential licensing agreement for eBay data that WorthPoint produced. We will avoid restating this name herein as this is a public filing and the agreement is confidential. Again, if Plaintiff cannot locate the name pursuant to the directions above, we would be happy to identify it for her in a phone call.

WorthPoint also notes that this licensing partner was WorthPoint's only licensing partner *for eBay data during the relevant time period*, about which plaintiff was also previously advised. It is not accurate, however, for plaintiff to state that this was WorthPoint's only licensing partner, as WorthPoint partners with other auction houses for non-eBay data.

We trust that this addresses Plaintiff's request of the Court, and she can now withdraw her letter so as not to take up more of the Court's resources.

We thank Your Honor for your attention to this matter.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

/s/Jana Farmer/

Jana Farmer

cc: All counsel
Annamarie Trombetta

EXHIBIT

#2 Page 2

EXHIBIT #3

Jason Packer <jason.packer@worthpoint.com>

**take down a WP page**
2 messages

**Gregory Watkins** <greg.watkins@worthpoint.com> Wed, Feb 3, 2016 at 9:53 AM
To: Jason Packer <jason.packer@worthpoint.com>
Cc: Antoine Lyseight <antoine.lyseight@worthpoint.com>

Hi Jason,

A woman has called several times saying that a painting attributed to her that sold on eBay was not painted by her and she would like the page taken down.

Here is the link:

http://www.worthpoint.com/worthopedia/1972-original-oil-painting-man-red-48924172

She would like to know when it was posted (the date) and if there are any other photos that came with the file ... she's very unreasonable...

Please let me know what you can find out.

Thanks,

-g

--
**Gregory Watkins**
Editor
WorthPoint Corporation

t. 877-481-5750 c. 770-344-9182

WorthPoint.com :: GoAntiques.com :: MarksandLibrary.com

EXHIBIT #3

**Jason Packer** <jason.packer@worthpoint.com> Thu, Feb 4, 2016 at 9:12 AM
To: Gregory Watkins <greg.watkins@worthpoint.com>
Cc: Antoine Lyseight <antoine.lyseight@worthpoint.com>

Hi Greg,
That's removed.

It was posted 2013-03-06, and we do not have any other photos with it.

Gregory Watkins wrote:

> Hi Jason,
>
> A woman has called several times saying that a painting attributed to her that sold on eBay was not painted by her and she would like the page taken down.
>
> Here is the link:
>
> http://www.worthpoint.com/worthopedia/1972-original-oil-painting-man-red-48924172

EXHIBIT #4
Page 1

2015 WL 12724071
Only the Westlaw citation is currently available.
United States District Court, C.D. California.

Barry ROSEN
v.
TERAPEAK, INC., et al.

Case No. CV-15-00112-MWF (Ex)
|
Signed 04/28/2015

**Attorneys and Law Firms**

Peter R. Dion-Kindem, The Dion-Kindem Law Firm, Woodland Hills, CA, for Barry Rosen.

David Aronoff, Patrick James Hagan, Fox Rothschild LLP, Los Angeles, CA, for Terapeak, Inc., et al.

**Proceedings (In Chambers):** ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION [34]

Honorable MICHAEL W. FITZGERALD, U.S. District Judge

*1 Before the Court is a Motion to Dismiss Amended Complaint for Lack of Personal Jurisdiction (the "Motion") filed by WorthPoint Corporation ("WorthPoint") on March 19, 2015. (Docket No. 34). Plaintiff Barry Rosen filed an Opposition to WorthPoint Corporation's Motion to Dismiss First Amended Complaint (the "Opposition") on March 30, 2015. (Docket No. 36). WorthPoint filed a Reply Brief in Support of WorthPoint's Motion to Dismiss Amended Complaint for Lack of Personal Jurisdiction (the "Reply") on April 6, 2015. (Docket No. 41).

The Court held a hearing on Motion on April 20, 2015 and read and considered the briefing on the matter provided by the parties. For the reasons stated below the Court **GRANTS** the Motion.

**I. BACKGROUND**

Plaintiff is a photographer and brings this action for copyright infringement by Defendants, including WorthPoint, for a number of sales listing which include his photographs on popular auction website, eBay.com. (First Amended Complaint ("FAC") ¶ 8, Ex. A (Docket No. 23)). WorthPoint is a Georgia-based, Delaware corporation, which provides online resources for researching and valuing antiques, art, and other collectibles. (Declaration of William Seippel, ¶¶ 2-3. (Docket No. 34-1)). One of WorthPoint's products is Worthopedia, which provides a searchable database of auction and retail sales. (*Id.* ¶¶ 5-6). It is accessible for free at worthpoint.com. Many of the listings are from online auctions on eBay.com and often include images of the items. (*Id.* ¶ 6). WorthPoint obtained the data from the eBay.com listings through a license with Defendant Terapeak, Inc. (*Id.* ¶ 7). Currently, Worthopedia contains more than a billion images. (*Id.* ¶ 6).

Plaintiff alleges that WorthPoint has made, distributed, and publicly displayed at least six copies of his photographs on its website, worthpoint.com. (FAC ¶¶ 16-19). Plaintiff notified WorthPoint of his copyright claims, and WorthPoint purported to have removed all of the images identified by Plaintiff before Plaintiff filed this action. (Seippel Decl. ¶¶ 8-9).

In declarations filed by WorthPoint CEO William Seippel, WorthPoint represents that WorthPoint has no employees in California; has never been licensed to do business in California; and has never leased property, in, paid taxes to, or entered into contracts within California. (Seippel Decl. ¶¶ 4-5). WorthPoint also maintains that it obtained the data for its listings from co-Defendant Terapeak, Inc., a Canadian company, and that it has no agreement with eBay, Inc. ("eBay"). (*Id.* ¶ 7; Supplemental Declaration of William Seippel ¶ 7 (Docket No. 41-3)). WorthPoint further represents by declaration that the eBay servers from which it obtains its data are not located within California. (Seippel Supp. Decl. ¶ 6). Seippel also states that WorthPoint has confirmed that no one other than Plaintiff has accessed the postings with Plaintiff's photographs in California. (*Id.* ¶ 9).

**II. EVIDENTIARY OBJECTIONS**

The parties submitted declarations in support of the positions articulated in their briefs. WorthPoint submitted a declaration from its CEO William Seippel with both its Motion and Reply. (Docket Nos. 34-1, 41-3). Plaintiff submitted a declaration of his own with his Opposition. (Docket No. 37). Plaintiff also objected to the contents of both of Seippel's declarations, and WorthPoint objected in turn to Plaintiff's own Declaration. (Docket No. 38, 43, 41-2).

Exhibit 4 Page 2

*2 The objections are largely without merit, and in some instances, puzzling. For example, Plaintiff objects to Seippel's statements in both declarations that he is "competent to testify to the matters and facts set forth below, all of which are within my personal knowledge" as an inadmissible conclusion and opinion. (Docket Nos. 38, 41). The Court agrees that the statement itself does not sanitize a declaration from an objection as to lack of foundation, but the statement itself is not objectionable. Plaintiff also objects to Seippel's statement that as CEO he is "personally familiar with the business and operations of the company, including the operation of WorthPoint's databases" for the same reasons.

A number of objections are for relevance. The Court will only consider only relevant evidence and will weigh marginal evidence accordingly. The objections as to relevance are more accurately described as objections based on Rule 403. The Court also notes that the statements in the Rosen Declaration are more similar to legal argument and conclusions.

Plaintiff also objects to statements by Seippel in his declaration that WorthPoint does not sell photographs or products available on Worthopedia and that access to the website is free apart from pricing data. (Docket No. 38 at 6). As CEO, and as stated at the beginning of his declaration, Seippel has personal knowledge of WorthPoint's corporate activity and the manner in which WorthPoint's clients interact with its website. Accordingly, the Court **OVERRULES** the objection. Similarly, the Court **OVERRULES** Plaintiff's objection to Seippel's declaration as to his company's lack of a contract with eBay and the nature of its contract with Terapeak, Inc. as Seippel established in his declaration that he is WorthPoint's CEO. That is a sufficient basis for his having personal knowledge of these significant matters of WorthPoint's business operations. Fed. R. Evidence 602; *Cf. United States v. Shumway*, 199 F.3d 1093, 1104 (9th Cir. 1999) ("the declaration itself must contain facts showing the declarant's connection with the matters stated therein, establishing the source of his or her information").

At the hearing Plaintiff again raised his objections to Seippel's declarations, primarily as to Seippel's personal knowledge of the facts on which WorthPoint relied. First, Plaintiff questioned whether Seippel, as CEO, would have personal knowledge of the location of the servers from which WorthPoint obtains its data. The Court is not convinced that the CEO of a technology company would not have personal knowledge of the internet infrastructure on which his company relies. Regardless, as explained below, the location of the servers from which WorthPoint obtains its data is not relevant to the analysis. The objection is **OVERRULED**. Second, Plaintiff questioned Seippel's personal knowledge of WorthPoint's lacking any evidence that people in California had accessed the photographs, arguing that it was hearsay testimony of statements made to him by an employee. As explained below, it is Plaintiff's burden to establish contacts with California. Even assuming Seippel did not acquire personal knowledge of the statements in his declaration, Plaintiff has not carried his burden sufficiently to suggest that his photographs are actually being viewed in California. The objection is therefore **OVERRULED** as moot.

The Court declines to address the parties' remaining objections individually, as no particular ruling would have an effect on the outcome of this Order. Accordingly, the Court **OVERRULES** the remaining objections as *moot*.

**III. LEGAL STANDARD**

Where, as here, no federal statute authorizes personal jurisdiction, the Court applies the law of the state in which the court sits. *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). California's long-arm statute, California Code of Civil Procedure section 410.10, extends to the limits of federal due process requirements, so the Court need only conduct jurisdictional analysis under federal due process. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004) (holding that placement of an unauthorized picture in advertisement in local Ohio newspaper was not directed at California so as to provide for personal jurisdiction in California). "For a court to exercise personal jurisdiction over a nonresident defendant consistent with due process, that defendant must have 'certain minimum contacts' with the relevant forum 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.' " *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310 (1945)).

*3 Plaintiff bears the burden of demonstrating that jurisdiction is proper. *See Dole Food, Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002). However, Plaintiff need only make a prima facie showing. *See Caruth v. International Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995) (stating that, when there has been no evidentiary hearing, "we only inquire into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction"). Thus, "Plaintiff need only demonstrate facts

EXHIBIT A Pg 3

that if true would support jurisdiction over the defendant." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). In considering this motion, the Court takes as true Plaintiff's allegations and resolves all factual disputes in Plaintiff's favor. *Schwarzenegger*, 247 F.3d at 800. However, the Court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Mavrix*, 647 F.3d at 1223 (quotation omitted). In addition, "mere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Fiore v. Walden*, 657 F.3d 838, 846-47 (9th Cir. 2011) overruled on other grounds by *Walden v. Fiore*, 134 S. Ct. 1115 (2014).

The Ninth Circuit has established a three-prong test for analyzing a claim of specific jurisdiction:

(1) The non-resident defendant must purposefully direct activities or consummate some transaction with the forum or resident thereof; or perform some act which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice.

*Schwarzenegger*, 374 F.3d at 802. Plaintiff bears the burden of satisfying the first two prongs; if he does, the burden shifts to WorthPoint to present a "compelling case that the exercise of jurisdiction would not be reasonable." *Mavrix*, 647 F.3d at 1228 (internal citations and quotation marks omitted).

A. Purposeful Direction

Under the first prong of the specific jurisdiction test, Plaintiff must establish that WorthPoint either purposefully availed itself of the privilege of conducting activities in California, or purposefully directed its activities toward California. *See Schwarzenegger*, 374 F.3d at 802. The Ninth Circuit distinguished between "purposeful availment" and "purposeful direction" in *Schwarzenegger* 374 F.3d at 801. An availment analysis, typically used in suits sounding in contract, looks for "evidence of the defendant's actions in the forum, such as executing or performing a contract there." *Id.* at 802. A direction analysis, most often used in suits sounding in tort, looks for "evidence of the defendant's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere." *Id.* at 803. The Court will use the "purposeful direction" analysis because a copyright action is more similar to a tort suit than one sounding in contract. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) ("the underlying action is copyright infringement, which is often characterized as a tort. Purposeful direction is therefore the proper analytical framework in this case.") (citing to *Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc*, 106 F.3d 284, 289 (9th Cir. 1997), *overruled on other grounds by Feltner v. Columbia Pictures*, 523 U.S. 340 (1998) (likening willful copyright infringement to an intentional tort)).

In analyzing purposeful direction, the Court applies the "effects" test first established by the Supreme Court in *Calder v. Jones*, 465 U.S. 783 (1984). *See Schwarzenegger*, 374 F.3d at 803. According to this test, WorthPoint must have (1) committed an intentional act, which was (2) expressly aimed at the forum state, and (3) caused harm that the defendant knows is likely to be suffered in the forum state. *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006).

1. Intentional Act

*4 The Ninth Circuit has construed intent as referring to "an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act." *Brayton Purcell LLP*, 606 F.3d at 1128. WorthPoint does not contest this part of the test, and the Court determines that WorthPoint committed an intentional act if, as alleged, it uploaded listings containing the allegedly infringing images to its website. *Id.* (finding that intentional act requirement was "easily satisfied" in copyright infringement actions).

2. Express Aiming

The second prong of the *Calder* effects test is whether WorthPoint expressly aimed its conduct at the forum. The Ninth Circuit has explained that " 'something more' than mere foreseeability [is required] in order to justify the assertion of personal jurisdiction," *Schwarzenegger*, 374 F.3d at 805; that "something more" is "what the Supreme Court described as 'express aiming' at the forum state." *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006)

EXHIBIT 4 Page 4

(holding that maintaining a purely passive website was not sufficient to show purposeful direction to California sufficient to establish personal jurisdiction in that forum) (quoting *Bancroft*, 223 F.3d at 1087). It is "beyond dispute in [the Ninth Circuit] that maintenance of a passive website alone cannot satisfy the express aiming prong." *Mavrix*, 647 F.3d at 1229 (quoting *Brayton Purcell*, 606 F.3d at 1129); *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir. 2007) ("We consistently have held that a mere web presence is insufficient to establish personal jurisdiction.").

Courts in the Ninth Circuit assess the nature of a website in determining the likelihood that the defendant is subject to personal jurisdiction under the *Calder* effects test. *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419 (9th Cir. 1997) ("the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet.") (quoting *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Penn. 1997)). However, the mere maintenance of an interactive website, without consummated commercial activity, is not sufficient to establish specific jurisdiction over Defendant. *Life Alert Emergency Response, Inc. v. Lifealert Sec., Inc.*, No. CV-08-3226 AHM, 2008 WL 5412431, at *4 (C.D. Cal. Dec. 29, 2008) (determining personal jurisdiction did not attach to Canadian company despite claims that defendant should have known its infringement of U.S. trademark would harm plaintiff in California because there was no evidence presented that it had "singled out California").

### 3. Foreseeability

Plaintiff must also show that WorthPoint's actions resulted in harm that was foreseeably felt within the jurisdiction. *Bancroft*, 223 F.3d at 1087. It is well-established law, however, that foreseeability without something more is insufficient to establish that a defendant purposely directed its conduct at a foreign forum. *Pebble Beach*, 453 F.3d at 1156 ("we have warned courts not to focus too narrowly on the test's third prong—the effects prong—holding that 'something more' is needed in addition to a mere foreseeable effect") (citing *Bancroft*, 223 F.3d at 1087).

### II. Claims Arise from the Forum-Related Activity

A court's exercise of specific jurisdiction is also limited to claims that arise directly from a defendant's forum-related activity. For the second prong, Plaintiff must therefore establish that it is WorthPoint's activity directed at California that gives rise to his claims. *Bancroft*, 223 F.3d at 1088 ("The second requirement for specific jurisdiction is that the contacts constituting purposeful availment must be the ones that give rise to the current suit."). Courts measure this requirement in terms of "but for" causation. *Id.*

### C. Whether the Exercise of Jurisdiction is Reasonable

*5 If a plaintiff makes a showing on the first two prongs, the burden shifts to the party challenging personal jurisdiction to make a "compelling case" that the Court's exercise of jurisdiction would be unreasonable under principles of due process. In determining whether the exercise of jurisdiction comports with "fair play and substantial justice," and is therefore "reasonable," the Court considers seven factors under Ninth Circuit case law: (1) the extent of the defendants' purposeful injection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Dole Food*, 303 F.3d at 1114.

## IV. DISCUSSION

WorthPoint argues that this Court does not have specific personal jurisdiction over it because it lacks sufficient minimum contacts with the State of California. It is a Georgia-based company that is not licensed to do business in California and has no offices or facilities in California. WorthPoint also argues that while its website is accessible in California, and even has some California users, it is not directed in any particular way at California, or Plaintiff.

While Plaintiff does not specifically address the elements of the *Calder* effects test under that name, he does make a number of allegations that are relevant to the Court's inquiry. Plaintiff alleges that:

- Unauthorized copies of his photographs are accessible from within California on WorthPoint's website (FAC ¶¶ 4, 16-19);
- Discovery will demonstrate that WorthPoint has many subscribers in California (Rosen Decl. ¶¶ 19-21);
- WorthPoint has license agreements with eBay (*id.* ¶16);

Date March 5, 2013

- WorthPoint is a "broadcaster" whose broadcasts are sent across the world and California over the internet, and so it could reasonably foresee that its actions would result in access to people in California resulting in damage to people in California (*id.* ¶ 16);
- WorthPoint promotes its services across the internet and discovery will show that WorthPoint directs its advertising efforts to residents of California (*id.* ¶ 21);
- WorthPoint's services relate to collectables, and relevant to this case, entertainment collectibles related to the forum of Los Angeles, California (*id.* ¶ 20);
- WorthPoint has an app available from California-based Apple's App Store (*id.* ¶ 22);
- Infringing items were still available on WorthPoint's website when the FAC was filed on March 5, 2013 (*id.* ¶ 24).

Date

Plaintiff does not clearly apply these factual allegations to the law, but the Court views Plaintiff as presenting four arguments as to why WorthPoint is subject to personal jurisdiction in California. ***First***, WorthPoint directed harm at him in California by infringing his copyright. ***Second***, WorthPoint has expressly directed itself to California through advertising its products to citizens of the state. ***Third***, WorthPoint's interactions with its known customers in California constitute sufficient minimum contacts to establish personal jurisdiction. ***Fourth***, WorthPoint has a number of other contacts with California that are sufficiently associated with its allegedly wrongful conduct to justify this Court exercising its jurisdiction over WorthPoint.

The Court applies the framework for analyzing personal jurisdiction under Ninth Circuit law to each of Plaintiff's arguments below and determines that Plaintiff fails to establish a prima facie case against WorthPoint on both the first and second prongs of the test for personal jurisdiction.

### A. Copyright Harm Felt by Plaintiff in California

Plaintiff argues that because WorthPoint was aware of his existence and his presence in California, WorthPoint has directly aimed its activities at California and so is subject to personal jurisdiction in the forum.

*6 Plaintiff is correct that Ninth Circuit precedent provides for a finding of personal jurisdiction in the plaintiff's forum where a defendant willfully infringes the intellectual property rights with knowledge of the plaintiff's place of residence. *See Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 679 (9th Cir. 2012) (holding that sporting goods store was subject to personal jurisdiction in Washington state for sale of infringing goods after receiving notice from Washington resident despite sales all occurring in Alabama); *see also Columbia Pictures Television*, 106 F.3d at 289 (finding that the purposeful availment requirement of the specific jurisdiction test was satisfied where the defendant had "willfully infringed copyrights owned by Columbia, which, as [the defendant] knew, had its principal place of business in [the forum]"); *Amini Innovation Corp. v. JS Imports, Inc.*, 497 F. Supp. 2d 1093, 1107 (C.D. Cal. 2007) (interactive commercial website with no sales to California was not sufficient to establish personal jurisdiction, but knowledge of plaintiff's presence in California and allegations of willful infringement was sufficient to show purposeful direction of activity to California).

The court in *Washington Shoe* explained that the "something more" required from a merely foreseeable effect is "express aiming" by the defendant, which requires a showing that the defendant "engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." 704 F.3d at 679 (quoting *Dole Food*, 303 F.3d at 1111). The court held that the "impact of a *willful* infringement is necessarily directed" at the place where the copyright is held. *Washington Shoe*, 704 F.3d at 678 (emphasis in original).

However, Plaintiff's allegations are not sufficient to establish such direction. WorthPoint may have been on notice as to Plaintiff's copyright claims prior to his filing this action. However, WorthPoint's actions in failing to remove every instance of Plaintiff's photographs from the billion it has on its servers does not constitute an act purposely directed, or "individually targeting" Plaintiff in his forum of residence sufficient to establish personal jurisdiction. *Bancroft*, 223 F.3d at 1087 ("express aiming encompasses wrongful conduct individually targeting a known forum resident"); *see also Golden Scorpio Corp. v. Steel Horse Saloon I*, No. CV-08-1781-PHX-GMS, 2009 WL 348740, at *8 (D. Ariz. Feb. 11, 2009) ("just because the defaulted defendants each had received a cease and desist letter and were therefore aware of the existence of Plaintiff in Arizona, does not transform their acts into acts expressly aimed at Arizona"); *see also Walden v. Fiore*, 134 S. Ct. 1115 (2014) ("For a State to exercise jurisdiction consistent with due process,

the defendant's suit-related conduct must create a substantial connection with the forum State").

Plaintiff also makes no allegations that WorthPoint has misused his intellectual property with the purpose of disrupting his business within the forum, such as those made by the plaintiffs in *Brayton Purcell* for copyright infringement of marketing materials by a competitor law firm. 505 F.3d at 1129–30. *See also Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 609, n.4 (9th Cir. 2010) (holding that plaintiff's argument that defendant targeted his business interests in California because his career was based in California "is not supported by facts" and so fails to establish personal jurisdiction).

Further, the Court is skeptical that such an analysis remains good law in light of the Supreme Court's decision in *Walden v. Fiore*, 134 S. Ct. 1115 (2014). The Court emphasized that the *Calder* analysis must focus on the defendant's wrongful acts directed at the forum, rather than the effect those acts have on a plaintiff in their place of residence. The relevance of the *Walden* decision – relating to an unreasonable search and seizure by a police officer while plaintiffs were traveling – to a copyright claim, was not briefed by the parties. The disparate impact of the harm caused by copyright infringement might justify an exception to the rule, consistent with *Washington Shoe*. The *Walden* Court also noted that the dispute did "not present the very different questions whether and how a defendant's virtual 'presence' and conduct translate into 'contacts' with a particular State." *Id.* at 1125, n.9. However, because Plaintiff fails to meet even the requirements under current Ninth Circuit precedent, the Court need consider the effect of *Walden* on that precedent.

*7 Plaintiff's argument that WorthPoint is subject to jurisdiction in California because of its allegedly targeting of Plaintiff is unpersuasive because Plaintiff fails to allege sufficient facts to show that by failing to stop using eBay photographs and remove every one of Plaintiff's photographs, WorthPoint was purposely targeting Plaintiff in California. Plaintiff's argument that WorthPoint is subject to personal jurisdiction in it infringed the copyright of a California resident fails to satisfy the express aiming prong of the *Calder* effects test.

**ii. Advertising its Services to California Residents**

Plaintiff also alleges that WorthPoint advertises its services "via numerous advertising, promotions and press releases that can be found all over the internet." (Opp. at 4; Rosen Decl. ¶ 21). Plaintiff further claims that discovery will indicate that WorthPoint "does direct its advertising efforts to residents of California." (Opp. at 4; Rosen Decl. ¶ 21). Such claims, however, are entirely conclusory and speculative, and are not sufficient for Plaintiff to carry his burden of establishing that WorthPoint directly targets its services to residents of California.

In *Mavrix Photo Inc. v. Brand Technologies, Inc.* The Ninth Circuit held that an Ohio-based online magazine was subject to personal jurisdiction in California when it posted images owned by a California-based plaintiff on its nationally prominent website. 647 F.3d at 1229. Plaintiff's reference to the case and the apparently related allegations in the FAC and Rosen's Declaration, however, do not persuade the Court of the similarities in the two cases to warrant a finding of personal jurisdiction.

The *Mavrix* court ruled that the record showed that Brand had used its photos "as part of [Brand's] exploitation of the California market for its own commercial gain." The court also noted that while it found Brand's exploitation of the California market to satisfy the "expressly aimed" prong of the test, this was not alone sufficient, and also considered the harm Brand's publication of the photos caused. It concluded that publication of the photos "destroyed their market value" and caused harm not only in Florida, Mavrix's principal place of business, but also in California because a "significant number of Californians" would have purchased Mavrix's publications to gain access to the photos, which constituted a "jurisdictionally significant" amount of harm. *Id.* at 1232.

Plaintiff's allegations are distinguishable from the facts of Mavrix in two significant ways. ***First***, Plaintiff fails to articulate that WorthPoint directs its website at California, or relies on California business, in a way similar to Brand's exploitation of the California market. ***Second***, Plaintiff fails to articulate how the allege copyright violation has actually affected him, or caused him harm, in the way that Brand's publication of the photographs harmed Mavrix in California.

Plaintiff's allegations as to WorthPoint's directing activity to California comprise no more than general statements that material online is available in California, and that WorthPoint is likely targeting California because of its size and affinity with technology. This is not enough to carry Plaintiff's burden to show that WorthPoint has purposely directed itself to California rather than to the world at large.

Ex# (B) # 7 Page 7

C. WorthPoint's California Customers

Plaintiff claims that WorthPoint has California customers and argues that this indicates that it has purposely availed itself of, and has purposely directed itself to, California. WorthPoint does not deny that it has California customers, including paying customers, but argues that Plaintiff has failed to establish that any infringing activity occurred in connection with those customers. The only purportedly infringing activity is that created by Plaintiff himself. (Seippel Suppl. Decl. ¶ 9).

*8 Plaintiff does not argue that WorthPoint is subject to general jurisdiction within California. Therefore, he must allege a connection between the contacts WorthPoint has with California and its allegedly wrongful activity. *Walden*, 134 S. Ct. at 1121 ("the defendant's suit-related conduct must create a substantial connection with the forum State [and] must arise out of contacts that the 'defendant himself' creates with the forum State."). Plaintiff fails to allege any instances of infringement within California.

As a number of courts have explained, personal jurisdiction will not be based solely on a plaintiff's own interactions with a foreign entity. *See Adobe Sys. Inc. v. Trinity Software Distribution, Inc.*, C 12-1614 SI, 2012 WL 3763643, at *6 (N.D. Cal. Aug. 29, 2012) (holding that the only evidence of a sale of the allegedly infringing software in California was plaintiff's, which is insufficient to establish "express aiming"); *NuboNau, Inc. v. NB Labs, Ltd.*, 10cv2631 LAB, 2012 WL 843503, *3 (S.D. Cal. Mar. 9, 2012) (finding lack of personal jurisdiction after allowing jurisdictional discovery; noting "[t]his kind of orchestrated purchase [of defendant's product by plaintiff] cannot give rise to personal jurisdiction.").

Plaintiff argues that because WorthPoint "broadcasts" its services, including Plaintiff's photographs online, it "could reasonably foresee that its actions would result in access to persons in California" including, presumably customers in the state. (Opp. at 4). However, such a general statement, without more is insufficient under clearly established Ninth Circuit law. *Mavrix*, 647 F.3d at 1229 (it is "beyond dispute in [the Ninth Circuit] that maintenance of a passive website alone cannot satisfy the express aiming prong."). Plaintiff fails to articulate how WorthPoint has specifically targeted him in California.

*Amini Innovation Corporation v. JS Imports* is particularly instructive on this point. 497 F. Supp. 2d 1093 (C.D. Cal. 2007). In *Amini*, the plaintiff argued that the defendants' retail website was sufficiently interactive and directed at California to warrant finding personal jurisdiction over an out of state retailer with no other contacts with California. The court rejected the argument, noting that there had been no sales of the allegedly infringing furniture into California apart from one instigated by plaintiff's counsel. The Court sees no difference to the present case, except that where in *Amini* the infringing materials were clearly available and all specifically directed for commerce, the materials here sit passively in WorthPoint's database and are only accessed by a user requesting a particular set of listings, further limiting the notion that WorthPoint is purposely directing its purportedly wrongful acts at California. (Seippel Decl. ¶ 10).

Plaintiff fails to connect the allegedly infringing conduct with any activity in California. Plaintiff only argues that the photographs have been publicly displayed to people within California. However, WorthPoint's declarations show that the photographs are in fact stored in a database and are only available should particular users call them up through a search on Worthopedia, unlike the pictures published on magazine websites or similar blogs which are displayed to all visitors to the site. Therefore a visitor from California – which WorthPoint does not dispute it has does not necessarily – or even probably given the number of listings on Worthopedia – view the allegedly infringing photographs. Plaintiff presents nothing to the Court to even suggest that any person other than he and his counsel have accessed them. The mere availability of the photographs through a website accessible from California is insufficient to establish personal jurisdiction.

D. WorthPoint's Other California Contacts

*9 Plaintiff also alleges a variety of other contacts WorthPoint has with California in support of his argument that WorthPoint has availed itself "of the privilege of doing business with California entities and person." (Opp. at 4). These allegations include WorthPoint's app available on the Apple App Store, run by California-based Apple, Inc.; WorthPoint's use of eBay servers in California to obtain Plaintiff's photographs; and WorthPoint's purported license from eBay, Inc. (Opp. at 4).

Plaintiff does not allege how the WorthPoint app relates to his claims against WorthPoint. Further, using this as a basis for personal jurisdiction would drastically increase the scope of personal jurisdiction in the California courts. Absent binding authority to that effect, such an expansion

Exhibit #4 Page 8

is not warranted on the facts alleged in the present case. *See, e.g., DFSB Kollective Co. v. Bourne*, 897 F. Supp. 2d 871, 884 (N.D. Cal. 2012) (rejecting argument that posting copyrighted songs online subjects a defendant to personal jurisdiction in California because of lost revenue to non-party Apple, Inc. through its iTunes store because it "would lead to an unprecedented expansion of personal jurisdiction in California [to] any person who illegally offers copyrighted songs on the Internet for commercial gain.").

The parties also have submitted competing declarations as to WorthPoint's relationship with eBay. First, Plaintiff states in his declaration "[b]y WorthPoint's own admission on its website, the images at issue in this case came from eBay and therefore were taken off of eBay's servers which I am personally aware through years of dealing with eBay, are located within California." (Rosen Decl. ¶ 10). In Seippel's Supplemental Declaration, he states that WorthPoint does not download data from eBay directly and that "[t]he eBay servers relevant to WorthPoint are operated by Akamai Technologies at its facility located within 100 miles of WorthPoint's servers. Therefore no downloading of images by WorthPoint is done in the state of California." (Seippel Suppl. Decl. ¶ 6).

The parties did not brief the relevance of the location of the servers from which WorthPoint obtains the images. However, the Court finds direction from other cases that have rejected the notion that the mere location of a server may give rise to personal jurisdiction. *See Browne v. McCain*, 612 F.Supp.2d 1118, 1124 (C.D. Cal. 2009) (refusing to exercise jurisdiction over a defendant merely because of relationship with California-based YouTube that enabled copyright claim, and rejecting argument that presence of YouTube's servers in California was sufficient to establish personal jurisdiction); *Man-D-Tec, Inc. v. Nylube Products Co., LLC*, No. CV-11-1573-PHX-GMS, 2012 WL 1831521, at *2 (D. Ariz. May 18, 2012) ("If the mere location of a server could create personal jurisdiction, any state where a server is located would have personal jurisdiction over any user of that server"); *Doe v. Geller*, 533 F. Supp. 2d 996, 1009 (N.D. Cal. 2008) ("If plaintiff's theory of jurisdiction were upheld, then the Northern District of California could assert jurisdiction over every single takedown notice ever sent to YouTube or any other company in Silicon Valley.").

Courts in other circuits have also rejected the "fortuitous" presence of a server to be relevant to a finding of personal jurisdiction. *See, e.g., Chang v. Virgin Mobile USA, LLC*, No. CIV.A.3:07-CV-1767-D, 2009 WL 111570, at *3 (N.D. Tex. Jan. 16, 2009) (Plaintiffs "cannot rely on the fortuitous location of Flickr's servers to establish personal jurisdiction over Virgin Australia") (citing *Roy v. Experian*, 2007 WL 4245459, at *3 (N.D. Tex. Nov. 30, 2007) (holding that defendant's "accessing or sending data ... to or from a database which happens to be headquartered in Texas is not purposeful availment by [defendant] of the benefits and protections of Texas' laws"); *Laughlin v. Perot*, 1997 WL 135676, at *6–*7 (N.D. Tex. Mar. 12, 1997) (finding that foreign corporation's electronically accessing consumer report in Texas could not give rise to jurisdiction in Texas)).

*10 Plaintiff also alleges that WorthPoint has a license from eBay by which it has subjected itself to California law. (Rosen Decl. ¶ 6, Ex. 4). The Court is unpersuaded that this is a jurisdictionally relevant contact that is sufficiently related to either the forum or the claims to justify exercising personal jurisdiction. The parties submit competing declarations as to whether WorthPoint has a license agreement with eBay. Plaintiff points to WorthPoint's website, which indicates that it licenses its data from eBay. (Rosen Decl. ¶ 6, Ex. 4). WorthPoint asserts that it has no contractual relationship with eBay, but rather, "WorthPoint is licensed to use eBay data; this license is based on the Terapeak agreement [and] WorthPoint has no direct license from eBay, or agreement with it." (Seippel Suppl. Decl. ¶ 7).

In considering evidence presented in a dispute over personal jurisdiction the Court must resolve any disputes in affidavits in the plaintiff's favor. *Schwarzenegger*, 347 F.3d at 800. The Court is skeptical that Plaintiff presents a true dispute given the explanation provided by Seippel in his supplemental declaration. (Seippel Suppl. Decl. ¶ 7). However, even resolving the dispute in Plaintiff's favor, he presents no argument as to why this contact with California should give rise to personal jurisdiction in this case. It is purely coincidental that eBay and Plaintiff are resident in the same state, and Plaintiff fails to argue why such a minimal contact and luck should work to have WorthPoint brought into court in California for a copyright claim. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (the " 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts") (citations omitted).

Further, given Plaintiff's allegations in the FAC as to Terapeak and WorthPoint's relationship, it is apparent that a license with eBay, purportedly subjecting WorthPoint to personal

EXHIBIT 4 Page 9

jurisdiction in California, is not a "but for" cause of Plaintiff's claims. WorthPoint has obtained the photographs without having to contract or deal in any other way with eBay, but instead through a Canadian company, Terapeak. Therefore, its contacts with California through eBay are not a "but for" cause of Plaintiff's claim and Plaintiff makes no allegations as to the nature of the license agreement.

Plaintiff fails to establish that WorthPoint's purported license with eBay is a contact sufficiently related to his claim to establish that this Court has personal jurisdiction over WorthPoint.

### E. Jurisdictional Discovery

Plaintiff requested in his Opposition, and made argument again at the hearing, for the Court to allow discovery as to facts that may show that this Court has jurisdiction over WorthPoint. The Court has "broad discretion to permit or deny jurisdictional discovery." *Lang v. Morris*, 723 F. Supp. 2d 966, 979 (N.D. Cal. 2011) (dismissing defendant for lack of personal jurisdiction where artist had not sold any paintings into California or directed her work to California). To warrant jurisdictional discovery, Plaintiff must present a "colorable basis" for such discovery. *Id.*

The Court sees no basis for granting discovery. Plaintiff provides no more than conclusory allegations as to WorthPoint's advertising or other activity directed specifically towards California. Discovery granted on this basis would amount to no more than a fishing expedition by Plaintiff. The Court has also determined that the eBay contract and location of any servers are not a basis for exercising jurisdiction and so any further discoverable facts relating to them would be irrelevant. *See Terracom v. Valley Nat. Bank*, 49 F.3d 555, 562 (9th Cir. 1995) (holding that discovery is not warranted if a plaintiff cannot "demonstrate how further discovery would allow it to contradict the [defendant's] affidavits.").

## V. CONCLUSION

*11 For the reasons stated above, the Court concludes that Plaintiff has failed to make a prima facie case for this Court's jurisdiction over WorthPoint. Accordingly, the Court **GRANTS** the Motion.

WorthPoint is **DISMISSED** from this action ***without prejudice***.

IT IS SO ORDERED.

**All Citations**

Not Reported in Fed. Supp., 2015 WL 12724071

End of Document

© 2018 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT #4
File
Page 10
WorthPoint WP0000
to WP000
PDF
CONFIDENTIAL
trombetta-terapeak-
extract.pdf
181 KB





August 29, 2022
The Honorable Judge Ronnie Abrams
United States District Court Southern District of New York
40 Foley Square, Room 2203 New York, NY 10007

The Honorable Judge Sarah L. Cave
United States District Court Southern District of New York
500 Pearl St., Courtroom 18A New York, NY 10007-1312

Re: Plaintiff's Explanation for Requesting Time Sensitive Information and Plaintiff's Requests for the Court to Direct Defendants to Clarify Dates and Definitions with Definitive Answers.

To Judge Cave and Judge Abrams:

Once again I remind the Court that I am a Pro Se Litigant. I bring forth to the Court's attention, with resolute reasoning, Defendants continued contradictions which beckons further questions that Plaintiff must ask of the Defendants. Plaintiff, during this sensitive time in the discovery period, brings to the Courts attention, the responses that were pointed out and made by Ms. Farmer in her August 26, 2022 letter. Defendants have NOT specified any time frame or dates relative to my requests. Therefore, my requests are not accurately and succinctly answered by the Defendants and the need for further requests is vital to uncovering the true facts regarding WorthPoint's rights to reproduce the Plaintiff's biographical content in the 1972 eBay ad also in WP Confidential evidence.

First, in Plaintiff August 26, 2022 letter, Doc. 271, I asked Defendants attorneys " *2) To state the date and year that WorthPoint downloaded the 1972 eBay Estate Auctions Inc. Ad for the Original Oil entitled " Man With Red Umbrella".*
In Ms. Farmer's August 26,2022 letter in Doc. 273 her reply to the Plaintiff is in the box below:

| **(2) To state the date and year that WorthPoint downloaded the 1972 eBay Estate Auctions Inc. Ad for the Original Oil entitled "Man with Red Umbrella."** As previously explained to Plaintiff numerous times, WorthPoint does not have this information and can only speculate as to when the download occurred. |
|---|

Plaintiff informs the Defendants attorneys and the Court that on or around April 8, 2022, Defendants attorneys produced WP00038 WP00039 and WP00040. In order for Defendants attorneys to produce this Confidential evidence, which is relatively old, the meta data or computer data logs has to be in existence. (Virtually all software applications and systems produce log files). Therefore, Plaintiff's request is not only within reason, it requires at least the date, year and time relative to Defendants attorneys April 8, 2022 production for the Confidential evidence known as WP00038 WP00039 and WP00040. If the data was produced the history is in the logs for the meta data.

Plaintiff notes the necessity to request of the Defendants attorneys to answer three requests :
**First ( 1 ) State or name the —Year —Month —Day and possibly the Time of day that the " 1972 Estate Auctions Inc. eBay Ad for the 1972 Original Oil entitled " Man With Red Umbrella" was POSTED on the website of WorthPoint Corporation.**

Additionally, in Plaintiff August 26, 2022 letter, Doc. 271, I asked Defendants attorneys in No. 3 : *"To name WorthPoint's Licensing Partner at the time when WorthPoint downloaded the 1972 eBay Estate Auctions Inc. Ad for the Original Oil entitled " Man With Red Umbrella" which WorthPoint's attorneys allege is ONLY one licensing partner. "*
In Ms. Farmer's August 26, 2022 letter in Doc. 273 her reply to the Plaintiff is in the box below:

| **(3) To name WorthPoint's Licensing Partner at the time when WorthPoint downloaded the 1972 eBay Estate Auctions Inc. Ad for the Original Oil entitled "Man with Red Umbrella" which WorthPoint's attorneys allege is ONLY one licensing partner.** This again is the same company whose name appears on page 1, first full paragraph, line 2 (Bates WP000009) of the confidential licensing agreement for eBay data that WorthPoint produced. We will avoid revealing this name herein as this is a public filing and the agreement is confidential. Again, if Plaintiff cannot locate the name pursuant to the directions above, we would be happy to identify it for her in a phone call. |
|---|

EXHIBIT #5 Page 2

Defendants' attorneys response to No. 3 above, requires Plaintiff to ask the Defendants attorneys two pertinent questions which explains Plaintiff's consistent requests for dates, time period sand names:

**Second (2) Set forth WorthPoint's Corporations' definition and terms for WorthPoint's "Licensing Agreements" with eBay.**

**Third (3) Set forth WorthPoint's Corporations' definition and terms for WorthPoint's " Sub Licensing Agreement" with eBay.**

Plaintiff has researched two definitions in the two boxes below. The first definition is for a Licensing Agreement and the second is the definition of a Sub Licensing Agreement. Each one is different.

> **The term licensing agreement refers to a legal, written contract between two parties wherein the property owner gives permission to another party to use their brand, patent, or trademark.**

Plaintiff definition below relates to Defendants' Bate Stamped WP000008 thru WP000035 which is relative and subject to certain periods of time, hence Plaintiff 's repeated requests to name the dates and times when the " 1972 Estate Auctions Inc. eBay Ad for the 1972 Original Oil entitled " Man With Red Umbrella" was DOWNLOADED from the alleged partner and when the 1972 EAI eBay ad was POSTED on the website of WorthPoint Corporation. Plaintiff also notes to the Court that each page, many which are redacted, of WP000008 thru WP000035 has written (Public Use).

> **A sublicense agreement is a legal document that outlines the terms and conditions where one business owner allows another party to use their intellectual property.** The original business owner, or licensor, often has the exclusive right to license specific intellectual property for a certain period of time.

For the record, Plaintiff has never had a licensing agreement or sub licensing agreement with any entity, source or company. Once again Plaintiff reminds the Court in Plaintiff's August 25, 2022 letter, Doc. 270 , the name of WorthPoint's 2016 source and downloading partner. This is different from the name set forth by the Defendants attorneys in 2022. The difference is the named downloading source, the absence of meta data and dates for the eBay ad from WorthPoint is relevant to my case.

The last issue Plaintiff needs to bring to the Court's attention is the fact that in Ms. Farmer's letter dated Friday August 26, 2022 in Doc. 273, Ms. Farmer accused the Plaintiff of making inaccurate statements. Below is Ms. Farmers full statements regarding the Plaintiff.

> WorthPoint also notes that this licensing partner was WorthPoint's only licensing partner *for eBay data during the relevant time period*, about which plaintiff was also previously advised. It is not accurate, however, for plaintiff to state that this was WorthPoint's only licensing partner, as WorthPoint partners with other auction houses for non-eBay data.

The purpose of Plaintiff's boxed inserts is to bring to the Court's attention the exact words written by the Defendants attorneys on a specific date, filed in a specific dated docket numbers in order to

Case 1:18-cv-00993-RA-SLC Document 274 Filed 08/29/22 Page 3 of 3

EXHIBIT #5 Pg 3

keep track of the Defendants statements. This is NOT possible in Meet and Confer gatherings with the Defendants. In Plaintiff's letters to the Defendants and the Court, Plaintiff's use of box inserts is a way to document in writing Defendants' responses which at times are in contradiction to prior statements or assert untrue statements as was the case in Ms. Farmer's letter in Doc. 273. The WorthPoint Defendants have consistently demonstrated giving incorrect information to the Plaintiff since the year 2015. **EXHIBIT #1 WorthPoint employee Anita Brooks dated November 16, 2016 filed in Doc. 33 on January 17, 2020.** Plaintiff use within the numerous letters to the Court is an easier means to see precisely what, how and when words and statements are presented by specific named parties. The boxed insert below is in Plaintiff's August 25, 2022 letter in Doc. 270.

> - **"Confusing" eBay licensing partner:** Plaintiff expressed confusion as to which entity WorthPoint licensed the information about the past eBay sale of the subject painting in order to be able to post this information on WorthPoint's website. WorthPoint clarified to plaintiff that the name and address of its licensing partner appears on page 1 (Bates [illegible]) of the confidential licensing agreement for eBay data that WorthPoint produced. WorthPoint clarified that this is the only licensing partner for eBay data that WorthPoint had during the relevant time period. WorthPoint also clarified that online research into the name of the licensing partner will reveal any former or subsequent names, which is likely further alleviate plaintiff's confusion.

**Fourth** Ms. Farmer clearly states *" WorthPoint clarified that this is the ONLY licensing partner for eBay data that WorthPoint had during the relevant time period"*. Again, Ms. Farmer's 2022 statement and evidence is not the same as WorthPoint's 2016 statements from WorthPoint's website. Ms. Farmer's claims there is ONLY one licensing partner. In 2015 and 2016 on WorthPoint's website page entitled ITEM REVIEW REQUEST WorthPoint has written *"We license the data displayed in the Worthopedia from a VARIETY of sources. We are an official licensee of eBay and many of the leading auction houses"*. These minor yet multiple mistakes add up to unethical conduct. **EXHIBIT #4 WP Item Review Request Licensing Data from a VARIETY of sources.**

In Plaintiff's statements above from Doc. 270, I am merely pointing out that Ms. Farmer is claiming WorthPoint's named partner is the only licensing partner for ebay data. In response to this Plaintiff, brought to all parties attention the written claim by WorthPoint from their own website, regarding the variety of sources for licensing of eBay data. Plaintiff did not write or claim anything. Again, in Doc. 270, Plaintiff documented WorthPoint's written statements from WorthPoint's 2016 website in direct relation with WorthPoint's attorneys 2022 present claims. Plaintiff finds Ms. Farmers' accusation ivery harmful to my integrity. Indeed, this lawsuit is all about Defendants circulating false information and copyright claims that have harmed my integrity and my personal and professional reputation.

I ask the Court to direct the Defendants to accurately answer my requests as I am still in search of definitive answers from the Defendants that need clear dated responses.

Respectfully Submitted,

Annamarie Trombetta
175 East 96th Street ( 12 R)
New York, New York 10128

——Electronically Signed ———
*Annamarie Trombetta*

August 29, 2022

Annamarie Trombetta

# EXHIBITS: PLAINTIFF'S PROPOSED MOTION TO FILE UNDER SEAL

EXHIBIT#1 Plaintiff's Evid. 000016 Nov. 2015 WorthPoint directive to contact eBay.

EXHIBIT#2 WorthPoint's attorneys August 26, 2022 letter to the Court in ECF 273.

EXHIBIT#3 WorthPoint's April 8, 2022 evidence in WP000132-date March 5, 2013.

EXHIBIT#4 Lawsuit against WorthPoint in 2015 Rosen vs Terapeak.

EXHIBIT#5 Plaintiff August 29, 2022 letter inECF 274 RE: WorthPoint's license.

EXHIBIT#6 Worth Point's attorneys letter to the Court filed ECF 276 on August 29, 2022

EXHIBIT#7 Redacted WorthPoint's sub licensing agreement Bate stamped WP000008.

EXHIBIT#8 Plaintiff's Evid. 000998 ,00099 and on 001000 and 0010001-Feb. 3, 2016 phone call transcript with WorthPoint's Webmaster, Gregory Watkins.

EXHIBIT#9 A-B-C Plaintiff Evid. 001007- 001008 001009 Feb. 3, 2016 phone call transcript with WorthPoint's Webmaster, Gregory Watkins.

EXHIBIT#10 Feb.20, 2016 email Will Seippel replied WorthPoint " *would take down* " the false 1972 oil painting internet post.

EXHIBIT#11 Plaintiff's August 30, 2022 Deposition, on page 178 no website email to WP.

EXHIBIT#12A Page 3 of WorthPoint Fulton County Complaint with false facts and dates.
#12B Postal receipt sent from NY Jan.4, 2021 received in Ga. Jan. 11, 2021.

EXHIBIT #13 WorthPoint's <u>Oct. 31, 2022,</u> Motion For Entry Of Default Judgment In To Defendant's Motion To Dismiss with false claim I filed it on Nov. 5, 2022.

EXHIBIT#14 Ga. Rule Superior Court 15-Rules for filing a Motion for Default Judgment.

EXHIBIT#15 Response to WorthPoint's Summons and Complaint in Ga. filed Sept 30, and Oct.5, 2022 Ga. with court stamped filings with payment.

EXHIBIT#16 Mary Trachian Bradley of BRISKIN, CROSS & SANFORD, LLC Proposed Order produced on June 23, 2023.

EXHIBIT#17 Annamarie Trombetta's June 23, 2023 Court Stamped Proposed Order page 1.



August 29, 2022

Jane Farmer
Direct: (914) 872-7247
Fax (914) 323-7001
jane.farmer@wilsonelser.com

**VIA ECF**
Honorable Sarah L. Cave
United States District Court
Southern District of New York
500 Pearl St., Courtroom 18A
New York, NY 10007-1312

Re:     *Annamarie Trombetta v. Norb Novocin, et.al.*
        Civil Action No. 18-cv-993
        Our File No. 19701.00006

Dear Judge Cave:

As your Honor is aware, we represent the Defendant WorthPoint Corporation ("WorthPoint") in the above-captioned matter. Please allow this letter to briefly respond to Plaintiff's most recent letter to the Court (both you and Judge Abrams) dated August 29, 2022. *See,* Dkt. Nos. 274.

We take the same position as in our prior correspondence to the Court, and since the Court has denied Plaintiff's letter-motion seeking responses to her remaining inquiries as moot (*see,* Dkt. Nos. 273, 275), we would respectfully request that the Court do so with respect to the inquiries raised Plaintiff's most recent letter.

In addition, we feel compelled to briefly address the several false statements raised in Plaintiff's most recent letter. WorthPoint's discovery responses and correspondence with Plaintiff have consistently indicated that *WorthPoint had only one licensing partner for eBay data during the time period relevant to this litigation.* The name of this company has been disclosed to Plaintiff on page 1, first full paragraph, line 2 (Bates WP000008) of the confidential licensing agreement for eBay data that WorthPoint produced during discovery. To be clear, while WorthPoint buys sales records from various auction houses and sites, has other licensing partners for *non-eBay data,* and may have had other licensing partners for eBay data *outside of the relevant time period,* this is of no consequence to this litigation.

Moreover, we have consistently explained to Plaintiff, and again advise the Court, that WorthPoint does not have the information Plaintiff requests regarding the date and year that WorthPoint downloaded the subject eBay results. We cannot make something up that does not exist, and WorthPoint has fully complied with its discovery obligations. Had Ms. Trombetta tried to meet and confer with us, we would have explained this again. But, Ms. Trombetta continues to go to the Court without following the rules, and this is increasing the costs of this litigation. She

2748354378v.1

Case 1:18-cv-00993-RA-SLC Document 276 Filed 08/29/22 Page 2 of 2

WILSON ELSER

has been advised by the Court several times, and we have explained to her that the Copyright Statute, 17 USC 505, provides for the award of legal fees to the prevailing party. As such, if and when WorthPoint prevails in this matter, Ms. Trombetta should not be surprised that the defendants may seek their legal fees.

Please also not that prior to sending this letter to the Court, we also respectfully asked the Plaintiff to withdraw her application (Dkt. 274) voluntarily, and we have yet to receive a response. As such, we felt compelled to submit this response.

We trust that this addresses Plaintiff's requests of the Court and we thank Your Honor for your attention to this matter.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

/s/Jana Farmer/

Jana Farmer

cc: All counsel
Annamarie Trombetta

EXHIBIT #6 page 2



[redacted] The Applications developed by the Licensee will enable users of Licensee Applications to generate item search results pages and item details pages, and perform an analysis of the value of such items.

**NOW, THEREFORE,** the parties agree as follows:

**1. DEFINITIONS.**

In addition to the defined terms otherwise included in this Agreement, the following terms shall have the meanings set forth below:

**1.1. "Agreement"** shall mean this SubLicense Agreement and any schedules, exhibits, or amendments attached hereto.

**1.2. "ASP"** means average selling or sales price.

**1.3. "Category"** or **"Categories"** means division(s) of the eBay site containing multiple items



# Transcript of February 3, 2016 Phone Call Produced for First Discovery April, 11, 2022

Phone Call between Artist Annamarie Trombetta

(Now Plaintiff) And Registered Agent for Copyright Infringements for WorthPoint Corporation

Employee Gregory Watkins

Last Attachment is August 22, 2013 Copyright.Gov. Registration Form naming Gregory Watkins.

Date of Phone Call February 3, 2016 Phone Call




EXHIBIT

Plaintiff's Evidence Expert Dis.000000

# Transcript of February 3, 2016 Phone Call

**Phone Call between Artist Annamarie Trombetta (Now Plaintiff) And Copyright Registered Agent for WorthPoint Corporation Employee Gregory Watkins (Attached Copyright For Proof)**

**Date of Phone Call February 3, 2016 Phone Call**

00;00;04;08 - 00;00;11;23
Speaker Gregory Watkins

Hi

Speaker Annamarie Trombetta Plaintiff

Yes. Good morning. Gregory, this is Annamarie Trombetta. Ah..You gave me a call yesterday afternoon.

00;00;12;18 - 00;00;13;10

Speaker Gregory Watkins

Right. How are you doing?

00;00;13;13 - 00;00;14;27
Speaker Annamarie Trombetta Plaintiff

I'm doing OK. How about you?

00;00;15;25 - 00;00;21;25

Speaker Gregory Watkins

I'm good. So, you have an issue with one of the listings on our site.

00;00;22;04 - 00;00;29;09
Speaker Annamarie Trombetta Plaintiff

Mm hmm. I emailed the particular link to you a few times.

Speaker Gregory Watkins

I have it.

Speaker Annamarie Trombetta Plaintiff

Yeah.



Plaintiff's Evidence Expert Dis.001000

00;00;31;06 - 00;00;32;10

Speaker Gregory Watkins

So you're saying this is not your painting ?

00;00;32;21 - 00;00;40;24

**Speaker Annamarie Trombetta Plaintiff**

Well, I'm asking who the, who is the person that posted that as well? Because that's vital to me.

00;00;42;26 - 00;00;46;24

Speaker Gregory Watkins

When we get data and in this case, it comes from eBay

00;00;47;04 - 00;00;47;12

**Speaker Annamarie Trombetta Plaintiff**

Mm hmm.

00;00;47;29 - 00;01;00;23

Speaker Gregory Watkins

We only get the page, with the information on it that you see. The person who sold that painting … it is an ebay seller, but none of that information is transferred to us.

00;01;01;23 - 00;01;10;13

**Speaker Annamarie Trombetta Plaintiff**

And none of that information is in the data of eBay. They keep telling me that they don't have that information. So…

00;01;11;05 - 00;01;33;14

Speaker Gregory Watkins

They(eBay) don't save it.
They only hang onto it for about, used to be a month, now I think it's about three months. And um now, and then what happened is it's… it's… eBay gives it to a middleman. We buy all sorts of art and antique collectibles data from the middleman..

00;01;33;24 - 00;01;36;11

EXHIBIT #8 (4)

Plaintiff's Evidence Expert Dis.00100

Speaker Annamarie Trombetta Plaintiff

Mm hmm. Well, who's the middleman then?

00;01;37;12 - 00;01;51;01

Speaker Gregory Watkins

That would be to Terapeak

Speaker Annamarie Trombetta Plaintiff

Terapeak ??

Speaker Gregory Watkins

Terapeak. But they don't... EBay only sends the information that's on the page like this, right. So everything else that's connected to it is.. disappears.

00;01;51;15 - 00;02;12;02

Speaker Annamarie Trombetta Plaintiff

OK, so a logical question is, if this piece of artwork is- was sold in 2012 and eBay doesn't keep any of the data longer than three months, then how did this appear onto my website uh.. uh.. uh.. onto your website, then now ? I haven't seen it umm ..

Speaker Gregory Watkins
00;02;12;15 - 00;02;17;28

Oh.. OK, the.. the information this is on.. That is what the original eBay listing looked like..

Speaker Annamarie Trombetta Plaintiff

Again but.. it ..it..

00;02;17;28 - 00;02;30;02
Speaker Gregory Watkins

In other words, and the ah..and the photograph is what the eBay seller put up.

00;02;30;21 - 00;03;07;
Speaker Annamarie Trombetta Plaintiff

So you're saying that this piece from 2012 has all of a sudden surfaced in 2016 at the same time concurrently, you're telling me that eBay doesn't keep data, uh.. more than six months. So again, just a logical question would be umm.. basically. How ..how could this happen if eBay



Plaintiff's Evidence Expert Obj 001007

Page (1)

00;09;48;26 - 00;09;57;24

**Speaker Annamarie Trombetta Plaintiff**

Ah..I would like your take.. taken down, of course, immediately, simply because it is.. it's fraudulent. I did not do that painting.

00;10;00;09 - 00;10;03;04

Speaker Gregory Watkins

Ok.

**Speaker Annamarie Trombetta Plaintiff**

So the email of the CEO is ..?

00;10;04;03 - 00;10;16;27

Speaker Gregory Watkins

Will W - I -L- L at worth point dot com. His name is Will Seippel. He is the founder.

**Speaker Annamarie Trombetta Plaintiff**

Ok

00;10;17;16 - 00;10;26;05

Speaker Gregory Watkins

And, if you email him today. I know that he's in ah.. he's in Las Vegas for a conference for the next couple of days.

**Speaker Annamarie Trombetta Plaintiff**

Mmm humm

00;10;26;05 - 00;10;33;29

Speaker Gregory Watkins

So if it takes him a couple of days to get to you..ah..but he does reply to all his emails.

00;10;34;02 - 00;10;44;23

**Speaker Annamarie Trombetta Plaintiff**

Understood. Ok well. I appreciate that, but it did take a while. I've

EXHIBIT 49

(Page 2)

Plaintiff's Evidence Expert Dis.001008

called Anita a few times about this. umm.. but I do appreciate the follow up. Ah ..

00:10:45:04 - - 00:11:17:14

Speaker Gregory Watkins

Yeah, well, you know, we are we're a small company, for as much data as we have out there we're are literally a company of eight people.

00:10:52:08 - 00:10:59:06

And she sent me ah several .. ah several e-mails from different people who had different concerns.. And I thought that I had replied to yours already, and I actually replied to two people at the same time. It wasn't Anita's fault, it got hung up in my inbox, and I missed it. So I guess you called back and Anita pinged me yesterday and to say that I needed to call you back.

00:11:18:01 - 00:11:25:13

Speaker Annamarie Trombetta Plaintiff

Well, I do have one last question. How long has the information been up there, to your knowledge?

00:11:26:01 - 00:11:29:19

Speaker Gregory Watkins

Two thousand thirteen 2013 But I can ask the IT guy if there's a date attached to it.

00:11:29:25 - 00:11:31:23

Speaker Annamarie Trombetta Plaintiff

Yeah, that I would definitely need.

00:11:32:15 - 00:11:50:08

Speaker Gregory Watkins

I don't get to see the back end of the information so ah, if there is a tag on it that tells when it was posted, I could ask him that before they take it down. And then if I get it, I can send it back to you. But you know what, Let me get your email address.

Speaker Annamarie Trombetta Plaintiff

Okay.

00:11:50:09 - 00:12:14:08

EXHIBIT #9

Plaintiff's Evidence Expert Dis.00000

(Page 3)

Speaker Gregory Watkins

Alright.

Speaker Annamarie Trombetta Plaintiff

It's my last name. T R O M -as in Mary, B as in boy ,E, T as in Tom, T as in toy. A as an apple, A as in art. So there's two T's together, two A's... R as in red , T. Trombettaart at Yahoo Dot com.

00;12;14;08 - 00;12;24;08

Speaker Gregory Watkins

OK, trombetta.

Speaker Annamarie Trombetta Plaintiff

Art.. T ..r..o.. m as in Mary ..b as in boy. dot com So, yeah, you know..like to..

00;12;24;10 - 00;12;54;18

Speaker Gregory Watkins

Let me read it back to you.. t r o m b e t t a.. I send off an email to the IT guy and ask him to take down the links and while he's doing it to look and see if there's a date that shows when we posted it.

Speaker Annamarie Trombetta Plaintiff

Mm hmm.

No Email

Speaker Gregory Watkins

And I will email you that date. And then beyond that, you can talk with Will or you can email Will and he can explain, probably much better than I can, how we get the data and why we don't have that anything.

00;12;54;19 - 00;13;25;14

Sent by WP

Speaker Annamarie Trombetta Plaintiff

Yeah, why? Why? I can't know the name of the seller. I mean, basically, I think as a company even though you're small, you do have a responsibility as far as the quality, the character and the accuracy. And also the authenticity. This is a fraudulent piece of art that's attribul.. attribula.. attributed to me. Along with that, it does say that the piece is damaged and that the work is reminiscent of Andre Kkron's work.

00;13;25;14 - 00;13;30;06 CONTINUED Speaker Annamarie Trombetta Plaintiff

And I look that up and you definitely have pieces of his on your site.

EXHIBIT #10

(W) WorthPoint

Jason Packer <jason.packer@worthpoint.com>

**RE: Artist Annamarie Trombetta----Fraudulent Artwork--and links to Fraudulent Artwork**

9 messages

**Will Seippel** <will.seippel@worthpoint.com>
To: Annamarie Trombetta <trombettaart@yahoo.com>, will@worthpoint.com, Jason Packer <jason.packer@worthpoint.com>   Sat, Feb 20, 2016 at 10:35 AM
Cc: Worthpoint Support <support@worthpoint.com>

Hi, Annamarie. The art world is a very dark world and it is our goal to remove as many shadows as possible and supply equal information, and a lot of it, to all. To achieve this goal many auction houses allow us to use their data, including eBay.

We unfortunately do not take the data from eBay you are asking for. We only obtain selling price, pictures and the description. We do not obtain sellers, buyers and all such information you are asking for. I am sorry we do not do that but we never had and it is more information than we are allowed to collect. I do not think that data actually exists anywhere at this point as we are the only persons that have saved this to my knowledge. Since you are the artist, and I have no reason to doubt that, and you feel this is fraudulent, we will remove the item from the site so that it does not mislead anyone on your paintings.

If I can be of any other help, please let me know.

**From:** Annamarie Trombetta [mailto:trombettaart@yahoo.com]
**Sent:** Saturday, February 20, 2016 10:24 AM
**To:** will@worthpoint.com
**Cc:** Worthpoint Support <support@worthpoint.com>
**Subject:** Artist Annamarie Trombetta--- Fraudulent Artwork--and links to Fraudulent Artwork

Dear Mr. Seippel and Mr. Watkins,

Allow me to introduce myself to you Mr. Seippel. I am professional artist Annamarie Trombetta. I as well as other people found a listing for a painting entitled 1972 Original Oil Painting Man with Red Umbrella signed Annamarie Trombetta. This is not one of my paintings. There is a photo of a signature A. Trombetta with the eBay logo and Copyright symbol written "Copyrighted work licensed by Worthpoint " with your company logo in yellow next to it. This is not my signature. **Please see attachments.**

On February 3, 2016 I spoke with Mr. Gregory Watkins. Mr. Watkins also stated that you were at a conference in Las Vegas. I asked Mr. Watkins certain questions regarding the artwork falsely attributed to me. I requested that he e-mail me his answers regarding three questions that I had about this artwork on Tuesday February 3, 2016. Today is February 20, 2016 and nothing has been forwarded to me. I have contacted eBay several times prior to contacting your company.

EBay stated that they do not have the name of the seller nor the name of the buyer or the listing for this painting. Ebay expressed several times to me that I need to contact Worthpoint since the listing is on your site.

There are still listing for Worthpoint.com under my name. Under google search for the painting "1972 Original Oil Painting Man with Red Umbrella signed Annamarie Trombetta there is a link printed **Marilyn Monroe 1988 Vintage Michael Ochs Archive and also Thomas Kinkade** . Both Worthpoint sites list 1972 Original Oil Painting Man with Red

WP000136

Plaintiff's Deposition Response

Never Gave WorthPoint my email from my website

EXHIBIT #11

A. Trombetta

and make an inquiry.

Q. Have you done that over the last six years?

A. I cannot say that I have.

Q. Do you know whether there is any evidence that Worthpoint visited your website prior to February 2015 or August 2015?

A. I need to answer this in three particular ways. First and for most, since this occurred in 2015 it has been a nightmare in which like a horror movie the source of the chaos and confusion keeps coming back to life and has yet to be vanquished.

Secondly, I have e-mails from Worthpoint that were sent to my website.

Three, I never gave Worthpoint my e-mail address from my website. That is an important point.

Q. You have no record of Worthpoint being on your website in 2012; correct? Yes or no?

A. At present I do not.

Q. And you have no record of Worthpoint being on your website prior to August 13, 2015; is that correct; yes or no?



Motion to Dismiss
EXHIBIT 12A
Fulton County Superior Court
10.
Trombetta was directed to file her purported Amended Complaint by January 17, 2020. On that date Trombetta filed a pleading entitled "Proposed Amended Complaint."
11.
Trombetta then untimely filed a pleading entitled the "Operative Amended Complaint" on February 21, 2020.
Wrong
12.
Trombetta's Amended Complaint alleged claims against WorthPoint, worthpoint.com, WSeippel, and Jason Packer, a WorthPoint employee.
13.
On March 19, 2020, Trombetta was ordered to effect service of the Amended Complaint on WorthPoint and WSeippel. Ms. Trombetta failed to properly effect service.
14.
On April 6, 2020, Trombetta was again ordered to effect service of the Amended Complaint on WorthPoint and WSeippel no later than May 21, 2020. Ms. Trombetta failed to properly effect service.
Wrong Day
15.
Approximately one (1) full year after filing the Amended Complaint, Trombetta arranged service of process on WorthPoint and WSeippel. On Jan 1, 2020, service was delivered via certified mail to WorthPoint. On January 4, 2020, service was delivered via Certified Mail to WSeippel and SSeippel's home residence.
Wrong Day
Wrong Year
Wrong Year
Page 3 of 7

USPS.com® - USPS Tracking® Results

ALERT: USPS IS EXPERIENCING UNPRECEDENTED VOLUME INCREASES AND LIMITED EMPL...

USPS Tracking®

FAQs >

Exhibit #8 Page 2

Track Another Package +

EXHIBIT #12 B

Tracking Number: 70190160000091348478

Remove X

Your item was delivered to an individual at the address at 1:54 pm on January 11, 2021 in ROSWELL, GA 30075.

Jan 11, 2021

Delivered

January 11, 2021 at 1:54 pm
Delivered, Left with Individual
ROSWELL, GA 30075

Get Updates

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

OFFICIAL USE

7019 0160 0000 9134 8478

Mailed on Jan 4, 2021

Text & Email Updates

Tracking History

January 11, 2021, 1:54 pm
Delivered, Left with Individual
ROSWELL, GA 30075
Your item was delivered to an individual at the address at 1:54 pm on January 11, 2021 in ROSWELL, GA 30075.

January 11, 2021, 6:10 am
Out for Delivery
ROSWELL, GA 30075

Fulton County Superior Court
***EFILED***MH
Date: 10/31/2022 4:34 PM
Cathelene Robinson, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

Page 1 Date Oct. 3/2022

EXHIBIT #13

| | |
|---|---|
| **WORTHPOINT CORP., SHARI SEIPPEL, AND WILLIAM SEIPPEL,**<br>PLAINTIFFS,<br>V.<br>**ANNAMARIE TROMBETTA,**<br>DEFENDANT. | Civil Action<br>File Number: 2022 CV 366175 |

**PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

**COME NOW** Plaintiffs WORTHPOINT CORP., SHARI SEIPPEL and WILLIAM SEIPPEL (hereinafter collectively referred to as "Plaintiffs") and move pursuant to O.C.G.A § 9-11-55, for judgment on all counts of Plaintiffs' ("Complaint") against Defendant ANNAMARIE TROMBETTA, and show this Court the following:

1.

Plaintiffs caused Defendant to be served personally with a true and correct copy of the Summons and Complaint, which service was perfected by a private process server on August 30, 2022, as reflected in the *Affidavit for Entry of Service* filed on September 1, 2022.

FALSE

2.

Service was properly effectuated as set forth in the two (2) Affidavits of Service filed with this Court.

FALSE

3.

Defendant acknowledged receipt of the Summons and Complaint on August 30, 2022.

EXHIBIT #13 Page 2

4.

More than thirty (30) days elapsed prior to Defendant sending an electronic copy of a responsive pleading. The electronic copy was (1) untimely and (2) did not effectuate proper filing within the State of Georgia.

5.

More than thirty (30) days elapsed prior to Defendant filing her first responsive pleading on November 5, 2022.

6.

At the time that Defendant filed her response on November 5, 2022, Defendant was in default.

7.

No costs have been paid by Defendant, and said default has not been opened as a matter of right in the manner set forth in O.C.G.A § 9-11-55.

8.

By virtue of Defendant's failure to open her default, Defendant has admitted all well-pleaded allegations contained in the Complaint, as well as all reasonable inferences that could be drawn from such allegations. Stroud v. Elias, 247 Ga. 191, 193 (1981).

9.

The facts alleged in the Complaint show that Defendant is liable to Plaintiffs for claims for abusive litigation and emotional distress.

10.

The torts committed by Defendant were knowingly committed by Defendant within Fulton County, Georgia.

Plaintiff has Never Been in the State of Georgia

# EXHIBITS: PLAINTIFF'S PROPOSED MOTION TO FILE UNDER SEAL

EXHIBIT#1 Plaintiff's Evid. 000016 Nov. 2015 WorthPoint directive to contact eBay.

EXHIBIT#2 WorthPoint's attorneys August 26, 2022 letter to the Court in ECF 273.

EXHIBIT#3 WorthPoint's April 8, 2022 evidence in WP000132-date March 5, 2013.

EXHIBIT#4 Lawsuit against WorthPoint in 2015 Rosen vs Terapeak.

EXHIBIT#5 Plaintiff August 29, 2022 letter inECF 274 RE: WorthPoint's license.

EXHIBIT#6 Worth Point's attorneys letter to the Court filed ECF 276 on August 29, 2022

EXHIBIT#7 Redacted WorthPoint's sub licensing agreement Bate stamped WP000008.

EXHIBIT#8 Plaintiff's Evid. 000998 ,00099 and on 001000 and 0010001-Feb. 3, 2016 phone call transcript with WorthPoint's Webmaster, Gregory Watkins.

EXHIBIT#9 A-B-C Plaintiff Evid. 001007- 001008 001009 Feb. 3, 2016 phone call transcript with WorthPoint's Webmaster, Gregory Watkins.

EXHIBIT#10 Feb.20, 2016 email Will Seippel replied WorthPoint "*would take down*" the false 1972 oil painting internet post.

EXHIBIT#11 Plaintiff's August 30, 2022 Deposition, on page 178 no website email to WP.

EXHIBIT#12A Page 3 of WorthPoint Fulton County Complaint with false facts and dates.
#12B Postal receipt sent from NY Jan.4, 2021 received in Ga. Jan. 11, 2021.

EXHIBIT #13 WorthPoint's <u>Oct. 31, 2022,</u> Motion For Entry Of Default Judgment In To Defendant's Motion To Dismiss with false claim I filed it on Nov. 5, 2022.

EXHIBIT#14 Ga. Rule Superior Court 15-Rules for filing a Motion for Default Judgment.

EXHIBIT#15 Response to WorthPoint's Summons and Complaint in Ga. filed Sept 30, and Oct.5, 2022 Ga. with court stamped filings with payment.

EXHIBIT#16 Mary Trachian Bradley of BRISKIN, CROSS & SANFORD, LLC Proposed Order produced on June 23, 2023.

EXHIBIT#17 Annamarie Trombetta's June 23, 2023 Court Stamped Proposed Order page 1.

EXHIBIT #14

# Ga. R. Super. Ct. 15

Download PDF

As amended through November 16, 2023

## Rule 15 - Default Judgments

The party seeking entry of a default judgment in any action shall certify to the court the following: the date and type of service effected; that proof of service was filed with the court within 5 business days of the service date, or, if not filed within 5 business days of the service date, the date on which proof of service was filed; that no defensive pleading has been filed by the defendant as shown by court records; and the defendant's military status, if required. This certificate shall be in writing and must be attached to the proposed default judgment when presented to the judge for signature.

*Ga. R. Super. Ct. 15*

EXHIBIT #15

(1)

Fulton County Superior Court
***EFILED***JH
Date: 10/6/2022 6:32 PM
Cathelene Robinson, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY,
IN THE STATE OF GEORGIA

WORTHPOINT CORPORATION,
SHARI SEIPPEL AND WILLIAM SEIPPEL
Plaintiffs
vs.
ANNAMARIE TROMBETTA
Defendant

Civil Action
File Number : 2022 CV 366175
DEFENDANT'S MOTION TO DISMISS
LACK OF PERSONAL JURISDICTION
IMPROPER VENUE , INSUFFICIENCY
OF SERVICE FALSE INFORMATION
IN SUMMONS AND COMPLAINT

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, Annamarie Trombetta is appearing pro se and duly responds to 2022 CV 366175. Defendant as per protocol sent Ms. Tanesha Thompson a copy of my affidavit and Motion to Dismiss.

NOW COMES Defendant Annamarie Trombetta and respectfully moves this Court to dismiss Plaintiff's Complaint for lack of personal jurisdiction and improper venue pursuant to Georgia Code TITLE 9 - CIVIL PRACTICE CHAPTER 10 - CIVIL PRACTICE AND PROCEDURE GENERALLY ARTICLE 4 - PERSONAL JURISDICTION OVER NONRESIDENTS§ 9-10-91 - Grounds for exercise of personal jurisdiction over nonresident is not applicable as Defendant has never physically been in the state of Georgia, nor does the Defendant conducted any business transactions in the state. Defendant has no business venue in the state , nor owns property in the state of Georgia. Furthermore, Defendant has never met, spoken to, phoned, texted, etc. with Plaintiffs Shari or Will Seippel at any time.

In addition, Defendant was improperly served the summons and complaint. Plaintiffs' summons is not signed and the entry date of service is empty and not written on the summons. The process server never spoke with the Defendant at any time. Defendant was engaged in a cell phone call that began at 7:40 PM on Tuesday August 30, 2022 and at no time on the evening of August 30, 2022 did I speak to anyone other than with the party on my cell phone. This is duly documented with proof in my affidavit. See attached hereto, which details what occurred and the improper service. The process server who's

Fulton County Superior Court
***EFILED***JH
Date: 10/6/2022 6:32 PM
Cathelene Robinson, Clerk

EXHIBIT #15(2)

IN THE SUPERIOR COURT OF Fulton COUNTY
STATE OF GEORGIA

WordPoint Corporation
Shai-Lindell Seippel
Plaintiff,

v. Annamarie Trombetta
Defendant

Civil Action File No. 2022CV366125

## AFFIDAVIT

STATE OF GEORGIA
COUNTY OF Fulton

Personally appeared before the undersigned officer authorized to administer oaths, Annamarie Trombetta who states under oath that s/he has personal knowledge of the following facts:

On August 30, 2022, Defendant Annamarie Trombetta was Improperly Served a Summons and Complaint. No date of entry or Signature by Process Server. PLEASE READ Affidavit Below

This 5 day of Oct, 20 22

[signature]
Affiant

[signature]
Notary Public

[Notary stamp: Notary Public - State of New York ... Qualified in Bronx County ... My Commission Expires Oct ..., 20..]

Sworn to and subscribed before me this 5 day of Oct, 20 22

EXHIBIT #15 (3)

Fulton County Superior Court
***EFILED***JH
Date: 10/5/2022 8:32 PM
Cathelene Robinson, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY,
IN THE STATE OF GEORGIA

WORTHPOINT CORPORATION,
SHARI SEIPPEL AND WILLIAM SEIPPEL
Plaintiffs

vs.

ANNAMARIE TROMBETTA
Defendant

Civil Action
File Number : 2022 CV 366175

MOTION TO DISMISS CONTINUED

NOTICE OF FILING OF SUPPLEMENTAL EXHIBITS FOR DEFENDANTS

# MOTION TO DISMISS CONTINUED

**The Notice of Filing of Supplemental Exhibits A to G in Support of Defendant's Annamarie Trombetta 's Motion to Dismiss**

This file contains the Supplemental Exhibits In Suppor to Defendant Annamarie Trombetta Motion to Dismiss. Below are Exhibits A thru G preceded by a Notice of Filing Document. Kindly review and attached with Defendant's Motion to Dismiss

September 16, 2022 and
and on October 5, 2022 to
correct technical filing errors.
Annamarie Trombetta
175 East 96th Street (12 R)
New York, New York 10128

Respectfully Submitted,

Electronic Signature

/s/ Annamarie Trombetta September 16, 2022
/s/ Annamarie Trombetta October 5, 2022

Annamarie Trombetta

Payment

EXHIBIT #A

#A 15

## Details - Case # 2022CV366175 - Envelope # 10679063

Defendant's Payment for Defensive Response

Page 1

### Envelope

[illegible]
10679063

[illegible]
tromb...legal@gmail.com

[illegible]
Annamarie Trombetta

### Case Information

[illegible]
Fulton - Superior - EJS

[illegible]
TORT/NEGLIGENCE

[illegible]
Civil

[illegible]
EDWARDS, BELINDA E.

### Parties

| [illegible] | [illegible] | [illegible] |
|---|---|---|
| PLAINTIFF | William Sobseel | MARY TRACHIAN BRADLEY |
| PLAINTIFF | Shari Sobseel | MARY TRACHIAN BRADLEY |
| DEFENDANT | AnnaMarie Trombetta | |
| PLAINTIFF | Worthpoint Corp. | MARY TRACHIAN BRADLEY |

### Filings

[illegible]
MOTION
[illegible]
[illegible]

[illegible]

[illegible]
NOTICE
[illegible]
[illegible]

[illegible]
AFFIDAVIT
[illegible]



AnnaMarie Trombetta
Approved
Service Fees
Convenience Fee
Total Filing & Service Fees
Grand Total
EXHIBIT #
15 A (2)
Defendants Payment
for Defensive
Response

Date Oct. 5, 2022
eFileGA
re:SearchGA
GoToAssist
Show Me How To
Case # 2022CV366175 - Worthpoint Corp. , William Seippel, Shari Seippel VS. AnnaMarie Tr...
November 2, 2022 at 6:57 PM EST by Annamarie Trombetta
Actions
Case # 2022CV366175 - Worthpoint Corp. , William Seippel, Shari Seippel VS. AnnaMarie Tr...
Wednesday, October 5, 2022 at 6:32 PM EST by Annamarie Trombetta
Actions
Accepted MOTION EFile Motion to Dismiss Defendant's (...
Accepted NOTICE EFile Continued Motion To Dismiss S...
Accepted AFFIDAVIT EFile Affidavit by Defendant Annamari...
Case # 2022CV366175 - Worthpoint Corp. , William Seippel, Shari Seippel VS. AnnaMarie Tr...
Friday, September 30, 2022 at 7:36 PM EST by Annamarie Trombetta
Actions
1/5
EXHIBIT Page 4
# B
Defendant's
Defensive
Response

EXHIBIT #16(1)

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

Not Filed With The Court

| WORTHPOINT CORP., SHARI SEIPPEL, AND WILLIAM SEIPPEL, PLAINTIFFS, v. ANNAMARIE TROMBETTA, DEFENDANT. | Civil Action File Number: 2022 CV 366175 |
|---|---|

WorthPoint Plaintiff

**ORDER GRANTING DEFAULT JUDGMENT**

Defendant Annamarie Trombetta ("Defendant"), having been duly and lawfully served with the *Summons and Complaint* in this action on August 30, 2022 as established by Affidavit, having failed to respond thereto as required by law, this action having automatically being in default on September 29, 2022, and Defendant having failed to move the Court to open the default or pay the mandatory costs as a matter of right within 15 days of the day of default,

**IT IS HEREBY ORDERED AND ADJUDGED:**

1. Plaintiffs' Motion for Default is hereby granted, the Court hereby finds for Plaintiffs and against Defendant as to liability on each Count of the Complaint, and further finds that Plaintiffs shall have the following relief:

   i. Judgment to WorthPoint Corp. in the liquidated sum of $85,000.00 itemized in paragraphs 27 and 28 of Plaintiff's Complaint for the calculation of (1) attorneys' fees, (2) termination and replacement of business insurance coverage, and (3) salaries paid for employees in investigation of the claims raised.

EXHIBIT #6(2)

ii. Judgment as to liability of Defendant to Shari Seippel, in an unliquidated amount to be proven at a damages hearing in this matter,

iii. Judgment as to liability of Defendant to William Seippel, in an unliquidated amount to be proven at a damages hearing in this matter,

iv. Post-judgment interest shall accrue from the date of entry of this Order.

The Clerk is hereby directed to issue a Writ of Fieri Facias.

**SO ORDERED** this _____ day of June, 2023.

Hon. Alford J. Dempsey, Jr.
Superior Court of Fulton County

Prepared by:

**BRISKIN, CROSS & SANFORD, LLC**
Mary Trachian-Bradley
GA Bar No. 774440
33 S. Main Street, Suite 300
Alpharetta, GA 30009
(770) 410-1555 (phone)
(770) 410-3281 (fax)
mtrachian@briskinlaw.com

EXHIBIT # 17 (1)

Fulton County Superior Court
***EFILED***RM
Date: 6/23/2023 4:21 PM
Cathelene Robinson, Clerk

**IN THE SUPERIOR COURT OF FULTON COUNTY,**

**IN THE STATE OF GEORGIA**

**WORTHPOINT CORPORATION,**
**SHARI SEIPPEL AND WILLIAM SEIPPEL**
Plaintiffs

vs.

**ANNAMARIE TROMBETTA**
Defendant

Civil Action

File Number : 2022 CV 366175

**DEFENDANT'S**

**PROPOSED ORDER**

**TO THE HONORABLE JUDGE ALFORD J. DEMPSEY JR.**

EXHIBIT # 17(2)

IN THE SUPERIOR COURT OF FULTON COUNTY,
IN THE STATE OF GEORGIA

WORTHPOINT CORPORATION,
SHARI SEIPPEL AND WILLIAM SEIPPEL
Plaintiffs

vs.

ANNAMARIE TROMBETTA
Defendant

Civil Action
File Number : 2022 CV 366175

DEFENDANT'S PROPOSED ORDER

---

## DEFENDANT'S PROPOSED ORDER

Defendant, Annamarie Trombetta, pro se litigant, sets forth the Proposed Order in case 2022 CV 366175. Pursuant to an oral communication on June 7, 2023 with the The Honorable Judge Alford J. Dempsey Jr., Defendant files the requested Proposed Order with the Court.

NOW COMES Defendant, Annamarie Trombetta 's Proposed Order and respectfully moves this Court to dismiss and adjudicate all claims, in it's entirety in Plaintiff's Complaint pursuant to to the Georgia O.C.G.A laws noted below.

I. TITLE 9 - CIVIL PRACTICE CHAPTER 10 CIVIL PRACTICE AND PROCEDURE GENERAL ARTICLE 4 - NO PERSONAL JURISDICTION OVER NONRESIDENTS.

**PURSUANT TO O.C.G.A RULE § 9-10-91 PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED.**

1) Grounds for Dismissal: Lack of personal jurisdiction over nonresident. Defendant has never been a resident in the State of Georgia. Defendant never physically entered or been in the state of Georgia.

2). Grounds for Dismissal: Lack of personal jurisdiction over nonresident. Defendant has no business history, no venue in the state , nor owns property in the state of Georgia.

3) Grounds for Dismissal: Lack of personal jurisdiction over nonresident. Superior Court of Fulton