UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANNAMARIE TROMBETTA,

                            Plaintiff,

-against-

NORB NOVOCIN, MARIE NOVOCIN,
ESTATE AUCTIONS, INC., AND
WORTHPOINT CORPORATION,

                            Defendants

18-CV-0993-LTS-SLC

---

### MEMORANDUM ORDER

Before this Court is an objection, filed by pro se Plaintiff Annamarie Trombetta ("Plaintiff"), requesting reconsideration of Magistrate Judge Cave's June 22, 2023 order (docket entry no. 509 (the "June Order")), granting Defendants' Rule 37(c)(1) motion and precluding Plaintiff from relying on the reports or testimonies of her proposed expert witnesses, Dr. Scelsa and Ms. Skluzacek. (Docket entry no. 522.) The Court construes the Plaintiff's objection as a Rule 72 motion requesting review of a magistrate judge's non-dispositive decision. See Fed. R. Civ. P. 72(a). The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. sections 1331 and 1367.

The Court has carefully considered the record, the parties' submissions, and Judge Cave's order, and for the following reasons denies Plaintiff's motion in its entirety.

### BACKGROUND

Plaintiff brings this action against Norb Novocin, Marie Novocin, Estate Auctions, Inc. (collectively, "EAI Defendants"), and WorthPoint Corporation ("Defendant WorthPoint"), asserting claims arising under the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201 et seq. ("DMCA"), the Visual Artists Rights Act, Pub. L. No. 101-650 (tit. VI), 104 Stat.

5089, 5128-33 (1990) ("VARA"), the New York Artists' Authorship Rights Act, N.Y. Arts & Cult. Aff. L. § 14.3 ("NYAARA"), as well as claims for identity theft, 18 U.S.C. § 1028, direct copyright infringement, and intentional infliction of emotional distress. (Docket entry no. 348-1 ("Second Amended Complaint" or "SAC").)

The general factual background and history of this case have been described in numerous prior decisions of the Honorable Judge Abrams and Magistrate Judge Cave, familiarity with which is presumed for the purposes of this motion. (See docket entry nos. 40, 123.)

Plaintiff first notified Defendants of her intent to proffer Dr. Scelsa and Ms. Skluzacek as expert witnesses on September 12, 2022. (Docket entry no. 462-5.) By October 2022, Plaintiff had only produced one resume for these witnesses, and had failed to respond to Defendants' inquiries as to the status of her expert witnesses. (See docket entry nos. 462-6, 462-7.) During a discovery conference on November 23, 2022, Judge Cave reminded Plaintiff of the Rule 26 requirements for expert disclosures and the upcoming deadline to make those disclosures. (Docket entry no. 328 at 41.) On December 8, 2022, Plaintiff asked for an extension of the December 12, 2022, expert disclosure deadline. (Docket entry no. 330.) Judge Cave granted a brief extension to December 19, 2022, and wrote, "[n]o further extensions of the deadlines in this Order shall be granted absent extraordinary circumstances." (Docket entry no. 333.) On December 16, 2022, Plaintiff once again requested an extension of the deadline (docket entry no. 338), which Judge Cave denied because Plaintiff "failed to articulate extraordinary circumstances that warrant the relief requested." (Docket entry no. 340.)

Despite Judge Cave's Order, Plaintiff provided the reports of her expert witnesses, respectively dated February 16 and 21, 2023, two months after the deadline for such disclosures. (See docket entry nos. 440-1, 430-1.) On February 23, 2023, Judge Cave reminded the parties

that any experts' reports served after the Rule 26 deadlines have "failed to comply with the Court's orders" and "are subject to being stricken." (Docket entry no. 375 at 1.) On April 19, 2023, Plaintiff filed motions to proffer the testimonies of Dr. Scelsa and Ms. Skluzacek in support of her motion for summary judgment (docket entry nos. 429, 444), which Defendant WorthPoint opposed on Rule 37(c)(1) grounds (docket entry no. 483). Judge Cave found in favor of Defendant WorthPoint in her June Order, which Plaintiff timely appealed to the undersigned. (Docket entry no. 522.)

## DISCUSSION

A party may file with a district judge an objection to an order issued by a magistrate judge within 14 days of service of a copy of that order. Fed. R. Civ. P. 72(a). The district judge shall not disturb the order unless such "order is clearly erroneous or contrary to law." Id.; see also 28 U.S.C. § 636(b)(1)(A). A ruling is "clearly erroneous where on the entire evidence, the [district court] is left with the definite and firm conviction that a mistake has been committed." Equal Emp't Opp. Comm. v. Teamsters Loc. 804, No. 04-CV-2409 (LTS), 2006 WL 44023, at *1 (S.D.N.Y. Jan. 9, 2006) (internal quotation marks and citations omitted). An order is considered to be "'contrary to law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'" Collens v. City of New York, 222 F.R.D. 249, 251 (S.D.N.Y. 2004) (citation omitted). The fact that "reasonable minds may differ on the wisdom of granting [a party's] motion is not sufficient to overturn a magistrate judge's decision." Edmonds v. Seavey, No. 08 CV 5646 (HB), 2009 WL 2150971, at *2 (S.D.N.Y. July 20, 2009) (internal quotation marks and citation omitted). "[M]agistrate judges are afforded broad discretion in resolving non-dispositive disputes and reversal is appropriate only if their discretion is abused."

Thai Lao Lignite (Thailand) Co. v. Gov. Lao People's Democratic Republic, 924 F. Supp. 2d 508, 511 (S.D.N.Y. 2013) (internal quotation marks and citations omitted).

In this motion practice, Plaintiff argues that Judge Cave erred in finding that her expert disclosures were untimely and insufficient to satisfy the Rule 26(a)(2), and thus that Plaintiff was precluded from relying on her experts' reports or testimony by Rule 37(c)(1). (June Order at 16.) Judge Cave found that most of the factors articulated in Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2006), weighed in favor of granting Defendant's Rule 37(c)(1) motion. (Id. at 16.) Judge Cave reasoned, inter alia, that the Plaintiff had failed to provide a substantial justification for her failure to comply with expert disclosure deadlines (id. at 14), and that reopening discovery, months after it closed and after several prior extensions, would greatly prejudice Defendants (id. at 16). Plaintiff has not identified any reason why Judge Cave's analysis was contrary to law, and the Court is unable to conclude that Judge Cave misapplied clearly applicable law in her analysis.

Instead, Plaintiff makes several unavailing and inapplicable arguments, which fall into four categories: (1) Judge Cave ignored Plaintiff's requests for the extension of expert disclosure deadlines, (2) Plaintiff misunderstood the rules of discovery, (3) Plaintiff missed the deadlines due to other various discovery-related issues, and (4) Plaintiff had various "extraordinary circumstances" from October 2022 through January 2023, which prevented her compliance with the court's deadlines.

First, Plaintiff's claims that Judge Cave did not respond to her various letter requests for an extension of the time to file her expert disclosures are inaccurate and unpersuasive. (Docket entry no. 522 ("Pl. Mem.") at 4-5, 17-18; see also docket entry nos. 330,

338.)  Not only did Judge Cave respond to those requests in a timely manner (docket entry nos. 333, 340), but Judge Cave also discussed those requests in her June Order.  (June Order at 6.)

Second, even if the Court credits Plaintiff's additional arguments that she did not understand either Judge Cave's direction to file an application for a deadline extension during the November 23, 2022 conference or the importance of the deadline for expert disclosure, neither misunderstanding excuses Plaintiff's obligation to comply with the federal and local rules governing discovery.  See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (per curiam) (finding that pro se litigants are "not exempt . . . from compliance with the relevant rules of procedural and substantive law").

Plaintiff's third and fourth arguments attempt to justify her failure to meet the Court's explicit deadlines based on earlier, unrelated discovery disputes and various other demands on the Plaintiff's time, including an unrelated state court proceeding in Georgia and an illness in late December and early January.  (Pl. Mem. at 10-11, 18-21.)  Neither argument persuades this Court that Judge Cave was "clearly mistaken" when she found that Plaintiff had not shown "extraordinary circumstances" justifying a two-month extension of the deadline for expert disclosures.

In sum, Plaintiff has failed to show that Judge Cave's June Order was clearly erroneous or contrary to law.  Therefore, the Court must affirm Judge Cave's decision.

### RELATED MOTIONS

Because this Court affirms Judge Cave's order precluding Plaintiff from relying on the expert testimony and reports of Dr. Scelsa and Ms. Skluzacek, Plaintiff's pending motions to proffer the testimony of those experts in connection with her motion for summary judgment (docket entry no. 432) are also denied.  (See docket entry nos. 429, 444.)  All remaining

evidentiary motions shall be considered in the first instance as relevant to the pending motions for summary judgment.

## CONCLUSION

For the foregoing reasons, the Court concludes that Judge Cave's order was neither clearly erroneous nor contrary to law.  Plaintiff's objection is, therefore, overruled and Judge Cave's order stands.  This Memorandum Order resolves docket entries nos. 429, 444, and 522.  The Clerk of Court is respectfully directed to mail a copy of this order to Annamarie Trombetta, 175 East 96th Street, Apt 12R, New York, New York 10128.

SO ORDERED.

Dated: New York, New York
February 8, 2024

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge