IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

Annamarie Trombetta,         )
                                             )
                                             )
                Plaintiff,        )
                                             )
                                             )     Civil Action No: 18-cv-00993 (RA) (SLC)
              v.                   )
                                             )
Norb Novocin, et al.,         )
                                             )
                                             )
                                             )
                Defendants.     )
_____)

## DEFENDANT WORTHPOINT CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO F.R.C.P RULE 59(e) AND PURSUANT TO F.R.C.P RULE 60 FOR RELIEF FROM A JUDGMENT BASED UPON ERRORS

**Respectfully Submitted,**

Wilson Elser Moskowitz Edelman & Dicker LLP
150 E. 42nd Street
New York, New York 10017-5639
(212) 490-3000

*Attorneys for Defendant WorthPoint*

Of Counsel:   Adam R. Bialek
                   Jana Slavina Farmer

i

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................1

ARGUMENT ...............................................................................................................3

    POINT I. STANDARD OF REVIEW ...................................................................3

    POINT II. THE COURT WAS CORRECT IN ALLOWING THE REPORT OF
        WORTHPOINT'S EXPERT JESSIE STRICCHIOLA AND
        DECLARATION OF FACT WITNESS JASON PACKER .....................6

    POINT III. THE COURT WAS CORRECT IN PRECLUDING PLAINTIFF
        FROM RELYING ON THE OPINION OF THREE EXPERTS, WHOSE
        REPORTS WERE DISCLOSED MONTHS AFTER THE DEADLINE ...9

    POINT IV. PLAINTIFF'S CLAIMS ARISING UNDER THE COPYRIGHT ACT
        ARE TIME-BARRED, REGARDLESS OF WHEN SHE FILED HER
        SECOND AMENDED COMPLAINT ....................................................11

    POINT V. PLAINTIFF'S FRAUD CLAIMS CANNOT BE ASSERTED
        BECAUSE THEY WERE NOT INCLUDED IN THE OPERATIVE
        COMPLAINT AND ARISE OUT OF THE DISCOVERY PROCESS IN
        THIS MATTER ....................................................................................13

CONCLUSION ...........................................................................................................15

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Analytical Surveys, Inc. v. Tonga Partners, L.P.*,
 684 F.3d 36 (2d Cir. 2012) ...........................................................................3

*In re Bulk Oil (USA) Inc.*,
 No. 89-B-13380, 2007 U.S. Dist. LEXIS 27346, 2007 WL 1121739 (S.D.N.Y.
 Apr. 11, 2007) ...............................................................................................4

*Cordero v. Astrue*,
 574 F. Supp. 2d 373 (S.D.N.Y. 2008) ...........................................................3

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
 509 U.S. 579 (1993) ...........................................................................6, 7, 11

*Davidson v. Scully*,
 172 F. Supp. 2d 458 (S.D.N.Y. 2001) ...........................................................4

*Ebewo v. Martinez*,
 309 F. Supp. 2d 600 (S.D.N.Y. 2004) ...........................................................9

*Empresa Cubana Del Tabaco v. General Cigar Co. Inc.*,
 385 F. App'x 29 (2d Cir. 2010) .....................................................................5

*In re Evergreen Mut. Funds Fee Litig.*,
 240 F.R.D 115 (S.D.N.Y. 2007) ....................................................................4

*Fireman's Fund Ins. Co. v. Great Am. Ins. Co.*,
 10 F. Supp. 3d 460 (S.D.N.Y. 2014) ...........................................................3, 4

*In re Health Mgmt. Sys., Inc. Sec. Litig.*,
 113 F. Supp. 2d 613 (S.D.N.Y. 2000) ...........................................................3

*Jackson v. City of White Plains*,
 2016 U.S. Dist. LEXIS 6469 (S.D.N.Y. Jan. 19, 2016) ...............................10

*United States ex rel. Kester v. Novartis Pharm. Corp.*,
 23 F. Supp. 3d 242 (S.D.N.Y. 2014) ...........................................................14

*Kregos v. AP*,
 3 F.3d 656 (2d Cir. 1993) .............................................................................12

*Kumho Tire Co., Ltd. v. Carmichael*,
 526 U.S. 137 (1999) .......................................................................................7

*Lamela v. City of New York*,
    560 F. Supp.2d 214 (E.D.N.Y. 2008)........................................................7

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*,
    797 F.3d 160 (2d Cir. 2015) ...............................................................13

*Merck & Co. v. Reynolds*,
    559 U.S. 633, 130 S. Ct. 1784, 176 L. Ed. 2d 582 (2010) ...................12

*Nemaizer v. Baker*,
    793 F.2d 58 (2d Cir. 1986) .....................................................................5

*Pichardo v. Ashcroft*,
    374 F.3d 46, 55 (2d Cir. 2004)................................................................5

*Psihoyos v. John Wiley & Sons, Inc.*,
    748 F.3d 120 (2d Cir. 2014) .................................................................12

*Shrader v. CSX Transp., Inc.*,
    70 F.3d 255 (2d Cir. 1995) .....................................................................4

*Simone v. Prudential Ins. Co. of Am.*,
    164 F. App'x 39 (2d Cir. 2006)...............................................................5

*Smalls v. United States*,
    471 F.3d 186, 374 U.S. App. D.C. 63 (D.C. Cir. 2006) .........................4

*United States v. International Bhd. of Teamsters*,
    247 F.3d 370 (2d Cir. 2001) ...................................................................5

*United States ex rel. Kester v. Novartis Pharm. Corp.*,
    23 F. Supp. 3d 242, 245 (S.D.N.Y. 2014) ...........................................14

**Statutes**

17 U.S.C. § 507(b) ...............................................................................11

**Other Authorities**

Fed. R. Civ. P. 9(b) .......................................................................13, 14

Fed. R. Civ. P. 12(b)(6)...........................................................................13

Fed. R. Civ. P. 26...................................................................................8

Fed. R. Civ. P. 26(a)..............................................................................9

Fed. R. Civ. P. 26(a)(2)..........................................................................9

Fed. R. Civ. P. 26(a)(2)(D) ..................................................................9

Fed. R. Civ. P. 37(c)(1) .......................................................................9

Fed. R. Civ. P. 59 ...............................................................................3

Fed. R. Civ. P. 59(e) .......................................................... 1, 3, 4, 6, 15

Fed. R. Civ. P. 60 ................................................................... 1, 6, 15

Fed. R. Civ. P. 60(b) .............................................................. 3, 4, 5

Fed. R. Evid. 402 .............................................................................10

Fed. R. Evid. 702 .................................................................. 6, 7, 8, 10

## PRELIMINARY STATEMENT

Defendant WorthPoint Corporation ("WorthPoint") seeks an Order denying in its entirety Plaintiff's Motion to Alter or Amend Judgment pursuant to F.R.C.P Rule 59(e) and for Relief from a Judgment Based Upon Errors pursuant to F.R.C.P Rule 60. Plaintiff's motion raises no new issues and instead rehashes in minute and repetitive detail the arguments that have already been litigated, including raising discovery disputes and the issue of admissibility of the findings of Plaintiff's late disclosed "experts." Specifically, all the issues that Plaintiff seeks to reargue again were addressed at length in WorthPoint's motion for summary judgment (ECF No. 423, 424, 425, 427, 434), WorthPoint's opposition to Plaintiff's motion for summary judgment (ECF No. 476, 478), WorthPoint's motion *in limine* (ECF No. 403, 404, 405), WorthPoint's motion to proffer expert testimony (ECF No. 408, 409, 410), WorthPoint's opposition to Plaintiff's motion *in limine* ((ECF No. 480, 481), and WorthPoint's oppositions to Plaintiff's motion to proffer expert witnesses (ECF No. 482, 483, 484). Given the extensive briefing on these issues, WorthPoint will not repeat the same arguments here and instead respectfully incorporates these prior motions by reference as if fully set forth herein. Significantly, Plaintiff has not raised any new issues, arguments, or evidence that were not already considered. Plaintiff does not offer any argument or evidence that would cause the Court to grant such an extraordinary remedy as relief from a judgment or alteration of a judgment. Therefore, Plaintiff's motion should be denied.

Plaintiff claims that she timely filed her Second Amended Complaint on December 19, 2022; that the Court did not properly consider her "eight counts of fraud"; that the Court did not acknowledge the "many dated Google listings" she filed; that the Court incorrectly allowed the report of WorthPoint's disclosed expert, Jessie Stricchiola, and the Declaration of fact witness Jason Packer; and that the Court incorrectly precluded Plaintiff's three (3) experts.

1

The issue of timeliness of Plaintiff's filing of the Second Amended Complaint is irrelevant here; what is relevant is that the original claims against WorthPoint were filed well after the statute of limitations expired. This Court has devoted a large portion of its decision on the parties' competing motions for summary judgment to the discussion of the statute of limitations and the proof submitted by each side, ultimately finding that Plaintiff failed to demonstrate that WorthPoint reposted the information about the eBay listing at issue within the statute of limitations. (ECF 538, pp. 17-19.) Plaintiff's "counts of fraud" relate to discovery issues, which were long ago resolved by the Court on numerous occasions. For example, Plaintiff continues to complain that WorthPoint redacted the highly sensitive portions of its confidential licensing agreement for the use of eBay data. Plaintiff's behavior in publicly filing WorthPoint's confidential documents in violation of the Protective Order not once but three times is a testament to the necessity of redacting the confidential information not relevant to the dispute at issue when the *pro se* Plaintiff has consistently disregarded the Protective Order. Moreover, Plaintiff had ample opportunity to argue for access to the unredacted license, but she failed to set forth a reasonable basis and the information contained therein was irrelevant to the issues in this case. An unredacted license would not have changed the statute of limitations, and Plaintiff's arguments lack any substance.

The issues involving Plaintiff's alleged expert witnesses were litigated at length in the motions *in limine*, with the Court analyzing the timeline of the parties' respective expert disclosures and exploring the lack of basis for such opinions even if the disclosures would have been timely made. It is undisputed that WorthPoint timely disclosed its expert, whereas Plaintiff was two months late with her disclosures after being repeatedly advised by both the Defendants and the Court of her disclosure obligations, receiving multiple extensions until the Court ultimately

advised Plaintiff that no more extension requests for Plaintiff's expert disclosure would be approved. (ECF 538, p. 12.) Yet, Plaintiff has ignored that Order yet again, and now makes another attempt to avoid the consequences.

This Court, in its February 20, 2024 Opinion and Order (ECF 538), granted WorthPoint's motion for summary judgment in its entirety and denied Plaintiff's motion for summary judgment against WorthPoint in its entirety. Plaintiff's attempt to relitigate every grievance she has had throughout this litigation in a repetitive and excessive manner should only lead to a repetition of the results issued by the Court. Neither Rule 59(e) nor Rule 60(b) provides a party with the opportunity to relitigate the merits of a case. As such, Plaintiff's present motion must be denied.

## ARGUMENT

## POINT I. STANDARD OF REVIEW

Reconsideration of a previous order by the court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citations and quotation marks omitted). A motion brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure may be granted "only if the movant satisfies the heavy burden of demonstrating an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Fireman's Fund Ins. Co. v. Great Am. Ins. Co.*, 10 F. Supp. 3d 460, 475 (S.D.N.Y. 2014) (internal quotation marks and citation omitted); *see also, Cordero v. Astrue*, 574 F. Supp. 2d 373, 379-80 (S.D.N.Y. 2008).

It is "well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir.

2012) (internal quotation marks and citation omitted); *see also Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001) ("A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court."). The rule must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court and to prevent the rule from being used as a substitute for appealing a final judgment." *In re Evergreen Mut. Funds Fee Litig.*, 240 F.R.D 115, 117 (S.D.N.Y. 2007) (internal quotation marks and citations omitted). It is therefore an "extraordinary remed[y]" that is "to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Fireman's Fund*, 10 F. Supp. 3d at 475 (internal quotation marks and citation omitted). Thus, in the Second Circuit, a Rule 59(e) motion to alter or amend a judgment will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked, and which the movant could reasonably believe would have altered the court's original decision. *Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995).

Similarly, Rule 60(b) does not provide a party with the opportunity to relitigate the merits of a case in an attempt to win a point already "carefully analyzed and justifiably disposed." *In re Bulk Oil (USA) Inc.*, No. 89-B-13380, 2007 U.S. Dist. LEXIS 27346, 2007 WL 1121739, at *10 (S.D.N.Y. Apr. 11, 2007) (quotation marks and citation omitted) (stating that a court should not "reconsider issues already examined simply because [a party] is dissatisfied with the outcome of his case. To do otherwise would be a waste of judicial resources."). Instead, Rule 60(b) "was intended to preserve the delicate balance between the sanctity of final judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Smalls v. United States*, 471 F.3d 186, 191, 374 U.S. App. D.C. 63 (D.C. Cir. 2006) (quotation marks, ellipses, and

citation omitted); *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) ("Properly applied, Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments. In other words, it should be broadly construed to do substantial justice, yet final judgments should not be lightly reopened.") (quotation marks and citations omitted). Accordingly, motions for relief from judgment under Rule 60(b) are generally also disfavored in the Second Circuit. *See Empresa Cubana Del Tabaco v. General Cigar Co. Inc.*, 385 F. App'x 29, 31 (2d Cir. 2010) (citing *Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004)) ("We have cautioned, however, that Rule 60(b) motions are disfavored . . . ."); *Simone v. Prudential Ins. Co. of Am.*, 164 F. App'x 39, 40 (2d Cir. 2006); *United States v. International Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001).

Here, Plaintiff is clearly attempting to relitigate issues that have already been addressed. The motion for summary judgment was not the first occasion for addressing the myriad of issues upon which the Court decided. Yet, Plaintiff has continued to challenge the Court and disregard its Orders as if the Court's word does not matter. Plaintiff raises no new points or offers no new evidence and instead repeats her unsubstantiated version of the facts and the litigation history of this matter. Plaintiff's implications of a clear error or manifest injustice being committed are based on nothing more than conclusory statements and rehashing of issues that this Court has considered and resolved time and again.

To the extent Plaintiff complains that this Court did not consider her recordings of phone conversations of the Defendants, these conversations were not before the Court on the motions for summary judgment because Plaintiff did not append them to her filings as exhibits or present them in the proper evidentiary form (nor would they impact the Court's decisions). To the extent that Plaintiff complains about WorthPoint's conduct during discovery, including redaction of confidential records, contacting Plaintiff's disclosed witnesses, or expert disclosures, no such

conduct of a party in defending against a case serves as a basis of a claim for fraud.  To the extent Plaintiff believed that WorthPoint conducted itself improperly during discovery, the appropriate vehicle was to seek a ruling from the Court on discovery issues.  In fact, Plaintiff sought such relief from the Court repeatedly, and this Court has repeatedly ruled in favor of WorthPoint.  Further, the discovery period is long closed.  In fact, all of Plaintiff's arguments can be answered by reviewing previous motion papers and the February 20, 2024 Court opinion and order.  As such, Plaintiff failed to meet the heavy burden under F.R.C.P. 59(e) and 60, and her motion must be denied.

### POINT II. THE COURT WAS CORRECT IN ALLOWING THE REPORT OF WORTHPOINT'S EXPERT JESSIE STRICCHIOLIA AND DECLARATION OF FACT WITNESS JASON PACKER

Regarding the Report of Jessie Stricchiolia and the Declaration of Jason Packer, Plaintiff argues that "WorthPoint's two sources was hired to access the claims, in a written document, in an accusatory and defamatory manner, bluntly state that the dates on all of Plaintiff's Google print out were 'somehow manipulated'."  (ECF 542, p. 39.)  Plaintiff once again moves to preclude consideration of the report and declaration by reciting her version of the facts.  The Court was correct in denying Plaintiff's earlier motion to strike, noting that "Packer's testimony is admissible as that of a fact witness, and WorthPoint has carried its burden of demonstrating by a preponderance of the evidence that Stricchiola's testimony meets the Rule 702 standard." (ECF 538, p. 6.)

FRE Rule 702 provides that, if specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, then a witness qualified as an expert may testify in the form of an opinion, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.  Fed. R. Evid. 702; *Daubert v. Merrell*

6

*Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592-94 (1993).  All testimony, not just scientific testimony, must be reliable. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999).  A party offering expert testimony bears the burden of establishing the admissibility of the testimony and must show that (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.  *See, e.g., Lamela v. City of New York*, 560 F. Supp.2d 214, 224 (E.D.N.Y. 2008).

The Supreme Court in *Daubert* established a non-exhaustive list of factors for federal trial courts to use when evaluating expert testimony for admissibility.  The factors that have been enumerated are whether the expert's theory or technique: (1) can be or has been tested; (2) has been subjected to peer review and publication; (3) has a known or potential rate of error or standards controlling its operation; and (4) is generally accepted in the relevant scientific community.  This Court found that Ms. Stricchiola's expert report met the standards of Rule 702 and *Daubert*. While Plaintiff may disagree, her present motion does not present any new facts, law, or evidence showing error or manifest injustice for this Court to consider.

Plaintiff writes, "I state *again* that Ms. Stricchiola changed and or misrepresented in her expert report the fact that Mr. O'Leary wrote an Affidavit" (emphasis added) and that Ms. Stricchiola "falsely asserted" that Plaintiff "manipulated the dates on the Google listings."  (ECF 542, p. 39.)  Plaintiff admits that her allegations are redundant.  Nevertheless, regardless of these accusations, Ms. Stricchiola has relevant education and 24 years of experience in the fields of web analytics and website traffic analysis, search engine optimization, digital marketing and online advertising, and website design and development.  Ms. Stricchiola drew her conclusions from an examination of the pleadings, discovery exchanges, deposition testimony, WorthPoint's Google

analytics account, interviews with Packer, Packer's declaration, and Plaintiff's expert report from Patrick O'Leary. As such, her report is a result of her independent investigation within the field of her technical knowledge and experience. Ms. Stricchiola's findings can be tested and replicated, as they are based on the records and facts that were disclosed to Plaintiff. Her methodology is consistent with the generally accepted practices in the relevant IT, digital data management, website performance and analytics, and search engine marketing fields.

WorthPoint has clearly satisfied the requirements of Rule 702. That Ms. Stricchiola did not include every single piece of evidence that Plaintiff produced is not a basis to preclude the report. Plaintiff had an opportunity to depose Ms. Stricchiola but did not. Instead, Plaintiff continues to proffer only her revisionist and unsworn testimony as to how and when she printed her Google searches (which we submit differed from Plaintiff's deposition testimony) and other evidence. Ms. Stricchiola has pointed out why Plaintiff's uncorroborated evidence is an unreliable indicator that the subject listing was ever reposted on WorthPoint's website.

Plaintiff similarly attacks Mr. Packer's credibility, arguing that the declaration was "founded upon false information" and that Mr. Packer "based his charts and evidence on an incorrect email." (ECF 542, p. 40.) The Court denied this argument, correctly stating that "[c]redibility of a fact witness is not a legitimate basis to preclude the consideration of the witness's evidence in the summary judgment context, or at trial if summary judgment is denied." (ECF 538, p. 8.) There was and still is no basis to exclude this declaration. Again, Mr. Packer was disclosed to the Plaintiff as a witness in WorthPoint's initial Rule 26 disclosure. Plaintiff had an opportunity to depose him but chose not to. There is no prohibition for a party to rely on a declaration of a witness on a motion, especially when no deposition testimony is available.

Relatedly, Plaintiff again raises concern over which email address was Plaintiff's preferred email address—an issue that the Court calls a factual dispute that "is ancillary to any material disputes in this action". (ECF 538, p. 9.) The fact that a party disputes the facts declared by an opposing party's witness are not grounds to preclude a witness declaration, and certainly not when this issue is immaterial to the claims or defenses in this matter. The issue of which email Plaintiff used to register for membership with WorthPoint has no bearing on any issue in this matter.

The Court was correct in allowing the report of Ms. Stricchiola and the Declaration of Mr. Packer.

## POINT III. THE COURT WAS CORRECT IN PRECLUDING PLAINTIFF FROM RELYING ON THE OPINION OF THREE EXPERTS, WHOSE REPORTS WERE DISCLOSED MONTHS AFTER THE DEADLINE

Plaintiff argues that the Court should have considered the opinions of her three "expert" witnesses. As has been already established, Plaintiff cannot rely on the opinions of Joseph Scelsa and Gayle M. Skluzacek because Plaintiff failed to comply with the Rule 26(a) expert disclosure requirements and deadlines set by the Court. (See ECF 538, p. 12.) Fed. R. Civ. P. 26(a)(2) of the Federal Rules of Civil Procedure requires parties to disclose the identities of expert witnesses and to produce those experts' reports "at the times and in the sequence directed by the court." Fed. R. Civ. P. 26(a)(2)(D). Pursuant to Fed. R. Civ. P. 37(c)(1), "a party [who] fails to provide information or identify a witness as required by Rule 26(a) ... is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The purpose of the rule is to prevent the practice of 'sandbagging' an opposing party with new evidence." *Ebewo v. Martinez*, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004).

Here, Plaintiff was repeatedly and clearly advised by Defendants and by the Court, including in over a dozen Orders, of the deadline for Plaintiff's expert disclosures, which was

adjourned multiple times at Plaintiff's various requests. Plaintiff offers no legitimate rebuttal to this in her motion and instead blames her February disclosures on contracting COVID in December (it should be noted that Plaintiff had no trouble submitting numerous other documents to the Court during this timeframe). Plaintiff requests that this Court find excusable neglect due to her "illness and the overwhelming simultaneous production of multiple demands by the Court." (ECF 542, p. 43). However, this is no excuse for Plaintiff's failure to adhere to the countless warnings and directives by the Court and other counsel, especially when she had previously been afforded multiple extensions of time to comply with her obligations. The reports were submitted after rebuttal expert deadlines had passed and left Defendants without an opportunity to sufficiently review and prepare any rebuttals, or to even timely notice the expert depositions. The Court correctly recognized the lack of a good reason to allow such disclosure.

The expert submission by Patrick O'Leary was also correctly precluded because his conclusions were either immaterial or irrelevant or outside the scope of his claimed area of expertise, such as on the question of damages. Under the Federal Rules of Evidence (the "Evidence Rules"), grounds for exclusion lie where the evidence in question is irrelevant. Fed. R. Evid. 402. In addition, even relevant evidence may still be excluded by the Court "'if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.'" *Jackson v. City of White Plains*, 2016 U.S. Dist. LEXIS 6469, at *3 (S.D.N.Y. Jan. 19, 2016) (quoting Fed. R. Evid. 403). Further, the Evidence Rules also provide grounds to exclude expert testimony and conclusions that are not properly founded. Fed. R. Evid. 702.

Mr. O'Leary's affidavit only addressed a discovery issue which had been resolved by the Court and other topics on which he was unqualified to render an opinion. Mr. O'Leary himself

admitted that he had no knowledge or experience in the only relevant areas of inquiry. It is clear that he lacked knowledge, let alone scientific knowledge, of art-related matters, including but not limited to: painting; art appreciation; art valuation; art history; the art industry; artistic signatures; art transactions; or Plaintiff's body of work in particular. Rather, he essentially alleged that he was qualified to opine on art related matters through his limited graphic design experience, C-Suite experience, and his mantle of an "Internet expert." Insofar as Mr. O'Leary's opinions on discovery were moot, and his opinions on Plaintiff's damages' claim were unqualified, there was nothing left about which Mr. O'Leary could opine.

Further, Mr. O'Leary's conclusions were not even valid conclusions and could not meet the *Daubert* standard. In forming his "conclusions," Mr. O'Leary failed to consider any external information about the situation or set forth his analysis, and therefore his theory cannot be tested. His lack of such an analysis also meant that his conclusions could not be peer reviewed or evaluated for potential errors. Thus, the Court was corrected in precluding his opinion, as well as the opinions of Dr. Scelsa and Ms. Skluzacek.

**POINT IV. PLAINTIFF'S CLAIMS ARISING UNDER THE COPYRIGHT ACT ARE TIME-BARRED, REGARDLESS OF WHEN SHE FILED HER SECOND AMENDED COMPLAINT**

Plaintiff argues that the Court was incorrect in stating that Plaintiff's Second Amended Complaint was late, and alleges it was timely filed on December 19, 2022. Plaintiff seems to be misunderstanding the argument that the claim against WorthPoint was brought after the applicable statute of limitations had expired. This is wholly separate from whether or not her Second Amended Complaint was timely filed.

As the Court correctly notes, "[a]ctions brought under the Copyright Act must be brought 'within three years after the claim accrued.' 17 U.S.C. § 507(b)." (ECF 538, p. 17.) The Second Circuit has adopted the discovery rule, in which a plaintiff's claim accrues once "the copyright

holder discovers, or with due diligence should have discovered, the infringement." *Psihoyos v. John Wiley & Sons, Inc.,* 748 F.3d 120, 125 (2d Cir. 2014); *see also Merck & Co. v. Reynolds,* 559 U.S. 633, 653, 130 S. Ct. 1784, 176 L. Ed. 2d 582 (2010) ("[T]he limitations period does not begin to run until the plaintiff thereafter discovers or a reasonably diligent plaintiff would have discovered 'the facts constituting the violation' . . . irrespective of whether the actual plaintiff undertook a reasonably diligent investigation."). And it continues to run until the defendant is actually named in the complaint. *See Kregos v. AP,* 3 F.3d 656, 666 (2d Cir. 1993). "This statute of limitations also applies to claims arising under amendments to the Copyright Act, such as the DMCA and VARA." (ECF 538, p. 17.) The timeline here is simple: Plaintiff discovered the WorthPoint Listing in mid-August 2015, but did not add WorthPoint as a Defendant until February 21, 2020, well after the three-year limitation period had expired. Plaintiff offers no explanation as to why she did not name WorthPoint as Defendant in a timely manner or how the February 2020 amendment "relates back" to the initial Complaint.

The Court noted in its opinion that Plaintiff's copyright claims against WorthPoint could be timely if Plaintiff could have established that WorthPoint engaged in a "renewed act" of infringement. (ECF 538, p. 18.) Plaintiff attempts to reargue that the post was reuploaded but offers no evidence. Plaintiff repeats her argument that screenshots from Google show WorthPoint listings in 2017 and that "Your Honor did not acknowledge the many dated Google listing". (ECF 542, p. 29.) However, discovery has revealed that neither Plaintiff, nor any of Plaintiff's witnesses, can point to any evidence that WorthPoint "reposted" the post after it was permanently taken down by WorthPoint on February 4, 2016. The only competent evidence shows that Plaintiff discovered the WorthPoint page no later than August 2015. Further, WorthPoint offered expert evidence explaining that Google could still display snippets of the deactivated webpage from its saved

data—the evidence that Plaintiff did not contradict. And, WorthPoint provided uncontroverted evidence that the content was not on its site when the Plaintiff alleged. Plaintiff still cannot refute WorthPoint's "substantial evidence from witness testimony and its web traffic history" that the page was taken down on February 4, 2016 and was never reposted. (ECF 538, p. 19.)

Based on the discovery rule in the Second Circuit (giving the Plaintiff the greatest latitude in filing a claim), the statute of limitations on Plaintiff's copyright infringement claim against WorthPoint expired in August 2018, almost two years before she filed her claim. Even if the statute of limitations ran from the date WorthPoint removed the subject listing (i.e., February 4, 2016) (which is not the rule), Plaintiff's claim would still have been time-barred for more than one year.

Therefore, the Court was correct in dismissing the copyright claims, and related claims under copyright law, as being barred by the statute of limitations.

## POINT V. PLAINTIFF'S FRAUD CLAIMS CANNOT BE ASSERTED BECAUSE THEY WERE NOT INCLUDED IN THE OPERATIVE COMPLAINT AND ARISE OUT OF THE DISCOVERY PROCESS IN THIS MATTER

Plaintiff also spends a significant amount of time discussing allegations of fraud, ranging from fraud due to WorthPoint's email, "falsely stating the 1972 webpage was not on WorthPoints website", to fraud due to a "false use of a copyright symbol". (ECF 542, pp. 5-6.)

Under New York law, fraud requires proof of (1) a material misrepresentation or omission of a fact, (2) knowledge of that fact's falsity, (3) an intent to induce reliance, (4) justifiable reliance by the plaintiff, and (5) damages. At the pleading stage, to withstand a Rule 12(b)(6) challenge in federal court, the plaintiffs must assert facts that plausibly support the inference of fraud. *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC,* 797 F.3d 160, 163 (2d Cir. 2015). Additionally, where a cause of action sounds in fraud, the plaintiff must satisfy the heightened pleading standard of Fed. R. Civ. P. 9(b). To comply with Rule 9(b), a complaint must (1) specify the statements

13

that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent. In other words, Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud. *United States ex rel. Kester v. Novartis Pharm. Corp.,* 23 F. Supp. 3d 242, 245 (S.D.N.Y. 2014).

Here, Plaintiff still does not satisfy the particularity requirements as Plaintiff does not identify what statements WorthPoint made with knowledge of their falsity prior to Plaintiff alerting WorthPoint of her claim, does not identify the speaker, or explain why the statements were fraudulent. Had Plaintiff had any valid fraud claims, which she does not, they too would have been precluded due to the statute of limitations.

To the extent that Plaintiff's Complaint relies on ECF No. 368 for her "eight counts of Fraud" this document was stricken from the record. *See,* ECF No. 468. As explained by the Court, on several occasions, the Operative Second Amended Complaint is ECF No. 348.1. Therefore, the "eight counts of fraud" must be disregarded as Plaintiff has failed to allege same in the operative complaint. The Court notes this in a footnote in its February 20, 2024 opinion and order, writing that "[b]ecause these claims were not included in the operative Complaint (see SAC) and Plaintiff was warned repeatedly that the deadline to amend her Complaint to assert new claims expired on December 19, 2022 (see, e.g., docket entry nos. 333, 370), the Court does not consider those claims, and they are deemed waived." (ECF 538, p. 1, fn. 2.) Further, to the extent her memorandum of law suggests that the basis of her fraud claim is any activity by WorthPoint or their counsel during the course of the discovery, all discovery issues have previously been resolved by Magistrate Judge Cave, who has not found any wrongdoing on the part of WorthPoint or their counsel. See ECF No. 340 ("Because the only outstanding discovery issue that Ms. Trombetta

identifies is something that the Court has deemed resolved (see ECF No. 327), the Court deems fact discovery to be closed at this time.")

The Court was correct in dismissing Plaintiff's claims of fraud.

## CONCLUSION

Throughout this case, Plaintiff has ignored the Federal Rules and ignored this Court's rulings. She has unnecessarily increased the proceedings by filing papers with the Court even after being told not to and by failing to participate in meet and confer meetings. WorthPoint has warned her that her continued disregard for the rules and Court directives was causing it unnecessary and undue expense, yet she continues to file frivolous and baseless papers with the Court. She must accept the Court's ruling and move on. For the foregoing reasons, Plaintiff's Motion to Alter or Amend Pursuant to F.R.C.P Rule 59(e) and Pursuant to F.R.C.P Rule 60 for Relief from a Judgment Based Upon Errors must be denied in its entirety. As such, WorthPoint respectfully requests that the Court deny Plaintiff's motion and grant such other, further and different relief this Court deems just and proper.

Date:   New York, New York
        April 2, 2024                             Respectfully submitted,

                                                WILSON ELSER MOSKOWITZ EDELMAN
                                                & DICKER LLP

                                                *s/ Jana Slavina Farmer*
                                                Jana Slavina Farmer, Esq.
                                                Adam R. Bialek, Esq.
                                                150 E. 42nd Street
                                                New York, New York 10017-5639
                                                (212) 490-3000
                                                Fax (212) 490-3038
                                                Jana.Farmer@wilsonelser.com
                                                Adam.Bialek@wilsonelser.com

                                                *Attorneys for Defendant WorthPoint Corporation*

TO:    ANNAMARIE TROMBETTA
       *Plaintiff Pro Se*
       175 East 96th Street, Apt. 12R
       New York, NY 10128

       Anderson Duff
       HOGAN DUFF, LLP
       Attorney for Defendants
       NORB NOVOCIN, MARIE NOVOCIN
       and ESTATE AUCTIONS, INC.
       43-10 Crescent St. Ste. 1217
       Long Island City, NY 11101
       (646) 450-3607
       ajd@hoganduff.com