UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| ANNAMARIE TROMBETTA, | ) |
| | ) |
| Plaintiff, | ) Case No. 18-cv-0993-RA-SLC |
| | ) |
| v. | ) **Defendants' Memorandum in** |
| | ) **Opposition to Plaintiff's Motion to** |
| NORB NOVOCIN, MARIE NOVOCIN, and | ) **Amend Judgement and for Relief** |
| ESTATE AUCTIONS INC., et al., | ) **From Judgment** |
| | ) |
| Defendants. | ) |

_____

## PRELIMINARY STATEMENT

Defendants Norb Novocin ("Norb"), Marie Novocin ("Marie"), and Estate Auctions, Inc.

("Estate") (referred to collectively herein as "Defendants"), by and through their attorneys, Duff

Law PLLC, hereby seek an order denying Plaintiff's motion to alter or amend judgment pursuant

to Rule 59(e) of the Federal Rules of Civil Procedure and for relief from a judgment based upon

errors pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Pl.'s Mot. Amend, ECF

No. 547.) Plaintiff has made no new arguments, raised no new issues, and has not presented any

evidence that the Court has not already considered. Defendant Worthpoint Corporation

("Worthpoint") opposes Plaintiff's motion. (Def.'s Mem. Opp'n Pl.'s Mot., ECF No. 547.) To

avoid duplicative filings, Defendants join Worthpoint's opposition and incorporate its arguments

as if restated herein.

## ARGUMENT

Plaintiff asks the Court to alter or amend its February 20, 2024 order (the "Order"), ECF

No. 538, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Plaintiff also asks the

Court for relief from its Order pursuant to Rule 60(b)(1), (b)(2), (b)(3), and (b)(6) of the Federal

Rules of Civil Procedure. (Pl.'s Mot. Amend, ECF No. 547, 2, 12, 42.) Plaintiff's motion is an

obvious attempt to relitigate the issues previously considered and resolved by the Court in its

Order. Plaintiff's invocation of Rules 59 and 60 of the Federal Rules of Civil Procedure is mere

window dressing.

## I.      Plaintiff's Motion Fails Under Fed. R. Civ. P. 59(e)

"Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and

Local Civil Rule 6.3, which are meant to 'ensure the finality of decisions and to prevent the practice

of a losing party examining a decision and then plugging the gaps of a lost motion with additional

matters.'" *Sjunde AP-Fonden et al. v. General Elec. Co.*, 17-CV-8457 (JMF), 2024 WL 1208778, at

*1 (S.D.N.Y. Mar. 21, 2024) (quoting *Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012

WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012) (internal quotation marks omitted)). "It is well-settled

that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories,

securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Id.* (quoting

*Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). "Rather, the standard

for granting a Rule 59 motion for reconsideration is strict, and reconsideration will generally be

denied unless the moving party can point to controlling decisions or data that the court overlooked."

*Id.* "The standard for granting such a motion is strict, and reconsideration will generally be denied

unless the moving party can point to controlling decisions or data that the court overlooked – matters,

in other words, that might reasonably be expected to alter the conclusion reached by the court."

*Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256-57 (2d Cir. 1995). "The decision to grant or deny a

motion for reconsideration is 'committed to the sound discretion of the district court.'" *Sigmon v.

Goldman Sachs Mortg. Co.*, 229 F. Supp. 3d 254, 257 (S.D.N.Y. 2017) (quoting *Wilder v. News

Corp.*, 11 Civ. 4947 (PGG), 2016 WL 5231819, at *3 (S.D.N.Y. Sept. 21, 2016)).

Because Plaintiff fails to identify any controlling decisions or data overlooked by the Court

that might reasonably be expected to alter the conclusion articulated in the Court's Order, Plaintiff's

motion to alter or amend the Order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure

should be denied in its entirety.

## II.     Plaintiff's Motion Fails Under Fed. R. Civ. P. 60(b)

"On a motion and just terms, the court may relieve a party or its legal representative from

a final judgment, order, or proceeding for:  (1) mistake, inadvertence, surprise, or excusable

neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been

discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called

intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; [and] (6) any other

reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (b)(2), (b)(3), and (b)(6).

"The granting of a Rule 60(b) motion on any ground is considered 'extraordinary judicial

relief' and thus requires 'a showing of exceptional circumstances.'" *Reid v. City of New York*, 20

Civ. 644 (GBD(JLC), 2024 U.S. Dist. LEXIS 2279, at *7 (S.D.N.Y. Jan. 3, 2024) (denying Rule

60(b) motion filed by *pro se* party). "Where a Rule 60(b) motion 'seeks only to relitigate issues

already decided,' the motion is properly denied." *Id.* (quoting *Maldonado v. Loc. 803 Int'l Bhd.

of Teamsters Health & Welfare Fund*, 490 F. App'x 405, 406 (2d Cir. 2013)).

Plaintiff's motion fails to describe any mistake, inadvertence, surprise, or excusable

neglect" by the Court or any Party. Plaintiff's motion therefore fails insofar as it is made

pursuant to Rule 60(b)(1). Likewise, Plaintiff's motion fails to describe any newly discovered

evidence that, with reasonable diligence, could not have been discovered in time to move for a

new trial under Rule 59(b). Plaintiff's motion therefore fails insofar as it is made pursuant to

Rule 60(b)(2). Although Plaintiff's motion makes liberal use of the word "fraud," Plaintiff's

motion fails to identify any actual fraud, misrepresentation, or misconduct by an opposing Party.

Plaintiff's motion therefore fails insofar as it is made pursuant to Rule 60(b)(3).

The Second Circuit describes the catch-all provision of Rule 60(b)(6) as "a grand reservoir of equitable power to do justice in a particular case." *U.S. v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977) (quotation omitted). The Second Circuit has, however, cautioned that Rule 60(b)(6) should be invoked only when "extraordinary circumstances" justify relief or "when the judgment may work an extreme and undue hardship[.]" *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986). Neither the Court's Order nor the actions of any Defendant has worked any extreme and undue hardship against Plaintiff. Plaintiff's motion therefore fails insofar as it is made pursuant to Rule 60(b)(6).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request Plaintiff's motion be denied in its entirety.

Date:   New York, New York                      Duff Law PLLC
        April 2, 2024

                                        By:   /s/ Anderson J. Duff
                                              Anderson J. Duff
                                              353 Ocean Avenue
                                              Suite 4E
                                              Brooklyn, New York 11226
                                              (t) 646.450.3607
                                              (e) ajd@hoganduff.com

                                              *Attorneys for Defendants Norb*
                                              *Novocin, Marie Novocin, and Estate*
                                              *Auctions Inc.*

TO:    Annamarie Trombetta
175 East 96th Street, Apt. 12R
New York, New York 10128
annamarietrombettalegal@outlook.com
*Plaintiff*

Jana S. Farmer
Jana.Farmer@wilsonelser.com
Adam Bialek
Adam.Bialek@wilsonelser.com
John Cahill
John.Cahill@wilsonelser.com
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
150 E. 42nd Street
New York, New York 10017-5639
*Attorneys for Defendant*
*Worthpoint Corporation*