In The United States District Court For Southern District of New York

_____

Annamarie Trombetta,

      Plaintiff,

        vs.

Norb Novocin, Marie Novocin,
and   Estate Auctions Inc.

        and

WorthPoint Corporation

      Defendants

_____

Civil Action No. 18-cv-0993-RA-HBP

**PLAINTIFF'S REPY TO DOCKET 547**


**PLAINTIFF'S REPLY TO DEFENDANT WORTHPOINT CORPORATION 'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO F.R.C.P RULE 59(e) AND PURSUANT TO F.R.C.P RULE 60 FOR RELIEF FROM A JUDGMENT BASED UPON ERRORS AND THE DECISION WAS MANIFESTLY UN JUST**

## **TABLE OF CONTENTS**

A.  PLAINTIFF 'S PRELIMINARY STATEMENT …………………………………….…4

B.  STANDARD OF REVIEW RULE 59 (e) RULE 60………………………………………4, 5

C. PLAINTIFF'S REPLY TO  WORTHPOINT'S  ERRORS IN OPPOSING  MEMORANDUM
    OF  LAW  DOC 547 ……………………………………..…………. 5,6,7,8,9,10,11,12,13

## **ARGUMENTS**

C#1  Omission of Doc. 33 ………………………………………………………………5 and 8

C#2  Reasons I  added  WorthPoint──── Doc. 36 Mot.  to Dismiss & Amended Complaint -

   WorthPoint's Point 1V  RE Copyright Act Time Barred  …..………………….……5,6,7,8,9

C#3  Separate accrual  rule for  repeat  copyright infringements - the statutes of limitations……9


C#4  Late Copyright Registration  Psihoyos vs John Wiley & Sons Inc.748 F.3d 120,125 (2d

   Cir…………………………………………………………………………………10,11

C#5  Plaintiff's Reply to Point.11 Validity of  Report of Jesse  Stricchiolia and Jason Packer…….

   …………………………………………………………………………………… 11,12

C#6 Plaintiff's Google listing  are computer print outs and  error  that they are screen shots…..12


C#7-Omission of Dec. 19, 2022 Proposed  SAC  Doc. 341-342-WorthPoint's Point.V. Fraud
    Claims……………………………………………………………………………12. 13

D  PERMANENT INJUNCTIVE RELIEF ……………………………………….......13

D.. CONCLUSION……………………………………………………………………13

# CASES

White v. N. H. Dep't of Emp't. Sec., 455 U.S. 445, 451 (1982)……………………………………..…4

"Meghani v. Shell Oil Co., 2000 U.S. Dis. LEXIS 17402 *2, (S.D. Tex. Aug. 24, 2000) (citing Divane v. Krull Elec. Co., Inc., 194 F.3d 845, 848 (7th Cir. 1999)…….………………………………..…………4

" Holtz v. Rockefeller & Co. Inc., 258 F.3d 62, 69 (2d Cir. 2001) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)……………………………………………………………………………4

Petrella v. Metro-Goldwyn-Mayer, Inc. :: 572 U.S. 663 (2014)…………………………………….9

Psihoyos vs John Wiley & Sons Inc.748 F.3d 120,125 (2d Cir.(2014)………………………10,11

(16 Casa Duse,LLC v Merkin,791 F.3d247,256(2nd Cir. 2015)17 U.S.C. §102(a)(2)………….11

## STATUTES

17 *U.S.C.* § 102 (a) (1)……………………………………………………………………………….10
17 U.S.C. § 401 § 401(c)……………………………………………………………………....…4,26
17 U.S.C. § 501……………………………………………………………………………….4,15,27
17 U.S.C. § 504……………………………………………………………………………………..11

17 U.S.C. § 1203…………………………………………………………………………......….4,
17 U.S.C. § Section 1202(a) ………………………………………………………………………11
17 U.S.C. § Section 1202(b)……………………………………………………………………….11
17 U.S.C. §107…………………………………………………………………………….4.

## RULES

Fed. R.Civ.P. 59 (e)…………………………………………………………………………….4,5
Fed.R.Civ.P. 60…………………………………………………………………………………. 4,5
Fed.R.Civ.P.12(b) 6 ……………………………………………………………………………….8
Fed. R. Civ. P.15 …………………………………………………………………………………..8
Fed. R. Civ. P. 26 …………………………………………………………………………………13
Fed. R. Civ. P. 9…………………………………………………………………………………..13

## A. PLAINTIFF 'S   PRELIMINARY STATEMENT

WorthPoint Corp. and its attorneys  filed an Opposition against  Plaintiff 's  Motion, Doc. 542  pursuant to Rule 59(e) which allows Plaintiff  the right to submit  newly presented evidence and/or  to amend/correct  clear errors.  Any errors  changing  or effecting  the controlling laws which renders a decision manifested unjustly,  justifies the use of Rule 59(e) and  Rule 60, relief  60(b)(1), (b)(2), (b)(3), and (b)(6)from Judgment. White v. N.H. Dep't of Emp't. Sec., 455 U.S. 445, 451(1982).   WorthPoint's Memorandum  of Law Doc. 547  contains  several inaccurate factual matters. WorthPoint's has  changed the material  facts and dated facts in this case,  while ignoring  relevant facts,  pertinent  to  laws and statutes. WorthPoint's errors and those in Judge Swain's Memorandum Opinion and Order in Doc.528  were in my Motion. My reply addresses Defendants' Opposition Pursuant to Rule 59(e) and Rule  60(b)(1), (b)(2), (b) (3), and (b)(6).

## B.   STANDARD OF REVIEW  RULE 59 (e) RULE 60

After a nonjury trial, the court  may,  on motion  open the judgment if one has been entered, to  add evidence, testimony,  or  to correct or amend findings of facts.  Motions to  amend or alter the judgment should be granted when there exists "a manifest error of law or fact, so as to enable the court to correct its own errors and thus avoid unnecessary appellate procedures.  "Meghani v. Shell Oil Co., 2000 U.S.Dis. LEXIS 17402 *2, (S.D.Tex. Aug. 24, 2000) (citing Divane v. Krull Elec.Co., Inc., 194 F.3d 845, 848 (7th Cir. 1999).  Use of Rule 59 (e) has to be based on incorrect factual determinations,  if the court  overlooked controlling decisions  data or evidence  required by the court to review. A fact is considered material if it "might" affect the  outcome of the  suit under the governing  law  and an issue of fact is a genuine one where "the evidence is such  that a reasonable jury  could return a verdict for the nonmoving party. " Holtz v.Rockefeller & Co.Inc., 258 F.3d 62, 69 (2d Cir. 2001) and Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A court has  discretionary authority to amend its prior  decision.  Under  F.R.C.P.  Rule

60(a) further provides that the court may correct a clerical mistake or a mistake arising from oversight or omission when a substantial one is found in a judgment, order, or other part of the record. F.R.C P. 60 (b) 60 (1), (b)(2), (b)(3), and (b)(6) , the Court may relieve a party from a f final judgment or order if mistakes were made or any reason that justifies relief.

## C. PLAINTIFF'S REPLY TO WORTHPOINT'S OPPOSING MEMORANDUM OF LAW

### #1 Omission of Doc. 33—and Doc. 36 Operative Complaint

My Motion R. 59 (e) and R .60 was filed after I read Doc. 538, which overlooked early facts in my case. The reassignment to Judge Swain was in June 2023. Respectfully, I note the omission of my Jan. 17, 2020, PAC in Doc. 33. In Doc. 547 on p. 2, Ms. Farmer incorrectly states my SAC (Feb. 21, 2020) was filed after the statues of limitation. Ms Farmer falsely a sserted, on p. 17, *"Plaintiff offers no explanation as to why she did not name WorthPoint as Defendant in a timely manner or how the Feb. 2020 amendment "relates back" to the initial Complaint".* Plaintiff 's filings are on Court the record. Also on the Court record are the number of lawyers WorthPoint retained. Wilson, Elser, Moskowitz & Dickler, is its third law firm. WorthPoint's changing attorneys, do not change any of the material facts or dates in this case. WorthPoint's contradictory statements to my facts and the Court's omissions of my six witnesses, phone transcripts, Doc. 33, 341 and 342 prompted me to file my Motion in Doc. 542.

### #2 Reasons I added WorthPoint — Doc. 36 Mot. to Dismiss & Amended Complaint - WorthPoint's Point 1V RE Copyright Act Being Time Barred.

Plaintiff documented all my actions prior to my lawsuit. My filings affirm, I never had any involvement or knowledge of either Defendants or its 1972 painting. Their public, internet post, listed under my name for 1972 Original Oil Painting, Man With Red Umbrella was fake. WorthPoint's ad had a photo of a signature (A. Trombetta) yet the ad wrote the 1972 original painting was signed " Annamarie Trombetta". WorthPoint's webpage had a copyright symbol, logos and written statement " *© Copyrighted work licensed by WorthPoint",* under its photo of the signature in oil paint in WorthPoint' webpage. Since it is not my signature or painting and I

didn't have any association to either company, I only knew the ad was false and the signature in oil paint was forged. In August 2015, I immediately contacted eBay and WorthPoint and did so till Nov.2015. Verified in Pl. Evid. 000016, filed in Doc. 33 and last filed in Doc. 517- 4 on p.. 29 is WorthPoint's employee Anita Brooks' deceitful written direction for me to contact eBay to remove the false 1972 post. In Dec. 2015, in a recorded phone call with Jamie, an eBay rep, I was informed the false 1972 post was on WorthPoint's website- Jamie gave me WorthPoint contact info (inserted box). During this phone call, Jamie transferred me to eBay

```
00;15;36;21 - 00;15;45;22
Jamie  eBay Customer Service
Okay. The phone number for WorthPoint contact information. Customer
service will be 877 481-5750.
```

specialist, named Archer. He confirmed the 2012, 1972 oil painting sale was "undefined". After being lied to by WorthPoint in writing, Nov. 2015, I recorded my Jan. 22nd, Feb. 1st and Feb 3,

```
Archer
And if they help you further, I can't pull up any correct information
associated with the sale now because it's UNDEFINED Nothing is showing up
here …Ah ..just the source.. that it's sold on eBay.
```

2016 phone calls. In Doc. 547, on p.10, Ms. Farmer asserts my calls are irrelevant and falsely stated I did not append my phone recording as exhibits. They in Court records. My bate stamped phone recordings were transcribed and numbered. This information in crucial to my case and confirms my claims. My Feb. 3, 2016 call with WorthPoint's Gregory Watkins confirms Terapeak was the source of the 1972 webpage **EXHIBIT #1** yet WorthPoint filed a redacted AER sub licensing agreement the attorneys failed to produce, as requested Dec 13, 2023 in Doc. 528.Ms. Farmer stated I did not address this in Discovery yet in Doc. 232, June 6, 2022 and on Doc. 274, August 29, 2022, my letters defined the difference between a licensing agreement (Terapeak) and a sub licensing agreement- AER. WorthPoint produced a re dated sub licensing agreement. My phone recordings document my efforts in early 2016, after eBay proved it was not associated with the false 1972 webpage post on WorthPoint's website. It took seven

months, August 2015 to March 2016, to remove one post off WorthPoint's site. My Jan. 17, 2020 PAC, EXHIBIT #7 is of Packer's temporary Google removal request **EXHIBIT #2.**

Months later, I received emails from WorthPoint to invest in its company. This prompted a Google search. In Oct. 2016, WorthPoint fake 1972 ad was reposted under my name. My fact witness, Willie Chu and I verified and tried to find out how to remove this repost by phone with Google, who gave me a Google's support website . Google's webpages are in Pl. Evid. 000001- 8 ) Doc. 518-4 p.1 to 8. On Jan. 4, 2017, WorthPoint failed to respond my repost removal request email. In Jan. 2017 .Norb Novocin phoned me. He had no information but confirmed he sold the 1972 painting. He told me to "Go For It" and hire an attorney when I said I did not paint the 1972 painting. In June 2017 I hired an attorney to contact EAI, to request the removal of the false 1972 post from the internet. My statement (insert box below) is in

> response. The May 9, 2017 re-posting prompted the Plaintiff to hire an attorney who in turn contacted Estate Auctions Inc. regarding the take down of the post and a settlement letter . Regarding the New York

Doc. 36 on p.7, filed on Feb. 21, 2020 in my SAC. In my attorney's August 2017 settlement letter to EAI , EAI000001 to EAI00003, on p. 2, my lawyer's written requests to EAI to remove the false 1972 post off the internet are noted. Below are the two request on page 2. I filed **EXHIBIT#3 EAI000001 to EAI00003** last , on August 1, 2023 Doc.527-1 p.31-33.

> - Assure Ms. Trombetta that the misattribution would be corrected in EAI's records, including without limitation any public records (such as those available through online aggregators, e.g. WorthPoint) or website metadata.

> - confirm that its internal records and any publicly-accessible data (including website metadata) in regard to the sale of this Lot has been corrected to remove any reference to Ms. Trombetta (and instead correctly attribute the work to a different artist, or identify it as

In 2017, EAI never made a monetary offer or confirmed if EAI posted the false 1972 webpage online. My lawyer's 2017 letter did result in the permanent removal of the false 1972 post.

On Feb. 5, 2018, I filed a lawsuit. On Feb. 2019, Judge Abrams held a Conference in Her Chambers with EAI 's attorney. In April 2019, Judge Abrams held a Settlement Conference

to no avail.  In the fall of 2019, Judge Abrams allowed me to re plead  my Copyright claim and I amended my complaint.  In March 2019, EAI  verified  it produced the photo signature.   EAI issued a  statement vindicating itself from the internet site for  the two separate 1972  posts.

**Annexed as EXHIBIT #4 is  EAI's admission  in  Doc. 33** on p. 49 and 50 in **Doc. 36,  in Doc. 342 , p. 8 348 and Doc. 571.**     In Doc. 36 on  p. 49 and 50, Plaintiff  noted,  this was the first opportunity I had   to amend my complaint.  Below is  EAI's  partial  admission  quote.

*" We now understand that at least one third-party internet site scraped information about the December 1, 2012 eBay sale that contained the mis-attribution naming Ms. Trombetta and reposted the same on its website at least twice. Because EstateAuctions has no control over this third party,  Ms. Trombetta had difficulty removing this information  from the website".*

Plaintiff's  Feb. 5, 2018, Original Complaint begins with  my Statement of Facts. I described interactions with both Defendants. I named  Will Seippel, his email and the phone number of Gregory Watkins in statement #16.   My  PAC, in Doc. 33,  Doc. 341-342, filed on Dec. 19, 2022, and my  Operative Complaint in Doc. 348,  all have my Original Complaint statement of facts. Important to note in my  Jan. 17,  2020, Doc.33 is  Rule 15 on p. 44 and 45, that permits an amendment and  relates back to  my  Original Complaint.  Judge Swain wrote on p. 17 I did not seek to add  WorthPoint  till Feb. 21, 2020. It took time to confirm  EAI did not posted the  online 1972 ad.   In  Oct. 2019,  I was permitted  to re plead my Copyright claim I  then requested   permission to amend.  On  Dec. 16, 2019, in Doc, 32,  Judge Cave directed me  to file my  PAC  by  Friday,  Jan. 17, 2020 (Doc 33).  On the same day, I was directed to file by  Feb. 21, 2020, my  reply to EAI's memorandum of  law, Motion to  Dismiss, F.R.C.P 12(b) 6 and   my amended Complaint. WorthPoint filed three Motions to Dismiss, Doc.60,  Doc. 143 and Doc. 156.  Judge Abrams denied all motions.  On Feb. 21, 2020,   I filed a request to submit my phone calls with  WorthPoint as I did with  Mr. Novocin's  recording emailed to Judge Abrams. Feb. 20, 2019 **EXHIBIT#5 A -B.**  In  Doc 36 my #5 statement, p. 4  affirmed the 1972 repost after WorthPoint was informed it was false and linked the 1972 post to  its  other  webpages.

**5.** In the fall of 2016—within the same year— this  same false listing  was reposted  on the internet once again under the Plaintiff's name.    Worthpoint  .com were  duly informed that the  information contained in this posting was false in January February 2016 and disregarded the take down request.

In Doc 547 on p.2, Ms. Farmer falsely stated Plaintiff failed to demonstrate that WorthPoint reposted the 1972 eBay listing information. My Google listing from Oct. 2016 include March 2017, April 2017 and May 2017 in Pl. Evid .000060 to 71, filed in Doc. 443, Doc. 504, last filed in Doc.518-4. My attorney's 2017 letter documents my removal request of the false 1972 post. Third, in Doc. 33 EX. #7 March 2016 and in 000134, it documents Jason Packer filing temporary removal requests w/Google lasts about six months and is not permanent.

The six months gap from March 2016 to Oct. 2016, and reposting of the same fake 1972 webpage was listing under my name in a Google search. In Pl. Evid 000060 to 0000071 the computer print outs verify each dated Google listing when WorthPoint 's fake 1972 was online. In Doc 538, Judge Swain wrote on p. 2, the 1972 listing via Google was in <u>March 2017</u> . The two month time error of March , instead of May 2017, is significant to the statues of limitations for copyright infringement. Two more months renders the statues timely.

**#3- Separate accrual rule for repeat copyright infringements the statutes of limitations**

In Plaintiff's PAC on Jan. 17, 2020 in my Feb. 21, 2020 complaint. in No. 5, I clearly stated, WorthPoint's SECOND repost was found in the fall 2016.. The removal of all posts linked to the 1972 webpages was March 2016. It is the first take down WorthPoint's SECOND repost of the fake 1972 painting was due to Mr. Packer filing a "temporary"Google removal It was not permanent as per my request. WorthPoint's second repost satisfies the terms of the accrual rule, Judge Abrams defined in Doc. 87 on p.14 . I filed Doc. 187 p.14 and p 18, in Doc. 518-2 page 16 -17. In Doc. 538 on p 18, Judge Swains's referred to the accrual rule it a the "renewed act". Both Judges referenced case Petrella v. Metro-Goldwyn-Mayer, Inc. 572 U.S. 663 (2014). In Doc. 538 on p. 18, Judge Swain in the quote in the box below wrote "screen shot". Plaintiff's evidence is not from a screen shot. Each document was printed directly from a computer. and date and time was automatically printed by the computer, in the upper right side     Referenced in Judge Swain' s quote above is Plaintiff's Motion to Exclude

Jessie Stricchiolia in Doc. 443. Judge Swain referenced only one March 2017 webpage. I filed **Pl. Evid. 000069- 000070 -EXHIBIT #5** and is WorthPoint's reposted 1972 webpage

**#4 Copyright Registration - Psihoyos vs John Wiley & Sons Inc.748 F.3d 120,125 (2d Cir.)**

In Doc. 187, on p. 14 filed Dec. 21,2021, Judge Abrams referenced the case Psihoyous vs. John WileyInc. 748 and Sons, F.3d 120 125 (2nd Cir. 2014). Judge Swain also noted the same case on p. 17 in Doc. 538 and Ms. Farmer in Doc. 547, on p. 12 named the same case. In Plaintiff's Reply to WorthPoint's MSJ in Doc.496 on p. 23, I referenced in detail the timing of Psihoyus copyright registration in case of Psihoyus vs. John Wiley and Sons, in S.D.N.Y Rakoff,J.) Psihoyos, a professional photographer, created eight photographs Wiley published in its textbooks from 2005 to 2009. In March 2011 Psihoyos filed a complaint alleging Wiley had infringed his copyright. Upon Wiley filed motion for summary judgment to Psihoyos's claims, citing Psihoyos's failure to register the relevant works prior to initiating a suit as required. Two days after Wiley filed its summary judgment brief, Psihoyos, (the photographer) moved for leave to amend his complaint to allege infringement of the copyright of his photos. Ten days later, Psihoyos submitted applications for copyright registration to the Court. Psihoyos did not have his US Copyright Registration until after discovery. A jury found the Defendant, Wiley & Sons, willfully infringed his copyright. Psihoyos's was awarded $100,000 in statutory damages

In Plaintiff's case, my original, self authored, biography in my catalog 17 *U.S.C* §102 (a) (1) and website was used to sell and advertise a damaged painting sale, I did not paint.17 U.S.C..§ *106A* The "sine qua non" of all copyright protection is its originality. Defendants copyright infringement was caused by the unauthorized,incorrect use of my name and uniquely written, personal life experiences. Intellectual property and my exclusive copyrights prevent such use. Both Defendants removed my CMI. WorthPoint distributed false CMI ,self evident a written copyright and licensing claim This violates Section § 1202(a) and Section §1202(b). Defendants evidence WP000038 to WP000040 with my full website bio is not Confidential. Photographer Psihoyos's case was also in S.D.N.Y. and did not register his infringed photos until after Wiley

filed his MSJ.  In my case, I registered immediately. In Doc. 342, I wrote as Count 5-  tangible

conversion fraud founded on my exclusive right of possession, self authored bio catalog.It is a

"literary work in prose and  an individual artistic expression  in a tangible form. 17 U.S.C. § 504

(16Casa Duse,LLC v Merkin,791 F.3d247,256(2nd Cir. 2015) 17 U.S. 102(a)(2).   I  ask  the Court to

reconsider damages.The incorrect use of my bio from my website and catalog, effects two items,

**#5- Plaintiff's Reply to Point.11 Validity of  Report of Jesse  Stricchiolia and Jason Packer**

In Doc. 547,  page 6  in Point II - Ms Farmer  notes   Fed. R. of Evid  702 in reference to

Jessie Stricchiolia's   report and Jason Packer Declaration.  Mr. Pacer  produced charts and

and false evidence  based on an email  Plaintiff _never used_  to contact WorthPoint.  WorthPoint

sent two emails  to Plaintiff on Jan. 22, 2016.  I filed these two emails in Doc. 33. on p. 21-22

WorthPoint's _sent_ email to annamarie@trombettaart.com. **EXHIBITS#6 A.**   In Doc. 22 on p.23,

I sent  WorthPoint a forward email using trombettaaart@yahoo.com  which was the only email

address I ever used  to contact WorthPoint at any time.. **EXHIBITS#6 B** According to  Fed. R.

of  Evid 702, all testimony must be reliable.  Mr. Packer's testimony in his Declaration  produced

evidence based on a false email and declared I used email annamarie@trombettaart.com to look

up the price of the 1972 painting on WorthPoint's website. The material fact is  I only used

trombettaaart@yahoo.com  to WorthPoint.  Packer's Declaration violates Fed.R.of Evid 702.

In a Google search for Temporary Removal requests and on Googles support website it publicly

states Google's  Temporary Removal request  last 6  months.  In March 2016, Jason Packer filed

a Temporary Removal w/Google.I found the reposting Oct. 2016more that 6 months later. In

2015 and early 2016, Plaintiff informed three WorthPoint staff members the 1972 was false and

requested it to be permanently removed.WorthPoint failed to implement a Permanent Removal

which  prevent Googlebot  from crawling or indexing -See inserted boxes.  Aside from  Ms.

Stricchiolia  misidentifying

---

**Temporary Removal:**

- Google's **Removals tool** allows you to temporarily block specific URLs from appearing in search results within **up to a day**. This is the quickest option but only offers **temporary protection, typically lasting around 6 months**.

> **Permanent Removal:**
>
> - To prevent a page from reappearing after the temporary removal period, you need to take **permanent removal measures**: **Update or remove the content:** This is the most secure approach. By removing or updating the content on your website, you ensure Google doesn't have the information to display in search results, even after the temporary removal expires. **Password-protect the page:** This restricts access to the page, preventing Googlebot from crawling and indexing it while allowing authorized users to view it.

Mr. O'Leary's Affidavit as a report, written on Christmas day, she blamed Google crawl and Google snippets as WP second repost. Patrick O'Leary founded, operated and sold his famed website company, match.com for 45 million dollars. He testified, it take one or two days to remove a webpage. WorthPoint's paid my expert witness, a forty dollar fact witness fee and tried to discredit him and the truth.WorthPoint owns its site and responsible to permanent removal webpages, not Google.

## 6- Plaintiff's Google listing are computer print outs and error that they are screen shots

The box insert below is from Doc. 538 and referenced Doc. 443. In Doc. 443 I filed in

> reposted it after taking it down on February 4, 2016. (SAC ¶¶ 16-18.) Plaintiff asserts that her screenshot of Google search results from March 2017 shows that the webpage was still accessible on WorthPoint's site within three years of her First Amended Complaint. (Id.; see also docket entry no. 443-2 at Ex. 2.) In response, WorthPoint proffers expert testimony explaining

EXHIBITS # 8 thru 15, the 2017 Google listings printed out by a computer with automatic stamped dates in the upper corner. The initial SECOND (successive) repost by WorthPoint is dated Oct. 26 2016. The last dated Google listing is May 9, 2017. Google listings were under -artist annamarie trombetta and 1972 Original Oil Painting In Doc. 443 in EXHIBITS #16 thru to EXHIBIT #20 I also filed WorthPoint's emails sent to Plaintiff in 2016 and the 2017 In Doc. 443 I included three dated UNSUBSCRIBE submission in Jan. Feb. and March 2017.

## 7 -Omission error of Dec. 19, 2022 Proposed SAC in Doc. 341-342 Point.V. Fraud Claims

In Doc. 547 on p. 9 and p. 11, under POINT. IV, Ms. Farmer argues Doc. 341 and 342, filed on the required date on Dcc. 19, 2022 states my statues of limitations are time barred for VARA , DMCA and Copyright, despite Judge Cave granting Doc. 348 SAC. My Rule 59 (e) Motion was filed due to omission of my Doc. 33, 341 and 342 and the omission of evidence in

my filings noted this reply. In POINT V. Farmer falsely wrote my Fraud Claims are barred because arose out to the Discovery process. Discovery precedes any claim for Fraud to rule out unsubstantiated allegations and is base on evidence. Ms. Farmer ignored in Doc. 342, Rule 15, on p 4, F.R.C.R Fraud 9 (b) on p.4 - 6, Rule 26.01, which states an amendment may be allowed at any stage of an action and may permit parties to seek to amend their pleadings just before trial. My SAC I includes Judge Caves' noted scienter, in Doc. 40 on March 19, 2020 and Judge Abrams noting of scienter in Doc, 187 on Dec.21, 2021. In Doc 342, there are seven not eight count of fraud. For each count I followed the rule (1) specify the plaintiff contends were fraudulent, (2) identify the speaker, (3) stated where and when fraud was made, and (4) explain why and fully each claim The five elements of Fraud are on pages 29 and 30 For the Court's convenience I attached Doc. 342 to review as **EXHIBIT #8.**

## H.   CONCLUSION

Throughout litigation Plaintiff has been subjected to unending problems, gamesmanship, delayed or withheld Discovery and harsh deadlines, despite a direct email to Judge's chamber when ill. Even Ms. Farmer noted on p.10 in Doc. 547, I filed numerous documents to the Court, with Covid. The Court did not extend any leniency to one Pro Se Litigant against four attorneys. In Doc. 547 on p. 15, Ms. Farmer stated I did not comply or have MEET & CONFER with Defendants. On record, in Doc. 263, 304, 489 and 512 renders her statements are false and deceitful, I have been falsely accused of not submitting any new evidence in my Motion. As such, my last **EXHIBIT#9** is a BBB Complaints for WorthPoint. Due to such complaints and as a remedy, Plaintiff requests the Court to grant permanent injunction relief against Defendants. My lawsuit and Motion in Doc. 542 seeks to legally prevent them from any further use of my name on "false" misattributions in an attempts to create a counterfeit secondary art market with my brand and identity.Plaintiff respectfullyrequest the Court to grant Plaintiff's Motion and grant any other further or different relief the Court deems just and proper.

Respectfully Submitted by

Annamarie Trombetta
175 East 96th Street (12 R)
New York. New York 10128
Pro Se Plaintiff

——Electronic Signature ——

/s/ Annamarie Trombetta  April 9, 2024

_____

Annamarie Trombetta Pro Se Plaintiff

# EXHIBITS

## PLAINTIFF'S  REPLY TO  WORTHPOINT'S   DOC.  547

**EXHIBIT #1 Pl. Evid. 001001  Feb.3, 2016 Phone Call -Gregory Watkins -WP  —Terapeak**

**EXHIBIT #2  01/17/20 PAC EX. #7 Packer's temporary removal request w/Google 3/2/2016**

**EXHIBIT#3 Lawyer's August 2017 Letter EAI000001- EAI00003  Repost Removal Request**

**EXHIBIT #4   EAI's   QUOTE  Third Party Internet online repost in  Doc. 33-36- 342- 571**

**EXHIBIT #5 A   Feb. 21, 2020, phone calls with  WorthPoint s.**

**EXHIBIT #5 B   Feb. 20, 2019 Norb Novcin phone call emailed to Judge Abrams**

**EXHIBIT #6A WorthPoint's  SENT  email to annamarie@trombettaart.com. in Doc. 33**

**EXHIBIT#6 B WorthPoint a forward email using trombettaaart@yahoo.com**

**EXHIBIT #7 Pl. Evid. 000069- 000070-  May 7, 2017-WorthPoint website 1972  webpages**

**EXHIBIT #8 Plaintiff's Doc, 342 timely filed on Dec. 19, 2022.**

**EXHIBIT#9  Documented  BBB  Complaints  for  WorthPoint Corporation Website.**

In The United States District Court For Southern District of New York
_____

Annamarie Trombetta,
Plaintiff, Civil Action No. 18-cv-0993-RA-HBP
vs.
Norb Novocin, Marie Novocin,
Estate Auctions Inc.
and
WorthPoint Corporation
Defendants

_____

## CERTIFICATE OF SERVICE

I certify that on April 9, 2024, a true and correct copy of the foregoing document was served

upon the parties of record via the Court's CM/ECF system and directly to all attorneys listed

below to include Adam Bialek, Jana Farmer and John Cahill attorneys for WorthPoint

Corporation and attorney Anderson Duff representing Marie and Norb Novocin and Estate

Auctions Inc.

Dated: New York, New York   April 9, 2024

                                    Respectfully Submitted by

Annamarie Trombetta                 ——Electronic Signature ——
175 East 96th Street (12 R)
New York. New York 10128              /s/ Annamarie Trombetta    April 9, 2024
Pro Se Plaintiff                    _____

                                     Annamarie Trombetta Pro Se Plaintiff

Attorneys for Defendant WorthPoint Corporation

TO : Adam R. Bialek
150 East 42nd Street
New York, New York 10017 Telephone:
Telephone: (212) 915-5143 Fax: (212) 490-3038
Email : Adam.Bialek@wilsonelser.com

TO : Jana Slavina Farmer
1133 Westchester Avenue White Plains, New York 10604
Telephone: (914) 872-7247 Fax: (914) 323-7001
Email : Jana.Farmer@wilsonelser.com
Attorneys for Defendant WorthPoint Corporation

TO : John Cahill
150 East 42nd Street
New York, New York 10017
Telephone: (212) 915-5143 Fax: (212) 490-3038
John.Cahill@wilsonelser.com
Attorneys for Defendants Norb Novocin, MarieNovocin, and Estate Auctions, Inc.

TO: Anderson Josiah Duff (via email)
Hogan Duff, LLP
43-10 Crescent St., Ste. 12173
Long Island City, New York 11101
Telephone: (646) 450-3607
Email ajd@hoganduff.com

Plaintiff's Evidence Expert Dis.001001



**Speaker Annamarie Trombetta Plaintiff**

Mm hmm. Well, who's the middleman then?

00;01;37;12 - 00;01;51;01

**Speaker Gregory Watkins**

That would be to Terapeak

**Speaker Annamarie Trombetta Plaintiff**

Terapeak ??

**Speaker Gregory Watkins**

Terapeak. But they don't…. EBay only sends the information that's on the page like this, right. So everything else that's connected to it is.. disappears.

00;01;51;15 - 00;02;12;02

**Speaker Annamarie Trombetta Plaintiff**

OK, so a logical question is, if this piece of artwork is- was sold in 2012 and eBay doesn't keep any of the data longer than three months, then how did this appear onto my website uh.. uh.. uh.. onto your website. now ? I haven't seen it ummm …

**Speaker Gregory Watkins**
00;02;12;15 - 00;02;17;28

Oh.. Ok, the.. the information this is on… That is what the original eBay listing looked like….

**Speaker Annamarie Trombetta Plaintiff**

Again but… it …it..

00;02;17;28 - 00;02;30;02
**Speaker Gregory Watkins**

In other words, and the ah..and the photograph is what the eBay seller put up.

00;02;30;21 - 00;03;07;
**Speaker Annamarie Trombetta Plaintiff**

So you're saying that this piece from 2012 has all of a sudden surfaced in 2016 at the same time concurrently, you're telling me that eBay doesn't keep data, uh.. more than six months. So again, just a logical question would be umm.. basically… How ..how could this happen if eBay

**From:** Jason Packer [mailto:jason.packer@worthpoint.com]
**Sent:** Wednesday, March 2, 2016 6:15 PM
**To:** Will Seippel <will.seippel@worthpoint.com>
**Subject:** Re: FW: Artist Annamarie Trombetta----Fraudulent Artwork--and links to Fraudulent Artwork

----------
**From: Jason Packer** <jason.packer@worthpoint.com>
**Date:** Thu, Mar 3, 2016 at 8:39 AM
**To:** Will Seippel <will.seippel@worthpoint.com>

Exhibit #6

I can file a temporary removal request w/Google for this URL:
http://www.worthpoint.com/worthopedia/titanic-lithograph-poster-48924121
Which is the one that has her text in the old cached version w/Google:
http://webcache.googleusercontent.com/search?q=cache:7Xt_g7k2dSSJ:www.worthpoint.com/worthopedia/titanic-lithograph-poster-48924121+&cd=1&hl=en&ct=clnk&gl=us
Should I go ahead and do that? They don't always process those but there's no real danger to us other than losing traffic for just one page.

----------
**From: Will Seippel** <will.seippel@worthpoint.com>
**Date:** Thu, Mar 3, 2016 at 2:46 PM
**To:** Jason Packer <jason.packer@worthpoint.com>

Yes, please do.

Reply 547

**From:** Jason Packer [mailto:jason.packer@worthpoint.com]
**Sent:** Thursday, March 3, 2016 8:39 AM

----------
**From: Will Seippel** <will.seippel@worthpoint.com>
**Date:** Thu, Mar 3, 2016 at 2:46 PM
**To:** Jason Packer <jason.packer@worthpoint.com>

Yes, please do.

**From:** Jason Packer [mailto:jason.packer@worthpoint.com]
**Sent:** Thursday, March 3, 2016 8:39 AM

Reply to Doc 547

Exhibit #2

--
Will Seippel
CEO/Founder
WorthPoint Corporation

(404) 996-1472 O)

13/14

EAI000001



**CCNR**

CAHILL COSSU NOH & ROBINSON LLP

2017-August-28

BY FEDERAL EXPRESS AND ELECTRONIC MAIL; WITHOUT PREJUDICE; FOR SETTLEMENT PURPOSES

Mr. & Mrs. Norbert and Marie Novocin
Estate Auctions Inc.
1221 Old Furnace Road
Seaford, DE 19973
estateauctionsinc@gmail.com

**Re:    Misattribution of eBay Lot Sold on 2012-Dec.-01, Described as "1972 Original Oil Painting Man With Red Umbrella Signed Annamarie Trombetta YQZ" (the "Lot")**

Mr. and Mrs. Novocin:

We represent the artist Annamarie Trombetta ("Ms. Trombetta") in relation to your sale of the Lot referenced above. If you are represented by counsel, please forward this communication to him/her.

Estate Auctions Inc. ("EAI") offered the Lot in December 2012 on eBay. EAI's eBay seller page listed the Lot as being "by Annamarie Trombett[a]" and "signed Annamarie Trombetta." The listing reproduced biographical information from Ms. Trombetta's website, and further indicated that the Lot was "signed on the bottom, but on the back it has written in red on the stretcher, Annamarie Trombetta 'Gifted' 1977, 'Painted' 1972."

There are numerous grave problems with this attribution and description, including without limitation:

- Ms. Trombetta did *not* create the Lot nor approve her association therewith, such that the attribution of the work to her likely constitutes a **false designation of origin** in violation of the Lanham Act, and may also constitute a **violation of her moral rights** under the Visual Artists Rights Act;

- The unauthorized use of Ms. Trombetta's name for advertising or trade purposes was a **violation of her right of publicity** under New York state law;

- The publication of the misattribution of the Lot constituted **defamation**, resulting in damage to Ms. Trombetta's reputation, a detrimental impact on the sales prices for authentic works by her hand and/or the loss of individual sales thereof;

- The eBay listing's use of Ms. Trombetta's original website text constituted **copyright infringement**; and

- Because the signature on the front of the Lot can at best be read as "A. Trombetta," not "*Annamarie* Trombetta," the eBay listing, entirely *aside* from effecting a false attribution,

70 West 40th Street  New York, NY 10018  212-719-4400  www.CahillLawFirm.com

Estate Auctions Inc.
2017-August-28
Page 2 of 3



was actually demonstrably inaccurate, potentially negligent and constituted a **breach of express warranty** in violation of the Uniform Commercial Code.

We understand that Ms. Trombetta reached out to you soon after her discovery of your online sale of the Lot, and spoke with you by telephone in January of this year, after the misattribution had been continually published for close to *four years*—damaging her reputation and the market for her artwork all the while. Upon learning from our client that EAI had misattributed the Lot, you apparently refused to remedy the situation. Among other potential avenues of redress, you declined to do any of the following:

- Provide to Ms. Trombetta images of the verso of the Lot showing the alleged inscription;

- Provide to Ms. Trombetta contact information for the consignor or purchaser of the Lot or assure Ms. Trombetta that such third parties would be notified of EAI's misattribution of the work;

- Assure Ms. Trombetta that the misattribution would be corrected in EAI's records, including without limitation any public records (such as those available through online aggregators, e.g. WorthPoint) or website metadata.

Rather than taking any of the above actions or otherwise addressing the wrongs inflicted on this established artist, you challenged Ms. Trombetta to get an attorney. She has done so.

As discussed above, **EAI's misattribution and misdescription of the Lot, as well as its unauthorized use of Ms. Trombetta's website text, violates Ms. Trombetta's legal rights and gives rise to numerous claims under federal and/or state law**. EAI's failure to take corrective actions, even after being notified by Ms. Trombetta of these issues—in combination with other consumer complaints regarding misattributions and false descriptions of property sold by EAI—may also constitute evidence of fraudulent intent and/or a pattern of fraudulent behavior triggering criminal liability.

Although we were disappointed to learn that you previously declined to remedy your breaches of our client's rights, we have counseled Ms. Trombetta to make a final attempt to resolve this matter amicably with EAI, so as to save her the time and energy that would be consumed by commencement of an action against EAI. To that end, without prejudice and with express reservation of all of her rights, powers and privileges available under at law or in equity, Ms. Trombetta hereby demands that EAI:

- **notify the consignor and purchaser** of the Lot of the Lot's misattribution, explicitly indicating that the Lot was not painted by Ms. Trombetta, and provide a copy of such notices and delivery confirmations to Ms. Trombetta (for the purposes of this settlement, it is acceptable for EAI to redact the names of the consignor and purchaser);

- **confirm that its internal records and any publicly-accessible data** (including website metadata) in regard to the sale of this Lot **has been corrected to remove any reference to Ms. Trombetta** (and instead correctly attribute the work to a different artist, or identify it as

Estate Auctions Inc.
2017-August-28
Page 3 of 3



"artist unknown"), including any data or metadata maintained by third party websites with whom EAI has a contractual relationship (e.g. Google AdWords or other SEO services), providing a listing of such corrective actions upon their initiation, and subsequent confirmation upon completion of such actions;

- **remit the lump-sum amount of $8,000.00 as liquidated damages** for the irreparable harm to her reputation and market caused by the original misattribution and EAI's subsequent willful perpetuation thereof.

Please confirm your agreement to the above conditions at your earliest convenience, and in any event no later than the close of business, New York time, on Friday, 2017-September-01; we will be happy to provide you with wire details for this firm's escrow account.

The foregoing does not purport to state all of the relevant facts or points of law. We request that EAI appropriately identify, preserve, and segregate all information relevant to Ms. Trombetta's claims, including without limitation electronically-stored information (*e.g.*, text messages, computer caches, recycle bins, emails, all drafts and mark-ups of documents, etc.), whether controlled by EAI or its employees), in anticipation of the possibility of litigation regarding this matter. Nothing contained herein, and no delay, failure or omission by Ms. Trombetta to exercise any right shall impair such right or operate as a waiver thereof.

Kind regards,

Megan E. Noh

Cc:    Annamarie Trombetta

pointed out and wrote in an e-mail dated March 1, 2019  *"We now understand that at least one third-party internet site scraped information about the December 1, 2012 eBay sale that contained the mis-attribution naming Ms. Trombetta and reposted the same on its website at least twice. Because Estate Auctions has no control over this third party,  Ms. Trombetta had difficulty removing this information from the website. We regret that this error added any stress to an artist's life, and, although this is the only misidentification of any painting sold by Estate Auctions about which we are aware, we have taken steps to ensure that such a misidentification does not occur in the future.  These steps include but are not limited to this statement clarifying that, as informed by Ms. Trombetta, the painting we sold through eBay on December 1, 2012 titled "1972 Original Oil Painting Man with Red Umbrella Signed by Annamarie Trombetta," signed A. Trombetta, was not painted by Annamarie Trombetta . We also alerted the buyer of this piece immediately after Ms. Trombetta contacted us".*  The confirmation by Estate Auctions that there is no business connection between Estate Auctions Inc. and Will Sieppel  of WorthPoint .com and or WorthPoint Corporation was not genuinely and verifiable known to the Plaintiff prior to this written confirmation by the Attorney Anderson Duff.  The internet website post was a "False" collection of information.  There were three separate listings under Google. The first was under "Annamarie Trombetta" **EXHIBIT  2** .  The second false posting was under Google "Artist Annamarie Trombetta" **EXHIBIT  3** .  The third was listed under Google "*1972 Original Oil Painting Man with Red Umbrella Signed by Annamarie Trombetta," signed A. Trombetta,* **EXHIBIT  4** The new defendant William Seipple, WorthPoint.com and/or  WorthPoint Corporation featured a photo of a signature in oil paint "A.Trombetta" with an e Bay logo, copyright symbol and  a claim  "copyrighted work licensed by Worthpoint".  The Plaintiff  needs to bring to the court's attention the photo feature signature "A. Trombetta" and  this claim by WorthPoint  that the photo of signature "A. Trombetta" in oil paint, **EXHIBIT  5** .  This is the first opportunity that the Plaintiff has been given by Judge Abrams to amend

EXHIBIT #4 1A

Adding Woath Point
Amend
Complaint

this complaint.  The Plaintiff wishes to include the  third party  Will Siepple and WorthPoint. com/

Corporation to be held accountable for this visual posting under the Plaintiff's name.  In an e-mail dated

November 16, 2015  in a written response from WorthPoint .com from  one of the employee's named

"Anita B. " wrote " **We do not buy or sell anything on the site.**    Rather we  **buy  sales records from**

**various auction houses and sites and compile them into a price guide to help user determine the**

**value of  antiques and collectibles.**   If this particular item  sold on eBay I recommend trying to  contact

eBay as they may be able to provide you with  the addition information you  are seeking."   The company

ebay  which I did contact several time via phone and e-mail  upon finding the fraudulent post has a terms

of use page to include liability and indemnity for companies  and the lack there of which can be found at

https://www.ebayinc.com/terms-of-use/.   The ebay  company is not responsible for content and upon the

Plaintiff's efforts to investigate  and seek the company policies,  ebay  sustains information in general for

ninety days  to six months. The Plaintiff 's  contacted  ebay  and WorthPoint .com for months via phone

and e-mailss .  I simply wanted the post removed.   Plaintiff lost an unfathomable amount of time  going

back and forth between ebay   and  WorthPoint . com /Corporation.     The Plaintiff wishes to submit in

part as evidence the potential motive and  evidence as to WHY the Plaintiff's listing  was  reposted in

December 2016 and again in May of 2017  after the Plaintiff wrote and communicated that the false post

be removed from the internet.   In an e-mail forwarded by Will Siepple on March 7, 2016  to the Plaintiff

Annamarie Trombetta there were a string of  e-mails.  The Plaintiff brings to the court's attention an

e-mail to Will Seipple  will.seippel@worthpoint.com   from Janson Packer  e-mail

jason.packer@worthpoint.com dated **March 2,  2016**  with the subject F W: Artist Annamarie Trombetta

—-Fraudulent Artwork—and links to Fraudulent Artwork. 1 **EXHIBIT 6**    Jason Packer states   " I

can file a  TEMPORARY removal request w/Google for this URL……..  Should I go ahead and do that ?

They don't  always process those but there's no real danger other than LOSING TRAFFIC for just one

EXHIBIT #4  1B

" *We now understand that at least one third-party internet site scraped information about the December 1, 2012 eBay sale that contained the mis-attribution naming Ms. Trombetta and reposted the same on its website at least twice. Because Estate Auctions has no control over this third party, Ms. Trombetta had difficulty removing this information from the website.* " .

Plaintiff upon the opportunity to amend her complaint adds a new Defendant who is responsible for the

repostings . The new Defendant had been duly informed that the information was false, that

the Plaintiff was not the artist and that this posting should not be listed under Plaintiff's name etc.

The Plaintiff set forth and confirms evidence of the willful , intentional fraud which infringes

upon Copyright laws and the rights of the Plaintiff. I contacted Will Siepple for a second time on January

2017, in writing, to remove the false posting from the internet once again.

**13.** Plaintiff in her April 24, 2019 submitted a document dated May 9, 2017 . Plaintiff, Annamarie

Trombetta has submitted on April 24, 2019 in Case 1:18-cv-00993-RA-SLC Document 22 Filed 04/24/19

Page 8 of 38 states that the posting was on the internet until the spring of 2017.  On Page 31 of 38

Exhibit N Case 1:18-cv-00993-RA-SLC Document 31 Filed 04/24/19 is the date of the print out from the

internet 5/09/17. The Plaintiff petitions the court to review these documents. The Plaintiff's lawsuit

commenced on February 5, 2018 which is within the one year statue of limitation for the claim.  Further

in January 4, 2017 the Plaintiff contacted Will Seippel at will@worthpoint.com and did not receive any

response.  The May 9, 2017 re-posting prompted the Plaintiff to hire an attorney who in turn contacted

Estate Auctions Inc. regarding the take down of the post and a settlement letter . Regarding the New York

Artist's Authorship Right Act this law is applicable to the artists that reside in the state of New York.

**EXHIBIT #5** webpage for "1972 Original Oil Painting Man with Red Umbrella....with Artist credentials.

---

**14.** Since the creation of my website in 2003 I have always had my logo Triangle( BELOW and my

website always had the statement ©Annamarie Trombetta. All rights reserved written on the biography

and other pages.  My contact page has my telephone number and e-mail address.  The Defendants Norb

EXHBIT #41C

of response from EAI Defendants Plaintiff filed this lawsuit within months of EAI ignoring the letter

sent by my attorney on Feb. 5, 2018 I filed a lawsuit against EAI and Norb and Marie Novocin.

in addition to Norb Novocin, Marie Novocin and  Estate Auction Inc. and attorney Anderson Duff

clearly pointed out  and wrote in an e-mail dated March 1, 2019  *" We now understand that at least one*

*third-party internet site scraped information about the December 1, 2012 eBay sale that contained the*

*mis-attribution naming Ms. Trombetta and reposted the same on its website at least twice.  Because*

*Estate Auctions has no control over this third party,  Ms. Trombetta  had difficulty removing this*

*information from the website.*   A settlement conference in the spring of 2019  before Judge Abrams was

unsuccessful with an offer of one hundred dollars,   Upon Judge Abrams ruling, Plaintiff was permitted to

Amend my initial complaint to include WorthPoint Corporation.    In April 2022, EAI produced evidence

in EAI000011 thru  to  EAI00019 which was a signature in red pencil which has a different spelling than

the Plaintiff. Additionally Plaintiff produced my signature and print on or around the year 1972.  In

reviewing the initial Discovery  responses from both Defendants Plaintiff  Motion to file to include Fraud

on May 18, 2022 Plaintiff filed a Motion to Amend my Complaint to Include Fraud and request

Permanent Injunctive Relief in Doc.224.  Judge Cave's Order denied without prejudice Plaintiff's Motion.

## PLAINTIFF'S  PROPOSED  AMENDED  COMPLAINT
## TO   INCLUDE  FRAUD  BY  WORTHPOINT CORP.

The Plaintiff  inclination to include Fraud 9 (b) harkens  back to Document  29  filed on

December 3, 2019 Plaintiff brings to the Court's attention Page 2 and 3 of 16,  in  Plaintiff's

December 3, 2019 filing.  **EXHIBIT #1** Doc. 29  page2  and  **EXHIBIT # 2** and **EXHIBIT #3**

Doc. 33 filed on January 17, 2020 Page 14 - Relief #4 Identity Theft on a Public Platform.    The

Identity  Theft and  The Assumption Deterrence Act as each separate law or  claim applies to one  or

both Defendants and is within the statues of limitations. The Photo of the signature"A. Trombetta"

EXHIBIT # 45

sent to Defendants on Dec. 1, 2012 is noted in ECF 320, 322, 331. and 339. Each Defendant's

has blamed the other for the false 1972 internet post. Once again in Jan. 2017, Plaintiff

confronted both Defendants, each ignored my outreach to remove the false 1972 post from the

internet. (See **EX.#8 and EX. #9).** Prior to commencing litigation, I found on EAI's facebook

page, a post by Wendy Martinez, noting to EAI they were selling counterfeit items on eBay of a

piece of China, EAI falsely claimed was French porcelain **EX.#1 C.** Prior to adding

WorthPoint as a Defendant, I found a lawsuit in 2015, against WorthPoint, the same year I

found the false 1972 oil painting post. WorthPoint was sued for copyright infringement. The

lawsuit was dismiss without prejudice due to lack of personal jurisdiction. **See EX.#1 D**

In 2019, Estate Auction Inc. blamed WorthPoint in its EAI's statement : "

*We now understand that at least one third-party internet site scraped information about the*
*December 1, 2012 eBay sale that contained the mis-attribution naming Ms. Trombetta and*
*reposted the same on its website at least twice. Because EstateAuctions has no control over this*
*third party, Ms. Trombetta had difficulty removing this information from the website".*

Plaintiff has no association to the 1972 oil painting Man With Red Umbrella. I have

no history of painting in oils until my teenage years as my 2003 biography states. I affirmed

to the attorneys at my Aug. 30, 2022 deposition on Page 130 I never painted oils as a child.

**EX. #1 E** In 2017, when I told EAI, Norb Novocin the painting was fraud he suggested

I hire a lawyer. See **EX.# 8 A and B.** WorthPoint in 2015, 2016 and 2017 stonewalled me.

The post of the 1972 listing in Jan. 2017 **(EX. #21)** was secretly acknowledged by

WorthPoint's staff and in discovery 2022, WorthPoint's attorneys produced the full email I

sent to Will Seippel on Jan. 4, 2017. In WP000134, it is verified by both Will Seippel and

Jason Packer saw the 1972 URLs back on the internet. In summary, Plaintiff has no actual

history with either Defendants and have informed everyone I did not paint in oils in 1972.

Plaintiff contacted both Defendants in Jan. 2017 in evidence. **( EX #8 for EAI - EX.#21 WP).**

As for the statutes of limitation, the separate accrual rule for successive copyright

EXHIBIT#4 E

United States District Court
Southern District of New York

Annamarie Trombetta

    Plaintiff

        vs.

Norb Novocin, Marie Novocin and
    Estate Auctions Inc.

  William Sieppel  and  WorthPoint Corporation |
5 Concourse Parkway NE, Suite 2850
  Atlanta, Georgia 30328

    Defendants

Case No. 18-cv-0993-RA-HBP

**PLAINTIFF'S REQUEST TO**

**SUBMIT   PHONE RECORDINGS**

**FROM NEW DEFENDANT**

To The  Honorable Judge Ronnie Abrams and  The Honorable Sarah Cave:

The Plaintiff Annamarie Trombetta in Case  No.  Case No. 18-cv-0993-RA-HBP  is requesting

at this time permission to  e-mail relevant phone recording  from the  two employees  from

Worthpoint .com which is the New Defendant named in Plaintiff's Proposed Amended Complaint.

The phone recording validate that the Plaintiff went to great lengths to A)  contact the Worthpoint company

B) find out if they were the seller  C) validating that Worthpoint .com  was  the party that was responsible

for posting and maintaining  the  false internet posting that was appearing under the Plaintiff's name and

professional listings.D) the recording validate in great detail that Plaintiff was not the artist, the information was

false and the damage  of the false association of the artist Annamarie Trombetta with the Worthpoint  Comapnay and

website.  The  phone recording were with  Anita B. of Worthpoint .com  receptionist/employee and Greg Watkins

Website Master/ from Worthpoint .com.  The electronic recordings  are  definitive proof that the Plaintiff  informed

and acted with integrity  in requesting the removal of the false  posting which is the basis for this lawsuit

At this timely junction, Plaintiff is requesting that she can e-mail the Judges and the Attorney for the Defendants.

Respectfully Requested,

Dated  February 20, 2020

By      _Annamarie Trombetta_

        Annamarie Trombetta

        175 East 96th Street  ( 12  R)

        New York,  New York  10128

Exhibit 5A



*Exhibit 5B*

*A. Reply to 547*

Annamarie Trombetta <atrombettaart@gmail.com>

## Trombetta v. Novocin et al., 18 CV 993

**Annamarie Trombetta** <atrombettaart@gmail.com>                     Wed, Feb 20, 2019 at 2:43 PM
To: Doran_Satanove@nysd.uscourts.gov

Dear Mr. Satanove,

Thank you for forwarding the information. I printed it out at the Pro Se Court house yesterday.

Please extend my gratitude to Judge Abrams for allowing me to present my information yesterday and today via the recording and this e-mail

Below is a link to the article on May 24, 2018 in The Delaware Business Times mentioned yesterday in full.
https://www.delawarebusinesstimes.com/seaford-based-estate-auctions-ranks-top-ebay-sellers/

**\*\*Attached is the January 2017 phone call RECORDING made by the Defendant**

The Image of the A. Trombetta Signature--the Price 181.50 and the Title and Statement **"Signed Annamarie Trombetta"**
Respectfully,
Annamarie Trombetta, Artist



Norbert Novicin to the Plaintiff Annamarie Trombetta
[Quoted text hidden]

**Norb Novicin Estate Auctions.m4a**

## Welcome to WorthPoint - Your Subscription Has Been Created

From: WorthPoint (support@worthpoint.com)

To: annamarie@trombettaart.com

Date: Friday, January 22, 2016, 11:29 AM EST

Dear Annamarie Trombetta,

I would like to congratulate you on your recent decision to buy a WorthPoint product and welcome you into the WorthPoint community! When I founded this company in 2007, I wanted to provide an easy way for people to find the value of everything from their beloved items to the stuff in their closets. I am now proud to say we have become the largest database in the world for this type of information and our product families include:

-> About 300 million prices realized from online sources;

-> About 1 billion images of antiques and collectibles;

-> About 100,000 maker's marks, autographs, patterns and symbols;

-> A digital library of more than 1,000 reference books, catalogs and historic price guides.

If you should have any questions, contact our personable Atlanta-based customer support team via email at support@worthpoint.com or by phone at 877.481.5750 Monday through Friday from 8 a.m. to 6 p.m. EST.

Sincerely,

William Seippel
CEO and Founder of WorthPoint.com

Your Membership Details:
Account Email:
-------------------------------------------------------------------------------
Charge Name:        Monthly Membership Charge
Charge Type:        Recurring
Effective Start Date:  01/29/2016
Unit Price:         19.99
QTY:
Total:              19.99
-------------------------------------------------------------------------------
Charge Name:        Discount
Charge Type:        Recurring
Effective Start Date:  01/29/2016
Unit Price:         (0.00)
QTY:
Total:              (0.00)

We remind you that orders for http://www.worthpoint.com are processed by Zuora as the authorized vendor of WorthPoint products. Please note that zuora*worthpoint.com will appear on your card statement state.

Thank you for your business!

You can log in to WorthPoint.com at the top of any page on the site with your username/email and password. The username/email associated with this account is indicated above. To make updates to your account after signing in, simply click on "Account Settings" at the top of any page. You can change your password, update your method of payment and verify your subscription status. If you lose your login information, simply click on the "I've forgotten my password" link on the sign in page.

As a reminder, there is a free seven-day or seven-price look-up trial for Worthopedia subscriptions. If you utilize your seven price look ups before the seven days end, you must click on the "Activate Now" button to have further access to begin your monthly subscription to WorthPoint. If you subscribed to Marks or Library Products you have seven days until your trial expires.

Questions?

If you have questions, please contact our Customer Support team at 877-481-5750 or via email at Support@Worthpoint.com.

Page 2

Reply to Doc 54

Exhibit

GA-10

Re: Welcome to WorthPoint - Your Subscription Has Been Created

*[handwritten: Painted to Point WorthPoint]*
*[handwritten: From]*
*[handwritten: Exhibit 3]*

From: Annamarie Trombetta (trombettaart@yahoo.com)
To: support@worthpoint.com
Date: Friday, January 22, 2016, 02:25 PM EST

To The Worthpoint Staff,
I found this link to Worthpoint under Artist Annamarie Trombetta. The link 1972 is associated with several of my personal and profession[al]
Worthpoint to see the value of this painting.   The worth is $181.50 .  See below

1)Who is responsible for  posing "1972 Original Oil Painting  man with Red Umbrella signed Annamarie Trombetta"  information o[n]
website ??
2)Can I have the name of the person who is the Worthpoint webmaster??
3)Can I have the name of the person who posted this information?
4) Who was the seller??   I called eBay and they do not have the information?  Does Worthpoint have this information??
5)  Please confirm if your website was last update on Updated Date: 30-apr-2013--see below
6) Why do you state that there are are 12 photos in the description. Below is the text that is on the page for this painting.   I only
signature   --see below
7) Kindly forward any information that you have regarding this painting .
Thankyou for your anticipated cooperation.
>>>>>  UP IN THIS AUCTION <<<<< 1972 Original Oil Painting Man With Red Umbrella Signed Annamarie Trombetta New York Listed Artist - Shabby Chic Condition
- DESCRIPTION - Please be patient there are 12 photos to be loaded in this auction. Up in this auction is a wonderful and delightful oil on canvas painting of a man (I guess it could [...]
umbrella. This is by Annamarie Trombette. It is signed on the bottom, but on the back it has written in red on the stretcher, Annamarie Trombetta "Gifted" 1977, "Painted" 1972. To [...]
the style of Andre Kohn.

1972 Original Oil Painting Man With Red Umbrella Signed ...
www.worthpoint.com › Worthopedia™ ▼
1972 Original Oil Painting Man With Red Umbrella Signed Annamarie Trombetta yqz.
Sold for: Start Free Trial or Sign In to see what it's worth. Item Category: ...

*[handwritten: Exhibit #6B Page 7]*

HOME > WORTHOPEDIA™ >
1972 ORIGINAL OIL PAINTING MAN WITH RED UMBRELLA SIGNED ANNAMARIE TROMBETTA
YQZ

## 1972 ORIGINAL OIL PAINTING MAN WITH RED UMBRELLA SIGNED ANNAMARIE TROMBETTA YQZ

SOLD FOR:

$181.50

ITEM CATEGORY:

.

SOURCE:

eBay

SOLD DATE:

Dec 01,2012

CHANNEL:

Online Auction

Domain Name: WORTHPOINT.COM
Registrar: GODADDY.COM, LLC
Sponsoring Registrar IANA ID: 146
Whois Server: whois.godaddy.com
Referral URL: http://registrar.godaddy.com
Name Server: NS1.P24.DYNECT.NET
Name Server: NS2.P24.DYNECT.NET
Name Server: NS3.P24.DYNECT.NET
Name Server: NS4.P24.DYNECT.NET

ebay   Worthopedia™ price guide   Flag item for content or copyright
*[Raw data from eBay under sub-header. Items in the Worthopedia are obtained exclusively from treasures and partners solely for our members' research needs.]*

*[handwritten: 2)Can I have person who information]*

*[handwritten: Reply to Doc 54]*

On Friday, Januar[y]
WorthPoint <supp[ort]

Dear Annamar[ie]

I would like to [...]
recent decision [...]
product and w[...]
WorthPoint co[...]
this company i[...]
provide an eas[...]
the value of ev[...]
beloved items [...]
closets. I am n[...]
become the la[...]
world for this t[...]
our product fa[...]

-> About 300

Status: clientDeleteProhibited
Status: clientRenewProhibited
Status: clientTransferProhibited
Status: clientUpdateProhibited
Updated Date: 30-apr-2013
Creation Date: 09-Jan-2007
Expiration Date: 09-Jan-2023

from online so

-> About 1 bil
and collectible

-> About 100,
autographs, p

-> A digital lib
reference bool

*Reply to*

*Doc 547*

*Exhibit*

*6 B page 2*

price guides.

If you should have any questions, contact our personable Atlanta-based customer support team via email at support@worthpoint.com or by phone at 8 through Friday from 8 a.m. to 6 p.m. EST.

Sincerely,

William Seippel
CEO and Founder of WorthPoint.com

Your Membership Details:
Account Email:
--------------------------------------------------------------------------
Charge Name:        Monthly Membership Charge
Charge Type:        Recurring
Effective Start Date:  01/29/2016
Unit Price:         19.99
QTY:
Total:              19.99
--------------------------------------------------------------------------
Charge Name:        Discount
Charge Type:        Recurring
Effective Start Date:  01/29/2016
Unit Price:         (0.00)
QTY:
Total:              (0.00)
--------------------------------------------------------------------------

We remind you that orders for http://www.worthpoint.com are processed by Zuora as the authorized vendor of WorthPoint products. Please note that z appear on your card statement state.

Thank you for your business!

You can log in to WorthPoint.com at the top of any page on the site with your username/email and password. The username/email associated with this above. To make updates to your account after signing in, simply click on "Account Settings" at the top of any page. You can change your password, up payment and verify your subscription status. If you lose your login information, simply click on the "I've forgotten my password" link on the sign in page

As a reminder, there is a free seven-day or seven-price look-up trial for Worthopedia subscriptions. If you utilize your seven price look ups before the se click on the "Activate Now" button to have further access to begin your monthly subscription to WorthPoint. If you subscribed to Marks or Library Prodi until your trial expires.

Questions?

If you have questions, please contact our Customer Support team at 877-481-5750 or via email at Support@Worthpoint.com.

1972 Original Oil Painting Man With Red Umbrella Signed Annamarie Trombetta yqz (12/01/2012)

Plaintiff 000070

5/7/17, 11:18 AM

website: Annamarie Trombetta (1963 - ) Lived/Active: New York The nature of an artist's life, creativity and growth may be synonymously expressed in the image of an archetypal tree. Beginning with the earthly descendent roots the artist like the tree branches out into its surrounding environmental and celestial world. Both ascend and descend, widening their girth of consciousness while producing visual imagery, weathering each season of change. Thus, I believe it is the nature of the artist and of nature itself to regenerate and manifest. All of the imagery in this catalog was either created en plein air or from the subject directly. My journey to becoming an artist began many years ago. The consanguineous roots of my Italian family tree provided me with an innate constitution for my artistic profession. When I was a tiny seed of contemplative thought, my artistic nature began to sprout interest while gazing up at the ceiling paintings in a neighborhood church named Regina Pacis, meaning Queen of Peace. The church located in Brooklyn, NY features ceiling paintings, sculptures, marble interiors, and incorporates architectural elements for the façade and the belfry that are of Italianate design. Before the age of three I was able to surmise that the church in the ceiling painting was indeed the church I was in. The visual stimulation was a form of education. It fostered my sense of perception which became my strongest mode for acquiring knowledge. As the years unfurled, my family moved to Staten Island. At this time it was a scenic field of luminosity, lush vegetation and a harbor view complete with sail boats and small yachts. A few years after we moved my tree of life was in jeopardy of loosing a limb. What appeared to be a swollen leg was indeed a cancerous tumor. It was an almost fatal or perhaps even a fated occurrence in my life. The struggle to survive the experience was lightened by my imagination and by my artistic ability to create. I seriously thought I would go into medicine but the posters and paintings in the hospital and doctor's office held my attention more intensely. I began my formal training at The Brooklyn Museum School of Art while I was in high school. The exposure to various forms of art inspired me to expand my horizons and in the early Eighties I traveled on a summer tour to Europe. The tour comprised of six countries; Germany, Austria, France, Italy, Switzerland and England. Viewing so many different cities and cultures in a concentrated period of time...

**Similar Items**

No image available

Oil painting, original oil painting,impressionism

No image available

original oil painting on canvas



1972 Original Oil Painting Man With Red Umbrella Signed Annamarie Trombetta yqz (12/01/2012)

Plaintiff 000069

5/7/17, 11:18 AM

Worthopedia™
price guide

*Items in the Worthopedia are obtained exclusively from licensors and partners solely for our members' research needs.*

Flag item for content or copyright

If this item contains incorrect or inappropriate information please contact us here to flag it for review.

If you are the originator/copyright holder of this photo/item and would prefer it be excluded from our community, contact us here for removal.

- Home > Worthopedia™ > 1972 Original Oil Painting Man With Red Umbrella Signed Annamarie Trombetta yqz

## 1972 Original Oil Painting Man With Red Umbrella Signed Annamarie Trombetta yqz

- Sold for: Start Free Trial or Sign In to see what it's worth.
- Item Category:
- Source: eBay
- Sold Date: Dec 01,2012
- Channel: Online Auction

Welcome to EstateAuctionsInc! We are one of the Top Sellers of Antiques, Collectibles and Quirky items on eBay. We have been selling since 1998 and ALL of our auctions start at .99 cents. We are proud to announce that we maintain a "FIVE STAR Detailed Seller Rating" and our staff strives for 100% customer satisfaction. our 100% feedback rating will vouch for that. We work with consigners from Coast-To-Coast and work hard to make sure we have top quality items. We are "Your Quality Zone" - search "YQZ" to see our other listings our !

---

>>>>> UP IN THIS AUCTION <<<<< 1972 Original Oil Painting Man With Red Umbrella Signed Annamarie Trombetta New York Listed Artist - Shabby Chic Condition

- DESCRIPTION - Please be patient there are 12 photos to be loaded in this auction. Up in this auction is a wonderful and delightful oil on canvas painting of a man (I guess it could be a woman) with a red umbrella. This is by Annamarie Trombette. It is signed on the bottom, but on the back it has written in red on the stretcher, Annamarie Trombetta "Gifted" 1977, "Painted" 1972. To our eyes it looks like it is after the style of Andre Kohn. It is quite large being approx. 48 1/2" tall and 17 1/2" wide. We are calling it shabby chic condition as it has a tear in the canvas, about 5/8" long just to the left of the man's knees, but still such a great painting. For those not familiar with Trombetta, here is information about her from off AskArt as they got it from her





## Customer Reviews
# WorthPoint Corporation
Collectibles



**20 Customer Reviews**



Gayle H

⭐☆☆☆☆

03/07/2024

THIS IS A SCAM and you can't cancel the only way is to talk to the bank where they MAKE YOU LEAVE A CREDIT CARD # and the free trial IS A SCAM AND THE ***** THEY ARE TAKING OUT OF **** OF AMERICA IS $31.97 EVERY MONTH AND I'VE CALLED THE WORTHLESS NUMBER AND SINCE SEPTEMBER OF 2023 THEY HAVE BEEN RIPPING ME OFF FOR THE AMOUNT OF $31.97 A MONTH ALSO I'VE TRIED TO USE THEIR STUPID LOOK-UP? IT DOESN'T WQOWRK AND ALL YOU HAVE TO DOIF YOUR CURIOUS ABOUT AN ITEM IS TAKE A ****** PICTURE AND IT AUTOMATICALLY GIVES YOU WHAT YOU WANT TO KNOW AND HOW MUCH WORTHLESS WORTHPOINT GETS RICH OFF US DUMMIES



**WorthPoint Corporation Response**

03/15/2024



************

**Complaint Type:** Service or Repair Issues
**Status:** Answered❓

I own an original piece of framed 19th century art which I photographed in a unique setting in my home. I sent the photographs electronically to two internationally known auction houses a couple of years ago. Several months later when researching the piece, I found that my picture had been posted exactly as I had photographed it in my home by someone trying to sell it on ***** It is now for sale by this corporation, but they say they cant tell if it is a print or not so, offer to sell it without the frame, which appears damaged. (Its not, in its in perfect condition.) On their website the left side of the frame has been obviously digitally altered to show damage & they display the painting as if on grass. The back of some frame they show as being for this piece of art has a hole in it. My original does not. Im assuming they take pictures of items they see on the internet, such as mine, crop them to alter them a bit, and try to sell a pirated, inferior product to unsuspecting people. My painting is called the Old ************* by ***** ********************. Dont buy it. Its not theirs to sell. These people are committing fraud.

**Business response**
11/10/2023
Dear ******,

Fraud

Thank you for contacting WorthPoint. We appreciate your concern and wish to help clear things up a bit.

WorthPoint does not buy or sell any item that is found on our site. We are an online price guide where our users subscribe to see historical sales data. WorthPoint receives historical listings from our partnered auction houses that sold the item you are referring to. It sounds like an image was used for the listing you are describing that *** have not been their own. In order to protect everyones security, the buyer and seller information is removed before the listings arrive to our site. We own no copyright claim to the items that are transferred into our database from the auction house, therefore we are unable to alter, update, or make changes to any listing. A possible resolution is we can remove the listing from the site, but we would have to speak with you directly in order to gather all details.

We hope to hear from you soon so that we *** help resolve your concern and help clear up any confusion. Please feel free to contact us via the information below.

Sincerely,
The WorthPoint Team
**********************************

************

Fraudulent
Art Work

United States District Court
Southern District of New York

_____

Annamarie Trombetta

Plaintiff
vs.

Norb Novocin, Marie Novocin
and   Estate Auctions Inc.
and

William Seippel  & WorthPoint Corporation
5 Concourse Parkway NE, Suite 2850
Atlanta, Georgia 30328

Defendants

_____

Case No. 18-cv-0993-RA-HBP

**PLAINTIFF 'S  MOTION  FOR  LEAVE TO FILE A  PROPOSED AMENDED  COMPLAINT  FOR FRAUD,  EMOTIONAL DISTRESS, TORT  AND PERMANENT  INJUNCTIVE  RELIEF  AGAINST EAI  AND  NORB  AND  MARIE NOVICIN  AND WORTH POINT  CORPORATION  DUE TO THE WILLFUL  CONCEALMENT AND FALSIFICATION OF  FACTS  AND  FALSE  ADVERTISING**

**MEMORANDUM  IN  SUPPORT  OF  PLAINTIFF 'S   MOTION  FOR  LEAVE
TO  FILE  A  PROPOSED  AMENDED  COMPLAINT  TO  INCLUDE
FRAUD,,  FALSE  ADVERTISING  EMOTIONAL DISTRESS AND  A
REQUST   FOR DECLARATORY, PERMANENT  INJUNCTION
AND OTHER  EQUITABLE   RELIEF**

**FIRST  DEFENDANTS ONLY : ESTATE AUCTIONS  INC.
NORB AND  MARIE NOVOCIN
PROPOSED   AMENDED   COMPLAINT**

Pursuant to Rule 15,  Rule 15 (a) (2),  Rule 15 (c) (1) (a),  Rule 15 (d) and  Rule  26.01  of  the Federal Rules of  Civil Procedure  and this Court,  Plaintiff  hereby respectfully submits this Memorandum in  Support of  Plaintiff's Motion for Leave to  File  a Proposed  Amended Complaint to add Fed. Rule of  Civil  Procedure  Fraud 9 (b) and for the Plaintiff's Request  for  Permanent Injunction and Other Equitable Relief ("Amended Complaint").   Rule 15(c)(1)  indicates that an amendment to a complaint will relate back to the date of the original pleading if certain conditions are satisfied.   First, the law that provides the applicable statute of limitations must allow the relation back. Fed. R. Civ. P. 15(c)(1)(A).

## INTRODUCTION

The Defendants,  Estate Auctions Inc.  have consistently purported confusing, illogical,  multiple versions  and obscured responses to Plaintiff's  very simple and  direct questions.  Based  on  past

events and obvious false statements, spelling errors within the ad and in the red signature on the back of the 1972 Original Oil Painting and the recent production of three different, sales receipts for one eBay sale for the 1972 Original Oil Painting; Plaintiff set forth my Proposed Amendment Complaint to address these flagrant falsities. The additional Discovery responses and information in the Defendants' own filings exhibit such "bad faith," to the extent of willful, conscious intent, the actions necessitate a claim for Fraud and Tort. Plaintiff's claim for Fraud, also substantiates Plaintiff's initial Request for Declaratory Relief, as I am not the artist who created or signed the 1972 oil painting. The willful concealment, failure to produce any computer data, or any of the original 12 photos written and described in the as for the 1972 internet listing for the oil painting, conjoined with the delayed production of the misspelled red signature similar to my name; calls for the Plaintiff to request Permanent Injunction Relief to prevent any further false assertions from both Defendants. My Proposed Amended Complaint intends to illustrate contradictory EAI written and verbal statements, revealing fraudulent conduct, beginning from my first encounter with EAI Defendants Marie and Norb Novocin spanning through to EAI's the most recent production of three separate eBay receipts with distinct alterations, produced at different times.

Plaintiff's Proposed Amended Complaint is in tandem with Judge Cave's most recent Order in Doc. 308. The language of Rule 15 (a) (2) states the amendment should be freely allowed "when justice so requires." Further, Rule 26.01 states that an amendment may be allowed " at any stage of an action and may permit parties to sought to amend their pleadings just before trial. Also, Rule 26 .01 gives the court's permission if the amendments are substantive— and support laws that creates or defines rights, duties, obligations, and causes of action that can be enforced by law. Additionally "under New York law" a claim for Intentional Infliction of Emotional Distress (IIED) requires a showing of: (i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress.'" Rich v. Fox News Network, LLC, 939 F.3d 112 (2d Cir. 2019) (quoting Howell v. N.Y. Post Co., Inc., 596 N.Y.S.2d 350, 353 (N.Y. 1993)). As the Second Circuit has explained: Under

New York law, although the standard of outrageous conduct is strict, rigorous and difficult to

satisfy, that is not the case when there is a deliberate and malicious campaign of harassment or

intimidation. Plaintiff's claim of Tort, both intentional and negligent necessitates the Discovery Rule,

a rule in tort law which sets the statute of limitations for a cause of action not to begin to run until

the time that the injured party discovers or reasonably should have discovered the injury. Plaintiff

claims for pain and suffering have spanned seven and half years.

     Plaintiff seeks to amend my complaint for reasons defined within my submission below for

well warranted, obvious and justified claims to include Fraud, Tort and IIED. The willful denial

by the EAI Defendants conjoined with their reluctance to resolve this case when I produced to

all Defendants irrefutable evidence and that I am not the artist, has resulted in a severe loss of time,

the inability of Plaintiff to earn a living due to the submissions required in litigating this case and

delay any rectification or resolution regarding a counterfeit painting baring a near similar name

to the Plaintiff. This steadfast, willful reluctance, denial and/or prolonged production of

Discovery are simultaneously consistent with emails sent from both attorneys who have both

referenced the 505 Copyright Act for attorneys fees the Plaintiff will incur at the end of this case.

Again, I did not paint in oils at age nine. I dod not paint or sign the 1972 oil painting, which I

consistently conveyed, evidenced in phone recording in writing and before I filed a lawsuit and now

produced within litigation. Discovery and deposition responses by the Novocins have uncovered

and documented a conscious willful attempt to abscond Plaintiff's identity and reputation to

falsely associate the 1972 oil painting with my true self authored biography.The willful attempts

by all the Defendants, who requested Plaintiff to produce Settlement Letters was then rejected as

was most recently on Nov. 23, 2022. This "entraps" the Plaintiff in continuous litigation, when

I duly informed both parties and produced irrefutable evidence to substantiate all my claims.

This full year that is almost at it's conclusion, has resulted in a continuous sustained, emotionally

stressful set of circumstances, usurping Plaintiff 's well being and causing loss of time while

concurrently burdening the Plaintiff and the Court with e forced legal responsibilities to include the

production of letters and documents by myself and my witnesses. All this work has derailed and

prevented the Plaintiff from actively painting as pursuing my career. Since this case began in good faith and with integrity has consistently submitted responses and evidence to the unpredictable, excessive demands by both Defendants, which totals over nine hundred documents.

Granting the Proposed Amendment Complaint would not be futile because the Second Amended Complaint ("SAC"), just like the First Amended Complaint ("FAC"), contains detailed factual allegations supporting each of Plaintiff's claims. Each claim has a correlating exhibit of evidence in support to verify the Plaintiff's claim. There will be no futility resulting in examining the Plaintiffs' new claims, as these claims arise from the Defendants' willful intent to misrepresent Plaintiff' integrity and to willfully intend to misrepresent, to the Plaintiff. evidence, conduct and practices that Defendants have admittedly engaged. Based on the simple, plain reading of the evidence, all will assists in facilitating Plaintiff's claims confirmed by truthful facts substantiated in and by evidence produced to the Defendants and by the Defendants.

## JURISDICTION  AND  VENUE

The Court has subject matter jurisdiction pursuant to Rule 15 of the Federal Rules of Civil Procedure. FRCV Rule 15 provides that " a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This Court has supplemental jurisdiction over the New York State law claims pursuant to 28 U.S.C. § 1367.

## Legal Standards  of  F.R.C.R Fraud 9 (b) To Amend Plaintiff's Complaint

Plaintiff's moves the Court to include fraud against each Defendant due to the constant, willful, conscious misbehavior with the knowledge that Defendants have purported false and misleading information to the Plaintiff, about the Plaintiff and in reference to the "1972 Original Oil Painting Ad Man With Red Umbrella", to the general public at large and at present, to the Court in the public filings of this case. All the Defendants, EAI and WorthPoint Corp. demonstrated by concealment of evidence and by submitted false evidence that all parties exemplify an intent "to manipulate, deceive and/or defraud." the Plaintiff and the Court. The Southern District Court of

New York, also known as the Second Circuit has held that Rule 9(b) requires fraud complaints to allege facts that lead to a "strong inference" that the defendant has the requisite state of mind.

Plaintiff's Motion for my Proposed Amended Complaint harkens back to the Court's Scienter, notation by Judge Abrams in her Order and Decision filed in Doc, 187 on 12/21/21 on page 19 of 26. Judge Abrams wrote ~ *" Trombetta also states that the use of her biography was unauthorized and that she contacted WorthPoint to inform the company of the "false posting" Id at 6. In other words, her biography was not "licensed by WorthPoint" as the webpage claimed. At this stage Trombetta's allegations with respect to the falsity of the CIM are sufficient to state a claim. They are sufficient to allege scienter as well."* Prior to Judge Abrams December 21, 2021 conclusion, Judge Caves' March 19, 2020 Order and Decision, Doc. 40 on page 10 of 14 stated *" With respect to the scienter element of both the § 1202(a) and § 1202(b) claims, the "Second Circuit has stated that courts should be lenient in allowing scienter issues to survive motions to dismiss." Aaberg, 2018 WL 15803037, at \*9 (citing In re DDAVP Direct PurchaserAntitrust Litig., 585 F.3d 677, 693 (2d Cir. 2009))"* . ~ *Ms. Trombetta alleges that she contacted Mr. Novocin, Worthpoint.com employees, and Mr. Seippel on more than one occasion to complain about the misinformation in the internet posts about the Painting and request their removal. She alleges that, as to EAI, Mr. Novocin deliberately disregarded her requests and told her, "Go For It and Hire an Attorney," and as to Worthpoint.com, Mr. Seippel instructed that the posts be removed, but they were later reposted."* The degree of the scienter element is typically and presumably determined throughout the Discovery process. Scienter can be proven by the presentation of evidence to show the perpetrator's state of mind, one of the key elements in F.R.C.P 9 (b) and must be plead with particularity**.** The evidence must typically show that the perpetrator acted knowingly, willfully, intentionally or in reckless disregard of the law. Plaintiff has detailed statements and facts below.

Pleading Rule 9(b) of the Federal Rules of Civil Procedure permits allegations of malice, intent, knowledge, and other conditions of the mind to be alleged "generally". To plead such allegations sufficiently, one must offer sufficient facts to render the condition-of-the-mind allegation plausible. "In order to properly plead fraud with particularity, the complaint must

allege the time, and content of the fraudulent  representation such that a  defendant can prepare an adequate response to the allegations."  The Second Circuit standard goes beyond general statements when alleging intent. Plaintiff will  meet this standard by "(1)  alleging facts to show that Defendants  had both motive and opportunity to commit fraud, or by (2) alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness.

" *PetEdge, Inc. v. Garg*,564088, at *9  (S.D.N.Y. Feb. 10, 2017).

The elements of fraud are as follows:

- **1** -A lie or falsehood is made.
- **2**- By the defendant with scienter, and the statement is false, or that there is no basis for believing   that the information is factual.
- **3**- The defendant intends to cause the plaintiff to do or not do some particular act based upon their falsehood or lie.
- **4**- The plaintiff is justified in relying on the falsehoods or lies told by the defendant.
- **5**- Harm results from the plaintiff's reliance on the defendant's statements  Causation loss is "the causal link between the alleged misconduct and the economic harm ultimately suffered by the plaintiff.

## STATEMENT OF FACTS  AND RELEVANT PROCEDURAL HISTORY

Please see attached Proposed Second Amended Complaint Court Application for the full Statement of facts that correlate to First Defendants  Estate Auctions Inc and Norb and Marie Novocin

# Statutes of Limitation for Fraud in New York ~ Six Years GENERAL or Two Years From the Time of the Confirmed Fraud.

Under New York law, an action based upon fraud must be commenced within six years of the date the cause of action accrued, or within two years of the time, the Plaintiff discovered or could have discovered the fraud with reasonable diligence, whichever is greater.  The cause of action accrues when "every element of the claim, including injury, can truthfully be alleged" "even though the injured party may be ignorant of the existence of the wrong or injury.  Mere suspicion will not constitute a sufficient substitute" for knowledge of the fraud.  Thus, while it is true that New York courts will not grant a motion to dismiss a fraud claim where the plaintiff's knowledge is disputed,

courts will dismiss a fraud claim when the alleged facts establish that a duty of inquiry existed and

that an inquiry was not pursued.

Plaintiff  detailed  in my Memorandum for WorthPoint  the unending misrepresentation by

WorthPoint Corp and eBay spanning a period from  August 2015 through to 2017.   Plaintiff did not

conclusively confirm  in  Dec/Jan  2015 and 2016)that the  eBay sale occurred . The  eBay rep

deemed  the EAU  2012 sale   "Undefined"  This is duly recording in  **Plaintiff 's eBay.  m4a**

**Evidence 000328 (phone recording).**   In 2017,  Plaintiff   could not understand why the  internet

link that was supposed to be permanently removed by  WorthPoint,  was under my name, again.   On

Jan. 4, 2017  I sent an email to WorthPoint Corp and  did not receive any response.   I  then  reached

out to  EAI to try find  out if  EAI uploaded  the 1972  eBay sale and posted it on the internet.   On

Jan. 10, 2017,  Plaintiff  called (302) 628- 9120,  the   telephone number  associated with EAI.  I

spoke  with Marie  Novocin to find out if  they were the  sellers of the painting and if they had any

information as to  why their 2012 eBay sale was on the  internet. coming up under my name. I also

asked if they knew who had the painting.  Shortly after, my phone call to Marie Novocin, Defendant ,

Norb  Novocin phoned  Plaintiff at  my home number  on Jan. 10, 2017 at  7 ;10  as documented in

**Plaintiff 's Evidence 000330 Norb  Novocin  m4a (phone recording)**.  This phone call affirms

Plaintiff's  questions to  Mr. Novocin's affirms   that he was  indeed the seller of the painting. Mr.

Novocin  said  he  phoned me to tell me  *" he has a wealth of  no knowledge"* pertaining to the

computer data. etc.   Plaintiff  documented with the Court Mr.  Novocoin  quote  to  me to  " Go For

It and Hire an Attorney" professing that  we did nothing wrong.   Months later exhibited in **EAI**

**000001  to  Evidence  EAI  000003** is Plaintiff's hired  attorneys 'letter dated  August 28, 2017 sent

to Mr. & Mrs. Norbert and Marie Novocin   Estate Auctions Inc.  Upon a lack  of response from EAI

 of EAI ignoring the letter  by my attorney Plaintiff filed this  lawsuit within months sent n Feb. 5, 2018.  My decision to   filed a  lawsuit against EAI and Norb and Marie Novocin. was to legally declare the 1972 Original Oil Painting is not painted or signed by me. I do not want to be associated with  this image. Estate Auction Inc.  and attorney Anderson Duff clearly pointed out  and wrote in an e-mail dated March 1, 2019   *" We now understand that at least one third-party internet site scraped information  about the December 1, 2012 eBay sale that contained the mis-attribution naming Ms. Trombetta  and reposted the same on its website at least twice.  Because Estate Auctions has no control over  this third party,  Ms. Trombetta  had difficulty removing this information from the website.*   A  settlement conference in the spring of 2019  before Judge Abrams was unsuccessful with an offer of  one hundred dollars,   Upon Judge Abrams ruling, Plaintiff was permitted to Amend my initial  complaint to include WorthPoint Corporation.    In April 2022, EAI produced evidence in EAI000011  thru  to  EAI00019 ,  a signature in red pencil which has a different spelling than the  Plaintiff.  Additionally Plaintiff produced my signature and print on or around the year 1972.  In  reviewing the initial Discovery  responses from both Defendants Plaintiff Motion to file to include  Fraud on May 18, 2022 Plaintiff filed a Motion to Amend my Complaint to Include Fraud and request Permanent Injunctive Relief in Doc.224.  Judge Cave's Order denied without prejudice Plaintiff's Motion.

## PLAINTIFF'S  PROPOSED AMENDED  COMPLAINT

## TO  INCLUDE  FRAUD  BY  EAI  AND   NORB  AND  MARIE  NOVOCIN

The Plaintiff  inclination to include Fraud 9 (b) harkens  back to Document  29  filed on   December 3, 2019 Plaintiff brings to the Court's attention Page 2 and 3 of 16,  in  Plaintiff's  December 3, 2019 filing.  **EXHIBIT #1** Doc. 29  page2   and  **EXHIBIT # 2** and **EXHIBIT #3**  Doc. 33 filed on January 17, 2020 Page 14 - Relief #4 Identity Theft on a  Public Platform.    The Identity  Theft and  The

Assumption Deterrence Act as each separate  law or  claim applies to one  or both Defendants and is within the statues of limitations.  The Photo of the signature"A. Trombetta" that is not of the hand of the Plaintiff,  had "copyrighted work licensed  by worthpoint.com.    It is a  fact that the Plaintiff never signs in oil just the first letter of Plaintiff's   first name. This  constitutes "Identity Theft" -**Definition:**


I·den·ti·ty theft  noun: **identity theft**; plural noun: **identity thefts**

1.  the fraudulent acquisition and use of a person's private identifying information, usually for financial gain.
2.  **Identity theft** and **identity fraud** are terms used to refer to all **types of crime** in which someone wrongfully obtains and uses another person's personal data in some way that involves **fraud** or deception, typically for economic gain.

1.  18 U.S. Code §1028. Fraud and related activity in connection with identification documents, authentication features, and information (a) Whoever, in a circumstance described in subsection (c) of this section  1) knowingly and without lawful authority produces an identification document, or a false identification document; (2)knowingly transfers an identification document, authentication feature, or a false identification document knowing that such document or feature was stolen or produced without  lawful authority;

2.   Under the Identity Theft and Assumption Deterrence Act, it is a federal crime when a person "knowingly transfers or uses,  without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law."


Plaintiffs  seeks a  Motion for Leave to  Propose  Plaintiff 's  Amended  Complaint, to streamline this action when the Plaintiff  pleads factual content that allows the court to draw the reasonable  inference that  all the  Defendants  are liable for the consistent and willful fraudulent misconduct  alleged in this filing.  Granting  Plaintiff's Motion to  Amend  Plaintiff's  Complaint,

allows the Plaintiff to submit new evidence verifying the fraudulent offenses described below, while demonstrating the justification for the Plaintiff's need to warrant legal action against both Defendants. All Defendants, prior to litigation have willfully contributed to displaying and purporting on the internet, absurd ( 4 ft painting at age 9), facts altering information adversing effecting Plaintiff's income producing ability and reputation. and creating falsities to include 1) a photo of false signature misattributed to Plaintiff  2) misrepresentation of my biographical history 3) visual circulation on the internet of false copyright and licensing claims by WorthPoint Corp. 4) false, misleading claims and association of the Plaintiff's name and biography with EAI, eBay and WorthPoint Corporation and 5) a damaged 1972 painting too large to paint at age nine. The seven Counts of Fraud described below begin chronologically and end in the order of importance.

### 1)  FRAUD ~ COUNT I ~ DEFENDANTS' KNOWN FALSE WRITTEN MISREPRESENTATION FRONTAl SIGNATURE "A. TROMBETTA" PHOTO

The first false written misrepresentation of significant consequences pertains to the only visible photo that appeared in the ad for the 1972 Original Oil Painting Man With Red Umbrella that was misattributed to the Plaintiff. The photo appears to be a signature in black oil paint on a canvas. Plaintiff has always regarded this signature as difficult and inclusive to be perceived as " A. Trombetta" It appears I am not alone. In the Sept. 21, 2022 Novocin deposition, WorthPoint's attorneys posed this question to Mr. Novocin ,     " *From your experience, what is the importance of a writing being on the  back of the stretcher as opposed to the painting itself, if any ?* "

Defendant Norb Novocin on page 37 and 38 duly stated on Sept. 21, 2022:     " *It helps us to understand what the signature was on the front.  In other words, the signature on the front of the painting was garbled and it was kind of hard to read, when you turn it over, it had printed out what was  and if it were up to me, I would make it almost  a law that all  the artists had to print out the*

*actual    name and so forth… Because some artists*    pictures are so, so hard to read.  So this

allowed us to be able  to look up Trombetta,  Annamarie.   This one says  Maria. I didn't remember

it saying Maria, but that's how I looked it up".

Plaintiff  reminds the Court that the signature "A.Trombetta " was the only photo in  the 1972  ad on

the WorthPoint website despite the EAI ad claiming that there were 12 photos.  The ambiguity  of

the signature on the front the 1972 Original Oil Painting has been deemed "garbled" by the very

person who  allegedly  created the eBay ad for the 2012 sale. Mr. Novocin affirmed that the

signature, that was circulated throughout the internet under my name " was  hard to read".   Mr.

Novocin  states  this signature was hard to read however it  had my biography next to it, It is

puzzling the this photo of the signature survived  when all the other photos of the painting vanished.

By willfully taking  and  included in the  eBay ad for the 1972 oil painting  Man With Red Umbrella,

my name, my self authored biography with this "garbled" signature,  a public false identity was

circulated throughout the internet in my name.  This garbled signature  in the photos became a  false

identification documented feature .  This  fraudulent  signature acquisition on the oil painting  and use

of  the Plaintiff's personal  private identifying information in my biography constitutes identity theft.

As a result the Plaintiff went to my bank to alert the bank and inform them of the signature.  My

evidence  as proof is in **Plaintiff'sEvidence 000237.**   I also  put a credit freeze on my credit cards as

evidenced i**n Plaintiff's EvidencePlaintiff000248.**   Plaintiff need to bring to the Court's attention

"Why was a photo taken of this signature?  More importantly it was a false misrepresented . This

false signature  in the EAI ad on WorthPoint's website was listed under my name.  Plaintiff is

alleging  and assert through  Mr. Novocin  statements that he knew the front black oil painting

signature on the 1972 oil was questionable.  Plaintiff set forth these reason  in support of  my

allegation of  intentional misrepresentation.

## 2)  FRAUD ~ COUNT II ~ DEFENDANTS' KNOWN FALSE WRITTEN MISREPRESENTATION OF ARTIST DUE TO THE AGE AND YEARS STATED

Plaintiff brings to the Court's attention  the screen shot box below taken from the original text of the  1972 EAI eBay ad for the 2012 sale.  Duly documented  is the year of Plaintiff's birth is in the EAI eBay  ad  an is indeed  written correctly as 1963.  The painting is dated 1972,  Based on the math, the age of the  Plaintiff and the height of the Plaintiff at age nine,  it is  impossible for Plaintiff to be the artist.   Plaintiff alleges that since Norb Novocin  found, sold and created the text for the EAI eBay sale Mr. Novocin  was  aware that the Plaintiff  year of birth was 1963.  Mr. Novocin chose to include  the year of 1963,  in his  advertisement description.   The year 1972  was

> "Gifted" 1977, "Painted" 1972. To our eyes it looks like it is after the style of Andre Kohn. It is quite large being approx. 48 1/2" tall and 17 1/2" wide. We are calling it shabby chic condition as it has a tear in the canvas, about 5/8" long just to the left of the man's knees, but still such a great painting. For those not familiar with Trombetta, here is information about her from off AskArt as they got it from her website: Annamarie Trombetta (1963 - )

designated  as the year the oil was painted.  It is evident  and based on the exact statements in the text that Defendant Norb Novocin wrote and noted , Mr Novocin it is verified that he   had to be  aware of the  Plainitff's age.  Therefore,  the fact that Plaintiff was nine years old when this painting was dated is duly   known by [the] defendant . This text in the EAI ad   is a prime element of intent to commit fraud exemplified  and unequivocally  exhibited in  writing by  Mr. Novocin. He  knew or should  have knows the facts and age Plaintiff.  Intent to willfully commit fraud or willfully deny liability  is duly revealed with  the years of the artist's birth and the painting date in such close proximity to one another in the EAI ad.  Circulating a low bid,  questionable claim of attribution to sell a damaged painting  on the internet  caused  Plaintiff  professional and financial  embarrassment and injury  to the Plaintiff reputation and name.    There is no  basis  for  believing that the information is factual and in this case it is obvious that a nine year old cannot paint a four foot high

painting.  These  elements of  Fraud are evident by  the  alleged facts claimed and documented in the

EAI ad.  The inclusion of the description,” shabby chic” lacks professionalism and  the term “

Gifted” implies that it was not  sold.  The low bid  price, given it's size, diminishes my actual prices,

my name or "brand" and implies I use inferior materials due to a  tear in the canvas.

### 3)   FRAUD ~ COUNT  III ~ DEFENDANTS' KNOWN  FALSE  WRITTEN  MISREPRESENTATION  OF NAME ANNA  MARIA  SIGNATURE IN RED  ON  THE  BACK  OF THE CANVAS  ALSO   CONSTITUTES "FALSE ADVERTISING"

   The third  count of fraud for a known false written misrepresentation  is evident in  the description

for the 1972  Original Oil Painting Man With Red Umbrella and the false, misleading and

misrepresentation by EAI  and Norb Novocin  claims of  my full name on the back of the 1972 oil

painting. The  use of my name as the artist adversely impacts the quintessential, vital earning potential

that a visual artist has—- the pristine  notoriety of one's name.  The  well respected  reputation  of an

artist name  known  for  achievements  commands a   greater  demand for one's artwork and ultimately

increases one's price point and earning potential.   In the EAI ad.   Plaintiff  notes to the Court  the

careless misspelling of my last name  by Norb Novocin in the EAI ad " *This is by Annamarie Trombett [ e*

*]*- spelled with  an E at the end.  This  was duly noticed by one of my potential witnesses , Alex Raspa

who produced a letter that remarks on  such an embarrassing  spelling mistake as well as the date of the

oil and my listed year of birth.  This   spelling  mistake and the content in the EAI ad prompted Mr. Raspa

to contact me  to alert me  about the  false listing on the internet. His comments are evidenced in

**Plaintiff's Evidence  Plaintiff000241.**  The  incorrect spelling of my  first name  is  documented  by Mr.

Novocin  and was  displayed  to the  public.  I have noted over time , a pattern  of  misspellings,

incorrect facts, vague  inferences, willful   concealments or delays in purporting  a single  responses to

Plaintiff's  reasonable and direct questions.   EAI Defendants have  demonstrated  a  plethora of willful

concealments. One in particular importance is Mr. Novocin's  description, spelling  and location of a

signature in "red"  not stating it was in pencil.

   *"It is signed on the bottom,    but on the back it has written in red on the stretcher,    Annamarie*

*Trombetta " Gifted " 1977 "Painted" 1972.*   The red signature  in colored pencil not oil  is highly

suspect as a legitimate signature due to the fact that it was an oil painting,  not a work on paper.

 As  aforementioned  Norb  Novocin could not discern the alleged  name "Trombetta" from the front

signature on the canvas.  Novocin claims the signature in red pencil , is the source,  the reason

and the  foundation upon  which  Mr.  Novocin  misattributed   a   " run of the mill painting"

as was  described by  Mr. Novocin,  on page 43 of his deposition.    Based on limited information,

one source of reference and a willful affirmation  that he did not  look at Plaintiff's  website,  Mr Novocin

designated my biography and name to attribute to the oil painting found in an attic  in  Chicago. For the

record I have never been to Chicago nor do I know or sold  an artwork to anyone in Chicago. Mr.

Novocin's one stop  research, demonstrated  negligence even reckless  behavior by omitting any other

research  via  the internet or the Plaintiff's website.   He failed  to look up any other images  and  confirm

or contact the Plaintiff.  to validate if I was  was the artist for his   painting that Mr. Novocin  named "

Man With Red Umbrella".   The fact that  the alleged source used by Mr. Novocin did not feature any

visual images, other signatures or prices for sold artwork are important issue to overlook.  It is not

plausible for any  person to believe Mr. Novocin's rational,  if any, given his   limited, attempt to search

for any other credible facts other than AskArt.

     Aside from all this, the long awaited production of the red signature has at least three misspelling in

relation to the Plaitniff.  Moreover and what is important to note is, within the text of the EAI ad the name

" Annamarie"      is  written as all one word , without a space in the middle and each spelling of

Annamarie ends in the  letter   " e " at the end.  The  name " Annamarie "  appears six times in the text

of the EAI ad  and all the spelling is  consistently one word, not two separate names and not with the

letter [ a ]  at the end—marie  not Maria.  The text spelling contradicts the red signature spelling.

          On page 53 of Norb   Novocin's  Sept.21, 2022 deposition, he states

 "  Once I saw the name on the back, I went to askArt. I put in the name  Trombetta and

Annamarie come up. It 's an unusual name.  I have never come across it before.  I did not—-I do not

remember seeing  Anna Mari[A ] on the back of the painting,   so I just assumed it was the same person.

Mr. Novocin continues  on page  54 of his deposition :      " I saw it had a biography, but no record of

any paintings ever been sold, which  I'll  just leave it  ar that. There's no records of any  painting been

sold on secondary  market.   I grabbed  the biography and used that in the listing.  Because there was

no records of  any painting to be sold,   I  wanted people to be able to associate  somebody of value to the

painting and so I went out and found  another artist on askART that has painted before with umbrellas.  I

said it's much in the stye of and I  mentioned that other person.  So that way people can look it up and say,

oh it's  like that person. They paint with umbrellas also. That way, people do some research  on it.  They

see something of  value and  are  willing to spend more money."

   Defendant Norb Novocin is referring to artist Andre Kohn.  Mr. Novocin  statement in his deposition

demonstrated that he looked up another artist who paints umbrellas but WILLFULLY  FAILED

to look up the Plaintiff 's  credentials  or website to see if  the  Plaintiff painted umbrellas which to date, I

have not..  BELOW  is the EAI statements. Mr. Novocin's  negligence  and omission to look up the

Plaintiff  on the internet  was a conscious decision  in the same way his decision and reason to  include

Andre Kohn  and associate his name with the Plaintiff. Mr. Novocin's  rational was to add 'Value so the

buyer is willing to spend  more money.  " Mr. Novocin clearly states his incentive  to associate the work

of Andre Kohn was for financial gain.     For the record, a secondary market does not give an artist any

This is by Annamarie Trombette. It is signed on the bottom, but on the back it has written in red on the stretcher,
Annamarie Trombetta "Gifted" 1977, "Painted" 1972. To our eyes it looks like it is after the style of Andre
Kohn. It is quite large being approx. 48 1/2" tall and 17 1/2" wide. We are calling it shabby chic condition as it

financial income or gain in reputation  unless the secondary market or auction house is one of artistic

noteriety  such as Sotheby's or Christies'  or at a Museum Auction  where I had  my works  sold at

auction. I might add that my works  werebid on and  sold  for a higher price  at auction, than my personal

price point.

   Moreover to add to this important  count for Fraud  is Plaintiff's  first legal filing and  documentation

of Plaintiff request for   Defendants  production of  the signature  in red duly  noted in the  1972  Original

Oil Painting Man With   Red  Umbrella. My request is in **Doc.  22 filed  April 24 2019 on  Page 10 of 38

now Plaintiff's Evidence000387- I.**   In April 2019,  after a  disappointing settlement  conference with

Defendants who  failed to  offer anything  greater than one hundred dollars Plaintiff  offered a  potential

resolution .  In  response to this disappointing condfence,  I filed a  letter  offering to reduce the amount of

settlement   if the of items listed in the EAI  such as the 12 photos, the red signature, the buyer etc .were

produced.  Plaintiff's  2019  conditional offer request in Doc. 22  did not receive any response from EAI

Defendants,   nor attorney  Anderson Duff . Number three on page 10 now bate stamped as  **Plaintiff's**

**Evidence  000387I**  lists as No. 3. my request for  " *A photograph of the actual signature in*

*red described on the back of the painting.* "      It took an additional  three years  for EAI to  produced

photos  of  the signature in red which is in pencil and   clearly  misspells  the Plaintiff's name to render

the signature verifiably  not the  Plaintiff's .

   The LOSS  of time from Jan. 2017 to April 2022 is  five years,   three years to includes litigation.

The willful delay and  concealment of the misspelled  red signature was obviously known and purposely

withheld   to  prolong and hopefully run out  the time for the statues of limitation for  fraud..     The red

signature  conclusively  proves I am not  the artist.  Moreover from 2017 when I first informed Norb

Novocin that I was not the artist,  the Defendants have not produced the artist who painted  Man With Red

Umbrella nor the signer of this painting.  The fact that an artist has not been identified  supports   Plaintiff

assertion for   willful concealment from 2017  to  2022. The  willful and deliberate  failure to respond or

reasonably  reconcile  before or during   this  lawsuit supports Plaintiff claims of willful intent to commit

and conceal fraud.  The Defendants false  material  misrepresentation,   material  omission and

material delay of such  s pertinent detailed fact ie the red signature, verifies a  false attribution  and  that

the Plaintiff is not the artist.  Aside from this Defendants  objected to Plaintiff request to know the

location of the signature in red several time.s  Defendants failure to produce the location caused Plaintiff

to subpoena the woman who possess the painting.  The signature  is located  midway on the  top stretcher

bar  of a four  foot painting. All of the aforementioned   constitutes  willful concealment.

    Moreover,  Plaintiff produced my  childhood signature in print and in script  on or around the year

1972  and is  numbered  in my exhibits  as **Plaintiff Evidence 000316** and   **Plaintiff Evidence 000260**

which is a full  page of my script and  print on or around 1972 and **PlaintI's Evidence 000495** exhibit

how Plaintiff  printed and scripted  the  letter " A"  My evidence verifies  that I am not the artist nor did I

sign the 1972  oil.  Despite production of  verified proof, on Nov. 23, 2022 attorney Anderson Duff

rejected  settlement  talks.   Once again Plaintiff  filed this lawsuit due to the willful denial by the

Defendants to  accept the fact that I am not the artist and  that the Defendants cannot falsely attribute my

name to panting  they sell  that I did not create.   Since the  1972 oil painting does have my name on it,

over  time,  I do  not  wish  for a  "run of the mill 1972 oil  painting, as Mr. Novocin  classified the oil,

to be named or  in  questioned as part of the my oeuvre, or  attributed  to my name as one of artist.   At

this point in the case  and with the  evidential facts duly  documented,  any  reluctance in resolving this

lawsuit constitutes  fraud and   direct S 190.20  False advertising

     A person is guilty of false advertising when, with intent to promote the sale or to increase the

consumption of property or services, he makes or causes to be made a false or misleading statement

in any advertisement or publishes any advertisement in violation of chapter three of the act of

congress entitled "Truth in Lending Act" and the regulations thereunder, as such act and regulations

may from time to  time be amended, addressed to the public or to a substantial number of  persons;

One of the main  elements of fraud is

**4)   FRAUD ~  COUNT  IV ~ DEFENDANTS' KNOWN   WRITTEN
REPRESENTATION OF  PLAINTIFF 'S   WEBSITE AND THE   NEGLIENCE BY
DEFENDANTS  IN  NOT  VIEWING  OR  NOT CONTACTING  THE  PLAINTIFF**

Plaintiff brings to the Court's attention the next issue that is duly documented in the EAI eBay ad for

the 1972 oil painting Man With Red Umbrella.  Clearly referenced and written in the statements in the

box below is the Defendants reference to my website ,right next to my full, correct name and birthyear.

> condition as it has a tear in the canvas, about 5/8" long just to the left of the man's knees,
> but still such a great painting. For those not familiar with Trombetta, here is information
> about her from off AskArt as they got it from her website: Annamarie Trombetta (1963 - )

EAI is responsible for creating the text in their ad in order to sell their painting on eBay.  Plaintiff  had

nothing to do with creating the painting, therefore it stands,  I  nothing to do with consenting to  the use of

the  text in the ad.   The Defendant willfully selected  what they chose to include in their ad which states

that I had a website.  Plaintiff addressed  asked Defendants  in my Discovery why they did not contact me

since they knew I had a website. in  my  first and second set of Interrogatories.  In  April  Plaintiff

received a full  objection  and in August  Defendants also  objected and stated   <u>Defendants object to this</u>
<u>Interrogatory insofar as it asserts that  Defendants knew Plaintiff had a website.</u>    Below is Plaintiff's

interrogatory and direct response  set forth on August 3, 2022 by EAI Defendants who delayed responses

for over a month and forced the Plaintiff to send several emails in pursuit of  Defendants responses.

**PLAINTIFF'S INTERROGATORY NO. 19]:**
Explain in DETAIL why Norb and Marie Novicin did not contact, phone or email the
Plaintiff. Duly stated in the Estate Auction's ad is the claim " AskArt got the biography from
Plaintiff's website" proving Estate Auctions Inc/Norb and Marie Novicin knew Plaintiff had a
website.

**RESPONSE TO INTERROGATORY NO. 44 [PLAINTIFF'S INTERROGATORY NO. 19]:**
Defendants object to this Interrogatory because it exceeds the number of interrogatories
one Party may serve on another Party pursuant to Federal Rule of Civil Procedure 33(a)(1).
<u>Defendants object to this Interrogatory insofar as it asserts that Defendants knew Plaintiff had a</u>
<u>website.</u>

    Additionally, Plaintiff adds an affirmation  by Norb Novicin from his Sept. 21, 2022 deposition

regarding Plaintiff's website.  When asked by WorthPoint's attorney the following question:

   *"Did you ever see the website of artist Annamarie Trombetta?"*

Mr. Novicin affirmed on page 58 " *<u>To this day [Sept. 21.2022] I have never been to that website."</u>*

On the  following on  page 59 Mr. Novicin  was asked by WorthPoint's attorneys  if he *<u>"copied</u>*

*<u>the entirety of the biography on askART to include any listing or something else?</u>*      Mr. Novicin

stated  *<u>"It happened  entirely there"</u>*    and when asked  by WorthPoint's attorneys

   *<u>"Did you edit the biography in any way, shape or form?"</u>*    Mr. Novicin   stated    *<u>"No."</u>*

Mr Novicin  stated on page 60 and 61, in his deposition,    *<u>"When I compose a listing for eBay, I do</u>*

*<u>what I call finding a hook to hang my hat on. What story am I going to tell that  allows  people to dig</u>*

*<u>deeper into their wallet to spend more money.</u>*

1) The first issue  Plaintiff brings to the Court's attention is the  length of  Plaintiff's biography

used  in the EAI eBay ad for the 1972 oil painting. Both Defendants, WorthPoint Corp and EAI now

claim years later that my  full biography was used., despite the visual  evidence  of the listing which

verifies that Plaintiff's biography was truncate, What sisproves their claim is the visual proof of their

ad which documents the  truncation.   EAI Defendants failed to produce any visual documents to

substantiate their claim . Both Defendants  claim  they no longer have any computer data for the

internet posting.  The failure by both Defendants to produce proof of their computer data adds to the number of  Defendants claims that are devoid of any tangible proof. Plaintiff is reliant on both Defendants to produce such data and documents which is a key element in a claim for fraud.  Another element is that  The plaintiff is justified in relying on the falsehoods or lies told by the defendant.  It is the  complete absence of  all evidence by EAI that makes their claims impossible to believe.  In like fashion itis the Plaintiff's  positive visual proof that supports my obvious claim that my full bio was truncated.

Plaintiff  has consistently written  and  filed the actually EAI eBay ad for the 1972 Oil Painting Man With Red Umbrella  in all my filings  with the Court which clearly documents that Plaintiff 's biography was truncated and mutilated mid sentence.  The last statement in the EAI/ WorthPoint ad is in a screen shot below and has four  dots  …. depicted, and the rest of the sentence is missing and had written under it "Similar Items" with  "No Image " and the title 1972 Original Oil……Red Umbrella that is next to a gray square under the NO  Image Icon seen below in the boxed insert.



2) The second issue is the fact that the Defendants listed the fact that I had a website. Mr. Novocin willfully denied ever visiting my website. This was and still is his conscious choice not to visit my website that he duly listed in the ad , an ad  he wrote and composed as documented in his deposition. Novocin's  negligent choices  duly affirmed,  are the root cause of Plaintiff's false misrepresentation. Defendants objected to Plaintiff's direct question,  to state why EAI Defendants did not contact me to confirm their attribution. Their objections  further verifiers willful negligence and a willful intent to conceal their negligence indicative of the character of one 's intent to willfully commit fraud, with the intent , to get  *" people to dig  deeper into their wallet to spend more money."* as Novocin stated.

The Defendants' misrepresentation, with visually displayed text  of my my self  authored

biography without my  authorization  was conjoined with  the written  notation of Plaintiff's website,

This  a prime example of  identity theft.  Defendants took specific  personal,  self identifying  facts

and information only applicable to the Plaintiff  and used it to  increase the financial worth of a

damaged painting . The sole purpose of  the EAI  eBay ad is for commercial use and to render a

greater  financial gain for the 1972 damaged painting.   Plaintiff's sole purpose for  bringing this

legal action  against both Defendants is to impose  legal liability to this one action,  it is also

to impose  permanent inductive relief to  legally  prevent  any and   all future  fabrication and false

attributions  by both  Defendants from  plaguing the Plaintiff.

## 5)   FRAUD ~ COUNT  V ~ DEFENDANTS'  WRITTEN  DECLARATION MISREPRESENTATIONS TO WORTHPOINT DEFENDANT AND PLAINTIFF

   In  April 2022, EAI 's  attorney Anderson Duff  misrepresented to the WorthPoint  Defendants and

Plaintiff  a willful  false misrepresentation and denial that documents exist  relating to  the research

conducted by EAI Defendants  in determining the authorship and attribution of Artwork.

Mr. Duff' claimed no such documents exit.  SEE BELOW

**WORTHPOINT' S REQUEST NO. 3:**
*Documents and Communications relating to the research conducted by EAI Defendants  in determining the authorship and/or attribution of the Artwork.*

**EAI  RESPONSE TO REQUEST NO. 3:**
*No such documents exis*t.

        Mr. Duff has willfully omitted producing or referencing the Court filed documents in   Doc.56

filed  June  26, 2020 Declaration of Norb Novocin Page 1 of 4  Novocin declaration includes four

pages.  Mr. Novocins Declartion is in **Plaintiff Evidence 000174,  thru Plaintiff000176**

Three  statements below assert research conducted by EAI Defendant to determine attribution.

 *4. As was our typical practice, 1 conducted research t the Painting using online  research tools designed for that purpose to identify the artist who signed the Painting  using online  research tools designed for that purpose  such as Ask.Art,com,,*

*5.  When researching the Painting, I found only one artist  whose name matchced "A. Trombetta" and that artist was the Plaintiff, Annamarie Trombetta. Because —Annamarie Trombetta" was written on the back stretcher of the painting, we concluded that Plaintiff created the Painting.*

*6. Before seeing the name Annamarie Trombetta on the Painting and researching the artist so that we could create accurate listing for the Estate Auctions storefront describing the Painting.  1 had never heard of Annamaric Trombetta*

Mr. Duff has willful omitted producing or referencing the Court filed documents in Marie Novocin's

Declaration Doc. 57  Filed 06/26/20 Page 1 of 4   to WorthPoint's attorneys and to the Plaintiff   **in**

Marie Novocin's Declaration is in **Plaintiff's Evidence 000332,  thru Plaintiff'sEvidence 000335**

MARIE NOVOCIN DECLARED ON JUNE 26, 2020:
*4. As was our typical practice, my husband Norb conducted research to identify the artist who signed the Painting using online research tools designed for that purpose such as AskArt.com.*

*5. When researching the Painting, my husband Norb found only one artist whose name matched "A. Trombetta" and that artist was the Plaintiff, Annamarie Trombetta. Because "Annamarie Trombetta" was written on the back stretcher of the painting, we concluded that Plaintiff created the Painting.*

*6. Before talking to Norb about his research concerning the Painting, I had never heard of Annamarie Trombetta.*

EAI  Defendants and their attorney willful omitted the production and request by WorthPoint

request .is yet another example of willful denial and or concealment of any evidence that proves EAI

adequately researched the authorship and attribution for the 1972 Original Oil Painting Man With

Red Umbrella.as declared by both Defendants in their Declarations.

Moreover, both Maria and Norb . Novocin  Declarations states in the source of  Mr. Novocic created eBay listing for the 1972 oil using Plaintiff's bio was from my biography listed on  askART.

NORB NOVOCIN
*7. I used biographical information about Plaintiff that 1 found on AskArt.com to ensure that the Estate Auctions eBay listing for the Painting was as accurate as possible. All of  the information about Plaintiff that l included in the eBay listing was gleaned from Ask4rt.com*

MARIE NOVOCIN
7. Estate Auctions used biographical information about Plaintiff that Norb found on AskArt.com to ensure that the Estate Auctions eBay listing for the Painting was as accurate as possible. All of the information about Plaintiff that Estate Auctions included in the eBay listing was gleaned from AskArt.com.

Duly  documented in the Terms of Use on AskART's website is the clear statement that users

"may not modify, create derivative works from. participate in the transfer or sale of, on the World

Wide Web or in any way exploit the site or any portion thereof for any public or commercial use

without express written permission  of askART.   You are responsible for complying with all

applicable laws. rules and regulations regarding your use of any such downloaded Content.

An excerpt from the the askART Terms of Use is below.  The askART Terms of  use  are in Plaitniff's

Evidence 000668  Plaintiff's Evidence 000669

askART owns, controls, licenses or has the right to use and provide the Site and all material on the Site, including, without limitation the askART Artist database, text, images, artist biographies, price valuation reports, articles, photographs, illustrations, audio and video clips, (collectively the "Content"). The Site is protected by copyright as a collective work and/or compilation, pursuant to U.S. copyright laws, international conventions, and other copyright laws. askART is the owner of the copyright in the entire Site. askART owns a copyright in the selection, coordination, arrangement and enhancement of the Site. You agree to abide by any and all copyright notices, information or restrictions displayed on the Site. askART does not grant permission to users of the site to reproduce images of original works of art.

You may not modify, create derivative works from, participate in the transfer or sale of, post on the World Wide Web, or in any way exploit the Site or any portion thereof for any public or commercial use without the express written permission of askART. You are responsible for complying with all applicable laws, rules and regulations regarding your use of any such downloaded Content. In the event of any permitted copying, redistribution or publication of material from the Site, no changes in or deletion of author attribution, trademark, legend or copyright notice shall be made.

## 6)   FRAUD ~  COUNT  VI ~ SIXTH  FALSE  WRITTEN  MISREPRESENTATION IN  SWORN  DECLARATION  OF  NORB AND MARIE NOVOCIN

As written above the Declaration of Norb Novocin is  in   Doc.56  filed  June  26, 2020 Page 1 of 4

Novocin declaration includes four pages.   Mr. Novocins Declartion is in **Plaintiff Evidence 000174, thru Plaintiff000176.**   Marie Novocin's Declaration Doc. 57  Filed June 26, /2020  Page 1 of 4

Marie Novocin's Declaration is in **Plaintiff's Evidence 000332,  thru Plaintiff'sEvidence 000335**

Plaintiff  brings to the Court's attention the Declaration statements below  referencing the years of Estate Auction Inc. dates of operation  April 23,  2012 to 2019  written and declared by both Defendants Declarations.

**NORB NOVOCIN**
*1.    Together with my wife and co-defendant in this case ,Marie Novocin, I owned and  operated Estate Auctions, Inc.  from April 23, 2012. until 2019*

**MARIE NOVOCIN**
*1. Together with my husband and co-defendant in this case, Norb Novocin, I owned and operated Estate Auctions, Inc. from April 23, 2012 until 2019.*

Plaintiff  to add  both the  Novocin Declarations and   statements and contrast the 2020 statements with this  made on Sept. 21, 2022 by  Norb Novocin regarding the names of his company Estate Auctions Inc and Estate Auctions LLCand the years of operation.  They differ in detail from Defendants June 26, 2020 Declarations.   In  Norb Novocin Sept. 21, 2022 deposition on page 198

Mr. Novocin stated *"   We have three different Estate Auctions, Inc.  Estate Auctions Inc. in Florida*

*started in 2001 and ended in 2012. Estate Auctions in Delaware started April 23, 2012 until it went*
*defunct.  We stopped using it July of 2013 when we stated Estate Auctions LLC.  That started on July*
*15, 2013 —-January 31, 2019.*    On page 199  of Mr. Novocin's deposition he  stated     *"We just let*
*it go defunct and Estate Suctions only had from April to July,   April 2012 to July 2013, correct.*
When asked if  April 2012 to July 2013 was the time period for the 1972 oil painting sale, Mr
Novocin replied  *"Correct".*

   Plaintinf notes to the Court , the propensity  of EAI and Defendants Norb and Marie Novocin
within their verbal and written  responses,  there is a consistent  pattern of subtle yet substantial
differences,  There is either a complete omission of facts,  a deficiency within their production of
evidence, or a similar yet incorrect spelling or incorrect date, close to the original yet is renders the
fact or statement "False"  Such is the case with the three names and three dates of incorporation for
Estate Auctions Inc and Estate Auctions LLC.

    Below is another example by both Defendants who have made written Declarations which
state that the 1972 Oil Painting Man With Red Umbrella was "Gifted" in  **1997**.  The EAI eBay
ad and the signature in red on the stretcher bar state "Gifted" in  1977  and not  **1997   which is**
**incorrect.**   In like fashion, the Declarations of  both Defendants  state Estate Auctions Inc
from April 23, 2012. until 2019 and does  not  state Estate Auction LLC.. The consistent subtle
changes are evident in many of statements or production of evidence, most notably in the
the three recent productions for the eBay 2012 sales receipt for the 1972 1972 Oil Painting Man With
Red Umbrella.  The first production is dated April 27, 2022 and the other two differ in date and
visual  elements that Plaintiff will describe in detail below.

**NORB NOVOCIN**
*2. In 2012. Estate Auctions list painting on its eBay storefront that I personally inspected. The*
*paintingwassignedonthefrontby"A.Trombetta"andfeaturedaninscription reading "Anuanarie*
*Trombetta `Gifted' **1997**, `Painted' 1972" in red along its back stretcher (the Painting).*

**MARIE NOVOCIN**
*3. In 2012, Estate Auctions listed a painting on its eBay storefront that my husband*
*Norb personally inspected. The painting was signed on the front by "A. Trombetta" and featured an*
*inscription reading "Annamarie Trombetta `Gifted' **1997**, `Painted' 1972" in red along its back*
*stretcher (the "Painting").*

Plaintiff addresses  two statement made on Page 3 of  Doc. 57 filed on June 26, 2020 which is

the Declaration by Marie Novocin.      In 2016 Plaintiff  saw that he reposting for the 1972 oil painting

was back on the internet after months of hard work contacting eBay and WorthPoint Corp to remove

this false listing.  The only source I never contacted was EAI.   Upon discussions with a colleague and

collector, I thought it best to have my collector Teri Meissner contact EAI to see if they had any

information as to why the post was on the internet, if EAI had posted the 1972 sale again etc.  Ms

Meissner had a brief chat and as advised by Marie Novocine  sent one email  One phone call and one

email is the extent of Teri Meissner's  minor involvement,  one  so minor she does not even remember.

When Teri did not receive an email response from EAI, Plaintiff on Jan. 10, 2017 phoned EAI. I

introduced myself and stated that Ms. Meisner had contacted her. I informed Marie Novocin that I am

an artist however I did not paint the 1972 oil painting. I asked Mrs. Novocin if EAI had anything to do

with the internet link which was appearing under my name again.   I asked if I could have the owner  of

the painting's contact information. Then I asked if they had any of the 12  photos etc. I also informed

her that the photo signature was not mine.  Shortly after Norb Novocin phoned me back which I found

peculiar and unnecessary after conversing with his wife. I  and decided to record the conversation. His

first statement explained his call " I have a wealth of no knowlege regarding this painting"

Below are Marie Novocin statements from her Declaration. There were two calls one from Ms. Meissner

and one from the Plaintiff.  Again, Plaintiff called on Jan. 10, 2017 from home phone and I just like

the Novocins have  caller ID and as stated I  identified myself citing the misattribution and the

reposting of the 1972 internet link as my purpose for contacting EAI

*11.  I did not think about the Painting again until I received a phone call from a person identifying
themselves as Teri Meissner in January 2017. Meissner followed up with an email on January 6,
2017. Meissner did not say anything about the Painting be misattributed. Meissner's sole stated
concern was the chain of ownership of the Painting. Meissner demanded that Estate Auctions provide
her with the name and contact information for the third party who purchased the Painting in 2012.
Despite several additional phone calls from the person calling themselves Meissner, they never once
stated that the Painting had been misattributed and focused solely on the identity of the purchaser of
the Painting.*

*13. After roughly the third phone call we received from the person identifying themselves as
"Meissner," my husband Norb saw that the caller ID identified Annamarie Trombetta and not Teri
Meissner.*

Plaintiff notes to the Court that in June 2020 EAI Defendants filed a Motion to Post a Bond against the Plaintiff in the amount of twenty thousand dollars. The Declarations that have false information were filed in support to impose a financial burden unto the Plaintiff. Plaintiff's sas explained in many documents, I informed Norb Novocin that I did not create the 1972 painting, I stated that this was fraud. When Mr. Novocin asked me *why is that fraud,?* I simply stated " *I did not do this painting"*.   Despite informing both of the Novocins ,first by a phone call to Marie and then Norb Novocin phoning the Plaintiff, Plaintiff still hired an attorney to inform in writing both parties of the infringements upon my name, my rights and the biographical copyright infringements.   As aforementioned in Doc. 22 filed on April 24, 2019, Plaintiff requested the 12 photos, red signature etc and did not receive any response.   Responding to this Motion caused the Plaintiff a loss of income as I had to turn down a commission due to Plaintiff's response required a time sensitive answer to Defendants Motion to Post a Bond. In like fashion Plaintiff had just begun a private tutoring session and had to postpone my availability until my Response Motion was filed. As a result the student decided to take an art lessons elsewhere.

## 7)   FRAUD ~ COUNT VII ~ FALSE WRITTEN MISREPRESENTATION OF THREE EBAY RECEIPTS  FOR ONE SALE IN 2012 FOR 1972 OIL PAINTING

Plaintiff notes to the Court on April 27, 2022 EAI and attorney Anderson Duff produced the first version of the 2012 eBay receipt for the 1972 Oil Painting Man With Red Umbrella. On Sept, 21, 2022 WorthPoint during deposition brought to Mr. Novocin's attention the cut off areas of the eBay email on pages 72 , 73 and 77 in which WorthPoint called for the full production of the EAI eBay receipt. There are now four versions of the ONE eBay sale by EAI on Dec. 1, 2012 for **FIRST** EAI 2012 RECEIPT FOR 1972 OIL EAI00058/ 000059  PRODUCED ON APRIL 26, 2022 On April 8, 2022 the first Discovery between the Defendants and Plaintiff's evidence was due. On Wednesday, April 27, 2022 at 21:30:09 2022 Estate Auctions Inc.'s attorney Anderson Duff produced EAI000058 and EAI000059 after a Conference Call with Judge Cave. Plaintiff immediately noticed the following

1) 1972 Original Oil Painting Man With Red Umbrella Signed Annamarie Trombetta yqz is written twice in blue right — next to each other.
2) In EAI000058 the right side is cut off , deleting the date, the price, name and address of the buyer , etc. Again, this truncation was noted by WorthPoint's attorneys as EXHIBT #4 at the Novocin Deposition and called for a full production of this receipt.
3) the eBay logo is in a a box devoid of the colored LOGO in red, blue, yellow and green.
4) a plain type eBay is written in a lined box.
5) Also missing is the bold colored yellow button with "Go to My eBay" which is below the text "Provide shipping information "
6) Last, missing below the Blue type under 1972 Original Oil Painting Man With Red Umbrella Signed Annamarie Trombetta yqz was either a the gray icon logo or what is a box with a blue square with a white question mark in it.


**SECOND** EAI 2012 RECEIPT FOR 1972 OIL EAI000060 NOVEMBER 16, 2022.

I remind the Court again that in Doc. 315, filed on Nov. 16, 2022, Plaintiff noted to the Court that Mr.

Duff produced a complete uncut version of the alleged 2012 eBay receipt for the sale of the 1972 original

oil also known as WorthPoint's Deposition Exhibit #4. There are obvious differences in the new Nov. 16,

2012 EAI eBay receipt, bate stamped as EAI000060. Most notable is the visual absence of a bold yellow

line. The text is quite small and the receipt is one page. The EAI00060 differences from EAI00058 and

EAI00059 are noted below  **EXHBIIT #5 Nov. 16, 2022 Mr. Duff's email with EAI000066**
                        **EXHBIIT # 6 Second Production of Ebay receipt on Nov 16, 2022 EAI000066**
                        **EXHBIIT #7 Plaintif's Octobre 29, 2022 Request  for Ebay Receipt**

1) the 1972 Original Oil Painting Man With Red Umbrella Signed Annamarie Trombetta yqz is NOT written twice in blue right next to each other.
2) In EAI000060 the right side is **NOT** cut off
3) the eBay logo is NOT simple type and EAI000060 has an ebay color LOGO red, blue, yellow and green
4) The Blue box (above) with a blue square with a white question mark IS under 1972 Original Oil Painting Man With Red Umbrella Signed Annamarie Trombetta yqz.
5) MOST NOTEWORTHY is the MISSING YELLOW LINE through the bold type "Congratulations, your item sold !" 6) The 2017 email header is fully missing. Plaintiff notes to the Court, Mr. Duff submitted his EAI000060 by email on Nov. 16, 2022

**THIRD EML** EAI 2012 RECEIPT FOR 1972 OIL  PRODUCED TO PLAINTIFF  ON NOV. 17, 2022

The third EAI sales receipt with visual colored  icons differs from the other two eBay receipts:
1) It is NOT bate stamped or numbered. Documents needs to be numbered even if it is handwritten if it is to be evidence, as Plaintiff did on Sept. 21, 2022 .
2) It  differs on the third EAI receipt from the EAI000058 and EAI000060 is near the top. Not written in the email is Subject: Date: From: before the To: Norb Novocin, marie novocain.
3) New and Different is a Logo EE circle up top, which is not on EAI 0058-0059-or EAI 0060. Unlike EAI00060, this document has a yellow line under " Congratulations, your item sold !" It has the ebay color logo and box with blue question mark.

4) Again- as of Dec. 19, 2022 he eml. text is not bate stamped by EAI Defendants and was NOT mentioned or produced to Plaintiff before or after  November 16, 2022Mr. Duff produced EAI000060 as evidence, Plaintiff is requesting that the Court impeach or prohibit any possible use of EAI 's undocumented, eml that was emailed to Plaintiff AFTER the production of EAI00060.

**FOURTH**   EAI00065 EEAI00066 EAI 2012  TEXT ONLY RECEIPT FOR 1972 OIL  PRODUCED TO PLAINTIFF ON DECEMBER 7, 2022.

1) Produced on Dec. 17, 2022 is the full text (only) for the eBay 2012 sale. There are no visual icons or authentic indications that the original email was simply printed out and submitted.

Plaintiff is reliant upon EAI Defendants to simply produce one proof of purchase for the 1972 Original Oil Painting that EAI sold on eBay on Dec. 1, 2012.  The fact that there are now four versions all of which are different in content and  format, icons symbols and are optically different is very confusing and provokes inferences that contradict and confuse the facts.  To date Mr. Duff has not bate stamped the eml that was allegedly sent to WorthPoint's attorneys  on Sept. 21, 2022.  As the Plaintiff and as a Pro Se` litigant, Mr. Duff failed to convey on  Oct. 28, 2022 nor on Octt 29, when I emailed Mr. Duff about the full production of the EAI ebay receipt.  On Oct, 31, 2022 Mr. Duff did document in an email that when his clients produce the email, he would pass it on to the Plaintiff.   On Nov 16, 2022 I reminded Mr. Duff again and upon day's end he produced EAI00060.   The next day, Nov. 17, 2022  Mr. Duff and all the attorneys fromWorthPoint  alleged that Mr. Duff  produce the EAI eBay receipt. in an  eml text to the other attorneys.

    As a result of the  multiple misrepresentation of the  EAI 1972 oil painting  eBay sale  Plaintiff' was reliant upon the Defendant _not_ to receive such  indirect and  misleading  contradictory responses.  To date the multiplicity of contradictory responses  by EAI Defendants contributes  to  Plaintiff's  emotional and physical  distress that has delayed filing my  Proposed Amended Complaint.  I have been suffering profusely from emotional distress.  Plaintiff  after the Thanksgiving weekend was puzzled by the data produced by the Defendants. As a result Plaintiff was forced to contact my  internet expert witness to open up Mr. Duff's eml message and secondly to decode the coding that was sent to Plaintiff from Adam Bialek.  Mr. O'Leary's Affidavit and report has cost the Plaintiff several thousand dollars, all due to the cryptic  and convoluted, confusing information in the guise of evidence.

    It has been an ongoing willful pattern by EAI to conceal or reveal in  parts and pieces pertinent

information that Plaintiff has a right to request.  If  the first EAI eBay receipt  did not lack deficiencies or was not truncated on one side , Plaintiff  would not  assert  misrepresentation  of written receipts. The amount of time, involved in repeatedly requesting the same simple items and  being met with unending, delays is disrespectful, unprofessional, subject to suspect and mistrust and  ha delayed the  end of \ Discovery, to the point where  I as well as my expert witnesses  are frustrated by the inability to progress forward and complete the objective of producing a sound, informative substantiating report that supports the Plaintiff's infringements and problems. Despite this and as duly documented in the Nov. 23, 2022 transcript, the  Defendants are unyielding  to settlement  talks or  ending  this lawsuit.  Plaintiff regrets but must inform the Court, post the Nov 23, 2022 Conference call  I was sent an email  from attorney Anderson Duff  s  who informed me of  his fees for his time on the Conference call.  He also informed me  his clients would be  seeking attorneys fees upon the conclusion of my case.  WorthPoint's attorney, Adam Bialek has informed me of the same assertion to burden the Plaintiff with attorneys fees. Once again   Plaintiff has produce irrefutable evidence of my childhood signature.  The infliction of fear and requests for production since mid summer to the present has caused Plaintiff to add a claim for  IIED and Tort in my Proposed  Amended Complaint.

## 8)  FRAUD  ~  COUNT  VIII ~  TANGIBLE CONVERSION (BIOGRAPHY IN CATALOG)  TAKING  AND MISAPPROPRIATION  PLAINTIFF  BIOGRAPHY

**A)**    A party has a cause of action for conversion when (1) the plaintiff has an exclusive right of possession, (2) into which the defendant, (3) intentionally, (4) interferes with that right.  In general, conversion fraud deals with tangible goods.    The Plaintiff 's  claim for tangible conversion fraud is founded on  my exclusive  right of possession to my  original, self authored biography.  It is  is a "literary work" written in prose,  is an individual  artistic  expression and exists  in a tangible form as  my self published catalog .   My self authored biography   is  also "fixed " and exists in a digital form  on my professional and personal website.   A  fraud  conversion  claim is applicable to intellectual  property rights  if it is merged in the physical  form and in this instance it is.   My infringed biography exists in  two personal  tangible forms.   Violations  occur when a  person

without authority or permission  intentionally takes  the personal property of  another or   deprives the Plaintiff  of the  possession of  my exclusive rights  to my self authored  biography in my personal catalog.  The original EAI eBay ad for the 1972 oil has Plaintiff's statement from my personal catalog which documents and references my personal property is   *"All of the imagery in this catalog was either created en plein air or from the subject  directly.".*   This personal  statement referencing my catalog i in the Defendants  version  to include  the Defendants EAI and WorthPoint's and their Confidential evidence. using  my  Catalog  biography   Both  Defendants included and reference my statement regarding my  catalog  in the false ad for the 1972 oil  painting and both Defendant s partook in  the improper  and  unauthorized relocation of personal  property.

The subject  regarding the length of Plaitniff's biography in the EAI eBay sale  ad was addressed on  Page 91.  A reference to the cut off  statement "concentrated period of time"  dot dot dot was  noted by WorthPoint's attorneys to Norb Novocin  who affirmed it's written presence.  On Page 92  of Mr. Novocin's  deposition he references  computer software issues that " Might " have cut off  the biography. Again EAI failed to produce any documents/ data what-so-ever.

**B)**    There are two  "improper" connotations and uses by the Defendants regarding my biography. First and  foremost,  I  did not  paint the 1972 Original  Oil  Man With Red Umbrella nor did I sign the painting.  This is a  proven fact.  Plaintiff  produced  my childhood signature . It is in Plaintiff's evidence  000260,  000316 also  in script and print number  000495.  The EAI signature  in red produce  in  Discovery  by EAI, in  April  2022 , misspells Plaintiff's  first name and adds a space between  ANNA  and MARIA.  The  use of my  personal self authored  biography is "Improper" as it is  wrongfully  applied , I am  not  the artist who created. the  1972 oil.  This conversion as aforementioned  is unauthorized  in every way.  The  EAI  use  of  Plaintiff's  biography was for commercial and  selling   purposes for a damaged  1972 oil painting.  In  like fashion,  WorthPoint's website's chief purpose  is to  report the " commercial  sales  records"  of  items sold on eBay. WorthPoint has a membership  charge in order  to view the sales price. It is not free to see the selling price. Both Defendants have used my biography for commercial gain, ergo it is not  fair use, rather

both Defendants perceive my name  and biography as "fair game and falsely claim " fair use .
Plaintiff's l  self expression in my  biography is original  was never authorized  to be used by
Defendants as such . As a consequence of the unauthorized use of Plaintiff 's biography   by both
Defendants,    WorthPoint  Corp. in particular,  lost a sale of artwork to a prominent collector who
most likely would donate her collection to a public museum. The financial and professional   adverse
effect that the infringement had on  Plaintiff  ( copyright owner) ability  to earn income resulted in
sustained inequitable financial  and professional losses.

**C)**      To make a claim for conversion, a plaintiff must show "(1) the appropriation of another's
property to  one's own use and benefit, (2) by the intentional exercise of dominion over it, (3) in
defiance of the true owner's rights." (internal citation and quotation omitted) .  As aforementioned,
Norb Novocin admits  in  his Declaration filed on June 16, 2020 that he did not know or never heard
of Plaintiff's name before.  Allegedly he used onc source, which he designated as askART to
unethically cease or "Glean" Plaintiff's biography.  As of Sept. 21, 2022, for the first time since 2018
when this lawsuit began, Mr. Novocin now claims that the Plaintiff's full biography was taken from
askART.com.

**D)**    To prove conversion   that claim out, a plaintiff must allege: "**(1)** the  property subject to
conversion is  a specific identifiable thing;  Plaintiff  gives a personal, detailed  description of my life
experiences, from childhood ( Regina Pacis Church) to my formal training in  high school at the
Brooklyn Museum and ending with the names of my personal esteemed   colleagues in the art world.
**(2)** plaintiff had ownership, possession or control over the property before its conversion; and
Plaintiff's catalog and website were printed  created in 2003. The EAI ad   for the damaged 1972 oil
painting (albeit incorrect) was allegedly sold in 2012, which was nine  years after my website
biography  and catalog were created.   **(3)** defendant exercised an  unauthorized dominion over the
[property], to the alteration of its   condition or to the exclusion of  the plaintiff's rights." Moses v.
Martin, 360 F. Supp. 2d 533, 541  (S.D.N.Y. 2004) (citation and internal quotation marks omitted).
The "conversion " and addition of the EAI introduction and the description that precede the Plaintiff

true biography of the damaged 1972 oil painting (albeit incorrect) is roughly 230 words was

allegedly created to sell a painting in the year 2012. Plaintiff's biography in the EAI eBay ad that

appeared on the internet on the WorthPoint's website was roughly 420 words. The word count for

my entire biography is roughly 1360 words. Moreover, 1) EAI has failed to substantiate their

claims that their computer server created the alteration and truncation of Plaintiff's biography with

any tangible evidence. 2) Secondly and most important, the use and application of my biography as

the designated artist is incorrect, false. 3) Plaitniff's biography was unethically and not authorized

to obtained whether it was from the Plaintiff's own personal website or from the website of

askART.com. AskART prohibits any third party to "re create " or use any content on their site

without written permission. 4) EAI has failed to identity the person who did paint the oil, Man With

Red Umbrella. As a totality, it is precisely this unauthorized and incorrect conversion that constitutes

fraud. Last, the Defendants demonstrated a false sense of entitlement simply due to the fact that

my biography was listed on askART and Mr. Novocin has been a member of askART since 2001.

Again askART does not permit any party to copy or transfer the information on their website.

## A.  FIVE  ELEMENTS  OF  FRAUD RELATED TO ESTATE AUCTIONS INC .

**1. Misrepresentation—**  EAI's false references to the Plaintiff as the artist of the 1972 oil
painting—ie caused a photo that inferred the Plaintiff initial and last named to have a fraudulent
copyright management information (CMI) on the WorthPoint website, The false attribution by EAI
is one of the root causes of this lawsuit. To remove the fake ad, Plaintiff followed the instructions
from Defendants Plaintiff made the effort to contact to inform EAI that I was not the artist and was
told to hire an attorney. Despite hiring an attorney, EAI ignored any settlement opportunities. The
inability to produce EAI's own records, receipts and computer data that the Plaintiff requested is
proof that their information and directions misrepresented the Plaintiff and used my personal
information to sell the fraudulent 1972 oil painting EAI's denial of liability after Plaintiff
produced my childhood signature and EAI produce a misspelling of a signature in red on the 1972
eBay sale is a direct false misrepresentation to the Plaintiff who is reliant upon Defenadants for said
information . Plaintiff during litigation requested the red signature in 2019. Doc. 22 April 24, 2019.

**2)  Knowledge of the material falsity -** Since August 2017 Plaintiff has consistently pursued
both Defendants, particularlyEAI by reporting and requesting information and photos for the listing
of 1972 oil painting and to find out and confirm who was the eBay seller. Defendants admit they
do not have had photos of the painting. The proof to the red signature is an example of willful
recklessness misrepresentation. by EAI  On Jan. 10, 2017 I directly informed Mr and Mrs
Novocin that I was Not the artist and followed their instructions hired an attorney, EAI's failure
to respond or produce evidence in a timely manner reveals a pattern to conceal the material
evidence.

3) **Inducing the other party to rely upon it.** In 2012 the defendants misrepresented and misdirecting  Plaintiff audience  Plaintiff never  failed to investigate the truth of the defendant's statements.  Plaintiff was reliant upon EAI for any photos or to see the signature in red.  In April 2022 Plaintiff saw for the first time since 2015  a photo of the painting . This tool over seven years. This painting still has a similar version of the  Plaintiff name on the strecther.  Plaintiff followed through iverbal contact consistently and in writing  to no avail.  Plaintiff was reliant  upon the Defendants documented communication  to eventually see and prove that there was painting Plaintiff is still reliant on  EAI to set forth known evidence that should be in EAI;s  possession.  The Defendants absence of evidence  and verified proof constitutes an  intentional and willful  motive to deceive.

4) **Justifiable reliance of the other party**  The Defendants long term failure to  produce receipts or any photos from the original eBay ad for the 1972  painting keeps the Plaintiff reliant on EAI and is subject to their production.  Plaintiff's actions in commencing  this lawsuit was in pursuit of seeking Declaratory Relief.  The Defendant s Declaration  willfully  intended  to declare fraudulent statements and  to Post a Bond for twenty thousand dollars.  The Court and the Plaintiff are  reliant upon the Declaration by to determine this case.  Defendants documented distortion of Plaintiff' biography and created confusion and  duly circulated on the internet for almost  several years false information. Plaintiff reliant upon  EAI to produce the information EAI created for the false listing of the 1972 Oil Painting Man With Red Umbrella.

5) **Injuries  and Damages.**  The Defendants False  signature A. Trombetta  is  a significant causation for this  lawsuit.  The causation of  Plaintiff's losses are  numerous.  In  2015, at a time of great expansion and artistic  opportunities , commissions, articles and sales— and fully immersed in advancing my career, Plaintiff was forced to deal with a destructive and fake internet  post.   In 2015,  Plaintiff  lost the sale of an $8500 oil painting, the opportunity for  gallery representation due to the false posting and association with eBay,  Estate  Auctions 's 99 cents auctions and WorthPoint Corporation.  Plaintiff has well over  lost seven  years of my  life to fight  false claims which  are still ongoing.   Plaintiff is requesting  Permanent Injunctive  Relief to prohibit the Defendants from using  the Plaintiff's name and exhibits filed and submitted  for the  purposes of this  lawsuit or any other images or  texts that are circulating on the internet .The  Plaintiff's causation of loss generated by this  litigation , repeats the same  harmful patterns  and makes the Plaintiff  a consistent  victim  to the  Defendants' fraudulent  claims  in order to satisfy the Defendants  deceptive fraudulent assertions.  The loss my time, and all and any related  of sales of  artwork, the loss of my professional credibility and the time dedicated to this lawsuit is beyond profession and emotional  measure and beyond  rehabilitation.

# Elements of Intentional Infliction of Emotional Distress

The tort of intentional infliction of emotional distress has four elements: (1) the defendant must act intentionally or recklessly; (2) the defendant's conduct must be extreme and outrageous; and (3) the conduct must be the cause (4) of severe emotional distress.

## TORT  CLAIM  FIRST COUNT   NEGLIGENCE

Negligence is  a civil tort which occurs when a person breaches his duty of care which he

owed to another due to which that other person suffers some hard or undergoes some legal injury. Negligence can be explained as the failure of discharge or the omission to do something due to careless behavior.  First Count of Tort   Negligence  According to CPLR 213(2) the statutes of limitation in  New  York for  civil tort  is six years in writing or an oral contract.  The four elements of Tort are Duty, Breach ,Causation and Harm.

## Plaintiff's Claim for  Civil Tort under  the Six Year Statue of Limitations

   Plaintiff  for the  first time,   in  early Jan. 2017  Plaintiff discussed and decided to have a colleague contact EAI  regarding  any information the regarding 1972 Original Oil painting. due to the reposting of the link on WorthPoint's website.  A brief chat and Ms. Novocin's suggested to send an email ended my colleagues involvement in this matter. On Jan. 10, 2017, Plaintiff phoned and spoke with Marie Novocin.  I  identified myself and informed Mrs. Novocin that I was not the artist who painted  the oil they had sold on eBay .  I then asked if EAI had any information  as if EAI had anything to do with the reposting on the internet. Plaintiff also asked for the owner's contact information.  Again I informed Mrs. Novocin why I was contacting her as  internet  listing  for the 1972 Original Oil Painting    was under the  Plaintiff's name again on the internet.

Shortly after, Plaintiff received a  phone call from Norb Novocin . His intent was to inform me that he had a wealth of no knowledge. As Plaintiff has documented, I confirmed to Mr. Novocin that I was not the artist . I attempted to  inform Mr. Novocin  it is  not legal as the Visual Artist's Rights  Act attests to attribute  an artist's name to a painting they did not crate.   The call ended with his suggestion to get a lawyer.   Since  Jan. 2017,   Plaintiff has taken all the steps to responsibly inform the Defendants about their infringing actions.  The NY rules for Tort state : a rule in tort law: the statute of limitations for a cause of action does not begin to run until the time that the injured party discovers or reasonably should have discovered the injury. As stated on Jan. 10, 2017 Plaintiff for the first time  confirmed by phone that Mr. Novocin sold a painting in 2012. On Sept. 21, 2022   Mr. Novocin claims that "To this day I have never been to  Plaintiff's website."

Novocin  statement demonstrates a failure to act and demonstrates careless  action regarding researching Plaintiff credential prior to Mr. Novocin's false attribution.  It is  since Sept. 21, 2022 that Plaintiff became aware of this point of  ONE reference and the lack of  references that Mr. Novocin  used prior to his incorrect attribution.  Plaintiff set forth a claim for  Negligent tort  due to the failure  of both Defendants to act, in a  responsible manner toward researching  the Plaintiff credentials and for not contacting the Plaintiff .  Defendants have demonstrated  careless actions as aforementioned.  There are so many failures by Defendants to produce any evidence that supports claims that they did not truncate or alter Plaintiff's biography. TheEAI  ad created by the Novocins does infer   my  website.

EAI Defendants had a duty to the Plaintiff as well as the buyer to correctly attribute the 1972 Oil Painting to the  actual artist. To date, EAI has failed to do that.   As this case attests,  EAI has breached three claims, not significant are the VARA and copyright claims. Defendants have without authorization and accuracy used Plaintiff personal property via my biography and as aforementioned caused Plaintiff the loss of sales of art, gallerists who were interested in my work, aside from the enormous loss of time and career opportunities all tainted and blocked by the causation of the false attribution and at present the rigorous responsibilities in litigation that the Plaintiff is having difficulty in managing such strenuous and unending demands.   Plaintiff did not cause the infringements and was patient, careful, responsible and respectful with each Defendant prior to filing this lawsuit against EAI and in deciding to Amend my Complaint to add WorthPoint.

A)As an immediate and initial reaction to the 2015 false internet posting and the  second re posting found by the Plaintiff months after it was allegedly permanently removed, Plaintiff  needed to return back to physical therapy and had regular doctor appointments with my Pain Management Specialist Plaintiff Evidence

B) Plaintiff  was experiencing substantial anxiety and fear due to the loss of income and the sale of artwork to a prominent collector due to the  Defendant falsities .Plaintiff  was unable to sleep at night and suffered functional deficits during the day as well as physical manifestations of emotional distress due to the nine month ordeal to remove the false posting from the internet.

C) Prior to and throughout litigation, Plaintiff has had to divert time away from career opportunities and financial advancements to seek legal remedies and Declaratory Relief to  protect and prevent further infringements and willful  misattributions from both Defendants. As a result the quality of my life, earning potential, professional and personal responsibilities has been unnecessarily blocked due to the willful denial by the Defendants to resolve this lawsuit. Plaintiff has   suffered simply due to the fact that I did not paint this oil and that I want to legally disassociate from the counterfeit oil painting. I have suffered a great loss of time to declare  and legally document I am not the artist.

## TORT  CLAIM  SECOND  COUNT   NEGLIGENCE

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

On Feb. 1, 2022  at the request of WorthPoint's attorneys Plaintiff was requested to write a settlement letter. Attorney Anderson Duff duly communicated that his clients were in held up in Bankruptcy Court due to this litigation. Despite being advised  to engaged  or discuss settlement  offers prior to litigation by friends and retired attorneys, Plaintiff did agree to writing a letter.  As is Plaintiff;s way I responsibly found out what needed to be included in the Settlement letter.  I gave a recap of all my actions to both Defendants .  I found cases related to my claims and listed all the damages and rules pertaining to my claims.  The letter was quite long as this has been going on for over seven years. Plaintiff  wrote out in words the amount Plaintiff was seeking for my settlement offer.  Plaintiff did not hear from a any of the attorneys.  At the same time Plaintiff was experiencing for the first time ever Vertigo.   At the same time due to the stress of interviewing lawyers for possible representation, Plaintiff in addition to the recent Vertigo developed a sty and swollen eye,  As a result of the  stress from litigation, and the sudden onset of Vertigo, Plaintiff fell and fractured a rib due to this lawsuit and all the unexpected sudden demands that were imposed upon me.  I ask the Court to consider the time Plaintiff has  lost just to avoid litigation and to have the false listing permanently removed from the internet. Secondly, I simply did not do this painting and followed the advise of my legal colleague to declare I am not the artist for future documentation and records. Third the major denials

of any wrongdoing and infringements in concert with the minor settlement offers by EAI have prompted the Plaintiff to be vigilent in protecting my name and my rights. Plaintiff did not cause these infringement, nor did I immediately file a lawsuit.

**EXHIBIT #1  Doctor appointment with Benjamin Tweel for Vertigo**
**EXHIBIT #2   Emergency Eye Infirmary Visit Sunday Feb. 20, 2022**
**EXHIBIT #3  Doctor 's Letter and  Visit with  Benjamin Zaremski  Vertigo and fractured rub**

As a result this sudden intense bombardment of demands despite honoring my agreement by responsibly writing a letter, none of the Defendants attorneys contacted me regarding my letter. Instead, the attorneys wrote a letter to the Court and falsely stated that Plaintiff did not state a monetary amount, when in truth, Plaintiff most certainly did.   The reliance Plaintiff had on the Defendants to be responsive and communicative with the Pro Se Plaintiff was not experienced. Plaintiff did conduct a Meet and Confer as well as emailed the Defendant regarding my eye condition. I did communicate my sudden medical limitations to all the attorneys. The actions of the attorneys  falsely conveyed to the Court that I was disrespectful to the laws and  rules that I had agreed to producing. Plaintiff notes that this is an assault on my character and that  misleading and misinforming the Court was intentional.  This problem could have been avoided  through simple communication from the Defendants.  As aforementioned Plaintiff was experiencing  sudden health issues that needed immediate attention.  Plaintiff was then order to write another .  Settlement letter and was indeed concerned  due to threat of sanctions,  When your intentions are honorable and responsible, when they are perceived as anything less, injury occurred for the Plaintiff.

    Despite failed settlement attempts on Plaintiff during the most recent  Nov. 23, 2022 Conference Call, Plaintiff brought up the subject of settlement discussion. Attorney Anderson Duff immediately rejected any possibilities for any discussions to take place. Immediately, following the Conference Call Attorney Anderson Duff emailed Plaintiff with the Subject matter Increased Attorneys Fees.

*"I am again writing to remind you that my clients will be seeking an award of attorneys' fees under §505 of the Copyright Act and/or because you rejected my clients' offer of judgment.".*   Plaintiff reminds the Court that the sum of  both of EAI's settlement offers combined  equal an amount to be less than three numbers.  The willful refusal of the EAI Defendants and their attorney to deny any

settlement discussions while concurrently sending emails to the Plaintiff taunting and informing me

that they are seeking an award for attorneys fees  constitutes  emotional distress. I am not the artist

who painted the 1972 oil nor should my biography been used to sell this painting.  Plaintiff reminds

the Court that in Feb. and March 2022 I wrote not one but two letters fo a settlement which  both

Defendants rejected.

**EXHIBIT #4  Nov. 23, 2022  Email Subject  Increased Attorney's Fees from Anderson Duff**

# CLAIM FOR RELIEF

1.  Plaintiff consistently informed  EAI  and Marie and Norb Novocin .that I did not
    paint the 1972 Original Oil Painting Man With Red Umbrellas that falsely attributed
    my biography and signature to be falsely attributed to the aforementioned oil painting.

2.  Plaintiff consistently informed  EAI Norb and Marie Novocin and there attorney I was nine
    years old , did not paint in oils then and  I too small to paint an oil  four feet in height.

3.  The Defendant's communication to the Plaintiff  resulted in Mr. Novocin's suggestion to
    hire an attorney .  Defendant's used to  Plaintiff ;s biography to exploit the Plaintiff
    notoriety to increase the value of a damaged painting.

3.  As stated above , there was  never any  business relationship and own prior contact
    between the Plaintiff and the Defendants.

4.  At no time did Plaintiff verbally of  ever signed or authorize EAI or the Novocin's
    to use or purport that I painting in oils at nine years old.

5.  Defendants willfully stated  in the guise of evidence  during the Novocin Deposition
    and now claim that  my entire biography  was allegedly in  the eBay ad for  1972 oi  painting
    Man With Red  Umbrella

6   Hence, the Defendants willfully and intentionally violated the Plaintiff's exclusive
    copyright to my self-authored artistically  expressed biography. The Defendants exhibit
    a pattern of  repeated activity to willfully  denying any liability in misattribution Plaintiff to
    1972 ad on the internet under  Plaintiff's name that is the proximate cause of the
    individual's harm.

7 .  In summary no one has the right to alter, change or expose to the public, a false  signature
     or  rewrite the chronological facts of my life. No other source can  falsely claim  a copyright
     or falsely claim  a licensing agreement when no proof of documents of proof to verify such

claims exist.  This is the root cause for commencing this lawsuit.

8.  My case validates the inequitable and  adverse effect that one  false attribution during an artist's lifetime ccan  "BLOCK and  IMPEDE"  an artist's  professional progress and hinder one's status.

9.  This  lawsuit brings attention to the realization that any  "source"  can write, state or claim a false attribution  or use an artist's name on a work of art— ( or what is ascribing to be  art).  A great deal of time and many  opportunities  were  lost to refute the false 1972 misattribution, a causal loss that has harmed my  integrity, caused me to lose  my time, earn a living  and  blocked my  ability to create my own  new works of art.

10,  The  Discovery evidence  and  the lack of  evidence  has  continued consume the Plaintiff life, while  imposing unending demands upon someone who has been victimized and embarrassed by public identity therft.  The misuse my name  with  malicious intent by the Defendants to burden an artist, who is not a lawyer  is overwhelming.  The question needs to be considered, how can the Defendants afford a lawyer when the Defendants refused my settelemtn offer back in 2017.


## SUMMARY  OF  ARGUMENT

Plaintiff  nine  Counts of Fraud are  detailed while defining  the circumstances and  false misrepresentation and the  causal losses and harm  all of the Defendants fraudulently actions have had on the Plaintiff.  The  countless mistakes by EAI, can be literally be  "counted"  as multiple  Counts of Fraud  defined in   Plaintiff's Proposed  Amended Complaint. The unending problems, delays demonstrated and implemented by Estate Auctions Inc and Norb  and Marie Novocin  have been a burden for many  years.  Plaintiff  has been a victim to  EAI's bumbling business  practices.   In litigation of I have been a victim to EAI  chicanery  and attempts to inflict both emotional distress and to inflict the financial debt  for Mr. Duff;s  legal fees upon the Plaintiff.
As a Pro Se Litigant,  Plaintiff asks the  Court to grant my   Proposed  Amended Complaint to includes  applicable request to include FRCP Fraud  9(b), Intentional Infliction of Emotion Distress  and Tort.

Defendants will not suffer undue prejudice from the filing of Plaintiff's Proposed

Amended Complaint because **1)** the fraudulent allegations asserted in the Proposed  Amended Complaint are more specific and conclusive  than that asserted in the  Original or  Operative Amended Complaints **2)** both  Defendants alleged harm  to the Plaintiff from the   Original and Amended  Complaint has **increased** with  the new evidence  **3)**  the more-specific fraudulent definition is  being asserted  before the close  of the Discovery and  within the time frame to amend pleadings set out in the modified  Scheduling Order  **4)** Both Defendants'  discovery has only been through  admissions, production  of documents and interrogatories  and depositions  **5)** the newly- alleged  facts  and evidence in Plaintiff's  Motion of my Proposed Amended Complaint are already  well-known to the  Defendants and in their  possession.  For these reasons, Plaintiffs respectfully ask that the Court grant  Plaintiff's Motion  for Leave to File the Proposed  Amended Complaint to Include  for Permanent Injunction and Other Equitable Relief.

WHEREFORE, Plaintiff, on behalf of herself and others artists who have been victimized by WorthPoint Corporation,  respectfully request that this Court grant Plaintiff's Proposed Amended Complaint to proceed forward to include Fraud, Intentional Infliction of Emotional Distress and Permanent Injunctive Relief and   grant Plaintiffs such further relief as this Court deems just and proper.

Dated:  December 19, 2022                              Respectfully Submitted,

Annamarie Trombetta                               ——Electronic  Signature——
175 East 96th Street
New York, New York 10128                          */s/ Annamarie Trombetta*

_____

Pro Se Litigant                                   Annamarie Trombetta

Exhibit #1

I am requesting the full Raw Message for the recently produced  for the December 1, 2012 eBay sales receipt for the 1972 Original Oil Painting Man With Red Umbrella sold by your client Norb Novocin.

Kindly produce this raw message of this email as soon as possible.

Submitted by
Annamarie Trombetta

---

**From:** Anderson Duff <ajd@hoganduff.com>
**Sent:** Wednesday, November 16, 2022 1:08 PM
**To:** Annamarie Trombetta <annamarietrombettalegal@outlook.com>
**Cc:** Adam Bialek <adam.bialek@wilsonelser.com>; Farmer, Jana S. <Jana.Farmer@wilsonelser.com>; Haimson, Nicole <Nicole.Haimson@wilsonelser.com>
**Subject:** Re: Norb Novocin Deposition Full Production of Exhibit #4 -2 Page eBay email

Dear Ms. Trombetta:

Please find a version of the email previously produced as EAI000058-EAI000059 attached. As previously discussed, my clients are producing this email again solely because a small portion of the email was cutoff when it was converted to a .pdf. To avoid confusion, I have stamped the email as EAI000060 rather than reproducing it with the same bates number. Since you have taken the position in several filings that I fabricated evidence because the @ symbol did not appear in an email my clients produced, I made sure that the @ symbols were preserved when converting this email to a .pdf for production.

With respect to your request for "ALL eBay emails to the buyer Nina Correria's proof of payment and all eBay emails from Nina Correria to Norb Novocin and Estate Auctions Inc.," my clients cannot produce documents that do not exist. We have discussed this issue *many* times.

Best,

-Anderson-
646.450.3607
HoganDuff.com

---

**From:** Annamarie Trombetta <annamarietrombettalegal@outlook.com>
**Date:** Wednesday, November 16, 2022 at 8:59 AM
**To:** "Anderson J. Duff" <ajd@hoganduff.com>, Adam Bialek

**Re: Email**

Exhibit #2

Annamarie Trombetta <annamarietrombettalegal@outlook.com>
Fri 11/18/2022 2:39 PM

To: Anderson Duff <ajd@hoganduff.com>;Adam Bialek <adam.bialek@wilsonelser.com>;Farmer, Jana S. <Jana.Farmer@wilsonelser.com>;Haimson, Nicole <Nicole.Haimson@wilsonelser.com>

To All Parties,

On October 28, 2022 Plaintiff called for a Meet and Confer to conclude Discovery. Plaintiff notes to all parties that I addressed the incomplete eBay receipt for the 1972 Original Oil Painting Man With Red Umbrella to Mr. Duff. All the WorthPoint's attorneys were in attendance did not state that the Novocin eBay receipt was produced on the 28th. Aside from this none of the attorneys, particularly Mr. Bialek at any time and day --the 28th of October confirmed any production of the Novocin eBay receipt had been produced to Mr. Duff or Plaintiff.

Please Note that On October 29, 2022 Plaintiff sent to all the attorneys, pages 74 to 79 of the September 21, 2022 Deposition by Mr. Novocin who claims he keeps all his eBay emails . None of the attorneys sent me the Novocin eBay receipt dated Dec. 1, 2012.

In fact on October 31, 2022 Mr. Duff confirmed he would send me a complete copy of 1972 Original Oil Painting Man With Red Umbrella from his client when it became available.

There seems to be so many contradictions to your claim Mr. Bialek. Can you explain why --if the eBay receipt was produced on the 21st of September why you did not email the eBay receipt to Plaintiff before yesterday, November 17, 2022.

Submitted Nov. 18, 2022
Annamarie Trombetta

---

**From:** Anderson Duff <ajd@hoganduff.com>
**Sent:** Thursday, November 17, 2022 1:36 PM
**To:** Bialek, Adam <Adam.Bialek@wilsonelser.com>; Annamarie Trombetta <annamarietrombettalegal@outlook.com>; Annamarie Trombetta <atrombettaart@gmail.com>; ajd@andersonjduff.com <ajd@andersonjduff.com>
**Cc:** Farmer, Jana S. <Jana.Farmer@wilsonelser.com>; Haimson, Nicole



## Re: Norb Novocin Deposition Full Production of Exhibit #4 –2 Page eBay email

**Anderson Duff** <ajd@hoganduff.com>
Fri 11/18/2022 6:47 PM

To: Annamarie Trombetta <annamarietrombettalegal@outlook.com>
Cc: Adam Bialek <adam.bialek@wilsonelser.com>; Farmer, Jana S.
<Jana.Farmer@wilsonelser.com>; Haimson, Nicole <Nicole.Haimson@wilsonelser.com>

Please keep in mind that my clients will be seeking an award of attorneys' fees from you. Every redundant, nonsensical demand you make of me will contribute to that cost. At present, we believe you will be paying in excess of $50k for my fees alone at the conclusion of this matter.

Best,

–Anderson–
646.450.3607

---

**From:** Anderson Duff <ajd@hoganduff.com>
**Sent:** Friday, November 18, 2022 6:42:16 PM
**To:** Annamarie Trombetta <annamarietrombettalegal@outlook.com>
**Cc:** Adam Bialek <adam.bialek@wilsonelser.com>; Farmer, Jana S.
<Jana.Farmer@wilsonelser.com>; Haimson, Nicole <Nicole.Haimson@wilsonelser.com>
**Subject:** Re: Norb Novocin Deposition Full Production of Exhibit #4 -2 Page eBay email

Ms. Trombetta:

Please confirm receipt of this email before 10:00 pm ET tonight.

Best,

–Anderson–
646.450.3607

---

**From:** Anderson Duff <ajd@hoganduff.com>
**Sent:** Friday, November 18, 2022 6:40:17 PM
**To:** Annamarie Trombetta <annamarietrombettalegal@outlook.com>
**Cc:** Adam Bialek <adam.bialek@wilsonelser.com>; Farmer, Jana S.
<Jana.Farmer@wilsonelser.com>; Haimson, Nicole <Nicole.Haimson@wilsonelser.com>
**Subject:** Re: Norb Novocin Deposition Full Production of Exhibit #4 -2 Page eBay email

Exhibit #4

**Adam sent this email to you as an attachment.**

**Best,**

**–Anderson–**
**646.450.3607**

---

**From:** Annamarie Trombetta <annamarietrombettalegal@outlook.com>
**Sent:** Friday, November 18, 2022 2:20:20 PM
**To:** Anderson Duff <ajd@hoganduff.com>
**Cc:** Adam Bialek <adam.bialek@wilsonelser.com>; Farmer, Jana S.
<Jana.Farmer@wilsonelser.com>; Haimson, Nicole <Nicole.Haimson@wilsonelser.com>
**Subject:** Re: Norb Novocin Deposition Full Production of Exhibit #4 -2 Page eBay email

Mr. Duff,

On November 17, 2022 --yesterday---I sent you an example of a "raw Message"
for an eBay notice dated July 16, 2022.  Kindly open it and review it and you will
see what it is I am requesting.  Every email server has some kind of Original
message. If it was an gmail account you have to go to MORE and click on Original
and you will find the text and codes for the message.

Submitted by
Annamarie Trombetta

---

**From:** Annamarie Trombetta <annamarietrombettalegal@outlook.com>
**Sent:** Thursday, November 17, 2022 9:14 AM
**To:** Anderson Duff <ajd@hoganduff.com>
**Cc:** Adam Bialek <adam.bialek@wilsonelser.com>; Farmer, Jana S.
<Jana.Farmer@wilsonelser.com>; Haimson, Nicole <Nicole.Haimson@wilsonelser.com>
**Subject:** Re: Norb Novocin Deposition Full Production of Exhibit #4 -2 Page eBay email

Mr. Duff,

Attached are two eBay Raw Message for my emails from ebay.

Exhibit #5

## Re: Artist Annamarie Trombetta----Fraudulent Artwork--and links to Fraudulent Artwork

From: WorthPoint Customer Support (support@worthpoint.desk-mail.com)

To: trombettaart@yahoo.com

Date: Saturday, February 20, 2016, 10:25 AM EST

## Ticket #57565: Artist Annamarie Trombetta----Fraudulent Artwork--and links to Fraudulent Artwork

**WorthPoint** | Feb 20, 2016 10:24AM EST

Thank you for submitting your request. We have received your request and are working on responding to you as soon as possible. If you have any additional information to add to this case, please reply to this email.

Thanks in advance for your patience and support.

This message was sent to trombettaart@yahoo.com in reference to Case #57565.

X-Apparently-To: trombettaart@yahoo.com; Sat, 20 Feb 2016 15:25:20 +0000
Return-Path: <pm_bounces@pm.mtasv.net>
Received-SPF: pass (domain of pm.mtasv.net designates 50.31.156.122 as permitted sender)
X-YMailISG: q3T3ojUWLDt6HAGZ4vF9MuDAp7c2AJOPfxIEVmWHeXTUrRlz
 hIIY15AJzD5FW_a8qKTueXEhAWMgqoRvWhhyvW3bIsdNvvwKpaPm08Hv8Wsm
 Xep5Yhhjj24UJMjqvJHkilfAeDhpjzbkh9UY.rAnEkBiWUI19o0m0.flhOdU
 FATKc0GwyQqPJSd4bwudLHnaiZrQuAA6Tb7CLxhq7tVYA9uAt87FHi6o8idz
 RIFApo9VqgrjVGWfXHMSEoJXUvEwC5yaqhPdg.Cfdf6TlteMbM4mHCw.z17i
 pN9cuddzC4_HNF8zaeFoqvt4AQdy9sWApMXjhoEtJkxR9tD1M1_0mjJDCodw
 QSH2k0y7rANrIK5O2HNO07wxSpXIP5Q32P9Sl3JiVKdUa.qPo3SsAkPdtJVJ
 KbTxrWJcVtx3aQ_XtEosJddqdhkrnfk18otFM5wW.GwCRWQc2q6f00Fm6DYz
 DzBHqaKP0re9OgnOD7Fa9GTjiOigXx3o8YwwzTjFg9MIMVujNsCNGyNcoyNU
 kdp4g3OwwuODEv7xUJCy5gP16mbPIa8dKXsZPiBv1ANrh.xN.oj_BRjIUpRn
 sI1Udk3fmdu4yWJBGFaXEQcmGslXMnZvOdlrti18GgsiuSwWUEJyvb6uzoqo
 aScClleJr_hLBUAWr2R53UX5OMJMZoi6q19GLhw4ASni9dG7SKJYZYEbivAQn
 AaMLmFdUcCqdRMeenPSInNAx3XKwo1FsdPNXoPNWgDYXwvKh2.lcKXqX.s3W
 AAl7bMJ8clSW9KkY7.pUPy7ubGE91f0cxyE8wc.UUD1TZLyBiuFYjXX55rbB
 WIJOH4mccXXuqybcdPT2VJBa978MkSa.g3mst9BwKUUILm5cAC2uZa3BAHNh
 P.eK3wNXk0uEjg5zM5Ex1y3HpI.qHopZUDepCBGaioUi2wmMm7K86Y7_IGKp
 C3ciCLbPDASRto_14tapqGJbEkbzLWp1m6dTnw3QlEP8KaaMdWTg_8ZlToaw
 dtFosnEcw9hmZmLIX24hs0jJmJTtgVbl69h73AFmpVLHtkD4dTOfq_sPUuM0
 QsVw3nMHloVfGH9wibq.iW3ShgqFpcUiA_GdkWlujt8tTUcFlYh3XnMBBRIr3
 PytdxbVyD35QqGU8cozxQQ8SE9xNYg5or8Rwaw8tOKQar8YNT8Z78ExbEJR
 9XbAxwC3IdmJC4QudQIp863TfpxjPQFOV4Ic_wCj1fntjQV91UV0MZYswVFq
 tiu3vINb_Fz.8jbphZN0zU4cy4f5YKSwvxVXwezeCVy6g5f6x7vSiqa6sI8vk
 1OdODwRvVm0CiHw2Pkfd7yxlbO3A6qvOPRSAT7neJ2MthIpL0LmVz0IJKWdi
 HJ5bFe99pPix_p4comJwfjPOaM4DVrVLG7jQ5Emi5GY_n4wWC4y_aG1feN9z
 4.UwpSXWc0u9jql1X2luVM0FDd0xotp_57Q1JZ.MDpX4Hk6w9TDROtSWEk1Q
 HB_AHlMGgkqyqcv1qN0se2jhIw--
X-Originating-IP: [50.31.156.122]
Authentication-Results: mta1486.mail.gq1.yahoo.com  from=worthpoint.desk-mail.com; domainkeys=neutral (no sig);  from=pm.mtasv.net; dkim=pass (ok)
Received: from 127.0.0.1  (EHLO sc-ord-mta122.mtasv.net) (50.31.156.122)
  by mta1486.mail.gq1.yahoo.com with SMTPS; Sat, 20 Feb 2016 15:25:20 +0000
DKIM-Signature: v=1; a=rsa-sha1; c=relaxed/relaxed; s=pm; d=pm.mtasv.net;
 h=From:Date:Subject:MIME-Version:Content-Type:To:Reply-To:In-Reply-To:Message-ID;
 b=Eplm7KCQvJIc2mUCTxml14U5dAo=;
 b=upw7dcdrADwBxRxmLku4nqUWMtTOdDAOewBfziJUoW/O+c5d8iopY4CwTAggbHv5+zg2NmWXlbvP
  rKPOXVeQmfA43ZyPZKUqAQIW9F5VzRPx1CdQALoLo4AA6wKBgngu0i49iiXHldvU78RY9u45wk84
  nqDMhB15ZFSy7zkO9O=
Received: by sc-ord-mta122.mtasv.net id hp22m01jk5k9 for <trombettaart@yahoo.com>; Sat, 20 Feb 2016 10:25:19 -0500 (envelope-from <pm_bounces@pm.mtasv.net>)
X-IADB-IP: 50.31.156.122
X-IADB-IP-REVERSE: 122.156.31.50
From: "WorthPoint Customer Support" <support@worthpoint.desk-mail.com>
Date: Sat, 20 Feb 2016 10:25:19 -0500
Subject: Re: Artist Annamarie Trombetta----Fraudulent Artwork--and links
 to Fraudulent Artwork
MIME-Version: 1.0
Content-Type: multipart/alternative;
         boundary="_=aspNetEmail=_92c89c994f084ec389ee2ea30cad4ab2"
X-Mailer: aspNetEmail ver 4.0.0.38
X-Complaints-To: abuse@postmarkapp.com
X-PM-RCPT: |bTB8MjA4ODZ8Mjc0OTQxfHRyb21iZXR0YWFydEB5YWhvby5jb20=|
X-PM-Message-Id: 94df665e-e9cd-4d7e-b47d-9cf381e58918
To: trombettaart@yahoo.com
Reply-To: support@worthpoint.desk-mail.com
In-Reply-To: 1789304145.217902.1455981861074.JavaMail.yahoo@mail.yahoo.com
X-Mailer: Desk.com Support Platform
Message-ID: <56c8854428220_fa05de53281518fa@worthpoint.desk.com>
Content-Length: 3235

--_=aspNetEmail=_92c89c994f084ec389ee2ea30cad4ab2
Content-Type: text/plain;
        charset="UTF-8"
Content-Transfer-Encoding: quoted-printable

_____=0D=0AType your response ABOVE THIS LIN=
E to reply=0D=0A=0D=0A-------------------------------------------------=
-----------------------------------=0D=0A=0D=0ARe: =
Artist Annamarie Trombetta----Fraudulent Artwork--and links to Fraudulent =
Artwork=0D=0A=0D=0AWorthPoint =7C Feb 20, 2016 10:24AM EST=0D=0A=0D=0ATh=
ank you for submitting your request=2E  We have received your request and=
 are working on responding to you as soon as possible=2E  If you have any=
 additional information to add to this case, please reply to this email=2E=
=0D=0A=0D=0AThanks in advance for your patience and support=2E=0D=0A=0D=
-----------------------------------------------------------------------=
----------------------=0D=0AThis message was sent to  trombe=
ttaart=40yahoo=2Ecom in reference to Case =2357565=2E=0D=0A---------------
-----------------------------------=0D=0A=0D=0A=0D=0A=5B-5B7e0d850a2b9039a31cbf23ab9ae5=
8ea3fc4a46c9-641339616=5D=5D

--_=aspNetEmail=_92c89c994f084ec389ee2ea30cad4ab2
Content-Type: text/html;
        charset="UTF-8"
Content-Transfer-Encoding: quoted-printable

<div style=3D=27color=3A23ffffff; display: none =21important;=27>_____=
_____</div><table border=3D220=22 cellpadding=3D220=
=22 cellspacing=3D220=22 width=3D22100=25=22>=0D=0A<tr>=0D=0A<td align=3D=
=22center=22 valign=3D22top=22>=0D=0A=0D=0A<table border=3D220=22 cellp=
adding=3D220=22 cellspacing=3D220=22 width=3D22100=25=22>=0D=0A<tr>=0D=0A=
=0D=0A<td valign=3D22top=22 style=3D22color=23333; font-family:Arial; fon=
t-size:14px; line-height:150=25; text-align=3Dleft;=22>=0D=0A=0D=0A<table b=
order=3D220=22 cellpadding=3D2210=22 cellspacing=3D220=22 width=3D221=
00=25=22>=0D=0A<tr>=0D=0A<td valign=3D22top=22>=0D=0A=0D=0A<div>=0D=0A=0D=
=0A<h2 style=3D22text-align:center; color:white; background-color:steelb=
lue;=22>Ticket =2357565: Artist Annamarie Trombetta----Fraudulent Artwork=
--and links to Fraudulent Artwork</h2>=0D=0A<strong>WorthPoint</str=
ong> =26nbsp;=7C=26nbsp; <span style=3D22font-size:80=25;=22>Feb 20, 201=
6 10:24AM EST</span>=0D=0A<br />=0D=0A=0D=0AThank you for submitting your=
 request=2E  We have received your request and are working on responding =
to you as soon as possible=2E  If you have any additional information to =
add to this case, please reply to this email=2E<br /><br />=0D=0A=0D=0ATh=
anks in advance for your patience and support=2E=0D=0A=0D=0A<div style=3D=
=22background-color:steelblue; border:0; font-size:80=25; color:white; pa=
dding:2px; text-align:center=22> This message was sent to  trombettaart=40=
yahoo=2Ecom in reference to Case =2357565=2E</div>=0D=0A</div>=0D=0A=0D=
=0A=0D=0A</td>=0D=0A</tr>=0D=0A</table>=0D=0A</td>=0D=0A</tr>=0D=0A=0D=
=0A</table>=0D=0A=0D=0A</td>=0D=0A</tr>=0D=0A</table>=0D=0A<span style=3D=
=27color=3A23ffffff=27>=5B-5B7e0d850a2b9039a31cbf23ab9ae58ea3fc4a46c9-6413=
39616=5D=5D</span>


--_=aspNetEmail=_92c89c994f084ec389ee2ea30cad4ab2--

# EXHIBITS  TO  PLAINTIFF'S REPLY  TO  WORTHPOINT'S OPPOSITION   TO PLAINTIFF'S MOTION TO RECONSIDER

EXHIBIT  # 1 Nov. 23, 2022   Conference Call transcript page 64.
            #1  Nov. 23, 2022   Conference Call transcript page 65.

EXHIBIT  # 2 Nov. 23, 2022 email to Dr. Joseph Scelsa  availability for expert report.

EXHIBIT # 3 Defendants' Nov. 23, 2023 email  unknown  coding - Source Information.

EXHIBIT  # 4  Original Electronic Message Print out  Adam Bialek  Nov. 23, 2022 email.

EXHIBIT  # 5  EBay phone Transcript page 19 1972 oil painting sale was an UNDEFINED

EXHIBIT  # 6  Nov. 23, 2022 Conference Call to include  pages 4 thru 21

EXHIBIT  #7 WP000130  stating March 5, 2013 was the date the 1972 post

EXHIBIT  #8 Rosen vs Terapeak,  infringing items WorthPoint's on March, 5,2013"

EXHIBIT  #9 A WP000120 Temporaly Google Removal on March 3, 2016

EXHIBIT  #10 B WP000134  Google Remoal  on Jan. 4, 2017

EXHIBIT #11  A-April 8, 2022  request the DMCA agent's name
            B  Email to Copyright Office  May 2022
            C  WorthPoint Copyright  Registration DMCA Agent
            D  Returned Mail from Gregory Watkins

EXHIBIT #12 A  Georgia Lawsuit Process Server False Affidavit —Never asked in Military
            B  Summons and Complaint with wrong dates and claims
            C  Motion for Default Judgement filed Oct. 31, 2022
            D  Proposed Order with Future Dates August 30, 2023 and Sept 29, 2023
            E  Affidavit by Annamarie Trombetta
            F  Affidavit by Phone Call Participant Wanda Buncamper

EXHIBIT #13 A Withdrawn Expert Witness Peter Trippi Sept. 22, 2022  Florida Address
            #13 B  Subpoena Sent to New York Home Peter Trippi  Oct.7, 2022

EXHIBIT #14 Plaintiff Print and Script 1972 Signature with Girl Scouts Sash and Badge

                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF NEW YORK

In re:                              :
                                       Docket #18cv993
TROMBETTA,                          : 1:18-cv-00993-RA-SLC

                    Plaintiff,      :

  - against -                       :

NOVOCIN, et al.,                    : New York, New York
                                      November 23, 2022
                    Defendants.     :

------------------------------------ : REMOTE CONFERENCE

                      PROCEEDINGS BEFORE
                 THE HONORABLE SARAH L. CAVE,
                 UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For Plaintiff:              ANNAMARIE TROMBETTA, PRO SE
                           175 East 96th Street, Apartment 12R
                           New York, New York 10128

For Defendant -            WILSON ELSER MOSKOWITZ EDELMAN &
WorthPoint Corporation:    DICKER, LLP
                           BY:  ADAM BIALEK, ESQ.
                                NICOLE HAIMSON, ESQ.
                           150 East 42nd Street
                           New York, New York 10017




Transcription Service:     Carole Ludwig, *Transcription Services*
                           155 East Fourth Street #3C
                           New York, New York 10009
                           Phone:  (212) 420-0771
                           Email:  Transcription420@aol.com

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.

EXHIBIT

Nov. 23 2023

#1

64

```
 1
 2   defendants to please order a transcript of today's
 3   conference.  Ms. Trombetta, is there anything else you
 4   wanted to raise today?
 5            THE PLAINTIFF:  It has been a full day. So
 6   because I'm dealing with other people, meaning the
 7   expert witnesses, and we're approaching the holiday
 8   season, if for some reason they cannot submit a report
 9   by December 12th, what --
10            THE COURT:  You need to make --
11            THE PLAINTIFF:  Can I ask for an extension for
12   them?
13            THE COURT:  Yes.
14            MR. DUFF:  Your Honor, we object, this is
15   Anderson for defendants --
16            THE COURT:  I know --
17            MR. DUFF:  I'm sorry?
18            THE COURT:  I know, but she can make an
19   application and I'll --
20            MR. DUFF:  Okay, yes, Your Honor, thank you.
21            THE COURT:  I'm not going to prejudge it, but
22   because it sounded like a hypothetical, so maybe we
23   won't. You also have a deadline to file your motion
24   for leave to amend and your proposed amended complaint
25   on December 12th, Ms. Trombetta.
```

EXHIBIT 12

65

```
 1
 2          THE PLAINTIFF:  I understand, thank you for
 3  the reminder, Your Honor.
 4          THE COURT:  All right, anything else then from
 5  you, Ms. Trombetta?
 6          THE PLAINTIFF:  Well I might add this to
 7  propose the idea of a settlement conference, is that
 8  something that the defendants would be interested in
 9  at this time?
10          THE COURT:  Mr. Duff, I'll start with you?
11          MR. DUFF:  Your Honor, my clients are not
12  interested in a settlement conference, we've already
13  had several in this case and I know the Court has bent
14  over backwards trying to accommodate settlement
15  conferences. Every time we do that it just extends the
16  inevitable conclusion of this case and the
17  plaintiff's, the plaintiff's valuation of this case is
18  just so far away from our client's valuation of this
19  case that we do not believe a settlement conference
20  would be, it would just be a waste of our client's
21  resources and it would further delay the conclusion of
22  this case.  Thank you, Your Honor.
23          THE COURT:  Okay, Ms. Haimson, what's your
24  client's position?
25          MS. HAIMSON:  Yeah, we echo the same
```