UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANNAMARIE TROMBETTA,

Plaintiff,

-against-

NORB NOVOCIN, MARIE NOVOCIN,
ESTATE AUCTIONS, INC., AND
WORTHPOINT CORPORATION,

Defendants.

18-CV-0993-LTS-SLC

MEMORANDUM ORDER

Plaintiff Annamarie Trombetta ("Plaintiff") brings this action pro se against Norb Novocin, Marie Novocin, Estate Auctions, Inc. (collectively, "EAI Defendants"), and WorthPoint Corporation ("WorthPoint"),[1] asserting claims arising under the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201 et seq. ("DMCA"), the Visual Artists Rights Act, Pub. L. No. 101-650 (tit. VI), 104 Stat. 5089, 5128-33 (1990) ("VARA"), the New York Artists' Authorship Rights Act, N.Y. Arts & Cult. Aff. L. § 14.3 ("NYAARA"), as well as claims for copyright infringement, 17 U.S.C. § 501, identity theft, 18 U.S.C. § 1028, and intentional infliction of emotional distress. (Docket entry no. 348-1 ("Second Amended Complaint" or "SAC").)[2]  On February 20, 2024, the Court granted WorthPoint's motion for summary judgment, entering judgment dismissing all

---

[1]    On December 20, 2021, Judge Abrams dismissed all claims against William Seippel, the founder and Chief Executive Officer of WorthPoint, for lack of personal jurisdiction. (Docket entry no. 187.)

[2]    In her motion for summary judgment, Plaintiff attempted to assert additional claims for fraud and negligence. (See docket entry no. 432 ("Pl. MSJ") at 29-35, 37-38.)  The Court declined to consider the merits of those claims because they were not plead in the operative complaint (see SAC) and Plaintiff was warned repeatedly that the deadline to amend her Complaint to assert new claims expired on December 19, 2022 (see, e.g., docket entry nos. 333, 370).  In this motion practice, Plaintiff once again argues that she should have been permitted to assert those claims. (Docket entry no. 542, at 4.)

claims against WorthPoint.  (Docket entry no. 538 (the "Final Opinion").)  The Court also

granted in part and denied in part Trombetta and EAI's cross motions for summary judgment,

entering judgment in favor of Trombetta and against Estate Auctions, Inc. and Norb Novocin,

and awarding Trombetta $1,000 in statutory damages for violations of her rights under VARA

and awarding Trombetta nominal damages for her claim of direct copyright infringement.  (Id.)

The Court entered judgment in favor of Marie Novocin on all claims asserted against her and

judgment in favor of EAI Defendants on all remaining claims.  (Id.)

       Before the Court is Trombetta's motion for reconsideration[3] of the Final Opinion

pursuant to Rule 59(e) and 60(b) of the Federal Rules of Civil Procedure (docket entry no. 542

(the "Motion")), and, in the alternative, motion for extension of time to file an appeal (docket

entry no. 543).  For the following reasons, the motion for reconsideration is denied and the

motion for extension of time to appeal is granted.

## DISCUSSION

       The relevant background of this case is described in the Final Opinion, familiarity

with which is presumed for the purposes of this motion.

       Trombetta brings this motion for reconsideration under Federal Rules 59 and 60,

requesting relief from the judgment entered against her on all claims, except for her VARA

claims asserted against Defendants EAI and Norb Novocin.  (See Final Opinion at 35.)

       The standards governing Rule 59(e) and Local Civil Rule 6.3 are the same.

R.F.M.A.S., Inc. v. Mimi So, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009).  The movant must

---

[3]    The Court granted Defendants' motion to seal Plaintiff's submissions in connection with
her motion for reconsideration due to the inclusion of confidential information shared
during discovery pursuant to the Court's protective order.  (See docket entry no. 545.)

demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it.  Id. at 509 (discussing in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)); see Padilla v. Maersk Line, Ltd., 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009).  "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court."  Range Road Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc., 642 F. Supp. 2d 206, 210 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'" (citations omitted)).  Rule 60(b) of the Federal Rules of Civil Procedure provides for relief from a final judgment, order, or proceeding in the case of:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); see also Banister v. Davis, 590 U.S. 504, 518-19 (discussing the distinction between a Rule 59(e) and Rule 60(b) motion).

Factual Objections

Plaintiff's Motion does not meet the high bar for reconsideration.  In her 47-page submission,[4] Plaintiff makes various objections to the Court's review of the record at summary

---

[4]     Trombetta also attaches over 50 pages of exhibits, many of which contain confidential material produced by Defendants under the Protective Order in this action.

judgment, which can be grouped into two general categories: (1) objections related to the
handling of discovery, and (2) objections based on the Court's consideration of the evidence.

   In the first group of objections, Trombetta again reiterates her disagreement with
several discovery orders and deadlines, as well as allegedly noncompliant productions from
Defendants, her personal disagreement with the opinions expressed in Defendants' experts'
reports, and her disagreement with Magistrate Judge Cave's decision to preclude Trombetta's
expert witnesses because she failed to comply with discovery deadlines.  (See, e.g., Motion at 4,
10, 15, 43-45; see also docket entry no. 509 (Judge Cave's Order precluding Trombetta's
late-proffered expert witnesses); docket entry no 537 (denying Plaintiff's Rule 72 objection).)
None of these objections provides an appropriate basis for either a Rule 59 or Rule 60 motion.
As the Court found in its February 8, 2024 Memorandum Order denying Trombetta's Rule 72
objection, Trombetta has failed to proffer sufficient reason or point to clear error in Judge Cave's
decision to enforce well-communicated discovery deadlines in this action.  (Docket entry no.
537.)  The Court rejects Trombetta's attempt to relitigate long-decided issues pertaining to
discovery in this action.

   Next, Plaintiff attempts to relitigate dispositive factual issues based on evidence
that was already considered by the Court.  In any event, none of the proffered evidence
materially alters the analysis in the Final Opinion.  Plaintiff argues that the Final Opinion did not
consider certain evidence she proffered in support of her claims, but Trombetta fails to point to
any evidence that was (1) admissible for the purpose proffered, (2) properly submitted to the
Court in consideration of the underlying motion, and (3) capable of materially altering the
Court's analysis.  For example, Trombetta argues that, in finding that she had failed to create a
genuine dispute relating to her claim for $8,500 in actual damages, the Court failed to consider

an email from Scott Goodwillie which asserts generally that the eBay posting of artwork falsely linked to Trombetta "sabotaged interest in [her] work" and "greatly affected Ms. Trombetta's income and reputation[.]" (See docket entry no. 517-4, at 9.) The out-of-court, conclusory, and opinion-based statements contained in the letter of Trombetta's proposed lay witness fail to support Trombetta's argument for actual damages. See Sarno v. Douglas Elliman-Gibbons & Ives, Inc., 183 F.3d 155, 160 (2d Cir. 1999). Additionally, even in his deposition, Mr. Goodwillie failed to offer any firsthand account of facts supporting this general assertion and claimed only that "common sense" dictates Ms. Trombetta suffered the damages she asserts. (Docket entry no. 426-16 ("Goodwillie Dep.") at 44-45.) Trombetta did not proffer Mr. Goodwillie as an expert witness (nor was he accepted as one), and he was therefore incompetent to offer expert opinion-based testimony in this case, and he offered no relevant, admissible testimony as a fact witness. (See, e.g., id. at 48 (discussing secondhand knowledge of a "lost sale" with which Mr. Goodwillie was not involved and about which he was informed by Ms. Trombetta).) Thus, as the Court found in its Final Opinion, Trombetta has not met her burden of establishing, through admissible evidence, a genuine dispute as to her actual damages. (Final Opinion at 21-22.)

Trombetta also claims that the Court failed to consider additional evidence that the WorthPoint listing (falsely attributing her name to art she did not create) was accessible after March 2017. (Motion at 26-27.) Trombetta's additional evidence, however, is comprised of additional screenshots taken throughout 2017 showing Google search results that display a search result for the WorthPoint listing of the misattributed painting. These screenshots are not material to the relevant analysis. The screenshots were proffered in support of Trombetta's claims against WorthPoint to show that her claims were not time-barred. (See Final Opinion at 17.) Because WorthPoint was not named as a defendant until February 21, 2020, to have stated a

timely claim under the copyright act against WorthPoint, Trombetta needed to have proffered admissible evidence sufficient to create a genuine dispute that WorthPoint engaged in a "renewed act" of infringement after February 21, 2017.  (Id. at 18.)  In the Final Opinion, the Court explicitly referenced and discussed the proffered March 2017 screenshot because that would have been a sufficiently timely "renewed act," had any screenshots from Google Searches created a genuine dispute regarding the listing's accessibility after February 21, 2017.  As the Court found from consideration of the expert testimony offered by WorthPoint's witnesses, screenshots of Google search results could still display a "cached" version of the webpage even after WorthPoint deactivated the page.  (Id.)  Without more, the screenshots failed to show that WorthPoint reposted the listing within the relevant time period.  Thus, Trombetta's proffer, at this stage, of additional screenshots taken later in 2017, fails to create a genuine dispute of material fact for the same reasons discussed in the Final Opinion.

Finally, Trombetta again proffers various pieces of evidence that are not relevant to any dispositive findings in this action.  These include transcripts of phone calls between Trombetta and the EAI Defendants (Motion at 29-33), records of her pre-February 2017 discussions with WorthPoint requesting that the platform remove the misattributed listing from their website (id. at 17-25), and disputes over her preferred email address (id. at 40).

Because none of the evidence or claims Trombetta discusses are sufficient to show that the Court overlooked controlling law or relevant factual matters, Trombetta's Motion for Reconsideration is denied.

Unpled Claims

Finally, Trombetta argues that the Court erred in finding that her claims for "fraud" and "negligence" were not pled in the operative pleading (see docket entry no. 348-1 (the

"SAC"); see also docket entry nos. 353, 366 (orders clarifying that docket entry no. 348-1 would be the operative pleading in this action and no further amendment would be permitted); docket entry no. 370 (denying Plaintiff's attempt to further amend the SAC)), and that, to the extent those claims were asserted in her motion for summary judgment, they would not be considered on the merits because they were deemed waived.  (Motion at 4-5; see Final Opinion at 1 n.2.) Trombetta seems to argue that her January 4, 2023 "Proposed [Third] Amended Complaint" should have been considered because of her confusion regarding the deadline for final amendment of her pleading.  (Motion at 4-5.)  As the Court found in the Final Opinion, Judge Cave clearly communicated the deadline for amendment and Trombetta was warned repeatedly that there would be no further amendment permitted after December 2022.  (See Final Opinion at 1 n.2.)

To the extent Trombetta also argues that her operative pleading in this action asserted claims for fraud and negligence that were not considered at summary judgment (Motion at 4), the Court disagrees.  In the SAC, Trombetta styled her "fraud"-based assertions as a claim for identity theft, which was considered and rejected on the merits in the Final Opinion.  (See docket entry no. 348-1, at 18; Final Opinion at 15.)  Although the Court is bound to liberally construe pleadings by pro se plaintiffs to assert "the strongest [claims] they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original), nothing in Trombetta's operative pleading supports a viable inference that she was the victim of any fraudulent statements or misrepresentations made by Defendants, nor that she had a viable claim for negligence.  Therefore, the Court did not err by finding that the SAC did not suggest claims for fraud and negligence.

<u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's motion for reconsideration is denied in its entirety.  Because Plaintiff's Motion for Reconsideration was timely filed within 28 days after the entry of judgment, <u>see</u> Fed. R. Civ. P. 59, all parties' deadline to file an appeal is accordingly extended to **April 6, 2025**, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.  This resolves docket entry nos. 542, 543.  This case will remain closed.  The Clerk of Court is respectfully directed to mail a copy of this order to Ms. Trombetta at the below address.

SO ORDERED.

Dated: New York, New York
       March 7, 2025

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

Mail To:

Annamarie Trombetta
175 East 96th Street, Apt. 12R,
New York, NY 10128